PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski (*pro hac vice* pending)
Laura Davis Jones (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Mesa Air New York, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Mesa Air Group, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Mesa In-Flight, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Freedom Airlines, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Mesa Airlines, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |

| | |
|---|---|
| In re: <br><br> MPD, Inc., <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Ritz Hotel Management Corp., <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Regional Aircraft Services, Inc., <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Air Midwest, Inc., <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Mesa Air Group Airline Inventory Management, LLC, <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Nilchi, Inc., <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Patar, Inc., <br><br>                       Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |

**DEBTORS' MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES PURSUANT
TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this motion (the "Motion") and respectively represent as follows:

**Background**

1. On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors have requested authorization to consolidate their chapter 11 cases for procedural purposes only so that they may be jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Mesa's Business**

Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service. As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico. The Debtors operate a fleet of approximately 130 aircraft with approximately 700 daily system departures. The Debtors employ approximately 3,400 full and part-time employees.

Mesa Airlines, Inc. ("Mesa Airlines") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements. Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United

Airlines, Inc., and (iii) independently in Hawaii as *go!* Mokulele ("*go!*"). Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements with Delta Air Lines, Inc. The remaining Debtors operate businesses, or own interests in businesses, that facilitate or enhance the Debtors' regional or independent air carrier services. Nilchi, Inc. and Patar, Inc. hold investments.

As of September 30, 2009, the Debtors had consolidated assets[1] of approximately $975 million, and consolidated liabilities of approximately $869 million. The Debtors' consolidated 2009 revenues were approximately $968 million. Approximately 96% of the Debtors' consolidated passenger revenues for the fiscal year ending September 30, 2009 were derived from operations associated with code-share agreements. The Debtors' remaining passenger revenues are generated from their independent *go!* operations in Hawaii.

3. A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* (the "Lotz Declaration"), filed contemporaneously herewith.

## Jurisdiction

4. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Motion, the Debtors seek entry of an order, attached hereto as Exhibit A, directing joint administration of these cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

---

[1] At book value.

**Joint Administration**

6.  Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein to consolidate these cases for procedural purposes.

7.  Based upon the foregoing and the Debtors' affiliation, joint administration of these cases is warranted. Joint administration of these cases will avoid the preparation, replication, filing, and service, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors and their estates considerable time and expense. The rights of creditors will not be adversely affected as this motion requests only administrative consolidation of the cases, and not substantive consolidation of the estates. Moreover, each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the Southern District of New York (the "U.S. Trustee") will be simplified. Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these chapter 11 cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-_____ (   ) |
| Debtors.[1] | (Jointly Administered) |

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

8. The Debtors also seek the Court's authorization that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Mesa Air Group, Inc., Mesa Air New York, Inc., Mesa In-Flight, Inc., Freedom Airlines, Inc., Mesa Airlines, Inc., MPD, Inc., Ritz Hotel Management Corp., Regional Aircraft Services, Inc., Air Midwest, Inc., Mesa Air Group Airline Inventory Management, LLC, Nilchi, Inc., and Patar, Inc. The docket in Case No. 10-_____ (   ) should be consulted for all matters affecting this case.

9. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis; *provided*, *however*, that the Debtors will indicate disbursements separately for each individual Debtor. Consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

10. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

11.  No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), (iii) those creditors or their agents holding the five (5) largest secured claims against the Debtors' estates, (iv) the Internal Revenue Service, and (v) the Securities and Exchange Commission.

12.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:  January 5, 2010
        New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski (*pro hac vice* pending)
Laura Davis Jones (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Maria A. Bove
John W. Lucas

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Proposed Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Mesa Air New York, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Mesa Air Group, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Mesa In-Flight, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Freedom Airlines, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Mesa Airlines, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| MPD, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Ritz Hotel Management Corp., | Case No. 10-_____ ( ) |
| Debtor. | |
| In re: | Chapter 11 |
| Regional Aircraft Services, Inc., | Case No. 10-_____ ( ) |
| Debtor. | |

| | |
|---|---|
| In re: <br><br> Air Midwest, Inc., <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Mesa Air Group Airline Inventory Management, LLC, <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Nilchi, Inc., <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |
| In re: <br><br> Patar, Inc., <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 10-_____ ( ) |

**ORDER PURSUANT TO RULE 1015(b)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion, dated January 5, 2010 (the "Motion"), of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors") for authorization and approval, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, as more fully described in the Motion; and the Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having

been provided and that no other or further notice is necessary; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Declaration of Michael J. Lotz in Support of First Day Motions establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 10-_____ (____) pursuant to Bankruptcy Rule 1015(b); and it is further

ORDERED that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases; and it is further

ORDERED that the caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>MESA AIR GROUP, INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-_____ ( )<br><br>(Jointly Administered) |
|---|---|

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

; and it is further

ORDERED that an entry shall be made on the docket of each of the above-captioned cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Mesa Air Group, Inc., Mesa Air New York, Inc., Mesa In-Flight, Inc., Freedom Airlines, Inc., Mesa Airlines, Inc., MPD, Inc., Ritz Hotel Management Corp., Regional Aircraft Services, Inc., Air Midwest, Inc., Mesa Air Group Airline Inventory Management, LLC, Nilchi, Inc. and Patar, Inc. The docket in Case No. 10-_____ ( ) should be consulted for all matters affecting this case.

; and it is further

ORDERED that the Debtors shall be permitted to file their monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis, provided that the Debtors shall list disbursements for each individual debtor; and it is further

ORDERED that notice of the Motion as provided herein and therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE