PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski (*pro hac vice* pending)
Laura Davis Jones (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-_____ (   ) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR AUTHORIZATION PURSUANT TO
SECTIONS 105, 363, 554, AND 1110 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6003, 6004 AND 6007 TO (I) ABANDON CERTAIN
AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, (II)
TRANSFER TITLE TO CERTAIN AIRCRAFT, ENGINES, AND OTHER
RELATED EQUIPMENT, AND (III) SATISFY THE SURRENDER
AND RETURN REQUIREMENTS UNDER THE BANKRUPTCY CODE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the

above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), hereby file this motion (the "Motion") and respectively represent as follows:

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

**Background**

1.      On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors have requested authorization to consolidate their chapter 11 cases for procedural purposes only so that they may be jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Mesa's Business**

3.      Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service.  As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico.  The Debtors operate a fleet of approximately 130 aircraft with approximately 700 daily system departures.  The Debtors employ approximately 3,400 full and part-time employees.

4.      Mesa Airlines, Inc. ("Mesa Airlines") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements. Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United Airlines, Inc., and (iii) independently in Hawaii as *go!* Mokulele ("*go!*").  Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements with Delta Air Lines, Inc.  The remaining Debtors operate businesses, or own interests in businesses, that

facilitate or enhance the Debtors' regional or independent air carrier services.  Nilchi, Inc. and Patar, Inc. hold investments.

5.      As of September 30, 2009, the Debtors had consolidated assets[2] of approximately $975 million, and consolidated liabilities of approximately $869 million.  The Debtors' consolidated 2009 revenues were approximately $968 million.  Approximately 96% of the Debtors' consolidated passenger revenues for the fiscal year ending September 30, 2009 were derived from operations associated with code-share agreements.  The Debtors' remaining passenger revenues are generated from their independent *go!* operations in Hawaii.

6.      A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* (the "Lotz Declaration"), filed contemporaneously herewith.

### Jurisdiction

7.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

8.      The Debtors request, pursuant to sections 105(a), 363(b), 554(a), and 1110 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003, 6004 and 6007, (i) authorization to abandon the aircraft and other related equipment identified on the scheduled annexed hereto as Exhibit A that are owned by the Debtors and no longer necessary in the operation of their business (collectively, the "Excess Owned Equipment"); (ii) authorization to (a) transfer title to the abandoned Excess Owned Equipment to mortgagees, security trustees, or indenture trustees

---

[2]  At book value.

having a security interests in such Excess Owned Equipment (the "Secured Parties") and (b) surrender and return the Excess Owned Equipment to the Secured Parties; and (iii) approval of the form of notice to be served upon the counterparties to the applicable security documents. The Debtors submit that the relief sought herein is reasonable and represents an appropriate exercise of their sound business judgment.

### The Debtors' Excess Owned Equipment

9.      The Debtors currently maintain a fleet of approximately 178 aircraft (the "Fleet"), consisting of 48 CRJ-200s, 20 CRJ-700s, 38 CRJ-900s, 36 ERJ-145s, 16 Dash-8s, and 20 Beech 1900s.

10.     As currently configured, the Fleet is too large for the Debtors' operations. Approximately 52 aircraft are parked and not being used. In addition, over the next several months, the Debtors plan to retire additional aircraft that are not needed to service the Debtors' customers. The Debtors need to reduce the Fleet to eliminate the significant costs associated with retaining, maintaining, and storing the aircraft that are not in use. Prior to filing this Motion, the Debtors conducted an extensive analysis of the Fleet and identified the aircraft that are not necessary for continued operations or a successful reorganization. This Motion is the first in what the Debtors expect will be a series of motions to either abandon aircraft or reject the related leases. Once the Fleet is reduced and the excess aircraft are disposed of, the Debtors believe they will operate profitably and can successfully emerge from chapter 11.

11.     The Debtors believe that the relief requested is warranted because the Fleet reduction will eliminate obligations of the Debtors for which there is no corresponding benefit. Further, the proposed procedures establish an orderly and efficient process for the surrender and return of the Excess Owned Equipment and related documentation that are consistent with the

requirements under section 1110 of the Bankruptcy Code. As a result, the requested relief will ensure that the Excess Owned Equipment are returned to the applicable Secured Parties, as the case may be, in accordance with the terms of the applicable security agreement to the extent that the terms thereunder do not exceed the requirements set forth under section 1110 of the Bankruptcy Code, as may be applicable.

12. The Debtors will continue to analyze the Fleet and, as a result of this ongoing analysis, the Debtors believe it is likely that additional aircraft and other related equipment will be retired in the future subject to the same or similar procedures proposed herein on notice to all affected parties and those parties entitled to receive notice in these chapter 11 cases.

### The Proposed Abandonment Procedures

13. The Debtors request approval of the following procedures regarding the Excess Owned Equipment that is the subject of this Motion.

**A.      Abandonment Request**

14. The Debtors seek authorization to abandon, transfer title, or surrender and return Excess Owned Equipment to the interested parties identified on the schedules annexed hereto as Exhibit A, in each case pursuant to the conditions set forth in the proposed order (the "Order") annexed hereto as Exhibit C.

**B.      Notice and Opportunity for Hearing**

15. Contemporaneously herewith, the Debtors have served, via electronic delivery or overnight delivery service, a notice, substantially similar to the notice annexed hereto as Exhibit B, on the Secured Parties that are party to the security agreements relating to the Excess Owned Equipment, setting forth the Debtors' intent to abandon the Excess Owned Equipment, and authorizing the Secured Parties to take possession of such Excess Owned Equipment.

16.     Because this Motion was filed contemporaneously with the commencement of the chapter 11 cases, the Debtors were unable to provide notice to the Secured Parties in accordance with Bankruptcy Rules 6007 and 9014.  Nevertheless, the Debtors believe that the notice provided to the affected parties is sufficient because it is being sought on an interim basis and is not binding to the extent that the Court does not overrule such parties' objections.  The proposed notice procedures provide parties in interest with reasonable notice and an opportunity to object and be heard at a hearing.  *See, e.g., In re Drexel Burnham Lambert*, 160 B.R. 729 (S.D.N.Y. 1993) (granting interested parties an opportunity to present objections satisfies due process); *In re Colorado Mountain Cellars, Inc.*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).  Furthermore, the proposed notice procedures protect the due process rights of the parties in interest without unnecessarily exposing the Debtors' estates to unwarranted administrative expenses.

17.     Bankruptcy Rule 6007 allows discretion of the Court to limit notice and the time for filing objections to any abandonment of property.  The Debtors submit that requiring notice of abandonment of Excess Owned Equipment be given to all creditors and indenture trustees would be unnecessarily expensive and time consuming, and would not provide any useful purpose.  Furthermore, the Debtors submit that any reduction of time to file an Objection to abandonment will not prejudice the rights of any party in interest since the summary provided herein of a proposed abandonment of the property states the reasons for the proposed abandonment and identifies the entity to whom the property is proposed to be abandoned and is subject to the rights provided to creditors with an interest in property subject to section 1110 of the Bankruptcy Code.  Accordingly, the Debtors request that the Court limit notice under

Bankruptcy Rule 6007 to the parties in interest set forth herein and limit the time for filing Objections as set forth herein.

18.     The information set forth on <u>Exhibit A</u> describing the Excess Owned Equipment includes the following information:  (i) the identity of the Secured Parties known to the Debtors with respect to any mortgage financing on such equipment, (ii) a description of the Excess Owned Equipment to be abandoned and for which title will be conveyed, and (iii) the location of the Excess Owned Equipment.

19.     To satisfy the notice and hearing requirements of Bankruptcy Rule 9014, the Debtors request entry of the Order authorizing the Debtors, on an interim basis, to abandon each item of Excess Owned Equipment, effective as of the earliest of: (i) the "Effective Date" listed in <u>Exhibit A</u> (which is the date that the Debtors believe all applicable requirements of section 1110 with respect to the return of the Excess Owned Equipment will be or have been satisfied),[3] or (ii) the date that the Debtors and the applicable Secured Party have reached an agreement regarding the return of the Excess Owned Equipment, or (either (i), or (ii) as applicable, the "<u>Effective Date</u>"); *provided*, *however*, if any affected Secured Party or other party in interest wishes to object to abandonment of the Excess Owned Equipment, such objecting party must file and serve such Objection in accordance with the terms set forth in the order approving the Motion.

20.     As soon as reasonably practicable after the entry of the Order, the Debtors will serve a copy of the Order and this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), (iii) those creditors holding the five

_____

[3] The Debtors have set forth on <u>Exhibit A</u> an Effective Date of January 5, 2010 (the Petition Date) as to all items of Excess Owned Equipment since the Debtors believe they will have complied with any applicable section 1110 requirements as of that date.

(5) largest secured claims against the Debtors' estates or their agents, (iv) the Secured Parties or their agents, (v) the Internal Revenue Service, (vi) the Securities and Exchange Commission, and (vii) any party that has requested service pursuant to Bankruptcy Rule 2002.

**C.    Objection Procedure**

21.     The Debtors propose that the deadline to file an objection (the "Objection") to the Motion be 4:00 p.m. (prevailing Eastern Time) on the date that is ten (10) days from the entry of the interim Order (the "Objection Deadline").  An Objection will be considered timely if it is filed with the Court and served on the following parties so that it is actually received prior to the Objection Deadline:  (i) United States Bankruptcy Court of the Southern District of New York, One Bowling Green, New York, New York 10004, (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (iii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn:  Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn:  Maria A. Bove), attorneys for the Debtors, (iv) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.), (v) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis) unless a statutory committee of unsecured creditors has been appointed in these cases, in which case then counsel to such committee, (vi) those creditors holding the five (5) largest secured claims against the Debtors' estates or their agents, and (vii) the Secured Parties or their agents.

22.     The Debtors further request that the Order specify that if no Objections are timely filed, served, and received in accordance with this Motion with respect to a given item of Excess

Owned Equipment, the Order shall be deemed a final order with respect to that item of Excess Owned Equipment as of the applicable Effective Date without further notice or hearing.

23.    If an Objection is timely filed with respect to a given item of Excess Owned Equipment, the Debtors request that the Court schedule a hearing on the Motion with respect to that item of Excess Owned Equipment.  If an Objection is overruled or withdrawn with respect to a given item of Excess Owned Equipment, the Debtors request that the Order also be deemed final with respect to that item of Excess Owned Equipment as of the applicable Effective Date.

**D.    Filing Proofs of Claim**

24.    The Debtors propose that any claims arising out of any abandonment effected pursuant to these procedures must timely be filed in accordance with any order pursuant to Bankruptcy Rule 3003(c) establishing a deadline by which pre-petition general unsecured claims must be filed (the "Bar Date"), on or before the later of (i) the Bar Date or (ii) 30 days after the Effective Date with respect to the item of Excess Owned Equipment.  Any claim not timely filed will be irrevocably barred and will not be entitled to receive any distributions from the Debtors' estates that are authorized by the Court.

**E.    Provision of Records and Documents**

25.    In connection with the abandonment of Excess Owned Equipment, the Debtors will deliver records and documents relating to the applicable Excess Owned Equipment to the applicable Secured Party(ies).

**F.    Surrender and Return of Airframes and Engines**

26.    The Debtors also propose that if the Secured Party affected by the abandonment of Excess Owned Equipment and the transfer of title thereto does not retrieve or otherwise take control of the relevant Excess Owned Equipment from the locations provided on Exhibit A

within ten (10) calendar days after the Effective Date, such Secured Party will be responsible to the Debtors for the subsequent costs of, and all risks attendant to, storing such equipment and for other attendant costs as determined by the Debtors, including costs of insuring the Excess Owned Equipment.  If the Secured Party does not remove the Excess Owned Equipment or otherwise contract with a third party for storage of the Excess Owned Equipment, the Debtors may file a motion to compel removal of the Excess Owned Equipment and/or payment to the Debtors of storage and other attendant costs including, without limitation, all legal fees.

27.     The Debtors propose that the surrender and return of Excess Owned Equipment and execution and delivery of title documents and records will be subject to and in accordance with the surrender and return requirements of section 1110(c) of the Bankruptcy Code; *provided*, that such surrender and return is without prejudice to the rights of (i) a Secured Party to assert damages as part of any unsecured deficiency claim, if any, (ii) a Secured Party to assert damages for failure to satisfy all non-section 1110(c) contractual return or turnover provisions of the applicable security agreement, or (iii) the Debtors or any other party in interest to object to any such claims.

28.     Upon written request from an affected Secured Party, the Debtors agree to cooperate reasonably with such Secured Party with respect to the execution of or provision of information required for a bill of sale or quitclaim deed, as applicable, to be filed with the Federal Aviation Administration (the "FAA") in connection with such Excess Owned Equipment; *provided*, *however*, that the affected Secured Party will be solely responsible for all costs associated with such documentation, the filing thereof with the FAA, and the transportation of the aircraft.  Accordingly, the Debtors seek authorization to execute and deliver all

instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the procedures.

29.     As required by section 1110 of the Bankruptcy Code, the Debtors submit that the proposed procedures are reasonable and in the best interests of the estates and should be approved by this Court.

**Excess Owned Equipment Is of**
**No Benefit to the Debtors and Abandonment Should Be Approved By the Court**

30.     Pursuant to section 554(a) of the Bankruptcy Code, the Debtors seek approval of the abandonment of the Excess Owned Equipment.  Section 554(a) provides that a debtor in possession may abandon, subject to Court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Before authorizing abandonment of property, the bankruptcy court must find either: (i) the property is burdensome to the estate, or (ii) the property is both of inconsequential value and inconsequential benefit to the estate.  *In re Grossinger's Assocs.*, 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995).  Moreover, the debtor-in-possession is afforded significant discretion in determining the value and benefits of particular property for the purposes of the decision to abandon it.  *In re Interpictures Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("abandonment is in the discretion of the trustee, bounded only by that of the court").  "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion."  *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003).

31.     In addition, the Debtors seek to effectuate transfers of title of the Excess Owned Equipment to the relevant Secured Parties.  Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  A debtor's use of section

363(b) of the Bankruptcy Code to dispose of property of the estate is subject to a valid business justification. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (giving due consideration to the sound business judgment of the debtor)); *In re Thompson McKinnon Secs., Inc.*, 120 B.R. 301, 308 (Bankr. S.D.N.Y. 1990).

32.     This Court need only ensure that the decision to abandon the Excess Owned Equipment reflects a sound business judgment made in good faith.  The appropriate test of the Debtors' business judgment is whether the Excess Owned Equipment is burdensome or of inconsequential value and benefit to the Debtors' estates.  In this case, (a) the Excess Owned Equipment is not being used by the Debtors or (b) the liens against the Excess Owned Equipment exceed the value of such equipment to the Debtors' estates.  Further, the market for these aircraft is depressed and the Debtors have a limited ability to remarket the Excess Owned Equipment.

33.     Under these circumstances, transfer of title to the relevant Secured Parties under section 363(b) of the Bankruptcy Code is appropriate and in the best interest of the Debtors' estates.  Moreover, the process for transferring title of Excess Owned Equipment will facilitate the Debtors' satisfaction of the surrender and return requirements of section 1110(c) of the Bankruptcy Code, if applicable, in an efficient and timely manner and, in addition, will reduce the Secured Parties' potential claims against the Debtors' estates.

34.     The Debtors propose to abandon the Excess Owned Equipment subject to the requirements under section 1110 of the Bankruptcy Code.  Abandonment of the Excess Owned Equipment is, therefore, in the best interests of the Debtors' estates and reflects the exercise of the Debtors' sound business judgment.  The Excess Owned Equipment does not pose an environmental hazard and is not likely to cause a serious risk to the public.

35. Bankruptcy Rule 2002(a)(2) provides that, for cause shown, the court may "direct another method for giving notice" of a proposed sale of property of the estate. The Debtors submit that good cause has been shown for approving notice of the transfer of title to Excess Owned Property as set forth herein as an alternative to the notice procedures of Bankruptcy Rule 2002.

**The Procedures Outlined Above Satisfy the**
**"Surrender and Return" Requirement of Section 1110**

36. Section 1110(c) of the Bankruptcy Code requires the Debtors to surrender and return aircraft and related equipment to a secured party, lessor, or conditional vendor if such party is entitled to possession of such equipment. The procedures established herein provide that Debtors will make abandoned Excess Owned Equipment available to the relevant Secured Parties at the location identified on Exhibit A and provide these parties with the records and documents related to such equipment. The procedures also ensure that the Secured Parties will receive the benefit of these returns by providing for the transfer of title to the relevant Excess Owned Equipment.

37. Pursuant to Bankruptcy Rule 6003(b), "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" shall not be granted by the Court within 21 days of the Petition Date "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm . . . ." Fed. R. Bankr. P. 6003(b). For the reasons described herein and as supported by the Lotz Declaration, the Debtors submit that the requirements of Bankruptcy Rule 6003(b) have been met and that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

38.     Further, to implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

## **Notice**

39.     No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), (iii) those creditors or their agents holding the five (5) largest secured claims against the Debtors' estates, (iv) the Internal Revenue Service, (v) the Securities and Exchange Commission, and (vi) the Secured Parties listed in Exhibit A attached hereto.

40.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request entry of the attached order granting the relief requested herein and such other and further relief as is just.

Dated:     January 5, 2010
           New York, New York          PACHULSKI STANG ZIEHL & JONES LLP


                                        */s/ Maria A. Bove*
                                        Richard M Pachulski (*pro hac vice* pending)
                                        Laura Davis Jones (*pro hac vice* pending)
                                        Debra I. Grassgreen (*pro hac vice* pending)
                                        Maria A. Bove
                                        John W. Lucas

                                        780 Third Avenue, 36th Floor
                                        New York, New York 10017
                                        Telephone:  (212) 561-7700
                                        Facsimile:  (212) 561-7777

                                        Proposed Attorneys for Debtors
                                        and Debtors in Possession

# EXHIBIT A

**(Excess Owned Equipment To Be Abandoned)**

# Excess Owned Equipment To Be Abandoned

| Secured Party / Address | Debtor | Airframe Mfr. & Model | Mfr. Serial Number | U.S. Reg. No. | Engines Manufacturer, Model & Serial Number | Location | Effective Date |
|---|---|---|---|---|---|---|---|
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-126 | N126YV | LH:114163/114252; RH:114248/114158 | Airframe Location: ("ICT") Wichita Airport Authority; 2010 Airport Rd.; Wichita, KS 67209; Dennis Simmons, Director of Customer Service & Facilities; Tel: 316-943-3246; Fax: 316-945-9291 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-127 | N127YV | LH:PS0028/114273; RH:114404/PS0022 | Airframe Location: ("ICT") Wichita Airport Authority; 2010 Airport Rd.; Wichita, KS 67209; Dennis Simmons, Director of Customer Service & Facilities; Tel: 316-943-3246; Fax: 316-945-9291 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-133 | N133YV | LH:114221/114261; RH:114222/114066 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-135 | N135YV | LH:114004/114007; RH:114007/114229 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |

| Secured Party / Address | Debtor | Airframe Mfr. & Model | Mfr. Serial Number | U.S. Reg. No. | Engines Manufacturer, Model & Serial Number | Location | Effective Date |
|---|---|---|---|---|---|---|---|
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-138 | N138YV | LH:114182/114023; RH:114242/114287 | Airframe Location: ("ICT") Wichita Airport Authority; 2010 Airport Rd.; Wichita, KS 67209; Dennis Simmons, Director of Customer Service & Facilities; Tel: 316-943-3246; Fax: 316-945-9291 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-142 | N142ZV | LH:114348/114019; RH:114347/PS0020 | Airframe Location: ("ICT") Wichita Airport Authority; 2010 Airport Rd.; Wichita, KS 67209; Dennis Simmons, Director of Customer Service & Facilities; Tel: 316-943-3246; Fax: 316-945-9291 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-143 | N143YV | LH: n/a  RH: n/a | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-146 | N146ZV | LH:114315/114032; RH:114065/114370 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-155 | N155ZV | LH: n/a  RH: n/a | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |

| Secured Party / Address | Debtor | Airframe Mfr. & Model | Mfr. Serial Number | U.S. Reg. No. | Engines Manufacturer, Model & Serial Number | Location | Effective Date |
|---|---|---|---|---|---|---|---|
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-159 | N159YV | LH:PS0038/114134; RH:114202/114145 | Airframe Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-161 | N161YV | LH:PS0052/114219; RH:114124/114317 | Airframe Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-162 | N162ZV | LH:114075/114194; RH:114141/114278 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-163 | N163YV | LH: n/a RH:114178/114299 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-166 | N166YV | LH:114026/114180; RH:114389/114182 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |

| Secured Party / Address | Debtor | Airframe Mfr. & Model | Mfr. Serial Number | U.S. Reg. No. | Engines Manufacturer, Model & Serial Number | Location | Effective Date |
|---|---|---|---|---|---|---|---|
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-167 | N167YV | LH:PS0022/114037; RH:114367/114382 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-174 | N174YV | LH:114047/114005; RH:114260/114015 | Airframe Location: Salina Airport; 3237 Arnold Ave.; Salina, KS 67401; Shelli R. Swanson, Manager of Administration and Finance | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-176 | N176YV | LH:114482/114020; RH:114219/114361 | Airframe Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Air Group, Inc. | Beech Model: 1900D | UE-229 | N10675 | LH:114024/PS0086; RH:114058/114031 | Airframe Location: ("ICT") Wichita Airport Authority; 2010 Airport Rd.; Wichita, KS 67209; Dennis Simmons, Director of Customer Service & Facilities; Tel: 316-943-3246; Fax: 316-945-9291 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | Beech Model: 1900D | UE-242 | N242YV | LH:114022/114112; RH:114479/114368 | Airframe Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |

| Secured Party / Address | Debtor | Airframe Mfr. & Model | Mfr. Serial Number | U.S. Reg. No. | Engines Manufacturer, Model & Serial Number | Location | Effective Date |
|---|---|---|---|---|---|---|---|
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | Beech Model: 1900D | UE-244 | N244YV | LH:114252/114473; RH:114340/114390 | Airframe Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | | | | 114167 / PS0052 | Engine Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | | | | PS0034 / 114322 | Engine Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | | | | 114368 / 114389 | Engine Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | | | | 114061 / 114482 | Engine Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |

| Secured Party / Address | Debtor | Airframe Mfr. & Model | Mfr. Serial Number | U.S. Reg. No. | Engines Manufacturer, Model & Serial Number | Location | Effective Date |
|---|---|---|---|---|---|---|---|
| Raytheon Aircraft Credit Corporation PO Box 85 Wichita, KS 67201 | Mesa Airlines, Inc. | | | | 114350 / 114331 | Engine Location: ("ICT") Signature Flight Support; 1980 Airport Rd.; Wichita, KS 67209; Bryan L. Orr, General Manager; Tel: 316-522-2010; Direct: 316-522-2021 | January 5, 2010 |

# EXHIBIT B

## (Notice of Intent to Abandon Owned Equipment)

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski (*pro hac vice* pending)
Laura Davis Jones (*pro hac vice* pending)
Debra I. Grassgreen (*pro hac vice* pending)
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-_____ (   ) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF DEBTORS' INTENT TO ABANDON**
**CERTAIN AIRCRAFT, ENGINE, AND OTHER RELATED EQUIPMENT**

  **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession

(collectively, the "Debtors") hereby give notice to the mortgagees, security trustees, or indenture

trustees set forth in Exhibit A annexed hereto (the "Secured Parties") of the Debtors' intent to

abandon certain aircraft and other related equipment as set forth in Exhibit A (collectively, the

"Excess Owned Equipment").[2]

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that contemporaneously with this Notice, the Debtors have filed with the Court a motion seeking authorization, pursuant to sections 105(a), 363(b), 554(a), and 1110 of title 11 of the United States Code (the "Bankruptcy Code"), to (i) abandon the Excess Owned Equipment; (ii) transfer title to such abandoned Excess Owned Equipment to the Secured Parties, as applicable; and (iii) surrender and return the Excess Owned Equipment in accordance with the requirements under the Bankruptcy Code (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that upon entry of an order granting the relief sought in the Motion on an interim basis, the abandonment of the Excess Owned Equipment shall be effective as of the earliest of: (i) the "Effective Date" listed in Exhibit A (which is the date that the Debtors believe all applicable requirements of section 1110 of the Bankruptcy Code with respect to the return of the Excess Owned Equipment will be or have been satisfied), or (ii) the date that the Debtors and the Secured Party have reached an agreement regarding the return of the Excess Owned Equipment, or (either (i) or (ii) as applicable, the "Effective Date"); *provided*, *however*, if any affected Secured Party or other party in interest wishes to object to abandonment of the Excess Owned Equipment, such party must file and serve such Objection in accordance with the terms set forth in the order approving the Motion.

**PLEASE TAKE FURTHER NOTICE** that on _____ the Court will hold

a hearing to consider any Objections that are timely filed and received in accordance with the

terms of this Notice and solely with respect to the abandonment of the Excess Owned Equipment

that are the subject of the Objections to the Motion.

Dated:    January 5, 2010
        New York, New York      PACHULSKI STANG ZIEHL & JONES LLP

                                     _/s/ Maria A. Bove_
                                     Richard M Pachulski (_pro hac vice_ pending)
                                     Laura Davis Jones (_pro hac vice_ pending)
                                     Debra I. Grassgreen (_pro hac vice_ pending)
                                     Maria A. Bove
                                     John W. Lucas

                                     780 Third Avenue, 36th Floor
                                     New York, New York 10017
                                     Telephone:  (212) 561-7700
                                     Facsimile:  (212) 561-7777

                                     Proposed Attorneys for Debtors
                                     and Debtors in Possession

**EXHIBIT C**

**(Proposed Order)**

56722-001\DOCS_NY:19738.4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-_____ (   ) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS TO (I) ABANDON CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, (III) TRANSFER TITLE TO CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, AND (III) SATISFY THE SURRENDER AND RETURN REQUIREMENTS UNDER THE BANKRUPTCY CODE

Upon the motion, dated January 5, 2010 (the "Motion"),[2] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors") for authorization and approval, pursuant to sections 105(a), 363(b), 554(a), and 1110 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003, 6004, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (A) to (i) abandon certain aircraft and other related equipment identified on the scheduled annexed hereto as Exhibit A (the "Excess Owned Equipment"), (ii) transfer title to such abandoned Excess Owned Equipment to mortgagees, security trustees, or indenture trustees having security interests in such Excess Owned Equipment (the "Secured Parties"), and (iii) surrender and return the Excess Owned Equipment, and (B) of the form of notice to be served upon the Secured Parties and parties in interest, annexed hereto as Exhibit B, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

56722-001\DOCS_NY:19738.4

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that such relief is necessary to avoid immediate and irreparable harm as contemplated by Bankruptcy Rule 6003(b), and that the legal and factual bases set forth in the Motion and the Declaration of Michael J. Lotz in Support of First Day Motions establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis to the extent provided herein; and it is further

ORDERED that, pursuant to section 554(a) of the Bankruptcy Code, the abandonment of the Excess Owned Equipment listed in Exhibit A annexed hereto is authorized and approved on an interim basis as of the earliest of: (i) the "Effective Date" listed in Exhibit A, or (ii) the date that the Debtors and the applicable Secured Party have reached an agreement regarding the return of the Excess Owned Equipment, or (either (i), or (ii) as applicable, the "Effective Date"); *provided*, *however*, if any affected Secured Party or party in interest wishes to object to the abandonment of the Excess Owned Equipment, such party must file and serve such Objection in accordance with the terms set forth below; and it is further

ORDERED that, pursuant to sections 363(b) and 1110 of the Bankruptcy Code, the Debtors are authorized to transfer title, if necessary, of the Excess Owned Equipment that is subject to this Order; and it is further

ORDERED that as soon as reasonably practicable after entry of this Order, the Debtors shall serve a copy of this Order and the Motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), (iii) those creditors or their agents holding the five (5) largest secured claims against the Debtors' estates, (iv) the Internal Revenue Service, (v) the Securities and Exchange Commission, (vi) the Secured Parties or their respective agents, and (vii) all parties who have requested notice in these chapter 11 cases; and it is further

ORDERED that any Objection to the relief requested in the Motion on a final basis must be filed with the Court and served on the following parties so that it is actually received no later than _____: (i) United States Bankruptcy Court of the Southern District of New York, One Bowling Green, New York, New York 10004, (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (iii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors, (iv) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.), (v) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis) unless a statutory committee of unsecured creditors has been appointed in these cases, in which case then counsel to such committee, (vi) those creditors holding the five (5) largest secured

claims against the Debtors' estates or their agents, and (vii) the Secured Parties or their agents; and it is further

ORDERED that on _____ the Court will hold a hearing to consider any Objections that are timely filed and received in accordance with the terms of this Order and solely with respect to the abandonment of the Excess Owned Equipment that is the subject of the Objections to the Motion; and it is further

ORDERED that the relief granted herein is interim and shall have no preclusive effect upon any party that files and serves a timely Objection to the Motion in accordance with the terms of this Order; and it is further

ORDERED that if no Objections are filed and timely served in accordance with the terms of this Order, this Order shall be final as of the Effective Date solely with respect to the Excess Owned Equipment that is not subject any Objections; and it is further

ORDERED that any claims arising from the abandonment of property provided for herein shall be filed in accordance with any order pursuant to Bankruptcy Rule 3003(c) establishing a deadline by which prepetition general unsecured claims must be filed (the "Bar Date"), on or before the later of (i) the Bar Date or (ii) thirty (30) days after the Effective Date of the abandonment of the Excess Owned Equipment, and that any claim not filed in accordance with the foregoing deadlines shall be barred and shall not be entitled to share in any distributions from the Debtors' estates as approved by the Court; and it is further

ORDERED that the Debtors shall surrender and return records and documents relating to the applicable Secured Parties of the items of Excess Owned Equipment in accordance with section 1110 of the Bankruptcy Code; and it is further

ORDERED that if a Secured Party fails to take control and/or take possession of the applicable Excess Owned Equipment that has been abandoned in accordance with section 1110 of the Bankruptcy Code and by this Order within ten (10) calendar days after the Effective Date or ten (10) days after the date the Court resolves the applicable Objection to the Motion or as otherwise agreed between the Debtors and the applicable Secured Party, such Secured Party shall be responsible to the Debtors for costs and expenses arising from the storage and maintenance of such equipment; and it is further

ORDERED that if the Secured Party fails to remove the Excess Owned Equipment or make the necessary arrangements to move, store, and/or maintain such equipment, the Debtors may file a motion to compel such action and the payment for the costs and expenses on account of such actions, including legal fees and expenses; and it is further

ORDERED that the abandonment of any Excess Owned Equipment and the Debtors' surrender and return thereof are without prejudice to the rights, if any, of (i) a Secured Party to assert damages as part of any unsecured deficiency claim, if any, (ii) a Secured Party to assert damages for the Debtors' alleged failure to satisfy all non-section 1110 contractual return or turnover provisions of the applicable security agreement, or (iii) the Debtors or any other party in interest to object to any such claims or their asserted priority; and it is further

ORDERED that upon written request from an affected Secured Party, the Debtors shall cooperate with such Secured Party to the extent that is reasonably practicable with respect to the execution of or provision of information required for a bill of sale or quitclaim deed, as appropriate, to be filed with the Federal Aviation Administration (the "FAA") in connection with such Excess Owned Equipment; *provided, however*, that the affected Secured Party shall be

solely responsible for all costs associated with such documentation and the filing thereof with the FAA; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as may be necessary or appropriate to implement and effectuate the relief granted herein; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

ORDERED that notwithstanding Bankruptcy 6004(h), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the notice procedures set forth in the Motion are good and sufficient notice and satisfy Bankruptcy Rules 2002(a), 6004, 6007, and 9014 by providing the affected parties and parties in interest with notice of the Motion and an opportunity to object and be heard at a hearing; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
     New York, New York


                             _____
                             UNITED STATES BANKRUPTCY JUDGE

56722-001\DOCS_NY:19738.4