**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    MESA AIR GROUP, INC., *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**INTERIM ORDER PURSUANT TO SECTIONS 105(A), 362, 363(B) AND 553 OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO (A) APPLY PREPETITION PAYMENTS TO PREPETITION AND POSTPETITION OBLIGATIONS UNDER FUEL SUPPLY CONTRACTS, (B) HONOR OTHER FUEL SUPPLY, STORAGE FUEL CONTRACTS, INTO-PLANE SERVICE CONTRACTS AND OTHER FUEL SERVICE ARRANGEMENTS, (C) CONTINUE TO PARTICIPATE IN FUEL CONSORTIA AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion dated January 5, 2010, (the "Motion") of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 362, 363(b) and 553 of title 11 of the United States Code (the "Bankruptcy Code"), seeking an order (a) authorizing the Debtors to (i) apply prepetition payments to prepetition and postpetition obligations under fuel supply contracts, (ii) honor other fuel supply, storage fuel contracts, into-plane service contracts and other fuel service arrangements, (iii) continue to participate in fuel consortia and (b) authorizing financial institutions to honor and process related checks and transfers, as more fully described in the Motion; and upon consideration of the Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corporation (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the Office of the United States Trustee, (b) those creditors holding the five largest secured claims against the Debtors estates, (c) those creditors holding the thirty largest unsecured claims against the Debtors estates (on a consolidated basis), (d) the Internal Revenue Service, (e) the Securities and Exchange Commission, (f) the Pipeline and Storage Providers, (g) the Into-Plane Service Providers, and (h) the Fuel Consortia members, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

      ORDERED that the relief requested in the Motion is hereby granted and approved on an interim basis to the extent provided herein; provided that, until the 22nd day after the Petition Date, the relief requested by the Debtors is granted only to the extent that it is necessary to avoid irreparable harm; and it is further

      ORDERED that the Prepaid Fuel Suppliers and the Storage Providers and the Into-Plane Service Providers are authorized, pursuant to sections 105(a), 362, 363(b) and 553 of the

Bankruptcy Code, to apply the Debtors prepetition prepayments or credits held for the benefit of the Debtors to jet fuel liftings, storage and facility usage, and into-plane services occurring before or after the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay any prepetition outstanding obligations: (i) to the Prepaid Fuel Suppliers, (ii) to the Other Fuel Suppliers, (iii) to the Storage Providers, (iv) under the Other Fuel Service Arrangements, (v) to the Fuel Consortia and (vi) to the Into-Plane Service Providers; and it is further

ORDERED that the Debtors are authorized, but not directed, to continue to honor, perform and exercise their rights and obligations (whether prepetition or postpetition): (i) to the Prepaid Fuel Suppliers, (ii) to the Other Fuel Suppliers, (iii) to the Storage Providers, (iv) under the Other Fuel Service Arrangements, (v) to the Fuel Consortia and (vi) under the Into-Plane Service Contracts, provided, however, that such honoring, performing, or exercising of such rights and obligations shall not give rise to administrative claims solely as a result of the entry of this Order or constitute the assumption of any contract, nor preclude the Debtors from contesting or objecting to the claim of any party; and it is further

ORDERED that, to the extent required, the automatic stay under section 362 of the Bankruptcy Code is hereby modified to allow for the payments received by the Prepaid Fuel Suppliers, the Storage Providers and Into-Plane Service Providers or credits existing before the Petition Date to be applied to fuel liftings, storage facility usage, and into-plane services occurring prepetition or postpetition, and that the Prepaid Fuel Suppliers, the Storage Providers, and the Into-Plane Service Providers are permitted to exercise any such setoff rights pursuant to section 553 of the Bankruptcy Code as may be necessary to ensure the application of fuel or storage prepayments or credits; and it is further

ORDERED that each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the claims that the Debtors request authority to pay in the Motion are authorized to receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and are authorized to rely on the Debtors designation of any particular check as approved by this Order; and it is further

ORDERED that notwithstanding the possible applicability of rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that within three business days of the entry of this interim order (the "Interim Order"), the Debtors shall serve a copy of the Interim Order and the Motion on (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates, (c) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), (d) the Internal Revenue Service, (e) the Securities and Exchange Commission, (f) the Pipeline and Storage Providers, (g) the Into-Plane Service Providers, and (h) the Fuel Consortia members; and it is further

ORDERED that any objection (the "Objection") to the relief requested in the Motion on a permanent basis must, by 4:00 p.m. (prevailing Eastern Time) on the date that is 10 days after the date of the entry of this Interim Order (the "Objection Deadline"), be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Andrea B. Schwartz), (ii) the attorneys for the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor,

San Francisco, California 94111, Attn: Debra I. Grassgreen and John W. Lucas and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove, and (iii) the attorneys for any official committee of unsecured creditors then appointed in these cases; and it is further

ORDERED that a reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two business days before the date of the applicable hearing; and it is further

ORDERED that if timely Objections are received there shall be a hearing to consider such timely Objections to the Motion; and it is further

ORDERED that if no Objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Interim Order, which Order shall be submitted and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion shall be approved nunc pro tunc to the date of the commencement of these chapter 11 cases; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

Dated: January 5, 2010
      New York, New York

                                                   /s/Martin Glenn_____
                                                   The Honorable Martin Glenn
                                                   United States Bankruptcy Judge