**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 9(MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER, PURSUANT TO BANKRUPTCY RULE 2002,
28 U.S.C. § 156(c) AND LOCAL BANKRUPTCY RULE 5075-1,
APPOINTING EPIQ BANKRUPTCY SOLUTIONS, LLC
AS CLAIMS AND NOTICING AGENT**

This matter coming before the Court on the Application of Debtors and Debtors in Possession, Pursuant to Bankruptcy Rule 2002, 28 U.S.C. § 156(c) and Local Bankruptcy Rule 5075-1, for an Order Appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as Claims and Noticing Agent (the "Application"),[2] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors"); the Court having reviewed the Application and the Affidavit of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2 (the "Affidavit") and having considered the statements of counsel and evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Application and the Affidavit and at the Hearing establish just cause for the relief granted herein;

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Epiq is hereby appointed as the Claims Agent in these chapter 11 cases, pursuant to Bankruptcy Rule 2002(a), 28 U.S.C. § 156(c) and Local Bankruptcy Rule 5075-1(a), on the terms and conditions set forth in the Application and the Services Agreement.

3. The terms of the Services Agreement are hereby approved except insofar as paragraph 7.4 of the Services Agreement is qualified as follows:

   a. Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than those described in the Services Agreement, unless such services and indemnification therefore are approved by the Court;

   b. The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall

>retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

4	The Debtors are hereby authorized to compensate Epiq for its services and reimburse Epiq for any related expenses in accordance with applicable provisions of the Services Agreement. The fees and expenses Epiq incurs will be treated as an administrative expense of the Debtors' chapter 11 estates and be paid in the ordinary course of business without further application to the Court.

5.	Upon the completion of Epiq's duties and responsibilities at the closing of these cases, Epiq shall take the appropriate action to obtain an order from this Court terminating its duties and responsibilities in these cases, in accordance with the Services Agreement and this Order.

Dated: January 5, 2010
New York, New York

/s/Martin Glenn
The Honorable Martin Glenn
United States Bankruptcy Judge