**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 105(a), 345(b), 363(c), 364(c) AND 507(A) AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING DEBTORS TO (I) CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM (II) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated January 5, 2010 (the "Motion"), of Mesa Air Group, Inc. ("Mesa") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking (i) authorization, pursuant to sections 105(a), 363(c), 345(b), 364(a) and 507(a) of the Bankruptcy Code and Bankruptcy Rules 6003(b) and 6004, to (a) continue to operate their cash management system (the "Cash Management System"), (b) fund the Debtors' operations, and (c) maintain the Debtors' existing bank accounts (the "Bank Accounts") and business forms and (ii) a waiver of the requirements of section 345 of the Bankruptcy Code to the extent the Cash Management System and Bank Accounts are not in compliance with the Bankruptcy Code, all as described more fully in the Motion; and the Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

1

pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in and that the legal and factual bases set forth in the Motion and the Declaration of Michael J. Lotz in Support of First Day Motions establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted and approved on an interim basis to the extent provided herein; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors prior to the commencement of their chapter 11 cases (the "Petition Date"), as modified by this Order, and to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany and interdivision transfers of funds; and it is further

ORDERED that the Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Petition Date; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts listed on Exhibit 1 annexed hereto, in the names and with the account numbers existing immediately prior to the Petition Date, (ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks,

wire transfers, automated clearinghouse transfers and other debits, (iii) pay any Bank or Credit Card Company fees or charges associated with the Bank Accounts or Credit Card Receivables, and (iv) treat their prepetition Bank Accounts for all purposes as debtors in possession accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate, with notice to the United States Trustee and any statutory committee appointed in these cases; provided that such account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein; and it is further

ORDERED that except as otherwise provided in this Order, all financial institutions in which the Debtors maintain the Bank Accounts as of the commencement of their chapter 11 cases are authorized and directed to continue to maintain, service, and administer such Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; provided, however, that nothing contained herein shall authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Petition Date, except as otherwise provided by further order of this Court; *provided*, *however*, that any such financial institution may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtors as provided for herein; and it is further

3

ORDERED that no later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide the Banks a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with its honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order; and it is further

ORDERED that the Debtors shall use best efforts to cause any Bank that is not currently a party to a Uniform Depository Agreement to execute such agreement within 45 days from the date of this Order, subject to the Debtors' right to seek such a waiver of requirements of Section 345(b) of the Bankruptcy Code at the Final Hearing on the Motion; and it is further

ORDERED that to the extent that it later becomes necessary for the Debtors to obtain execution of a Uniform Depository Agreement between the Office of the United States Trustee and any Bank (or other new institution at which the Debtors may open an account), the Debtors shall have 45 days (or such additional time as the U.S. Trustee may agree to) from the entry of this Order to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as the U.S. Trustee may agree to; and it is further

ORDERED that, with respect to any deposit or investment currently insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States, upon the termination or modification of such insurance or guarantee, the Debtors shall either come into compliance with section 345(b) of the Bankruptcy Code or seek appropriate relief from the Court; and it is further

ORDERED that, as soon as practicable after the Petition Date, the Debtors shall mark "Debtor in Possession" and the chapter 11 case number under which these cases are being jointly administered on their check stock, business form stock, and wire transfer instructions and shall not be required to order new stock with such marking until they exhaust their current stock; and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary course of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay prepetition amounts outstanding as of the Petition Date, if any, owed to their banks as fees or service charges for the maintenance of the Cash Management System; and it is further

ORDERED that within three business days of the entry of this Interim Order, the Debtors shall serve a copy of the Interim Order and the Motion on (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates, (c) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), (d) the Internal Revenue Service, (e) the Securities and Exchange Commission and (f) the Providers; and it is further

ORDERED that any objection (the "Objection") to the relief requested in the Motion on a permanent basis must, by 4:00 p.m. (prevailing Eastern Time) on the date that is 10 days after the date of the entry of this Interim Order (the "Objection Deadline"), be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Andrea B. Schwartz), (ii) the

attorneys for the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra I. Grassgreen and Joshua M. Fried and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove, and (iii) the attorneys for any official committee of unsecured creditors then appointed in these cases; and it is further

ORDERED that a reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two business days before the date of the applicable hearing; and it is further

ORDERED that if timely Objections are received there shall be a hearing to consider such timely Objections to the Motion; and it is further

ORDERED that if no Objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Interim Order, which Order shall be submitted and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion may be approved *nunc pro tunc* to the date of the commencement of these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Interim Order.

Dated: New York, New York
      January 5, 2010

                                      /s/ Martin Glenn_____
                                      UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## **(Banks and Accounts)**

| Bank Name & Address | Account Name | Account Number |
|---|---|---|
| **Banco Nacional De Mexico S.A.** | Nacional Expense Account | 887-54XXXX |
| **Banco Nacional De Mexico S.A.** | Nacional Collection Account | 887-54 XXXX |
| **Banco Mercantil del Norte S.A.** | Mercantil Peso Account | 006300 XXXX |
| **Banco Mercantil del Norte S.A.** | Mercantil Dollar Account | 1038 XXXX |
| **Banco Mercantil del Norte S.A.** | Mexico Money Market Account | 50033 XXXX |
| **Bank of Hawaii** | Hawaii Deposit Account | 0003-23 XXXX |
| **Bank of Hawaii** | Hawaii Ticket Refund Account | 0003-87 XXXX |
| **Wells Fargo Bank** | Wells Fargo DIA Liquor Account | 103-750 XXXX |
| **Wells Fargo Bank** | Workers Comp. Account | 106-038 XXXX |
| **BBVA Compass Bank** | Main Operating Account | 250105 XXXX |
| **BBVA Compass Bank** | Compass Money Market Account | 250119 XXXX |
| **BBVA Compass Bank** | Accounts Payable | 1286 XXXX |
| **BBVA Compass Bank** | Compass Bank Emergency Reserve | 8449 XXXX |
| **BBVA Compass Bank** | Freedom Airlines LOC Account | 251193 XXXX |
| **Bank of America** | Payroll | 942837 XXXX |
| **Bank of America** | MPD ASU | 942912 XXXX |
| **Bank of America** | Operating | 942845 XXXX |
| **Citizens Bank** | MPD Operating Account | 11717 XXXX |
| **JPMorgan Chase** | JP Morgan Clearinghouse Account | 910-2-46 XXXX |
| **Imperial Capital** | Bonds | 7LU-13 XXXX |
| **Chevy Chase Bank** | IAD Liquor deposits | 142430 XXXX |
| **Seaway Bank** | ORD Liquor deposits | 8012 XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 208-95S24 / 2089XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-95S31 / 412-2XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-9XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-9XXXX |

56772-001\DOCS_NY:19751.2