**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**INTERIM ORDER AUTHORIZING DEBTORS TO (I) HONOR
PREPETITION OBLIGATIONS TO CUSTOMERS AND CERTAIN
OTHER BUSINESS ENTITIES AND TO OTHERWISE CONTINUE CUSTOMER
AND RELATED PROGRAMS AND PRACTICES IN THE ORDINARY COURSE
OF BUSINESS AND (II) AUTHORIZE FINANCIAL INSTITUTIONS TO
<u>HONOR AND PROCESS RELATED CHECKS AND TRANSFERS</u>**

Upon the motion (the "<u>Motion</u>")[2] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "<u>Debtors</u>") for an order, pursuant to sections 105(a), 363, 1107(a) and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing, but not directing, them in their business judgment to (a) perform and honor such of their prepetition obligations related to the Customer Programs as they deem appropriate and (b) continue, renew, replace, implement new, and/or terminate Customer Programs as they deem appropriate, in the ordinary course of business, without further application to the Court; and the Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

been provided and that no other or further notice is necessary; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, it is

ORDERED that the Motion is granted and approved on an interim basis, to the extent provided herein; and it is further

ORDERED that the Debtors, in their business judgment, are authorized to (a) perform and honor their prepetition obligations related to the Customer Programs as they deem appropriate, and (b) continue, renew, replace, implement new, and terminate, Customer Programs as they deem appropriate and in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations and permitting and effecting all setoffs in connection therewith, whether relating to the period prior or subsequent to the Petition Date; and it is further

ORDERED that all applicable banks and other institutions are authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor and pay any and all checks and fund requests drawn on the Debtors' accounts related to the claims and obligations permitted to be paid by the Debtors pursuant to the foregoing provision, whether such checks and fund requests were presented prior to or after the Petition Date, provided that: (i) funds are available in the Debtors' accounts to cover the checks and fund transfers and (ii) the applicable banks and other institutions are authorized to rely on the Debtors' designation of any particular check or fund request as approved by this Order;

ORDERED that nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any claim by any party with respect to any Customer Program; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtors may have to subsequently dispute such obligation; and it is further

ORDERED that nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors of any executory contract or unexpired lease;

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as may be necessary or appropriate to implement and effectuate the relief granted herein; and it is further

ORDERED that within three business days of the entry of this Interim Order, the Debtors shall serve a copy of the Interim Order and the Motion on (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates, (c) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), (d) the Internal Revenue Service, and (e) the Securities and Exchange Commission; and it is further

ORDERED that any objection (the "Objection") to the relief requested in the Motion on a permanent basis must, by 4:00 p.m. (prevailing Eastern Time) on the date that is 10 days after the date of the entry of this Interim Order (the "Objection Deadline"), be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Andrea B. Schwartz), (ii) the attorneys for the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra I. Grassgreen and Joshua M. Fried and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn:

Maria A. Bove, and (iii) the attorneys for any official committee of unsecured creditors then appointed in these cases; and it is further

ORDERED that a reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two business days before the date of the applicable hearing; and it is further

ORDERED that if timely Objections are received there shall be a hearing to consider such timely Objections to the Motion; and it is further

ORDERED that if no Objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Interim Order, which Order shall be submitted and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion may be approved nunc pro tunc to the date of the commencement of these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Interim Order.

Dated:  New York, New York
       January 5, 2010

/s/ Martin Glenn_____
UNITED STATES BANKRUPTCY JUDGE