**BINGHAM MCCUTCHEN LLP**
2020 K Street, N.W.
Washington, DC  20006
(202) 373-6090
Peter D. Schellie (*Pro Hac Vice*)

**BINGHAM MCCUTCHEN LLP**
399 Park Avenue
New York, New York  10022-4689
(212) 705-7700
Scott K. Seamon
Stephanie W. Mai

*Attorneys for Raytheon Aircraft Credit Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC. et al., | Case No. 10-10018 (MG) |
| Debtors. | (Jointly Administered) |

**RAYTHEON AIRCRAFT CREDIT CORPORATION'S OBJECTION TO DEBTORS' MOTION FOR AUTHORIZATION PURSUANT TO SECTIONS 105, 363, 554, AND 1110 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003, 6004 AND 6007 TO (I) ABANDON CERTAIN AIRCRAFT, ENGINES, AND OTHER RLEATED EQUIPMENT (II) TRANSFER TITLE TO CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, AND (III) SATISFY THE SURRENDER AND RETURN REQUIREMENTS UNDER THE BANKRUPTCY CODE**

Raytheon Aircraft Credit Corporation ("RACC"), for the reasons stated below, objects to Debtors' Motion for Authorization Pursuant to Sections 105, 363, 554, and 1110 of the Bankruptcy Code and Bankruptcy Rules 6003, 6004 and 6007 To (I) Abandon Certain Aircraft, Engines, and other Related Equipment, (II) Transfer Title to Certain Aircraft, Engines and Other

Related Equipment, and (III) Satisfy the Surrender and Return Requirements of the Bankruptcy Code (the "Motion").

## I. BACKGROUND

1. On January 5, 2010 (the "Petition Date"), Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries (collectively, the "Debtors") filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Court has granted Debtors' motion to have their respective cases consolidated for joint administration for procedural purposes.

**A.  Notes and Security Agreements; Default**

2. RACC financed the purchase by the Debtors of twenty Beech 1900 D aircraft (the "Aircraft"). The Debtors evidenced their obligations and secured their performance by executing and delivering to RACC a promissory note and a security agreement for each Aircraft. As of January 1, 2010, the aggregate balance due on the twenty Promissory Notes was $32,753,103.22.

3. Mesa failed to make the monthly payments that were due under each promissory note on December 1, 2009, as well as subsequent payments. Following a grace period, this failure constituted an event of default under each promissory note and related security agreement, as well as under other agreements to which RACC and the Debtors are parties. As a result, prior to the Petition Date, RACC accelerated the payment of the debt, which remains unpaid.

**B.  First Day Hearing on the Motion**

4. On the Petition Date, the Debtors commenced this proceeding under the Bankruptcy Code and filed a number of conventional "first day" motions. Contemporaneously with filing their petitions and first day papers, the Debtors also filed the Motion. At the first day hearing scheduled on the Petition Date, RACC objected to the Motion being heard without

effective notice or an opportunity to respond to the Motion. The Court did not rule on the Motion but determined that RACC and other interested parties should have the opportunity to object to the proposed process and procedure requested by the Debtors in the Motion and set a hearing date of January 12, 2010 to consider any objections to the process proposed by the Debtors in the Motion. Specifically, the process and procedures at issue are those contained in paragraphs 13 through 23, inclusive, in that portion of the Motion entitled "The Proposed Abandonment Procedures" (the "Procedures") and certain relief that would be granted pursuant to the proposed order attached as Exhibit C to the Motion (the "Proposed Order"). RACC reserves the right to object to the relief sought in the Motion, as contemplated by the Motion, the applicable provisions of the Bankruptcy Code or as may be ordered by the Court following the hearing on this Objection.

## II. ARGUMENT

5. For three reasons, the Procedures in the Motion are not supported by the Bankruptcy Code and do not accord interested parties the notice or opportunity for participation provided by the Bankruptcy Code.

**A.     The Procedures Would Effect Final Relief**

6. First, the relief sought in the Motion goes beyond approval of the Procedures to establish an orderly process for abandonment of the Aircraft. The Motion and Proposed Order would in fact grant effective final relief to the Debtors. If entered, the Proposed Order would authorize the Debtors to abandon the Aircraft on an "interim" basis, but would also authorize the Debtors to immediately transfer title to the Aircraft and surrender and return records and documents with a presumption that the Debtors have complied with the requirements of

section 1110 of the Bankruptcy Code.[1]  *See* Proposed Order 3-5.  Once title is transferred and records and documents are surrendered, entry "final" order of abandonment -- which would otherwise set forth the terms of abandonment, such as surrender and return conditions, compliance with section 1110 of the Bankruptcy Code and establishment of an effective date -- would be rendered superfluous.

**B.     Abandonment Cannot Be Retroactive**

7.      Second, the Motion seeks to make the effective date for any abandonment the date on which the Motion was filed.  That approach is inconsistent with the both the clear language of the Bankruptcy Code and with the fundamental tenet of the bankruptcy process.  Section 554 of the Bankruptcy Code provides, in relevant part, "[a]fter notice and a hearing, . . ." certain property may be abandoned.  11 U.S.C. § 554(a); *see* Fed. R. Bankr. P. 6007(a) (the Advisory Committee Note to Fed. R. Bankr. P. 6007 states that "[n]otice and hearing are also required conditions.  Section 102(1) provides that 'notice and hearing' is construed to mean appropriate notice and an opportunity for a hearing.").  The Procedures, on the other hand, contemplate that the property is abandoned, immediately, upon filing of the notice itself and obviously before any hearing could take place.  The Bankruptcy Code and Bankruptcy Rule 6007 are clear, that abandonment can be effected only <u>after</u> notice and at least the opportunity for a hearing.  As suggested in the Motion, the Debtors seek authority to obtain what, in effect, is retroactive abandonment of property, a concept not supported by the Bankruptcy Code or its fundamental

---

[1]  In the Motion, the Debtors asserted that they have complied with provisions of section 1110(c) of the Bankruptcy Code relating to "surrender and return" and seem to base their proposed Effective Date, in part, on that assertion. *See* Motion ¶¶ 19, 27, 36.  Similarly, the Proposed Order includes language that presumes that the Debtors have satisfied the provisions of section 1110 of the Bankruptcy Code.  Proposed Order 3-5.  RACC disagrees with the assertion that the Debtors have so complied but, as noted above, it is reserving argument on those issues for the final hearing, pending the outcome of the instant hearing.

principles.

8. The effort to establish retroactive abandonment is not saved by inventing the idea of the abandonment having only "interim" effect. That, too, is a concept not found in the Bankruptcy Code or the Bankruptcy Rules. There is no provision or authority cited by the Debtors to support that mechanism for seeking retroactive, or at the very least immediate, relief for abandonment, a right provided to the Debtors only conditioned on proper notice and a hearing. Among other things, by attempting to provide immediate effect, the Debtors would necessarily prevent prior notice being sent to interested parties. That lack of notice is not supported by the Bankruptcy Code or Bankruptcy Rules.

9. The requirement that abandonment be prospective and not retroactive is based on the need to know who owns property at particular point in time. The property involved here is Aircraft that are valuable and susceptible to a number of potential risks. It is imperative that it is clear who owns these Aircraft at any one point. There are circumstances involving insurance coverages, storage arrangements and security implications that require absolute clarity as to who is the owner of this valuable equipment.

10. The Motion and Proposed Order, by their terms, attempts to establish the "Effective Date" as the Petition Date in all instances, *see* Motion ¶ 19; Proposed Order 2, which, at least with respect to interested parties that object, produces the anomalous and mechanically flawed result that property is, somehow, retroactively returned. That result is particularly inappropriate when the property involved is section 1110 equipment, which requires the Debtors to comply with the surrender and return provisions required in section 1110.

11. At the very minimum, if there is an objection to a notice under section 554(a) of the Bankruptcy Code, the "Effective Date" of the related abandonment should not be earlier than

is ordered by the Court, after a hearing or other resolution by the interested parties.

**C.      There Is No Basis For Shortening The Statutory Notice Period**

12.     Third, the Bankruptcy Code requires that there be 15 days' notice to interested parties of any proposed abandonment. Section 554(a) of the Bankruptcy Code. The Procedures do not provide for that notice, but rather ask the Court to approve a shorter, 10-day period for notice. While correctly noting that notice provisions can be modified by the Court, the Debtors provide no sound basis for such a modification. Presumably, any debtor acting under section 554 with respect to property that is burdensome or of inconsequential value would prefer to abandon it as soon as possible. Nonetheless, the statutory rule permits interested parties to have 15 days to consider the matter and provide an appropriate response. Except for reciting the understandable but conventional bases for seeking to shorten the opportunity for responses, costs to the estate and possible administrative claims -- which, again, are presumably present in virtually every abandonment situation -- the Debtors do not identify any unique rationale for trying to reduce by one-third the time provided under the Bankruptcy Code. Moreover, given the fact that the Aircraft fall within the provisions of section 1110 of the Bankruptcy Code, any abandonment and related discussions will necessarily involve the need to address satisfaction of the surrender and return provision of that section. This suggests the need for more and not less time to accommodate possible dispute resolution.

### III.  CONCLUSION

WHEREFORE, RACC respectfully request the Court (i) deny the interim relief requested in the Motion; and (ii) to the extent the Court grants interim relief, (a) establish the effective date of any abandonment as a date determined by the Court after proper notice and an opportunity for a hearing, (b) grant interested parties the statutory period of 15 days within which to object to a notice of abandonment, (c) defer any finding on whether the Debtors have complied with

section 1110 of the Bankruptcy Code until entry of a final order, and (d) defer authorizing the Debtors to transfer title and surrender and return documents and records until entry of a final order.

Dated: January 8, 2010
New York, New York

Respectfully submitted,

By: /s/ Peter D. Schellie
    Peter D. Schellie

BINGHAM MCCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006
(202) 373-6090
Peter D. Schellie (*Pro Hac Vice*)

BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022-4689
(212) 705-7700
Scott K. Seamon
Stephanie W. Mai

*Attorneys for Raytheon Aircraft Credit Corporation*

A/73258908.2