PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR AN ORDER, PURSUANT
TO SECTIONS 327(a) AND 329(a) OF THE BANKRUPTCY
CODE, RULES 2014(a) AND 2016(b) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1,
AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this application (the "Application") and respectively represent as follows:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

56772-001\DOCS_NY:19663.3

## Background

1. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") under the captioned case number.

## Mesa's Business

3. Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service. As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico. The Debtors operate a fleet of approximately 130 aircraft with approximately 700 daily system departures. The Debtors employ approximately 3,400 full and part-time employees.

4. Mesa Airlines, Inc. ("Mesa Airlines") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements. Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United Airlines, Inc., and (iii) independently in Hawaii as *go!* Mokulele ("*go!*"). Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements with Delta Air Lines, Inc. The remaining Debtors operate businesses, or own interests in businesses, that

facilitate or enhance the Debtors' regional or independent air carrier services. Nilchi, Inc. and Patar, Inc. hold investments.

5. As of September 30, 2009, the Debtors had consolidated assets of approximately $975 million, and consolidated liabilities of approximately $869 million. The Debtors' consolidated 2009 revenues were approximately $968 million. Approximately 96% of the Debtors' consolidated passenger revenues for the fiscal year ending September 30, 2009 were derived from operations associated with code-share agreements. The Debtors' remaining passenger revenues are generated from their independent *go!* operations in Hawaii.

6. A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* (the "Lotz Declaration"), filed on the Petition Date.

## Jurisdiction

7. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Application, the Debtors request the entry of an order, pursuant to sections 327(a) and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Debtors to retain and employ the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as their bankruptcy attorneys *nunc pro tunc* to the Petition Date under a general retainer to perform the legal services that will be necessary during these chapter 11 cases at PSZJ's hourly rates in effect from time to time and

pursuant to PSZJ's normal policies for reimbursement of expenses and disbursements. In support of this Application, the Debtors submit herewith the affidavit of Richard M. Pachulski, a partner in PSZJ (the "Pachulski Affidavit"), pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2016.

9. The Debtors seek to retain PSZJ as their attorneys because of PSZJ's extensive knowledge of the Debtors' business and financial affairs, its extensive general experience, and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and because of the firm's expertise, experience and knowledge practicing before this Court. The Firm has represented Mesa and its subsidiaries since April 27, 2009. The Firm is very familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Debtors believe that PSZJ is both well qualified and uniquely able to represent the Debtors in their chapter 11 cases in an efficient manner.

## Compensation

10. Subject to Court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

| | | | |
|---|---|---|---|
| a. | Richard M. Pachulski | $925 per hour |
| b. | Laura Davis Jones | $855 per hour |
| c. | Robert J. Feinstein | $855 per hour |
| d. | Debra I. Grassgreen | $775 per hour |
| e. | Joshua M. Fried | $625 per hour |

| | | |
|---|---|---|
| f. | Maria A. Bove | $550 per hour |
| g. | John W. Lucas | $450 per hour |
| h. | David A. Abadir | $425 per hour |
| i. | Patricia Jeffries | $235 per hour |

11. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

12. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients. PSZJ believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## Scope of Services

13. The employment of PSZJ under a general retainer is appropriate and necessary to enable the Debtors faithfully to execute their duties as debtors and debtors in

possession and to implement the restructuring and reorganization of the Debtors (either in or out of court). Subject to further order of this Court, it is proposed that PSZJ be employed to:

a. to take necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

b. to prepare on behalf of the Debtors, as debtors in possession, necessary or appropriate motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

c. to provide advice, representation, and preparation of necessary documentation and pleadings in connection with the administration of the Debtors' estates;

d. to counsel the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operations of their businesses and properties;

e. to take necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statements and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

f. to act as general bankruptcy counsel for the Debtors and perform all other necessary or appropriate legal services in connection with these chapter 11 cases.

14. Contemporaneously herewith, the Debtors are applying to this Court to retain Jones Day as special counsel to represent the Debtors in connection with certain designated matters during these chapter 11 cases, and will also retain Jones Day by separate application. To minimize costs, PSZJ has been working and will continue to work closely with the Debtors, Jones Day, and each of the Debtors' other retained professionals to clearly delineate each professional's respective duties and to prevent unnecessary duplication of services whenever possible.

## PSZJ's Disinterestedness

15. To the best of the Debtors' knowledge, except as disclosed herein or in the annexed Pachulski Affidavit, PSZJ has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

16. To the best of the Debtors' knowledge, except as otherwise disclosed in the Pachulski Affidavit, PSZJ does not hold or represent any interest adverse to the Debtors' estates, PSZJ is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZJ's employment is necessary and in the best interests of the Debtors and their estates.

17. During the twelve month period prior to the Petition Date, PSZJ received from the Debtors an aggregate of $1,400,204 for professional services performed and expenses incurred (a portion of which is an unapplied retainer). The Debtors did not owe PSZJ any amounts for legal services rendered before the Petition Date, although, as of the Petition Date, PSZJ had not completed a final reconciliation of its prepetition fees and expenses.

18. Upon final reconciliation of the amount actually incurred prepetition, the Firm will apply its retainer to the outstanding fees and any balance remaining from the prepetition payments to the Firm will be utilized as PSZJ's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court and the Bankruptcy Code.

19. The Debtors understand that PSZJ hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

20. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZJ its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Pachulski Affidavit, and to reimburse PSZJ according to its customary reimbursement policies, and submits that such rates are reasonable.

## Conclusion

21. The Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their estates and creditors, and should be granted in all respects.

## Notice

22. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Application on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), and (iii) those creditors or their agents holding the five (5) largest secured claims against the Debtors' estates.

WHEREFORE, the Debtors request entry of the order attached hereto as <u>Exhibit A</u> granting the relief requested herein and such other and further relief as is just.

Dated: January 8, 2010

        MESA AIR GROUP, INC.; MESA AIR NEW YORK, INC.; MESA IN-FLIGHT, INC.; FREEDOM AIRLINES, INC.; MESA AIRLINES, INC.; MPD, INC.; RITZ HOTEL MANAGEMENT CORPORATION; REGIONAL AIRCRAFT SERVICES, INC.; AIR MIDWEST, INC.; MESA AIR GROUP AIRLINE INVENTORY MANAGEMENT, LLC; NILCHI, INC.; AND PATAR, INC.

*/s/ Michael J. Lotz*
By: Michael J. Lotz
Its: President

# EXHIBIT A

# (Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application of Mesa Air Group, Inc., and certain of its direct and indirect subsidiaries (the "Debtors") for an Order, pursuant to Sections 327(a) and 329(a) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1, authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP as their bankruptcy counsel *nunc pro tunc* to the Petition Date (the "Application");[2] upon the affidavit of Richard M. Pachulski in support the of Application (the "Pachulski Affidavit"); and that the Court being satisfied based on the representations made in the Application and the Pachulski Affidavit that the partners, counsel, and associates of PSZJ who will be engaged in the Debtors' chapter 11 cases represent no interest adverse to Debtors' estates with respect to the matters upon which it is to be engaged; and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

56772-001\DOCS_NY:19663.3

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Application and the opportunity for a hearing on this Application was appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that in accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain PSZJ as their bankruptcy counsel, effective as of the Petition Date, on the terms set forth in the Application and the Pachulski Affidavit; and it is further

ORDERED, that PSZJ shall file applications to be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, local rules for the United States Bankruptcy Court for the Southern District of New York, guidelines promulgated by the Office of the United States Trustee, and further orders of the Court; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE