PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF**
**THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE EMPLOYMENT**
**OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE MARTIN GLENN:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries

in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively,

the "Debtors"), hereby file this motion (the "Motion") and respectively represent as follows:

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

## Background

1.      On January 5, 2010 (the "<u>Petition Date</u>"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") under the captioned case number.

## Mesa's Business

3.      Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service. As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico.  The Debtors operate a fleet of approximately 130 aircraft with approximately 700 daily system departures.  The Debtors employ approximately 3,400 full and part-time employees.

4.      Mesa Airlines, Inc. ("<u>Mesa Airlines</u>") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements.  Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United Airlines, Inc., and (iii) independently in Hawaii as *go!* Mokulele ("<u>*go!*</u>").  Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements

2

with Delta Air Lines, Inc. The remaining Debtors operate businesses, or own interests in businesses, that facilitate or enhance the Debtors' regional or independent air carrier services. Nilchi, Inc. and Patar, Inc. hold investments.

5.     As of September 30, 2009, the Debtors had consolidated assets[2] of approximately $975 million, and consolidated liabilities of approximately $869 million. The Debtors' consolidated 2009 revenues were approximately $968 million. Approximately 96% of the Debtors' consolidated passenger revenues for the fiscal year ending September 30, 2009 were derived from operations associated with code-share agreements. The Debtors' remaining passenger revenues are generated from their independent *go!* operations in Hawaii.

6.     A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* (the "Lotz Declaration"), filed on the Petition Date.

## Jurisdiction

7.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]  At book value.

## Relief Requested

8.      By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, authorizing the retention of professionals utilized by the Debtors in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate employment applications and the issuance of separate retention orders for each individual professional.  The Debtors also employ, in the ordinary course of business, professional service providers such as public relations and communications consultants, information technology consultants, marketing and business consultants, health plan consultants, and ERISA and 401(k) consultants, and other service providers (collectively, the "Service Providers").  Although some of the Service Providers have professional degrees and certifications, they provide services to the Debtors that are integral to the Debtors' day-to-day business operations that do not directly relate to or materially affect the administration of these chapter 11 cases, and are more in the nature of vendors.  Accordingly the Debtors will pay such Service Providers their reasonable fees and expenses on and after the Petition Date in the ordinary course of business.

## Proposed Procedures

9.      The Debtors desire to continue to employ the Ordinary Course Professionals to render a variety of professional services to these estates in the same manner and for the same purposes as the Ordinary Course Professionals did prior to the Petition Date.  In the past, these professionals have rendered a range of professional services relating to such topics as: litigation, corporate requirements, tax, and employee related issues.  It is essential that the

4

employment of these Ordinary Course Professionals, many of whom are already familiar with the Debtors' businesses and financial affairs, be continued to avoid disruption of the Debtors' normal business operations.

10.     The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interest of their estates and creditors.  The relief requested will save the estates substantial expenses associated with applying separately for the employment of each Ordinary Course Professional.  Further, the relief requested will avoid the incurrence of additional fees relating to the preparation and prosecution of interim fee applications.

11.     The Debtors propose that, within thirty (30) days of the later of (i) the entry of a final order granting this Motion or (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to the Debtors' attorneys: (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit A, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as Exhibit B.

12.     The Debtors shall file the Ordinary Course Professional Affidavit and Retention Questionnaire with the Court and serve a copy thereof upon (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and

(ii) attorneys for any statutory committee appointed in these chapter 11 cases (together with the U.S. Trustee, the "Reviewing Parties"). The Reviewing Parties shall have fourteen (14) days following service to notify the Debtors and the relevant Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Affidavit or Retention Questionnaire (the "Objection Deadline"). If, after the Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional shall be deemed approved, without further order of the Court. If an objection is filed and any such objection cannot be resolved within twenty-one (21) days, the matter shall be set for a hearing before the Court.

13.     The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, one hundred percent (100%) of the fees and disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred (without prejudice to the Debtors' right to dispute such invoices); *provided*, *however*, that, if any amount owed for an Ordinary Course Professional's fees and disbursements exceeds a total of $25,000 per month per professional, then the payments to such professional for such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee. The aggregate of such payments for each Ordinary Course Professionals shall not exceed $300,000 for the duration of these chapter 11

6

cases.  The Debtors reserve the right to amend the monthly compensation limitations set forth in this paragraph upon notice and hearing.

14.     Annexed hereto as Exhibit C is a list of the Ordinary Course Professionals identified by the Debtors as of the Petition Date.  The Debtors seek to reserve the right to retain additional Ordinary Course Professionals from time to time during these cases, as the need arises, and to otherwise supplement the list of Ordinary Course Professionals from time to time as necessary.  In such event, the Debtors propose to file a notice with the Court listing such additional Ordinary Course Professionals, and attaching to such notice the Ordinary Course Retention Affidavits and the Retention Questionnaires for each additional Ordinary Course Professional (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and to serve the Supplemental Notice of Ordinary Course Professionals on the Reviewing Parties.  The Debtors further propose that the procedures and deadlines for Reviewing Parties to object to the retention, employment, or compensation of the additional Ordinary Course Professionals be the same as those set forth in paragraph 9 above for the Ordinary Course Professionals listed on Exhibit C.

### Employment of Ordinary Course Professional Should be Authorized

15.     Section 327(a) of the Bankruptcy Code provides that:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

7

11.U.S.C. § 327(a). Section 327(e) of the Bankruptcy Code further provides that "with the court's approval" a debtor may employ

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

16.     Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment..." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code further provides, in pertinent part,

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a...professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered...by the professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

17.     Section 105(a) of the Bankruptcy Code provides,

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

8

18.     The Debtors submit that, in light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and cost inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016. Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

19.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors or other parties in interest that should preclude such professional from continuing to represent the Debtors, and thus, all of the Ordinary Course Professionals proposed to be retained meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

20.     Retention and payment procedures similar to the procedures proposed herein have been approved by this and other courts and utilized in many chapter 11 cases. *See, e.g.*, *In re The Reader's Digest Assoc., Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Sept. 17, 2009) [Docket No. 89]; *In re Finlay Enter.*, Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Sept. 3, 2009) [Docket No. 191]; *In re Lear Corporation*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009) [Docket No. 264]; *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. May 2, 2008) [Docket No. 198]; *In re Northwest Airlines*

9

*Corporation*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Oct. 20, 2005) [Docket No. 755]; *In re Delta Air Lines Inc.*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) [Docket No. 200].

## Notice

21.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), (iii) those creditors or their agents holding the five (5) largest secured claims against the Debtors' estates, (iv) the Internal Revenue Service, (v) the Securities and Exchange Commission, and (vi) and parties that have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

22. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors request entry of the order attached hereto as <u>Exhibit D</u> granting the relief requested herein and such other and further relief as is just.

Dated: January 8, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Proposed Attorneys for Debtors
and Debtors in Possession

56772-001\DOCS_NY:19665.4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 Case |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF** _____, **ON**

**BEHALF OF** _____

STATE OF _____ )

                 ) ss:

COUNTY OF _____ )

_____, being duly sworn, upon his oath, deposes and says:

1.     I am a [INSERT TITLE] of _____, located at

_____ (the "Firm").

2.     Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm

provide _____ services to the Debtors, and the Firm has consented to provide such services.

3.     The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained

in cases, proceedings, and transactions involving many different parties, some of whom may

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.][2]

Subscribed and sworn to before me
this _____ day of _____, 2010

_____
Notary Public

My Commission expires:

_____
[2]  If necessary.

**In re Mesa Air Group, Inc.,** *et al.*
**Chapter 11 Case No. 10-10018 (MG)**

**RETENTION QUESTIONNAIRE**

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY MESA AIR GROUP, INC. OR ONE OF ITS DEBTOR SUBSIDIARIES. (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

        PACHULSKI STANG ZIEHL & JONES LLP
        780 Third Avenue, 36th Floor
        New York, New York 10017
        Attn: Maria A. Bove and David A. Abadir

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.     Name and address of firm:

       _____

       _____

       _____

       _____

2.     Date of retention:   _____

3.     Type of services provided (accounting, legal, etc.):

       _____

       _____

       _____

       _____

4.      Brief description of services to be provided:

        _____

        _____

        _____

5.      Arrangements for compensation (hourly, contingent, etc.)

        _____

        (a)     Average hourly rate (if applicable):

                _____

        (b)     Estimated average monthly compensation based on prepetition
                retention (if firm was employed prepetition):

                _____

6.      Prepetition claims against the Debtors held by the firm:

        Amount of claim: $_____

        Date claim arose: _____

        Source of Claim: _____

7.      Prepetition claims against the Debtors held individually by any member,
        associate, or professional employee of the firm:

        Name: _____

        Status: _____

        Amount of Claim: $_____

        Date claim arose: _____

        Source of claim: _____

8.      Stock of the Debtors currently held by the firm:

        Kind of shares: _____

        No. of shares: _____

9.      Stock of the Debtors currently held individually by any member, associate,
        or professional employee of the firm:

        Name: _____

        Status:_____

2

Kind of shares: _____

No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____

11. Name of individual completing this form:

_____

56772-001\DOCS_NY:19665.4

# EXHIBIT C

## (Ordinary Course Professionals)

| Professionals | Avg. Monthly Expenditure | Service Performed by Professional |
|---|---|---|
| Baker & Hostetler LLP | $8,000 | Legal (Labor Relations) |
| Daugherty Fowler Peregrin & Haught | $2,000 | Legal (FAA Consulting) |
| Decker, Jones, McMackin, McClane, Hall & Bates, P.C. | $250 | Legal (ERISA) |
| DLA Piper | $25,000 | Legal (General Corp. Counsel) |
| Fisher & Phillips LLP | $5,000 | Legal (Discrimination) |
| Ford & Harrison LLP | $500 | Legal (Labor and Employment) |
| Hogan & Hartson LLP | $2,500 | Legal (Regulatory) |
| The Law Offices of Brian E. Foont, PLLC | $500 | Legal (Contract Review) |
| Polsinelli Shughart, P.C. | $500 | Legal (Commercial Litigation) |
| Smith, Gambrell & Russell, LLP | $2,000 | Legal (Aircraft Leases) |
| Steptoe & Johnson LLP | $6,500 | Legal (Employment and Commercial Litigation) |
| Grant Thornton LLP | $5,000 | Litigation Support (e-Discovery) |
| Robert Mann | $1,500 | Expert Witness |
| George A. Dodelin | $500 | Expert Witness |
| Forensics Consulting Solutions LLC | $1,000 | Litigation Support (e-Discovery) |
| The Law Offices of Brian E. Foont, PLLC | $1,500 | Legal (Vendor Liens) |

# EXHIBIT D

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion dated, January 8, 2010 (the "Motion"), of Mesa Air Group, Inc.

and certain of its direct and indirect subsidiaries, as debtors and debtors in possession

(collectively, the "Debtors"), for an order pursuant to sections 105(a), 327, 328 and 330 of

chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") authorizing the

Debtors to employ professionals utilized in the ordinary course of business (the "Ordinary

Course Professionals"), all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2*, and the *Declaration of Michael J. Lotz in Support of Motions Scheduled for Hearing on January 26, 2010*, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on Exhibit 1 annexed hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of this Order or (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the "Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit 2,

2

certifying that such Ordinary Course Professional does not represent or hold any interest adverse

to the Debtors or their estates with respect to the matter on which the professional is to be

employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"),

substantially in the form annexed hereto as Exhibit 3; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional

Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon (i) U.S.

Trustee, and (ii) attorneys for any statutory committee appointed in these chapter 11 cases

(together with the U.S. Trustee, the "Reviewing Parties"); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary

Course Professionals from time to time during these chapter 11 cases, as the need arises, and file

a notice with the Court listing such additional Ordinary Course Professionals and attach thereto

the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively,

the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental

Notice of Ordinary Course Professionals on the Reviewing Parties; and it is further

ORDERED that the Reviewing Parties shall have fourteen (14) days after receipt

of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case

of Ordinary Course Professionals listed on Exhibit 1, or the Supplemental Notice of Ordinary

Course Professionals, in the case of any additional Ordinary Course Professionals, to object to

the retention, employment or compensation of the Ordinary Course Professional (the "Objection

Deadline"); and it is further

ORDERED that if no objections are filed by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further order from the Court; provided, however, that if an objection is filed

and any such objection cannot be resolved with twenty-one (21) days, the matter shall be set for

a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner in the full amount billed by each such Ordinary Course Professional upon

receipt of reasonably detailed invoices indicating the nature of the services rendered and

calculated in accordance with such professional's standard billing practices (without prejudice to

the Debtors' right to dispute any such invoices); *provided, however*, that the payments do not

exceed the $25,000 per month per Ordinary Course Professional; and it is further

ORDERED that the aggregate of the fees paid to each Ordinary Course

Professional shall not exceed $300,000 for the duration of these chapter 11 cases; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more

than $25,000 per month, that professional will be required to file a fee application for the full

amount of its fees and expenses for that month in accordance with sections 330 and 331 of the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the

Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court;

and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation

4

limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court; and it is further

ORDERED that this Order shall not apply to Service Providers. The Debtors hereby are permitted to pay the Service Providers their reasonable fees and expenses on and after the Petition Date in the ordinary course of business.

Dated: January __, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

56772-001\DOCS_NY:19665.4

# EXHIBIT 1

## (Ordinary Course Professionals)

| Professionals | Avg. Monthly Expenditure | Service Performed by Professional |
|---|---|---|
| Baker & Hostetler LLP | $8,000 | Legal (Labor Relations) |
| Daugherty Fowler Peregrin & Haught | $2,000 | Legal (FAA Consulting) |
| Decker, Jones, McMackin, McClane, Hall & Bates, P.C. | $250 | Legal (ERISA) |
| DLA Piper | $25,000 | Legal (General Corp. Counsel) |
| Fisher & Phillips LLP | $5,000 | Legal (Discrimination) |
| Ford & Harrison LLP | $500 | Legal (Labor and Employment) |
| Hogan & Hartson LLP | $2,500 | Legal (Regulatory) |
| The Law Offices of Brian E. Foont, PLLC | $500 | Legal (Contract Review) |
| Polsinelli Shughart, P.C. | $500 | Legal (Commercial Litigation) |
| Smith, Gambrell & Russell, LLP | $2,000 | Legal (Aircraft Leases) |
| Steptoe & Johnson LLP | $6,500 | Legal (Employment and Commercial Litigation) |
| Grant Thornton LLP | $5,000 | Litigation Support (e-Discovery) |
| Robert Mann | $1,500 | Expert Witness |
| George A. Dodelin | $500 | Expert Witness |
| Forensics Consulting Solutions LLC | $1,000 | Litigation Support (e-Discovery) |
| The Law Offices of Brian E. Foont, PLLC | $1,500 | Legal (Vendor Liens) |

EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case |
| MESA AIR GROUP, INC., *et al.,* | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

## AFFIDAVIT AND DISCLOSURE STATEMENT OF _____, ON

## BEHALF OF _____

STATE OF _____ )

_____ ) ss:

COUNTY OF _____ )

_____, being duly sworn, upon his oath, deposes and says:

8.      I am a [INSERT TITLE] of _____, located at

_____ (the "Firm").

9.      Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm

provide _____ services to the Debtors, and the Firm has consented to provide such services.

10.      The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties

in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained

in cases, proceedings, and transactions involving many different parties, some of whom may

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

11.     Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

12.     Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

13.     The Debtors owe the Firm $_____ for prepetition services.

14.     [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.][2]

Subscribed and sworn to before me
this ____ day of _____, 2010

_____
Notary Public

My Commission expires:

_____

[2] If necessary.

## EXHIBIT 3

In re Mesa Air Group, Inc., *et al.*
Chapter 11 Case No. 10-10018 (MG)

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY MESA AIR GROUP, INC. OR ONE OF ITS DEBTOR SUBSIDIARIES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

       PACHULSKI STANG ZIEHL & JONES LLP
       780 Third Avenue, 36th Floor
       New York, New York 10017
       Attn: Maria A. Bove and David A. Abadir

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.     Name and address of firm:

       _____

       _____

       _____

       _____

2.     Date of retention:        _____

3.     Type of services provided (accounting, legal, etc.):

       _____

       _____

       _____

       _____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.)

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

6. Prepetition claims against the Debtors held by the firm:

Amount of claim: $_____

Date claim arose: _____

Source of Claim: _____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of Claim: $_____

Date claim arose: _____

Source of claim: _____

_____

_____

_____

8. Stock of the Debtors currently held by the firm:

Kind of shares: _____

No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name: _____

2

Status:_____

_____

Kind of shares: _____

No. of shares: _____

10.  Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

11.  Name of individual completing this form:

_____

3