**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    MESA AIR GROUP, INC., *et al.*,<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 1015(c) AND 9007 AUTHORIZING THE
IMPLEMENTATION OF NOTICE AND CASE MANAGEMENT PROCEDURES**

Upon the motion, dated January 5, 2010 (the "Motion"),[2] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors") for authorization, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to implement certain notice, case management, and administrative procedures (the "Procedures"), all as more fully set forth in the Motion; and the Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the Court having reviewed the Motion and having held a hearing (the "Hearing") theron; and the Court having found and determined that the relief sought in the Motion is in the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion, the Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Rule 1007-2, and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that the Debtors shall serve a printed copy of this Order upon all parties on the Master Service List (defined herein) on the date this Order is entered, or as soon thereafter as is practicable, which Order will be posted on the website to be designed by the Notice and Claims Agent (as defined herein) in connection with these chapter 11 cases; and it is further

ORDERED that the Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise set forth herein or ordered by the Court; and it is further

ORDERED that, to the extent the Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Procedures shall supersede such laws and shall apply to these chapter 11 cases; and it is further

ORDERED that all documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "Pleadings"), objections or responses to pleadings ("Objections"), and replies to Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Mesa Air Group, Inc.*, Chapter 11 Case No. 10-10018 (MG) in accordance with General Order M-242 (available at

www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format; and it is further

ORDERED that, unless prior permission has been granted, memoranda of law in support of Motions and Objections are limited to 25 pages, and memoranda of law in support of Replies are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities; and it is further

ORDERED that any references in Documents to (i) an excerpt from a judge's dictated decision and (ii) an order entered in other cases must also have attached thereto a copy of the transcript of the entire decision or the order relied upon in order for the Court to consider the citations as precedent; and it is further

ORDERED that all Documents shall be served, in the manner described herein, on (i) the chambers of the Honorable Martin Glenn ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors, (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.), (iv) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") (Attn: Andrea B. Schwartz); (v) counsel to any statutory committee(s) appointed in

these chapter 11 cases (the "Committee");³ and (vi) any person or entity with a particularized interest in the subject matter of a certain Document (collectively, the "Core Parties"); and it is further

ORDERED that in addition to the Core Parties, Pleadings, but no other Document, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Procedures (the "Rule 2002 List"); and it is further

ORDERED that Documents filed in adversary proceedings do not need to be served on the Rule 2002 List; and it is further

ORDERED that until an official committee of unsecured creditors is appointed in these cases, the creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis) shall be served as set forth herein. Upon the formation of an official committee of unsecured creditors, each of the top thirty creditors that has not filed a Notice of Appearance as set forth herein will no longer be served; and it is further

ORDERED that any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Procedures shall file a notice of appearance (a "Notice of Appearance") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b); and it is further

ORDERED that a Notice of Appearance shall include the following information: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by which the requesting party may

---

³ Until such time as an official committee of unsecured creditors is appointed in this case, the creditors holding the thirty (30) largest unsecured claims against the Debtors' estates shall be served as set forth herein. Upon the formation of an official committee of unsecured creditors, the top thirty (30) creditors will be removed from any service list, unless the entities file a notice of appearance as set forth herein.

be served by U.S. mail, hand delivery, and overnight delivery; and (v) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied; and it is further

ORDERED that any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the Debtors' or the Committee's sole discretion; and it is further

ORDERED that the Debtors shall maintain a master service list which shall include the Core Parties and the Rule 2002 List (the "<u>Master Service List</u>"); and it is further

ORDERED that the Master Service List shall contain addresses and facsimile numbers, and may include e-mail addresses; and it is further

ORDERED that the Debtors shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days; and it is further

ORDERED that the Master Service List and any updates thereto shall be filed electronically on the Court's website (https://ecf.nysb.uscourts.gov/) and posted on the Case Information Website commencing as of the date that is ten (10) days from the date hereof; and it is further

ORDERED that the Core Parties shall serve all Documents on the other Core Parties by electronic mail, U.S. mail, overnight delivery, hand delivery, or facsimile (the choice

of the foregoing being in the sole discretion of the serving party, with the exception of Chambers and the U.S. Trustee, which shall be served by hand delivery or overnight mail); and it is further

ORDERED that the Core Parties shall be authorized to serve all Documents to the Rule 2002 List by e-mail; and it is further

ORDERED that all Documents served by the Core Parties by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the serving party may, in its sole discretion (i) serve the entire Document by U.S. Mail, overnight delivery, or facsimile, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be annexed and is available on the Court's website and posted on the Case Information Website and will be mailed only upon request; and it is further

ORDERED that service by e-mail or facsimile shall be effective as of the date the Document is sent to the e-mail address or facsimile number provided by a party; and it is further

ORDERED that, if service is effected by e-mail or facsimile, the Core Parties shall not be required to serve a paper copy of Documents on interested parties by any other method and e-mail or facsimile service shall satisfy the Court's rules for service; and it is further

ORDERED that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available to the Debtors or the Committee, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the Debtors' and the Committee's sole discretion; and it is further

ORDERED that non-Core Parties shall serve the Documents to each of the parties on the Master Service List in accordance with these Procedures, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are not authorized to serve Documents to parties on the Master Service List by e-mail or facsimile, except that non-Core Parties may elect to serve Documents upon Debtors' counsel at the following addresses: rpachulski@pszjlaw.com; ljones@pszjlaw.com; dgrassgreen@pszjlaw.com; jfried@pszjlaw.com; mbove@pszjlaw.com; and jlucas@pszjlaw.com; and it is further

ORDERED that, upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; and it is further

ORDERED that the proceedings with respect to which notice is limited to the Master Service List include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (ii) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders or the Bankruptcy Code prescribes otherwise; and it is further

ORDERED that the Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard; and it is further

ORDERED that the first Omnibus Hearings shall be scheduled for the following dates and times:

(1) January 26, 2010 at 10:00 A.M.

(2) February 3, 2010 at 10:00 A.M.; and

(3) February 24, 2010 at 10:00 A.M.;

and it is further

ORDERED that hearings in connection with claims objections, pre-trial conferences and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Pleading filed by the Debtors, may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint; *provided*, *further*, that hearings on all other Pleadings filed by a non-Core Party must be scheduled for an Omnibus Hearing except for as permitted under the Expedited Relief Procedures (as defined below); and it is further

ORDERED that if a Document is filed by a non-Core Party and purports to set a hearing date inconsistent with the Procedures (a "Non-Compliant Pleading"), the hearing shall be scheduled, without the necessity of court order, for the first Omnibus Hearing date after the applicable notice period has expired, and the Debtors shall provide the movant with notice of the Procedures within three (3) business days of the Debtors' receipt of the erroneously filed documents; and it is further

ORDERED that if a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall

telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis (the "Expedited Relief Procedures").  If the Debtors disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a Chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the Court shall direct the requisite notice and shall set a hearing date and time.  On the hearing date, the Court shall first consider the propriety of emergency relief, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard.  If the Debtors seek emergency or expedited relief, such request for emergency or expedited consideration shall be upon prior notice to counsel for the Committee and an opportunity for the Committee to be heard; and it is further

ORDERED that if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; provided however, that pursuant to Bankruptcy Rule 9006(f), if service of any Pleading is by overnight delivery or U.S. mail, one (1) or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b); and it is further

ORDERED that, except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b) or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Procedures at least fourteen (14) calendar days before the applicable hearing date; *provided*, *however*, that if the parties served with the Pleading include parties being served (i) by U.S. mail,

the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing, or (ii) by overnight delivery, the Pleadings must be served at least fifteen (15) calendar days before the next applicable hearing; *provided*, *further*, that subject to the Expedited Relief Procedures, nothing in the Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c); and it is further

ORDERED that notwithstanding the immediately preceding decretal paragraph, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; *provided*, *however*, the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

ORDERED that if a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York as set forth on the Court's website at www.nysb.uscourts.gov, as well as those required by the Judge assigned to these chapter 11 cases, and promptly supply such information to the Debtors' attorneys; and it is further

ORDERED that a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline (as defined below), the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection

has been filed or served in accordance with these Procedures; (ii) serves the declaration *via* facsimile upon the attorneys for the Debtors and the Committee one (1) business day prior to submission thereof to the Court; and (iii) delivers by U.S. mail, overnight delivery, or hand, a package to the Court including (a) the declaration described in subsection (i) above, (b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order (collectively, the "No Objection Package"). Upon receipt of the No Objection Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request. If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least seven (7) calendar days after the date the No Objection Package is received by the Court; *provided*, *however*, that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief; and it is further

ORDERED that a "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Procedures; and it is further

ORDERED that the applicable Objection Deadline (as defined below) and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on

the upper right corner of the first page of each Pleading, each Objection thereto, and each Reply thereto; and it is further

ORDERED that, except as provided for below with respect to Stay Relief Motions (defined below), the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) at least seven (7) calendar days before the applicable hearing date is served in accordance with these Procedures, or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely unless filed with the Court and received by the Core Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection; and it is further

ORDERED that unless otherwise ordered by the Court, a Reply shall be filed with the Court and served in accordance with these Amended Procedures on or before 12:00 p.m. prevailing Eastern Time on the day that is at least two (2) business days prior to the date of the applicable hearing; and it is further

ORDERED that, by approximately 4:00 p.m. prevailing Eastern Time on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "Agenda Letter") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile, on: (i) the Court; (ii) the U.S. Trustee; (iii) the attorneys for any Committee; and (iv) any parties filing Documents to be heard at the hearing; *provided*, *however*, that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours notice of a hearing; and it is further

ORDERED that the matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service; and it is further

ORDERED that in the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court; and it is further

ORDERED that notwithstanding anything contained herein, motions for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) calendar days after the motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the motion and (ii) seven (7) calendar days prior to the hearing scheduled with respect thereto; and it is further

ORDERED that notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date

that falls on or after the thirtieth day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that the Debtors may amend the Procedures from time to time throughout these chapter 11 cases and shall present such amendments to the Court by motion in accordance with this Order.

Dated: January 15, 2010
       New York, New York

/s/ Martin Glenn
UNITED STATES BANKRUPTCY JUDGE