# EXHIBIT C

**(Proposed Order)**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING DEBTORS TO ASSUME CODE-SHARE AGREEMENT, AS AMENDED, WITH DELTA AIR LINES, INC.

Upon the motion (the "Motion")[2] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors") for authorization and approval, pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to assume, and perform all obligations under, the Delta Agreement; and the Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and the Court having found that there is no uncured default by the Debtors under the Delta Agreement, and thus, no adequate assurance of future performance by the Debtors is required under section

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

365(b) of the Bankruptcy Code; and that the legal and factual bases set forth in the Motion, the arguments of Debtors' counsel at the hearing on the Motion, and the evidence provided at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 365 of the Bankruptcy Code, the Delta Agreement is assumed by the Debtors effective as of the date of this Order; and it is further

ORDERED that no amounts are due and owed by the Debtors to cure any default under the Delta Agreement;

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as may be necessary or appropriate to implement and effectuate the relief granted herein; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
   New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE