PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases* (the "Motion") filed herewith by Mesa Air Group Inc., and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), will be held before the Honorable Martin Glenn, at the United States Bankruptcy Court, Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004, Courtroom 501, **at 10:00 a.m. on February 3, 2010** (the "Hearing").

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, shall be filed electronically with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and be served upon: (a) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove and Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra Grassgreen, proposed counsel for the Debtors; (b) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andrea B. Schwartz; (d) Morrison Foerster, 1290 Avenue of the Americas, New York, NY 10104, Attn: Brett Miller, Lorenzo Marinuzzi and Todd Goren, as proposed counsel for the Official Committee of Unsecured Creditors; and (e) any other party entitled to receive notice in these cases (collectively, the "Notice Parties"), so as to be received no later than **January 26, 2010** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that any replies to objections to the Motion must be filed with the Court and served on the Notice Parties and any party having filed an objection no later than **February 1, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought in the Motion.

Dated: January 19, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Proposed Attorneys for Debtors
and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    MESA AIR GROUP, INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF**
**CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES**

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the

above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), hereby file this motion (the "Motion") for the entry of an order, substantially in the

form attached hereto as Exhibit A (the "Order"), authorizing the Debtors to reject certain

unexpired leases of nonresidential real property, as set forth on Exhibit 1 annexed to Exhibit A

(each a "Lease" and, collectively, the "Leases"), and respectfully state as follows:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3.      The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

4.      On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") under the captioned case number.

6.      On January 13, 2010, the U.S. Trustee formed an Official Committee of Unsecured Creditors in the Debtors' cases (the "Committee").  The Committee consists of Bombardier, Inc., Embraer-Empresa Brasileire de Aeronautica S.A., U.S. Bank National Association, AT&T Capital Services, Wilmington Trust Company, IHI Corporation, and Air Line Pilots Association.  No trustee or examiner has been appointed in the Debtors' cases.

## Mesa's Business

7.      Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service. As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico. The Debtors operate a fleet of approximately 130 aircraft with approximately 700 daily system departures. The Debtors employ approximately 3,400 full and part-time employees.

8.      Mesa Airlines, Inc. ("Mesa Airlines") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements. Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United Airlines, Inc., and (iii) independently in Hawaii as *go! Mokulele* ("*go!*"). Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements with Delta Air Lines, Inc. The remaining Debtors operate businesses, or own interests in businesses, that facilitate or enhance the Debtors' regional or independent air carrier services. Nilchi, Inc. and Patar, Inc. hold investments.

9.      As of September 30, 2009, the Debtors had consolidated assets of approximately $975 million, and consolidated liabilities of approximately $869 million. The Debtors' consolidated 2009 revenues were approximately $968 million. Approximately 96% of the Debtors' consolidated passenger revenues for the fiscal year ending September 30, 2009 were

derived from operations associated with code-share agreements. The Debtors' remaining passenger revenues are generated from their independent *go!* operations in Hawaii.

10.     A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2 filed on the Petition Date.

## The Debtors' Real Property Leases

11.     As of the Petition Date, the Debtors were tenants under several nonresidential real property leases. Prior to the Petition Date, the Debtors began the process of reviewing and analyzing all of their contractual obligations so as to identify contracts and leases that are burdensome to their estates and may be rejected pursuant to section 365 of the Bankruptcy Code. To date, the Debtors have identified two (2) Leases that are not integral to the Debtors' ongoing business operations and represent an unnecessary expense to the estates. Each of the properties underlying the Leases is currently vacant. Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the rejection of the Leases, effective as of the date hereof, is in the best interests of the Debtors, their estates and their creditors. Moreover, the Debtors will continue to evaluate their remaining leases of nonresidential real property to maximize the value of their estates.

12.     The Leases are described below, and set forth on <u>Exhibit 1</u> annexed to

<u>Exhibit A</u> attached hereto.  The Debtors propose to mail the form of notice attached hereto as

<u>Exhibit B</u> to the Lessors (as defined below) upon the entry of an order approving this Motion.

## A.     The Georgia Lease

13.     The Debtors lease nonresidential real property located at 1005 Virginia

Avenue, Suite 170, Hapeville, Georgia (the "<u>Georgia Premises</u>") pursuant to that certain Lease

by and between Joy Lake Partners, LLP (the "<u>Georgia Lessor</u>") and Freedom Airlines, Inc.

("<u>Freedom Airlines</u>"), dated as of January 11, 2008, as may have been amended (the "<u>Georgia</u>

<u>Lease</u>").

14.     The Georgia Lease expires on or about May 31, 2011, with monthly base

rental expenses of approximately $1,277.50.  The Georgia Premises cover approximately 1,095

square feet of space formerly used as an office.  The Debtors vacated the Georgia Premises in or

about August 2008 and have determined that they do not need the Georgia Premises in the

operation of their businesses.  By rejecting the Georgia Lease, the Debtors have determined that

they will save at least approximately $20,440.00 over the remaining term of the Georgia Lease.

## B.     The Texas Lease

15.     The Debtors lease nonresidential real property located at 5605 N.

MacArthur Blvd., Suites 1042 and 1043, 10th Floor, Irving, Texas 75038 (the "<u>Texas Premises</u>"),

pursuant to that certain Lease, by and among Regus Business Centres Corp. (the "<u>Texas Lessor</u>"

and, together with the Georgia Lessor, the "<u>Lessors</u>") and Freedom Airlines dated as of February

5, 2002, as may have been amended (collectively, the "<u>Texas Lease</u>").

16.     The Texas Lease expires on February 28, 2010, with monthly base rental expenses and other charges of approximately $4,152.11. The Debtors vacated the Texas Premises on or about November 17, 2009 and have determined that they do not need the Texas Premises in the operation of their businesses. By rejecting the Texas Lease, the Debtors have determined that they will save approximately $6,228.16 over the remaining term of the Texas Lease.

## Relief Requested

17.     By this Motion, the Debtors seek entry of an order authorizing the Debtors to (a) reject the Leases set forth on <u>Exhibit 1</u> annexed to <u>Exhibit A</u> attached hereto, effective as of the date hereof, and (b) take actions as may be necessary to implement and effectuate the rejection of the Leases.

## Basis for Relief

**A.      Rejection of the Leases Reflects the Debtors' Sound Business Judgment.**

18.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

19.     The Debtors' rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. *See In re Orion Pictures Corp.*, 4 F.3d 1095,

1098-99 (2d Cir.1993); *In re Enron Corp.*, Case No. 01-16034, 2006 WL 898033, at *4 (Bankr.

S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such

lease or contract, a court applies the 'business judgment' test which is met if the rejection is

beneficial to the estate.") *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004);

*see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business

judgment" standard used to approve rejection of executory contracts); *In re Klein Sleep Prods.,*

*Inc.*, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to

approve a debtor's business decision unless that decision is the product of bad faith, whim or

caprice. *See Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194

B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997).

      20.    Rejection of an executory contract or an unexpired lease is appropriate

where such rejection would benefit the estate. *See Orion Pictures Corp.*, 4 F.3d at 1098-99; *In re*

*Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). Upon finding that a debtor

exercised its sound business judgment in determining that rejection of certain contracts or leases

is in the best interests of its creditors and all parties in interest, a court should approve the

rejection under section 365(a). *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah

1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to

assume or reject an executory contract "should be granted as a matter of course").

      21.    In this case, the Debtors believe that rejection of the Leases is well within

the Debtors' business judgment and is in the best interest of their estates. As noted above, each

of the properties underlying the leases is currently unused by the Debtors. The Debtors have

determined that marketing costs and the obligations to pay, for example, postpetition rent, utilities, insurance and other related charges diminishes any potential value received from an assignment or sublease. In contrast, rejection of the Leases will save the Debtors approximately $26,668.16 in rental expenses and other charges over the remaining terms of the Leases. Accordingly, the Debtors have determined that the Leases constitute an unnecessary drain on the Debtors' resources and, therefore, rejection of the Leases reflects the Debtors' exercise of sound business judgment.

**B.      Deeming Rejection of the Leases Effective as of the Date this Motion Is Filed and Served Is Appropriate.**

22.      The Debtors also respectfully submit that it is appropriate for the Court to deem the date this Motion is filed and served as the effective date for rejection of the Leases. While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order authorizing. *See, e.g., In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33 (S.D.N.Y. 1995) (same); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (affirming bankruptcy court's

approval of retroactive rejection), *cert. denied sub nom. Pac. Shores Dev., LLC v. At Home Corp.*, 546 U.S. 814 (2005); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject.").

          23.     In this instance, the balance of the equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors will be forced to incur unnecessary administrative charges for leases that provide no tangible benefit to the Debtors' estates. Moreover, the Lessors will not be unduly prejudiced if the rejection is deemed effective as of the date the Debtors serve and file this Motion because they will receive notice of this Motion and have sufficient opportunity to act accordingly. In fact, the Lessors may benefit from such rejection because the Debtors have vacated the premises months ago and surrendered the keys to the Lessors, thereby allowing the appropriate Lessors to re-let the premises. *See, e.g., In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of case where debtor turned over keys and vacated premises prepetition and served motion to reject lease as soon as possible); *In re Federated Dep't Stores, Inc.*, 131 B.R. 808, 814 (S.D. Ohio 1991) (affirming lower court's approval of department store debtor's rejection of real property lease where debtor had closed

ailing department store and no longer needed the leased premises). In sum, the Debtors respectfully submit that it is fair and equitable for the Court to find that the Leases are rejected as of the date this Motion is filed.

## Notice

24.     The Debtors have provided or will provide notice of this Motion by electronic mail, facsimile and/or by overnight mail to: (a) the Office of the United States Trustee for the Southern District of New York; (b) proposed counsel for the Committee; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the Lessors; and (f) any parties who have filed a request for notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required

## No Prior Request

25.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and (b) grant such other and further

relief as is just and proper.

Dated: January 19, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Proposed Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>　　MESA AIR GROUP, INC., *et al.*,<br><br>　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED
## NONRESIDENTIAL REAL PROPERTY LEASES

Upon the motion (the "Motion")[2] of Mesa Air Group, Inc. and its affiliated debtors and

debtors in possession (collectively, the "Debtors") for entry of an order (this "Order")

authorizing the Debtors to reject certain unexpired leases of nonresidential real property, set forth

on Exhibit 1 attached hereto (each a "Lease" and, collectively, the "Leases"), effective as of

January 19, 2010; and the Court having found that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and

the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found

that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors and other parties in interest; and notice of the Motion appearing adequate and

appropriate under the circumstances; and the Court having found that no other or further notice

need be provided; and the Court having reviewed the Motion and having heard statements in

support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).
[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Leases set forth on Exhibit 1 attached hereto are hereby rejected effective as of January 19, 2010.

3. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____

_____
United States Bankruptcy Judge

# EXHIBIT 1

## Rejection Schedule

| Lessor | Debtor | Lease Expiration Date |
|---|---|---|
| Joy Lake Partners, LLP c/o Southeast Management and Leasing Corp. Attention: Property Management 771 Virginia Ave. Atlanta, GA 30354-1911 Fax: (404) 762-7518 -and- John M. Millkey, Esq. Millkey & Associates, P.C. 1675 Cumberland Pkway. Suite 201 Smyrna, GA 30080 Fax: (770) 333-8566 | Freedom Airlines, Inc. | May 31, 2011 |
| Regus Business Centres Corp. Attention: Michael Rodts, General Manager 100 Manhattanville Rd. Suite 412 Purchase, NY 10577 Fax: (972) 819-3601 | Freedom Airlines, Inc. | February 28, 2010 |

**EXHIBIT B**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

<u>**NOTICE OF ORDER AUTHORIZING REJECTION OF**</u>
<u>**CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES**</u>

    PLEASE TAKE NOTICE that, on January 5, 2010 (the "<u>Petition Date</u>"), Mesa Air Group, Inc. ("<u>Mesa</u>") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed chapter 11 petitions commencing chapter 11 cases under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

    PLEASE TAKE FURTHER NOTICE that, on January __, 2010, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases* [Docket No. ___] (the "<u>Motion</u>"). On [____], the Bankruptcy Court entered the *Order Authorizing Rejection of Certain Unexpired Nonresidential Real Property Leases* [Docket No. ___] (the "<u>Order</u>").

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

PLEASE TAKE FURTHER NOTICE that copies of the Order and the Motion are available to download free of charge at http://chapter11.epiqsystems.com/mesa.