**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**FINAL ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION SALES AND USE TAXES, TRANSPORTATION TAXES, AIRPORT FEES, PASSENGER FACILITY CHARGES, FUEL TAXES, AND OTHER SIMILAR TAXES AND FEES AND (II) DIRECT FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "Motion")[2] [Docket No. 8] of Mesa Air Group, Inc. ("Mesa") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors"), pursuant to sections 105(a), 363(b) and 507(a) of the Bankruptcy Code, seeking an interim order (the "Interim Order") and final order authorizing the Debtors, in their sole discretion, to pay any Taxes and Fees that arose prior to the Petition Date, including all Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods before the Petition Date and direct the Banks to receive, process, honor and pay checks or electronic transfers used by the Debtors to pay Taxes and Fees, as more fully described in the Motion; and upon consideration of the Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

<pre>
56772-001\DOCS_NY:19907.1
</pre>

requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held an interim hearing and entered the Interim Order on January 5, 2010; and the Court having held a final hearing on January 26, 2010 (the "Final Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, pursuant to sections 105(a), 363(b) and 507(a) of the Bankruptcy Code, the relief requested in the Motion is hereby granted on a final basis to the extent provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, in their sole discretion to pay Taxes and Fees, including but not limited to all of those Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date, to the Governmental Authorities; and it is further

ORDERED that the Debtors are authorized in their sole discretion to direct the Banks to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' accounts to pay the Taxes and Fees, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that nothing in this Order shall be construed as impairing the Debtors' right to contest the validity or amount of Taxes and Fees assessed by the Governmental Authorities, and all of the Debtors' rights with respect thereto are hereby reserved; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: January 26, 2010
      New York, New York

                                        /s/ Martin Glenn
                                        UNITED STATES BANKRUPTCY JUDGE