**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　MESA AIR GROUP, INC., *et al.*,<br><br>　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**FINAL ORDER PURSUANT TO SECTIONS
105(a), 362, AND 363 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 4001, 6003, AND 6004 FOR AUTHORIZATION TO
HONOR AND SATISFY PREPETITION OBLIGATIONS IN THE DEBTORS'
DISCRETION UNDER CERTAIN INDUSTRY RELATED AGREEMENTS**

Upon the motion, dated January 5, 2010 (the "Motion") [Docket No. 10], of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a), 362(d), and 363(b) of the title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure, seeking an interim order (the "Interim Order") and final order (i) authorizing the Debtors to honor and pay the accrued and unpaid prepetition claims, and to continue honoring, performing and exercising in the ordinary course of business their respective rights and obligations (whether prepetition or postpetition) under the Interline Agreements, Clearinghouse Agreements, ARC Agreement, Codeshare Agreements, Alliance Agreements, GDS Agreements, and the ATPCO Agreement (each as defined in the Motion and collectively referred to herein, the "Industry Agreements"), and (ii) directing all applicable clearinghouses and financial institutions, including Airlines Clearing House, Inc. (collectively, the "Clearinghouses"), to process payments and transfers and to honor all funds transfer requests made by the Debtors relating to the Industry

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

Agreements, all as more fully described in the Motion; and upon consideration of the Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held an interim hearing and entered the Interim Order on January 5, 2010; and the Court having held a final hearing on January 26, 2010 (the "Final Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted and approved on a final basis to the extent provided herein; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to honor and/or pay the valid, accrued, and unpaid prepetition obligations under the Industry Agreements in the ordinary course of the Debtors' businesses, to the extent necessary to avoid immediate and irreparable harm; and it is further

ORDERED that, pursuant to section 362(d) of the Bankruptcy Code, the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code is modified for the sole and limited purpose to permit ARC to follow its normal procedures for settling accounts; and it is further

ORDERED that the Clearinghouses and any other bank authorized to administer the Debtors' bank accounts under the Cash Management Motion (as defined in the Motion) shall be, and hereby are authorized, when the Debtors request in the Debtors' sole discretion, to receive, process, honor, and pay and any other transfers that are related to the prepetition obligations under the Industry Agreements and the costs and expenses incidental thereto, whether those checks or transfers were presented prior to or after the commencement of these chapter 11 cases, provided that sufficient funds are available in the accounts to make such payments; and it is further

ORDERED that any Clearinghouse may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the commencement of these chapter 11 cases should be honored pursuant to this Order, and such Clearinghouse shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that this Order shall not be construed to limit, or in any way affect, the Debtors' right to contest any invoice, charge, or claim under the Industry Agreements on any grounds; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights any party may have to subsequently dispute such obligation; and it is further

ORDERED that the automatic stay extant under section 362(a) of the Bankruptcy Code is modified for the limited purpose and to the extent necessary to permit the Clearinghouses to follow their normal procedures for settling accounts relating to the Industry Agreements, and the foregoing relief shall not otherwise affect the Debtors' rights to enforce the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor who demands payment of their prepetition debts as a condition to doing business with the Debtors postpetition, which such rights are preserved; and it is further

ORDERED that nothing contained in this Order shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of reference of any such contract or lease in the Motion; and it is further

ORDERED that service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004, the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January 26, 2010
     New York, New York

                                              /s/ Martin Glenn_____
                                              UNITED STATES BANKRUPTCY JUDGE