**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**FINAL ORDER AUTHORIZING DEBTORS TO (I) HONOR
PREPETITION OBLIGATIONS TO CUSTOMERS AND CERTAIN
OTHER BUSINESS ENTITIES AND TO OTHERWISE CONTINUE CUSTOMER
AND RELATED PROGRAMS AND PRACTICES IN THE ORDINARY
COURSE OF BUSINESS AND (II) AUTHORIZE FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "<u>Motion</u>")[2] [Docket No. 12] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "<u>Debtors</u>"), pursuant to sections 105(a), 363, 1107(a) and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), seeking an interim order (the "<u>Interim Order</u>") and final order authorizing, but not directing, the Debtors in their business judgment to (a) perform and honor such of their prepetition obligations related to the Customer Programs as they deem appropriate and (b) continue, renew, replace, implement new, and/or terminate Customer Programs as they deem appropriate, in the ordinary course of business, without further application to the Court; and upon consideration of the Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.);

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held an interim hearing and entered the Interim Order on January 5, 2010; and the Court having held a final hearing on January 26, 2010 (the "Final Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted and approved on a final basis, to the extent provided herein; and it is further

ORDERED that the Debtors, in their business judgment, are authorized to (a) perform and honor their prepetition obligations related to the Customer Programs as they deem appropriate, and (b) continue, renew, replace, implement new, and terminate, Customer Programs as they deem appropriate and in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations and permitting and effecting all setoffs in connection therewith, whether relating to the period prior or subsequent to the Petition Date; and it is further

ORDERED that all applicable banks and other institutions are authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor and pay any and all checks and fund requests drawn on the Debtors' accounts related to the claims

and obligations permitted to be paid by the Debtors pursuant to the foregoing provision, whether such checks and fund requests were presented prior to or after the Petition Date, provided that: (i) funds are available in the Debtors' accounts to cover the checks and fund transfers and (ii) the applicable banks and other institutions are authorized to rely on the Debtors' designation of any particular check or fund request as approved by this Order;

ORDERED that nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any claim by any party with respect to any Customer Program; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtors may have to subsequently dispute such obligation; and it is further

ORDERED that nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors of any executory contract or unexpired lease;

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as may be necessary or appropriate to implement and effectuate the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: January 26, 2010
     New York, New York

                                                  /s/ Martin Glenn_____
                                                  UNITED STATES BANKRUPTCY JUDGE