**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**FINAL ORDER, PURSUANT TO SECTIONS
105(a), 362(d), 363(b), AND 503(b) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 4001, 6003, AND 6004, AUTHORIZING DEBTORS TO
(I) CONTINUE THEIR WORKERS' COMPENSATION PROGRAMS AND THEIR
LIABILITY, PRODUCT, PROPERTY, AND OTHER INSURANCE PROGRAMS,
(II) PAY, IN THEIR DISCRETION, ALL PREPETITION OBLIGATIONS RELATING
TO THEIR WORKERS' COMPENSATION PROGRAMS AND THEIR LIABILITY,
PRODUCT, PROPERTY, AND OTHER INSURANCE PROGRAMS, (III) MODIFY THE
AUTOMATIC STAY FOR THE SOLE PURPOSE OF PERMITTING
EMPLOYEES TO PROCEED WITH WORKERS' COMPENSATION CLAIMS, AND
(IV) PERMIT FINANCIAL INSTITUTIONS TO HONOR AND
PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the motion, dated January 5, 2010 (the "Motion") [Docket No. 16], of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a), 362(d), 363(b), and 503(b) of the title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure, for authorization to (i) continue the insurance programs (the "Insurance Programs") described in the Motion on an uninterrupted basis, (ii) authorizing, but not directing, the Debtors in their discretion, to pay the undisputed prepetition obligations arising under the Insurance Programs (the "Insurance Obligations"), (iii) modifying the automatic stay solely and for the limited purpose of permitting employees with claims under the workers' compensation programs (the "Workers' Compensation Programs") to proceed with their claims in accordance with such

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corporation (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

program in the appropriate judicial or administrative forum, (iv) permitting banks and other financial institutions (the "Banks") to honor any checks or transfers made against, but not limited to, the disbursement accounts (the "Disbursement Accounts") set forth in Exhibit A annexed hereto, and (v) scheduling a hearing (the "Final Hearing") to consider the relief herein on a permanent basis, all as more fully described in the Motion; the Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the Court having held an interim hearing and entered an interim order on January 5, 2010 approving the Motion; and the Court having held the Final Hearing on January 26, 2010 and found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Declaration of Michael J. Lotz in Support of First Day Motions establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is further

ORDERED that the Debtors are authorized but not directed to maintain their Insurance Programs without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that the Debtors are authorized, but not required, to pay, in their sole discretion, the Insurance Obligations, including, without limitation, all premiums, claims, deductibles, excess, retrospective adjustments, administrative and brokers' fees, and all other

obligations arising under the Insurance Programs, including those Insurance Obligations that were due and payable or related to the period before the commencement of these chapter 11 cases; and it is further

ORDERED that, pursuant to section 362(d) of the Bankruptcy Code, to the extent any of the Debtors' employees hold valid claims under the Debtors' Workers' Compensation Programs, these employees are authorized, at the Debtors' discretion, to proceed with their workers' compensation claims through and including the collection of any judgment in the appropriate judicial or administrative forum under the Workers' Compensation Programs; *provided*, that the prosecution of such claims is in accordance with the Workers' Compensation Programs and the recoveries are limited to the proceeds available under the applicable policy; and it is further

ORDERED that the Banks, including, but not limited to those on the list annexed hereto as Exhibit A, are authorized to honor, process, and pay, to the extent of funds on deposit, any and all prepetition checks or electronic fund transfer requests issued by the Debtors in respect of any Insurance Obligation, whether pre or postpetition, to the extent provided herein; and it is further

ORDERED that any Bank, including, but not limited to those on the list annexed hereto as Exhibit A, may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that, to the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute

the postpetition assumption of any such Insurance Program, contract, or related agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Programs; and it is further

ORDERED that notwithstanding any applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: January 26, 2010
      New York, New York

                                                      /s/ Martin Glenn_____
                                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## (Banks and Accounts)

| Bank Name & Address | Account Name | Account Number |
|---|---|---|
| **Banco Nacional De Mexico S.A.** | Nacional Expense Account | 887-54XXXX |
| **Banco Nacional De Mexico S.A.** | Nacional Collection Account | 887-54 XXXX |
| **Banco Mercantil del Norte S.A.** | Mercantil Peso Account | 006300 XXXX |
| **Banco Mercantil del Norte S.A.** | Mercantil Dollar Account | 1038 XXXX |
| **Banco Mercantil del Norte S.A.** | Mexico Money Market Account | 50033 XXXX |
| **Bank of Hawaii** | Hawaii Deposit Account | 0003-23 XXXX |
| **Bank of Hawaii** | Hawaii Ticket Refund Account | 0003-87 XXXX |
| **Wells Fargo Bank** | Wells Fargo DIA Liquor Account | 103-750 XXXX |
| **Wells Fargo Bank** | Workers Comp. Account | 106-038 XXXX |
| **BBVA Compass Bank** | Main Operating Account | 250105 XXXX |
| **BBVA Compass Bank** | Compass Money Market Account | 250119 XXXX |
| **BBVA Compass Bank** | Accounts Payable | 1286 XXXX |
| **BBVA Compass Bank** | Compass Bank Emergency Reserve | 8449 XXXX |
| **BBVA Compass Bank** | Freedom Airlines LOC Account | 251193 XXXX |
| **Bank of America** | Payroll | 942837 XXXX |
| **Bank of America** | MPD ASU | 942912 XXXX |
| **Bank of America** | Operating | 942845 XXXX |
| **Citizens Bank** | MPD Operating Account | 11717 XXXX |
| **JPMorgan Chase** | JP Morgan Clearinghouse Account | 910-2-46 XXXX |
| **Imperial Capital** | Bonds | 7LU-13 XXXX |
| **Chevy Chase Bank** | IAD Liquor deposits | 142430 XXXX |
| **Seaway Bank** | ORD Liquor deposits | 8012 XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 208-95S24 / 2089XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-95S31 / 412-2XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-9XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-9XXXX |