**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

## ORDER PURSUANT TO
## SECTIONS 105, 362 AND 541 OF THE BANKRUPTCY CODE
## AND BANKRUPTCY RULE 3001 ESTABLISHING NOTIFICATION AND
## HEARING PROCEDURE FOR TRADING IN CLAIMS AND EQUITY SECURITIES

Upon consideration of the motion (the "Motion")[2] [Docket No. 11] of the above-

captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 105, 362 and

541 of title 11, United States Code (the "Bankruptcy Code") and Rule 3001 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order to establish

notification and hearing procedures for trading in claims and equity securities, all as described

more fully in the Motion; and upon consideration of the Declaration of Michael J. Lotz in

Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334

and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for

the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the requested relief being a core proceeding the Bankruptcy Court can

determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

to (i) the Debtors' thirty largest unsecured creditors, (ii) the Debtors' five largest pre-petition

secured lenders or any agent therefor, (iii) the United States Trustee for this District, (iv) the

Securities and Exchange Commission, and (v) the Internal Revenue Service, and it appearing

that no other or further notice need be provided; and the relief requested in the Motion being in

the best interests of the Debtors and their estates and creditors; and the Court having reviewed

the Motion and having held an interim hearing and entered an interim order approving the

Motion on January 5, 2010; and the Court having held a final hearing on January 26, 2010

(the "Final Hearing"); and the Court having determined that the legal and factual bases set forth

in the Motion and at the Final Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor, it is hereby

ORDERED that the Motion is granted and approved as provided herein; and it is further

ORDERED that effective as of the Petition Date, any purchase, sale or other transfer of

claims against or equity securities in the Debtors in violation of the procedures set forth herein

shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and

105(a) of the Bankruptcy Code; and it is further

ORDERED that effective as of the Petition Date, the procedures as described below shall

apply to trading in equity securities;

    a.    Notice of Substantial Equity Holder Status. Any person or entity who currently is or becomes a Substantial Equity Holder (as defined in paragraph (e) below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a notice of such status, in the form attached hereto as Exhibit 1A on or before the later of (A) ten (10) days after the effective date of the notice of entry of the Order or (B) ten (10) days after becoming a Substantial Equity Holder.

    b.    Acquisition of Equity Securities.  At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including options to acquire stock, as defined

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

below) that would result in an increase in the amount of equity securities of the Debtors beneficially owned by a Substantial Equity Holder or that would result in a person or entity becoming a Substantial Equity Holder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equity Holder (a "Proposed Equity Transferee") shall file with the Court, and serve on the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate an Equity Interest (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit 1B, specifically and in detail describing the intended transaction acquiring the Debtor's equity securities.

        c.      Disposition of Equity Securities. At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including options to acquire stock, as defined below) that would result in a decrease in the amount of equity securities of the Debtors beneficially owned by a Substantial Equity Holder or that would result in a person or entity ceasing to be a Substantial Equity Holder (a "Proposed Equity Disposition Transaction"), such person, entity or Substantial Equity Holder (a "Proposed Equity Transferor") shall file with the Court, and serve on the Debtors and counsel to the Debtors, a Notice of Intent to Sell, Trade or Otherwise Transfer an Equity Interest (an "Equity Disposition Notice"), in the form attached hereto as Exhibit 1C, specifically and in detail describing the intended transaction disposing of the Debtors' equity securities.

        d.      Objection Procedures. The Debtors shall have thirty (30) calendar days after actual receipt of an Equity Acquisition Notice or an Equity Disposition Notice, as the case may be, (the "Objection Deadline") to file with the Court and serve on a Proposed Equity Transferor or a Proposed Equity Transferee, as the case may be, an objection to any proposed transfer of equity securities of the Debtors described in any Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize their NOLs or tax attributes as a result of an ownership change under Section 382 or Section 383 of the IRC or the Debtors' rights or benefits under their codeshare agreements (an "Objection").

        (1) If the Debtors file an Objection by the Objection Deadline, the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction will not be effective unless approved by a final and nonappealable order of this Court.

        (2) If the Debtors do not file an Objection by the Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Objection Deadline then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Further transactions within the scope of this paragraph must be the subject of additional

notices as set forth herein, with an additional thirty (30) day waiting period.

      e.    <u>Definitions</u>.  For purposes of this Order: (A) a "Substantial Equity Holder" is any person or entity that beneficially owns at least **7,008,689** shares (representing approximately 4% of all issued and outstanding shares on a fully diluted basis) of the stock (as such term is used for purposes of the Section 382 ownership change test) of the Debtors; (B) "beneficial ownership" of equity securities shall be determined in accordance with applicable rules under section 382 and, thus, shall include direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable determined under the rules set forth in Treasury Regulation section 1.382-4; *provided*, *however*, the restrictions with respect to Substantial Equity Holders shall not apply to the Senior Convertible Notes due 2023 issued by Mesa Air Group, Inc. and the Senior Convertible Notes due 2024 issued by Mesa Air Group, Inc. unless and until the holders of any such notes exercises an option to convert such notes into equity interests to the extent permitted under such notes, the Bankruptcy Code, and applicable non-bankruptcy law;

and it is further

ORDERED that effective as of the date of entry of this Order, the following procedure

shall apply to trading in claims:

      a.    <u>Notice of Substantial Claimholder Status</u>.  Any person or entity who currently is or becomes a Substantial Claimholder (as defined in paragraph (e) below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a notice of such status, in the form attached hereto as <u>Exhibit 2A</u>, on or before the later of (A) ten (10) days after the effective date of the notice of entry of the Order or (B) ten (10) days after becoming a Substantial Claimholder.

      b.    <u>Acquisition of Claims</u>.  At least thirty (30) calendar days prior to effectuating any transfer of claims that would result in an increase in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder (a "<u>Proposed Claims Acquisition Transaction</u>"), such person, entity or Substantial Claimholder (a "<u>Proposed Claims Transferee</u>") shall file with the Court, and serve on the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate a Claim (a "<u>Claims Acquisition Notice</u>"), in the form attached hereto as <u>Exhibit 2B</u>, specifically and in detail describing the intended acquisition of claims against the Debtors, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.

c.  Disposition of Claims.  At least thirty (30) calendar days prior to effectuating any transfer of claims that would result in a decrease in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity ceasing to be a Substantial Claimholder (a "Proposed Claims Disposition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferor") shall file with the Court, and serve on the Debtors and counsel to the Debtors, a Notice of Intent to Sell, Trade or Otherwise Dispose of a Claim (a "Claims Disposition Notice"), in the form attached hereto as Exhibit 2C, specifically and in detail describing the intended disposition of claims against the Debtors, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.

d.  Objection Procedures.  The Debtors shall have thirty (30) calendar days after receipt of a Claims Acquisition Notice or Claims Disposition Notice to file with the Court and serve on a Proposed Claims Transferor or Proposed Claims Transferee, as the case may be, an objection to any proposed transfer of claims described in a Claims Acquisition Notice or Claims Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize any of their NOLs or tax attributes after an ownership change under Section 382 or Section 383 of the IRC or the Debtors' rights or benefits under their codeshare agreements (an "Objection").

(1) If the Debtors file an Objection by the Objection Deadline, the Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(2) If the Debtors do not file an Objection by the Objection Deadline, or if the Debtors provide written authorization to the Proposed Claims Transferee or Proposed Claims Transferor approving the Proposed Claims Acquisition Transaction or the Proposed Claims Disposition Transaction, as the case may be, prior to the Objection Deadline then such Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction, as the case may be, may proceed solely as specifically set forth in a Claims Acquisition Notice or a Claims Disposition Notice. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional thirty (30) day waiting period.

e.  Definitions.  For purposes of this Order: (A) a "Substantial Claimholder" is any person or entity that beneficially owns (i) an aggregate principal amount of claims against the Debtors or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (ii) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments are or will become due, (iii)(a) any of the 8% Senior Notes due 2012 issued by Mesa Air Group, Inc., (b) any of the Senior Convertible Notes due 2023 issued by Mesa Air Group, Inc., or (c) any of the Senior Convertible Notes due 2024 issued by Mesa Air Group, Inc., or (iv) any combination of (i) - (iii), in each case, in an amount equal to or exceeding $25,000,000; (B) "beneficial ownership" of claims shall be determined in accordance with applicable rules under section 382 of the IRC and, thus, shall

include direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire; and (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

and it is further

ORDERED that Substantial Claimholders shall not be subject to the notice and transfer restrictions with respect to (i) any increase of aggregate claims occasioned by the purchase by such Substantial Claimholder of a debt obligation issued by an obligor (other than any of the Debtors) in a leveraged lease transaction involving the lease of aircraft to any of the Debtors (such transaction, a "Leveraged Lease Structure"), *provided*, that the acquirer of such debt instruments is the sole equity participant in such Leveraged Lease Structure, and (ii) any transfer by the sole equity participant of such a debt instrument or of an equity participation interest in a Leveraged Lease Structure to a person related to the sole equity participant within the meaning of 26 C.F.R. 1.382-9(d)(5)(ii)(A), *provided*, that such related person's acquisition is not for a principal purpose of benefiting from the losses of the Debtors within the meaning of 26 C.F.R. 1.382-9(d)(5)(iii); and it is further

ORDERED that a holder of a debt instrument issued in a Leveraged Lease Structure shall not qualify as a Substantial Claimholder unless and until such holder or the Indenture Trustee acting on behalf of such holder, as the case may be, has acquired the beneficial ownership of the Leveraged Lease Structure from the equity participant or lessor pursuant to a foreclosure, a voluntary or involuntary transfer, or otherwise, and, after the occurrence of any such event, any holder of such debt instruments who becomes a Substantial Claimholder shall comply with the notice and transfer restrictions provided herein; and it is further

ORDERED that the trustee of any trust, any indenture trustee, owner trustee, passthrough trustee, subordination agent, registrar, paying agent or transfer agent (collectively, an "Indenture Trustee"), in each case for any notes, ownership interests, bonds, debentures, pass-through certificates, equipment trust certificates, property or other debt securities (i) issued by any of the Debtors, (ii) issued by any governmental or quasi-governmental authority for the benefit of any of the Debtors, (iii) secured by assets of any of the Debtors or agreements with respect to such assets, if any, or (iv) secured by assets leased to any of the Debtors (collectively, "Debt Securities"), shall not be treated as a Substantial Equity Holder or Substantial Claimholder solely to the extent such Indenture Trustee is acting in the capacity described above; *provided*, *however*, that neither any transferee of Debt Securities nor any equity or beneficial owner of Debt Securities held by a trust shall be excluded from this Order solely by reason of this provision; and it is further

ORDERED that following entry of the Order, the Debtors will send a notice in substantially the form annexed hereto as Exhibit 3 (the "Notice") to: (i) The Office Of The United States Trustee for the Southern District of New York; (ii) counsel to the official committee of unsecured creditors appointed in these cases under section 1102 of the Bankruptcy Code (the "Committee"); (iii) all known creditors and shareholders, including the transfer agents for any class of stock of the Debtors and all beneficial holders of bonds or debentures of the Debtors; and (iv) all parties who file notices of transfers of claims under Bankruptcy Rule 3001(e)(i); and additionally, the Debtors will publish the Notice in national editions of *The Wall Street* Journal, The *New York Times*, and the *Financial Times* and post it on the following websites:  http://chapter11.epiqsystems.com/mesa and www.mesa-air.com/restructuring.  No further notice of entry of this Order need be served by the Debtors; and it is further

ORDERED that any objection (the "Objection") to the relief provided in this Order must, by 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days after the date of the entry of this Order (the "Objection Deadline"), be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, (Attn: Andrea B. Schwartz), (ii) the proposed attorneys for the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra I. Grassgreen and Joshua M. Fried and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove, and (iii) the proposed attorneys for the Committee, Morrison and Foerster LLP, 1290 Avenue of the Americas New York, New York 10104-0050, Attn: Brett H. Miller and Lorenzo Marinuzzi; and it is further

ORDERED that if no Objections are received on or before the Objection Deadline, this Order shall automatically become final without any further action by the Court or the Debtors; and it is further

ORDERED that if a timely Objection is received on or before the Objection Deadline, the Debtors and the objectant(s) shall attempt to resolve such Objection and that if the parties are not able to resolve the Objection, the Court will resolve the dispute at the next regularly scheduled omnibus hearing; and it is further

ORDERED that (i) upon receipt of such Notice, any transfer agent(s) for any stock of the Debtors will be required, on at least a quarterly basis, to send such Notice to all holders of such stock registered with such transfer agent and (ii) the indenture trustee for any bonds or debentures of the Debtors will provide the Debtors upon request the names and addresses of its registered holders and the Debtors will undertake to provide the requisite Notice to such holders.

Any such registered holder must, in turn, provide such Notice to any holder for whose account such registered holder holds such bonds, debentures or stock, and so on down the chain of ownership.  Additionally, any person or entity, or any broker or agent acting on their behalf, unless such broker or agent is acting for its own account, who (a) sells claims against the Debtors in the same transaction in the aggregate principal amount of at least $5,000,000 or (b) sells 1,401,737 shares of stock (as such term is used for purposes of the Section 382 ownership change test) of the Debtors to another person or entity must provide a copy of the Order authorizing such procedures to such purchaser or any broker or agent acting on their behalf of such claims or stock; and it is further

ORDERED, that except as provided herein, no Indenture Trustee shall be subject to this Order or have or incur any liability for noncompliance with this Order to the extent such Indenture Trustee follows its standard practices or acts in accordance with its respective prepetition governing documents with respect to (i) any transfer of Debt Securities or ownership interests in assets leased to the Debtors, (ii) any payments relating thereto, or (iii) any actions taken in accordance with the instructions of holders of Debt Securities or ownership interests for which such Indenture Trustee acts; *provided*, *however*, that an Indenture Trustee shall be subject to this Order to the extent such Indenture Trustee at any time is treated as the owner for U.S. federal income tax purposes of Debt Securities; *provided*, *further*, *however*, that neither any transferee of Debt Securities or claims nor any equity or beneficial owner of Debt Securities or claims held in trust shall be excluded from this Order solely by reason of this provision; and it is further

ORDERED that the requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith; and it is further

ORDERED that any of the Debtors may waive in writing any and all restrictions, stays and notification procedures contained in this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims rights or disputes arising from or related to the implementation of this Order; and it is further

ORDERED that service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.


Dated:  January 26, 2010
        New York, New York

                                        /s/ Martin Glenn_____
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1A**


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[3] | (Jointly Administered) |

**NOTICE OF STATUS AS A SUBSTANTIAL EQUITY HOLDER[4]**

  **PLEASE TAKE NOTICE** that [Name of Equity Holder] is/has become a Substantial Equity Holder with respect to the equity securities (the "Equity Securities") of Mesa Air Group, Inc. ("Mesa"), a debtor and debtor-in-possession in Case No. 10-10018 (MG) pending in the United States Bankruptcy Court for the Southern District of New York.

  **PLEASE TAKE FURTHER NOTICE** that, as of [Date], [Name of Equity Holder] beneficially owns _____ shares of the Equity Securities of Mesa. The following table sets forth the date(s) on which [Name of Equity Holder] acquired or otherwise became the beneficial owner of such Equity Securities:

| Number of Shares | Date Acquired |
|---|---|
| | |
| | |
| | |

  (Attach additional page if necessary

---

[3] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[4] For purposes of this Notice: (A) "Substantial Equity Holder" means any person or entity that beneficially owns at least 7,008,689 shares (representing approximately 4% of all issued and outstanding shares on a fully diluted basis) of the stock (as such term is used for purposes of the Section 382 ownership change test) of the Debtors; (B) "beneficial ownership" of equity securities includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

56772-001\DOCS_SF:69631.6

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Equity Holder] is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Equity Holder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Bankruptcy Rule 3001 Establishing Notice And Hearing Procedures For Trading In Claims And Equity Securities, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (B) served upon (i) the Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Brian S. Gillman and (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra Grassgreen and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 36th Floor, New York, NY 10017, Maria A. Bove, counsel to the Debtors.

Dated: _____        Respectfully submitted,


_____
(Name of Equity Holder)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

2

**EXHIBIT 1B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[5] | (Jointly Administered) |

**NOTICE OF INTENT TO ACQUIRE, PURCHASE, OR**
**OTHERWISE ACCUMULATE AN EQUITY INTEREST[6]**

  **PLEASE TAKE NOTICE** that [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire or otherwise accumulate one or more shares of the equity securities (the "Equity Securities") of Mesa Air Group, Inc. ("Mesa") or an option with respect thereto (the "Proposed Transfer").

  **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Acquirer] filed a Notice of Status as a Substantial Equity Holder 1 with the Court and served copies thereof on the Debtors and the Debtors' counsel.

  **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Acquirer] currently beneficially owns _____ shares of the Equity Securities of Mesa.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, [Name of Prospective Acquirer] proposes to purchase, acquire or otherwise accumulate _____ shares of Equity Securities or an option with respect to _____ shares of Equity Securities. If the Proposed Transfer is permitted to occur, [Name of Prospective Acquirer] will beneficially own _____ shares of Equity Securities after the transfer.

---

[5] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[6] For purposes of this Notice: (A) "Substantial Equity Holder" means any person or entity that beneficially owns at least 7,008,689 shares (representing approximately 4% of all issued and outstanding shares on a fully diluted basis) of the stock (as such term is used for purposes of the Section 382 ownership change test) of the Debtors; (B) "beneficial ownership" of equity securities includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

56772-001\DOCS_SF:69631.6

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Acquirer] is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 and 541 and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (B) served upon (i) the Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Brian S. Gillman and (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Debra I. Grassgreen, Joshua M. Fried, and Maria A. Bove.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have thirty (30) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such thirty (30) day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional shares of Equity Securities (or an option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Dated: _____     Respectfully submitted,

_____
(Name of Prospective Acquirer)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[7] | (Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE, OR
## OTHERWISE TRANSFER AN EQUITY INTEREST[8]

      **PLEASE TAKE NOTICE** that [Name of Prospective Seller] hereby provides notice of its intention to sell, trade or otherwise transfer one or more shares of the equity securities (the "Equity Securities") of Mesa Air Group, Inc. ("Mesa") or an option with respect thereto (the "Proposed Transfer").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Seller] filed a Notice of Status as a Substantial Equity Holder with the Court and served copies thereof on the Debtors and the Debtors' counsel.

      **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Seller] currently beneficially owns _____ shares of the Equity Securities of Mesa.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade or otherwise transfer _____ shares of Equity Securities or an option with respect to _____ shares of Equity Securities. If the Proposed Transfer is permitted to occur, [Name of Prospective Seller] will beneficially own _____ shares of Equity Securities after the transfer.

---

[7] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[8] For Purposes of this Notice: (A) a "Substantial Equity Holder" is any person or entity that beneficially owns at least 7,008,689  shares (representing approximately 4% of all issued and outstanding shares on a fully diluted basis) of the stock (as such term is used for purposes of the Section 382 ownership change test) of the Debtors; (B) "beneficial ownership" of equity securities includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Seller] is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 and 541 and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (B) served upon (i) the Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Brian S. Gillman, (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Debra I. Grassgreen, Joshua M. Fried, Maria A. Bove.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have thirty (30) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such thirty (30) day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring shares of Equity Securities (or an option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Dated: _____          Respectfully submitted,

 

_____
(Name of Prospective Seller)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

**EXHIBIT 2A**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[9] | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL CLAIMHOLDER[10]

PLEASE TAKE NOTICE that [Name of Claimholder] is/has become a Substantial Claimholder with respect to claims against Mesa Air Group, Inc. ("Mesa") and its affiliated debtors and debtors-in-possession (the "Debtors") in Case No. 10-10018 (MG), pending in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that, as of [Date], [Name of Claimholder] beneficially owns claims in the aggregate principal amount of $_____ against the Debtors. The following table sets forth the name of the Debtor issuer, a summary of the terms, and the date on which [Name of Claimholder] acquired or otherwise became the beneficial owner of each such claim:

| Debtor | Terms | Date Acquired |
|---|---|---|
| | | |
| | | |
| | | |

---

[9] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[10] For purposes of this Notice: (i) a "Substantial Claimholder" is any person or entity that beneficially owns (A) an aggregate principal amount of claims against the Debtors or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (B) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments are or will become due, or (C) any combination of (A) and (B), in each case, in an amount equal to or exceeding $25,000,000; (ii) "beneficial ownership" of claims includes direct and indirect ownership (e.g, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire; and (iii) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

1

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [Name of Claimholder] is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 and 541 and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (B) served upon (i) the Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Brian S. Gillman, (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Debra I. Grassgreen, Joshua M. Fried, Maria A. Bove.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____

(Name of claimholder)


By: _____

Name: _____

Title: _____

Address: _____

_____

Tel: _____

Fax: _____


Date: _____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[11] | (Jointly Administered) |

**NOTICE OF INTENT TO ACQUIRE, PURCHASE,**
**OR OTHERWISE ACCUMULATE A CLAIM[12]**

      **PLEASE TAKE NOTICE** that [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire or otherwise accumulate a claim or claim(s) against the Debtors (the "Proposed Transfer").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Acquirer] filed a Notice of Status as a Substantial Claimholder with the Court and served copies thereof on the Debtors and the Debtors' counsel.

      **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Acquirer] currently beneficially owns claims against the Debtors in the aggregate principal amount of $ _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, [Name of Prospective Acquirer] proposes to purchase, acquire or otherwise accumulate claims against [Name of Debtor issuer] in the aggregate principal amount of $_____.  If the Proposed Transfer is permitted to occur, [Name of Prospective Acquirer] will beneficially own

---

[11] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[12] For purposes of this Notice: (i) a "Substantial Claimholder" is any person or entity that beneficially owns (A) an aggregate principal amount of claims against the Debtors or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (B) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments are or will become due, or (C) any combination of (A) and (B), in each case, in an amount equal to or exceeding $25,000,000; (ii) "beneficial ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire; and (iii) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

claims against the Debtors in the aggregate principal amount of $_____ after the transfer.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Acquirer] is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 and 541 and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (B) served upon (i) the Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Brian S. Gillman and (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Debra I. Grassgreen, Joshua M. Fried, Maria A. Bove.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have thirty (30) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such thirty (30) day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

56772-001\DOCS_SF:69631.6

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional claims against the Debtors will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Dated: _____          Respectfully submitted,

_____
(Name of Prospective Acquirer)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[13] | (Jointly Administered) |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER A CLAIM[14]**

 **PLEASE TAKE NOTICE** that [Name of Prospective Seller] hereby provides notice of its intention to sell, trade or otherwise transfer a claim or claim(s) against the Debtors (the "Proposed Transfer").

 **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Seller] filed a Notice of Status as a Substantial Claimholder with the Court and served copies thereof on the Debtors and the Debtors' counsel.

 **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Seller] currently beneficially owns claims against the Debtors in the aggregate principal amount of $ _____.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade or otherwise transfer claims against [Name of Debtor issuer] in the aggregate principal amount of $_____. If the Proposed

---

[13] The Debtors are: Mesa Air Group, Inc. (2351); Mesa In-Flight, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[14] For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity that beneficially owns (i) an aggregate principal amount of claims against the Debtors or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (ii) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments are or will become due, or (iii) any combination of (i) and (ii), in each case, in an amount equal to or exceeding $25,000,000; (B) "beneficial ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire; and (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Transfer is permitted to occur, [Name of Prospective Seller] will beneficially own claims against the Debtors in the aggregate principal amount of $_____ after the transfer.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Seller] is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 and 541 and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (B) served upon (i) the Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Brian S. Gillman and (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Debra I. Grassgreen, Joshua M. Fried, Maria A. Bove.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have thirty (30) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such thirty (30) day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

2

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring claims against the Debtors will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Dated: _____     Respectfully submitted,

_____
(Name of Prospective Seller)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[15] | (Jointly Administered) |

**NOTICE OF (A) NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B) NOTIFICATION AND HEARING PROCEDURES FOR TRADING IN CLAIMS AND EQUITY SECURITIES[16]**

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS**

        **PLEASE TAKE NOTICE** that on January 5, 2010 ("Petition Date"), Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries, (collectively, the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

        **PLEASE TAKE FURTHER NOTICE** that on January [ ], 2010 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), entered an order approving the procedures set forth below in order to preserve the Debtors' net operating losses ("NOLs") and/or valuable assets pursuant to sections 105, 362 and 541 of the Bankruptcy Code (the "Order").  **Any sale or other transfer of claims against or equity securities in the Debtors in violation of the procedures set forth below shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and shall confer no rights on the transferee; any sale or other transfer of claims against the Debtors in violation of the the to the consummation of the reorganization of the Debtors.**

---

[15] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[16] References to "claims" herein are made in accordance with the definition of "claim" in section 101(5) of the Bankruptcy Code and includes a lessor's right to any current or future payment under or arising out of any lease with respect to which the Debtor or one or more of its Debtor Affiliates is a lessee.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the following procedures shall apply to holding and trading in equity securities of the Debtors:

a. Any person[17] or entity who currently is or becomes a Substantial Equity Holder (as defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and Debtors' counsel a notice of such status ("<u>Notice of Status as a Substantial Equity Holder</u>"), in the form attached hereto as <u>Exhibit 1A</u> on or before the later of (A) ten (10) days after the effective date of the notice of entry of the Order or (B) ten (10) days after becoming a Substantial Equity Holder.

b. <u>Acquisition of Equity Securities</u>. At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including options to acquire stock, as defined below) that would result in an increase in the amount of equity securities of the Debtors beneficially owned by a Substantial Equity Holder or that would result in a person or entity becoming a Substantial Equity Holder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, entity or Substantial Equity Holder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve on the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate an Equity Interest (an "<u>Equity Acquisition Notice</u>"), in the form attached hereto as <u>Exhibit 1B</u>,[18] specifically and in detail describing the intended transaction acquiring the Debtor's equity securities.

c. <u>Disposition of Equity Securities</u>. At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including options to acquire stock, as defined below) that would result in a decrease in the amount of equity securities of the Debtors beneficially owned by a Substantial Equity Holder or that would result in a person or entity ceasing to be a Substantial Equity Holder (a "<u>Proposed Equity Disposition Transaction</u>"), such person, entity or Substantial Equity Holder (a "<u>Proposed Equity Transferror</u>") shall file with the Court, and serve on the Debtors and counsel to the Debtors, a Notice of Intent to Sell, Trade or Otherwise Transfer an Equity Interest (an "<u>Equity Disposition Notice</u>"), in the form attached hereto as <u>Exhibit 1C</u>,[19] specifically and in detail describing the intended transaction disposing of the Debtors' equity securities.

d. <u>Objection Procedures</u>. The Debtors shall have thirty (30) calendar days after actual receipt of an Equity Acquisition Notice or an Equity Disposition Notice, as the case may be, (the "<u>Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferor or a Proposed Equity Transferee, as the case may be, an objection to any proposed transfer of the equity securities of the Debtors described in any Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors'

---

[17] References to "person" herein are made in accordance with the definition of "person" in section 101(41) of the Bankruptcy Code.

[18] A notice in the form of <u>Exhibit 1B</u> or <u>Exhibit 2B</u> (as described below) is hereinafter referred to as a "<u>Notice of Intent to Purchase, Acquire or Otherwise Accumulate</u>."

[19] A notice in the form of <u>Exhibit 1C</u> or <u>Exhibit 2C</u> (as described below) is hereinafter referred to as a "<u>Notice of Intent to Sell, Trade or Otherwise Transfer</u>" (and, together with a Notice of Intent to Purchase, Acquire or Accumulate, is collectively referred to as a "<u>Notice of Proposed Transfer</u>").

ability to utilize their NOLs or tax attributes as a result of an ownership change under Section 382 or Section 383 of the IRC or the Debtors' rights or benefits under their codeshare agreements (an "Objection").

> (1)    If the Debtors file an Objection by the Objection Deadline, the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction will not be effective unless approved by a final and nonappealable order of this Court.

> (2)    If the Debtors do not file an Objection by the Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Objection Deadline then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional thirty (30) day waiting period.

    e.    <u>Definitions</u>. For purposes of this Motion and the Order: (A) a "Substantial Equity Holder" is any person or entity that beneficially owns at least **7,008,689** shares (representing approximately 4% of all issued and outstanding shares on a fully diluted basis) of the stock (as such term is used for purposes of the Section 382 ownership change test) of the Debtors; (B) "beneficial ownership" of equity securities shall be determined in accordance with applicable rules under section 382 and, thus, shall include direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and ownership of shares which such holder has an option to acquire; and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable determined under the rules set forth in Treasury Regulation section 1.382-4; *provided*, *however*, the restrictions with respect to Substantial Equity Holders shall not apply to the Senior Convertible Notes due 2023 issued by Mesa Air Group, Inc. and the Senior Convertible Notes due 2024 issued by Mesa Air Group, Inc. unless and until the holders of any such notes exercises an option to convert such notes into equity interests to the extent permitted under such notes, the Bankruptcy Code, and applicable non-bankruptcy law.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the following procedures shall apply to holding and trading in CLAIMS AGAINST ANY OF THE DEBTORS:

Any person[20] or entity who currently is or becomes a Substantial Claimholder (as defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and Debtors' counsel, a notice of such status ("Notice of Status as a Substantial Claimholder") on or before the later of (A) ten (10) days after the effective date of the notice of entry of the order or (B) ten (10) days after becoming a Substantial Claimholder.

a.      At least thirty (30) calendar days prior to effectuating any transfer of claims that would result in an increase in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder (a "Proposed Claims Acquisition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferor") shall file with the Court, and serve on the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate a Claim (a "Claims Acquisition Notice"), in the form attached hereto as Exhibit 2B, specifically and in detail describing the intended acquisition of claims against the Debtors, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.

b.      At least thirty (30) calendar days prior to effectuating any transfer of claims that would result in a decrease in the amount of aggregate principal claims beneficially owned by a Substantial Claimholder or would result in a person or entity ceasing to be a Substantial Claimholder (a "Proposed Claims Disposition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferor") shall file with the Court, and serve on the Debtors and counsel to the Debtors, a Notice of Intent to Sell, Trade or Otherwise Dispose of a Claim (a "Claims Disposition Notice"), in the form attached hereto as Exhibit 2C, specifically and in detail describing the intended disposition of claims against the Debtors, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.

c.      The Debtors shall have thirty (30) calendar days after receipt of a Claims Acquisition Notice or Claims Disposition Notice to file with the Court and serve on a Proposed Claims Transferor or Proposed Claims Transferee, as the case may be, an objection to any proposed transfer of claims described in a Claims Acquisition Notice or Claims Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize any of their NOLs or tax attributes after an ownership change under Section 382 or Section 383 of the IRC or the Debtors' rights or benefits under their codeshare agreements (an "Objection").

(1) If the Debtors file an Objection by the Objection Deadline, the Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(2) If the Debtors do not file an Objection by the Objection Deadline, or if the Debtors provide written authorization to the Proposed Claims Transferee or Proposed Claims Transferor approving the Proposed

---

[20] References to "person" herein are made in accordance with the definition of "person" in section 101(41) of the Bankruptcy Code.

Claims Acquisition Transaction or the Proposed Claims Disposition Transaction, as the case may be, prior to the Objection Deadline then such Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction may proceed solely as specifically set forth in a Claims Acquisition Notice or a Claims Disposition Notice. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional thirty (30) day waiting period.

e.     For purposes of this Motion and the Order: (A) a "Substantial Claimholder" is any person or entity that beneficially owns (i) an aggregate principal amount of claims against the Debtors or any controlled entity through which a Substantial Claimholder beneficially owns an indirect interest in claims against the Debtors, (ii) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments are or will become due, (iii)(a) any of the 8% Senior Notes due 2012 issued by Mesa Air Group, Inc., (b) any of the Senior Convertible Notes due 2023 issued by Mesa Air Group, Inc., or (c) any of the Senior Convertible Notes due 2024 issued by Mesa Air Group, Inc., or (iv) any combination of (i) - (iii), in each case, in an amount equal to or exceeding $25,000,000; (B) "beneficial ownership" of claims shall be determined in accordance with applicable rules under section 382 of the IRC and, thus, shall include direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims which such holder has an option to acquire; and (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, upon the request of any person, Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn. Maria Bove, will provide a form of each of the required notices described above. In addition, copies of the required notices and order may be obtained at http://chapter11.epiqsystems.com/mesa

**PLEASE TAKE FURTHER NOTICE** that, upon the request of any person, Epiq Systems (the "Official Copy Service"), 757 Third Avenue, 3rd Floor, New York, NY 10017, tel: (646) 282-2400, will supply a copy of the Order. The Official Copy Service will supply a copy of the Order at a cost to be paid by the person requesting it at the prevailing fee being charged by the Official Copy Service. The Official Copy Service will accommodate document requests during normal business hours, Monday to Friday (excluding recognized holidays).[21]

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

---

[21] Normal business hours for the Official Copy Service are from 9:00 a.m. to 6:00 p.m. (prevailing Eastern Time).

**ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF CLAIMS AGAINST OR EQUITY SECURITIES IN THE DEBTORS IN VIOLATION OF THE ORDER WILL BE NULL AND VOID AB INITIO AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS OR INTERESTS AGAINST THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 5% OR MORE OF THE VALUE OF THE REORGANIZED DEBTORS.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

Dated: _____         PACHULSKI STANG ZIEHL & JONES LLP
      New York, New York

                              _____

                              Richard M. Pachulski
                              Laura Davis Jones
                              Debra I. Grassgreen
                              Maria A. Bove
                              John W. Lucas

                              780 Third Avenue, 36th Floor
                              New York, New York 10017
                              Telephone:  (212) 561-7700
                              Facsimile:  (212) 561-7777

                              Proposed Attorneys for Debtors
                              and Debtors in Possession