**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER TO ESTABLISH PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion") [Docket No. 79] of Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[2] pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), for authority to establish procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court, as more fully described in the Motion, and upon consideration of the *Declaration of Michael J. Lotz in Support of Motions Scheduled for Hearing on January 26, 2010*; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding the Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript hereof (the "Hearing"); and the Court

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted to the extent provided herein; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all Retained Professionals in these cases may seek monthly compensation in accordance with the following procedures:

    a. On or before the 20th day of each month following the month for which compensation is sought, each Retained Professional seeking compensation under an order approving this Motion will serve a monthly statement (the "<u>Monthly Statement</u>"), by hand or overnight delivery, on (i) Mesa Air Group, Inc., 410 North 44th Street, Suite 700, Phoenix, Arizona 85008, Attn: Brian Gillman; (ii) attorneys for the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra Grassgreen and Joshua M. Fried and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove; (iii) attorneys for the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in these cases, Morrison & Foerster, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104, Attn: Brett H. Miller, Lorenzo Marinuzzi, and Todd M. Goren and (iv) the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andrea Schwartz.

    b. Because (i) this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and (ii) professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, the Monthly Statement will not be filed with the Court and a courtesy copy need not be delivered to chambers.

    c. Each Monthly Statement shall contain a list of the individuals and their respective titles (e.g., attorney, accountant or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual and a reasonably detailed

breakdown of the disbursements incurred. No Retained Professional should seek reimbursement of an expense that would not be allowed pursuant to the Fee Guidelines. Moreover, each Monthly Statement should contain contemporaneously maintained time entries for each individual in increments of tenths of an hour, except where otherwise ordered by the Court.

d.  Each person receiving a Monthly Statement shall have at least 15 days after its receipt to review it. If he or she has an objection to the compensation or reimbursement sought in a particular Monthly Statement, he or she shall, by no later than the 35th day following the month for which compensation is sought, serve upon the Retained Professional whose Monthly Statement is objected to, and upon the other persons designated in paragraph (a) above to receive Monthly Statements, a written Notice of Objection to Fee Statement (hereinafter referred to as an "<u>Objection</u>") setting forth the nature of the objection and the amount of fees or expenses at issue.

e.  After the 35th day following the month for which compensation is sought, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has timely been served in accordance with paragraph (d) above.

f.  If the Debtors receive an Objection from one or more of the parties listed herein to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.  If the parties to an Objection are able to resolve their dispute following the timely service of an Objection and if the party whose Monthly Statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement no longer subject to an Objection.

h.  All Objections not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraphs (j) and (k) below.

i.  The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any basis, whether or not raised in the Objection. Furthermore, the decision by any party not to object to a Monthly Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any fee application

subsequently made by any party to the Court in accordance with the Bankruptcy Code.

j. Approximately every 120 days (but not less frequently than every 150 days), each Retained Professional shall serve and file with the Court, in accordance with the Fee Guidelines (which can be found at *www.nysb.uscourts.gov*), an application for interim or final (as the case may be) Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested.

k. The Debtors' attorneys shall obtain dates from the Court for the hearing of fee applications for all Retained Professionals. Approximately one month before the hearing, the Debtors' attorneys shall file a notice with the Court, served upon the U.S. Trustee and all Retained Professionals, that sets forth the time, date and location of the fee hearing, the date by which the fee applications must be filed, the period covered by such application and the objection deadline. Any Retained Professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three days before the filing deadline. The Debtors' attorneys shall file and serve such application.

l. Any Retained Professional that fails timely to file an application seeking approval of compensation and expenses previously paid under an order approving this Motion shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the filing of an application or further order of the Court and (ii) may be required to disgorge any fees paid since the later of such Retained Professional's retention or last fee application.

m. The pendency of an application or the entry of a Court order that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professional.

o. The attorney for the Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Retained Professionals, collect and submit for payment statements of expenses, with supporting vouchers, from members of the Committee he or she

represents; provided, however, that these reimbursement requests must comply with the Fee Guidelines.

and it is further

ORDERED that each Retained Professional whose retention has been approved by the Court as of the Petition Date may seek, in its first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on January 31, 2010. The first interim fee application for such Retained Professionals shall seek compensation and reimbursement of expenses for the period from the Petition Date through April 30, 2010, and shall be filed on of before June 30, 2010; and it is further

ORDERED that all Retained Professionals not retained as of the Petition Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in the Motion; and it is further

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, have not remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court; otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

ORDERED that no professional may file a Monthly Statement until the Court enters an order approving the retention of such professional pursuant to section 327 or 1103 of the Bankruptcy Code; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

ORDERED that notice of Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the Court retains jurisdiction to with respect to all matters arising from this Order.

Dated: January 26, 2010
      New York, New York

                                        /s/ Martin Glenn_____
                                        UNITED STATES BANKRUPTCY JUDGE