# PACHULSKI
# STANG
# ZIEHL
# JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP
NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

LOS ANGELES
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier Zip Code 19801)

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

Laura Davis Jones  January 26, 2010  ljones@pszjlaw.com
302.778.6401

**BY HAND DELIVERY**

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: <u>In re Mesa Air Group, Inc., Case No. 10-10018 (MG)</u>

Dear Judge Glenn:

      We represent debtor Mesa Air Group, Inc. and its debtor affiliates (collectively, the "Debtors") in the above-referenced cases. We submit this letter in response to the Court's request for the Debtors' position as to the procedural posture of the Debtors' Motion for Authorization Pursuant to Section 365 of the Bankruptcy Code to Assume Code-Share Agreement, as Amended, with Delta Air Lines, Inc. (the "Motion").

      The Debtors seek authorization to assume the Delta Connection Agreement entered into by debtors Mesa Air Group, Inc. and Freedom Airlines, Inc. (collectively, "Mesa") and Delta Air Lines, Inc. ("Delta") on May 3, 2005 (the "Agreement"). A copy of the Agreement was provided to the Court on January 22, 2010, as Exhibit A to Tab 5 (documents submitted to the Court on that date shall be referred to as "Tab __"). Notwithstanding certain pending litigation described more fully below, the Agreement has not been terminated; the parties continue to perform their obligations under the Agreement; and the term of the Agreement will not expire until October 2012.

      Prompt resolution of the Motion is critical to the Debtors' reorganization efforts because the outcome will significantly impact other important decisions, including those of whether to assume or reject 22 aircraft leases representing 17% of the Debtors' fleet of operating aircraft. Thus, a prolonged schedule will delay other

56772-001\DOCS_NY:19923.5



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Honorable Martin Glenn
January 27, 2010
Page 2

important decisions and confirmation, will increase the Debtors' expected reorganization costs, and will otherwise negatively impact the Debtors' creditors and their estates. Mesa believes that it is current under the Agreement, and has not defaulted, but based on our recent call with the Court, Delta apparently believes otherwise. Given the advanced stage of certain pre-petition litigation relevant to the Motion, the Motion can and should be determined expeditiously to avoid adverse consequences to the Debtors' reorganization efforts.

Toward that end, and as discussed more fully below, the Debtors propose that the parties immediately commence (or otherwise complete) discovery on all issues, but bifurcate certain issues for trial. In particular, Mesa proposes that the parties try the threshold issue under Section 365 -- whether there is a contract that can be assumed -- within six weeks (this is the issue raised in the Preliminary Injunction proceeding litigated in Georgia; namely, whether Mesa breached the Agreement in a manner that cannot be cured through the payment of monetary damages). If Mesa prevails, all other issues (e.g., whether the Agreement is executory; whether Mesa has appropriately exercised its business judgment in moving to assume the Agreement; all "cure" issues; and Mesa's claims against Delta which will off-set its cure obligations, if any) can be tried in June. However, if Delta prevails, Mesa may not be able to assume the Agreement.

A. **The Legal Standards**

The Motion is brought pursuant to Section 365 of the Bankruptcy Code. Under Section 365, the debtor must establish that there is an agreement to be assumed; that the agreement is executory; and that the debtor's decision to assume the agreement is a proper exercise of its business judgment. See 11 U.S.C. § 365(a). Further, the debtor must either not be in default, or must be able to cure any default, or provide adequate assurance that it can cure any default, and provide adequate assurance of future performance under the contract, as more particularly set forth in Section 365(b).

Delta has not yet served its response to the Motion. However, based on the pre-petition litigation in Georgia, Mesa assumes that Delta will continue to assert both that (a) Mesa has



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

breached the Agreement in ways that cannot be cured, thereby rendering the Agreement unenforceable and incapable of being assumed; and (b) even if Mesa can assume the Agreement, it has breached the Agreement and must comply with the cure provisions of Section 365(b) before it can do so.

### B. The Georgia Litigations

As discussed with the Court, there are two pending litigations which are relevant to the Motion.

#### 1. The Delta ERJ Litigation

In March 2008, Delta attempted to terminate the Agreement, purportedly based on Mesa's failure to meet certain performance thresholds. No damage demand was made with respect Delta's purported termination. On April 7, 2008, Mesa filed suit to enjoin the termination in the Northern District of Georgia, File No. 1:08-CV-1334-CC (the "Delta ERJ Litigation"). Following discovery and a three-day evidentiary hearing, the District Court found, among other things, that there was a substantial likelihood that Mesa would prevail at trial, and issued a preliminary injunction enjoining Delta from terminating the Agreement. The District Court's Order (the "Order") was subsequently affirmed by the Eleventh Circuit Court of Appeals. See Tabs 1 and 2, respectively.

The Delta ERJ Litigation concerns, among other things, whether Mesa defaulted under the Agreement in a manner that may not be able to be cured and which would entitle Delta to terminate (the "Termination Issue"). Notably, the parties have virtually completed all discovery related to the Termination Issue. All that remains are two depositions (one of which is limited to three hours), the production of a small number of documents, and the amendment of certain interrogatory answers.

The Delta ERJ Litigation is also relevant because of the District Court's Findings of Fact and Conclusions of Law (the "Findings") rendered in connection with Mesa's request for a preliminary injunction. The Court found, among other things, that Delta acted in "bad faith," and that Delta's attempt to terminate the Agreement was part of Delta's broader strategy to cut costs in the face of rising fuel prices by reducing its reliance on regional carriers,



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Honorable Martin Glenn
January 27, 2010
Page 4

including Mesa. See Tab 1 ¶¶ 49-56. Given the detailed nature of the Findings, Mesa believes this Court can and should take judicial notice of the Order.

In light of the advanced state of the Termination Issue, including the near-completion of discovery, the evidentiary record compiled during the injunction hearing, the Findings and the Order, Mesa believes discovery on the Termination Issue could be completed in four weeks, and Mesa could present its case within two days in mid to late March. The benefit of bi-furcating the Termination Issue is that the question of whether there is a contract that Mesa can assume will be promptly decided.

### 2. The Delta MFN Litigation

In a further effort to terminate the Agreement, Delta brought an action against Mesa in the United States District Court for the Northern District of Georgia, File No. 1-09-CV-2267-CC (the "Delta MFN Litigation"), seeking, among other things, a declaration that Mesa breached the Agreement by violating two "most favored nations" ("MFN") clauses, thus entitling Delta to terminate. Delta also seeks damages relating to its claim that Mesa breached the MFN clauses.

Mesa moved to dismiss Delta's declaratory judgment claim. Mesa does not believe that its motion to dismiss is directly relevant to the Motion because it is based on the premise that any breach of the MFN clauses would not be "material" as a matter of law and therefore provides no basis for termination. Even if Mesa is wrong (which it does not believe), any such breach would be compensable by monetary damages and therefore could be cured pursuant to Section 365(b). In any event, Mesa's motion to dismiss is sub judice, and no discovery has taken place in the Delta MFN Litigation. As Delta is aware, Mesa intended to, and will, pursue claims for Delta's violation of the Agreement, but those claims were not yet asserted because Mesa's motion to dismiss suspended the filing of an answer and counterclaims.

If Delta pursues its MFN claims as part of its opposition to the Motion, discovery will be needed on the issues of whether Mesa breached the Agreement and on Delta's damage claim. Notably, even if Delta establishes that Mesa breached the MFN clauses, any



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Honorable Martin Glenn
January 27, 2010
Page 5

such breach is subject to monetary compensation (as evidenced by Delta's claim for damages), and therefore is capable of being cured by Mesa.

Delta correctly pointed out that the parties agreed in the Delta MFN Litigation that the issues are complex, and that six months was needed to complete discovery. In the context of a garden-variety commercial dispute in federal district court, such a schedule may have been appropriate. But with Mesa's bankruptcy filing, neither the Debtors, their creditors nor their estates can afford to operate on such a prolonged schedule. Moreover, expedited proceedings are not unusual in bankruptcy court and given the stature of the parties and the participation of sophisticated counsel well-versed and experienced in many of the issues implicated by the Motion, Mesa believes the Motion can and should be heard promptly.

Mesa therefore proposes that discovery commence immediately on all issues (and complete the modest discovery remaining with respect to the Termination Issue), and that the parties have four months to complete discovery. If Mesa prevails at trial on the Termination Issue, all other issues can be presented during a one-week trial in mid-June.[1]

### 3. The Georgia Litigations As They Relate to the Motion

The Delta ERJ Litigation and the Delta MFN Litigation (together, the "Georgia Litigations") are obviously at different procedural stages, and clearly involve issues that are relevant to the Motion (depending, of course, on which of Delta's theories in the Georgia Litigations it chooses to pursue).

Mesa has filed motions to transfer each of the Georgia Litigations to this Court (the "Transfer Motions"). See Tabs 8 and 9, respectively. For judicial efficiency, and the other reasons set

---

[1] The Debtors seek to have the Motion heard as promptly as possible, and believe all issues could be resolved in three months. However, due to a scheduling conflict concerning Mesa's counsel, and in an effort to address Delta's stated concerns, Mesa is reluctantly prepared to proceed on the longer schedule set forth herein.



Honorable Martin Glenn
January 27, 2010
Page 6

forth in the Transfer Motions, Mesa believes the Georgia Litigations should be transferred to this Court. But whether or not the Transfer Motions are granted, the pending Motion must be heard because the Debtors have the independent right under Section 365 to seek authority to assume the Agreement, and the existence of the Georgia Litigations cannot abrogate that right.

Moreover, the Debtors' estates, including all creditors, have an interest in the prompt resolution of the Motion because the Court's ruling will have consequences on other aspects of these cases, including decisions regarding whether to assume or reject certain aircraft leases as well as the Debtors' ability to move quickly to the plan and confirmation stages. Therefore, Mesa does not believe this Court can or should await the outcome of the Transfer Motions or grant any relief that would delay adjudication of the Motion (e.g., lifting the automatic stay to allow one or both of the Georgia Litigations to proceed or abstaining until the Georgia Litigations are concluded).

Notably, on January 19, 2010, the Georgia District Court issued an Order staying the Delta MFN Litigation "indefinitely" and instructing the Clerk of the Court "to mark this case closed for statistical purposes." On the same day, the Georgia District Court issued anther Order staying the Delta ERJ Litigation "as to the counterclaim asserted by" Delta, and giving the parties 20 days to file a motion to stay the entire case. Copies of the Georgia District Court's January 19, 2010 Orders are enclosed as Tabs 10 and 11, respectively.

C. **Proposed Schedule**

Following our recent telephone conference with the Court, Mesa carefully considered how to resolve the tension between the Debtors' need for a prompt resolution of the Motion and Delta's stated desire of proceeding on the same six-month discovery schedule agreed to in the pre-petition commercial litigation between the parties, and is prepared to proceed as follows:

February 10  Delta serves and files its response to the Motion.

February 19  Deadline for serving written discovery demands on all issues other than the Termination Issue (the



              parties should be directed to complete any outstanding discovery on the Termination issue).

| | |
|---|---|
| March 10 | Completion of outstanding discovery on the Termination Issue. |
| March 22-24 | Trial on Termination Issue. |
| April 9 | Deadline for document production, and otherwise responding to written discovery on all issues other than the Termination Issue. |
| April 30 | Deadline for identification of experts, and production of expert reports, if any, relating to all issues other than the Termination Issue. |
| May 14 | Deadline for completing fact depositions, including third-parties relating to all issues other than the Termination Issue. |
| May 28 | Deadline for completing expert depositions, discovery completed. |
| June 14 | Trial to commence on all issues other than the Termination Issue. |

\* \* \* \*

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Honorable Martin Glenn
January 27, 2010
Page 8

    We look forward to discussing these issues further with the Court on February 3, 2010.

Respectfully submitted,

*Laura Davis Jones*
by: *John A. Morris*

Laura Davis Jones

Enclosures

cc:    Mr. Michael Lotz
       Brian Gillman, Esq.
       Richard Pachulski, Esq.
       G. Lee Garrett, Esq.
       Catherine M. O'Neil, Esq.
       Lorenzo Marinuzzi, Esq.
       Andrea B. Schwartz, Esq. (by hand delivery)
       (All via e-mail, with enclosures, unless noted otherwise)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELTA AIRLINES, INC.,

   Plaintiff,

vs.

MESA AIR GROUP, INC. and
FREEDOM AIRLINES, INC.,

   Defendants.

CIVIL ACTION NO.

1:09-CV-2267-CC

## ORDER

On January 7, 2010, Defendants Mesa Air Group, Inc. and Freedom Airlines, Inc. filed a Notice of Bankruptcy [Doc. No. 22]. Insofar as this matter may not proceed against Defendants until the close or dismissal of the bankruptcy case pursuant to 11 U.S.C. § 362(c)(2), the Court hereby **STAYS** this action indefinitely. The Court **INSTRUCTS** Defendants to notify the Court when this case can proceed to resolution.

The Clerk of Court is **INSTRUCTED** to mark this case closed for statistical purposes.

SO ORDERED this 19th day of January, 2010.

s/ CLARENCE COOPER

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MESA AIR GROUP, INC. and<br>FREEDOM AIRLINES, INC.,<br><br>         Plaintiffs,<br><br>vs.<br><br>DELTA AIR LINES, INC.,<br><br>         Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO.<br>:<br>:   1:08-CV-1334-CC<br>:<br>:<br>: |

## ORDER

On January 7, 2010, Plaintiffs Mesa Air Group, Inc. and Freedom Airlines, Inc. filed a Notice of Bankruptcy [Doc. No. 126]. Due to Plaintiffs' bankruptcy filing, Defendant's counterclaim against Plaintiffs may not proceed until the close or dismissal of the bankruptcy case pursuant to 11 U.S.C. § 362(c)(2). The Court accordingly **STAYS** these proceedings as to the counterclaim asserted by Defendant. The Court **INSTRUCTS** Plaintiffs to notify the Court when the counterclaim may proceed to resolution.

Insofar as the automatic stay does not extend to lawsuits initiated by the debtor, see Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004), Plaintiffs' filing of bankruptcy does not disrupt the continuation of these proceedings as to Plaintiffs' claims. If either party contends that this entire proceeding should be stayed, such party may file an appropriate motion within twenty (20) days of the date of this Order.

SO ORDERED this <u>19th</u> day of <u>January</u>, 2010.

*s/ CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE