MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK
NEW YORK 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

January 27, 2010

Writer's Direct Contact
212.468.8165
sengelhardt@mofo.com

BY ELECTRONIC FILING

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re: Mesa Air Group, Inc., Case No. 10-10018

Dear Judge Glenn:

We are the proposed counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-entitled Chapter 11 case. We write, pursuant to Your Honor's direction, to express the Committee's views regarding the most efficient and effective manner for adjudication of the Debtors' pending Motion for Authorization Pursuant to Section 365 of the Bankruptcy Code to Assume Code-Share Agreement, as Amended, with Delta Air Lines, Inc. (the "Motion").

As Your Honor is aware, the prospective outcome of two litigations pending in the United States District Court for the Northern District of Georgia may impact any decision by this Court on the Motion. The Committee understands that the earlier of these litigations (the "Termination Litigation") involves a threshold issue as to whether Delta properly terminated the Code-Share Agreement and that an adverse decision against the Debtors on that issue effectively could render the Motion moot. The Committee further understands that the second action (the "MFN Litigation") relates to certain most-favored nations provisions in the Code-Share Agreement and that discovery has yet to commence in that later-filed action. The Debtors have filed motions in the Northern District of Georgia seeking to transfer venue of both of those actions to this Court.

The Committee believes that judicial economy best will be served by this Court's initial resolution of the threshold issue regarding Delta's termination of the Code-Share Agreement presented by the Termination Litigation. The Debtors and Delta agreed during the January 21st conference call with Your Honor that little discovery remains to be taken in the Termination Litigation that raises this issue. The Committee believes, therefore, that the

potential preservation of the assets of the Debtors' estate will be served best by first having the discovery completed in the Termination Litigation followed by a hearing before this Court as to the propriety of the termination. The Committee believes that the Delta Code-Share Agreement represents an important source of revenue for the Debtors and clarity regarding whether the Debtors are able to assume that agreement is critical for the Committee to determine the appropriate approach to take for this Chapter 11 case and an eventual plan of reorganization. An adverse decision for the Debtors on the termination issue, at the earliest possible time, would signify that the Debtors may not be able to assume the agreement, and the parties-in-interest, including the Committee, would be able to adapt to that possibility in a timely fashion.

Should the Debtors prevail on the threshold issue presented by the Termination Litigation, the parties may then proceed to commence and complete the necessary discovery remaining for the MFN Litigation with a view to having any remaining issues in the Termination Litigation and the merits of the MFN Litigation heard before, and resolved by, this Court in as expeditious a fashion as possible. Again, because the Delta Code-Share Agreement represents a significant source of revenue for the Debtors' estates, the Committee believes it is crucial for these litigations to be heard by this Court and resolved in the context of this Chapter 11 case. Because the Committee has not been involved in either litigation and is unfamiliar with the discovery issues presented by each of the litigations, the Committee defers to the views of counsel for the Debtors regarding an appropriate schedule for discovery, briefing and trial of the remaining issues in the two litigations.

The Committee thanks Your Honor for this opportunity to present its views on this issue.

Respectfully submitted,

Stefan W. Engelhardt

cc.: Counsel of Record (by electronic filing)

ny-908981