# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
www.kslaw.com

Harris Winsberg, Esq.
Direct Dial: 404-572-4605
Direct Fax: 404-572-5100
hwinsberg@kslaw.com

January 27, 2010

Hon. Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *In re Mesa Air Group, Inc.*, Case No. 10-10018 (MG)

Dear Judge Glenn:

As you requested during the January 21, 2010 conference call, I write to set forth Delta Air Lines, Inc.'s ("Delta") position concerning a proposed schedule for resolving Mesa's motion to assume the 2005 code-share agreement between Mesa and Delta (the "Agreement"). As set forth more fully below, Delta believes that the motion to assume cannot be fully and fairly decided until the collateral litigation regarding whether the Agreement has been terminated is resolved. Accordingly, Delta requests that the Court adopt a schedule that permits sufficient time for remaining discovery and trial in the "ERJ Litigation," and for fact and expert witness discovery in the "MFN Litigation," both of which are currently pending before Judge Clarence Cooper of the United States District Court for the Northern District of Georgia.[1]

The following explains Delta's position with respect to the ERJ Litigation and the MFN Litigation, identifies discovery Delta believes would be helpful in connection with the motion to assume, and sets forth a proposed timeline for addressing all pending matters.

---

[1] The "ERJ Litigation" refers to *Mesa Air Group, Inc. and Freedom Airlines, Inc. v. Delta Air Lines, Inc.*, Civil Action 1:08-CV-1334-CC. The "MFN Litigation" refers to *Delta Air Lines, Inc. v. Mesa Air Group, Inc. and Freedom Airlines, Inc.*, Civil Action 1:09-CV-2267-CC.

The ERJ Litigation

The ERJ Litigation raises the threshold question of whether Delta properly and effectively terminated the Agreement in March 2008. If Delta is correct, there is no Agreement for Mesa to assume, because the Agreement was legally terminated well over a year before Mesa filed its bankruptcy petition. The ERJ Litigation, therefore, should be resolved before the Court considers Mesa's motion to assume the Agreement.

Mesa has recently moved the United States District Court for the Northern District of Georgia to transfer the ERJ Litigation to this Court. Delta plans to file a brief opposing that motion by January 30, 2010, because Delta firmly believes that transferring the ERJ Litigation would waste judicial resources. Indeed, as Mesa previously stated in papers submitted to the Northern District of Georgia, Judge Cooper has "invested much time and effort to understand the issues in [the ERJ Litigation], has reviewed batches of written discovery, and has conducted a three-day evidentiary hearing in which he was able to consider the testimony of numerous witnesses." Ex. A at 8. Judge Cooper issued a lengthy written order granting Mesa's motion for a preliminary injunction, and also held a status conference in September 2009, during which the parties discussed the schedule for completing discovery and the possibility of holding a trial by March, 2010. Transferring the ERJ Litigation to this Court not only will fail save time but also will prejudice Delta's right to a full hearing.

If the ERJ Litigation were to be transferred to this Court, this Court would start from scratch, and the parties would be required to present more extensive evidence and argument on the issues than they otherwise would do before Judge Cooper, who has the benefit of the significant prior proceedings that were conducted before him. Indeed, Mesa's counsel has indicated that, in a trial before Judge Cooper, Mesa would essentially rely upon the earlier record from the preliminary injunction hearing and not produce additional live witnesses. Delta would offer limited new evidence which was not presented at the preliminary hearing and play excerpts from deposition testimony and/or offer live testimony which Delta believes would seriously undermine the Court's original findings. Both parties likely would focus argument on the new evidence and the inconsistencies between that evidence and the record before the Court in May 2008. Such a streamlined presentation is possible because Judge Cooper is familiar with the issues and has had the benefit of hearing live testimony. It would be both difficult and prejudicial to Delta to conduct such a streamlined proceeding in this Court, where the Court has not had the opportunity to observe the witnesses.

For these reasons, Delta proposes a schedule that permits sufficient time for Judge Cooper to continue his work and bring the ERJ Litigation to a timely conclusion.[2] Judge Cooper's schedule permitting, and assuming that Mesa can make two witnesses available for

---

[2] The primary issue that must be resolved, in Delta's view, prior to consideration of the motion to assume, is whether Delta properly terminated the Agreement in March 2008. Delta's counterclaims could be resolved either before Judge Cooper or as part of a hearing on what defaults must be cured prior to assumption of the Agreement.

depositions and produce the few remaining documents that have been requested, Delta believes that it can be prepared for trial before Judge Cooper by March, if necessary.


The MFN Litigation

At issue in the MFN Litigation is whether Mesa is in default of the Agreement's "Most Favored Nations" provisions.[3] Delta has alleged that Mesa's past defaults under those provisions give rise to a damages claim of over $20 million, and that Mesa's defaults will continue each month until Delta exercises its right to terminate the Agreement for convenience in November 2012. Due to Mesa's continuing defaults, Delta estimates that it will accrue damages of roughly $1.5 million per month.[4]

Delta believes these claims must be resolved in order to determine whether Mesa can assume the Agreement. Simply stated, the Court cannot determine whether assumption is in the best interests of the Estate without knowing the size of any cure claim, whether Mesa can provide adequate assurance of a prompt cure, and whether Mesa can provide adequate assurance of future performance under the rates that should be applied to the Agreement.

The parties previously stipulated that the factual issues presented by the MFN Litigation are "exceptionally complex," that there will be "multiple use of experts," there are "highly technical issues and proof," and that an "extended discovery period is needed." *See* Ex. B (Joint Scheduling Order). Third party discovery will undoubtedly be required concerning (at a minimum) other Delta Connection carriers' costs and the costs Mesa charges to other code-share partners. The parties' jointly requested a six month discovery period, which was not yet underway when Mesa filed for bankruptcy protection. In fact, Mesa has even not answered the complaint in the MFN litigation, because a partial motion to dismiss remains pending before Judge Cooper.

---

[3] In addition, Mesa has indicated, both in its press releases and in papers filed in the MFN Litigation, that it intends to assert counterclaims against Delta for an alleged failure to schedule Mesa's aircraft on a "full time basis." No such counterclaim has been filed to date.

[4] In the first MFN provision, Mesa agreed that certain of the costs for which it seeks reimbursement from Delta would be the lowest of any Delta Connection carrier operating similarly configured aircraft. In the second, Mesa agreed that certain of its reimbursable costs would not exceed those Mesa charges to any other code-share partner. Delta has alleged that, since January 2009, Mesa's reimbursable costs have exceeded those of Pinnacle Airlines, which also operates 50-seat jets as part of the Delta Connection program, by roughly $1.5 million per month. Delta also alleges that Mesa has refused to provide information concerning costs it charges to other code-share partners. Delta seeks a judgment declaring that it has the right to terminate the ERJ Agreement immediately because of Mesa's material breach, and to recover the overpayments it made to the Debtors in 2009 and beyond.

Mesa has also moved the District Court in Atlanta to transfer the MFN Litigation to this Court. Delta disagrees with Mesa's claims that the MFN Litigation raises "the same issues of fact" as the ERJ Litigation, but Delta also recognizes that the two cases are in very different procedural postures. Accordingly, it may be equally efficient to resolve the MFN Litigation in this Court.

In light of the parties' joint acknowledgement of the highly complex nature of the MFN Litigation, the fact that the litigation remains in its earliest stages, and the importance of the resolution of that litigation to an assessment of the Debtor's eventual plan of reorganization, Delta is proposing a period of at least 90 days for fact discovery in connection with the case, and an additional 40 day period for expert discovery. Delta believes this condensed schedule strikes an appropriate balance between the need for discovery on Delta's claims and the desire to expeditiously resolve Mesa's motion to assume the Agreement.

Motion to Assume

In addition to the discovery identified above, Delta will need to take discovery in connection with the motion to assume. Specifically, Delta anticipates discovery on whether Mesa has the financial wherewithal to cure all defaults promptly under the contract. Moreover, Delta will need discovery on whether Mesa can provide adequate assurance of future performance that necessarily includes whether Mesa can present the Court with a viable business plan, particularly if Delta's position is correct in the MFN litigation. Expert testimony on these issues is likely.

Delta believes the discovery on the motion to assume can be conducted on a parallel track with discovery related to the MFN Litigation, thus allowing this Court to resolve both issues efficiently.

Delta's Proposed Litigation Schedule[5]

| | |
|---|---|
| January 29, 2010 | Delta files response in NDGA to Debtors' Motions to Transfer Venue in the ERJ Litigation and the MFN Litigation |
| February 3, 2010 | Hearing before Judge Glenn |
| | Delta to file Motion for Relief from Stay |

---

[5] Delta's schedule presumes that Mesa cooperates in making witnesses available for deposition, that Mesa timely produces all documents requested, and that the parties can obtain appropriate third-party discovery.

| | |
|---|---|
| February 12, 2010 | Parties to exchange document requests and other written discovery in MFN Litigation/Motion to Assume |
| February 26, 2010 | Discovery completed in ERJ Litigation |
| | Parties to serve third-party discovery in MFN Litigation |
| March 2010 | Seek to complete ERJ Litigation Trial before Judge Cooper |
| March 15, 2010 | Parties to produce documents in response to document requests and answer other written discovery |
| March 30, 2010 | Third-party document discovery complete |
| April 30, 2010 | Fact discovery completed in MFN Litigation/Motion to Assume |
| May 5, 2010 | Delta expert report(s) due in MFN Litigation |
| | Mesa expert report(s) due in Motion to Assume |
| May 19, 2010 | Expert depositions of Mesa/Delta experts completed |
| May 28, 2010 | Rebuttal expert reports due |
| June 11, 2010 | Expert depositions of rebuttal experts and expert discovery completed in MFN Litigation/Motion to Assume |
| June 30, 2010 | Parties to submit legal memoranda on MFN Litigation and Motion to Assume |
| July 14, 2010 | Parties to submit response briefs |
| By July 30, 2010 | Hearing conducted on MFN Litigation and Motion to Assume |

We appreciate your willingness to consider this schedule, and we look forward to discussing it in more detail at our in-court hearing on February 3.

Sincerely,

Harris Winsberg

cc: <u>VIA E-MAIL DELIVERY WITH EXHIBITS</u>
    Maria A. Bove
    G. Lee Garrett
    Catherine M. O'Neil