MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren

*Proposed Attorneys for the*
*Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| MESA AIR GROUP, INC., <u>et al</u>., | ) Case No. 10-10018 (MG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## NOTICE OF APPLICATION PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 13, 2010

**PLEASE TAKE NOTICE**, that the Official Committee of Unsecured Creditors (the

"Committee") of Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries in the

above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors") have filed an Application Pursuant To Sections 327(a), 328(a), and 1103 of the

Bankruptcy Code and Bankruptcy Rules 2014 and 2016 For Entry of an Order Authorizing the

Retention and Employment of Morrison & Foerster, LLP as Attorneys To the Official

Committee of Unsecured Creditors *Nunc Pro Tunc* To January 13, 2010 (the "Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held in connection with the Application (the "Hearing") on **February 24, 2010 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 510.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Application and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set forth the basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended by General Order M-269, by registered users of the Court's electronic case filing system (the User's manual for the Electronic case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served in accordance with General Order M-242 or by first-class mail upon each of the following: (i) counsel to the Committee, Morrison & Foerster LLP, Attention: Brett H. Miller, Esq., 1290 Avenue of the Americas, New York, New York 10104; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004, Attention: Andrea Schwartz, Esq.; (iii) Mesa Air Group, Inc., 410 North 44th Street, Suite 700, Phoenix, Arizona 85008, Attn: Brian Gilman, (iv) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra Grassgreen and Joshua M. Fried and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove, and (v) all parties that

have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service, so as to be received on or before **4:00 p.m. (prevailing Eastern time) on February 16, 2010**, or such shorter time as the Bankruptcy Court may hereafter order and of which you may receive subsequent notice.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Application, the Bankruptcy Court may deem any opposition waived, treat the Application as conceded, and enter an order granting the relief requested in the Application without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Application may be obtained at no charge at http://chap11.epiqsystems.com or for a fee via PACER at http://www.nysb.uscourts.gov.

Dated: January 29, 2010
New York, New York

Respectfully submitted,

/s/  Brett H. Miller
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Attorneys for the Official Committee of Unsecured Creditors*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren

*Proposed Attorneys for the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| MESA AIR GROUP, INC., et al., | ) | Case No. 10-10018 (MG) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**APPLICATION PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
MORRISON & FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 13, 2010**

The Official Committee of Unsecured Creditors (the "Committee") of Mesa Air Group,

Inc. and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"), by James Walter Grudus, Esq. of

AT&T Capital Services Co-Chairperson of the Committee, hereby submits this application (the

"Application") pursuant to sections 327(a), 328(a), and 1103 of the Bankruptcy Code and

Bankruptcy Rules 2014 and 2016 for entry of an order authorizing the retention and employment

of Morrison & Foerster LLP ("Morrison & Foerster" or the "Firm") as attorneys to the

Committee, *nunc pro tunc* to January 13, 2010.  In support of the Application, the Committee respectfully represents as follows:

<h3 style="text-align:center"><u>JURISDICTION, VENUE AND STATUTORY PREDICATE</u></h3>

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 327(a) of title 11, United States Code, 11 U.S.C. §§101-1532, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

<h3 style="text-align:center"><u>BACKGROUND</u></h3>

**A.        <u>The Chapter 11 Cases</u>**

2.        On January 5, 2010 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above captioned Chapter 11 cases.

3.        Pursuant to an order of this Court dated January 5, 2010, the Debtors' Chapter 11 cases are being jointly administered.

4.        The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.        On January 13, 2010, the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the seven (7) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.  On that same date, the Committee selected Air Line Pilots Association and AT&T Capital Services as its Co-Chairpersons.  Thereafter, the Committee selected Morrison & Foerster to serve as its counsel.

6.    No trustee or examiner has been requested or appointed the Debtors' Chapter 11 cases.

## RELIEF REQUESTED

7.    Subject to this Court's approval, the Committee seeks to employ Morrison & Foerster as their general bankruptcy counsel in connection with the commencement and prosecution of their Chapter 11 cases and all related matters, *nunc pro tunc* to January 13, 2010. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Debtors respectfully request that the Court enter an order authorizing the Committee to employ and retain Morrison & Foerster as their attorneys to perform the legal services that will be necessary during these Chapter 11 cases.

8.    Additional facts in support of the specific relief sought herein are set forth in the *Affidavit of Brett H. Miller* (the "Miller Affidavit,") attached hereto as <u>Exhibit B</u>, as well as below.

9.    Morrison & Foerster has extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code, and particular expertise in the specialized field of airline reorganizations.  The Committee believes this knowledge and experience makes Morrison & Foerster well qualified to act as the Committee's general bankruptcy counsel during the pendency of these Chapter 11 cases.

### A.    <u>Services to be Provided</u>

10.    The Committee anticipates that Morrison & Foerster will, in connection with these Chapter 11 cases and subject to orders of this Court, provide a range of services to the Committee, including but not limited to:

(a)     assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

(b)     attend meetings and negotiate with the representatives of the Debtors;

(c)     assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(d)     assist the Committee in the review, analysis and negotiation of any plan(s) of reorganization that may be filed and to assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any plan(s) of reorganization;

(e)     take all necessary action to protect and preserve the interests of the Committee and general unsecured creditors, including (i) possible prosecution of actions on their behalf, (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(f)     generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

(g)     appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(h)     perform all other necessary legal services in these cases.

**B.      Professional Compensation**

11.     Morrison & Foerster intends to apply for compensation for professional services rendered in connection with the Chapter 11 cases, subject to the Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, the fee guidelines established by the Executive Office of the United States Trustee and the Court's Orders, plus seek reimbursement of actual, necessary expenses and other charges that Morrison & Foerster incurs.

12.     Morrison & Foerster proposes to charge the Committee their standard rates for the services to be performed herein, subject to such agreements set forth herein.  Morrison &

Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. These hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere.[1] In particular, Morrison & Foerster's hourly rates for matters implicated in the Chapter 11 cases range as follows:

> (a)　　the hourly rates for partners range from $600 per hour to $950 per hour, based upon a variety of factors, including seniority and distinction and expertise in one's field;

> (b)　　the hourly rates for "of counsel" range from $395 per hour to $875 per hour;

> (c)　　the hourly rates for associates range from $295 per hour to $640 per hour, based upon year of graduation from law school; and

> (d)　　the hourly rates for paraprofessionals range from $165 per hour to $270 per hour.

13.　　The Debtors believe that these rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

14.　　The following professionals at Morrison & Foerster are presently expected to have primary responsibility for providing services to the Debtors in these Chapter 11 cases:[2]

| | | |
|---|---|---|
| Brett H. Miller | Bankruptcy Partner | $800 |
| Lorenzo Marinuzzi | Bankruptcy Partner | $700 |
| Todd M. Goren | Bankruptcy Associate | $625 |
| Erica J. Richards | Bankruptcy Associate | $490 |
| Stephen Koshgerian | Bankruptcy Associate | $370 |
| Laura Guido | Paraprofessional | $230 |
| Douglas Keeton | Paraprofessional | $195 |

---

[1]  In the event the hourly rates set forth herein are adjusted during the pendency of the Chapter 11 cases, Morrison & Foerster will provide the Bankruptcy Court and the Office of the United States Trustee with written notice of such new hourly rates.

[2]  Brett Miller and Lorenzo Marinuzzi's standard hourly rates are $875 and $750, respectively. However, pursuant to an agreement with the Committee, Morrison & Foerster has agreed to reduce Mr. Miller and Mr. Marinuzzi's rates to rates set forth below for the purpose of its representation of the Committee.

15. As these Chapter 11 cases proceed, Morrison & Foerster's representation of the Debtors may require the active participation of attorneys and paraprofessionals from other departments. To the fullest extent possible, attorneys having the requisite expertise who already have knowledge with respect to these areas and/or the matters involved will be assigned to these cases so that duplication of effort is avoided.

16. Morrison & Foerster will also be reimbursed, subject to the Court's approval, for all actual out-of-pocket expenses incurred by Morrison & Foerster on the Committee's behalf, such as copying, long distance telephone, travel expenses, overnight courier expenses, computer research and other disbursements, as more fully set forth in the Miller Affidavit. All requests for reimbursement of expenses will be consistent with guidelines established by the Bankruptcy Court and/or the Executive Office of the United States Trustee.

17. Morrison & Foerster has advised the Committee that no promises have been received by Morrison & Foerster, nor any partner, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, as to compensation in connection with these Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. Morrison & Foerster has also advised the Committee that neither Morrison & Foerster, nor any partner of Morrison & Foerster, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, has any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with these cases.

C. **Morrison & Foerster's Disinterestedness**

18. To the best of the Committee's knowledge, Morrison & Foerster does not hold or represent any interest adverse to the Debtors' estates and, except as disclosed in the Miller Affidavit, does not have any "connections" to the Debtors' creditors, affiliates, other parties in

interest and potential parties in interest, the Assistant United States Trustees for the Southern District of New York and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the Southern District of New York. Accordingly, Morrison & Foerster is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. To the extent that Morrison & Foerster is determined to have a conflict with respect to a particular client or matter, the Committee will utilize separate conflicts counsel.

19.     The Committee believes that the employment of Morrison & Foerster is necessary and in the best interests of the Debtors' estates, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

20.     As set forth in the Miller Affidavit, Morrison & Foerster has represented, currently represents and will likely in the future represent certain parties in interest or potential parties in interest in these Chapter 11 cases in matters unrelated to the Debtors, the Chapter 11 cases, or such entities' claims against the Debtors, and as part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 cases.

21.     Pursuant to section 327(c) of the Bankruptcy Code, Morrison & Foerster is not disqualified from acting as the Committee's counsel merely because it previously represented or currently represents the Debtors' creditors, or other parties in interest in matters unrelated to the Debtors or these Chapter 11 cases.

22.     As also set forth in the Miller Affidavit, Morrison & Foerster has in the past represented US Airways Inc., United Airlines Inc. and certain of its affiliates, and affiliates of

Delta Air Lines Inc., however, all matters for these parties are closed and none of those matters involved the Debtors.

23. Morrison & Foerster has advised the Committee that it will periodically review its files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise and if any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments by filing a supplemental affidavit.

24. Therefore, the relief requested in the Application is appropriate and should be granted by this Court.

## NOTICE

25. Notice of this Application has been provided by first-class mail, postage pre-paid to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors; (c) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors; and (d) all parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service. In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

26. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: January 29, 2010

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF MESA AIR
GROUP, INC., *ET AL.*

By: _____

Name: James Walter Grudus

Title: General Attorney

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| MESA AIR GROUP, INC., et al., | ) Case No. 10-10018 (MG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

**ORDER PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING
THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP
AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *NUNC PRO TUNC* TO JANUARY 13, 2010**

Upon the application, dated January 29, 2010, of the Official Committee of Unsecured
Creditors (the "Committee") of Mesa Air Group, Inc. and certain of its direct and indirect
subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession
(collectively, the "Debtors")[1], pursuant to sections 327(a), 328(a), and 1103 of the Bankruptcy
Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the Committee to
employ and retain the law firm of Morrison & Foerster LLP ("Morrison & Foerster") as their
attorneys *nunc pro tunc* to January 13, 2010 (the "Application");[2] and the Committee having
submitted the Miller Affidavit in support of the Application; and the Court being satisfied based
on the representations made in the Application and the Miller Affidavit that the partners, "of
counsel", associates and paraprofessionals of Morrison & Foerster who will be engaged in the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Chapter 11 cases represent no interest adverse to the Debtors' estates with respect to the matters upon which Morrison & Foerster is to be engaged, and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that pursuant to sections 327(a), 328(a), and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, and subject to the terms of this Order, the Committee is authorized to employ and retain Morrison & Foerster as their attorneys on the terms set forth in the Application and the Miller Affidavit, *nunc pro tunc* to January 13, 2010, to perform the services described therein; and it is further

ORDERED, that Morrison & Foerster shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, the guidelines established by the Executive Office of the United States Trustee and such other procedures as may be fixed by order of this Court; and it is further

ORDERED, that the Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____, 2010
      New York, New York

 

_____
The Honorable Martin Glenn
United States Bankruptcy Judge

**<u>Exhibit B</u>**

ny-907607

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MESA AIR GROUP, INC., <u>et al.</u>, | ) | Case No. 10-10018 (MG) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT OF BRETT H. MILLER IN SUPPORT OF**
**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a),**
**328(a), AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014**
**AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON**
**& FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 13, 2010**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

I, Brett H. Miller, being duly sworn, state the following under penalty of perjury.

1.     I am a partner in the law firm of Morrison & Foerster LLP ("Morrison &

Foerster" or the "Firm").   The Firm maintains offices for the practice of law, among other

locations in the United States and worldwide, at 1290 Avenue of the Americas, New York, New

York 10104.  I am an attorney duly admitted and in good standing to practice before the Court of

the State of New York, the United States District Courts for the Southern and Eastern Districts of

New York and the United States Courts of Appeal for the Second and Third Circuits.

2.     I submit this Affidavit (the "Affidavit") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") pursuant to sections 327(a), 328(a), and 1103 of title 11, United States Code, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order authorizing the retention and employment of Morrison & Foerster as attorneys to the Committee *nunc pro tunc* to January 13, 2010.  Except as otherwise indicated, the facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto.

## Services to be Provided

3.     Morrison & Foerster has extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code, and particular expertise in the specialized field of airline reorganizations.

4.     In connection with these Chapter 11 cases, the Committee has requested court authorization to retain Morrison & Foerster as attorneys for the Committee to advise the Committee with respect to the following matters:

(a) assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

(b) attend meetings and negotiate with the representatives of the Debtors;

(c) assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(d) assist the Committee in the review, analysis and negotiation of any plan(s) of reorganization that may be filed and to assist the Committee in the review,

analysis and negotiation of the disclosure statement accompanying any plan(s) of reorganization;

(e) take all necessary action to protect and preserve the interests of the Committee and general unsecured creditors, including (i) possible prosecution of actions on their behalf, (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(f) generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

(g) appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(h) perform all other necessary legal services in these cases.

## **Professional Compensation**

5.      In connection with its representation of the Committee, Morrison & Foerster will use its standard hourly rates in effect at the time that it performs professional services, subject to such agreements set forth herein.  As of the date of execution of this Affidavit, the ranges of Morrison & Foerster's hourly rates are as follows:

- the hourly rates for partners range from $600 per hour to $950 per hour, based upon a variety of factors, including seniority and distinction and expertise in one's field;

- the hourly rates for "of counsel" range from $395 per hour to $875 per hour;

- the hourly rates for associates range from $295 per hour to $640 per hour, based upon year of graduation from law school; and

- the hourly rates for paraprofessionals range from $165 per hour to $270 per hour.

6.      Morrison & Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  These hourly rates are subject to periodic adjustment to reflect economic

and other conditions and are consistent with the rates charged elsewhere.[1]  I believe that these

rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

   7.  The Morrison & Foerster attorneys and legal staff who are likely to perform the

significant services in the above-captioned cases and the hourly rates attributable to their work,

effective as of the date of this Affidavit, are as follows:[2]

| Brett H. Miller | Bankruptcy Partner | $800 |
| Lorenzo Marinuzzi | Bankruptcy Partner | $700 |
| Todd M. Goren | Bankruptcy Associate | $625 |
| Erica J. Richards | Bankruptcy Associate | $490 |
| Stephen Koshgerian | Bankruptcy Associate | $370 |
| Laura Guido | Paraprofessional | $230 |
| Douglas Keeton | Paraprofessional | $195 |

   8.  As these Chapter 11 cases proceed, Morrison & Foerster's representation of the

Committee may require the active participation of attorneys and paraprofessionals from other

departments, in addition to the attorneys and paraprofessionals assigned to these cases and listed

above.  To the fullest extent possible, attorneys having the requisite expertise who already have

knowledge with respect to these areas and/or the matters involved will be assigned to these cases

so that duplication of effort is avoided.  Consistent with the ranges of hourly rates described

above, the hourly rates of the other partners, "of counsel," associates and paraprofessionals that

hereafter may act for the Committee may be higher or lower than those of the persons listed

above.

---

[1]  In the event the hourly rates set forth herein are adjusted during the pendency of the Chapter 11 cases, Morrison & Foerster will provide the Bankruptcy Court and the Office of the United States Trustee with written notice of such new hourly rates.

[2]  Brett Miller and Lorenzo Marinuzzi's standard hourly rates are $875 and $750, respectively.  However, pursuant to an agreement with the Committee, Morrison & Foerster has agreed to reduce Mr. Miller and Mr. Marinuzzi's rates to rates set forth below for the purpose of its representation of the Committee.

9.     In addition to the hourly rates set forth above, Morrison & Foerster customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research and similar items.  Subject to this Court's order(s) with respect to the reimbursement of expenses, Morrison & Foerster will be seeking reimbursement of all such charges incurred on behalf of the Committee.

10.     No promises have been received by Morrison & Foerster, nor any partner, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, as to compensation in connection with the Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.  Neither Morrison & Foerster, nor any partner of Morrison & Foerster, any attorney who is "of counsel" to Morrison & Foerster or any associate of Morrison & Foerster, has any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with these cases.

11.     Morrison & Foerster intends to maintain detailed, contemporaneous time records and to submit fee applications to this Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines set forth by the Executive Office of the United States Trustee and any additional procedures that may be established by the Court in these Chapter 11 cases. Morrison & Foerster understands that interim and final fee awards are subject to approval by this Court and Morrison & Foerster has agreed to accept as compensation such sums as may be allowed by this Court.

## Disinterestedness and Disclosure of Connections

12.     In order to ascertain Morrison & Foerster's "connections," as that term is used in Bankruptcy Rule 2014, with the Debtors, the Debtors' creditors, and other parties in interest in these Chapter 11 cases, Morrison & Foerster's new business department, under the supervision of attorneys in the Bankruptcy & Restructuring Department, conducted an internal search to identify any "connections" with any creditors and parties in interest as of the Petition Date, as set forth on Appendix 1 hereto (collectively, the "Interested Parties").  This internal inquiry regarding the Interested Parties was performed by Morrison and Foerster's new business department consistent with its normal and customary practices using Morrison & Foerster's conflict database to determine if Morrison & Foerster currently represents or formerly represented any of the Interested Parties.  As set forth on Appendix 1, the following is a list of the categories of Interested Parties that Morrison & Foerster has searched to date:

1.   The Debtors and Affiliated Entities

2.   The Debtors' Directors

3.   Secured Lenders

4.   Significant Noteholders

5.   Significant Litigation Claimants

6.   Shareholders Holding More than 5% Equity Interests

7.   The Debtors' Professionals

8.   Largest Unsecured Creditors

9.   Unions

10. United States Bankruptcy Judges in the Southern District of New York

11. United States Trustee for the Southern District of New York (and Assistant United States Trustees and Trial Attorneys)

12. Other Parties In Interest

ny-907607

13.     Morrison & Foerster searched the names of the Interested Parties in a computer system containing the names of current and former clients of Morrison & Foerster.  This search revealed that certain Interested Parties are or may be current or former Morrison & Foerster clients, as identified on the list attached to this Affidavit as <u>Appendix 2</u>.  None of the current and former clients listed on <u>Appendix 2</u> represented one percent (1%) or more of Morrison & Foerster's client billings for the 2009 fiscal year.

14.      Based on the results of this search, and through direct inquiries with Morrison & Foerster attorneys as necessary, it was determined that the representation of the Interested Parties disclosed on <u>Appendix 2</u> hereto concerned matters in which such clients were not adverse to the Debtors or the Debtors' estates.

15.     The status of entities listed as Interested Parties on <u>Appendix 1</u> may have changed or could change during the pendency of the Chapter 11 cases without our knowledge.  Morrison & Foerster will periodically review its files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

<b><u>Specific Disclosures</u></b>

16.     Morrison & Foerster does not hold or represent any interest adverse to the Debtors' estates and, except as disclosed below, does not have any "connections" to the Debtors' creditors, affiliates, other parties in interest and potential parties in interest, the Assistant United States Trustees for the Southern District of New York and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the Southern District of New York.  Accordingly, Morrison & Foerster is a "disinterested person," as that term is defined in section

7

101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and Morrison & Foerster's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

17.     As specifically set forth below and in the attached appendices, Morrison & Foerster represents or has represented certain of the Debtors' creditors or other parties in interest in matters unrelated to the Debtors and these Chapter 11 cases; however, none of the representations described herein are materially adverse to the interests of the Debtors' estates.

18.     As part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 cases.

19.     Pursuant to section 327(c) of the Bankruptcy Code, Morrison & Foerster is not disqualified from acting as the Committee's counsel merely because it previously represented or currently represents the Debtors' creditors, or other parties in interest in matters unrelated to the Debtors or these Chapter 11 cases.

20.     In addition, Morrison & Foerster has in the past represented US Airways Inc., United Airlines Inc. and certain of its affiliates, and affiliates of Delta Air Lines Inc., however, all matters for these parties are closed and none of those matters involved the Debtors.

21.     Morrison & Foerster will not represent Committee in an adversary proceeding or other litigation against any client of Morrison & Foerster without obtaining appropriate waivers where necessary or appropriate.  In addition, Morrison & Foerster will not represent any client in any matter involving the Debtors or these Chapter 11 cases while retained as the Committee's counsel in these Chapter 11 cases.

22.    To the extent the Committee seeks to retain additional professionals to represent the Committee in any matters relating to these Chapter 11 cases, Morrison & Foerster will make all reasonable efforts not to duplicate the services rendered by these professionals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2010

/s/ Brett H. Miller
Brett H. Miller

Sworn to before me on this
29th day of January 2010

/s/ Melissa A. Hager
Notary Public

MELISSA A. HAGER
Notary Public, State of New York
No. 02HA5024023
Qualified in New York County
Commission Expires February 22, 2010

**MESA AIR GROUP, INC., *ET AL.***

**LIST OF PARTIES IN INTEREST SEARCHED**

**Debtor Entities**
Air Midwest, Inc.
Freedom Airlines, Inc.
Mesa Air Group, Inc.
Mesa Air Group Airline Inventory
Management, LLC
Mesa Air New York, Inc.
Mesa Airlines, Inc.
Mesa In-Flight, Inc.
MPD, Inc.
Nilchi, Inc.
Patar, Inc.
Regional Aircraft Services, Inc.
Ritz Hotel Management Corp.

**Directors**
Jonathon Ornstein
Michael J. Lotz
Daniel J. Altobello
Robert Beleson
Carlos E. Bonilla
Joseph L. Manson
Peter F. Nostrand
Maurice A. Parker
Richard R. Thayer
Brian Gillman
Christopher Pappaioanou

**Secured Lenders**
AAR Corp.
Ameritech Credit Corporation
BCI Aircraft Leasing
Bombardier
Bombardier Services Corp.
Brafco
CIT Group
Citibank
Citicorp North America
Compass Bank
Craft
Debis Financial Services
EDC
Fleet Bank
Fluid Aviation, LLC
GE

GE Commercial Aviation Services
General Electric Credit Corporation
National City Leasing Corporation
Pacific Century Leasing Inc.
Phillip Morris Credit Corp
Raspro
Phillip Morris Credit Corp
Raytheon
Transamerica Finance
Wonderfulworld Holding BV

**Significant Noteholders**
Acuity Capital Management, LLC
Argent Funds Group, LLC
Anchorage Advisors LLC
Bank of Ireland
Bank of Scotland
BNP Paribas Arbitrage SNC
Cetus Capital, LLC
Citi Global Markets, Inc.
Duquesne Capital Management
Fir Tree Partners
Geode Capital Management, LLC
Lampe, Conway & Co.
Marathon Asset Management
Quattro Global Capital, LLC
QVT Financial LP
Varde Partners Inc.
WilmerHale
Wolverine Asset Management, LLC
York Capital

**Significant Litigation Claimants**
Association of Flight Attendants, AFL-CIO
Carole Diamond
Decedent Walter Hilderbrand – executrix
Brenda Hilderbrand
Delta Air Lines, Inc.
Emily Gillette
FAA/MMAC
Jodi Harmon
Randy Klinckhardt
Robert Herbstreith
Roy Oliver
TSA

United Air Lines, Inc.
US Airways, Inc.

**Shareholders Holding More than 5% Equity**
AAR Corp.
Deutsche Bank
Goldman Sachs
LC Capital Master Fund, Ltd.
Zazove Associates

**Professionals**
Deliotte & Touche
Imperial Capital, LLC
Jones Day

**Largest Unsecured Creditors**
AAR Corp.
AT&T Capital Services
Avmax
Bank of Hawaii
Bombardier
Bombardier Services Corp.
Cargill
Debis Financial Services
Embraer
Fleet Bank
Fluid Aviation
Fokker Services, Inc.
GE Capital Aviation Services (GECAS)
GE Engine Services
Goodrich
Holiday Inn
IHI Corporation
Invissement Quebec
Messier Services Americas
NCBE
Northstar
Phillip Morris Credit Corp.
PNC
Pratt & Whitney Canada
Pratt & Whitney Engine Service
Rolls-Royce
SW Holding Trust
Swissport USA, Inc.
TransAmerica
US Bank National Assoc.
Wells Fargo Equipment Finance
Wonderfulworld Holding BV

**Unions**
Air Line Pilots Association
Association of Flight Attendants, AFL-CIO

**Other Parties in Interest**
Internal Revenue Service
Federal Communications Commission

**United States Bankruptcy Court Judges – SDNY**
Chief Judge Stuart M. Bernstein
Judge Prudence C. Beatty
Judge Robert D. Drain
Judge Robert E. Gerber
Judge Martin Glenn
Judge Arthur J. Gonzalez
Judge Allan L. Gropper
Judge Burton R. Lifland
Judge Cecelia G. Morris
Judge James M. Peck

**United States Trustees Office- SDNY (Assistant U.S. Trustees and Trial Attorneys)**
Linda A. Riffkin (Assistant U.S. Trustee)
Tracy Hope Davis (Assistant U.S. Trustee)
Elisabetta Gasparini
Susan Golden
Nazar Khodorovsky
Alicia M. Leonhard
Marylou Martin
Brian S. Masumoto
Serene Nakano
Richard C. Morrissey
Andrea B. Schwartz
Paul K. Schwartzberg
Andy Velez-Rivera
Greg M. Zipes

# APPENDIX 2

## MESA AIR GROUP, INC., *ET AL.*

## SPECIFIC DISCLOSURES REGARDING PARTIES IN INTEREST

| NAME SEARCHED OR PROVIDED BY CLIENT | CATEGORY OF PARTY IN INTEREST | NOTES |
|---|---|---|
| **Air Line Pilots Association** | **Unions** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Bank of Hawaii** | **Largest Unsecured Creditors** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Bank of Ireland** | **Significant Noteholders** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Bank of Scotland** | **Significant Noteholders** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Cargill Inc** | **Largest Unsecured Creditors** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **CIT Group** | **Secured Lenders** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Citibank NA** | **Secured Lenders** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Citicorp North America** | **Secured Lender** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Compass Bank** | **Secured Lender** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Deloitte & Touche** | **Professionals** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |

| | | |
|---|---|---|
| **Delta Air Lines Inc** | **Significant Litigation Claimants** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Deutsche Bank** | **Shareholders Holding More than 5% Equity** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Fleet Bank** | **Secured Lenders / Largest Unsecured Creditors** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **General Electric** | **Secured Lenders** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Goldman Sachs** | **Shareholders Holding More than 5% Equity** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Goodrich Corp** | **Largest Unsecured Creditors** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Holiday Inn** | **Largest Unsecured Creditors** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **IHI Corp** | **Largest Unsecured Creditors** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Jones Day** | **Professionals** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Marathon Asset Management** | **Significant Noteholders** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Northstar** | **Largest Unsecured Creditors** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Phillip Morris Credit Corp** | **Secured Lenders / Largest Unsecured Creditors** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |

| | | |
|---|---|---|
| **PNC** | **Largest Unsecured Creditors** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Quattro Global Capital LLC** | **Significant Noteholders** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Raytheon** | **Secured Lenders** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Rolls Royce PLC** | **Largest Unsecured Creditors** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **Transamerica Finance** | **Secured Lenders / Largest Unsecured Creditors** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **United Air Lines Inc** | **Significant Litigation Claimants** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **US Airways Inc** | **Significant Litigation Claimants** | M&F HAS IN THE PAST REPRESENTED THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |
| **US Bank NA** | **Largest Unsecured Creditors** | M&F CURRENTLY REPRESENTS THIS ENTITY AND/OR CERTAIN AFFILIATES OR SUBSIDIARIES IN MATTERS WHOLLY UNRELATED TO THE DEBTORS' CHAPTER 11 CASES |