GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-801-9200
Fax: 212-801-6400 fax
       *and*
GREENBERG TRAURIG, LLP
Diane E. Vuocolo, Esquire
Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: 215-988-7803
Fax: 215-717-5230
E-mail: vuocolod@gtlaw.com
*Attorneys for Bank of Hawaii Leasing, Inc.*

Hearing Date: February 9, 2010
Hearing Time: 3:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al*.,<br><br>              Debtors. | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**BANK OF HAWAII LEASING, INC.'S OBJECTION TO DEBTORS'**
**MOTION FOR ORDER PURSUANT TO SECTIONS 105, 363, 365, 554, AND 1110**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004, 6006, AND**
**6007 FOR (I) AUTHORIZATION TO (A) REJECT LEASES RELATING TO**
**CERTAIN AIRCRAFT AND OTHER RELATED EQUIPMENT, (B) ABANDON**
**CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, (C)**
**TRANSFER TITLE TO CERTAIN AIRCRAFT, ENGINES, AND OTHER**
**RELATED EQUIPMENT, AND (D) SATISFY THE SURRENDER AND RETURN**
**REQUIREMENTS UNDER THE BANKRUPTCY CODE, AND**
**(II) APPROVAL OF RELATED NOTICES AND PROCEDURES**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Bank of Hawaii Leasing, Inc., f/k/a Pacific Century Leasing, Inc. ("**BOH**") by and

through its undersigned counsel, hereby responds to the *Debtors' Motion For Order Pursuant To*

*Sections 105, 363, 365, 554, And 1110 Of The Bankruptcy Code And Bankruptcy Rules 6004,*

*6006, And 6007 For (I) Authorization To (A) Reject Leases Relating To Certain Aircraft And*

*Other Related Equipment, (B) Abandon Certain Aircraft, Engines, And Other Related Equipment, (C) Transfer Title To Certain Aircraft, Engines, And Other Related Equipment, And (D) Satisfy The Surrender And Return Requirements Under The Bankruptcy Code, And (II) Approval Of Related Notices And Procedures* (the **"Rejection Procedures Motion"**), filed on behalf of the debtors herein (the "**Debtors**") on January 25, 2010 [Docket No. 168], and respectfully represents as follows:

### Relevant Background Facts

1.	On January 5, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.	BOH is owner participant with respect to a certain Canadair Regional Jet CL-600-2B19 aircraft, bearing United States Registration Number N17156 (the **"N17156 Aircraft"**), pursuant to (a) that certain Trust Agreement dated as of May 27, 1997, by and between BOH, as owner participant, and First Security Bank, National Association, n/k/a Wells Fargo Bank Northwest, N.A., as owner trustee (the **"N17156 Owner Trustee"**), (b) that certain Trust Indenture and Security Agreement dated May 27, 1997, by and among the Owner Trustee and State Street Bank and Trust Company, n/k/a Fleet National Bank, as indenture trustee (the **"N17156 Indenture Trustee"**).

*PHI 316,536,586v2*

3. The N17156 Owner Trustee leased the N17156 Aircraft to Mesa Airlines, Inc. pursuant to that certain Lease Agreement dated as of May 27, 1997 (the **"N17156 Lease"**), by and between the N17156 Owner Trustee and Mesa Airlines, Inc.

4. BOH is owner participant with respect to a certain Canadair Regional Jet CL-600-2B19 aircraft, bearing United States Registration Number N27185 (the **"N27185 Aircraft"**), pursuant to (a) that certain Trust Agreement dated as of October 31, 1997, by and BOH, as owner participant, and First Security Bank, National Association, n/k/a Wells Fargo Bank Northwest, N.A., as owner trustee (the **"N27185 Owner Trustee"**), (b) that certain Trust Indenture and Security Agreement dated May 27, 1997, by and among the Owner Trustee and State Street Bank and Trust Company, n/k/a U.S. Bank Corporate Trust Services, as indenture trustee (the **"N27185 Indenture Trustee"**), and all agreements, documents and instruments executed in connection therewith.

5. The N27185 Owner Trustee leased the N27185 Aircraft to Mesa Airlines, Inc. pursuant to that certain Lease Agreement dated as of October 31, 1997 (the **"N27185 Lease"**), by and between the N27185 Owner Trustee and Mesa Airlines, Inc.

6. On January 25, 2010, the Debtors filed the Rejection Procedures Motion seeking entry of an order, among other things, establishing procedures for the Debtors to file notices of rejection (**"Rejection Notices"**) of certain leases of aircraft, engines and related equipment (the "**Rejection Procedures**").

<u>Argument</u>

7. The Rejection Procedures Motion must be denied because the Debtors' proposed Rejection Procedures: (1) improperly and impermissibly abridge the rights of lessors to adequate notice with respect to Rejection Notices, and violate the express requirements of Local

3

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules") 6006-1(a) and 9006-1(b); and (2) fail to comply with the return requirements established by Section 1110(c) of the Bankruptcy Code.

**I.  The Rejection Procedures Motion Must Be Denied Because The Proposed Rejection Procedures Provide For Lessors To Receive Notice Of Less Than The Ten (10) Days Required By Local Bankruptcy Rules 6006-1(a) and 9006-1**

8.      The Debtors' proposed Rejection Procedures provide that:

> The Debtors' rejection of the applicable Lease that is rejected pursuant to these procedures . . . will be effective as of the fifth (5th) business day after the date of service of the [Rejection Notice] (as to such subsequently rejected leases and abandoned equipment, the "Effective Date") if no objection thereto is filed and served by 4:00 p.m. (prevailing Eastern Time) of said 5th business day.

*Rejection Procedures Motion*, ¶ 27(b).

9.       Local Bankruptcy Rule 6006-1(a) requires that:

> A motion to assume, reject, or assign an executory contract or unexpired lease shall be served in accordance with the time limits set forth in Local Bankruptcy Rule 9006-1(b), which may be waived or modified upon the written consent of all parties entitled to notice of the motion.

*Local Bankruptcy Rule 6006-1(a)*.

10.     Specifically, Local Bankruptcy Rule 9006-1(b) requires that "motion papers shall be served at least 10 days before the return date." *Local Bankruptcy Rule 9006-1(b)*.

11.     In according lessors under rejected leases only five (5) business days after service of the applicable Rejection notice, the Debtors' Rejection Procedures improperly and impermissibly abridge the rights of lessors to adequate notice, and violate the express requirements of Local Bankruptcy Rules 6006-1(a) and 9006-1(b).

12.     Because the Debtors' Rejection Procedures abridge lessors' right to sufficient notice, the Rejection Procedures Motion must be denied.

PHI 316,536,586v2

**II.     The Rejection Procedures Motion Must Be Denied Because The Proposed Rejection Procedures Fail To Comply With The Return Requirements Set Forth In Section 1110(c) Of The Bankruptcy Code**

13.     The Debtors' proposed Rejection Procedures are inconsistent with the express provisions of Section 1110 of the Bankruptcy Code.

14.     Section 1110(c) of the Bankruptcy Code provides that:

> In any case under this chapter, the trustee shall immediately surrender and return to a secured party, lessor, or conditional vendor, described in subsection (a)(1), equipment described in subsection (a)(3), if at any time after the date of the order for relief under this chapter such secured party, lessor, or conditional vendor is entitled pursuant to subsection (a)91) to take possession of such equipment and makes a written demand for such possession to the trustee.

11 U.S.C. § 1110(c).

15.     The obligation to surrender and return includes an obligation to comply as well with applicable provisions of the lease that govern the conditions of the lease aircraft and/or equipment.   The right to enforce those provisions is confirmed by Section 1110(a)(1), which states that:

> Except as provided in paragraph (2) and subject to subsection (b), the right of a secured party with a security interest in equipment described in paragraph (3), or of a lessor or conditional vendor of such equipment in compliance with a security agreement, lease, or conditional sale contract, and to enforce any of its other rights or remedies, under such security agreement, lease, or conditional sale contract, to sell, lease, or otherwise retain or dispose of such equipment, is not limited or otherwise affected by any other provisions of this title or by any power of the court.

11 U.S.C. § 1110(a)(1).

16.     Section 5 of each of the N17156 Lease and the N27185 Lease enumerates the requirements for the return of the N17156 Aircraft, including (i) that "Lessee, at its own expense will return the Aircraft to Lessor at Lessee's principal operating facility in Farmington, New Mexico, or, if Lessor so elects, at any other location selected by Lessor in the continental United

States on Lessee's route system" . . . and (ii) that the N17156 Aircraft "shall be in a regular passenger configuration used by Lessee and in as good condition as when originally delivered to Lessee, ordinary wear and tear excepted, and otherwise in the condition required t be maintained under Lessee's FAA-approved maintenance program." N17156 Lease, Section 5; N27185 Lease, Section 5.

17.     Contrary to the express language and the spirit of Section 1110 of the Bankruptcy Code, the Debtors' proposed Rejection Procedures seek to abridge the contractual rights of lessors, including BOH, under the applicable leases.

18.     Because the Debtors' proposed Rejection Procedures fail to comply with the express requirements of Section 1110 of the Bankruptcy Code and the terms of the N17156 Lease and the N27185 Lease, the Rejection Procedures Motion must be denied.

## Reservation Of Rights

19.     BOH reserves its right to further object to the Rejection Procedures Motion on any and all grounds prior to any hearing on the Rejection Procedures Motion.

PHI 316,536,586v2

WHEREFORE, Bank of Hawaii Leasing, Inc. respectfully requests that the Court (a) deny the relief requested in the Rejection Procedures Motion, and (b) grant such other and further relief as this Court deems just and proper.

Dated: February 2, 2010

/s/ Diane E. Vuocolo
Diane E. Vuocolo, Esquire (4080941)
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-801-9200
Fax: 212-801-6400 fax
        and
GREENBERG TRAURIG, LLP
Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: 215-988-7803
Fax: 215-717-5230
E-mail: vuocolod@gtlaw.com
Attorneys for Bank of Hawaii Leasing, Inc.