WINSTON & STRAWN LLP
Daniel McGuire
Gregory M. Gartland
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for M&T Bank*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------x
                                    :   Chapter 11
In re:                              :
                                    :   Case No. 10-10018 (MG)
Mesa Air Group, Inc., et al.,       :
                                    :   (Jointly Administered)
               Debtors.             :
                                    :
--------------------------------------------------x
```

**LIMITED OBJECTION OF M&T BANK TO DEBTORS' MOTION FOR
ORDER PURSUANT TO SECTIONS 105, 363, 365, 554, AND 1110 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 6004, 6006, AND 6007
FOR (I) AUTHORIZATION TO (A) REJECT LEASES RELATING TO
CERTAIN AIRCRAFT AND OTHER RELATED EQUIPMENT, (B)
ABANDON CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED
EQUIPMENT, (C) TRANSFER TITLE TO CERTAIN AIRCRAFT, ENGINES,
AND OTHER RELATED EQUIPMENT, AND (D) SATISFY THE
SURRENDER AND RETURN REQUIREMENTS
UNDER THE BANKRUPTCY CODE, AND
(II) APPROVAL OF RELATED NOTICES AND PROCEDURES**

M&T Bank, as successor in interest to M&T Credit Services LLC, which itself was

successor in interest to First National Bank of Maryland ("M&T"), by and through its attorneys,

hereby objects (the "Limited Objection") to the Debtors' motion (the "Abandonment Motion")

for an order for authorization to reject leases relating to certain aircraft and other related

equipment, abandon certain aircraft, engines, and other related equipment, transfer title to certain

aircraft, engines, and other related equipment, and satisfy the surrender and return requirement

under the Bankruptcy Code, and approval of related notices and procedures (the "Abandonment Procedures").  In support of its Limited Objection, M&T respectfully states as follows:

## Preliminary Statement

1.       While M&T has no general objection with the rejection and abandonment process described in the Abandonment Motion and understands (and is prepared to proceed cooperatively under) the economic and time constraints faced by the Debtors, the proposed return provisions for Excess Equipment[1] and the form of Abandonment Order submitted by the Debtors unduly prejudice M&T (and all other owners and lessors of Excess Equipment) in violation of Sections 365 and 1110 of the Bankruptcy Code.  The Court should either decline to approve the Abandonment Motion or require the Debtors to modify the proposed return and abandonment provisions, and the Abandonment Order, to address these issues.

## The M&T Leases

2.       M&T is an owner participant of two de Havilland DHC 8-202 airframes equipped with Pratt & Whitney engines, model number PW123D (collectively, the "Aircraft") which were leased to the Debtors prepetition subject to Lease Agreements dated as of July 31, 1996 ("M&T Leases").  The Aircraft are listed on Schedule A-2 to the Abandonment Motion as Leased Equipment That May be Subsequently Rejected.

## Certain Aspects of the Relief Requested in the Abandonment
## Motion is Prejudicial to Owners and Lessors and in Contravention
## of the Bankruptcy Code

3.       In the Abandonment Motion, the Debtors request entry of an order which grants the Debtors, among other things, the  right to ignore the terms of the M&T Leases, unilaterally

---

[1]       Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the Abandonment Motion.

decide the nature of return of Excess Equipment (including the Aircraft), including the right to swap engines among airframes leased to the Debtors "subject to a lease or security agreement with the same counterparty (including owner participants) or such counterparty granted a security interest in such lease or security agreement to a common lender or group of lenders…." [Abandonment Order p. 7], the right to deliver airframes, *sans* engine, if the "applicable engines are not on-wing", with no time limit on delivery of the proper engine [*Id.*] and therefore, by extension, use the Excess Equipment (including the Aircraft) until they are on the brink of mechanical failure while ignoring the maintenance and return provisions of the applicable leases (including the M&T Leases).

4.       In seeking such relief, the Debtors seek an end around the fundamental requirement that a lessee of personal property perform all of its obligations under §365(d)(5) and the requirements of return of leased aircraft found in 1110(c) of the Bankruptcy Code.

<u>**Limited Objection**</u>

***Under the Bankruptcy Code, the Debtors Must Perform All Obligations of a Personal Property Lease***

5.       The M&T Leases require regular maintenance to maintain the Aircraft in flight worthy condition.  Specifically, the M&T Leases require the Debtors, at their own cost and expense, to:

> "**maintain, service, repair, and overhaul (or cause to be maintained, serviced, repaired, and overhauled) the Aircraft ... so as to keep the Aircraft in as good condition as when originally delivered ... ordinary wear and tear excepted....**"
>
> **M&T Leases Section 7(a)(i)(B)**

6.       The Abandonment Procedures contemplate no such maintenance, and in fact

allow the Debtors to return the Aircraft in virtually useless condition and potentially in pieces. [Abandonment Order pp. 6-7]  Based on the Abandonment Motion, M&T has no way of knowing when it will receive the Aircraft, or in what condition, only that it will receive a mere 5 business days notice.

7.      Further, each M&T Lease includes an elegant and elaborate return mechanism for the Aircraft at the end of the lease term, negotiated at arms' length between M&T and the Debtors and require, among other things "the airframe be fully equipped with the engines installed thereon and the engines will be fully equipped with the propellers installed thereon", certain of the maintenance checks be performed and the Aircraft returned either to the Debtors' facility in Farmington, New Mexico, or, if M&T elects, Denver International Airport. *See generally*, Section 5 of the M&T Leases.  M&T expects these provisions to be complied with in full until rejection or termination.

8.      Section 365(d)(5) provides, in relevant part:

> **The trustee shall timely perform all of the obligations of the debtor ... first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected…**

9.      In seeking the Court's imprimatur to return the Aircraft in substandard condition at the outset of its case, the Debtors are requesting the Court waive the provisions of Section 365(d)(5) for the duration of the case.  This request is improper and severely prejudicial to lessors and secured creditors, in the present case and in others. The Debtors must conduct all regularly scheduled maintenance *until* rejection. They cannot seek to renegotiate the terms of the Aircraft leases through the Abandonment Motion.

*The Abandonment Procedures Fail to Satisfy the Requirements of Section 1110(c) of the Bankruptcy Code*

10.     The Debtors' claim that the relief requested in the Abandonment Motion "is substantially similar to relief granted in other large chapter 11 cases in the airline industry" and therefore meets the requirements of §1110(c) is incorrect. [Abandonment Motion ¶38].  In fact the relief they seek appears novel and improper.

11.     To confirm, M&T does not object to the Debtors' right to reject leases or abandon equipment, or even to the right to establish procedures now for rejections to occur in the future. M&T does, however, object to the extent the Debtors seek to ignore the return provisions of the M&T Leases, deliver airframes separately from engines, with engines belonging to another aircraft leased by the same party or in a condition which is not in compliance with the maintenance requirements of the M&T Leases.

12.     In fact, the proposal to deliver aircraft to their owners or security interest holders separately from engines, or to swap engines among airframes in a lessor's portfolio runs directly counter to the relief granted in the very cases cited by the Debtors (in ¶38 of the Abandonment Motion), none of which grant such relief.

13.     The order cited from *In re FLYi*, Case No. 05-20011 (MFW) (Bankr. D.Del. Dec. 5, 2005) [Docket No. 290] includes explicit return provisions most closely similar to those to be found in the Abandonment Order.  The *FLYi* order clearly contemplates return of rejected aircraft *with* the corresponding engines attached.  There is only one express exception for an engine described in that order as "non-working."

14.     Thus, the cases cited by Debtors as support for the requested relief actually offer no support for their request that the Court bless their request not to maintain Date-To-Be-

Determined Equipment or return such equipment in pieces.

15.     In fact, the other orders cited by the Debtors are silent on the manner in which engines and airframes to be returned.  It appears the Debtors' request is extraordinary, novel and should not be granted by this Court.

### **Reservation of Rights**

16.     M&T reserves its rights to amend, modify, and/or supplement this Limited Objection.  M&T further reserves all of its rights with respect to the M&T Leases, including, without limitation, its rights to post-petition performance by the Debtors under the M&T Leases and its rights to request the Court to compel assumption, rejection or payment of the M&T Leases.

[Remainder of this page is intentionally left blank]

## **Conclusion**

For the foregoing reasons, M&T respectfully urges this Court to decline to approve the Abandonment Procedures and the Abandonment Order in their current form and require the Debtors to comply with their obligations (including their evidentiary obligations) under section 365 and 1110 of the Bankruptcy Code.

Dated: February 2, 2010                    Respectfully submitted,

By:     /s/ Gregory M. Gartland
Daniel McGuire
Gregory M. Gartland
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (Fax)

Attorneys for M&T Bank