454972.doc
2793.224

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:

**MESA AIR GROUP, INC., et al.**

                Debtors.

**Chapter 11**

**Case No. 10-10018**

_____

**INTEGRA BANK, N.A.'S AND IBNK LEASING CORP. (FORMERLY NCBE LEASING CORP) OBJECTION TO DEBTORS' MOTION FOR ORDER (A) ESTABLISHING PROCEDURES AUTHORIZING DEBTORS', SUBJECT TO SUBSEQUENT COURT APPROVAL, TO PERFORM OBLIGATIONS AND CURE DEFAULTS PURSUANT TO SECTION 1110(A) OF THE BANKRUPTCY CODE AND TO ENTER INTO AGREEMENTS TO EXTEND THE SIXTY DAY PERIOD SPECIFIED IN SECTION 1110(A) PURSUANT TO SECTION 1110(B) OF BANKRUPTCY CODE AND (B) AUTHORIZING THE FILING OF REDACTED SECTION 1110(A) ELECTION NOTICES AND SECTION 1110(B) AGREEMENTS UNDER SEAL**

Integra Bank, N.A. and IBNK Leasing Corp., formerly known as NCBE Leasing Corp., ("Integra") for the reasons stated below objects to Debtors' Motion (A) Establishing Procedures Authorizing Debtors', Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults Pursuant to Section § 11110(A) of the Bankruptcy Code and to Enter into Agreements to Extend the Sixty Day Period Specified in Section §11110(A) Pursuant to Section 1110(B) of the Bankruptcy Code and (B) Authorizing the Filing of Redacted Section 1110(A) Election Notices and Section 1110(B) Agreements under Seal (the "Motion").

**SECTION I**
**PRELIMINARY STATEMENT**

Section 1110 of Chapter 11 of Title 11 in the United States Bankruptcy Code (the "Bankruptcy Code"), 11 USC Section 1110 in conjunction with the Leases executed by the Debtors (as defined below) governs the parties' rights and responsibilities in this matter. The

Motion fails to recognize the controlling provisions of Section 1110 and the relevant leases and attempts to impose a suspension of the specific time periods regarding the Debtor's obligation to exercise an election under Section 1110. The Bankruptcy Code does not permit the relief requested in the Motion and therefore Integra objects to the Motion and the proposed procedures therein.

2. Integra is the Owner/Participant pursuant to a Loan Participation Agreement with certain owner trustees and the Debtors with respect to certain aircraft identified as: (a) de Havilland - DHC 8-202, 455, N455YV, Pratt & Whitney - Model: PW123D - SN: PCE-AG0018 and PCE - AG0019 and (b)de Havilland - DHC 8-202, 456, N456YV, Pratt & Whitney - Model: PW123D - SN: PCE-AE0002 & PCE-AE0003. Section 1110(a)(1), a provision added to the Bankruptcy Code to benefit aircraft lenders and the extension of credit explicitly preserves all the rights and remedies that Integra as a secured owner, has under its lease agreements with respect to the aircraft equipment (airframe, engines and propellers), including but not limited to, the right to require the Debtors to render and return the aircraft equipment "in compliance with the security agreement, lease or conditional sales contract." Additionally, a debtor either must cure defaults or agree to perform all obligations under pre-existing security agreements going forward or it must surrender possession and abide by other pertinent provisions of its security agreements. 11 U.S.C. § 1110(a)(2). Specifically, section 1110 was designated to "protect [] the interest of the financier by entitling him [either] to payments according to the financing terms," or to the return of its aircraft and related equipment. H.R. Doc. No. 95-595, at 239 (1977), reprinted in 1978 U.S.C.C.A.N./ 5963, 6199.

3. Section 1110 of the Bankruptcy Code required debtors to make an early decision regarding its obligations to its Lender. Debtors' Motion attempts to deny Integra this benefit

under the Bankruptcy Code and further places Integra as a Lessor whose equipment has been identified as "Excess Leased Equipment To Be Rejected on Date to be Determined, Subject to Further Notice" in the position of receiving no benefit under its Leases and no assurance of the Debtors' compliance with the Leases for the safety, storage, and maintenance of its aircraft and equipment.

## SECTION TWO
## ARGUMENT

4. Section 1110 provided unique rights to creditors to finance aircraft purchases and for airlines and other air carriers, which include requiring the debtor to make an early decision regarding its obligations to its lender.

5. Section 1110 of the Bankruptcy Code requires debtors to elect one of two options to maintain the protections of the automatic stay with regard to equipment. Debtors may elect to agree pursuant to Section 1110(a)(2) to perform all post petition obligations related to the treatment under the applicable aircraft agreements. In addition, the debtors must cure any pre-petition defaults which have occurred prior to an 1110 deadline on or before the 1110 deadline and cure any post-petition defaults on the latter of the 1110 deadline or 30 days after the occurrence of such post-petition defaults.

6. In these chapter 11 cases, the sixtieth day after the Order for Relief was entered is March 6, 2010, which is a Saturday. Thus pursuant to Rule 9006A1(C) of the Federal Rules of Bankruptcy Procedure, the 1110 deadline is Monday, March 8, 2010.

7. By the Motion, the Debtors seek to extend the 60 day period immediately such that the automatic stay remains in place but subject to final approval of the Court. Due to the Debtors' uncertainty of a decision with regard to the Integra Bank Aircraft Leases, this delay puts Integra in a holding pattern as to the location, condition and maintenance of its equipment.

3

Section 1110(c) requires that a carrier that is not willing to perform its original bargain with the aircraft lender must "immediately surrender and return" the aircraft, thus offering additional protection to financers by assuring that collateral be returned quickly, in an orderly fashion and in a condition consistent with the terms of the applicable security agreement.

8. The Motion proposes the Debtors be allowed to serve notice of the Section 1110(a) election of the purported extended 60 day time period. Any party in interest may object to a Section 1110(a) election by filing a written objection with the Court on the date that is five (5) business days from the filing of 1110(a) Notice. Such a proposed procedure renders Integra at a distinct disadvantage in that it has been identified as a Lessor in Debtors Motion as one whose equipment is "To Be Rejected on Date to be Determined, Subject To Further Notice." In addition to being premature (as Debtors have not made any election with regard to Integra's Equipment). The Debtors' proposed procedure would inexplicably extend the automatic stay provisions and the provisions of Section 1110 beyond the sixty (60) day time period such that Integra becomes an uncompensated bystander unable to verify the security and risks associated with its equipment as well as being in the position of not reaping any of the benefits of its leases with the Debtor. Integra's ability to insure that its property has the proper insurance coverage, storage arrangements and maintenance will have been inexcusably compromised.

9. The Debtor's Motion also seeks final approval for section 1110(b) Stipulations. The Debtors propose that in light of the large number of agreements pursuant to Section 1110(b) that the Debtors may enter into prior to March 8, the Debtors request that the Court extend the period specified in Section 1110(a) for approval of 10(b) Agreements. The Debtors request is not supported by the Bankruptcy Code and provides an undue imposition upon the rights afforded lenders in the aircraft financing industry. The Debtors propose that in the event the

4

Debtors exercise Section 1110(b), the Debtors will file the Agreement with the Court and serve notice of election and provide any party in interest with an objection to an Agreement by filing a written objection with the Court within five (5) business days from the filing of applicable 1110(b) Agreement.

Local Bankruptcy Rule 6006-1(a) requires that:

> A motion to assume, reject, or assign an executory contract or unexpired lease shall be served in accordance with the time limits set forth in Local Bankruptcy Rule 9006-1(b), which may be waived or modified upon the written consent of all parties entitled to notice of the motion.

*Local Bankruptcy Rule 6006-1(a).*

Specifically, Local Bankruptcy Rule 9006-1(b) requires that "motion papers shall be served at least 10 days before the return date." *Local Bankruptcy Rule 9006-1(b).*

The Debtors' Procedures improperly and impermissibly abridge the rights of Lessors to adequate notice, and violate the express requirements of Local Bankruptcy Rules 6006-1(a) and 9006-1(b).

The Debtors Procedures further propose if a timely filed objection is not resolved consensually among the parties within ten (10) days, the Debtor shall schedule a hearing on the objection and the Debtors time to perform obligations under 1110(a)(2) shall be automatically extend through three (3) business days following the Court's ruling on the objection. Such a proposal would inexplicably extend the sixty (60) day time provisions of 1110(a) and in the case of Integra, as a party identified by the Debtors as a Lessor whose "Leased Equipment is be Rejected on a Day to be Determined, Subject to Further Notice," hinder their ability to collect under its Leases and/or recover its leased equipment well beyond the sixty (60) day time period of 1110(a). Even if Integra were to eventually agree to an extension its ability to verify immediately (and no later than the sixty (60) day period provided lenders and secured parties and

5

in 1110(a)) and address the potential risks such as insurance coverage, storage agreement, and maintenance of its equipment will have been unnecessarily compromised.

## **CONCLUSION**

WHEREFORE, Integra respectfully requests that the Court:

I.      Deny the Debtors' Motion.

II.     Defer a finding on whether Debtors have complied with Section 1110 of the Bankruptcy Code until entry of a final order.

III.    Grant such other and further relief as the Court deems just and proper.

Dated: February 2, 2010                              BOWERS HARRISON, LLP

By: /s/ Mark E. Miller
     Mark E. Miller, Esq.
     Bowers Harrison, LLP
     25 N.W. Riverside Dr., 2nd Floor
     P.O. Box 1287
     Evansville, Indiana 47706-1287
     Telephone: (812) 426-1231
     Facsimile: (812) 464-7100