**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

In re:

**MESA AIR GROUP, INC., et al.**

                      **Debtors.**

**Chapter 11**

**Case No. 10-10018**

_____

**INTEGRA BANK, N.A.'S AND IBNK LEASING CORP. (FORMERLY NCBE LEASING CORP) OBJECTION TO DEBTORS' MOTION FOR ORDER PURSUANT TO SECTIONS 105, 363, 365, 554 AND 1110 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004, 6006, AND 6007 FOR (I) AUTHORIZATION TO (A) REJECT LEASES RELATING TO CERTAIN AIRCRAFT AND OTHER RELATED EQUIPMENT, (B) ABANDON CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, (C) TRANSFER TITLE TO CERTAIN AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT, AND (D) SATISFY THE SURRENDER AND RETURN REQUIREMENTS UNDER THE BANKRUPTCY CODE, AND (II) APPROVAL OF RELATED NOTICES AND PROCEDURES**

Integra Bank, N.A., and IBNK Leasing Corp. formerly known as NCBE Leasing Corp., ("**Integra**") through its undersigned counsel, hereby responds to the Debtors' Motion For Order Pursuant To Sections 105, 363, 365, 554, And 1110 Of The Bankruptcy Code And Bankruptcy Rules 6004, 6006, And 6007 For (I) Authorization To (A) Reject Leases Relating To Certain Aircraft and Other Related Equipment, (B) Abandon Certain Aircraft, Engines, And Other Related Equipment, (C) Transfer Title To Certain Aircraft, Engines, And Other Related Equipment, And (D) Satisfy The Surrender And Return Requirements Under The Bankruptcy Code, And (II) Approval Of Related Notices And Procedures (the "**Rejection Procedures Motion**"), filed on behalf of the debtors herein (the "**Debtors**") on January 25, 2010 [Docket No. 168], and respectfully represents as follows:

## RELEVANT BACKGROUND FACTS

1. On January 5, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2. Integra is owner participant with respect to a certain de Havilland DHC 8-202 Aircraft, bearing United States Registration Number N455YV (the **"N455YV Aircraft"**), pursuant to (a) that certain Trust Agreement dated as of January 27, 1997, by and between Integra, as owner participant, and First Security Bank, National Association, n/k/a Wells Fargo Bank Northwest, N.A., as owner trustee (the **"N455YV Owner Trustee"**), (b) that certain Trust Indenture and Security Agreement dated January 27, 1997, by and among the Owner Trustee and First Security Bank, National Association, n/k/a Wells Fargo Bank, as indenture trustee (the **"N455YV Indenture Trustee"**).

3. The N455YV Owner Trustee leased the N455YV Aircraft to Mesa Airlines, Inc. pursuant to that certain Lease Agreement dated as of January 27, 1997 (the **"N455YV Lease"**), by and between the N455YV Owner Trustee and Mesa Airlines, Inc.

4. Integra is owner participant with respect to a certain de Havillant DHC 8-202 Aircraft, bearing United States Registration Number N456YV (the **"N456YV Aircraft"**), pursuant to (a) that certain Trust Agreement dated as of May 27, 1997, by and Integra, as owner participant, and First Security Bank, National Association, n/k/a Wells Fargo Bank, as owner trustee (the **"N456YV Owner Trustee"**), (b) that certain Trust Indenture and Security

Agreement dated May 27, 1997, by and among the Owner Trustee and First Security Bank, National Association, as indenture trustee (the **"N456YV Indenture Trustee"**), and all agreements, documents and instruments executed in connection therewith.

5. The N456YV Owner Trustee leased the N456YV Aircraft to Mesa Airlines, Inc. pursuant to that certain Lease Agreement dated as of May 27, 1997 (the **"N456YV Lease"**), by and between the N456YV Owner Trustee and Mesa Airlines, Inc.

6. On January 25, 2010, the Debtors filed the Rejection Procedures Motion seeking entry of an order, among other things, establishing procedures for the Debtors to file notices of rejection (**"Rejection Notices"**) of certain leases of aircraft, engines and related equipment (the "**Rejection Procedures**").

## ARGUMENT

7. The Rejection Procedures Motion must be denied because the Debtors' proposed Rejection Procedures: (1) improperly and impermissibly abridge the rights of Lessors to adequate notice with respect to Rejection Notices, and violate the express requirements of Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules") 6006-1(a) and 9006-1(b); and (2) fail to comply with the return requirements established by Section 1110(c) of the Bankruptcy Code.

**I.  The Rejection Procedures Motion Must Be Denied Because The Proposed Rejection Procedures Provide For Lessors To Receive Notice Of Less Than The Ten (10) Days Required By Local Bankruptcy Rules 6006-1(a) and 9006-1**

8. The Debtors' proposed Rejection Procedures provide that:

> The Debtors' rejection of the applicable Lease that is rejected pursuant to these procedures . . . will be effective as of the fifth ($5_{th}$) business day after the date of service of the [Rejection Notice] (as to such subsequently rejected leases and abandoned equipment, the "Effective Date") if no objection thereto is filed and served by

4:00 p.m. (prevailing Eastern Time) of said 5th business day.

*Rejection Procedures Motion*, ¶ 27(b).

9. Local Bankruptcy Rule 6006-1(a) requires that:

> A motion to assume, reject, or assign an executory contract or unexpired lease shall be served in accordance with the time limits set forth in Local Bankruptcy Rule 9006-1(b), which may be waived or modified upon the written consent of all parties entitled to notice of the motion.

*Local Bankruptcy Rule 6006-1(a)*.

10. Specifically, Local Bankruptcy Rule 9006-1(b) requires that "motion papers shall be served at least 10 days before the return date." *Local Bankruptcy Rule 9006-1(b)*.

11. The Debtors' Procedures improperly and impermissibly abridge the rights of Lessors to adequate notice, and violate the express requirements of Local Bankruptcy Rules 6006-1(a) and 9006-1(b).

12. Because the Debtors' Rejection Procedures abridge Lessors' right to sufficient notice, the Rejection Procedures Motion must be denied.

**II. The Rejection Procedures Motion Must Be Denied Because The Proposed Rejection Procedures Fail To Comply With The Return Requirements Set Forth In Section 1110(c) Of The Bankruptcy Code**

13. The Debtors' proposed Rejection Procedures are inconsistent with the express provisions of Section 1110 of the Bankruptcy Code.

14. Section 1110(c) of the Bankruptcy Code provides that:

> In any case under this chapter, the trustee shall immediately surrender and return to a secured party, lessor, or conditional vendor, described in subsection (a)(1), equipment described in subsection (a)(3), if at any time after the date of the order for relief under this chapter such secured party, lessor, or conditional vendor is entitled pursuant to subsection (a)(1) to take possession of such equipment and makes a written demand for such possession to the trustee. 11 U.S.C. § 1110(c).

4

15. The obligation to surrender and return includes an obligation to comply as well with applicable provisions of the lease that govern the conditions of the lease aircraft and/or equipment. The right to enforce those provisions is confirmed by Section 1110(a)(1), which states that:

> Except as provided in paragraph (2) and subject to subsection (b), the right of a secured party with a security interest in equipment described in paragraph (3), or of a lessor or conditional vendor of such equipment in compliance with a security agreement, lease, or conditional sale contract, and to enforce any of its other rights or remedies, under such security agreement, lease, or conditional sale contract, to sell, lease, or otherwise retain or dispose of such equipment, is not limited or otherwise affected by any other provisions of this title or by any power of the court.

11 U.S.C. § 1110(a)(1).

16. Section 5 of each of the N455YV Lease and the N456YV Lease enumerates the requirements for the return of the N455YV and N456YV Aircraft, including (i) that "Lessee, at its own expense will return the Aircraft to Lessor at Lessee's principal operating facility in Farmington, New Mexico, or, if Lessor so elects, at Denver International Airport and (ii) that the N455YV and 456NYV Aircraft "shall be in a regular passenger configuration used by Lessee and in as good condition as when originally delivered to Lessee, ordinary wear and tear excepted, and otherwise in the condition required to be maintained under Lessee's FAA-approved maintenance program." N455YV Lease, Section 5; N456YV Lease, Section 5.

17. Contrary to the express language and the spirit of Section 1110 of the Bankruptcy Code, the Debtors' proposed Rejection Procedures seek to abridge the contractual rights of Lessors, including INTEGRA, under the applicable leases.

18. Because the Debtors' proposed Rejection Procedures fail to comply with the express requirements of Section 1110 of the Bankruptcy Code and the terms of the N455YV Lease and the N456YV Lease, the Rejection Procedures Motion must be denied.

## RESERVATION OF RIGHTS

19. Integra reserves its right to further object to the Rejection Procedures Motion on any and all grounds prior to any hearing on the Rejection Procedures Motion.

WHEREFORE, Integra Bank, N.A. respectfully requests that the Court (a) deny the relief requested in the Rejection Procedures Motion, and (b) grant such other and further relief as this Court deems just and proper.

Dated: February 2, 2010

BOWERS HARRISON, LLP

By: /s/ Mark E. Miller
    Mark E. Miller, Esq.
    Bowers Harrison, LLP
    25 N.W. Riverside Dr., 2nd Floor
    P.O. Box 1287
    Evansville, Indiana 47706-1287
    Telephone: (812) 426-1231
    Facsimile: (812) 464-7100