PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

*EX PARTE* **MOTION OF THE DEBTORS PURSUANT TO BANKRUPTCY RULES 2002(A)(2) AND 9006(C) AND LOCAL BANKRUPTCY RULE 9077-1 FOR AN ORDER SHORTENING TIME WITH RESPECT TO INTERIM HEARING ON EMERGENCY MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105 AND 361, 362, 363 AND 364 AND BANKRUPTCY RULE 4001: (A) AUTHORIZING DEBTORS TO ENTER INTO NEW LETTER OF CREDIT FACILITY WITH COMPASS BANK; (B) AUTHORIZING USE OF CASH COLLATERAL PLEDGED TO COMPASS BANK; (C) MODIFYING THE AUTOMATIC STAY; (D) GRANTING ADEQUATE PROTECTION; (E) AUTHORIZING DEBTORS TO ASSUME PURCHASING CARD AGREEMENT WITH COMPASS BANK (F) SCHEDULING A FINAL HEARING; AND (G) GRANTING RELATED RELIEF**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

TO THE HONORABLE MARTIN GLENN:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this *ex parte* motion (the "Motion") and respectfully represent as follows:

### Background

1. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee"). The members of the Committee are: Bombardier, Inc.; Embraer-Empresa Brasilieire de Aeronautica S.A.; IHI Corporation; U.S. Bank National Association; AT&T Capital Services; Wilmington Trust Company; the Air Line Pilots Association; and Association of Flight Attendants (ex-officio member).

### Jurisdiction

4. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Compass Motion

5. Contemporaneously with this Motion, the Debtors filed a motion (the "Compass Motion"),[2] pursuant to sections 105, 361, 362, 363, 364 and 365 of the Bankruptcy Code and Bankruptcy Rule 4001, for entry of (a) an interim order: (i) authorizing the Debtors to enter into a new letter of credit facility (the "Pospetition Letter of Credit Agreement") with Compass Bank (the "Bank"); (ii) authorizing use of cash collateral pledged to the Bank; (iii) modifying the automatic stay; (iv) scheduling a final hearing; and (v) granting related relief and (b) a final order: (i) authorizing the foregoing relief on a final basis; and (ii) authorizing Mesa Airlines to assume a prepetition purchasing card agreement with the Bank and to cure any defaults arising thereunder. The documents that compose the Postpetition Letter of Credit Agreement are annexed to the Compass Motion as Exhibits E and F.

6. Absent the interim relief sought in the Compass Motion, the Bank will not issue additional or replacement letters of credit that are necessary to maintain the Debtors' operations. Fourteen letters of credit issued by the Bank as of the Petition Date have expired or will expire within the next twenty days, including one that will expire on February 6, 2010 and twelve that will expire on February 15, 2010. The renewal process must commence days prior to the expiration dates. For example, the renewal process for certain of the letters of credit set to expire on February 15, 2010 is scheduled to begin on February 5, 2010. For the reasons discussed in the Compass Motion, the Debtors submit that the relief sought therein is reasonable and represents an appropriate exercise of their sound business judgment.

## Relief Requested

7. By this Motion, and based on the Declaration of Maria A. Bove attached hereto as **Exhibit A**, the Debtors request the entry of an order, in substantially the form attached

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Compass Motion.

hereto as **Exhibit B**, shortening the notice required to be provided with respect to the interim relief sought in the Compass Motion and scheduling an interim hearing on the Compass Motion on February 3, 2010 at 10:00 a.m.

## Cause Exists to Shorten the Notice Period With Respect to the Compass Motion

8. In the ordinary course of their business, the Debtors are required to provide to third parties letters of credit to secure the Debtors' payment or performance of certain obligations, including, without limitation: (a) workers' compensation obligations, (b) obligations owed to municipalities, (c) obligations associated with foreign operations, (d) contractual or permit obligations, (e) fuel and liquor taxes, (f) airport obligations, and (g) U.S., Canadian or other customs requirements. Failure to provide, maintain or timely replace these letters of credit could jeopardize the Debtors' ability to conduct their operations. The Bank provides the Debtors with letters of credit.

9. As of the Petition Date, 34 letters of credit issued by the Compass Bank under the Prepetition Letter of Credit Agreement were outstanding in the aggregate amount of $11,904,719, as set forth on Exhibit D to the Compass Motion. Of these letters of credit, one expires on January 31, 2010, one expires on February 6, 2010, and twelve expire on February 15, 2010. The renewal process must commence days prior to the expiration dates. These letters of credit will not be replaced by the Bank until the interim relief sought in the Compass Motion is granted.

10. Accordingly, the Debtors respectfully request that the Court schedule an emergency hearing on the Compass Motion on or before February 5, 2010. The Debtors have been informed that counsel for the Committee has no objection to the scheduling of an interim hearing on the Compass Motion on such shortened notice, and the Debtors have been sharing the

Compass Motion and related documents with the Committee prior to the filing of such documents. As stated in the Compass Motion, the Debtors have served the Compass Motion by facsimile or electronic mail upon: (i) the United States Trustee; (ii) attorneys for the Bank; (iii) attorneys for the Committee; and (iv) those parties that have requested notice in these cases (the "Notice Parties"). The Debtors do not believe any other creditors have or claim to have any security interest in the Collateral. The Debtors request that any objections to the Compass Motion be filed prior to the hearing on the Compass Motion or presented at the hearing thereon.

11. The Debtors have served this Motion by electronic mail and/or facsimile, where such contact information is known, upon the Notice Parties. Where such contact information has not been provided, the Debtors have served such parties by regular mail.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 2, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Maria A. Bove
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Proposed Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**Declaration of Maria A. Bove**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Proposed Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DECLARATION OF MARIA A. BOVE PURSUANT TO RULE 9077-1 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK IN SUPPORT OF *EX PARTE* MOTION OF THE DEBTORS PURSUANT TO BANKRUPTCY RULES 2002(A)(2) AND 9006(C) AND LOCAL BANKRUPTCY RULE 9077-1 FOR AN ORDER SHORTENING TIME WITH RESPECT TO INTERIM HEARING ON EMERGENCY MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105 AND 361, 362, 363 AND 364 AND BANKRUPTCY RULE 4001: (A) AUTHORIZING DEBTORS TO ENTER INTO NEW LETTER OF CREDIT FACILITY WITH COMPASS BANK; (B) AUTHORIZING USE OF CASH COLLATERAL PLEDGED TO COMPASS BANK; (C) MODIFYING THE AUTOMATIC STAY; (D) GRANTING ADEQUATE PROTECTION; (E) AUTHORIZING DEBTORS TO ASSUME PURCHASING CARD AGREEMENT WITH COMPASS BANK; (F) SCHEDULING A FINAL HEARING; AND (G) GRANTING RELATED RELIEF**

I, Maria A. Bove, hereby declare and state as follows:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

56772-001\DOCS_NY:20001.3

1. I am an attorney at law admitted to practice before this Court and of counsel at the firm of Pachulski Stang Ziehl & Jones LLP, attorneys for Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors").

2. I submit this declaration based on personal knowledge in support of the *Ex Parte Motion of the Debtors Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c) and Local Bankruptcy Rule 9077-1 for An Order Shortening Time With Respect to Interim Hearing on Emergency Motion of Debtors for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Bankruptcy Rule 4001: (A) Authorizing Debtors to Enter Into New Letter of Credit Facility With Compass Bank; (B) Authorizing Use of Cash Collateral Pledged to Compass Bank; (C) Modifying the Automatic Stay; (D) Granting Adequate Protection; (E) Authorizing Debtors to Assume Purchasing Card Agreement with Compass Bank; (F) Scheduling A Final Hearing;, and (G) Granting Related Relief* (the "Motion to Shorten Time").

3. Contemporaneously with the filing of the Motion to Shorten Time, the Debtors filed a motion (the "Compass Motion"), pursuant to sections 105, 361, 362, 363, 364 and 365 of the Bankruptcy Code[2] and Bankruptcy Rule 4001, for entry of (a) an interim order: (i) authorizing the Debtors to enter into a new letter of credit facility with Compass Bank (the "Bank"), (ii) authorizing use of cash collateral pledged to the Bank, (iii) modifying the automatic stay, (iv) scheduling a final hearing, and (v) granting related relief and (b) a final order: (i) authorizing the foregoing relief on a final basis; and (ii) authorizing Mesa Airlines to assume a prepetition purchasing card agreement with the Bank and to cure any defaults arising thereunder.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Shorten Time.

4. Expedited interim relief on the Compass Motion is essential. As of the Petition Date, 34 letters of credit issued by the Bank under the Prepetition Letter of Credit Agreement supporting the Debtors' operations were outstanding in the aggregate amount of $11,904,719, as set forth on **Exhibit D** to the Compass Motion. Of these letters of credit, fourteen will expire within the next twenty days. The renewal process for such letters of credit must commence days prior to the expiration dates. For example, the renewal process for certain of the letters of credit set to expire on February 15, 2010 is scheduled to begin on February 5, 2010. These letters of credit will not be replaced by the Bank until the interim relief sought in the Compass Motion is granted.

5. Absent the interim relief sought in the Compass Motion, the Bank will not issue additional or replacement letters of credit that are necessary to maintain the Debtors' operations. Fourteen letters of credit issued by the Bank as of the Petition Date have expired or will expire within the next twenty days. For the reasons discussed in the Compass Motion, the relief sought therein is reasonable and represents an appropriate exercise of the Debtors' sound business judgment, and cause exists for scheduling an interim hearing on the Compass Motion on or before February 5, 2010 at 10:00 a.m. I am informed that the Committee has no objection to the scheduling of an interim hearing on the Compass Motion on such shortened notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at New York, New York on February 2, 2010.

/s/ Maria A. Bove
Maria A. Bove

# EXHIBIT B

# Proposed Order

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

## ORDER SHORTENING TIME FOR INTERIM HEARING ON EMERGENCY MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105 AND 361, 362, 363, 364 AND 365 AND BANKRUPTCY RULE 4001: (A) AUTHORIZING DEBTORS TO ENTER INTO NEW LETTER OF CREDIT FACILITY WITH COMPASS BANK; (B) AUTHORIZING USE OF CASH COLLATERAL PLEDGED TO COMPASS BANK; (C) MODIFYING THE AUTOMATIC STAY; (D) GRANTING ADEQUATE PROTECTION; (E) AUTHORIZING DEBTORS TO ASSUME PURCHASING CARD AGREEMENT; (F) SCHEDULING A FINAL HEARING; AND (G) GRANTING RELATED RELIEF

Upon the ex parte motion (the "Motion to Shorten Time") of Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession herein (collectively, the "Debtors"), for an order shortening time on the motion (the "Motion"),[2] pursuant to sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rule 4001, for (a) an interim order: (i) authorizing the Debtors to enter into a new letter of credit facility with Compass Bank (the "Bank"); (ii) authorizing use of cash collateral pledged to the Bank; (iii) modifying the automatic stay; (iv) scheduling a final hearing; and (v) granting related relief and (b) a final order: (i) authorizing the foregoing relief on a final basis; and (ii) authorizing Mesa Airlines, Inc. to assume a prepetition purchasing card agreement with the Bank and to cure any defaults arising thereunder; and upon the Declaration of Maria A. Bove attached to the Motion to Shorten Time as Exhibit A; and the Court having jurisdiction to consider the Motion to Shorten

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

56772-001\DOCS_NY:19999.2

Time and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion to Shorten Time and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief sought in the Motion to Shorten Time is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten Time establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion to Shorten Time is hereby granted to the extent provided below; and it is further

ORDERED that the hearing to consider the Motion shall be held on February __, 2010 at __:00 __.m. prevailing Eastern Time, before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York; and it is further

ORDERED that service of the Motion and this Order by hand delivery, overnight mail, electronic mail, or facsimile upon: (i) the United States Trustee; (ii) attorneys for the Bank; (iii) attorneys for the Committee; and (iv) those parties that have requested notice in these cases will be good and sufficient notice; and it is further

ORDERED that any objections to the Motion shall be filed and served so that they are received no later than February __, 2010 at ___:00 __.m. prevailing Eastern Time upon: (i) attorneys for the Debtors; (ii) the United States Trustee; (iii) attorneys for the Bank; and (iv) attorneys for the Committee, with a courtesy copy delivered to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge.

Dated: New York, New York
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE