# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER, PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 2014
AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1
AND 2016-1, AUTHORIZING DEBTORS TO EMPLOY AND
RETAIN JONES DAY AS SPECIAL COUNSEL WITH RESPECT
TO DESIGNATED MATTERS, *NUNC PRO TUNC* TO THE PETITION DATE**

This matter coming before the Court on the Debtors' Application for Order, Pursuant to Section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 20-14-1 and 2016-1, Authorizing Debtors to Employ and Retain Jones Day as Special Counsel with Respect to Designated Matters, *Nunc Pro Tunc* to the Petition Date (Docket No. 77) (the "Application"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Application, the Amended Declaration of G. Lee Garrett, Jr. in support the of Application (Docket No. 203) (the "Amended Garrett Declaration"), filed on January 29, 2010, and Jones Day's Disclosure of Compensation attached to the Application as Exhibit B (the "Disclosure of Compensation"), and having heard the statements of counsel and the evidence adduced with respect to the Application

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corporation (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Application.

at a hearing before the Court (the "Hearing"); the Court having determined that Jones Day represents no interest adverse to Debtors' estates with respect to the matters upon which it is to be engaged and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; the Court having further determined that (a) the relief granted herein is in the best interests of the Debtors' estates, their creditors and other parties in interest, (b) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (e) the Application, the Amended Garrett Declaration and the Disclosure of Compensation are in full compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and (f) notice of the Application and the relief granted herein was appropriate and sufficient under the circumstances; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Application, the Amended Garrett Declaration and the Disclosure of Compensation and at the Hearing establish sufficient cause for the relief granted herein,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b) and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Jones Day as special counsel, effective *nunc pro tunc* as of the Petition Date, on the terms set forth in the Application and the Amended Garrett Declaration.

3. Jones Day is authorized to provide the following legal services related to the Prepetition Litigation and any related or similar litigation or disputes (collectively, the "Services"):

   a. Advise and counsel the Debtors on all aspects of the Prepetition Litigation, including any appeals therefrom or other related proceedings and any efforts to resolve such litigation;

   b. Represent the Debtors in any litigation or contested matter related to the Prepetition Litigation and perform all other necessary legal services in furtherance of Jones Day's role as special counsel for the Debtors with respect to the Prepetition Litigation;

   c. Perform such other specific litigation-related services as requested by the Debtors and agreed to be performed by Jones Day, including, but not limited to, services relating to any dispute arising out of or related to the Prepetition Litigation or any related or similar litigation or disputes; and

   d. Assist the Debtors' bankruptcy professionals from time to time in connection with any issues relating to the Prepetition Litigation or other similar or related matters, including, by way of example and not limitation, matters relating to (i) the treatment of the Debtors' contracts that are the subject of the Prepetition Litigation, (ii) the impact of the automatic stay on the Prepetition Litigation, (iii) any transfer of venue of the Prepetition Litigation and (iv) any claims or settlements related to the Prepetition Litigation.

4. If the Debtors request that Jones Day perform any legal services other than, or in addition to, the Services relating to the Prepetition Litigation (the "Additional Services"), Jones Day promptly will file a notice with the Court identifying and describing the Additional Services (the "Additional Service Notice") and will serve such notice upon the U.S. Trustee, the Debtors and counsel to the official committee of unsecured creditors in these chapter 11 cases. In addition, contemporaneously with the filing of an Additional Service Notice or as soon thereafter as is practicable, Jones Day will file a supplemental declaration disclosing matters relevant to consideration of Jones Day's continuing qualification to serve as special

counsel in these chapter 11 cases, pursuant to section 327(e) of the Bankruptcy Code, including any additional connections to interested parties in these chapter 11 cases with respect to the Additional Services.

5. Jones Day shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code (including section 330 and 331 thereof), the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court.

6. If Jones Day increases the rates for the lawyers and paraprofessionals providing Services in these cases, Jones Day will file a notice with the Court identifying the increase in such rates and serve the notice upon the U.S. Trustee, the Debtors and counsel to the official committee of unsecured creditors in these chapter 11 cases.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: February 3, 2010
    New York, New York

/s/Martin Glenn
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE