**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application of Mesa Air Group, Inc., and certain of its direct and indirect subsidiaries (the "Debtors") for an Order, pursuant to Sections 327(a) and 329(a) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1, authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP as their bankruptcy counsel *nunc pro tunc* to the Petition Date (the "Application");[2] upon the Affidavit of Richard M. Pachulski In Support of Debtors' Application For An Order, Pursuant To 11 U.S.C. § 327(a), Fed R. Bankr. P. 2014(a), 2016(b) And 5002, And Local Rule 2014, Authorizing Employment And Retention Of Pachulski Stang Ziehl & Jones LLP As Counsel For The Debtors (the "Pachulski Affidavit") filed on January 8, 2010 and the Supplemental Affidavit of Richard M. Pachulski In Support of Debtors' Application For An Order, Pursuant To 11 U.S.C. § 327(a), Fed R. Bankr. P. 2014(a), 2016(b) And 5002, And Local Rule 2014, Authorizing Employment And Retention Of Pachulski Stang Ziehl & Jones LLP As Counsel For The Debtors (the "Supplemental Pachulski Affidavit") filed

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

on February 1, 2010; and that the Court being satisfied based on the representations made in the Application, the Pachulski Affidavit and the Supplemental Pachulski Affidavit that the partners, counsel, and associates of PSZJ who will be engaged in the Debtors' chapter 11 cases represent no interest adverse to Debtors' estates with respect to the matters upon which it is to be engaged; and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Application and the opportunity for a hearing on this Application was appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that in the event of any inconsistency between the Application and this Order, this Order shall control; and it is further

ORDERED, that in accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain PSZJ as their bankruptcy counsel, effective as of the Petition Date, on the terms set forth in the Application the Pachulski Affidavit, and the Supplemental Pachulski Affidavit, as modified herein:

    a.    to take necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions

commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

b.  to prepare on behalf of the Debtors, as debtors in possession, necessary or appropriate motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

c.  to provide advice, representation, and preparation of necessary documentation and pleadings in connection with the administration of the Debtors' estates;

d.  to counsel the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operations of their businesses and properties; and

e.  to take necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statements and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and it is further

ORDERED, that after application of its prepetition retainer to the outstanding prepetition fees, the remaining balance of such retainer will be utilized as PSZJ's retainer to apply to postpetition fees and expenses incurred during the first interim period in these cases pursuant to the compensation procedures approved by this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, United States Trustee Fee Guidelines, the standing General Order of the Bankruptcy Court for the Southern District of New York, dated January 24, 2000 (C.J. Brozman), the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, and the Amended

Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009 (collectively, the "Fee Guidelines"); and it is further

ORDERED, that PSZJ shall file applications to be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Rules and the Fee Guidelines; and it is further

ORDERED, that if at any time the Firm increases the rates for its services, the Firm will cause a notice to be filed with this Court setting forth the increase in such rates and serve such notice upon the Office of the United States Trustee and the Official Committee of Unsecured Creditors in these chapter 11 cases; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: February 3, 2010
      New York, New York

/s/Martin Glenn_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE