**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER FOR AUTHORIZATION TO CONTINUE
AND RENEW SURETY BOND PROGRAMS**

Upon the motion dated January 8, 2010 (the "Motion") of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order pursuant to sections 363 and 364 of the Bankruptcy Code authorizing the Debtors to (i) pay, in their sole discretion, all amounts arising under their letter of credit and surety bond programs due and payable after the Petition Date (the "Obligations") and (ii) renew or obtain, in their sole discretion, new letters of credit and surety bonds as needed in the ordinary course of business; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) those creditors holding the largest thirty (30) unsecured claims against the Debtors' estates (on a consolidated basis), (iii) those creditors or their agents holding the five (5) largest secured claims against the Debtors' estates, (iv) the Internal Revenue Service, (v) the Securities and Exchange Commission, (vi) the Providers, and (vii) those parties that have requested notice in these chapter 11 cases; and it appearing that no other notice of the Motion need be provided; and

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the *Declaration of Michael J. Lotz in Support of Motions Scheduled for Hearing on January 26, 2010*; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that the Debtors, in their sole discretion, are authorized and empowered to maintain their surety bond programs (the "<u>Surety Bond Programs</u>") without interruption, on the same basis, and in accordance with the same practices and procedures, including, but not limited to, the maintenance of cash collateral, as were in effect prior to the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that the Debtors are authorized to pay all amounts arising under the Surety Bond Programs, due and payable after the commencement of these chapter 11 cases (notwithstanding whether the event giving rise to a demand occurred prior to the Petition Date); and it is further

ORDERED that the Debtors are, in their sole discretion, authorized but not required to renew or obtain any new surety bonds, or execute other agreements in connection with their Surety Bond Programs; and it is further

ORDERED that the Debtors are authorized to honor the Provider Indemnity Agreements (notwithstanding whether the event giving rise to a demand occurred prior to the Petition Date); and it is further

ORDERED that the failure to specifically describe or include any particular feature of the Surety Bond Programs in this order (the "<u>Order</u>") shall not diminish or impair the

effectiveness of such feature, it being the intent of this Court that the Surety Bond Programs be approved in their entireties; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Surety Bond Programs (except to the extent that the Debtors approve the amount of any demand); and it is further

ORDERED that to the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute post-petition assumption of those surety bonds or related agreements under section 365 of the Bankruptcy Code, and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: February 3, 2010
     New York, New York

                                          /s/Martin Glenn
                                          HONORABLE MARTIN GLENN
                                          UNITED STATES BANKRUPTCY JUDGE