PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105 AND 546(c) ESTABLISHING AND IMPLEMENTING EXCLUSIVE
AND GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105 and 546(c) Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims* (the "Motion") filed herewith by Mesa Air Group Inc., and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), will be held before the Honorable Martin Glenn, at the United States Bankruptcy Court, Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004, Courtroom 501, **at 10:00 a.m. on February 24, 2010.**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

56772-002\DOCS_LA:214526.5

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors; (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (v) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller, Lorenzo Marinuzzi, and Todd M. Goren), attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; and (vi) any person or entity with a particularized interest in the subject matter of the Motion, on or before **February 17, 2010**.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE.**

Dated: February 8, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105 AND 546(c) ESTABLISHING AND IMPLEMENTING EXCLUSIVE
AND GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

TO THE HONORABLE MARTIN GLENN:

Mesa Air Group, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent:

**Background**

1. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

"Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee"). The members of the Committee are: Bombardier, Inc.; Embraer-Empresa Brasilieire de Aeronautica S.A.; IHI Corporation; U.S. Bank National Association; AT&T Capital Services; Wilmington Trust Company; the Air Line Pilots Association; and the Association of Flight Attendants - CWA (ex-officio member).

4. A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* filed on the Petition Date.

### Jurisdiction

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105 and 546(c) of the Bankruptcy Code.

## Relief Requested

7. By this Motion, the Debtors seek to establish and implement exclusive procedures (the "Reclamation Procedures") for the treatment of all unpaid claims for reclamation of goods pursuant to section 546(c) of the Bankruptcy Code (the "Reclamation Claims") that may be asserted against the Debtors.

8. Prior to the Petition Date and in the ordinary course of their businesses, the Debtors purchased on credit a variety of materials, parts, supplies, and other goods used in their operations (collectively, the "Goods"). As of the Petition Date, the Debtors were in possession of certain Goods that had been delivered to them, but for which they had not yet been invoiced or made payment to the suppliers. As a result of the commencement of these chapter 11 cases, the Debtors may receive Reclamation Claims from various vendors or other parties (collectively, the "Sellers") with respect to the Goods.

9. Avoiding costly and distracting litigation relating to Reclamation Claims is critical at this stage of the Debtors' chapter 11 cases. If the Debtors are unable to establish and implement uniform procedures to resolve Reclamation Claims, they could be faced with the prospect of simultaneously defending numerous reclamation proceedings at a time when their efforts should be focused on preserving enterprise value.

10. To avoid piecemeal litigation that would interfere with the Debtors' efforts to preserve enterprise value, the Debtors seek entry of an order, pursuant to sections 105(a) and 546(c) of the Bankruptcy Code, (i) establishing Reclamation Procedures for the reconciliation

and allowance of all Reclamation Claims,[2] and (ii) prohibiting the Sellers from interfering with the delivery of the Goods. The Debtors submit that the Reclamation Procedures will effectively and efficiently streamline the process of resolving Reclamation Claims to the benefit of both the Debtors and Sellers.

**Proposed Reclamation Procedures**

11. The Debtors propose the following procedures (the "Reclamation Procedures") for processing and reconciling Reclamation Claims:

    a. Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546(c) of the Bankruptcy Code, including the submission of a written demand asserting such Reclamation Claim (a "Reclamation Demand") in accordance with the deadlines set forth in section 546(c) of the Bankruptcy Code;

    b. Each Seller that has timely submitted a Reclamation Demand shall deliver the following supporting information to the Debtors within twenty (20) days of entry of the order granting this Motion, to the extent not already included in its Reclamation Demand: (i) a description of the Goods subject to the Reclamation Demand; (ii) the name of the Debtor to whom such Goods were delivered; (iii) copies of any purchase orders and invoices relating to such Goods; and (iv) any evidence regarding the date(s) such Goods were shipped to and received by the Debtors, so that it is received by (A) the Debtors, c/o Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, Attention: Brian S. Gillman, Esq.; and (B) Pachulski Stang

---

[2] Certain Sellers may receive payment on account of certain prepetition claims pursuant to the *Amended Interim Order Granting Motion to Authorize Debtors to (I) Pay Prepetition Claims of Critical Vendors and Certain Administrative Claimholders and (II) Authorize Financial Institutions to Honor and Process Related Checks and Transfers* (the "Critical Vendor Order"). To the extent a Seller receives payment on account of its prepetition claim pursuant to the Critical Vendor Order, the Reclamation Procedures shall not apply to such Seller.

Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove, attorneys for the Debtors;

c. The Debtors will serve each Seller that has submitted a Reclamation Demand, at the address indicated in its Reclamation Demand, a copy of the order granting this Motion within five (5) days of entry of such order;

d. No later than ninety (90) days after entry of the order granting the relief requested herein (the "Reclamation Notice Deadline"), the Debtors will file with the Court a notice (the "Reclamation Notice"), listing (i) the Reclamation Claims, (ii) the amount (if any) of each such Reclamation Claim that the Debtors determine to be valid, and (iii) a brief summary of the basis for any objection of the Debtors to any Reclamation Claim(s). The Debtors will serve the Reclamation Notice on the following parties (the "Notice Parties"): (A) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (B) attorneys for the Committee; and (C) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand;

e. If the Debtors fail to file the Reclamation Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim that submitted a Reclamation Demand in accordance with paragraph 11(a) of this Motion may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim;

f. Any party that wishes to object to the Reclamation Notice must file and serve an objection (a "Reclamation Notice Objection") on the Notice Parties and attorneys for the Debtors at Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove, so as to be received no

later than 4:00 pm (Eastern Time) on the twentieth (20th) day after the date on which the Reclamation Notice is filed (the "Objection Deadline"). Any Reclamation Notice Objection must include (i) a copy of the Reclamation Demand, with evidence of the date mailed to the Debtors; and (ii) a statement describing with specificity the objections to the Reclamation Notice and any legal basis for such objections;

g. Any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection was filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtors in the Reclamation Notice, provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

h. Notwithstanding and without limiting the foregoing, the Debtors would be authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement resolving the Seller's Reclamation Claim or Reclamation Notice Objection. If the Debtors and a Seller agree on the validity, amount, or treatment of the Seller's Reclamation Claim, the Debtors will prepare and file with the Court a notice of settlement (a "Settlement Notice") and serve such Settlement Notice on the Notice Parties. Each Notice Party will have ten (10) days from the date of service of such Settlement Notice to file with the Court and serve on the other Notice Parties and attorneys for the Debtors an objection thereto (a "Settlement Objection");

i. If no Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, such Reclamation Claim will be treated in accordance with the Settlement Notice without further order of the Court;

j. If a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a

Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court;

k.  If no consensual resolution of a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is reached within thirty (30) days after the date the Settlement Objection was filed and served, the Debtors may file a motion with the Court requesting a hearing to fix the allowed amount of the Reclamation Claim, unless the Debtors and the party filing the Settlement Objection agree to extend such thirty (30) day period;

l.  If any Reclamation Claims are still subject to a pending Reclamation Notice Objection seventy-five (75) days following the Objection Deadline (or a later date as may be agreed to by the Seller, the Debtors, and the Committee) (the "Reclamation Settlement Deadline") and no Settlement Notice has been filed therewith, the Debtors may file a motion with the Court to fix the allowed amounts of such Reclamation Claims (a "Reclamation Adjudication Motion") and schedule a hearing to consider such motion; and

m.  If the Debtors fail to file a Reclamation Adjudication Motion by the Reclamation Settlement Deadline, any Seller with a Reclamation Claim that is subject to a pending Reclamation Notice Objection and for which no Settlement Notice has been filed may bring a motion on its own behalf to seek adjudication of its Reclamation Claim.

12.  The Debtors propose that, except to the extent a Seller has received payment on account of its prepetition claim pursuant to the Critical Vendor Order, the Reclamation Procedures be the sole and exclusive method for resolving Reclamation Claims. As a result, the Debtors request that all Sellers be prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation, the following:

(a) commencing adversary proceedings or contested matters against the Debtors in connection with any Reclamation Claim, (b) seeking to obtain possession of any Goods except as permitted by the Reclamation Procedures, or (c) interfering with the delivery of any Goods to the Debtors. The Reclamation Procedures will effectively and efficiently streamline the process of resolving the Reclamation Claims for the Debtors and the Sellers alike, without impacting the parties' substantive rights to pursue or contest the Reclamation Claims.

**Basis for Relief Requested**

13. Upon the commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code, which provides, in relevant part:

> [S]ubject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee . . . are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods – (A) not later than 45 days after the date of receipt of such goods by the debtor; or (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11 U.S.C. § 546(c)(1).[3]

14. In addition, pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the Court may approve a compromise or settlement between the Debtors and any Seller who files a Reclamation Demand and/or Reclamation Notice Objection. Fed. R. Bankr. P.

---

[3] Any seller that fails to provide notice in the manner described in section 546(c) "still may assert" an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to the Debtors within 20 days before the Petition Date in the ordinary course of the Debtors' businesses. *See* 11 U.S.C. §§ 503(b)(9); 546(c)(2).

9019(a). The ability to negotiate with the Sellers will expedite the settlement of Reclamation Claims and assist the administration of these chapter 11 cases.

15. Furthermore, section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that establishing and implementing the Reclamation Procedures is necessary and appropriate and that the Reclamation Procedures are consistent with section 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019.

16. The Debtors believe that their ability to resolve Reclamation Claims in accordance with the Reclamation Procedures will assist in the consensual resolution of such claims and, ultimately, the maximization of value for the Debtors, their estates and creditors, and all parties in interest. Therefore, the relief requested in this Motion is in the best interests of the Debtors and their respective estates and should be granted in all respects.

## Notice

17. Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the attorneys for the Committee, (iii) the Sellers (if known), and (iv) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order in the form attached hereto as Exhibit A granting the relief requested herein and such other and further relief as is just.

Dated: February 8, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

# (Proposed Order)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

### ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 546(c) ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS

Upon the Motion, dated February 8, 2010 (the "Motion"),[2] of Mesa Air Group, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 546(c) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing the Debtors to establish and implement procedures to reconcile and resolve all unpaid reclamation claims (the "Reclamation Claims"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) attorneys for the Committee, (iii) the Sellers (if known), and (iv) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002, and it

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to resolve all Reclamation Claims in accordance with the following reclamation procedures (the "Reclamation Procedures"), which are hereby approved and authorized in their entirety:

    a.    Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546(c) of the Bankruptcy Code, including the submission of a written demand asserting such Reclamation Claim (a "Reclamation Demand") in accordance with the deadlines set forth in section 546(c) of the Bankruptcy Code;

    b.    Each Seller that has timely submitted a Reclamation Demand shall deliver the following supporting information to the Debtors within twenty (20) days of entry of this Order, to the extent not already included in its Reclamation Demand: (i) a description of the Goods subject to the Reclamation Demand; (ii) the name of the Debtor to whom such Goods were delivered; (iii) copies of any purchase orders and invoices relating to such Goods; and (iv) any evidence regarding the date(s) such Goods were shipped to and received by the Debtors, so that it is received by (A) the Debtors, c/o Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, Attention: Brian S. Gillman, Esq.; and (B) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove, attorneys for the Debtors;

    c.    The Debtors will serve each Seller that has submitted a Reclamation Demand, at the address indicated in its Reclamation Demand, a copy of this Order within five (5) days of entry of this Order;

d. No later than ninety (90) days after entry of this Order (the "Reclamation Notice Deadline"), the Debtors will file with the Court a notice (the "Reclamation Notice"), listing (i) the Reclamation Claims, (ii) the amount (if any) of each such Reclamation Claim that the Debtors determine to be valid, and (iii) a brief summary of the basis for any objection of the Debtors to any Reclamation Claim(s). The Debtors will serve the Reclamation Notice on the following parties (the "Notice Parties"): (A) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (B) attorneys for the Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases; and (C) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand;

e. If the Debtors fail to file the Reclamation Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim that submitted a Reclamation Demand in accordance with paragraph 11(a) of the Motion may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim;

f. Any party that wishes to object to the Reclamation Notice must file and serve an objection (a "Reclamation Notice Objection") on the Notice Parties and attorneys for the Debtors at Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove, so as to be received no later than 4:00 pm (Eastern Time) on the twentieth (20th) day after the date on which the Reclamation Notice is filed (the "Objection Deadline"). Any Reclamation Notice Objection must include (i) a copy of the Reclamation Demand, with evidence of the date mailed to the Debtors; and (ii) a statement describing with specificity the objections to the Reclamation Notice and any legal basis for such objections;

g. Any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection was filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtors in the Reclamation Notice, provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

h. Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement resolving the Seller's Reclamation Claim or Reclamation Notice Objection. If the Debtors and a Seller agree on the validity, amount, or treatment of the Seller's Reclamation Claim, the Debtors will prepare and file with the Court a notice of settlement (a "Settlement Notice") and serve such Settlement Notice on the Notice Parties. Each Notice Party will have ten (10) days from the date of service of such Settlement Notice to file with the Court and serve on the other Notice Parties and attorneys for the Debtors an objection thereto (a "Settlement Objection");

i.  If no Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, such Reclamation Claim will be treated in accordance with the Settlement Notice without further order of the Court;

j.  If a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court;

k.  If no consensual resolution of a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is reached within thirty (30) days after the date the Settlement Objection was filed and served, the Debtors may file a motion with the Court requesting a hearing to fix the allowed amount of the Reclamation Claim, unless the Debtors and the party filing the Settlement Objection agree to extend such thirty (30) day period;

l.  If any Reclamation Claims are still subject to a pending Reclamation Notice Objection seventy-five (75) days following the Objection Deadline (or a later date as may be agreed to by the Seller, the Debtors, and the Committee) and no Settlement Notice has been filed therewith, the Debtors may file a motion with the Court to fix the allowed amounts of such Reclamation Claims and schedule a hearing to consider such motion; and

m.  If the Debtors fail to file a Reclamation Adjudication Motion by the Reclamation Settlement Deadline, any Seller with a Reclamation Claim that is subject to a pending Reclamation Notice Objection and for which no Settlement Notice has been filed may bring a motion on its own behalf to seek adjudication of its Reclamation Claim;

and it is further

ORDERED that the foregoing Reclamation Procedures are the sole and exclusive method for resolving unpaid Reclamation Claims asserted against the Debtors; and it is further

ORDERED that all Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings and contested matters in connection with any Reclamation Claims, (b) seeking to obtain possession of any Goods, and (c) interfering with the delivery of any Goods to

the Debtors; *provided, however*, that nothing in this Order shall bar a Seller from asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code; and it is further

ORDERED that any adversary proceedings or contested matters related to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with the Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein; and it is further

ORDERED that, to the extent a Reclamation Claim has been paid by the Debtors pursuant to another order entered by the Court in these chapter 11 cases, including the Critical Vendor Order, the Reclamation Procedures shall not apply to such Seller and any Reclamation Claim filed by such Seller with the Court shall be deemed withdrawn without the need for any further order of the Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         _____, 2010

                                        UNITED STATES BANKRUPTCY JUDGE