PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
APPROVING PROCEDURES FOR THE SALE OF *DE MINIMIS* ASSETS,
FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of An Order Approving Procedures for the Sale of De Minimis Assets, Free and Clear of All Liens, Claims and Interests* (the "Motion") filed herewith by Mesa Air Group, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501 **at 10:00 a.m. on February 24, 2010.**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors; (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (v) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller, Lorenzo Marinuzzi, and Todd M. Goren), attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; and (vi) any person or entity with a particularized interest in the subject matter of the Motion, on or before **February 17, 2010**.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE.**

Dated: February 8, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING PROCEDURES FOR THE SALE OF *DE MINIMIS* ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS

Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), approving procedures for the sale of *De Minimis* Assets (as defined below), free and clear of all liens, claims and interests, with all such liens, claims and interests to attach to the net sale proceeds as discussed further herein, and respectfully state as follows:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

## Background

1. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") under the captioned case number.

3. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee"). The members of the Committee are: Bombardier, Inc.; Embraer-Empresa Brasilieire de Aeronautica S.A.; IHI Corporation; U.S. Bank National Association; AT&T Capital Services; Wilmington Trust Company; the Air Line Pilots Association; and the Association of Flight Attendants - CWA (ex-officio member).

4. A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* filed on the Petition Date.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

7. The statutory bases for the relief requested herein are sections 105(a), 363(b), 363(f) and 363(m) of title 11 of the United States Code (the "Bankruptcy Code").

## Relief Requested

8. By this Motion, the Debtors request entry of an order authorizing the implementation of procedures to (a) effectuate, from time to time, in the Debtors' sole discretion, sales or transfers of surplus, non-core or burdensome assets, including, without limitation, four (4) single-engine Beechcraft Bonanza aircraft, a twin-engine Beechcraft Baron aircraft, spare Beechcraft Bonanza and Beechcraft Baron aircraft parts,[2] tractors, pressure washers, cooling systems, four (4) flight training devices, tugs, shop equipment, and miscellaneous other equipment and/or personal property (collectively, the "De Minimis Assets"),[3] in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price equal to or less than $750,000, free and clear of all liens, claims, interests and

---

[2] The Debtors believe that they may have some excess aircraft parts after the Debtors' shutdown of their Farmington, New Mexico flight school.

[3] The items listed above are intended to be examples only, and not any limitation on what the Debtors may sell or transfer pursuant to the proposed procedures. A description of each specific De Minimis Asset will be provided in the applicable Sale Notice (defined below). Further, this Motion does not cover any of the aircraft engines, airframes and other equipment which are the subject of the *Debtors' Motion For Order Pursuant To Sections 105, 363, 365, 554, And 1110 Of The Bankruptcy Code And Bankruptcy Rules 6004, 6006, And 6007 For (I) Authorization To (A) Reject Leases Relating To Certain Aircraft And Other Related Equipment, (B) Abandon Certain Aircraft, Engines, And Other Related Equipment, (C) Transfer Title To Certain Aircraft, Engines, And Other Related Equipment, And (D) Satisfy The Surrender And Return Requirements Under The Bankruptcy Code, And (Ii) Approval Of Related Notices And Procedures* [Docket No. 168].

encumbrances (collectively, "Liens"), with such Liens attaching to the proceeds with the same validity, extent and priority as had attached to the assets immediately prior to the sale or transfer, and (b) pay any necessary fees and expenses incurred in the sale or transfer of *De Minimis* Assets, including, without limitation, any commission fees to agents, brokers and liquidators, with the amount of any proposed commission fees to be paid as disclosed in the Sale Notice (as defined below).

9. The Debtors propose to sell or transfer each *De Minimis* Asset for the highest or otherwise best offer received, taking into consideration the exigencies and circumstances in each such sale or transfer, under the following procedures (the "*De Minimis* Asset Sale Procedures"):

(1) The Debtors are authorized to consummate a sale or other transfer of *De Minimis* Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price[4] equal to or lesser than $750,000 without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment that such sale or transfer is in the best interests of the estates, subject to the procedures set forth herein;

(2) Any such transaction(s) will be free and clear of any and all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the *De Minimis* Assets immediately prior to such sale or transfer, and with respect to which the Debtors and the Committee reserve all their rights;

(3) The Debtors will give written notice, via electronic mail, facsimile, messenger or overnight delivery, of each such sale or transfer (a "Sale Notice") to (a) the Office of the U.S. Trustee, (b) proposed counsel to the Committee, (c) those parties, if any, known by the Debtors to hold or assert Liens in the *De Minimis* Asset and (d) those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (collectively, the "Notice Parties"), at least five (5) business days prior to the closing of the subject sale or transfer, which Sale Notice will be filed with the Court;

---

[4] For purposes of these procedures, selling price refers to the Debtors' estimate of the net proceeds of the subject sale transaction (net of commissions or other charges, if any, that may be described in the applicable Sale Notice).

(4) The content of the Sale Notice will consist of (a) identification of the *De Minimis* Asset(s) being sold or transferred, (b) identification of the purchaser of the asset(s), (c) the amount of the purchase price, (d) a description of any significant terms of the sale or transfer agreement, (e) disclosure of any commission fees or other material transaction costs, if any (including the amount, nature and proposed recipient of the commission or other fee), and (f) a description of any known Liens encumbering the *De Minimis* Asset(s) (including identification of the putative Lien holder) and the amount(s) thereof, if known (which such amount(s) will not be binding on the Debtors or the Committee);

(5) If no written objection from the Notice Parties or any other party in interest is received by the Debtors within five (5) business days after the filing and service of the Sale Notice, then the Debtors will submit (i) a proposed order approving the transaction (the "<u>Transaction Approval Order</u>"), (ii) a certification of counsel that no objections were timely filed and served, and (iii) a declaration or declarations of appropriate parties attesting to the good faith nature of the proposed transaction for purposes of protection under section 363(m) of the Bankruptcy Code (the "<u>§ 363(m) Declaration</u>"), and after entry of such a Transaction Approval Order, the Debtors will be authorized to immediately consummate such sale or transfer; and

(6) If a Notice Party or other party in interest files with the Court and serves on Debtors' counsel a written objection to the proposed sale or transfer within five (5) business days after the Debtors' filing and service of the Sale Notice, then the subject *De Minimis* Asset will only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing. A hearing on any timely, unresolved objection will be held on the next scheduled omnibus hearing date in the Debtors' cases, provided that the objecting party is provided by the Debtors at least five (5) business days' prior written notice of such hearing date and time, and provided further that the foregoing is without prejudice to the Debtors' and/or the objecting party's right to move for an expedited hearing (on less than five (5) business days' notice).

10. The Debtors are not seeking the authority to sell *De Minimis* Assets to "insiders" (as defined in section 101 of the Bankruptcy Code). In the event that the Debtors are unable to obtain reasonable offers for the sale of any *De Minimis* Assets, the Debtors reserve all rights with respect to such assets, including the right to later seek abandonment of such assets.

## Basis for Relief

**A.   The *De Minimis* Asset Sale Procedures Are Appropriate Under Section 363(b).**

11.   Section 363(b)(1) of the Bankruptcy Code provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor. *See, e.g., In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) (court may approve the sale of property outside of the ordinary course of business when it finds a good business reason for such sale); *see also In re Gucci*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Ionosphere Clubs, Inc.*, 184 B.R. 648, 653 (S.D.N.Y. 1995); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003).

12.   The Debtors currently possess (and may identify in the future) certain *De Minimis* Assets that they want to sell or transfer because such assets are no longer necessary for operating the Debtors' businesses. To defray any operational, carrying or storage expenses associated with such assets, the Debtors have determined in their business judgment that it is in the best interests of the estates to sell or transfer the *De Minimis* Assets. To that end, the Debtors have proposed the *De Minimis* Asset Sale Procedures, whereby they can consummate the sale or effectuate the transfer of *De Minimis* Assets during the pendency of the chapter 11 cases. Under

these proposed procedures, parties with an interest in the *De Minimis* Assets are fully protected by the opportunity to object and to attend a hearing, if desired.

**B.     The Shortened Notice Is Appropriate.**

13.     The notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances"). Generally, Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of 21 days' notice of proposed sales of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code. Local Bankruptcy Rule 6004-1(a) further provides for seven days' prior notice of any sale of property of the estate, with a value of no more than $10,000.

14.     Courts are authorized to shorten the notice period generally applicable to asset sales, or direct another method of giving notice, upon a showing of "cause." *See* Fed.R.Bankr.P. 2002(a)(2); *see also* Fed.R.Bankr.P. 9006(b)(1). The usual process of obtaining Court approval of each sale of *De Minimis* Assets (a) would create costs for the Debtors' estates that may undermine or eliminate the economic benefits of the underlying *de minimis* transactions, and (b) in some instances, may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time. Therefore, the Debtors propose to

streamline the process and shorten the applicable notice periods as described herein to maximize the net value realized from sales of *De Minimis* Assets.

C.  **The *De Minimis* Asset Sale Procedures Are Appropriate Under Section 363(f).**

15. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable nonbankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.

16. The Debtors propose to sell or transfer the *De Minimis* Assets in a commercially reasonable manner, and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the property sold. The Debtors further propose that any party with a lien on a *De Minimis* Asset sold or transferred pursuant to this Motion will have a corresponding security interest in the net proceeds of such sale or transfer. Moreover, the Debtors propose that no objection to the entry of the order approving this Motion along with no timely objection under the *De Minimis* Asset Sale Procedures, in each case following the provision of notice, be deemed "consent" to any sales or transfers pursuant to the order within the meaning of section 363(f)(2) of the Bankruptcy Code. As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers free and clear of liens, encumbrances and other interests.

D.  **Sales of *De Minimis* Assets Will Be Entitled to the Protections of Section 363(m).**

17. Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal. 11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith," courts have explained that the "good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings .... A purchaser's good faith is lost by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *Licensing By Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 390 (2d Cir. 1997) (quoting *In re Rock Industries Machinery Corp.*, 572 F.2d 1195 (7th Cir. 1978)). The Debtors submit that any agreement that results in the sale of a *De Minimis* Asset will be an extensively negotiated, arms-length transaction entered in good faith, entitled to the protections of section 363(m). As set forth above, as part of the proposed procedures, the Debtors will submit § 363(m) Declarations and request a provision in Transaction Approval Orders that the applicable buyers are entitled to section 363(m) protections.

18. Overall, in light of the demonstrable benefits of streamlined procedures to sell or transfer *de minimis* assets, numerous bankruptcy courts have approved similar procedures in other large chapter 11 cases. *See, e.g., In re Charter Communications, Inc., et al.*, Case No. 09-11435 (JMP) (Bankr. S.D. N.Y. April 15, 2009) (approving *de minimis* sale procedures, providing 5 business days' notice, for assets worth up to $15 million); *In re Dana Corp.*, Case

No. 06-10354 (Bankr. S.D. N.Y. March 29, 2006) (authorizing sales of less than $1 million with no advance notice and authorizing sales up to $10 million on 10 days' advance notice); *In re Delphi Corp.*, Case No. 05-44481 (Bankr. S.D.N.Y. Oct. 27, 2005) (authorizing *de minimis* asset sales up to $10 million for each proposed transaction, with a 5 business day notice period to affected parties); *In re Flying J Inc., et al.*, Case No. 08-13384 (MFW) (Bankr. D. Del. Feb. 19, 2009) (amended order approving sale procedures for the sale of assets worth less than $5 million on 10 days' notice). For the reasons discussed herein, as in the foregoing cases, the Debtors believe that the proposed procedures are reasonable and in the best interest of the estates.

E.  **Request for Waiver of Stay.**

19. The Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise. Fed.R.Bankr.P. 6004(h). The Debtors believe that the imposition of the 14-day stay is inconsistent with and frustrates the streamlined procedures for notice and approval of each individual sale contemplated by this Motion, and will hinder prompt and expedited sales for the benefit of the estates. Accordingly, the Debtors submit that good cause exists to justify a waiver of the stay imposed by Bankruptcy Rule 6004(h).

## Notice

20. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) proposed counsel for the Committee; and (c) any parties who have filed a request for notice in these cases pursuant to

Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required

### No Prior Request

21. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated: February 8, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession

# **EXHIBIT A**

# **(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

MESA AIR GROUP, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 10-10018 (MG)

(Jointly Administered)

## ORDER APPROVING PROCEDURES FOR THE SALE OF *DE MINIMIS* ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS

Upon the motion (the "Motion")[2] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") approving procedures for the sale or transfer of *De Minimis* Assets, free and clear of all liens, claims and interests; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell or transfer the *De Minimis* Assets in accordance with the following procedures (the "*De Minimis* Asset Sale Procedures"):

   (a) The Debtors are authorized to consummate a sale or other transfer of *De Minimis* Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price[3] equal to or lesser than $750,000 without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment that such sale or transfer is in the best interests of the estates, subject to the procedures set forth herein;

   (b) Any such transaction(s) will be free and clear of any and all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the *De Minimis* Assets immediately prior to such sale or transfer, and with respect to which the Debtors and the Committee reserve all their rights;

   (c) The Debtors will give written notice, via electronic mail, facsimile, messenger or overnight delivery, of each such sale or transfer (a "Sale Notice") to (a) the Office of the U.S. Trustee, (b) proposed counsel to the Committee, (c) those parties, if any, known by the Debtors to hold or assert Liens in the *De Minimis* Asset and (d) those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (collectively, the "Notice Parties"), at least five (5) business days prior to the closing of the subject sale or transfer, which Sale Notice will be filed with the Court;

   (d) The content of the Sale Notice will consist of (a) identification of the *De Minimis* Asset(s) being sold or transferred, (b) identification of the purchaser of the asset(s), (c) the amount of the purchase price, (d) a description of

---

[3] For purposes of these procedures, selling price refers to the Debtors' estimate of the net proceeds of the subject sale transaction.

any significant terms of the sale or transfer agreement, (e) disclosure of any commission fees or other material transaction costs, if any (including the amount, nature and proposed recipient of the commission or other fee), and (f) a description of any known Liens encumbering the *De Minimis* Asset(s) (including identification of the putative Lien holder) and the amount(s) thereof, if known (which such amount(s) will not be binding on the Debtors or the Committee);

(e) If no written objection from the Notice Parties or any other party in interest is received by the Debtors within five (5) business days after the filing and service of the Sale Notice, then the Debtors will submit (i) a proposed order approving the transaction (the "Transaction Approval Order"), (ii) a certification of counsel that no objections were timely filed and served, and (iii) a declaration or declarations of appropriate parties attesting to the good faith nature of the proposed transaction for purposes of protection under section 363(m) of the Bankruptcy Code (the "§ 363(m) Declaration"), and after entry of such a Transaction Approval Order, the Debtors will be authorized to immediately consummate such sale or transfer; and

(f) If a Notice Party or other party in interest files with the Court and serves on Debtors' counsel a written objection to the proposed sale or transfer within five (5) business days after the Debtors' filing and service of the Sale Notice, then the subject *De Minimis* Asset will only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing. A hearing on any timely, unresolved objection will be held on the next scheduled omnibus hearing date in the Debtors' cases, provided that the objecting party is provided by the Debtors at least five (5) business days' prior written notice of such hearing date and time, and provided further that the foregoing is without prejudice to the Debtors' and/or the objecting party's right to move for an expedited hearing (on less than five (5) business days' notice).

3. Sales to "insiders" (as defined in section 101 of the Bankruptcy Code) are not covered by this Order.

4. A party's lack of timely objection to the sale or transfer of a *De Minimis* Asset, as set forth in the applicable Sale Notice, shall be determined to be "consent" to such sale or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

5. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order, including, without limitation,

entering into sale agreements, executing all other appropriate sale related documents, paying any fees and expenses incurred in the sale or transfer of a *De Minimis* Asset (including, without limitation, any commission fees to agents, brokers and liquidators), and taking any and all steps necessary to effectuate any approved sale.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____

_____
UNITED STATES BANKRUPTCY JUDGE