MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren

*Proposed Attorneys for the
Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| | Jointly Administered |
| Debtors. | |

**NOTICE OF APPLICATION PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MACQUARIE CAPITAL (USA) INC. AS THE FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 21, 2010**

**PLEASE TAKE NOTICE**, that the Official Committee of Unsecured Creditors (the "Committee") of Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") have filed an Application Pursuant To Sections 327(a), 328(a), and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 For Entry of an Order Authorizing the Retention and Employment of Macquarie Capital (USA) Inc. as Financial Advisor and

Investment Banker To the Official Committee of Unsecured Creditors *Nunc Pro Tunc* To January 21, 2010 (the "Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held in connection with the Application (the "Hearing") on **March 3, 2010 at 3:00 p.m. (prevailing Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room ___.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Application and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set forth the basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended by General Order M-269, by registered users of the Court's electronic case filing system (the User's manual for the Electronic case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served in accordance with General Order M-242 or by first-class mail upon each of the following: (i) counsel to the Committee, Morrison & Foerster LLP, Attention: Brett H. Miller, Esq., 1290 Avenue of the Americas, New York, New York 10104; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004, Attention: Andrea Schwartz, Esq.; (iii) Mesa Air Group, Inc., 410 North 44th Street, Suite 700, Phoenix, Arizona 85008, Attn: Brian Gilman, (iv) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Debra Grassgreen and Joshua M. Fried and Pachulski Stang Ziehl & Jones LLP, 780 Third

Avenue, 36th Floor, New York, New York 10017, Attn: Maria A. Bove, and (v) all parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service, so as to be received on or before **4:00 p.m. (prevailing Eastern time) on February 24, 2010**, or such shorter time as the Bankruptcy Court may hereafter order and of which you may receive subsequent notice.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Application, the Bankruptcy Court may deem any opposition waived, treat the Application as conceded, and enter an order granting the relief requested in the Application without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Application may be obtained at no charge at http://chap11.epiqsystems.com or for a fee via PACER at http://www.nysb.uscourts.gov.

Dated: February __, 2010
New York, New York

        Respectfully submitted,

        /s/ _____
        Brett H. Miller
        Lorenzo Marinuzzi
        Todd M. Goren
        MORRISON & FOERSTER LLP
        1290 Avenue of the Americas
        New York, New York 10104
        Telephone: (212) 468-8000
        Facsimile: (212) 468-7900

        *Proposed Attorneys for the Official Committee of Unsecured Creditors*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Todd M. Goren

*Proposed Attorneys for the*
*Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| | Jointly Administered |
| Debtors. | |

### APPLICATION PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MACQUARIE CAPITAL (USA) INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 21, 2010

The Official Committee of Unsecured Creditors (the "Committee") of Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), by Brian Bruce of the Air Line Pilots Association, International, Co-Chairperson of the Committee, hereby submits this application (the "Application") pursuant to sections 327(a), 328(a), and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 for entry of an order authorizing the retention and

employment of Macquarie Capital (USA) Inc. ("Macquarie") as financial advisor and investment banker to the Committee, *nunc pro tunc* to January 21, 2010. In support of the Application, the Committee respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 327(a) of title 11, United States Code, 11 U.S.C. §§101-1532, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

### BACKGROUND

2. On January 5, 2010 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above captioned Chapter 11 cases.

3. Pursuant to an order of this Court dated January 5, 2010, the Debtors' Chapter 11 cases are being jointly administered.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 13, 2010, the United States Trustee for the Southern District of New York (the "United States Trustee") appointed the seven (7) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. On that same date, the Committee selected Air Line

Pilots Association and AT&T Capital Services as its Co-Chairpersons. Thereafter, the Committee selected Morrison & Foerster to serve as its counsel.

6. On January 21, 2010, the Committee met and selected Macquarie to serve as its financial advisor and investment banker.

7. No trustee or examiner has been requested or appointed the Debtors' Chapter 11 cases.

## RELIEF REQUESTED

8. Subject to this Court's approval, the Committee seeks to employ Macquarie as their financial advisor and investment banker in connection with the commencement and prosecution of their Chapter 11 cases and all related matters, *nunc pro tunc* to January 21, 2010 in accordance with the terms of that certain letter agreement dated January 21, 2010 (the "Agreement"), a copy of which is attached hereto as Exhibit C and incorporated by reference herein. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Debtors respectfully request that the Court enter an order authorizing the Committee to employ and retain Macquarie Capital (USA) Inc. as their financial advisor and investment banker.

9. Additional facts in support of the specific relief sought herein are set forth in the *Affidavit of R. Edward Albert* (the "Albert Affidavit,") attached hereto as Exhibit B, as well as below.

## MACQUARIE'S QUALIFICATIONS

10. Macquarie is a professional services firm focused on providing financial and investment banking advice and transaction execution on behalf of its clients. Macquarie's broad range of corporate advisory services includes services pertaining to restructurings, mergers and

acquisitions, capital raises, project finance, privatizations and tailored strategic and financial advice.

11. Prior to retaining Macquarie, the Committee interviewed senior personnel of and considered proposals from other financial advisory firms. After due consideration and as an exercise of their business judgment, the Committee concluded that Macquarie was qualified to provide financial advisory services to the Committee at a reasonable level of compensation. The Committee has selected Macquarie as their financial advisor and investment banker based upon (a) Macquarie's extensive experience in providing financial advisory services in large and complex chapter 11 cases and (b) Macquarie's excellent reputation for the services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

12. Macquarie professionals have significant experience in restructuring matters in the United States, including within the airline industry. Such engagements have included providing financial advisory services to the debtors in *In re Delta Air Lines, Inc., et al.*, [Case No. 05-17923] and *In re Lazy Days' R.V. Center, Inc., et al.*, [Case No. 09-13911], the chapter 11 trustee in *In re Sentinel Management Group, Inc.*, [Case No. 07-14987], the senior lenders in *In re Refco, Inc., et al.*, [Case No. 05-60006], and the statutory committees of unsecured creditors in *In re Enron Corp.*, [Case No. 01-16034] and *In re USG Corporation, a Delaware Corporation, et al.*, [Case No. 01-2094][1].

13. The compensation and indemnification arrangements provided for in the Agreement are consistent with and typical of arrangements entered into by Macquarie and financial advisory firms in connection with rendering similar services to clients such as the

---

[1] On April 13, 2007 the Macquarie Group acquired the business of Giuliani Capital Advisors LLC. The restructuring experience of the Macquarie team, including the services in certain of these proceedings refers to transactions completed prior to the acquisition. Professionals that worked on those transactions are now employed by Macquarie.

Committee. The Committee believes that Macquarie is well qualified and able to represent their interests in a cost effective, efficient and timely manner. Macquarie has indicated a willingness to act on behalf of the Committee and to subject itself to the jurisdiction and supervision of this Court.

## MACQUARIE'S DISINTERESTEDNESS

14. To the best of the Committee's knowledge, Macquarie does not hold or represent any interest adverse to the Debtors' estates and, except as disclosed in the Albert Affidavit, does not have any "connections" to the Debtors' creditors, affiliates, other interested parties and potential interested parties, the Assistant United States Trustees for the Southern District of New York and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the Southern District of New York. Accordingly, Macquarie is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

15. The Committee believes that the employment of Macquarie is necessary and in the best interests of the Debtors' estates, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

16. As set forth in the Albert Affidavit, Macquarie has represented, currently represents and will likely in the future represent certain interested parties or potential interested parties in these Chapter 11 cases in matters unrelated to the Debtors, the Chapter 11 cases, or such entities' claims against the Debtors, and as part of its customary practice, Macquarie is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the Debtors, claimants, and interested parties in these Chapter 11 cases.

17. Pursuant to section 327(c) of the Bankruptcy Code, Macquarie is not disqualified from acting as the Committee's financial advisor merely because it previously represented or currently represents the Debtors' creditors, or other interested parties in matters unrelated to the Debtors or these Chapter 11 cases.

18. Macquarie has advised the Committee that it will periodically review its files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise and if any new relevant facts or relationships are discovered or arise, Macquarie will use reasonable efforts to identify such further developments by filing a supplemental affidavit.

19. Therefore, the relief requested in the Application is appropriate and should be granted by this Court.

**SERVICES TO BE PROVIDED**

20. The Committee anticipates that Macquarie will, in connection with these Chapter 11 cases and subject to orders of this Court, provide a range of services to the Committee, including but not limited to:

(a) advising the Committee regarding the Debtors' business plans, cash flow forecasts, financial projections and cash flow reporting;

(b) advising the Committee with respect to available capital restructuring, sale and financing alternatives, including recommending specific courses of action and assisting with the design, structuring and negotiation of alternative restructuring and/or transaction structures;

(c) advising the Committee regarding financial information prepared by the Debtors, and in its coordination of communication with interested parties and their respective advisors;

(d) advising the Committee in preparing for, meeting with, and presenting information to interested parties and their respective advisors;

(e) advising the Committee in the development of a plan of reorganization for the Debtors and negotiation with parties-in-interest or in the sale of a portion or

substantially all of the assets of the Debtors, whether structured as a stock transfer, merger, purchase and assumption transaction or other business combination;

(f) advising the Committee as to the Debtors' proposals from third parties for new sources of capital or the sale of the Debtors;

(g) assisting and advising the Committee and its counsel in the development, evaluation and documentation of any plan(s) of reorganization or strategic transaction(s), including developing, structuring and negotiating the terms and conditions of potential plan(s), financings or strategic transaction(s) and the strategic alternatives for recovery, and the consideration that is to be provided to unsecured creditors thereunder; and

(h) providing testimony in the Bankruptcy Court in connection with items (a) through (g) above.

## PROFESSIONAL COMPENSATION

21. Macquarie intends to apply for compensation for professional services rendered in connection with the Chapter 11 cases, subject to the Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, the fee guidelines established by the Executive Office of the United States Trustee and the Court's Orders, plus seek reimbursement of actual, necessary expenses and other charges that Macquarie incurs.

22. As set forth in the Agreement, Macquarie proposes the following compensation structure (the "Fee and Expense Structure") in consideration for the Services to be rendered by Macquarie to the Committee in these Chapter 11 Cases:[2]

(a) Monthly Advisory Fee: A monthly fee of $125,000 (the "Monthly Advisory Fee") per month; and

(b) Completion Fee: Upon the consummation of a Restructuring or a Transaction (each as defined in the Agreement), a fee of $1,000,000 (the "Completion Fee") shall be paid, at the discretion of the Committee.

---

[2] For a more detailed description of the Fee and Expense Structure, please see the Agreement, which is attached hereto as **Exhibit C**.

23. The Committee has also agreed to reimburse Macquarie for its reasonable out-of-pocket expenses incurred in connection with the performance of the engagement, including, but not limited to, out-of-pocket expenses incurred in connection with travel, out-of-town accommodations and meals, overnight delivery, and database access charges. All requests for reimbursement of expenses will be consistent with guidelines established by the Bankruptcy Court and/or the Executive Office of the United States Trustee.

24. The overall compensation structure described above is comparable to compensation generally charged by financial advisory firms of similar stature to Macquarie and for comparable engagements, both in and out of court. To induce Macquarie to do business with the Committee in bankruptcy, the Fee and Expense Structure was established to reflect the difficulty of the extensive assignments Macquarie expects to undertake. The Fee and Expense Structure has also been established in light of the fact that Macquarie's retention by the Committee in these Chapter 11 Cases may foreclose other opportunities for Macquarie and that the actual time required to perform services under the Agreement may vary substantially from week to week or month to month, creating "peak load" issues for the firm.

25. The Committee acknowledges and agrees that Macquarie's restructuring expertise, as well as its knowledge of the capital markets, financing skills and mergers and acquisitions capabilities, some or all of which may be required by the Committee during the term of Macquarie's engagement, were important factors in determining the amount of fees payable to Macquarie, and that the ultimate benefit to the Committee of Macquarie's services could not be measured merely by reference to the number of hours to be expended by Macquarie's professionals in the performance of such services.

26. In addition, given the numerous issues which Macquarie may be required to address in the performance of its services hereunder, Macquarie's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Macquarie's services for engagements of this nature in an out of court context, as well as in chapter 11, the Committee submits that the fee arrangements in the Agreement are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code, and the Monthly Advisory Fee and Completion Fee should be subject to review only pursuant to the standards set forth in Section 328(a) of the Bankruptcy Code and not subject to the standard of review set forth in Section 330 of the Bankruptcy Code.[3]

27. As Macquarie does not customarily maintain detailed time records similar to those customarily maintained by attorneys, and because Macquarie's services would not be compensated by reference to the number of hours and the Agreement provides that Macquarie shall receive certain fixed fees as defined in paragraph 15 above, the Committee requests that Macquarie be permitted to maintain time records for services in one-half hour increments.

28. Macquarie has advised the Committee that no promises have been received by Macquarie, as to compensation in connection with these Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. Macquarie has also advised the Committee that neither Macquarie, nor any employee of Macquarie, has any agreement with any other entity to share with such entity any compensation received by Macquarie in connection with these cases.

---

[3] Notwithstanding the foregoing, the United States Trustee shall retain the right to review Macquarie's fees under Section 330 of the Bankruptcy Code.

## INDEMNITY

29. As set forth in the Agreement and subject to the terms and conditions therein, the Committee requests that the Debtors indemnify Macquarie and certain related parties from losses directly or indirectly in connection with, arising out of, based upon, or related to the engagement of Macquarie under the Agreement. The Committee believes the indemnity provision is a reasonable term and condition of Macquarie's engagement. Unlike the market for other professionals that the Committee may retain, indemnification is a standard term of the market for financial advisors and investment bankers. Macquarie and the Committee believe that the indemnity provisions are comparable to those generally obtained by advisory firms of similar stature to Macquarie and for comparable engagements, both in and out of court. The proposed indemnification will not include gross negligence, willful misconduct, or fraud of Macquarie.

30. The payment of indemnity pursuant to the Agreement will be subject an application of the Court (interim or final as the case may be) and will be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought.

## NOTICE

31. Notice of this Application has been provided by first-class mail, postage pre-paid to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors; (c) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors; and (d) all parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service. In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

32.    No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: February 12, 2010

                                  Respectfully submitted,

                                  THE OFFICIAL COMMITTEE OF
                                  UNSECURED CREDITORS OF MESA AIR
                                  GROUP, INC., *ET AL.*

                                  By: /s/ *B. B.*
                                  Name: Brian Bruce
                                  Title:   Co-Chairperson

WS: CFFP_Chicago: 678841: v1
ny-910599