PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**OMNIBUS REPLY IN SUPPORT OF (I) DEBTORS' MOTION FOR
(A) AUTHORIZATION TO REJECT LEASES RELATING TO CERTAIN AIRCRAFT
AND OTHER RELATED EQUIPMENT; ABANDON CERTAIN AIRCRAFT, ENGINES,
AND OTHER RELATED EQUIPMENT; TRANSFER TITLE TO CERTAIN
AIRCRAFT, ENGINES, AND OTHER RELATED EQUIPMENT; AND SATISFY THE
SURRENDER AND RETURN REQUIREMENTS UNDER THE BANKRUPTCY CODE,
AND (B) APPROVAL OF RELATED NOTICES AND PROCEDURES; AND
(II) MOTION FOR ORDER ESTABLISHING PROCEDURES AUTHORIZING
DEBTORS, SUBJECT TO SUBSEQUENT COURT APPROVAL, TO PERFORM
OBLIGATIONS AND CURE DEFAULTS PURSUANT TO SECTION 1110(a) AND TO
ENTER INTO AGREEMENTS TO EXTEND 60-DAY PERIOD SPECIFIED IN
SECTION 1110(a) PURSUANT TO SECTION 1110(b) AND (B) AUTHORIZING
THE FILING OF REDACTED SECTION 1110(A) ELECTION NOTICES AND
SECTION 1110(B) AGREEMENTS UNDER SEAL**

TO THE HONORABLE MARTIN GLENN:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this Omnibus Reply in support of (i) *Debtors' Motion for Order Pursuant to Sections 105, 363, 365, 554, and 1110 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 6007 for (I) Authorization to (A) Reject Leases Relating to Certain Aircraft and Other Related Equipment, (B) Abandon Certain Aircraft, Engines, and Other Related Equipment, (C) Transfer Title to Certain Aircraft, Engines, and Other Related Equipment, and (D) Satisfy the Surrender and Return Requirements Under the Bankruptcy Code, and (II) Approval of Related Notices and Procedures* (the "Rejection/Abandonment Procedures Motion"), and (ii) *Motion for Order (A) Establishing Procedures Authorizing Debtors, Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults Pursuant to Section 1110(a) of the Bankruptcy Code and to Enter Into Agreements to Extend the 60-Day Period Specified in Section 1110(a) Pursuant to Section 1110(b) of the Bankruptcy Code and (B) Authorizing the Filing of Redacted Section 1110(a) Election Notices and Section 1110(b) Agreements Under Seal* (the "§ 1110 Agreement/Election Motion" and together with the Rejection/Abandonment Procedures Motion, the "Motions").[2]

As discussed below, after extensive negotiations, based on information and belief, the Debtors have reached agreement with the following parties as to modified forms of order on the Motions (the "Modified Proposed Orders") or certain such parties do not object to the entry of the Modified Proposed Orders: (i) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"); (ii) GE Capital Aviation Services; (iii) Bank of Scotland, plc; (iv) CIT Capital USA Inc.; (v) DVB Bank SE; (vi) Export Development Canada; (vii) Fortis

---

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Rejection/Abandonment Procedures Motion and the § 1110 Agreement/Election Motion, as applicable.

N.V.; (viii) HSH Nordbank AG; (ix) Landesbank Baden-Wurttemberg, Transamerica Aviation LLC; (x) NIBC N.V.; (xi) Rolls Royce plc; (xii) Bombardier Inc., Bombardier Capital Inc. and Bombardier Services Corporation; (xiii) Embraer-Empresa Brasilieire de Aeronautica S.A., Embraer Aircraft Maintenance Services, Inc., Embraer Aircraft Customer Services, Inc. and Michael Lewis Company; (xiv) Bank of Hawaii; (xv) Bank of America, National Association, as successor to Fleet National Bank; (xvi) AT&T Capital Services, Inc., f/k/a Ameritech Credit Corporation, (xvii) Universal Asset Management, Inc.; (xviii) Aircraft Solutions CRJ-200LR, LLC; (xix) Aircraft Solutions ERJ-145, LLC; (xx) Transamerica Aviation LLC and Transamerica Finance Corporation; (xxi) Wells Fargo Bank, N.A. and Wells Fargo Equipment Finance, Inc.; (xxii) Willis Lease Finance Corp.; (xxiii) Wilmington Trust Company; (xxiv) United Airlines; (xxv) U.S. Bank National Association; and (xxvi) M&T Bank (collectively, excluding the Committee, the "Aircraft Parties").[3] Clean and blackline copies of the Modified Proposed Orders are attached hereto as Exhibit 1 (with respect to the Rejection/Abandonment Procedures Motion) and Exhibit 2 (with respect to the § 1110 Agreement/Election Motion).

The objections (the "Remaining Objections") filed by the following parties (the "Objecting Parties") remain unresolved and pending: (i) Integra Bank, N.A. and IBNK Leasing Corp. (formerly NCBE Leasing Corp.) (collectively, "Integra") (objecting to both Motions); (ii) Cargill, Incorporated ("Cargill") (objecting to the Rejection/Abandonment Procedures Motion); and (iii) Zions Credit Corporation ("Zions") (objecting to both Motions).[4] For the

---

[3] Certain Aircraft Parties formed an informal steering committee to negotiate with the Debtors on revised forms of orders on the Motions.
[4] Zions joined in Integra's objections to the Motions. Zions also joined in the objections to the Rejection/Abandonment Procedures Motion filed by Bank of Hawaii and M&T Bank. As noted above, the Debtors believe that Bank of Hawaii and M&T Bank do not oppose entry of the Modified Proposed Orders.

reasons set forth in the Motions and herein, the Court should overrule the Remaining Objections and enter the Modified Proposed Orders.

In support hereof, the Debtors represent as follows:

A. **The Debtors' Extensive, Successful Efforts to Consensually Resolve Nearly All Formal and Informal Objections to the Motions**

1. Promptly after the filing of the Motions, the Debtors engaged in extensive negotiations with numerous Aircraft Parties to attempt to reach agreement on reasonable forms of orders on the Motions. The Debtors believe that, based upon all the circumstances, the modifications set forth in the Modified Proposed Orders reflect a reasonable middle ground, which the Debtors can abide by in order to effectively and efficiently reject Leases, surrender and return Excess Equipment, and abandon Excess Equipment, without undue administrative costs and undue use of estate resources, while certain of the Debtors' and affected parties' rights and remedies (including certain rights to subsequently contest the scope of certain elements of the surrender and return provisions of section 1110) remain preserved. In short, the Debtors and various Aircraft Parties each conceded certain points in order to minimize litigation and business costs and risks. Accordingly, the Debtors believe that the entry of these modified forms of order is in the best interest of the estates.

2. Notwithstanding the foregoing, the Remaining Objections are unresolved. As discussed below, courts discussing the relevant issues have properly reasoned and concluded that the requirements of section 1110, including the "surrender and return" requirements set forth in section 1110(c), must be viewed through a "reasonableness" prism. The procedures and other provisions in the Modified Proposed Orders represent a reasonable mechanism to deal with section 1110 requirements.

B.  **The Modified Proposed Orders Are Reasonable and Entry Thereof Is In the Best Interests of the Estates and Parties in Interest**

1.  **The Debtors Have Modified the Five Business Day Notice Period Proposed In the Rejection/Abandonment Procedures Motion**

3. The Debtors originally proposed providing parties in interest five business days to object to Subsequent Rejection/Abandonment Notices. The Objecting Parties argue that ten calendar days' notice should be provided. Based on negotiations with various Aircraft Parties, the Debtors have increased the notice/objection period to seven business days, which, depending on the actual date of filing/service of the Subsequent Rejection/Abandonment Notice, would be equivalent to a minimum of nine calendar days and potentially ten or more calendar days.[5] For the sake of clarity and efficiency, business days, instead of calendar days, were chosen to avoid having any filing and service deadline fall on a weekend or holiday (although in such event, under Bankruptcy Rule 9006(a)(1), the applicable deadline would extend to the next business day). Based on the circumstances and negotiations with certain Aircraft Parties, the Debtors submit that the seven business-day notice period proposed under the Modified Proposed Order on the Rejection/Abandonment Procedures Motion is reasonable and sufficient and provides an adequate opportunity for parties in interest to review and, if desired, object to Subsequent Rejection/Abandonment Notices. *See, e.g., In re Northwest Airlines Corporation, et al.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Oct. 12, 2005 & Oct. 19, 2005) [Docket Nos. 672 & 750][6] (for subsequent rejection or abandonment notices, effective date of five business days after notice); *see also In re Northwest Airlines Corporation, et al.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.); Transcript of Hearing on Debtors' Rejection/Abandonment Motion Held on

---

[5] For example, if a Subsequent Rejection/Abandonment Notice were to be filed and served on Friday, February 26th, any objections would be due Tuesday, March 9th – seven business days or eleven calendar days later.

[6] Each of the orders and the transcript cited herein also were cited in the Motions, and have been provided to the Court, with the exception of the order entered on October 12, 2005 in *In re Northwest Airlines Corporation, et al.* at Docket No. 672. A copy of such order is attached hereto as Exhibit 3.

Oct. 7, 2005 ("Northwest Transcript"), pp. 30:10-15 ("[Debtors] certainly have the right to bring on a motion to reject or an abandonment notice on very, very short notice. Indeed, an abandonment notice may not require any notice at all but since I do think parties should act reasonably, there should be a date on which [debtors] make the final determination [on whether to reject a certain lease or abandon aircraft identified on a schedule of aircraft that may potentially be rejected or abandoned, as applicable] unless [debtors] agree differently with a party.").

2. **Contrary to the Objecting Parties' Assertions, the Debtors Are Not Required to Comply with All Requirements Under the Applicable Leases and Operative Documents to Satisfy the Requirements Imposed Under Bankruptcy Code Section 1110(c)**

4. The Objecting Parties assert that the Debtors must fully comply with the applicable Leases and/or other operative, prepetition agreements in order to satisfy the requirements under section 1110(c). However, courts ruling on such issues, including the Honorable Allan Gropper of this Court, have held that generally a reasonableness standard should be applied to the requirements of this statute. For example, in the Northwest Airlines bankruptcy cases, Judge Gropper concluded:

> "The corresponding obligation of the trustee or debtor-in-possession is to surrender and return the property. Congress did not require surrender and return of the property in compliance with the security agreement or lease, no doubt recognizing the cost and burdens this would place on the debtors, their estates and their other creditors.... [With respect to surrender and return requirements] [t]he hallmark as in any case is reasonableness."

Northwest Transcript, pp. 71:7-12, 21-22. *See also id.*, pp. 8:19-20 (court explains: "in connection with abandonment and rejection, the hallmark of the action of all parties is reasonableness"), 40:14-17 (court: "Well, I've read [section 1110(c)] and I see the words 'surrender and return' but it's also, I think, of some little interest that what I don't see is in

accordance with the provisions of the applicable lease or security agreement"), 44:7-12 ("Altogether, [the rejection/abandonment] issues relate to the reasonableness of telling a secured party to go to [some location where the applicable aircraft is] and pick up your engine there and pay [related expenses] and all of that can be resolved on a case-by-case basis later and we're dealing with sophisticated parties who have the wherewithal to protect themselves in the meantime.") (a copy of the portions of the Northwest Transcript cited herein are attached hereto as Exhibit 4). *Accord, In re Flyi, Inc., et al.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Dec. 5, 2005) [Docket No. 290], p. 3, ¶ 5 ("Except with respect to the return and surrender of documents relating to Excess Aircraft and corresponding engines, Section 1110(c) of the Bankruptcy Code does not require the Debtors to comply with the "return" conditions of the Lease and/or other operative documents (the 'Operative Documents'), but instead, under Section 1110(c) of the Bankruptcy Code, a 'reasonableness' test applies.").[7]

5. Notwithstanding the foregoing, the Debtors do not presently seek any finding or ruling by this Court on the exact requirements of section 1110. Based on the circumstances, the Debtors have reached a reasonable, middle ground, as set forth in the Modified Proposed Orders, whereby the Debtors undertake to take certain surrender and return related and other actions, while various material rights of affected parties in interest to seek additional relief and/or assert related claims against the Debtors are expressly preserved. In all events, as discussed above,

---

[7] *See also In re Continental Airlines, Inc.*, 146 B.R. 520, 528 (Bankr. D. Del. 1992) (ruling, in a case under former section 1110, that lessor and trustee were not entitled to administrative expense claim for breach of release return conditions where no showing that the debtors' failure to satisfy return conditions resulted in a benefit to the estates).

Similarly, by analogy to the real property lease context, in *In re Ames Department Stores, Inc., et al.*, the court stated it "necessarily must reject the Landlords' implicit contention that the Debtors' statutory right to reject can be qualified by requirements not in the Bankruptcy Code itself, and especially by an implied requirement of compliance with lease covenants that are burdensome to the debtor, and that may form part of the rationale for rejection in the first place." 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004) (Gerber, J.). The *Ames* court concluded that the requirement to remove debris and clean the premises was not a condition precedent to rejection, and that claims for breach of such provisions were prepetition unsecured claims.

there is persuasive precedent for this Court to enter the reasonable Modified Proposed Orders and overrule the Remaining Objections.[8]

> **3. The Debtors Have Similarly Made Reasonable Modifications to the Proposed Order on the § 1110 Agreement/Election Motion, and In All Events, the Affected Parties in Interest Will Be Protected by the Debtors' Section 1110(a) Elections and/or Section 1110(b) Stipulations**

6. As in the case of the Rejection/Abandonment Procedures Motion, the Debtors engaged in negotiations with numerous Aircraft Parties, reaching agreement on a form of order on the § 1110 Agreement/Election Motion that is reasonable under all of the circumstances.

7. In Integra's objection to the § 1110 Agreement/Election Motion (which objection is joined by Zions), Integra states broad concerns that it has "no assurance of the Debtors' compliance with the Leases for the safety, storage and maintenance of its aircraft and equipment" and that it is "in a holding pattern as to the location, condition and maintenance of its equipment" (*see* Integra's Objection, p. 3, ¶¶ 3 & 7). As part of the Debtors' ongoing efforts to reach consensual resolution of Lease, aircraft and equipment matters, the Debtors will endeavor to reasonably cooperate with Lessors and Secured Parties as to providing information and entering a dialogue about the condition and status of the applicable aircraft and equipment; the Debtors are not trying to "hide the ball" in any manner.

8. Further, Integra's objections regarding potential extension by the Debtors of the statutory 60-day deadline by way of filing a Section 1110(a) Election Notice or Section 1110(b) Stipulation, and Integra's assertion that the notice periods contemplated under the Debtors' procedures are insufficient (Integra's Objection, pp. 4-6), are baseless. Necessarily, by the Debtors making a section 1110(a) election, the Debtors are "agree[ing] to perform all

---

[8] The Objecting Parties have cited no case law on point, requiring the Debtors' full, blanket compliance with the Leases and/or other operative agreements in order to satisfy section 1110(c). Further, certain of the Objecting Parties cite and/or quote certain provisions in their leases and/or other operative agreements; the Debtors reserve all their rights with respect to these agreements, including the proper interpretation thereof.

obligations" of the Debtors under the applicable Lease or other operative agreement, as well as cure defaults as required under that statute. And, a Section 1110(b) Stipulation obviously requires the agreement and consent of the affected party in interest. In short, the affected interested parties will be protected in the case of a Section 1110(a) Election Notice or Section 1110(b) Stipulation. Thus, an extension of the 60-day period as contemplated under the proposed order on the § 1110 Agreement/Election Motion will not unduly prejudice Integra's rights pending a final determination on the applicable notice or stipulation, as the case may be.

WHEREFORE, the Debtors respectfully request that the Court enter the Modified Proposed Orders attached hereto and grant such other and further relief as is just.

Dated: February 22, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Debra I. Grassgreen*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession