**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**STIPULATION, AGREEMENT, AND ORDER (I) GRANTING RANDY
AND MARIA KLINCKHARDT RELIEF FROM THE AUTOMATIC
STAY TO PURSUE THEIR STATE COURT ACTION AGAINST
THE DEBTORS AND RECOVER SOLELY FROM AVAILABLE
INSURANCE PROCEEDS; AND (II) WAIVING ALL CLAIMS
AGAINST THE DEBTORS AND THEIR ESTATES**

On this 18th day of February, 2010, this *Stipulation, Agreement, and Order (I) Granting Randy and Maria Klinckhardt Relief From the Automatic Stay to Pursue Their State Court Action Against the Debtors and Recover Solely From Available Insurance Proceeds; and (II) Waiving All Claims Against the Debtors and Their Estates* (the "Stipulation") is entered into by and between Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and Randy and Maria Klinckhardt as complainants (the "Complainants" and together with the Debtors, the "Parties") in that certain non-bankruptcy personal injury matter styled as: *Randy Klinckhardt and Maria Klinckhardt v. Mesa Air Group, Inc. et al.*, Civil Action No. CV2009-013787, currently pending in the Superior Court of the State of Arizona, Maricopa County (the "Litigation"). The Parties respectfully state as follows:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

# RECITALS

A. On January 5, 2010 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B. The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. Prior to the Petition Date, the Complainants commenced the Litigation against the Debtors with respect to the certain alleged actions or inactions that occurred prior to the Petition Date.

D. The Litigation was stayed by reason of the automatic stay imposed by Bankruptcy Code section 362(a).

E. On January 19, 2010, the Complainants filed a Motion for Relief from Stay [Docket No. 111] seeking entry of an order granting relief from the automatic stay by terminating such stay pursuant to section 362(d) of the Bankruptcy Code.

F. The Debtors are willing to consent to modification of the automatic stay of section 362(a) of the Bankruptcy Code to permit the Litigation to move forward, subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** upon the mutual promises, covenants, and agreements set forth herein, and for other good and variable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

# AGREEMENT

1. The Debtor consents to the entry of an order modifying the automatic stay of Bankruptcy Code section 362(a) provided that the Complainants limit any recovery in the Litigation (whether by settlement, judgment, or otherwise) to the proceeds of any insurance of the Debtors.

2. The Complainants will hold the Debtors harmless against any requirement by the Debtors' insurers for the payment by the Debtors or their estates of any deductible or self-insured retention liability in connection with the Litigation. The Complainants will have the option of funding any required deductible or self-insured retention or abandoning the pursuit of any or all applicable policies. The insurers for the Debtors have represented to Complainants that the Debtors have no deductibles or self-insured retentions in connection with Complainants' Litigation.

3. The Complainants agree to limit any recovery in the Litigation (whether by settlement, agreement, or otherwise) to the proceeds of any insurance of the Debtors, and the Complainants further agree to waive any and all claims against the Debtors, the Debtors' estates, or any of the Debtors' assets for any claims arising from or any matter relating to the Litigation, other than for recovery of insurance proceeds.

4. Complainants agree and confirm that, effective upon entry of an Order approving the terms of this Stipulation, Complainants shall have or assert no claims of any kind against Debtors or their estates, or against any affiliate or party related to Debtors, other than the Litigation, wherein recovery shall be limited to any insurance proceeds.

5. Nothing in this Stipulation shall be construed as an admission or acknowledgment by the Debtors of liability to the Complainants or the availability of insurance proceeds.

6. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

7. This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, and each of their respective executors, heirs, successors and assigns.

8. This Stipulation constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.

| | |
|---|---|
| Dated: February 18, 2010 | Dated: February 18, 2010 |
| PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017 | SANDERS & PARKS, P.C.<br>3030 North Third Street, Suite 1300<br>Phoenix, Arizona 85012-3099 |
| Attorneys for Debtors<br>and Debtors in Possession | Attorneys for Complainants Randy<br>Klinckhardt and Maria Klinckhardt |
| By: _____/s/ Maria A. Bove_____<br>    Debra I. Grassgreen<br>    Maria A. Bover | By: _____/s/ Nicholas A. Bender_____<br>    Nicholas A. Bender |

**SO ORDERED** this **23rd** day of February, 2010

                                      **/s/Martin Glenn**
                                UNITED STATES BANKRUPTCY JUDGE