**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

## CASE MANAGEMENT & SCHEDULING ORDER

This Case Management and Scheduling Order is entered by the Court in connection with the Debtors' Motion for Authorization Pursuant to Section 365 of the Bankruptcy Code to Assume Code-Share Agreement, as Amended, with Delta Air Lines, Inc. (the "Motion"), following Scheduling Conferences held on February 3 and February 9, 2010, in accordance with Fed. R. Civ. P. 16(b) and 26(f).

The parties have agreed to transfer to this Court the case styled *Delta Air Lines, Inc. v. Mesa Air Group and Freedom Airlines, Inc.*, 1:09-CV-2267-CC, currently pending in the United States District Court for the Northern District of Georgia (the "MFN Litigation"), because the issues in the MFN Litigation are relevant to a full determination of the merits of Debtors' Motion. Accordingly, the following schedule applies both to the Motion and to the MFN Litigation.

1. On February 12, 2010, the parties shall exchange letters in which Debtors shall outline their position with respect to the MFN Litigation, including all defenses, claims and

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

counterclaims, and Delta shall outline its position with respect to the Motion, including all objections, defenses and claims relevant to 11 U.S.C. § 365.

2. No later than February 19, 2010, the parties shall (a) exchange document and other written discovery requests, including interrogatories; (b) serve third-party discovery requests; and (c) identify persons with knowledge and potential witnesses (in satisfaction of any initial disclosure obligations under Fed. R. Civ. P. 26(a)(1)).

3. No later than March 15, 2010, the parties and third-parties shall respond to all written discovery demands, and complete document production. In lieu of privilege logs, each party, to the extent it withholds responsive documents pursuant to the attorney-client privilege or work-product doctrine, shall (1) state specifically and in writing that it has withheld such documents and (2) identify the specific request(s) to which the withheld documents are responsive. The non-withholding party reserves the right thereafter to request from the withholding party the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii), and to challenge the withholding of any such document.

4. The parties will cooperate to make witnesses available for deposition during the discovery period and to make documents and witnesses available from third parties (subject to entry of an appropriate protective order). The parties agree to supplement their initial witness disclosures in a timely manner, if necessary, to identify all individuals who will be submitting declarations in support of that party's position, so that depositions of those individuals may be completed during the discovery period.

5. The parties may supplement their discovery requests, if necessary, but all <u>fact</u> discovery shall be completed by May 14, 2010.

6. Expert discovery

   a. No later than May 21, 2010, the parties shall exchange written reports of any expert intended to be called as a witness at trial with regard to each party's case in chief.

   b. No later than June 2, 2010, the parties shall exchange rebuttal expert reports.

   c. No later than June 11, 2010, expert discovery shall be completed.

   d. The parties have agreed that each is relieved of any obligation to provide to the other party any drafts of expert reports or rebuttal reports or communications relating thereto; only the final expert and/or rebuttal reports (along with the other materials required by Fed. R. Civ. P. 26(a)(2)(B)) shall be produced.

7. No later than June 4, 2010, the parties shall exchange deposition designations.

8. No later than June 18, 2010, the parties shall exchange objections to deposition designations, if any, and counter-designations, if any.

9. Counsel shall submit a proposed Joint Pretrial Conference Order, and each party shall separately submit and exchange trial materials other than exhibits (i.e., pre-trial memoranda, witness lists, exhibit lists, deposition designations and motions in limine), no later than July 2, 2010. The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

10. No later than July 6, 2010, the parties shall submit to chambers two (2) copies of their respective exhibits.

11.     The trial on the Motion shall commence on July 12, 2010 at 9:00 a.m., and shall continue day-to-day until completed.

12.     The Court understands that the parties have agreed to litigate all issues (including, without limitation, issues of termination, claims for attorneys' fees and costs and expenses, and Delta's counterclaim) in Civil Action No. 1:08-CV-1334-CC (N.D. Ga.) (the "ERJ Litigation") in the United States District Court, Northern District of Georgia (the "Georgia Court") as soon as practicable and consistent with the Georgia Court's calendar.  Trial is currently scheduled to commence on April 20, 2010.  The parties shall promptly inform this Court of any decision rendered by the Georgia Court in the ERJ Litigation, and shall provide a copy of any Order, Decision, Memorandum or Findings issued by the Georgia Court.  The parties agree that the issues in the ERJ Litigation shall not be re-litigated in this Court, although all parties reserve their rights to appeal the decision of the Georgia Court.

13.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

14.     <u>Motions</u>

a.     All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements.

b.     Motion papers shall be filed promptly after service.  All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits.  Affidavits and exhibits shall be clearly identified by tabs

4
ATI-2410009v2

on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for plaintiff should be marked by numbers; exhibits for defendants should be marked by letters.

      c.      Two courtesy copies of all motion papers shall be delivered to chambers as soon as practicable after filing.

      d.      **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

      e.      Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Tetzlaff, to obtain a hearing date for the motion.

15. All counsel must meet face-to-face to discuss settlement within fourteen (14) days after the date of this Order and, again, within fourteen (14) days after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

16. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve this dispute. If counsel are unable to resolve this dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in this dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

ATI-2410009v2

17. The next Case Management Conference is scheduled for **April 15, 2010 at 10:00 a.m. in Courtroom 501.**

18. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: **February 23, 2010**             _____*/s/Martin Glenn*_____
      New York, New York            HONORABLE MARTIN GLENN
                                         UNITED STATES BANKRUPTCY JUDGE