**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 503(b) OF THE BANKRUPTCY CODE AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO (I) PAY CERTAIN PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS; (II) CONTINUE PAYMENT OF WAGES, COMPENSATION AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; AND (III) AUTHORIZING AND DIRECTING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO PROCESS AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS MADE BY DEBTORS RELATING TO THE FOREGOING**

Upon the motion, dated January 5, 2010 (the "Motion") [Docket No. 15], of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (the "Debtors") for authorization and approval, but not directing, pursuant to sections 105(a), 363(b), 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003(b) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to (i) pay certain prepetition wages, compensation, and benefits (the "Employee Obligations") of employees (the "Employees"), (ii) continue payment of wages, compensation, and employee benefits in the ordinary course, (iii) authorize banks and other financial institutions (the "Banks") to honor all funds transfers, and (iv) schedule a final hearing (the "Final Hearing") for the relief sought in the Motion, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);

1

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided and that no other or further notice is necessary; and the Court having held an interim hearing and entered an interim order on January 5, 2010 approving certain relief requested in the Motion; and the Court having held the Final Hearing on January 26, 2010, and found and determined that certain relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Declaration of Michael J. Lotz in Support of First Day Motions establish just cause for certain of the relief granted herein; and the Court having scheduled a further hearing on February 24, 2010 at 10:00 a.m. to consider payment of the Incentive Plan Obligations to certain individuals set forth below and the Executive Bonuses; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis, in part, as provided herein; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to continue to honor existing practices, programs, and policies with respect to their Employees as such practices, programs, and policies were in effect as of the date of the commencement of these chapter 11 cases; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to make all payments with respect to prepetition Employee Obligations as described in the Motion in accordance with the Debtors' prepetition practices, programs, and policies, except that the Debtors shall not pay any amounts in respect of

---

Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

(i) the Incentive Plan Obligations to Michael L. Ferverda, David K. Butler, Paul F. Foley, Brian S. Gillman, Keith C. Kranzow and Gary W. Appling and (ii) the Executive Bonuses, the payment of which shall be considered at the hearing scheduled on March 3, 2010 at 10:00 a.m., with objections to such relief to be filed no later than 5:00 p.m. on February 24, 2010 and replies thereto to be filed no later than 12:00 p.m. on March 1, 2010; and it is further

ORDERED that the Banks set forth on Exhibit A annexed hereto and any other bank authorized to administer the Debtors bank accounts under the Cash Management Motion (as defined in the Motion) shall be, and hereby are authorized, when the Debtors request in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtors' payroll or disbursement accounts and any other transfers that are related to the prepetition Employee Obligations and the costs and expenses incidental thereto, whether those checks or transfers were presented prior to or after the commencement of these chapter 11 cases, provided that sufficient funds are available in the accounts to make such payments; and it is further

ORDERED that any Bank may rely on the representations of the Debtors with the respect to whether any check or other transfer drawn or issued by the Debtors prior to the commencement of these chapter 11 cases should be honored pursuant to this Order, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that the Debtors are authorized to issue postpetition checks or to effect postpetition funds transfers requests in replacement of any checks or funds transfers requests related to Employee Obligations dishonored or rejected as a consequence of the commencement of these chapter 11 cases; and it is further

ORDERED that nothing in the Motion or in this Order shall be deemed a request by or approval of the Debtors to assume any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any Employee Obligation, including without limitation any taxes that may be due to any Taxing Authority (as defined in the Motion); and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004, the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that the relief granted herein and the Debtors' actions in connection with the performance of such relief shall not be deemed or construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute or contest any claim for any reason; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or that any such agreement is executory or an unexpired lease; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable non-bankruptcy law; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: February 23, 2010
      New York, New York

    /s/Martin Glenn
    HONORABLE MARTIN GLENN
    UNITED STATES BANKRUPTCY JUDGE

5
56771-001\DOCS_SF:69744.3

# EXHIBIT A

## (Banks and Payroll Accounts)

| Bank Name & Address | Account Name | Account Number |
|---|---|---|
| **Banco Nacional De Mexico S.A.** | Nacional Expense Account | 887-54XXXX |
| **Banco Nacional De Mexico S.A.** | Nacional Collection Account | 887-54 XXXX |
| **Banco Mercantil del Norte S.A.** | Mercantil Peso Account | 006300 XXXX |
| **Banco Mercantil del Norte S.A.** | Mercantil Dollar Account | 1038 XXXX |
| **Banco Mercantil del Norte S.A.** | Mexico Money Market Account | 50033 XXXX |
| **Bank of Hawaii** | Hawaii Deposit Account | 0003-23 XXXX |
| **Bank of Hawaii** | Hawaii Ticket Refund Account | 0003-87 XXXX |
| **Wells Fargo Bank** | Wells Fargo DIA Liquor Account | 103-750 XXXX |
| **Wells Fargo Bank** | Workers Comp. Account | 106-038 XXXX |
| **BBVA Compass Bank** | Main Operating Account | 250105 XXXX |
| **BBVA Compass Bank** | Compass Money Market Account | 250119 XXXX |
| **BBVA Compass Bank** | Accounts Payable | 1286 XXXX |
| **BBVA Compass Bank** | Compass Bank Emergency Reserve | 8449 XXXX |
| **BBVA Compass Bank** | Freedom Airlines LOC Account | 251193 XXXX |
| **Bank of America** | Payroll | 942837 XXXX |
| **Bank of America** | MPD ASU | 942912 XXXX |
| **Bank of America** | Operating | 942845 XXXX |
| **Citizens Bank** | MPD Operating Account | 11717 XXXX |
| **JPMorgan Chase** | JP Morgan Clearinghouse Account | 910-2-46 XXXX |
| **Imperial Capital** | Bonds | 7LU-13 XXXX |
| **Chevy Chase Bank** | IAD Liquor deposits | 142430 XXXX |
| **Seaway Bank** | ORD Liquor deposits | 8012 XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 208-95S24 / 2089XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-95S31 / 412-2XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-9XXXX |
| **Merrill Lynch Trust Company** | Deferred Comp. Account | 412-9XXXX |