**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (A) ESTABLISHING PROCEDURES AUTHORIZING DEBTORS, SUBJECT TO SUBSEQUENT COURT APPROVAL, TO PERFORM OBLIGATIONS AND CURE DEFAULTS PURSUANT TO SECTION 1110(A) OF THE BANKRUPTCY CODE AND TO ENTER INTO AGREEMENTS TO EXTEND THE 60-DAY PERIOD SPECIFIED IN SECTION 1110(A) PURSUANT TO SECTION 1110(B) OF THE BANKRUPTCY CODE AND (B) AUTHORIZING THE FILING OF REDACTED SECTION 1110(A) ELECTION NOTICES AND SECTION 1110(B) AGREEMENTS UNDER SEAL**

Upon consideration of the motion (the "Motion")[2] of Mesa Air Group, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an Order establishing procedures authorizing the Debtors, subject to subsequent Court approval, to perform obligations and cure defaults pursuant to section 1110(a) of the Bankruptcy Code and to enter into agreements to extend the 60-day period specified in Section 1110(a) pursuant to section 1110(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to (i) the lessors and lenders having direct interests in the Equipment and servicers and any guarantors thereof (in each case, if known to the Debtors); (ii) counsel for the Official Committee of Unsecured Creditors; and (iii) parties in interest listed on the Master Service List (as defined in the Court's Order establishing notice procedures and a master service list, entered January 15, 2010); and it appearing that no other or further notice of

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).
[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, the declaration of Michael J. Lotz Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Orders, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The Motion is granted as set forth herein. To the extent any objections to the Motion have not been withdrawn or resolved, they are hereby overruled.

2. The Debtors are hereby authorized to agree to perform all of their obligations under the relevant Aircraft Agreements (as defined in the Motion) pursuant to section 1110(a) of the Bankruptcy Code, and to enter into agreements pursuant to section 1110(b) of the Bankruptcy Code to extend the 60-day period under Section 1110(a)(2). All such agreements pursuant to Section 1110(a) shall be immediately effective pursuant to the terms of this Order. All such agreements pursuant to Section 1110(b) shall be immediately effective, but shall be subject to final approval of the Court, as provided herein.

3. Upon execution and filing of a Section 1110(a) agreement on or before March 6, 2010 (or any extension of such date pursuant to Section 1110(b) of the Bankruptcy Code), the Debtors shall have complied with section 1110(a)(2) of the Bankruptcy Code, provided that, and for so long as, the Debtors perform the obligations under the applicable Aircraft Agreements as required by section 1110(a)(2), the automatic stay of section 362 of the Bankruptcy Code shall remain in effect with respect to the applicable Equipment.

4. The Debtors are authorized to make such payments, and to take such other actions (including, without limitation, curing all defaults (other than the kind specified in section

365(b)(2) of the Bankruptcy Code), including any and all defaults, if any, with respect to the maintenance provisions set forth in the applicable Aircraft Agreements) as are required under section 1110(a)(2)(B) of the Bankruptcy Code in connection with a Section 1110(a) agreement.

5.    If the Debtors agree to perform obligations pursuant to section 1110(a) of the Bankruptcy Code with respect to any Equipment, the Debtors shall file with the Court a Notice of Election Pursuant to Section 1110(a) of the Bankruptcy Code (an "Section 1110(a) Election Notice").  Each Section 1110(a) Election Notice shall constitute the Debtors' agreement pursuant to Section 1110(a)(2)(A) to perform all obligations of the Debtors under the applicable Aircraft Agreements (as defined in the Motion).  Each Section 1110(a) Election Notice shall list (a) each item of Equipment that is the subject of such Section 1110(a) Election Notice, including (i) for aircraft, the U.S. Federal Aviation Administration ("FAA") Registration Number, (ii) for engines, the manufacturer's serial number, and (iii) for spare parts, the location of such parts, (b) for leased Equipment, the lessor, the beneficial owner of such Equipment (if different and if known) and any indenture trustee, loan trustee, collateral trustee or servicer known to the Debtors to be acting on behalf of debt holders who have provided financing to such lessor and, if known to the Debtors, any loan participant, any owner participant and any guarantor involved in the transactions, along with their respective counsel (if known to the Debtors) (collectively, the "Leased Aircraft Parties"), (c) for owned Equipment, any mortgagee, security trustee or indenture trustee known to the Debtors to have a security interest in such Equipment and, if known to the Debtors, any loan participant, servicer and any guarantor involved in the transaction, along with their respective counsel (if known to the Debtors) (collectively, the "Owned Aircraft Parties" and together with the Leased Aircraft Parties, collectively the "Aircraft

Parties"), and (d) the amount, if any (the "Cure Amount"), that the Debtors believe they must pay in order to comply with Section 1110(a)(2)(B).

6. The Debtors shall serve the Section 1110(a) Election Notice by email (if known) and overnight mail on (i) the applicable Leased Aircraft Parties or Owned Aircraft Parties, and any guarantors thereof, as the case may be, and (ii) counsel to the Committee; and by email (if known) and regular mail on (iii) parties listed on the Master Service List (as defined in the Court's Order establishing notice procedures and a master service list, dated January 15, 2010).

7. Any party in interest may object to a Section 1110(a) Election Notice or any Cure Amount (or, for non-monetary cures, other type of cure) specified therein by filing a written objection with the Court and serving such objection so that it is actually received by each of the following parties (the "Objection Notice Parties") on or before 4:00 p.m. prevailing Eastern Time on the date that is five business days from the filing of the 1110(a) Notice: (1) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen (such service may be effected by e-mail (to dgrassgreen@pszjlaw.com) if a courtesy copy is also sent by overnight courier) and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove, attorneys for the Debtors; (2) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, Attention: Brian S. Gillman, Esq. (such service may be effected by e-mail (to Brian.Gillman@mesa-air.com) if a courtesy copy is also sent by overnight courier); (3) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attention: Lorenzo Marinuzzi, attorneys for the Committee, and (4) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Andrea B. Schwartz.

8. Any objection must set forth with specificity (1) the party's interest in the affected Equipment, if any; (2) the basis for the objection; (3) the cure insufficiencies; and (4) the Cure Amount, if any, that the objecting party asserts if different from that specified by the Debtors. Notwithstanding the foregoing, the affected Aircraft Parties do not need to include in any objection any obligations owed by the Debtors that become due to be paid or performed from and after March 6, 2010, and the exclusion of any such obligation from an objection shall not prejudice or affect such Aircraft Parties' rights with respect thereto.

9. If no objection is timely filed, the Debtors' agreement to perform under Section 1110(a)(2)(A) shall be deemed approved, the Debtors' compliance with Section 1110(a)(2)(B) shall be deemed authorized, and the automatic stay of section 362 shall remain in place as long as the Debtors comply with their Section 1110(a) obligations. If an objection is timely filed with respect to a Section 1110(a) Election Notice, and is not resolved consensually among the parties within five (5) days of the date of such objection, the Debtors shall (i) notify (within five (5) days of the receipt of such 1110(a) Objection) the applicable Aircraft Parties of the withdrawal of the applicable 1110(a) Election (in which case the 1110(a) Election shall be deemed to be void *ab initio* and of no effect), *provided*, however, that the Debtors shall only be permitted to withdraw an 1110(a) Election if the amount of the applicable 1110(a) dispute is material in relation to both the proposed Cure Amount and the average monthly amount payable by the Debtors under the applicable Aircraft Agreement in the preceding 12 month period, or (ii) schedule a hearing to resolve the 1110(a) dispute at the next scheduled omnibus hearing scheduled after the expiry of such 5-day period; *provided*, however, that any party may seek (by order to show cause) the permission of the Court to schedule a hearing to resolve the 1110(a) dispute in advance of the next scheduled omnibus hearing. To the extent that an 1110(a) dispute

is not resolved at such next scheduled omnibus hearing, the applicable aircraft lessor, lender or other party in interest may request that the Court order the Debtors to hold in escrow the amounts subject to the applicable 1110 Dispute, and the Debtors, the Committee and all other parties reserve their rights to object to any such request. Within five days following entry of a final unstayed order resolving an 1110(a) dispute with respect to particular Aircraft Equipment, the Debtors shall cure all defaults, if any, required to be cured pursuant to section 1110(a)(2) of the Bankruptcy Code in respect of such Aircraft Equipment (in which case the applicable 1110(a) Election shall be deemed effective as of March 6, 2010).

10. Any objections to any 1110(a) Notice or any Cure Amount shall be served and filed in accordance with the procedures specified in this Order, or such objections shall be barred.

11. Following entry into an agreement under Section 1110(b) (a "Section 1110(b) Stipulation"), the Debtors shall file the agreement with the Court and serve notice of its filing by email (if known) and overnight mail on (i) the applicable Leased Aircraft Parties or Owned Aircraft Parties, as the case may be, and (ii) counsel to the Committee; and by email (if known) and regular mail on (iii) parties listed on the Master Service List. Any party in interest may object to Section 1110(b) Stipulation by filing a written objection with the Court and serving such objection so that it is actually received by each of the Objection Notice Parties on or before 4:00 p.m. prevailing Eastern Time on the date that is five business days from the filing of the applicable Section 1110(b) Stipulation. Any such objection must set forth with specificity the basis for the objection.

12. If no objection is timely filed, the Section 1110(b) Stipulation shall be deemed authorized and the automatic stay shall remain in effect in accordance with the terms of the

stipulation; *provided, however*, that (a) nothing in any Section 1110(b) Stipulation may or shall constitute an amendment or modification of any lease or other Aircraft Agreements or an amendment or modification of the rights and obligations of parties thereto if, and to the extent, an amendment is not permitted under the relevant Aircraft Agreements and (b) to the extent such an amendment is not permitted under the relevant Aircraft Agreements, each Aircraft Financing Party's rights shall be fully preserved in accordance with the terms of the Aircraft Agreements. If an objection is timely filed and is not resolved consensually among the parties within five (5) days, the Debtors shall schedule a hearing as soon as practicable on the objection; and the Debtors' time to perform any obligations under Section 1110(a)(2) shall be automatically extended through three business days following the Court's ruling on the objection (unless otherwise agreed in a Section 1110(b) Stipulation) (except that postpetition obligations relating to rent, maintenance, insurance and storage and protection from third party liens shall be fully performed on a timely basis to the extent that such obligations accrue under the Section 1110(b) Stipulation prior to the hearing on the objection). Any objections to any Section 1110(b) Stipulation shall be served and filed in accordance with the procedures specified in this Order, or such objections shall be barred.

13. The Debtors are hereby authorized to file Section 1110(a) Election Notices with the proposed Cure Amounts redacted.

14. The Debtors are hereby authorized to file Section 1110(b) Stipulations under seal pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, provided that the Debtors contemporaneously serve and file (not under seal) a notice regarding such Section 1110(b) Stipulations setting forth the tail numbers, manufacturer serial numbers and the counterparties relating to any such Section 1110(b) Stipulations.

15. If the Debtors fail to make an 1110(a) election or 1110(b) stipulation with respect to any Equipment within the 60-day period under Section 1110(a)(2), upon receipt of an 1110(c) demand from the applicable Leased Aircraft Parties or Owned Aircraft Parties, the Debtors shall be required to surrender and return such Equipment in accordance with the surrender and return requirements (the "Return Procedures") set forth in paragraph 12 of the Order (I) Authorizing the Debtors to (A) Reject Leases Relating to Certain Aircraft and Other Related Equipment, (B) Abandon Certain Aircraft, Engines, and Other Related Equipment, (C) Transfer Title to Certain Aircraft, Engines, and Return Requirements Under the Bankruptcy Code, and (II) Approving Related Notices and Appearances (the "Rejection/Abandonment Procedures Order").  Notwithstanding the foregoing, nothing in this Order shall limit or affect any affected Aircraft Parties' rights to assert an administrative expense claim to the extent that such affected Aircraft Parties may assert such claims as provided under the Rejection/Abandonment Procedures Order (including, without limitation, paragraph 14 thereof) and any and all benefits conferred on the Debtors pursuant to paragraph 13 of the Rejection/Abandonment Procedures Order.  Nothing in this paragraph 15 shall have any effect upon any person's or entity's rights with respect to any aircraft transactions that are not subject to the Rejection/Abandonment Procedures Order.

16. Notwithstanding the possible applicability of Bankruptcy Rules 6007, 7062, 9014, any other provision of the Bankruptcy Rules, Bankruptcy Code or otherwise, this Order shall take effect immediately upon signature by this Court.

17. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

18. Service of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Dated: February 23, 2010

/s/Martin Glenn
UNITED STATES BANKRUPTCY JUDGE