**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| MESA AIR GROUP, INC., et al., | ) ) ) | Case No. 10-10018 (MG) |
|  | ) ) | Jointly Administered |
| Debtors.[1] | ) ) ) | **Ref. Docket No.: 283** |

### ORDER REGARDING CREDITOR ACCESS TO INFORMATION AND SETTING AND FIXING CREDITOR INFORMATION SHARING PROCEDURES AND PROTOCOLS UNDER 11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)

This matter coming before the Court on the joint motion (the "Motion")[2] of the Committee, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for the entry of an order providing that the Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to the Debtors' confidential information, the Committee's confidential information, or to privileged information to any creditor the Committee represents and setting and fixing creditor information sharing procedures and protocols; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409; (iii) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iv) notice of the Motion and the Hearing was sufficient under the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

- 1 -

ny-911791

circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

The Motion is GRANTED to the extent set forth herein; and it is further

ORDERED that, for the purposes of this Order, the term "Confidential Information" shall mean any non-public information (whether written or oral) of the Debtors relating to the Debtors and these Chapter 11 cases. Confidential Information shall include any other non-public documents prepared by the Debtors, their advisors, or any other agents of the Debtors, where such information is furnished, disclosed or otherwise made known to the Committee, whether intentionally or unintentionally, and whether directly or indirectly, by any written, oral, electronic, facsimile, or computer-related forms of communication. Confidential Information shall also include, without limitation, any analyses, compilations, forecasts, studies, or other documents prepared by a Receiving Party in connection with its review of, or interest in, these Chapter 11 Cases, which contain or reflect or are, based upon any such information. The term Confidential Information will not include information that (i) with respect to a Receiving Party, is or becomes publicly available other than as a result of a disclosure by such Receiving Party in breach of the Confidentiality Agreement, (ii) is not received by a Receiving Party pursuant to the Confidentiality Agreement, but instead is independently received by a Receiving Party outside of that Receiving Party's capacity as a Committee member or representative, provided that if such information is subject to another confidentiality agreement binding upon the Receiving Party with, or other obligation of secrecy to, the Debtors, use of such Confidential Information by such Receiving Party shall be governed

by such other confidentiality agreement or secrecy obligation, (iii) is or becomes available to the Receiving Party on a non-confidential basis from a source (other than the Debtors), which source is not to the Receiving Party's knowledge subject to any prohibition from disclosing such information to the Receiving Party, (iv) is independently developed by such Receiving Party without violating its obligations under the Confidentiality Agreement and without using any Confidential Information, (v) is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of the Confidentiality Agreement, or (vi) is determined by a court of competent jurisdiction to be non-confidential; and it is further

ORDERED that for the purposes of this Order, the term "Committee Confidential Information" shall mean any non-public information developed independently or obtained from third-parties other than the Debtors, including, but not limited to, any recommendations or reports to Committee members prepared by its professionals, and/or any information deemed by the Committee's professionals to be of a sensitive and confidential nature; and it is further

ORDERED that for the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party; and it is further

ORDERED that notwithstanding any construction of section 1102(b)(3)(A) of the Bankruptcy Code to the contrary, the Committee, and its individual members and their respective representatives, advisors and counsel, shall not be

- 3 -

ny-911791

authorized or required, without an order of this Court or written consent of the Debtors, which consent shall not be unreasonably withheld, to provide access to any Confidential Information, Committee Confidential Information or Privileged Information of the Debtors to any creditor the Committee represents pursuant to section 1102(b)(3)(A) of the Bankruptcy Code. Notwithstanding the foregoing, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee; and it is further

ORDERED that any information received (formally or informally) by the Committee from any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery and the Confidentiality Agreement; and it is further

ORDERED that in satisfaction of the Committee's obligation to provide access to information for creditors and solicit and receive comments in accordance with Bankruptcy Code Sections 1102(b)(3)(A) and (B), and to otherwise clarify the statutory requirement that the Committee provide access to information for general unsecured creditors, the Committee shall respond promptly to written and telephonic inquiries received from the creditors it represents, and shall, until the earliest to occur of dissolution of the Committee, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases, establish and maintain an Internet-accessed website (the "Committee

- 4 -
ny-911791

Website") or an electronic mail address for creditors to submit questions and comments to the Committee; and it is further

ORDERED that the reasonable fees and expenses of the Committee and its agents relating to the implementation and maintenance of any Committee Website, other than the fees and expenses of its retained professionals, shall be payable by the Debtors upon presentation of an appropriate invoice. Such fees and expenses shall be treated as administrative expenses pursuant to Bankruptcy Code Section 503(b); and it is further

ORDERED that if a general unsecured creditor (the "Requesting Creditor") submits a written request (including electronic mail) (the "Information Request") for the Committee to disclose or provide information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (including, if relevant, on the Committee Website) (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with; provided, that as a condition to receiving Confidential Information or Committee Confidential Information the Requesting Creditor must first enter into a confidentiality agreement reasonably acceptable to the Debtors and the Committee (or, if the Information Request concerns only Committee Confidential Information, a confidentiality agreement solely acceptable to the Committee) (a "Creditor Confidentiality Agreement"). If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that

- 5 -

ny-911791

the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the Order Granting Motion to Approve the Implementation of Notice and Case Management Procedures [Docket No. 103].  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information, Committee Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information, Committee Confidential Information, or Privileged Information; and it is further

ORDERED that in its Response to an Information Request for access to Confidential Information or Committee Confidential Information, the Committee shall require any Requesting Creditor to enter into a Creditor Confidentiality Agreement, and the Committee shall also consider whether:

    a.    the Requesting Creditor is willing to enter into trading restrictions with respect to such Confidential Information and/or Committee Confidential

Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws, bankruptcy rules or contract; and

    i.    If the Requesting Creditor is involved in purchasing, selling or trading claims against or equity interest in the Debtors, the Requesting Creditor must file and serve upon counsel to the Committee, the Debtors and the United States Trustee, a document with the Court, confirming that it has established an information screening barrier ("Screening Wall") that will be enforced, that no Confidential Information will be revealed to purchasers, sellers or claims traders or any persons or entities involved in trading of claims and listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof; and

    ii.    If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing; and

b.    under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information;

provided, however, that if the Committee elects to provide access to Confidential Information on the basis of the entry into the Creditor Confidentiality Agreement and such trading restrictions, the Committee shall have no responsibility for the Requesting

Creditor's compliance with, or liability for violation of, applicable or contract laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph and, to the extent applicable, the next paragraph; and it is further

ORDERED that if the Information Request implicates Confidential Information of the Debtors (or any other Entity other than the Committee) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee shall make a demand for the benefit of the Debtors' creditors pursuant to the following procedures:

    a.    If the Confidential Information is information of the Debtors, the Committee shall submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors ("Debtors' Counsel"), describing the requested Confidential Information in reasonable specificity so that the Debtors can identify the requested Confidential Information and stating that such information will be disclosed in the manner described in the Committee Information Demand unless the Debtors object to such Committee Information Demand on or before ten (10) days after the service of such Committee Information Demand. If the Debtors lodge such an objection, the Debtors, the Committee and the Requesting Party shall work in good faith to resolve the Debtors' objection to the Committee Information Demand. In the event that the Debtors' objection is not resolved, the Debtors shall schedule a hearing (that is acceptable to the Committee and Requesting Creditor) no later than twenty (20) days after the service of the Committee Information Demand, subject to the Court's calendar. At such hearing, the Debtors must demonstrate why such

Committee Information Demand is prejudicial to the Debtors and why the Debtors should not comply with the request pursuant to 11 U.S.C. § 704(a)(7).

      b.      If the Confidential Information is information of another Entity, the Committee shall submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Demand unless such Entity or the Debtors object to such Committee Information Demand on or before fifteen (15) days after the service of such Committee Information Demand. If the Debtors or the Entity lodge such an objection, the Debtors, the Committee, the Entity and Requesting Creditor shall work in good faith to resolve the Debtors' or the Entity's objection to the Committee Information Demand. In the event that the Debtors' or the Entity's objection is not resolved, the Debtors shall schedule a hearing (that is acceptable to the Committee, the Entity and Requesting Creditor) no later than twenty (20) days after the service of the Committee Information Demand, subject to the Court's calendar. At such hearing, the objecting party must demonstrate why such Committee Information Demand should not be complied with and why the Debtors should not comply pursuant to 11 U.S.C. § 704(a)(7).

      c.      The Committee may in its sole discretion disclose any Committee Confidential Information pursuant to and consistent with the terms of this Order; and it is further

- 9 -

ny-911791

ORDERED that nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      February 25, 2010                 /s/Martin Glenn
                                              The Honorable Martin Glenn
                                              United States Bankruptcy Judge