**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re: <br><br>     MESA AIR GROUP, INC., *et al*., <br><br>                       Debtors.[1] |

Chapter 11

Case No. 10-10018 (MG)

(Jointly Administered)

**ORDER APPROVING PROCEDURES FOR THE SALE OF *DE MINIMIS*
ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS**

Upon the motion (the "Motion")[2] of Mesa Air Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") approving procedures for the sale or transfer of *De Minimis* Assets, free and clear of all liens, claims and interests; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).
[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell or transfer the *De Minimis* Assets in accordance with the following procedures (the "*De Minimis* Asset Sale Procedures*"):

   (a) The Debtors are authorized to consummate a sale or other transfer of *De Minimis* Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price[3] equal to or lesser than $750,000 without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment that such sale or transfer is in the best interests of the estates, subject to the procedures set forth herein;

   (b) Any such transaction(s) will be free and clear of any and all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the *De Minimis* Assets immediately prior to such sale or transfer, and with respect to which the Debtors and the Committee reserve all their rights;

   (c) The Debtors will give written notice, via electronic mail, facsimile, messenger or overnight delivery, of each such sale or transfer (a "Sale Notice") to (a) the Office of the U.S. Trustee, (b) proposed counsel to the Committee, (c) those parties, if any, known by the Debtors to hold or assert Liens in the *De Minimis* Asset and (d) those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (collectively, the "Notice Parties"), at least five (5) business days prior to the closing of the subject sale or transfer, which Sale Notice will be filed with the Court;

   (d) The content of the Sale Notice will consist of (a) identification of the *De Minimis* Asset(s) being sold or transferred, (b) identification of the purchaser of the asset(s), (c) the amount of the purchase price, (d) a description of any significant terms of the sale or transfer agreement, (e) disclosure of any commission fees or other material transaction costs, if any (including the amount, nature and proposed recipient of the commission or other fee), and (f) a

---

[3] For purposes of these procedures, selling price refers to the Debtors' estimate of the net proceeds of the subject sale transaction.

description of any known Liens encumbering the *De Minimis* Asset(s) (including identification of the putative Lien holder) and the amount(s) thereof, if known (which such amount(s) will not be binding on the Debtors or the Committee);

(e) If no written objection from the Notice Parties or any other party in interest is received by the Debtors within five (5) business days after the filing and service of the Sale Notice, then the Debtors will submit (i) a proposed order approving the transaction (the "<u>Transaction Approval Order</u>"), (ii) a certification of counsel that no objections were timely filed and served, and (iii) a declaration or declarations of appropriate parties attesting to the good faith nature of the proposed transaction for purposes of protection under section 363(m) of the Bankruptcy Code (the "<u>§ 363(m) Declaration</u>"), and after entry of such a Transaction Approval Order, the Debtors will be authorized to immediately consummate such sale or transfer; and

(f) If a Notice Party or other party in interest files with the Court and serves on Debtors' counsel a written objection to the proposed sale or transfer within five (5) business days after the Debtors' filing and service of the Sale Notice, then the subject *De Minimis* Asset will only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing. A hearing on any timely, unresolved objection will be held on the next scheduled omnibus hearing date in the Debtors' cases, provided that the objecting party is provided by the Debtors at least five (5) business days' prior written notice of such hearing date and time, and provided further that the foregoing is without prejudice to the Debtors' and/or the objecting party's right to move for an expedited hearing (on less than five (5) business days' notice).

3. Sales to "insiders" (as defined in section 101 of the Bankruptcy Code) are not covered by this Order.

4. A party's lack of timely objection to the sale or transfer of a *De Minimis* Asset, as set forth in the applicable Sale Notice, shall be determined to be "consent" to such sale or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

5. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order, including, without limitation, entering into sale agreements, executing all other appropriate sale related documents, paying any

fees and expenses incurred in the sale or transfer of a *De Minimis* Asset (including, without limitation, any commission fees to agents, brokers and liquidators), and taking any and all steps necessary to effectuate any approved sale.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED: February 25, 2010
New York, New York

                     **/s/Martin Glenn**
                     United States Bankruptcy Judge