**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF IMPERIAL CAPITAL, LLC, AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application of Mesa Air Group, Inc., and certain of its direct and indirect subsidiaries (the "Debtors") for an Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, authorizing the employment and retention of Imperial Capital, LLC ("Imperial") as financial advisor and investment banker to the Debtors *nunc pro tunc* to the Petition Date (the "Application"),[2] all as more fully described in the Application, the Affidavit of Marc Bilbao in Support of Debtors' Application for Order Authorizing the Employment and Retention of Imperial Capital, LLC, as Financial Advisor and Investment Banker to the Debtors Nunc Pro Tunc to the Petition Date, and the Supplemental Affidavit of Marc Bilbao in Support of Debtors' Application for Order Authorizing the Employment and Retention of Imperial Capital, LLC, as Financial Advisor and Investment Banker to the Debtors Nunc Pro Tunc to the Petition Date; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2*, and the *Declaration of Michael J. Lotz in Support of Motions Scheduled for Hearing on January 26, 2010*, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the retention and employment of Imperial as financial advisor and investment banker to the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code on the terms set forth in the Engagement Letter, as modified by this Order, *nunc pro tunc* to the Petition Date; and it is further

ORDERED that, notwithstanding anything to the contrary contained in the Engagement Letter, in the event that Imperial receives a Completion Fee in the amount $3,800,000 upon occurrence of the events set forth in section 2(ii) of the Engagement Letter, effective on the seventh calendar month from the Petition Date, Imperial shall credit 50% of the earned Monthly

Advisory Fees against the $3,800,000 Completion Fee, up to a maximum amount of $1.3 million in credited fees; and it is further

ORDERED that Imperial shall be compensated on the terms and at the times specified in the Engagement Letter, as modified by this Order, and Imperial shall file fee applications for interim and final allowance of compensation and reimbursement of reasonable expenses, not to include word processing charges, in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any applicable Bankruptcy Rules and Local Rules, guidelines of the U.S. Trustee, and such procedures as may be fixed by order of this Court; if at any time Imperial increases the rates for its services, Imperial will cause a notice to be filed with the Bankruptcy Court setting forth the increase in such rates and serve such notice upon the United States Trustee, the Debtors and the Creditors' Committee in these chapter 11 cases; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court or any guidelines regarding submission and approval of fee applications, Imperial and its professionals shall only be required to provide summary time records for services rendered postpetition, in half-hour increments; and it is further

ORDERED that the term "Indemnified Person" set forth in Schedule I to the Engagement Letter shall mean Imperial and each of its following affiliates: Imperial Capital Group, LLC; Imperial Capital Group Holdings, LLC; Imperial Capital Asset Management, LLC; Long Ball Partners, LLC; Imperial Capital Private Opportunities, L.P.; and Imperial Capital Loan Trading, LLC; and it is further

ORDERED that in addition to compensation for professional services rendered by Imperial, pursuant to the terms of the Engagement Letter, as modified by this Order, Imperial is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, as modified by this Order, not to include word processing charges, for any fees, disbursements and other charges of Imperial's counsel in connection with a request of Imperial for payment of indemnity (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise, as set forth herein); and it is further

ORDERED that, except as provided in the following decretal paragraph, the terms of the Monthly Fee and the Completion Fee, each as defined in the Engagement Letter, shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the United States Trustee retains all rights to object to Imperial's interim and final fee applications (including expense reimbursements and the Completion Fee) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of Imperial for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter, as modified by this Order, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Imperial be indemnified if the Debtors or a representative of the estates, assert a claim for, and a court determines by final order

that such claim arose out of, (x) the gross negligence, willful misconduct or fraud of Imperial or (y) a material breach of a term or condition of the Engagement Letter, as modified by this Order, by Imperial; and it is further

ORDERED that in the event Imperial seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Imperial for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Imperial's own application (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that Imperial shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Imperial's counsel other than those incurred in connection with a request of Imperial for payment of indemnity; and it is further

ORDERED that Imperial is authorized to perform the following services:

    a. analysis of the Debtors' business, operations, properties, financial condition, competition, prospects and management;

    b. assisting the Debtors in the preparation of its financial forecasts and scenarios related thereto;

    c. financial valuation of the ongoing operations of the Debtors;

    d. assisting the Debtors in arranging and preparing for due diligence investigations and participating in meetings with the Debtors' creditor groups related to a Transaction and/or Restructuring;

e. assisting the Debtors in the preparation of reports and other materials related to a potential Restructuring, and updates on the Debtors and their financial performance and assisting the Debtors in the communication of such materials with their existing key constituents;

f. assisting the Debtors in developing, evaluating, structuring and negotiating the terms and conditions of a potential Restructuring or Transaction, including the value of securities, if any, that may be issued to certain creditors under a Restructuring;

g. assisting the Debtors in the preparation of solicitation materials with respect to a Transaction, and/or Restructuring including without limitation the preparation of an offering memorandum subject to the provisions of Section 4 of the Engagement Letter ("Offering Materials");

h. identification of and contacting selected qualified buyers ("Buyers") for a Transaction and furnishing them, on behalf of the Debtors, with copies of the Offering Materials related to a Transaction;[3] and

i. providing such other financial advisory services with respect to the Debtors' financial issues as may from time to time be agreed upon between the Debtors and Imperial;

and it is further

ORDERED that to the extent this Order is inconsistent with the Application or the Engagement Letter, the terms of this Order shall govern; and it is further

ORDERED that notwithstanding any provision to the contrary in the Application or the Engagement Letter the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

DATED: February 25, 2010
New York, New York

        **/s/Martin Glenn**
United States Bankruptcy Judge

---

[3] While the Debtors intend to reorganize, it is possible that the Debtors' assets could be sold or marketed in these chapter 11 cases to the extent that the Debtors agree to a sale and if the Debtors' codeshare partners consent to a sale.