PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
Joshua M. Fried

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

*EX PARTE* **MOTION OF THE DEBTORS PURSUANT TO BANKRUPTCY RULES 2002(A)(2) AND 9006(C) AND LOCAL BANKRUPTCY RULE 9077-1 FOR AN ORDER SHORTENING TIME WITH RESPECT TO HEARING ON EMERGENCY MOTION OF THE DEBTORS FOR AUTHORIZATION (I) TO ENTER INTO THE ROLLS-ROYCE AGREEMENTS AND (II) TO ENTER INTO AND PERFORM UNDER NEW SHORT-TERM AIRCRAFT ENGINE LEASE AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE MARTIN GLENN:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this *ex parte* motion (the "Motion") and respectfully represent as follows:

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

56772-002\DOCS_NY:20242.4

## Background

1. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee"). The members of the Committee are: Bombardier, Inc.; Embraer-Empresa Brasilieira de Aeronáutica S.A.; IHI Corporation; U.S. Bank National Association; AT&T Capital Services; Wilmington Trust Company; the Air Line Pilots Association; and Association of Flight Attendants (ex-officio member).

## Jurisdiction

4. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Engine Lease Motion

5. Contemporaneously with this Motion, the Debtors filed a motion (the "Engine Lease Motion"),[2] pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Engine Lease Motion.

6004 for entry of an order authorizing the Debtors (i) to lease from Rolls-Royce aircraft engines substantially on the terms contemplated by the Rolls-Royce Agreements, and (ii) to enter into and perform under new short-term aircraft engine lease agreements in the ordinary course of business (such agreements, the "Aircraft Engine Lease Agreements") in accordance with the same practices and procedures as in effect immediately prior to the Petition Date, and perform all obligations contemplated thereunder, including, without limitation, the payment of any fees, charges and expenses required thereby, pursuant to the procedures set forth in the Engine Lease Motion.

6. Absent the relief sought in the Engine Lease Motion, the Debtors will not be able to lease aircraft engines which serve a critical need in the Debtors' operations. For the reasons discussed in the Engine Lease Motion, the Debtors submit that the relief sought therein is reasonable and represents an appropriate exercise of their sound business judgment.

**Relief Requested**

7. By this Motion, and based on the Declaration of Maria A. Bove attached hereto as Exhibit A, the Debtors request the entry of an order (the "Order"), in substantially the form attached hereto as Exhibit B, shortening the notice required to be provided with respect to the relief sought in the Engine Lease Motion and scheduling a hearing on the Engine Lease Motion on or before March 5, 2010.

**Cause Exists to Shorten the Notice Period With Respect to the Engine Lease Motion**

8. In the ordinary course of their business, the Debtors seek to enter into short-term aircraft engine lease agreements to serve a critical need in the Debtors' operations. The Debtors require the delivery of aircraft engines on an expedited basis to avoid any interruption in the operation of their business. Accordingly, the Debtors respectfully request that

the Court schedule an emergency hearing on the Engine Lease Motion on or before March 5, 2010. The Debtors have been informed that counsel for the Committee has no objection to the scheduling of a hearing on the Engine Lease Motion on such shortened notice, and the Debtors have been sharing the Engine Lease Motion and related documents with the Committee prior to the filing of such documents. The Debtors have served this Motion and the Engine Lease Motion by facsimile or electronic mail, where such contact information is available, upon: (i) the United States Trustee; (ii) counsel for Rolls-Royce; (iii) counsel for the Committee; and (iv) parties in interest listed on the Master Service List (as defined in the Court's Order establishing notice procedures and a master service list, entered January 15, 2010).[3] The Debtors request that any objections to the Engine Lease Motion be filed prior to the hearing on the Engine Lease Motion or presented at the hearing thereon.

---

[3] The Debtors were not provided with an electronic email address or facsimile number for (i) counsel for Donna and James Fuzi or (ii) Damon Walker, Transportation Industry Analyst at the Office of Aviation Analysis, U.S. Department of Transportation. The Debtors have provided telephonic notice of this Motion and the Engine Lease Motion to counsel for Donna and James Fuzi. In the event the Court enters the Order, the Debtors will serve such Order and the Engine Lease Motion by overnight courier on such parties.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: March 2, 2010
New York, New York  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
Joshua M. Fried

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

# Declaration of Maria A. Bove

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
Joshua M. Fried

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DECLARATION OF MARIA A. BOVE PURSUANT TO RULE 9077-1 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK IN SUPPORT OF *EX PARTE* MOTION OF THE DEBTORS PURSUANT TO BANKRUPTCY RULES 2002(A)(2) AND 9006(C) AND LOCAL BANKRUPTCY RULE 9077-1 FOR AN ORDER SHORTENING TIME WITH RESPECT TO EMERGENCY MOTION OF THE DEBTORS FOR AUTHORIZATION TO ENTER INTO AIRCRAFT ENGINE LEASE AGREEMENTS**

I, Maria A. Bove, hereby declare and state as follows:

1. I am an attorney at law admitted to practice before this Court and of counsel at the firm of Pachulski Stang Ziehl & Jones LLP, attorneys for Mesa Air Group, Inc.

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors").

2. I submit this declaration based on personal knowledge in support of the *Ex Parte Motion of the Debtors Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c) and Local Bankruptcy Rule 9077-1 for An Order Shortening Time With Respect to Hearing on Emergency Motion of the Debtors for Authorization (i) to Enter into the Rolls-Royce Agreements and (ii) to Enter into and Perform Under New Short-Term Aircraft Engine Lease Agreements in the Ordinary Course of Business* (the "Motion to Shorten Time").

3. Contemporaneously with the filing of the Motion to Shorten Time, the Debtors filed a motion (the "Engine Lease Motion"), pursuant to section 363 of the Bankruptcy Code[2] and Bankruptcy Rule 6004, for entry of (a) an order authorizing the Debtors (i) to lease the Aircraft Engines from Rolls-Royce substantially on the terms contemplated by the Rolls-Royce Agreements, and (ii) to enter into and perform under new short-term aircraft engine lease agreements in the ordinary course of business (such agreements, the "Aircraft Engine Lease Agreements") in accordance with the same practices and procedures as in effect immediately prior to the Petition Date, and perform all obligations contemplated thereunder, including, without limitation, the payment of any fees, charges and expenses required thereby, pursuant to the procedures set forth in the Engine Lease Motion.

4. Expedited relief on the Engine Lease Motion is essential. The Debtors require the delivery of aircraft engines on an expedited basis to avoid any interruption in the operation of their business. Absent the relief sought in the Engine Lease Motion, the Debtors will not be able to lease aircraft engines which serve a critical need in the Debtors' flight

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Shorten Time.

operations. For the reasons discussed in the Engine Lease Motion, the relief sought therein is reasonable and represents an appropriate exercise of the Debtors' sound business judgment, and cause exists for scheduling a hearing on the Engine Lease Motion on or before March 5, 2010. I am informed that the Committee has no objection to the scheduling of a hearing on the Engine Lease Motion on such shortened notice.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at New York, New York on March 2, 2010.

*/s/ Maria A. Bove*
Maria A. Bove

# EXHIBIT B

# (Proposed Order)

56772-002\DOCS_NY:20242.4

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

### ORDER SHORTENING TIME FOR HEARING ON EMERGENCY MOTION OF THE DEBTORS FOR AUTHORIZATION TO (I) ENTER INTO THE ROLLS-ROYCE AGREEMENT AND (II) TO ENTER INTO AND PERFORM UNDER NEW SHORT-TERM AIRCRAFT ENGINE LEASE AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS

Upon the ex parte motion (the "Motion to Shorten Time") of Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession herein (collectively, the "Debtors"), for an order shortening time on the motion (the "Motion"),[2] pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 6004, for an order seeking authority to (i) enter into the Rolls-Royce Agreement, and (ii) to enter into and perform under new short-term aircraft engine lease agreements in the ordinary course of business (such agreements, the "Aircraft Engine Lease Agreements"), as more fully set forth in the Motion; and upon the Declaration of Maria A. Bove attached to the Motion to Shorten Time as Exhibit A; and the Court having jurisdiction to consider the Motion to Shorten Time and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Shorten Time and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief sought in the Motion to Shorten Time is in the best interests of the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

56772-002\DOCS_NY:20242.4

Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten Time establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion to Shorten Time is hereby granted to the extent provided below; and it is further

ORDERED that the hearing to consider the Motion shall be held on March __, 2010 at __:__ __.m. prevailing Eastern Time, before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York; and it is further

ORDERED that service of the Motion and this Order by hand delivery, overnight mail, electronic mail, or facsimile, where such contact information is available, upon: (i) the United States Trustee; (ii) counsel for Rolls-Royce; (iii) counsel for the Committee; and (iiv) parties in interest listed on the Master Service List (as defined in the Court's Order establishing notice procedures and a master service list, entered January 15, 2010) will be good and sufficient notice; and it is further

ORDERED that any objections to the Motion shall be filed and served so that they are received no later than March __, 2010 at __:00 __.m. prevailing Eastern Time upon: (i) attorneys for the Debtors; (ii) the United States Trustee; (iii) counsel for Rolls-Royce; and (iv) counsel for the Committee, with a courtesy copy delivered to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge.

Dated: New York, New York
    _____, 2010

        HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE