**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS (I) TO ENTER
INTO THE ROLLS-ROYCE AGREEMENT AND (II) TO
ENTER INTO AND PERFORM UNDER NEW SHORT-TERM AIRCRAFT
ENGINE LEASE AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession herein (collectively, the "Debtors"), for an order, pursuant to section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004, seeking authority (i) to enter into the Rolls-Royce Agreements, and (ii) to enter into and perform under new short-term aircraft engine lease agreements in the ordinary course of business (such agreements, the "Aircraft Engine Lease Agreements"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted to the extent provided below; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are authorized to enter into agreements contemplated by and substantially on the terms set forth in the Rolls-Royce Agreements and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the Rolls-Royce Agreements and other short-term Aircraft Engine Lease Agreements, and perform all obligations contemplated thereunder, including, without limitation, the payment of any fees, charges and expenses required thereby pursuant to the procedures set forth herein; and it is further

ORDERED that, in the event of any inconsistency between the provisions of this Order and the Rolls-Royce Agreements, the provisions of this Order shall govern; and it is further

ORDERED that the Debtors' entry into and performance under the Rolls-Royce Agreement and Aircraft Engine Lease Agreements pursuant to the procedures set forth herein is in the best interests of the Debtors and their respective estates and creditors and is within the Debtors' sound business judgment,; and it is further

ORDERED that the Debtors shall provide counsel for the Committee (i) reasonable advance notice by electronic mail of the Debtors' entry into the Rolls-Royce Agreements and (ii) seven days' written notice by electronic mail of the Debtors' entry into any Aircraft Engine Lease Agreement that is not substantially in the form of the Rolls-Royce Agreements, provided that the Debtors are not required to provide notice of their entry into any renewals of Aircraft

Engine Lease Agreements entered into prior to March 2, 2010. If counsel for the Committee does not inform the Debtors in writing by electronic mail of any objection to the Debtors' entry into the Aircraft Engine Lease Agreements, the Debtors shall be deemed authorized to enter into such agreements without further notice or order of the Court. In the event counsel for the Committee timely objects to the Debtors' entry into any Aircraft Engine Lease Agreements, and such objection is not consensually resolved, the Debtors shall schedule a hearing on the matter as soon as practicable and, if necessary, on shortened notice on a date and time that is convenient for the Court; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that that no provision of this Order or entry into any Rolls-Royce Agreement or any Aircraft Engine Lease Agreement shall have the effect of elevating claims arising under any prepetition agreements between the Debtors, on the one hand, and either any lessor under any Aircraft Engine Lease Agreement or Rolls-Royce, on the other hand, to an administrative expense priority claim; provided, however, that claims against and obligations of the Debtors , if any, arising solely under any Rolls-Royce Agreement or Aircraft Engine Lease Agreement entered into by the Debtors after the Petition Date shall constitute administrative priority claims, subject to the rights, if any, of the Debtors and any party in interest to challenge such claims and obligations on any ground other than that such claims and obligations are entitled to administrative priority; and it is further

ORDERED that this Court shall retain jurisdiction (i) to enforce and implement the terms and provisions of the Rolls-Royce Agreements and other short-term Aircraft Engine Lease Agreements and all amendments thereto, (ii) to resolve any disputes arising under or related to

the Rolls-Royce Agreements and other short-term Aircraft Engine Lease Agreements, except as otherwise provided therein and (iii) to interpret, implement and enforce the provisions of this Order.

Dated: New York, New York
       March 5, 2010

                                         /s/ Martin Glenn_____
                                         UNITED STATES BANKRUPTCY JUDGE