UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the Motion dated, January 8, 2010 (the "Motion"), of Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a), 327, 328 and 330 of chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to employ professionals utilized in the ordinary course of business (the "Ordinary Course Professionals"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

it appearing that no other or further notice need be provided; and a hearing having been held to consider certain of the relief requested in the Motion as set forth below(the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2*, and the *Declaration of Michael J. Lotz in Support of Motions Scheduled for Hearing on January 26, 2010*, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that certain of the relief sought in the Motion as granted below is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327(e), 328, and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on Exhibit 1 annexed hereto in the ordinary course of their businesses in accordance with the procedures set forth herein, effective as of the date of commencement of the Debtors' chapter 11 cases; and it is further

ORDERED that each Ordinary Course Professional shall provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of this Order or (ii) the date on which the Ordinary Course Professional commences services for the Debtors: (a) an affidavit (the

"Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit 2, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed hereto as Exhibit 3; and it is further

ORDERED that the Debtors' attorneys shall file the Ordinary Course Professional Affidavits and Retention Questionnaires with the Court and serve a copy thereof upon (i) U.S. Trustee, and (ii) attorneys for any statutory committee appointed in these chapter 11 cases (together with the U.S. Trustee, the "Reviewing Parties"); and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file a notice with the Court listing such additional Ordinary Course Professionals and attach thereto the relevant Ordinary Course Professional Affidavits and Retention Questionnaires (collectively, the "Supplemental Notice of Ordinary Course Professionals"), and serve the Supplemental Notice of Ordinary Course Professionals on the Reviewing Parties; and it is further

ORDERED that the Reviewing Parties shall have fourteen (14) days after receipt of either the Ordinary Course Professional Affidavit and the Retention Questionnaire, in the case of Ordinary Course Professionals listed on Exhibit 1, or the Supplemental Notice of Ordinary Course Professionals, in the case of any additional Ordinary Course Professionals, to object to the retention, employment or compensation of the Ordinary Course Professional (the "Objection Deadline"); and it is further

3

ORDERED that if no objections are filed by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order from the Court; provided, however, that if an objection is filed and any such objection cannot be resolved with twenty-one (21) days, the matter shall be set for a hearing before the Court; and it is further

ORDERED that the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the payments do not exceed the $25,000 per month per Ordinary Course Professional; and it is further

ORDERED that the aggregate of the fees paid to each Ordinary Course Professional shall not exceed $300,000 for the duration of these chapter 11 cases; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more than $25,000 per month, that professional will be required to file a fee application for the full amount of its fees and expenses for that month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States Trustee, and any and all orders of the Court; and it is further

ORDERED that the Debtors reserve the right to amend the monthly compensation limitations set forth in this order upon notice and hearing; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court; and it is further

ORDERED that this Order shall not apply to Service Providers. The Debtors hereby are permitted to pay the Service Providers their reasonable fees and expenses on and after the Petition Date in the ordinary course of business; and it is further

ORDERED that the hearing on the Debtors' request in the Motion to retain non-attorney Ordinary Course Professionals, including, without limitation, Grant Thornton LLP, Robert Mann, George A. Dodelin, and Forensics Consulting Solutions LLC, is hereby continued to March 24, 2010 at 10:00 A.M. Any responses or objections to the foregoing request shall be filed no later than March 17, 2010. Replies to any responses or objections shall be filed no later than March 22, 2010 at 12:00 P.M.

Dated: New York, New York
        March 10, 2010

                                                **/s/ Martin Glenn**
                                                HONORABLE MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## (Ordinary Course Professionals)

| Professionals | Avg. Monthly Expenditure | Service Performed by Professional |
|---|---|---|
| Baker & Hostetler LLP | $8,000 | Legal (Labor Relations) |
| Daugherty Fowler Peregrin & Haught | $2,000 | Legal (FAA Consulting) |
| Decker, Jones, McMackin, McClane, Hall & Bates, P.C. | $250 | Legal (ERISA) |
| DLA Piper | $25,000 | Legal (General Corp. Counsel) |
| Fisher & Phillips LLP | $5,000 | Legal (Discrimination) |
| Ford & Harrison LLP | $500 | Legal (Labor and Employment) |
| Hogan & Hartson LLP | $2,500 | Legal (Regulatory) |
| The Law Offices of Brian E. Foont, PLLC | $500 | Legal (Contract Review) |
| Polsinelli Shughart, P.C. | $500 | Legal (Commercial Litigation) |
| Smith, Gambrell & Russell, LLP | $2,000 | Legal (Aircraft Leases) |
| Steptoe & Johnson LLP | $6,500 | Legal (Employment and Commercial Litigation) |
| The Law Offices of Brian E. Foont, PLLC | $1,500 | Legal (Vendor Liens) |

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case |
| MESA AIR GROUP, INC., *et al.,* | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____, ON BEHALF OF _____**

STATE OF _____ )
                                 ) ss:
COUNTY OF _____ )

_____, being duly sworn, upon his oath, deposes and says:

1. I am a [INSERT TITLE] of _____, located at _____ (the "Firm").

2. Mesa Air Group, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6. The Debtors owe the Firm $_____ for prepetition services.

7. [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.][2]

Subscribed and sworn to before me
this ____ day of _____, 2010

_____
Notary Public

My Commission expires:

---

[2] If necessary.

**EXHIBIT 3**

In re Mesa Air Group, Inc., *et al.*
Chapter 11 Case No. 10-10018 (MG)

**RETENTION QUESTIONNAIRE**

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY MESA AIR GROUP, INC. OR ONE OF ITS DEBTOR SUBSIDIARIES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

    PACHULSKI STANG ZIEHL & JONES LLP
    780 Third Avenue, 36th Floor
    New York, New York 10017
    Attn: Maria A. Bove and David A. Abadir

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

    _____
    _____
    _____
    _____

2. Date of retention: _____

3. Type of services provided (accounting, legal, etc.):

    _____
    _____
    _____
    _____

4. Brief description of services to be provided:

   _____

   _____

   _____

5. Arrangements for compensation (hourly, contingent, etc.)

   _____

   (a) Average hourly rate (if applicable):

   _____

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

   _____

6. Prepetition claims against the Debtors held by the firm:

   Amount of claim: $_____

   Date claim arose: _____

   Source of Claim: _____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

   Name: _____

   Status: _____

   Amount of Claim: $_____

   Date claim arose: _____

   Source of claim: _____

   _____

   _____

   _____

8. Stock of the Debtors currently held by the firm:

   Kind of shares: _____

   No. of shares: _____

9. Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: _____

        Status:_____

        _____

        Kind of shares: _____

        No. of shares: _____

10. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

        _____

        _____

        _____

        _____

11. Name of individual completing this form:

        _____

3

56772-002\DOCS_NY:20212.2