HEARING DATE: April 15, 2010<br>
HEARING TIME: 10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Carole Faye Diamond*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Ira R. Abel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MESA AIR GROUP, INC., et al., | : | Case No.: 10-10018 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------- x

**MOTION OF CAROLE FAYE DIAMOND FOR (A) RELIEF FROM AUTOMATIC STAY; (B) FOR PRODUCTION OF CERTAIN DOCUMENTARY AND TESTIMONIAL EVIDENCE; AND (C) FOR RELATED RELIEF**

TO: THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE

Carole Faye Diamond ("Diamond"), by her counsel, Tarter Krinsky & Drogin LLP, respectfully states as follows:

<u>**SUMMARY OF REQUESTED RELIEF**</u>

1. By this motion (the "Motion"), Diamond (a) pursuant to 11 U.S.C. §362(d) and (e), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeks relief from the automatic stay, 11 U.S.C. §362(a), to continue prosecution of her personal injury Action (as defined below) against, among others, Mesa Airlines, Inc. d/b/a Mesa Air Group, Inc. ("Mesa") one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and (b) pursuant to Bankruptcy Rule 2004, (i) seeks production of certain limited documentary evidence from Mesa related to the Action, as described below; (ii) depositions of

certain individuals that may be employed by Mesa but unrelated to the Debtors' management or conduct of the Debtors' Chapter 11 cases; and (iii) certain related relief.

2. Diamond intends to proceed against Mesa only to the extent of available insurance proceeds, except that, to the extent that Mesa is self-insured or if no insurance is available, Diamond reserves her rights to file a claim against the estate, as permitted under the Bankruptcy Code, 11 U.S.C. §§101 *et seq*. (the "Bankruptcy Code").

## **JURISDICTION, VENUE AND STATUTORY PREDICATES**

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334 and the standing Order of Referral of Cases to Bankruptcy Judges of the District Court of New York, dated July 10, 1984 (Ward, Acting CJ). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested are §362 of the Bankruptcy Code and Bankruptcy Rules 2004, 4001 and 9014.

## **BACKGROUND**

4. As is more specifically set forth in the complaint annexed hereto as **Exhibit "A"** (the "Complaint"), Diamond was a passenger on Flight No. 7379 operated by United Airlines, Inc. ("United Airlines") as a ticketed passenger, traveling to Rapid City, South Dakota.

5. At the time of Diamond's injuries (June 21, 2007), Mesa operated United Airlines Flight No. 7379 with United Express, a non-debtor.

6. While travelling on Flight No. 7379, Diamond was severely injured.

7. Diamond commenced an action in the United States District Court for the District of Maryland under Civil Action No. WDQ1:09-cv-01595 (the "Action"). Pursuant to the Complaint, Diamond seeks damages for her injuries.

2

8. As permitted under the Federal Rules of Civil Procedure, Diamond propounded interrogatories against Mesa regarding, among other things, the existence of relevant insurance policies in effect. Mesa responded to those interrogatories and, in relevant part, represented that liability insurance coverage in excess of the amount sought in the Complaint was in effect. Mesa did not produce copies of these insurance policies, however. A copy of Mesa's response to the interrogatories is annexed hereto as **Exhibit "B."**

9. On January 5, 2010 (the "Petition Date"), the Debtors commenced their Chapter 11 cases. As a result, the Action has been stayed against Mesa pursuant to §362(a) of the Bankruptcy Code.

## ARGUMENT

## THE LEGAL STANDARD FOR RELIEF FROM THE AUTOMATIC STAY

10. Section 362(a) of the Bankruptcy Code acts as an automatic stay of

> "the commencement or continuation …. of a judicial, administrative, or other action or proceeding against the debtor that was … commenced before the commencement of the case under this title." Pursuant to section 362(d)(1), however, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause."

11. The Bankruptcy Code does not define what constitutes cause for the purposes of §362(d). The authoritative Congressional Reports provide that "[a] desire to permit an action to proceed to completion in another tribunal may provide another cause." H.R. Rep. No. 595, 95th Cong., 1st Sess. 343-44 (1977), *reprinted in* 1978 U.S.C.A.A.N. 5878, 6300; S. Rep. 95-989, 95th Cong. 2d Sess., 52-3 (1978), *cited in* In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). The Reports also provide that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result,

3

in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Anton, 145 B.R. at 769.

12. The party moving for relief from the automatic stay must make an initial showing of cause. In re Bogdanovich, 292 F.2d 104, 110 (2d Cir. 2002). Once the initial burden is met, the burden shifts to the debtor who bears the ultimate burden of proving that cause does not exist. In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994).

13. Courts in this circuit weigh several factors when determining whether to lift the automatic stay to allow litigation to proceed in another forum. The court in Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990) adopted the following list of non-exclusive factors to consider in determining whether to lift the automatic stay:

(a) whether relief would result in a partial or complete resolution of the issues;

(b) lack of any connection with or interference with the bankruptcy case;

(c) whether the other proceeding involves the debtor as a fiduciary;

(d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(e) whether the debtor's insurer has assumed full responsibility;

(f) whether the action involves primarily third parties;

(g) whether litigation in another forum would prejudice the interests of other creditors;

(h) whether the judgment claim arising from the other action is subject to equitable subordination;

{Client\003328\BANK233\00249388.DOC;5}

(i) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(j) the interests of judicial economy and the expeditious and economical resolution of litigation;

(k) whether the parties are ready for trial in the other proceeding; and

(l) the impact of the stay on the parties and the balance of harm.

14. A party seeking relief from the automatic stay does not need to satisfy all twelve of the foregoing factors. Nor is the Court required to give equal weight to each factor. Rather, only the relevant factors need to be considered. In re Anton, 145 B.R. at 770.

**CAUSE EXISTS FOR THIS COURT TO
GRANT RELIEF FROM THE AUTOMATIC STAY**

15. By this Motion, Diamond seeks, in part, relief from the automatic stay to allow the Action to proceed to resolution.

16. In considering whether to grant the relief from the automatic stay, the relevant factors for this Court to consider are (1) whether granting the relief would result in a partial or complete resolution of the issues; (2) lack of interference with the Debtors' cases; (3) whether the Debtors' insurer has assumed full responsibility; (4) whether the Action involves primarily third parties; (5) whether litigation in another forum would prejudice the interests of other creditors; (6) how the litigation would further the interests of judicial economy and the expeditious and economical resolution of the litigation; (7) whether the parties are ready for trial in the other proceeding; and (8) the impact of the stay on the parties and the balance of harm. As set forth more fully below, these factors demonstrate that cause exists for this Court to grant relief from the automatic stay.

## RELIEF WOULD RESULT IN COMPLETE RESOLUTION OF THE ISSUES

17. Resolution of the Action will resolve the open issues between the parties. A final judgment in the Action will resolve whether Mesa has contributed to Diamond's injuries, and, if so, to what degree Mesa's liability insurance will protect Mesa from liability. To the extent that such insurance is subject to a retainage, deductible or co-insurance, Diamond will file an appropriate claim against the Debtors.

18. In short, at the conclusion of the Action, there should be few, if any, remaining issues with respect to Mesa's liability to Diamond.

## RELIEF WOULD NOT PREJUDICE THE INTERESTS OF OTHER CREDITORS

19. Litigation of the Action will not prejudice the interests of other creditors. The Action is, in essence, a personal injury action in which other creditors will not have any interest other than the impact of any damage award against the estates not otherwise covered by insurance. Diamond will not be able to enforce any judgment against the Debtors without relief from this Court, so there will be no harm to the other creditors. See In re G.S. Distribution, Inc., 331 B.R. 552, 568 (Bankr. S.D.N.Y. 2005) (lifting the automatic stay to allow prepetition litigation to proceed). To the contrary, other creditors likely will benefit from reduced litigation costs that may result from handling the Action, in particular, when the Action is likely to be defended by the Debtors' insurance carrier in the court in which the Action has been pending and litigated for some time.

## RELIEF PROMOTES THE INTERESTS OF JUDICIAL ECONOMY

20. The interests of judicial economy will be best served by this Court granting relief from the automatic stay so the parties may proceed in the United States District Court. It will be much more expedient and economical to resolve these matters in the United States District Court

{Client\003328\BANK233\00249388.DOC;5}

as the ligation is underway and the United States District Court has familiarity with the Action and the related issues.

**THE BALANCE OF THE HARM WEIGHS IN FAVOR OF GRANTING RELIEF**

21. Finally, the balance of harm also weighs in favor of allowing the Action to continue. Although the Action may require the Debtors to incur some small legal expenses and other fees, the bulk of any such expenses will likely be paid by Mesa's insurance carrier. Indeed, the cost may well be less to complete the trials before the United States District Court rather than to begin again in a new forum. In any event, the cost of a debtor's defense is an insufficient justification for denying relief from the automatic stay. See United Imports, Inc., 203 B.R. 162 (Bankr. D. Neb. 1996); Anton, 145 B.R. at 770.

**REQUEST FOR PRODUCTION OF CERTAIN DOCUMENTARY EVIDENCE AND EXAMINATION OF CERTAIN PARTIES**

22. Despite the Debtors' answers to Diamond's interrogatories, certain documentary evidence (collectively, the "Documents") is still needed, to the extent that Mesa is in possession or control of such Documents:

(a) An audio tape recording or any related information regarding communications between Flight No. 7379 and air traffic control in connection with, or related to, Diamond's flight from Chicago O'Hare to Rapid City, South Dakota on June 21, 2007;

(b) Any Documents showing the proposed and actual flight plan of Flight No. 7379 from Chicago O'Hare to Rapid City, South Dakota on June 21, 2007; and

(c) Copies of all relevant insurance policies related to Flight No. 7379.

23. In addition, Diamond will require depositions of the pilot(s) and the flight attendants on Flight 7379, to the extent that Mesa can produce those individuals and can direct

7

them to appear for examination. Upon information and belief, these individuals are not needed in connection with the Debtors' management of their Chapter 11 cases.

24. Diamond has no other way of obtaining this information other than pursuant to examination(s) and document production under Bankruptcy Rule 2004.

25. Debtor is thus entitled to obtain the requested documents and a subsequent oral examination of the relevant individuals because they are believed to have knowledge of relevant matters in order to understand (among other things):

    (a) any of Mesa's defenses to any award of damages demanded by Diamond in the Action;

    (b) insurance agreements related or relevant to the Action or Flight 7379;

    (c) any of Mesa's claims against Diamond; and/or

    (d) agreements, including, without limitation, agreements related to mitigation of damages.

26. The Debtors should not have any legitimate objection to the relief being sought. Thus, Diamond seeks the entry of an order granting the relief set forth herein, but reserves the right to serve a supplemental document request(s) and/or subpoenas that relate to the information sought by this Motion.

## **GROUNDS FOR RELIEF**

27. Bankruptcy Rule 2004 provides, in relevant part:

    (a) <u>Examination on Motion</u>. On motion of any party in interest, the court may order the examination of any entity.

    (b) <u>Scope of Examination</u>. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor . . .

(c) <u>Compelling Attendance and Production of Documentary Evidence</u>. The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

28. It is well-established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. <u>In re Vantage Petroleum Corp.</u>, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a fishing expedition." <u>In re M4 Enterprises, Inc.</u>, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995). <u>See also</u> <u>In re Valley Forge Plaza Assocs.</u>, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (R#. 2004 permits a party invoking it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition"); <u>In re Frigitemp Corp.</u>, 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

29. The examination and production that Diamond seeks relate to Mesa's acts and conduct, to Mesa's liability to Diamond, or insurance (including self-insurance, retainage, co-insurance or lack of insurance). Diamond's request is fully consistent with Rule 2004. "The purpose of a Rule 2004 examination is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, *that the rights of the creditor may be preserved*." <u>In re Coffee Cupboard, Inc.</u>, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing <u>Cameron v. United States</u>, 231 U.S. 710, 717 (1914)) (emphasis added).

30. Here, Diamond seeks information to determine the extent of Mesa's insurance coverage, amount of retainage or self-insurance, and the extent of Mesa's liability in the Action. In order to make these determinations, Diamond must understand and evaluate the Debtors' actual insurance policies, must obtain the requested audio tape, and must conduct oral examinations of individuals with knowledge of the events that gave rise to Diamond's injuries.

9

{Client\003328\BANK233\00249388.DOC;5}

These issues present matters that relate to Mesa's acts and conduct, as well as its potential liabilities to Diamond.

31. Pursuant to Bankruptcy Rule 2004(c), Diamond requests authority to issue a subpoena or subpoena to the Debtors pursuant to Bankruptcy Rule 7030, compelling the Debtors to produce the Documents. Diamond further requests authority to issue an additional subpoena or subpoenas to an individual or individuals designated by the Debtor believed to have knowledge of relevant matters.

## NOTICE

32. Diamond intends to serve a copy of this Motion in accordance with the order of this Court dated January 15, 2010 (Docket No. 103), as well as Federal Rule of Bankruptcy Procedure 4001(a)(1). Diamond respectfully submits that no further notice is required.

**WHEREFORE**, pursuant to the foregoing, Diamond respectfully requests that this Court enter an order (a) granting relief from the automatic stay so that it may proceed with the Action; (b) directing Mesa to produce the Documents; (c) authorizing Diamond to issue any relevant subpoenas in accordance with Bankruptcy Rule 9016; and (d) granting Diamond such other and further relief as is just and proper.

Dated: New York, New York
      March 17, 2010

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Carole Faye Diamond*

By:   /s/ Scott S. Markowitz
     Scott S. Markowitz
     Ira R. Abel
     1350 Broadway, 11th Floor
     New York, New York 10018
     (212) 216-8000