PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' REPLY TO THE OBJECTION AND RESERVATION OF
RIGHTS OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION
FOR INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 105(A),
345(B), 363(C), 364(C) AND 507(A) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6003 AND 6004 TO (I) CONTINUE USING EXISTING
CASH MANAGEMENT SYSTEM; (II) MAINTAIN EXISTING BANK ACCOUNTS
AND BUSINESS FORMS; AND (III) GRANTING RELATED RELIEF AND
THE DEBTORS' SUPPLEMENT FILED IN SUPPORT OF THE MOTION**

TO THE HONORABLE MARTIN GLENN:

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in these chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this Reply to the *Objection and Reservation of Rights* of the United States Trustee (the "UST"), dated March 16, 2010 [Docket No. 534] (the "Objection"), to Debtors' *Motion for*

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

1

56772-002\DOCS_SF:70580.5

*Interim and Final Orders Pursuant to Sections 105(a), 345(b), 363(c), 364(c) and 507(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 to (I) Continue Using Existing Cash Management System; (II) Maintain Existing Bank Accounts and Business Forms; and (III) Granting Related Relief*, dated January 5, 2010 [Docket No. 17] (the "Motion"), and the *Supplement Filed in Support of the Motion*, dated February 16, 2010 [Docket No. 320] (the "Supplement"), and respectfully represent as follows:

### Debtors Have Established Cause For A Limited Waiver
### Of The Section 345(b) Requirements As They Relate To The Mexico Accounts

1. The Debtors' request for a limited waiver of the requirements prescribed by section 345(b) of the Bankruptcy Code is a routine request that is sought and granted in virtually every large and complex chapter 11 case upon a sufficient demonstration of cause. *See Uno Restaurant Holdings Corporation*, Case No. 10-10209 (MG) (Bankr. S.D.N.Y. Feb. 17, 2010) [Docket No. 146] (waiving the section 345(b) bonding requirements with respect to the debtor's overnight investment account); *In re The Reader's Digest Association, Inc., et al.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Nov. 20, 2009) [Docket No. 306] (waiving the section 354(b) requirements with respect to "allow the Debtors to maintain certain Bank Accounts with financial institutions outside the United States"); *In re Lear Corporation, et al.*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009) [Docket No. 255] (waiving the section 345(b) requirements); *In re BearingPoint, Inc., et al.*, Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Mar. 13, 2009) [Docket No. 221] (waiving the bonding requirement with respect to the debtors' bank accounts, which included numerous accounts at foreign banks); *In re Lyondell Chemical Company, et al.*, Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Mar. 12, 2009) [Docket No. 1194] (authorizing the debtors to maintain certain foreign bank accounts as required by local law); *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. March 11,

2009) [Docket No. 3048] (waiving the section 345(b) bonding requirement with respect to all of the debtors' non-authorized depository accounts); *In re Northwest Airlines Corporation, et al.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Oct. 7, 2005) [Docket No. 618] (waiving the section 345(b) bonding requirement with respect to the debtors' bank accounts).

2. Except for five bank accounts located in Mexico, the Debtors are currently in compliance with section 345(b) of the Bankruptcy Code with respect to all of their other bank accounts.[2] As discussed herein, the facts supporting the Debtors' limited waiver are substantially similar to the facts in each of the cases cited above. As set forth in the Debtors' first day declaration [Docket No. 2] (the "First Day Declaration"), the Motion, and the Supplement, the Debtors have demonstrated the cause necessary for a limited waiver of the section 345(b) requirements, which, in this case, is necessary so that the Debtors can continue their operations in Mexico.

3. The Bankruptcy Code provides:

> Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested-- (1) a bond-- (A) in favor of the United States; (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and (C) conditioned on-- (i) a proper accounting for all money so deposited or invested and for any return on such money; (ii) prompt repayment of such money and return; and (iii) faithful performance of duties as a depository; or (2) the deposit of securities of the kind specified in section 9303 of title 31; <u>unless the court for cause orders otherwise</u>.

11 U.S.C. § 345(b) (emphasis added).

---

[2] As acknowledged by the UST, the Debtors' accounts located at Compass Bank are fully insured pursuant to the Treasury Department's Federal Transaction Account Guarantee Program through June 30, 2010. The UST has agreed that the Debtors will either cause Compass Bank to become an "Approved Depository" or otherwise come into compliance with respect to these accounts on or before 45 days after June 30, 2010. Objection at ¶ 13.

3

4.  In 1994, Congress amended section 345(b) of the Bankruptcy Code to provide courts with the power to waive the requirements set forth above for cause shown. The legislative history contains the following explanatory comments regarding Congress's reasons for amending this statute:

> Section 345 of the Code governs investments of the funds of bankruptcy estates. The purpose is to make sure that the funds of a bankrupt (sic) that are obligated to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankrupt estate. Under current law, all investments are required to be FDIC insured, collateralized or bonded. While this requirement is wise in the case of <u>a smaller debtor with limited funds that cannot afford a risky investment to be lost, it can work to needlessly handcuff larger, more sophisticated debtors</u>. This section would amend the Code to allow the courts to approve investments other than those permitted by section 345(b) for just cause, thereby overruling *In re Columbia Gas Systems, Inc.*, 1994 WL 463514 (3d Cir. 1994).

140 Cong. Rec. H10767 (Oct. 4, 1994) (emphasis added).

5.  Since the amendment of section 345(b) of the Bankruptcy Code, factors have been developed for a court to consider when determining whether sufficient cause has been established for a waiver of the requirements of section 345(b) of the Bankruptcy Code. These factors include:

(i) The sophistication of the debtor's business;
(ii) The size of the debtor's business operations;
(iii) The amount of investments involved;
(iv) The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;
(v) The complexity of the case;
(vi) The safeguards in place within the debtor's own business of insuring the safety of the funds;
(vii) The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;
(viii) The benefit to the debtor;
(ix) The harm, if any, to the estate; and
(x) The reasonableness of the debtor's request for relief from section 345(b) of the Bankruptcy Code requirements in light of the overall circumstances of the case.

4

*In re Service Merchandise Company, Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

6. *Service Merchandise* is the seminal case regarding section 345(b) waivers. In that case, the court found that the debtor was entitled to a waiver of the section 345(b) requirements because the debtor was a large, sophisticated business having a complex cash management system that utilized multiple banks and accounts to administer millions of dollars. *Id.* The debtor had internal monitoring systems to regulate the funds in these accounts. *Id.* Further, the debtor's ability to reorganize would not be materially affected by the failure of any of the debtor's bank's. *Id.* Finally, the court found that the benefit of waiving the section 345(b) requirements outweighed potential harm to the estate and the relief requested was reasonable and well-founded in light of the debtor's case being a "mega-case." *Id.* at 897.

7. It is indisputable that most, if not all, of the enumerated factors set forth above support the Debtors' request for a waiver of the section 345(b) requirements solely with respect to the five (5) bank accounts maintained at two separate banks located in Mexico (the "Mexico Accounts"). As set forth in the First Day Declaration, the Debtors' business is a large and complex air carrier business that operates in 41 states, Canada, and Mexico having approximately 700 daily departures. To manage their affairs, the Debtors utilize numerous bank accounts with a variety of banks, and all but the Mexico Accounts satisfy the requirements of section 345(b) of the Bankruptcy Code.

8. Of the Mexico Accounts, only the Debtors' peso account at Banco Mercantil (the "Mercantil Peso Account") and the investment account located at Banco Mercantil, which is linked to Mercantil Peso Account, generally contain funds in the range of $100,000 to $300,000 for very short periods of time. As noted in the Supplement, the Debtors only fund these accounts to the extent necessary to pay any expenses that are due. In this regard,

56772-002\DOCS_SF:70580.5

the funds are quickly used to pay outstanding expenses immediately after they are deposited into these accounts, thereby reducing the risk that the funds could be lost as a result of the bank's failure. For all practical purposes, the Mexico Accounts are used essentially as "zero balance" accounts since they are only funded with sufficient funds to satisfy the current, outstanding accounts payable.

9. In addition, the funds deposited into the Mexico Accounts are partially secured by the Instituto para la Protección al Ahorro Bancario (the "IPAB") to the extent of $140,000 per account. As a result, it is unlikely that the loss of these funds to the extent not secured by the IPAB would affect the Debtors' ability to reorganize. First, nearly all of the Debtors' cash is deposited with banks that are in compliance with section 345(b) of the Bankruptcy Code. Second, and more importantly, the difference between the highest balances in the Mexico Accounts and the IPAB guarantee represents approximately .005% of the Debtors' current cash on hand.

10. The instant facts are precisely what Congress envisioned when it amended Bankruptcy Code section 345(b) to allow large complex debtors to obtain a limited wavier of the requirements of that statute. The limited waiver of the *de minimis* amounts on deposit in the Mexico Accounts (as opposed to the draconian result of having to shut down the Debtors' Mexican operations), is squarely in line with Congress's amendment of Bankruptcy Code section 345(b) for large chapter 11 cases. As set forth in the Supplement, the Debtors are required by Mexican law to maintain the Mexico Accounts. Because the Debtors operate and have a physical presence in Mexico, they are required to obtain a tax identification number and comply with various fiscal policies, including maintaining an address and copies of business records, including bank statements. The settlement of the Debtors' accounts payable must be reconciled

56772-002\DOCS_SF:70580.5

through a Mexico based bank as opposed to a foreign based bank. As a result, the Debtors do not have the option to close the Mexico Accounts and open new accounts in the United States.

11. In light of these facts and given the limited exposure of the *de minimis* funds in the Mexico Accounts, the Debtors determined that costs associated with obtaining a bond would not sufficiently benefit the Debtors' estates since it would tie up the estates' cash in the amount of 100% of the amounts on deposit to the Mexico Accounts in addition to payments of bond fees and letter of credit fees.

12. The Debtors acknowledge that any waiver of the section 345(b) requirements must be granted by the Court and not the UST. Nevertheless, it is difficult to discern how the UST can maintain that the Debtors have not established cause when the facts cited or incorporated herein demonstrating the requisite cause to justify the limited waiver are also referenced in the UST's Objection. *See* Objection at ¶¶ 11, 12, 17, and 18.

13. For reasons discussed herein and as set forth in the Motion, the Supplement, and the First Day Declaration, the Debtors believe that cause has been established to support the limited waiver with respect to the Mexico Accounts and that the UST's Objection should be overruled.

**[Remainder of page intentionally left blank]**

WHEREFORE, the Debtors request that the Court grant the relief requested in the Supplement and such other and further relief as is just.

Dated: March 22, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession