UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY RULES
2002(a)(7), (f), AND (l) AND 3003(c)(3) AND SECTION 502(b)(9) OF THE
BANKRUPTCY CODE ESTABLISHING DEADLINES FOR FILING PROOFS OF
CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion")[2] of Mesa Air Group, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order pursuant to Rules 2002(a)(7), (f), and (l) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") establishing deadlines for filing proofs of claim and approving the form and manner of notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other notice need be provided; and such relief being in the best interest of the Debtors, their estates and creditors; and after due deliberation, and sufficient cause

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that, except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to January 5, 2010 must file an original proof of claim (a "Proof of Claim") so that the Mesa Claims Processing Center (as defined below) receives the Proof of Claim on or before May 21, 2010 at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date"); and it is further

ORDERED that, except as otherwise provided herein, each Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) that asserts a claim against any of the Debtors that arose prior to January 5, 2010 must file a Proof of Claim so that the Mesa Claims Processing Center (as defined below) receives the Proof of Claim on or before July 6, 2010 at 5:00 p.m. (prevailing Eastern Time) (the "Government Bar Date"); and it is further

ORDERED that the following procedures for filing proofs of claim shall apply:

(a)  Except as otherwise provided, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, including, without limitation, any claim arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors which arose prior to the Petition Date, shall file a Proof of Claim on or before the Bar Date or Government Bar Date, as applicable;

(b)  Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the Bar Date or the Government Bar Date, as applicable, or (ii) the date that is 30 days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise);

 (c) Proofs of Claim shall substantially conform to the form of Proof of Claim annexed to the Motion as <u>Exhibit B</u>, which is hereby approved in all respects, or Official Bankruptcy Form No. 10;

 (d) Proofs of Claim must be received on or before the Bar Date or the Government Bar Date, as applicable, by the official claims agent in the Debtors' chapter 11 cases, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"), either by (i) overnight mail or hand delivery to Mesa Air Group Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017 or (ii) first-class mail to Mesa Air Group Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4601, New York, New York 10163-4601 (collectively, the "<u>Mesa Claims Processing Center</u>")

 (e) Debtors and Epiq shall **<u>not</u>** accept a Proof of Claim sent by facsimile, telecopy, or electronic mail transmission;

 (f) Proofs of Claim will be deemed timely filed only if **<u>actually received</u>** by the Mesa Claims Processing Center on or before the Bar Date or the Government Bar Date, as applicable;

 (g) Proofs of Claim must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and

 (h) Proofs of Claim must specify by name and case number the Debtor against which the Proof of Claim is filed; if the holder asserts a claim against more than one Debtor, a separate Proof of Claim must be filed against each Debtor.

and it is further

 ORDERED that the following persons or entities are **<u>not</u>** required to file a Proof of Claim on or before the Bar Date or the Government Bar Date, as applicable:

 (a) any person or entity that has **<u>already</u>** properly filed a Proof of Claim against the Debtors with the Clerk of the United States Bankruptcy Court for the Southern District of New York or Epiq in a form substantially similar to Official Bankruptcy Form No. 10;

 (b) any person or entity whose claim is listed on the Debtors' Schedules of Liabilities (collectively, the "<u>Schedules</u>"), provided that: (i) the claim is **<u>not</u>** described as "disputed," "contingent," or "unliquidated"; (ii) the claimant agrees with the amount, nature, or priority of the claim set forth

10-10018-mg    Doc 577    Filed 03/26/10    Entered 03/26/10 11:22:49    Main Document
Pg 4 of 7

        in the Schedules; <u>and</u> (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)      any holder of a claim that has already been allowed by order of the Court;

(d)      any person or entity whose claim has already been paid in full;

(e)      any Debtor having a claim against another Debtor;

(f)      any holder of a claim allowable under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases, with the exception of claims arising under section 503(b)(9) of the Bankruptcy Code, for which Proofs of Claim must be filed on or before the Bar Date

(g)      any person or entity that holds an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **<u>provided</u>**, **<u>however</u>**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(h)      any holder of a claim for which the Court has already fixed a specific deadline to file a Proof of Claim;

(i)      any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "<u>Debt Claim</u>") on or under any debt security issued by the Debtors pursuant to an indenture (the "<u>Debt Instruments</u>"); **<u>provided</u>**, **<u>however</u>**, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee under the applicable indenture (the "<u>Indenture Trustee</u>"), (ii) each Indenture Trustee shall be required to file one Proof of Claim, on or before the Bar Date, on account of all of the Debt Claims under the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim other than such Debt Claim shall be required to file a Proof of Claim with respect to such other claim on or before the applicable Bar Date, unless another exception identified herein applies;

(j)      any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any claim based on the payment of wages, salaries, and benefits authorized to be paid by

    order of the Court under the first day wage and benefit order approved by the Court on February 23, 2010, unless the Debtors have provided written notice to an employee and his or her relevant union that the Debtors do not intend to pay such claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice to file a Proof of Claim.  Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment.  Notwithstanding the foregoing, either employees (present or former) or their labor unions must file Proofs of Claim relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to the Petition Date, provided however that labor unions may file a Proof of Claim itemizing such grievances on behalf of their respective members; and

  (k) any present or former salaried employee of one of the Debtors (and, with respect to benefit claims, any spouse or beneficiary thereof) solely with respect to any claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on February 23, 2010, unless the Debtors have provided written notice to an employee that the Debtors do not intend to pay such claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice to file a Proof of Claim;

and it is further

  ORDERED that any holder of a claim against one or more of the Debtors who is required, but fails, to file a Proof of Claim in accordance with this Order on or before the Bar Date or the Government Bar Date, as applicable, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in any of the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases; and it is further

ORDERED that the Bar Date Notice substantially in the form attached to the Motion as Exhibit D, is approved; and it is further

ORDERED that the Debtors shall be given three (3) business days after the entry of this Order to mail the Bar Date Notice and a form Proof of Claim to:

(a) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee");

(b) the attorneys for the statutory creditors' committee (the "Committee");

(c) all parties who have requested notice in these chapter 11 cases;

(d) all persons or entities that have previously filed proofs of claim;

(e) all creditors and other known holders of claims as of the Petition Date including all persons or entities listed in the Debtors' creditor matrix filed on the Petition Date and the Debtors' Schedules, unless otherwise specified;

(f) all parties to executory contracts and unexpired leases of the Debtors;

(g) all parties to litigation with the Debtors;

(h) the Internal Revenue Service;

(i) the United States Attorneys Office for the Southern District of New York; and

(j) the Securities and Exchange Commission.

and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice of the Bar Date and the Government Bar Date, substantially in the form of the Bar Date Notice, once in the national edition of USA Today at least twenty-eight (28) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the Government Bar Date; and it is further

ORDERED that if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claims or be forever barred from doing so; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the Bar Date and Government Bar Date as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests **not** subject to the Bar Date and the Government Bar Date established herein must file such proofs of claims or interest or be barred from doing so.

Dated: March 26, 2010
      New York, New York

      /s/Martin Glenn
      HONORABLE MARTIN GLENN
      UNITED STATES BANKRUPTCY JUDGE