PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER EXTENDING THE
PERIODS WITHIN WHICH DEBTORS MAY REMOVE ACTIONS PURSUANT
TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Order Extending the Periods Within Which Debtors May Remove Actions Pursuant to 28 U.S.C. §1452 and Federal Rule of Bankruptcy Procedure 9027* (the "Motion") filed herewith by Mesa Air Group, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501 **at 10:00 a.m. on April 15, 2010.**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors; (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (v) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller, Lorenzo Marinuzzi, and Todd M. Goren), attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; and (vi) any person or entity with a particularized interest in the subject matter of the Motion, on or before **April 8, 2010**.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE.**

Dated: March 30, 2010
       New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

 /s/ Maria A. Bove
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ORDER EXTENDING THE PERIODS**
**WITHIN WHICH DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28**
**U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion") for entry of an order extending the periods within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (M) and (O).

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

2. The statutory predicates for the relief requested herein 28 U.S.C. § 1452 ("Section 1452") and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 cases are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee"), whose members include Bombardier, Inc., Embraer-Empresa Brasileire de Aeronautica S.A., IHI Corporation, U.S. Bank National Association, AT&T Capital Services, Wilmington Trust Company, the Air Line Pilots Association, and the Association of Flight Attendants – CWA (ex-officio member).

## Mesa's Business

6. Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service. As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico. The Debtors operate a fleet of

approximately 130 aircraft with approximately 700 daily system departures. The Debtors employ approximately 3,400 full and part-time employees.

7. Mesa Airlines, Inc. ("Mesa Airlines") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements. Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United Airlines, Inc., and (iii) independently in Hawaii as *go!* Mokulele ("*go!*"). Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements with Delta Air Lines, Inc. The remaining Debtors operate businesses, or own interests in businesses, that facilitate or enhance the Debtors' regional or independent air carrier services. Nilchi, Inc. and Patar, Inc. hold investments. As a regional air carrier, the Debtors are parties to numerous litigation matters in courts all across the country.

8. A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* (the "Lotz Declaration"), filed on the Petition Date.

**Relief Requested**

9. By way of this Motion, the Debtors request the entry of an order, pursuant to Bankruptcy Rule 9006(b), extending the time by which they may file notices of removal with respect to civil actions pending as of the Petition Date for one-hundred twenty (120) days, from the current April 5, 2010 deadline to, and including, August 3, 2010 (the "Pre-Petition Removal

Deadline"). Furthermore, the Debtors request the entry of an order extending the time by which it may file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) August 3, 2010, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (i.e., the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

10. The Debtors request that the Pre-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(2)(A), (B), (C) and that the Post-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(3) (collectively, the "Actions"). This Motion is without prejudice to the Debtors' right to seek further extensions of the aforementioned removal deadlines.

### Basis for Relief

11. Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of

removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12. In addition, Bankruptcy Rule 9027(a)(3) provides:

If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (a) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

13. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal periods, without notice:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order....

Fed. R. Bankr. P. 9006(b)(1).

14. The Debtors believe that it is prudent to seek an extension of the time periods to file notices of removal in order to protect their right to remove the Actions. Since the Petition Date, the Debtors have been occupied with matters of immediate importance to their chapter 11 cases. The Debtors obtained necessary first day orders enabling them to stabilize these chapter 11 cases and allowing the Debtors to continue to operate their business. The

Debtors have also initiated the process of restructuring their fleet to rationalize the Debtors' cost structure and to match anticipated future fleet requirements by entering into stipulations under section 1110 of the Bankruptcy Code for all of its aircraft and related equipment. In addition, the Debtors are also occupied with the development and negotiation of a plan of reorganization in these cases.

15. The extension of time for removing Actions sought in this Motion will afford the Debtors the opportunity necessary to make fully-informed decisions concerning removal of any Action and will assure that the Debtors do not forfeit valuable rights under Section 1452. Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

16. The Debtors submit that their request to extend the deadlines for removing the Actions is reasonable and practical in light of the present posture of their bankruptcy cases. Accordingly, the Debtors respectfully submit that the relief sought is in the best interest of the Debtors and their estates and creditors.

## Notice

17. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the Committee, (iii) known counterparties to the Actions, and (iv) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

### No Prior Request

18.     No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as **Exhibit A**, (a) extending the period within which the Debtors may remove Actions initiated prior to the Petition Date through and including August 3, 2010; (b) extending the period within which the Debtors may remove Actions initiated after the Petition Date to the later of (i) August 3, 2010, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B); (c) granting such order without prejudice to the Debtors' right to seek further extensions of the deadlines; and (d) granting such other relief as the Court deems just and proper.

Dated: March 30, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Maria A. Bove_
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and Debtors in Possession

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER EXTENDING THE PERIODS WITHIN WHICH
DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

Upon the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order further extending the periods within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; and it appearing that the relief sought in the Motion is reasonable, appropriate, and in the best interests of the Debtors and their estates; and sufficient cause appearing therefor, and upon due deliberation given, it is hereby:

ORDERED that the time period provided by Bankruptcy Rule 9027 within which the Debtors may file notices of removal of civil actions pending as of the Petition Date under Bankruptcy Rule 9027(a)(2) is enlarged and extended through and including August 3, 2010 (the "Pre-Petition Removal Deadline"); and it is further

ORDERED that the Pre-Petition Removal Deadline applies to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B), (C); and it is further

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the time period provided by Bankruptcy Rule 9027 within which the Debtors may file notices of removal of civil actions initiated after the Petition Date under Bankruptcy Rule 9027(a)(3) is enlarged and extended to the later of (i) August 3, 2010, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (i.e., the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline"); and it is further

ORDERED that the Post-Petition Removal Deadline applies to all matters specified in Bankruptcy Rule 9027(a)(3); and it is further

ORDERED that this Order is without prejudice to the Debtors' right to seek further extensions of the Pre-Petition Removal Deadline and/or Post-Petition Removal Deadline; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2010

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT
