PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE TIME
PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE
RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THERETO**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and Solicit Acceptances Thereto* (the "Motion") filed herewith by Mesa Air Group, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"), will be held before the Honorable Martin Glenn, United

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, Courtroom 501 at 10:00 a.m. on **April 15, 2010**.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors; (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.); (iv) Stephen H. Gross, Esq., Counsel for Willis Lease Finance Corporation and WEST Engine Funding LLC, 35 Old Sport Hill Road, Easton, CT 06612-2134; (v) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (vi) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller, Lorenzo Marinuzzi, and Todd M. Goren), attorneys for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; and (vii) any person or entity with a particularized interest in the subject matter of the Motion, on or before **April 8, 2010**.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE.**

Dated: March 31, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
Joshua M. Fried

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., et al.,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE TIME
PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE
RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THERETO**

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in these chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), (a) extending by one hundred twenty (120) days the period under section 1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") and (b) extending by one hundred twenty (120) days the period under section 1121(c)(3) of the

---

[2]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," and, together with the Exclusive Filing Period, the "Exclusive Periods"). In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (L). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Section 1121(d) of the Bankruptcy Code provides the basis for the relief requested herein.

**Background**

3. On January 5, 2010 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 cases are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Creditors' Committee"), whose members include Bombardier, Inc. Embraer-Empresa Brasilieire de Aeronautica S.A., IHI Corpration,

U.S. Bank National Association, AT&T Capital Services, Wilmington Trust Company, the Air Line Pilots Association, and the Association of Flight Attendants – CWA (ex-officio member).

### Mesa's Business

6. Mesa is a holding company whose principal direct and indirect subsidiaries operate as regional air carriers providing scheduled passenger and airfreight service. As of the Petition Date, the Debtors' airline operations serve approximately 127 cities in 41 states, the District of Columbia, Canada, and Mexico. The Debtors operate a fleet of approximately 130 aircraft with approximately 700 daily system departures. The Debtors employ approximately 3,400 full and part-time employees.

7. Mesa Airlines, Inc. ("Mesa Airlines") operates regional jet and turboprop aircraft under the names of regional carriers of certain major airlines pursuant to code-share agreements. Specifically, Mesa Airlines operates as (i) US Airways Express under code-share agreements with US Airways, Inc., (ii) as United Express under a code-share agreement with United Airlines, Inc., and (iii) independently in Hawaii as *go!* Mokulele. Freedom Airlines, Inc. operates regional jet aircraft as Delta Connection under code-share agreements with Delta Air Lines, Inc. The remaining Debtors operate businesses, or own interests in businesses, that facilitate or enhance the Debtors' regional or independent air carrier services. Nilchi, Inc. and Patar, Inc. hold investments. As a regional air carrier, the Debtors are parties to numerous litigation matters in courts all across the country.

8. A detailed description of the Debtors' businesses, capital structure, and the circumstances that precipitated the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Lotz in Support of First Day Motions Pursuant to Local Bankruptcy Rule 1007-2* (the "Lotz Declaration"), filed on the Petition Date.

**Relief Requested**

9. By this Motion, the Debtors seek to extend the Exclusive Filing Period for an additional one hundred twenty (120) days, from May 5, 2010, through and including September 2, 2010, and to extend the Exclusive Solicitation Period for an additional one hundred twenty (120) days, from July 6, 2010, through and including November 3, 2010. The Debtors further request that such order be without prejudice to their right to seek additional extensions of the Exclusive Periods for cause in accordance with section 1121(d).

**Basis for Relief**

10. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides, if the debtor proposes a plan within the 120-day exclusive period, the debtor has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such plan. The Debtors' Exclusive Filing Period will expire on May 5, 2010 and the Exclusive Solicitation Period will expire on July 6, 2010, if an extension of such periods is not granted.

11. Where the initial 120-day and 180-day periods provided under section 1121(b) and 1121(c)(3) of the Bankruptcy Code, or any interim extensions thereof, prove to be an unrealistic time frame within which a debtor may otherwise be compelled to file a plan of reorganization, section 1121(d) of the Bankruptcy Code allows a bankruptcy court to extend these periods to file a plan and solicit acceptances:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

12. The Bankruptcy Code neither defines "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. A number of courts have construed the term "cause" by examining its underlying legislative history. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); *In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297-98 (W.D. Tenn. 1987); *In re Amako Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re Ravenna Indus., Inc.*, 20 B.R. 886, 889 (Bankr. N.D. Ohio 1982). As discussed below, the legislative history of section 1121(d) of the Bankruptcy Code, and the applicable case law, support the extension of the Exclusive Periods requested herein.

13. In determining whether cause exists, courts assess the totality of circumstances in each case. *See In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. at 834; *In re Nicolet, Inc.*, 80 B.R. 733 (Bankr. E.D. Pa. 1987). Specifically, the factors courts examine in determining whether or not cause exists to extend the Exclusive Periods include:

    (i)    the size and complexity of the case;

    (ii)    the necessity of sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare a disclosure statement having adequate information;

    (iii)    the existence of good faith progress towards reorganization;

    (iv)    whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

    (v)    whether the debtor is paying its bills as they come due.

*See e.g., In re Service Merchandise Co., Inc.*, 256 B.R. 744, 751-54 (Bankr. M.D. Tenn. 2000); *In re Grand Traverse Development Co. Ltd. Partnership*, 147 B.R. 418, 420 (Bankr. W.D. Mich.

1992); *In re General Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989); *In re Mclean Indus. Inc.*, 87 B.R. at 982.

14. When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. at 326. Under these standards, ample "cause" exists in these cases for the requested extension of the Exclusive Periods.

**These Cases are Large and Complex**

15. Both Congress and the courts have recognized the size and complexity of a debtor's case alone may constitute cause for the extension of a debtor's exclusive period to file a plan and the period to solicit acceptances of such a plan. "[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 231, 232, 406 (1978), *reprinted* in 1978 U.S.C.A.N. 5787,6191, 6362. In *In re Texaco, Inc.*, the court stated:

> The large size of a debtor and the consequent difficulty in formulating a plan or reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.

76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

16. The Debtors have in excess of 10,000 creditors. As noted above, the Debtors operate a fleet of 130 aircraft nationwide and in Canada and Mexico. The Debtors employ approximately 3,400 individuals. The Debtors' "mega-cases" are certainly large and

complex by any standard.

**The Debtors Have Made Progress Towards Reorganization**

17.  Extensions of a debtor's exclusive period to file a plan and the period to solicit acceptances for such plan are justified by progress on the resolution of issues facing the debtor's estate. *See, e.g., Service Merchandise, Inc.*, 256 B.R. at 753-54; *In re Amko Plastics, Inc.*, 197 B.R. at 77; *In re McLean Indus., Inc.*, 87 B.R. at 835; and *In re Texaco, Inc.*, 76 B.R. at 327. The Debtors have already made progress, and these cases are moving at an appropriate pace. In the first few months of these cases, the Debtors have:

- Obtained important first day orders authorizing the Debtors to (i) continue existing cash management systems, (ii) maintain insurance programs, (iii) pay certain prepetition claims of employees and maintain the related benefit programs, (iv) pay certain prepetition claims of lienholders and foreign vendors, (v) maintain existing customer programs, and (vi) implement procedures relating to the protection of the Debtors' valuable net operating loss tax attributes;

- Initiated the process of restructuring the Debtors' aircraft fleet to rationalize the Debtors' cost structure and match the Debtors' fleet to anticipated future needs by (i) abandoning 20 aircraft pursuant to a first day motion; (ii) obtaining Court authorization to implement procedures regarding (a) elections under section 1110(a) and (b) of the Bankruptcy Code and (b) the rejection of aircraft related leases and abandonment of aircraft subject to security agreements; (iii) negotiating 25 section 1110(b) stipulations with respect to 124 aircraft and 16 engines; (iv) making 8 elections under section 1110(a) to perform under the related aircraft agreement with respect to 34 aircraft and 13 engines; and (v) having served three notices of rejection for certain aircraft related agreements;

- Established procedures for (i) the settlement of reclamation claims filed pursuant to section 546 of the Bankruptcy Code, (ii) the sale of certain *de minimis* assets, and (iii) the settlement of certain general unsecured claims;

- The Debtors have filed a motion (the "Delta Codeshare Motion") to assume their codeshare agreement with Delta Airlines, Inc. ("Delta"), which motion is related to the resolution of certain prepetition litigation between the parties currently pending before both this Court and in the United States District Court for the Northern District of Georgia. The Debtors and Delta have already engaged in extensive discovery and are currently preparing for trial on the Delta Codeshare Motion, which trial is scheduled to take place on July 12, 2010 before this Court.

- Filed the Debtors' schedules of assets and liabilities and statements of financial affairs;

- Continue to file the Debtors' monthly operating reports;

- Taken action where appropriate to enforce the automatic stay;

- Established regular and frequent communications with numerous parties in interest, including the Creditors' Committee, numerous aircraft vendors and lessors; and

- Addressed numerous issues with their suppliers and vendors to ensure that the Debtors continue to operate in chapter 11.

18. These achievements to date reflect the Debtors' efforts to move these cases as expeditiously as possible within the constraints of the many complex issues that remain to be resolved.

**The Debtors Are Not Using Exclusivity to Pressure Creditors**

19. Courts have denied extensions of exclusive periods in cases where plan negotiations among parties in interest have broken down and the continuation of exclusivity would merely give the debtors unfair bargaining leverage over the other parties in interest. *See In re Texaco Inc.*, 76 B.R. at 345. Here, the hallmark of the Debtors' cases so far has been the spirit of negotiation and cooperation with which the Debtors have proceeded as debtors in possession. The Debtors have been, and will remain, focused on the need to deal with all of the

disparate parties in interest in these cases, including their various creditors, employees, aircraft lessors and lenders. The Debtors and their professionals have consistently conferred with these constituencies on all major substantive and administrative matters in these cases. The Debtors intend to continue this dialogue.

20.  Plainly, the Debtors' request for an extension of the Exclusive Periods is not a negotiation tactic, but instead, a realistic reflection of the fact that these cases are complex and will require substantial time to complete.

**The Debtors Request Is Reasonable for Large and Complex Cases**

21.  The Debtors respectfully submit, in light of the foregoing factors, that the Debtors' request for an extension of the Exclusive Periods is reasonable and warranted. In other large and complex cases, courts have granted the Debtors substantial extensions of the exclusivity period upon the expiration of the initial 120 day period. *See In re Motors Liquidation Company, et al.*, Case No. 0950026 (REG) (Bankr. S.D.N.Y. Jan. 20, 2010) [Docket No. 4847] (extending debtors' exclusive periods approximately 12 months); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y.) (debtors granted exclusivity for maximum eighteen-month period under BAPCPA) [Docket Nos. 434, 727 and 853]; *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y.) (granting initial extension of six months and second extension of eight months for total 18-month maximum exclusive period under BAPCPA) [Docket Nos. 1584 and 4398]; *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y.) (granting initial extension of eight months and subsequent extension of six months for total 18-month maximum exclusive period under BAPCPA) [Docket Nos. 1216 and 3223]; *In re Quebecor World (USA) Inc.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y.) (debtors

granted exclusivity for maximum eighteen-month period under BAPCPA) [Docket Nos. 572, 1149, 1501, 1548, 1570 and 1666].

22. In other large airline cases, exclusivity has been extended on multiple motions for periods of time totaling two to three years. *In re Northwest Airlines Corporation, et al.*, Case No 05-17930 (ALG) (Bankr. S.D.N.Y. Mar. 23, 2007) [Docket No. 5488] (extending the exclusivity period for approximately 22 months); *In re Delta Air Lines, Inc.*, Case No. 05-17923 (ASH) (Bankr. S.D.N.Y. Mar. 15, 2007) [Docket No. 5225] (extending the exclusive periods for approximately 21 months); *In re UAL Corp.*, Case No. 02-4891 (Bankr. N.D. Ill.) (exclusivity extended in excess of three years); *In re Trans World Airlines, Inc.*, Case No. 92-115 (Bankr. D. Del.) (exclusivity extended for approximately 20 months). Even in relatively small airline cases, exclusivity has been extended for nearly two years. *See, e.g., In re ATA Holdings Corp.*, Case No. 04-19866 (Bankr. S.D. Ind. 2005).

## Notice

23. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the Creditors' Committee, and (iii) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### No Prior Application

24. No previous application for the relief sought herein has been made to this or to any other court.

WHEREFORE, the Debtors request entry of the attached order granting the relief requested herein and such other and further relief as is just.

Dated: March 31, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Maria A. Bove*
Richard M Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
Joshua M. Fried

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION
PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE TIME
PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE
RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THERETO**

Upon the motion, dated March 30, 2010 (the "Motion"), of the captioned debtors and debtors in possession (the "Debtors") for entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Periods in which to file a chapter 11 plan and to solicit acceptances thereof.[2] The Court having reviewed the Motion, the Court finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates, creditors, and other parties in interest;

IT IS HEREBY FOUND AND DETERMINED THAT, the Debtors have demonstrated cause for the extension of the Exclusive Periods, and it is hereby

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

ORDERED that Debtors' Exclusive Filing Period is extended for an additional one hundred and twenty (120) days through and including September 2, 2010; and it is further

ORDERED that the Debtors' Exclusive Solicitation Period is extended for an additional one hundred and twenty (120) days through and including November 3, 2010; and it is further

ORDERED that this Order shall be without prejudice to the Debtors' right to seek additional extensions of the Exclusive Filing Period and the Exclusive Solicitation Period and is without prejudice to the right of any party to object to any such further extensions; and it is further; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order; and it is further

ORDERED that the entry of this Order is without prejudice to any party's right to seek to terminate the Exclusive Periods as extended by this Order

Dated: April __, 2010
      New York , New York

                                          HONORABLE MARTIN GLENN
                                          UNITED STATES BANKRUPTCY JUDGE