UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    MESA AIR GROUP, INC., *et al.*,<br><br>                         Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF TIFFANY YOUNG IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP TO PROVIDE TAX COMPLIANCE AND TAX CONSULTING SERVICES TO THE DEBTORS *NUNC PRO TUNC* TO JANUARY 5, 2010**

Tiffany Young, being duly sworn, deposes and says:

1. I am a partner of the firm of Deloitte Tax LLP ("Deloitte Tax"), which has an office located at 2901 N. Central Avenue, Phoenix, Arizona 85012. I make this supplemental declaration (the "Supplemental Declaration") in further support of the *Debtors' Application for an Order Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 Authorizing the Employment and Retention of Deloitte Tax LLP to Provide Tax Compliance and Tax Consulting Services Nunc Pro Tunc to January 5, 2010* (the "Application"). The above–captioned debtors (the "Debtors") seek to retain Deloitte Tax effective as of January 5, 2010 pursuant to the terms and conditions set forth in the two

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

engagement letters each dated January 21, 2010 between the Debtors and Deloitte Tax (the "Tax Compliance Letter" and the "Tax Advisory Letter", collectively, the "Engagement Letters").[2]

2. The statements set forth in this Supplemental Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte Tax or its affiliates. This Supplemental Declaration provides additional information to supplement the disclosure set forth in my prior Declaration dated February 4, 2010 (the "Young Declaration") and additional clarification with respect to the services to be provided by Deloitte Tax in these chapter 11 cases.

3. Deloitte Tax will not seek to use independent contractors or subcontractors to perform services under the Engagement Letters other than its affiliate Deloitte Tax India Private Limited ("Deloitte Tax India") without prior Court approval. A portion of the services under the Tax Compliance Letter will be performed by personnel employed by Deloitte Tax's indirect wholly-owned subsidiary, Deloitte Tax India. In this case, a specifically assigned team of personnel will assist in the preparation of tax returns under the supervision, and with the input, of personnel of Deloitte Tax. The time of the personnel of Deloitte Tax India will be included in the fee applications filed by Deloitte Tax. The hourly rates charged to clients by Deloitte Tax for services performed by Deloitte Tax India personnel are comparable to the market rates charged for similar services by Deloitte Tax, but, do not directly correlate with the hourly rates attributed to such services by Deloitte Tax India. Such rates are factored into the overall blended rates to

---

[2] Capitalized terms used herein shall have the meaning ascribed to them in the Application, unless otherwise specified.

be charged by Deloitte Tax to the Debtors for its services for this engagement. In connection with the Young Declaration, Deloitte Tax has previously conducted a conflicts check with respect to it and its affiliates, including Deloitte Tax India, in connection with these chapter 11 cases. Engagements of Deloitte Tax India for Deloitte Tax are included in the conflicts checking process conducted by Deloitte Tax and were accordingly checked when Deloitte Tax conducted its own conflicts checking procedures.

4. In no instance were fees earned from the clients specified in Paragraph 9 of the Young Declaration or in the schedule thereto in excess of 2% of the net service revenues of either Deloitte Tax or of the Deloitte U.S. entities with which it is affiliated for their last respective fiscal years.

5. Deloitte Tax and its affiliates are sued on occasion by entities or individuals, who may be parties in interest in a chapter 11 case, in connection with matters that are unrelated to such case. Various parties in interest may, on occasion, be co-defendants in civil litigation in which Deloitte Tax or its affiliates is a named defendant. Accordingly, Deloitte Tax customarily discloses, as it did here, that this may be the case, but that such litigation, if any, is in connection with matters unrelated to the Debtors or to their chapter 11 cases.

6. The fee structure described in the Application and Engagement Letters is consistent with Deloitte Tax's normal and customary billing practices for comparably-sized and complex cases and transactions, both in and out of court, involving the services to be provided in connection with these chapter 11 cases.

Dated: April 9, 2010                                    /s/ Tiffany Young
                                                        Tiffany Young