**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| MESA AIR GROUP, INC., <u>et</u> <u>al</u>., | ) Case No. 10-10018 (MG) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. [1] | ) |
| | ) |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION
OF MACQUARIE CAPITAL (USA) INC., AS FINANCIAL ADVISOR AND
INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *NUNC PRO TUNC* TO JANUARY 21, 2010**

Upon the application, dated February 16, 2010, of the Official Committee of Unsecured

Creditors (the "Committee") of Mesa Air Group, Inc. and certain of its direct and indirect

subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "Debtors") , pursuant to sections 327(a), 328(a), and 1103 of the Bankruptcy

Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the Committee to

employ and retain Macquarie Capital (USA) Inc. ("Macquarie") as their financial advisor and

investment banker *nunc pro tunc* to January 21, 2010 (the "Application")[2];  and the Committee

having submitted the Albert Affidavit in support of the Application and the Supplemental

Affidavit of R. Edward Albert in Support of the Application (the "Supplemental Affidavit"); and

the Court being satisfied based on the representations made in the Application, the Albert

Affidavit and the Supplemental Affidavit that the professionals of Macquarie who will be

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

engaged in the Chapter 11 cases represent no interest adverse to the Debtors' estates with respect

to the matters upon which Macquarie is to be engaged, and that they are disinterested persons as

that term is defined under section 101(14) of the Bankruptcy Code, as modified by section

1107(b) of the Bankruptcy Code; and having considered the statements of counsel and the

evidence adduced with respect to the Application at a hearing before the Court (the "Hearing");

and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. §

157(b); and it further appearing that notice of the Application as set forth therein is sufficient

under the circumstances, and that no further notice need be provided; and it further appearing

that the relief requested in the Application is in the best interests of the Debtors, their estates and

their creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that the Committee is authorized to retain and employ Macquarie as financial

advisor and investment banker to the Official Unsecured Creditors pursuant to sections 327(a)

and 328(a) of the Bankruptcy Code on the terms set forth in the Agreement *nunc pro tunc* to

January 21, 2010 to:

(a)     advise the Committee regarding the Debtors' business plans, cash flow forecasts, financial projections and cash flow reporting;

(b)     advise the Committee with respect to available capital restructuring, sale and financing alternatives, including recommending specific courses of action and assisting with the design, structuring and negotiation of alternative restructuring and/or transaction structures;

(c)     advise the Committee regarding financial information prepared by the Debtors, and in its coordination of communication with interested parties and their respective advisors;

(d)     advise the Committee in preparing for, meeting with, and presenting information to interested parties and their respective advisors;

(e)     advise the Committee in the development of a plan of reorganization for the Debtors and negotiation with parties-in-interest or in the sale of a portion or substantially all of the assets of the Debtors, whether structured as a stock transfer, merger, purchase and assumption transaction or other business combination;

(f)     advise the Committee as to the Debtors' proposals from third parties for new sources of capital or the sale of the Debtors;

(g)     assist and advise the Committee and its counsel in the development, evaluation and documentation of any plan(s) of reorganization or strategic transaction(s), including developing, structuring and negotiating the terms and conditions of potential plan(s), financings or strategic transaction(s) and the strategic alternatives for recovery, and the consideration that is to be provided to unsecured creditors thereunder; and

(h)     provide testimony in the Bankruptcy Court in connection with items (a) through (g) above; and it is further

ORDERED that Macquarie shall be compensated on the terms and at the times specified in the Agreement as modified herein, and Macquarie shall file fee applications for interim and final allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules and Local Rules, the United States Trustee Guidelines, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court or any guidelines regarding submission and approval of fee applications, Macquarie and its professionals shall only be required to provide time records for services rendered to the Committee in one-half hour increments; and it is further

ORDERED that in addition to compensation for professional services rendered by Macquarie, pursuant to the terms of the Agreement, Macquarie is entitled to reimbursement by the Debtors for reasonable expenses (in accordance with the United States Trustee Guidelines)

incurred in connection with the performance of its engagement under the Agreement; and it is further

ORDERED that, except as provided in the following decretal paragraph, the terms of the Monthly Advisory Fee and the Completion Fee, each as defined in the Agreement, shall not hereafter be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the United States Trustee retains all rights to object to, and the Court has authority to consider, Macquarie's interim and final fee applications (including its Monthly Advisory Fee, Completion Fee, and expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that that the Debtors will be bound by the indemnification provisions of the Agreement as modified by this Order and will indemnify and hold harmless Macquarie (but not its affiliates) and its directors, officers, managers, members, partners, employees, agents and controlling persons (collectively the "Indemnified Persons"), pursuant to the indemnification provisions of the Agreement as modified herein; provided that all requests of Macquarie for payment of indemnity pursuant to the Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Macquarie be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED that if at any time Macquarie increases the rates for its services, Macquarie will cause a notice to be filed with this Court setting forth the increase in such rates and serve such notice upon the Office of the United States Trustee and the Debtors; and it is further

ORDERED that to the extent this Order is inconsistent with the Agreement, the terms of this Order shall govern; and it is further

ORDERED that notwithstanding any provision to the contrary in the Application or the Agreement the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April 15, 2010
      New York, New York

**/s/Martin Glenn**
UNITED STATES BANKRUPTCY JUDGE
