**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    MESA AIR GROUP, INC., *et al*.,<br><br>                            Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP TO PROVIDE TAX COMPLIANCE AND TAX CONSULTING SERVICES TO THE DEBTORS *NUNC PRO TUNC* TO JANUARY 5, 2010**

Upon the Application of Mesa Air Group, Inc., and certain of its direct and indirect subsidiaries (the "Debtors") for an Order, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, authorizing and approving the employment and retention of Deloitte Tax LLP ("Deloitte Tax") to provide tax compliance and tax consulting services to the Debtors *nunc pro tunc* to January 5, 2010 (the "Application");[2] and upon the Declaration of Tiffany Young (the "Young Declaration") and Supplemental Declaration of Tiffany Young (the "Supplemental Young Declaration"), filed in support of the Application, and the Court being satisfied, based on the representations made in the Young Declaration and the Supplemental Young Declaration, that Deloitte Tax represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(a) of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that, in accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Deloitte Tax to provide tax compliance and tax consulting services, *nunc pro tunc* to January 5, 2010, on the terms set forth in the Engagement Letters and the Application, as modified by this Order, to provide the following services:

a. preparation of September 30, 2009 federal and state income tax returns for Mesa Air Group, Inc. and subsidiaries as identified in Exhibit A of the Tax Compliance Letter and preparation of any estimated tax payments for the year ending September 30, 2010;

b. tax advisory services for Mesa Air Group, Inc. and its subsidiaries during the year January 1, 2010 through December 31, 2010, including but not limited to Work Orders as specified in the Tax Advisory Letter. These services may include:

(1) U.S. Federal Income Tax Consulting

• Periodic consulting regarding various federal income tax issues including but not limited to assistance with IRS audits, mergers, acquisitions, dispositions, restructuring, cancellation of debt income, tax attribute planning, debt restructuring services and net operating loss carryback

(2) Multi-State Tax Consulting

• Consulting regarding various issues pertaining to state and local taxes (income/franchise/sales/use/property), including but not limited to assistance with audits, consulting regarding state and local income tax issues and assistance with responding to state and local tax notices

(3) Employee Benefits

• Consulting regarding various income tax and employment tax issues associated with employee compensation and reporting

(4) International Tax Consulting

• Consulting regarding general international tax issues including but not limited to transfer pricing, withholding tax, mergers, acquisitions, dispositions, restructuring services and assistance with income tax audits; and

c. such other tax services as may be requested by the Debtors and agreed to by Deloitte Tax pursuant to separate engagement letters, and separate approval by Court order; and it is further

3

ORDERED that Deloitte Tax shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Administrative Order M-388 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Administrative Order M-389 Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "<u>Fee Guidelines</u>"), and the Court's *Order to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated January 26, 2010 [Docket No. 181]; and it is further

ORDERED that Deloitte Tax shall be reimbursed only for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

ORDERED that ten business days' notice must be provided by Deloitte Tax to the Debtors, the Committee, and the U.S. Trustee prior to any increases in the rates set forth in the Engagement Letters and such notice must be filed with the Court; and it is further

ORDERED that Deloitte Tax will not seek to use independent contractors other than Deloitte Tax India to perform services under the Engagement Letters without Court approval; and it is further

ORDERED that all requests of Deloitte Tax for payment of indemnity pursuant to the Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letters and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided, however*, that in

no event shall Deloitte Tax be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED that in no event shall Deloitte Tax be indemnified if the Debtors or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, Deloitte Tax's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in the event Deloitte Tax seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Deloitte Tax for payment of indemnity pursuant to the Engagement Letters, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Deloitte Tax's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regards to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that in these cases Deloitte Tax shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Deloitte Tax's counsel other than those incurred in connection with a request of Deloitte Tax for payment of indemnity; and it is further

ORDERED that the second sentence of Paragraph 2 of the General Business Terms of each of the Engagement Letters is hereby deleted with respect to termination of services performed by Deloitte Tax for the Debtors prior to the effective date of any plan of reorganization of the Debtors in these chapter 11 cases; and it is further

5

56772-001\DOCS_NY:20593.2

ORDERED that paragraph 15 (Indemnification) of the General Business Terms of the Engagement Letters is hereby modified to apply only to Deloitte Tax and Deloitte Tax India with respect to the parties entitled to indemnification thereby, as modified by this Order; and it is further

ORDERED that Disputes as defined in the Dispute Resolution Provision of the General Business Terms of the Engagement Letters shall be referred to mediation or arbitration consistent with their terms to the extent that this Court does not have, or retain, or exercise jurisdiction as set forth in the Engagement Letters; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. To the extent this Order is inconsistent with the Engagement Letters or the Application, this Order shall govern; and it is further

ORDERED that notwithstanding any provision to the contrary in the Application or the Engagement Letters the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April 16, 2010
      New York, New York

/s/Martin Glenn
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

6
56772-001\DOCS_NY:20593.2