PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    MESA AIR GROUP, INC., *et al.*,<br><br>                            Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

## NOTICE OF DE MINIMIS ASSET SALE

**PLEASE TAKE NOTICE** that on January 5, 2010, Mesa Air Group, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE**, that on March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order Approving Procedures for the Sale of De Minimis Assets, Free and Clear of All Liens, Claims, and Interests* [Docket No. 371] (the "Sale Order"), whereby the Court authorized the Debtors to

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

sell or transfer certain assets (collectively, the "De Minimis Assets") pursuant to the procedures set forth in the Sale Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Order, the Debtors are hereby giving notice to those parties entitled to notice (the "Notice Parties") of the sale of the following De Minimis Asset:

    a.    Description of the De Minimis Asset: One (1) Beech Aircraft, Model No. 58, Serial No. TH-1628, FAA registration No. 8117V with approximately 13110 hours on airframe (the "Aircraft"), as described in the Aircraft Purchase Agreement (the "Agreement"), attached as **Exhibit A**.

    b.    Aggregate Purchase Price: $120,000.00 (the "Purchase Price").

    c.    Commission: 6% of Purchase Price.

    d.    Seller: MPD, Inc.

    e.    Purchaser: Souther Field Aviation, Inc.

    f.    Liens: The Debtors are unaware of any known liens encumbering the Aircraft.

    g.    Governing Purchase Agreement(s): Aircraft Purchase Agreement (attached as **Exhibit A** hereto).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Order, any recipient of this notice may object to the proposed sale within five (5) business days of service of this notice by filing a written objection with the Court at the address shown below:

United State Bankruptcy Court
For the Southern District of New York
Clerk of the Court
One Bowling Green
New York, NY

**If a written objection is filed with the Court within such five business day period and cannot be resolved, the relevant De Minimis Asset shall only be sold, transferred or abandoned upon further order of the Court or resolution of the objection by the parties in question.**

Dated: April 22, 2010
       New York, New York     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Debra Grassgreen*
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**Aircraft Purchase Agreement**

# AIRCRAFT PURCHASE AGREEMENT

THIS AGREEMENT ("Agreement") dated **April 13, 2010** between **SAN JUAN FLIGHT TRAINING INC.** (hereinafter called the "Seller"), and **Souther Field Aviation, Inc.** (hereinafter called the "Buyer"). **223 Airport Rd., Americus, GA. 31709**

WHEREAS, the parties desire to enter this agreement for the sale by the seller and the purchase by the buyer of the aircraft described below,

NOW, THEREFORE, in consideration of the mutual covenants and the conditions herein contained and other good and valuable consideration, the parties agree:

1. **SALE OF AIRCRAFT.** Buyer hereby purchases and accepts and Seller hereby sells and delivers to buyer, subject to the terms and conditions hereinafter set forth, one

    \_\_\_\_\_ New    ✓ Used

    Mfg. **Beech**        Model **58**
    Serial # **TH-1628**   N # **8117V**

    Including all engine (s), instruments, accessories and the equipment installed thereon (hereinafter called the "Aircraft")

**INITIALS:**
(Buyer)
(Seller)

2. **ACCEPTANCE, DELIVERY AND PASSAGE OF TITLE.**
    (a) The aircraft will be delivered to Buyer upon execution of this agreement and payment for said Aircraft
    (b) Buyer shall inspect the aircraft prior to delivery and Buyer's signature hereon shall constitute acceptance of the Aircraft in the configuration herein.
    (c) Upon payment of the purchase price, Seller shall deliver to Buyer:
        (i)  the Aircraft
        (ii) All records and manuals in Seller's possession for the Aircraft; and
    (d) Title to and risk of loss of the Aircraft shall immediately pass from Seller to Buyer upon delivery.
    (e) Upon Delivery, Seller shall deliver to Buyer an FAA form Bill of Sale conveying to Buyer all of Seller's rights, title and interest in and to the Aircraft, free and clear of all mortgages, liens, charges, encumbrances and security interests.

3. **PURCHASE PRICE AND PAYMENT.** The purchase price for the Aircraft is:

    US $ **120,000** Aircraft
    **NA Only** State Sales Tax

    US $ **120,000** Total Purchase Price

    The payment of the Aircraft will be a non-refundable down payment of US $ **5,000**, payable upon execution of this agreement. The balance of US $ **115,000** is to be paid on or before **4-27-10** by an irrevocable cashiers check or by bank transfer of funds through the U.S. Federal Reserve System to Seller's designated bank account.

INITIALS:

_Buyer_

_Seller_

4. **TAXES.** The above stated purchase does not include tax other than the above-designated sales tax. Buyer agrees to assume and pay any and all taxes levied by federal, state and local authorities of any nature whatsoever including but not limited to, any and all sales or use taxes of any kind whatsoever, which arises as a result of the sale of the Aircraft, including any penalties, fines or interest thereon arising as a consequence of Buyer's acts or omissions (but excluding any and all taxes imposed on the income of Sellers) and to indemnify and hold Seller harmless from and against the payment of any and all such taxes incurred in connection with the transaction herein set out. The parties further agree to furnish each other with such documents and certificates as may required in connection with claims for exemption from the payment of any taxes, whatsoever levied.

5. **WARRANTY OF SELLER AND DISCLAIMER.**
(a) Seller represents and warrants that at the same time of transfer of the title to the Aircraft to Buyer, Seller will have good and sufficient legal and beneficial title thereto, free and clear of all mortgages, liens, charges, encumbrances and security interests except those incurred by or securing claims against Buyer, and will have full power and lawful authority to transfer such title to Buyer. EXCEPT AS SET FORTH IN THIS AGREEMENT, THE AIRCRAFT IS DELIVERED IN "AS IS" CONDITION, AND WITH ALL FAULTS.
(b) THE WARRANTY SET FORTH IN THE ABOVE PARAGRAPH AND THE OBLIGATIONS AND LIABILITIES OF SELLER THEREUNDER ARE EXPRESSLY IN LIEU, ANY AND ALL OTHER REPRESENTATIONS, WARRANTIES, DUTIES AND GUARANTEES OF ANY KIND WHATSOEVER, EXPRESS OR IMPLIED, ARISING OUT OF THE SALE OF THE AIRCRAFT, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTEE OF MERCHANTABILITY, FITNESS FOR USE OR ANY PARTICULAR PURPOSE, DESIGN ACCURACY, AND BUYER HEREBY WAIVES ANY AND ALL RIGHTS AND REMEDIES IT MAY HAVE AGAINST SELLER RELATING THERETO AND ARISING BY LAW OR ARISING FROM TORT, CONTRACT OR BY STATUTE, WITH RESPECT TO LOSS OR USE, REVENUE OR PROFET, OR ANY OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES WHATSOEVER.

6. **INDEMNIFICATION.**
(a) Buyer, after delivery of the Aircraft, releases and agrees to defend, indemnify, and hold harmless Seller, its directors, officers, partners, employees and agents from and against any and all claims and liabilities of any kind whatsoever, and all expenses in connection therewith, including damage to or loss or destruction of any property of any person(s) which may arise out of, result from, or in any way be connected with Buyers ownership, possession maintenance, modification, use, operation or any process of manufacture or preparation of the Aircraft sold hereunder, any technical support, or services, sales services, spare parts, tools, records, logs, manuals, and documents furnished in connection therewith or applicable thereto excepting, however, when arising from Seller's gross negligence or willful misconduct; provided however, this indemnification provision shall not affect the rights of the Buyer under Section 5 of this agreement.
(b) Seller hereby agrees to indemnify, defend and hold harmless Buyer from and against any and all mortgages, liens, or other encumbrances or security interests on the Aircraft, arising out of or relating to any action or default of Seller.

7. **MISCELLANEOUS.**
   (a) This agreement shall inure to the benefit of and be binding upon the successors and assigns of the parties hereto.
   (b) The terms of this agreement may not be modified, waived, or amended other by an instrument in writing executed by both parties.
   (c) This agreement shall be executed, governed and enforced, and any dispute shall be resolved, under the laws and jurisdiction of the State of _ARIZONA_ in _MARICOPA_ County.
   (d) Time is of the essence.
   (e) Venue is agreed to be Maricopa County, Arizona.
   (f) Payment for the aircraft is considered by Buyer, and Seller, to materially state to Seller that Buyer has inspected the airplane and logs books, and finds everything satisfactory to Buyer., AND SUBJECT TO:

8. Seller must give its CREDITORS A 5-DAY NOTICE OF OBJECTION to this SAle and Buyer Agrees to PROVIDE A STATEMENT to Seller that Seller And Buyer ARe not Related and this is AN Arm's length transaction.

IN WITNESS WHEREOF, each party has caused the Aircraft Purchase Agreement to be executed on the day and year first above written.

Dated: 4/ /10
SAN JUAN FLIGHT TRAINING INC.
"Seller"
By:
Title:
Address:

Phone: c/o 480-951-6207
Fax: c/o 480-951-6229

Dated: 4/20/10
Souther Field Aviation INC.
"Buyer"
By: Stephanie Williams
Title: CFO/Secretary
Address: 223 Airport Rd.
Americus, GA.

Phone: 229-924-2813
Fax: 229-924-4356

acpurch/doc