PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
John W. Lucas
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER (I)
GRANTING JAMES AND DONNA FUZI RELIEF FROM THE
AUTOMATIC STAY TO PURSUE THEIR CAUSES OF ACTION
AGAINST THE DEBTORS AND RECOVER SOLELY FROM
AVAILABLE INSURANCE PROCEEDS; AND (II) WAIVING ALL
CLAIMS AGAINST THE DEBTORS AND THEIR ESTATES**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

*Stipulation, Agreement, and Order (I) Granting James and Donna Fuzi Relief From the*

*Automatic Stay to Pursue Their Causes of Action Against the Debtors and Recover Solely From*

*Available Insurance Proceeds; and (II) Waiving All Claims Against the Debtors and Their*

*Estates* (the "Stipulation and Order") between Mesa Air Group, Inc. and its affiliated debtors and

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

debtors-in-possession, on the one hand, and James and Donna Fuzi, on the other hand, to the Honorable Martin Glenn, United States Bankruptcy Judge, for signature on **May 11, 2010 at 12:00 p.m. (Prevailing Eastern Time).**

    **PLEASE TAKE FURTHER NOTICE** that any response or objection to the Stipulation and Order must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors; (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (v) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett Miller and Lorenzo Marinuzzi); (vi) Bleichman Klien, 268 West Route 59, Spring Valley, NJ 10977 (attn: Joshua N. Bleichman); and (vii) any person or entity with a particularized interest in the subject matter of the Stipulation and Order, on or before **May 10, 2010 at 12:00 p.m. (Prevailing Eastern Time).**

    **PLEASE TAKE FURTHER NOTICE** that there will not be a hearing on the Stipulation and Order unless a written objection is filed with the Bankruptcy Court and served in accordance with the foregoing paragraph so as to be received by **May 10, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

    **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on

2

**May 13, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 501, One Bowling Green, New York, New York 10004.

       **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 30, 2010              PACHULSKI STANG ZIEHL & JONES LLP

                                  */s/ Maria A. Bove*
                                  Richard M Pachulski
                                  Laura Davis Jones
                                  Debra I. Grassgreen
                                  Joshua M. Fried
                                  Maria A. Bove
                                  780 Third Avenue, 36th Floor
                                  New York, New York 10017
                                  Telephone: (212) 561-7700
                                  Facsimile: (212) 561-7777

                                  Attorneys for Debtors
                                  and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### STIPULATION, AGREEMENT, AND ORDER (I) GRANTING JAMES AND DONNA FUZI RELIEF FROM THE AUTOMATIC STAY TO PURSUE THEIR CAUSES OF ACTION AGAINST THE DEBTORS AND RECOVER SOLELY FROM AVAILABLE INSURANCE PROCEEDS; AND (II) WAIVING ALL CLAIMS AGAINST THE DEBTORS AND THEIR ESTATES

On this **23** day of April, 2010, this *Stipulation, Agreement, and Order (I) Granting James and Donna Fuzi Relief From the Automatic Stay to Pursue Their Causes of Action Against the Debtors and Recover Solely From Available Insurance Proceeds; and (II) Waiving All Claims Against the Debtors and Their Estates* (the "Stipulation") is entered into by and between Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and James and Donna Fuzi as plaintiffs (the "Plaintiffs" and together with the Debtors, the "Parties"). The Parties respectfully state as follows:

## RECITALS

A.      On January 5, 2010 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.      The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C.      Prior to the Petition Date, the Plaintiffs commenced an action styled *James and Donna Fuzi v. Mesa Air Group, Inc.,* Civil Action No. 2009-054742, in the Superior Court of Arizona, Maricopa County (the "Litigation") asserting claims (the "Claims") against the Debtors with respect to certain alleged actions or inactions that occurred prior to the Petition Date.

D.      The Litigation was stayed by reason of the automatic stay imposed by Bankruptcy Code section 362(a).

E.      On February 22, 2010, the Plaintiffs filed proof of claim no. 144. against Mesa (the "Proof of Claim").

F.      Pursuant to this Stipulation, the Plaintiffs are willing to waive any and all claims against the Debtors related to the Claims and agree to seek recovery solely from the insurance coverage, if any, available under one or more insurance policies issued to the Debtors to satisfy the Claims (the "Available Coverage").

G. The Debtors are willing to consent to modification of the automatic stay of section 362(a) of the Bankruptcy Code to permit the Litigation to move forward, subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** upon the mutual promises, covenants, and agreements set forth herein, and for other good and variable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

<u>AGREEMENT</u>

1. The Debtors consent to the entry of an order modifying the automatic stay of Bankruptcy Code section 362(a) to permit the Plaintiffs to proceed with the Claims to final judgment or settlement provided that the Plaintiffs limit any recovery on the Claims (whether by settlement, judgment, or otherwise) to the proceeds of Available Coverage, if any; provided, however, that any final judgment or settlement shall be reduced by (x) the amount of any applicable deductible or self-insured retention under the applicable insurance policy and (y) any share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer); and provided further that the automatic stay shall not be modified for purposes of permitting the Complainant to attempt to recover from any party for intentional conduct or punitive damages.

2. The Plaintiffs will hold the Debtors harmless against any requirement by the Debtors' insurers for the payment by the Debtors or their estates of any deductible or self-insured retention liability in connection with the Claims. The Plaintiffs will have the option of funding any required deductible or self-insured retention or abandoning the pursuit of any or all applicable policies.

3.    The automatic stay is further modified to the limited extent necessary to permit the Debtors' insurers to pay defense costs related to, and any settlement of or judgment upon the Claims, in accordance with the terms of the applicable insurance policy, if any, but only to the extent that the automatic stay has been modified with respect to such Claims, and subject to all rights, remedies and defenses of any insurer, which are expressly reserved and preserved pursuant to this Stipulation.

4.    It is expressly understood by the Plaintiffs that (i) the automatic stay is hereby modified solely with respect to the specific Claims of the Plaintiffs identified herein; (ii) the Plaintiffs may seek satisfaction of the Claims only as set forth herein, and that in no event will the Debtors or their estates be liable to the Plaintiffs in any other way whatsoever with respect to the Claims; and (iii) nothing contained in this Stipulation shall operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claim or claims by anyone other than the Plaintiffs as provided for herein.

5.    In connection with this modification of the automatic stay, the Plaintiffs on behalf of themselves, their heirs, representatives and assigns, do hereby fully, finally and forever waive, release and/or discharge the Debtors, their estates, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys and agents from the Claims and from all related actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, that arise from the Claims, except with respect to proceeding with the Litigation to the extent of the Available Coverage.

6.     The agreement by the Debtors to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or to cooperate with the Plaintiffs in any way in the efforts of the Plaintiffs to prosecute the Claims or secure payment on the Claims under the Available Coverage.

7.     Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance carriers with respect to the Claims.

8.     Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy or related agreement; (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy or related agreement (including the right of any insurer to disclaim coverage); or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self insured retention or otherwise.  All such rights, remedies, defenses, defenses to coverage, claims and payment rights are expressly reserved and preserved.  Further, all rights of subrogation and contribution also are expressly reserved and preserved.

9.     The modification of the automatic stay as set forth herein shall have no effect as to parties that are not Parties to this Stipulation, and the automatic stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors and their estates.

10.     Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the automatic stay has been modified to allow prosecution of the Claims in accordance with the terms hereof.

11.     Nothing in this Stipulation shall be construed as an admission or acknowledgment by the Debtors of liability to the Plaintiffs or the availability of insurance proceeds from Available Coverage.

12.     The Proof of Claim is hereby deemed withdrawn.

13.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14.     This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, and each of their respective executors, heirs, successors and assigns.

15.     This Stipulation constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.

16.     Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

17.     This Stipulation shall not be modified, altered, amended or vacated without written consent of all parties hereto, subject to Court approval.

18.     The Court shall retain jurisdiction with respect to any disputes arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.


Dated: April ____, 2010

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017

Attorneys for Debtors
and Debtors in Possession


By: _____
        Debra I. Grassgreen
        Maria A. Bove


Dated: April 23, 2010

BLEICHMAN & KLEIN
268 West Route 59
Spring Valley, NJ 10977

Attorneys for Plaintiffs
James and Donna Fuzi


By: _____
        Joshua N. Bleichman


## ORDER

**SO ORDERED** this _____ day of _____, 2010.


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

17.     This Stipulation shall not be modified, altered, amended or vacated without written consent of all parties hereto, subject to Court approval.

18.     The Court shall retain jurisdiction with respect to any disputes arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.

Dated: April 23, 2010

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017

Attorneys for Debtors
and Debtors in Possession

By: _____
      Debra I. Grassgreen
      Maria A. Bove

Dated: April ____, 2010

BLEICHMAN & KLEIN
268 West Route 59
Spring Valley, NJ 10977

Attorneys for Plaintiffs
James and Donna Fuzi

By: _____
      Joshua N. Bleichman


**ORDER**

**SO ORDERED** this _____ day of _____, 2010.


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE