**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING DEBTORS' TO APPROVE
THE DETERMINATION, SETTLEMENT, AND ALLOWANCE
OF CERTAIN CLAIMS ARISING FROM THE REJECTION OF
AIRCRAFT RELATED LEASES AND RELATED PROCEDURES**

Upon the Motion, dated April 21, 2010 (the "Motion"),[2] Mesa Air Group, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 363(b) and 502 of the title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to implement procedures for the determination, settlement, and allowance of certain claims arising from the rejection of certain aircraft leases, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the Committee, and (iii) all persons

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to settle the Section 1110(b) Settled Rejection Damage Claims as described in the Motion in accordance with the following settlement procedures ("Settlement Procedures"):

  a) Upon rejection, the prepetition general unsecured claim against Mesa Airlines, Inc. or Mesa Air Group, Inc., as applicable (as set forth on Exhibit A), for rejection of the aircraft counterparties listed on Exhibit B hereto (each, an "Aircraft Counterparty" and collectively, the "Aircraft Counterparties") shall be the sum of the following (such methodology for calculating the rejection claims, the "Rejection Damage Claim Methodology"): (i) (A) the amount under the applicable aircraft related agreement as the "Stipulated Loss Value"[3] or the equivalent term as of the Petition Date, less (B) any postpetition payments made by the Debtors under the terms of the applicable Section 1110(b) Stipulation, plus (ii) any unpaid prepetition rent or installment payments, plus (iii) any swap breakage or hedging fees that are attributable to the affected aircraft that the Debtors are liable under any applicable agreements or otherwise, plus (iv) a fixed cost of $75,000 per aircraft (except for the following aircraft transactions, in which case the fixed amount is $60,000 per aircraft: N434YV,

---

[3] The Stipulated Loss Value is essentially a liquidated damage formula that is often calculated by multiplying the purchase price of the aircraft by percentage of the purchase price that decreases as the lease or security agreement approaches its term. Attached hereto as Exhibit A is a list of the Stipulated Loss Value as of the Petition Date for each of the aircraft. In the case of the transactions relating to the aircraft bearing FAA registration numbers N650ML and N651ML, the "Agreed Value" (as defined in the underlying operative documents) is the Stipulated Value for purposes of the claim formula for calculating the rejection damages claim.

N436YV, N437YV, N449YV, N444YV, N447YV, N448YV, N445YV, N446YV, N454YV, N455YV, N456YV, N17156, N27172, N27173, N37178, N77181, N27185) relating to technical inspection fees, legal fees, and other reimbursement and indemnification requirements under the applicable aircraft related agreement.

b) In accordance with the Aircraft Rejection/Abandonment Procedures Order, all proofs of claims for Section 1110(b) Settled Rejection Damage Claims arising from the rejection of an aircraft related lease must be filed with this Court on or before the latest of (i) May 21, 2010 [Docket No. 577], the deadline set by the Court by which prepetition general unsecured claims must be filed, (ii) sixty (60) days after the effective date of such rejection or abandonment, and (iii) sixty (60) days after the Court resolves any objection to such rejection or abandonment. In addition to filing such claims with this Court, the applicable Aircraft Counterparty shall send (via overnight courier, mail or electronic transmission) a courtesy copy of any such claim to (1) Debtors' counsel, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra I. Grassgreen, Esq., Fax. No.: (415) 263-7000, E-Mail: Dgrassgreen@pszjaw.com, and (2) counsel to the Creditors' Committee, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 Attn: Lorenzo Marinuzzi, Esq., Fax. No.: (212) 468-7900, E-Mail: LMarinuzzi@MoFo.com; *provided, however*, that the failure to provide such a courtesy copies shall not affect the validity of such claim, but only the timing of the Final Claims Procedures outlined below.

c) Promptly after any Section 1110(b) Settled Rejection Damage Claim is filed, the Debtors shall review such Section 1110(b) Settled Rejection Damage Claim to ascertain if the Debtors agree or disagree as to whether the asserted claim comports with the Rejection Damage Claim Methodology. If the Debtors disagree with any asserted Section 1110(b) Settled Rejection Damage Claim, the Debtors shall contact the applicable Aircraft Counterparty and shall work in good faith to resolve any issues so as to be able to agree upon the amount of such Section 1110(b) Settled Rejection Damage Claims calculated in accordance with the Rejection Damage Claim Methodology.

d) Within thirty-five (35) days after the filing a Section 1110(b) Settled Rejection Damage Claim, the Debtors shall both:

   i. Prepare in good faith a notice (each such notice, a "<u>Notice of Settlement</u>") setting forth (x) whether it agrees or disagrees that such Section 1110(b) Settled Rejection Damage Claims conforms to the Rejection Damage Claim

Methodology, (y) the aggregate amount of the Section 1110(b) Settled Rejection Damage Claim determined as of that date and an itemization of the components of such claim that comprise the Rejection Damage Claim Methodology (either as delineated by the applicable Aircraft Counterparty or, if the Debtors believe in good faith that such proof of claim does not conform to the Rejection Damage Claim Methodology, as calculated by the Debtors), and (z) the notice address of counsel for the applicable Aircraft Counterparty (which, unless otherwise stated in such applicable Aircraft Counterparty's proof of claim or subsequent filing with the Court, is Vedder Price P.C., 1633 Broadway, 47th Floor, New York, New York 10019, Attention: Michael J. Edelman, Esq.); and

  ii. File with the Court the applicable Notice of Settlement and serve such Notice of Settlement upon, as applicable, (v) counsel to the affected Aircraft Counterparty; (w) counsel to the Creditors' Committee; (x) the Office of the United States Trustee; (y) all parties entitled to receive notice in these cases; and (z) counsel for the Debtors.

If the Debtors do not file a Notice of Settlement within thirty-five (35) days after the Section 1110(b) Settled Rejection Damage Claim is filed with the Court, then counsel to the applicable Aircraft Counterparty may file such Notice of Settlement and it will be subject to the same notice and objection procedures set forth herein.

e) Notwithstanding any other provision herein, the sole basis to object to any Section 1110(b) Settled Rejection Damage Claim shall be that the amount of such claim is not calculated in accordance with the Rejection Damage Claim Methodology. Subject to such limitation, any party-in-interest that does not agree with the amount of any Section 1110(b) Settled Rejection Damage Claim as set forth in the Notice of Settlement will be required to (i) file with this Court an objection (an "Objection") on or before fourteen (14) days (the "Objection Deadline") after the filing the Notice of Settlement setting forth the basis of such Objection and (ii) serve prior to the Objection Deadline such Objection on (a) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen (service by electronic mail shall be accepted: dgrassgreen@pszjlaw.com) and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove, (b) counsel to the Creditors' Committee, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 Attn: Lorenzo

Marinuzzi, Esq., Fax. No.: (212) 468-7900, E-Mail: LMarinuzzi@MoFo.com, and (c) counsel to the applicable Aircraft Counterparty.

f) In the absence of any such Objection, the Section 1110(b) Settled Rejection Damage Claim will be allowed in the amount set forth in the Notice of Settlement and will be binding on all parties in interest in these chapter 11 cases.

g) Upon the filing of an Objection, the Debtors, the applicable Aircraft Counterparties and the objector(s) will make a good-faith effort to resolve the Objection(s) consensually. If, however, the Debtors, the applicable Aircraft Counterparties and the objector(s) are not able to resolve the Objection(s) on a consensual basis, the Notice of Settlement and the Objection(s) thereto will be heard by the Court at the next scheduled omnibus hearing with the sole issue to be determined by this Court being the appropriate amount of such Section 1110(b) Settled Rejection Damage Claim as determined in accordance with the Rejection Damage Claim Methodology.

h) The settlement of any other claims not authorized pursuant to the these Settlement Procedures will be authorized only upon separate order of this Court upon a motion of the Debtors served upon those parties entitled to receive notice in these chapter 11 cases.

i) Notwithstanding anything else provided herein, these Settlement Procedures only apply to the prepetition, general unsecured claims against, as applicable, Mesa Airlines, Inc. or Mesa Air Group, Inc., as lessee (as set forth on <u>Exhibit A</u>) on account of the damages of the Aircraft Counterparties under the aircraft related leases governed by the applicable Section 1110(b) Stipulations between the Debtors and the applicable Aircraft Counterparty and these Settlement Procedures and this Order shall not have any preclusive effect upon the claims of or against other parties; *provided*, *however*, that, subject to the non-preclusive effect of the foregoing, all parties' rights are reserved regarding the issue whether claims including, but not limited to, tax indemnity claims or general indemnity claims are included within or excluded as a result of the damages arising under the applicable lease and related documents for each aircraft, provided that such reservation of rights shall not affect in any way the allowance or the amount of the allowed prepetition, general unsecured claims held by the Aircraft Counterparties pursuant to the Rejection Damage Claim Methodology; *provided*, *further*, that nothing herein shall affect (a) any claim against any other person or entity other than Mesa Airlines, Inc. or Mesa Air Group, Inc., each in its capacity as lessee as set forth on Exhibit A, (b) any general unsecured claims not arising from the rejection of an

> aircraft related lease (c) any administrative expense claims, and (d) the Debtors' and the Committee's rights to challenge such claims on any grounds.
>
> j) Further, with respect to each Aircraft transaction, to the extent that any of the Aircraft Counterparties hold any security deposit or maintenance reserves or other cash deposits from any of the Debtors, such Aircraft Counterparties (either themselves or through their trustees) may apply such amounts without need for any further order of this Court, which amounts shall be applied on account of the prepetition claims owed by the Debtor to such Financing Parties under the related Transaction Documents (in effect, such offset amounts shall be treated as fully paid secured claims and correspondingly reduce the amount of the remaining allowed, prepetition general unsecured claim held by such creditor).

; and it is further

ORDERED that only with respect to the Section 1110(b) Settled Rejection Damage Claims relating to Item 6 on <u>Exhibit A</u>, the allowance of such claims shall be conditioned upon the Debtors serving a copy of this Order on the Aircraft Counterparties and all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 within three (3) calendar days after the entry of this Order and all such parties shall have seven (7) days after service of this Order to object or otherwise respond to the proposed settlement of these claims and file and serve such response with (i) the Court; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra Grassgreen (service by electronic mail shall be accepted: dgrassgreen@pszjlaw.com) and Joshua M. Fried, and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attention: Maria A. Bove; (iii) counsel to the Creditors' Committee, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 Attn: Lorenzo Marinuzzi, Esq., Fax. No.: (212) 468-7900, E-Mail: LMarinuzzi@MoFo.com; (iv) counsel to the applicable Aircraft Counterparty, Vedder Price P.C., 1633 Broadway, 47th Floor, New York, New York 10019, Attention: Michael J. Edelman,

Esq.; and it is further

ORDERED that if no timely responses are filed, the Section 1110(b) Settled Rejection Damage Claims relating to Item 6 on <u>Exhibit A</u> shall become allowed claims without any further action or order of the Court; and it is further

ORDERED that if a timely response is received with respect to the settlement of the Section 1110(b) Settled Rejection Damage Claims relating to Item 6 on <u>Exhibit A</u> and the Debtors, the applicable Aircraft Counterparty, and the objector(s) are not able to consensually resolve the dispute, the matter will be scheduled for the next omnibus hearing with the Court; and it is further

ORDERED that the settlement process of the Section 1110(b) Settled Rejection Damage Claims relating to Item 6 on <u>Exhibit A</u> shall not in any way affect the allowance of the remaining Section 1110(b) Settled Rejection Damage Claims set forth on <u>Exhibit A</u>; and it is further

ORDERED that the allowance of any Section 1110(b) Settled Rejection Damage Claim shall not affect the Debtors' rights of off-set, recoupment, or any other means by which allowed claims may be reduced under the Bankruptcy Code or under applicable non-bankruptcy law; and it is further

ORDERED that the allowance of any Section 1110(b) Settled Rejection Damage Claims shall not provide for any monetary payment to be made by the Debtors from property of their estates to or on behalf of the applicable Aircraft Counterparty except under a chapter 11 plan for one or more of the Debtors as approved by this Court; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is

further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that, notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: New York, New York
       May 13, 2010

                                       /s/Martin Glenn
                                       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## (Stipulated Loss Value)

**1.** Export Development Canada

N17156 - $9,662,204.60 – Mesa Airlines, Inc.
N27172 - $9,560,409.10 – Mesa Airlines, Inc.
N27173 - $9,560,409.10 – Mesa Airlines, Inc.
N37178 - $9,821,217.43 – Mesa Airlines, Inc.
N77181 - $9,779,154.11 – Mesa Airlines, Inc.
N27185 - $9,956,397.90 – Mesa Airlines, Inc.

**2.** HSH Nordbank AG and Landesbank Baden-Wurttemberg

N37342 - $12,582,290.31 – Mesa Airlines, Inc.
N17358 - $12,784,784.75 – Mesa Airlines, Inc.

**3.** Fortis Bank Nederland N.V. and NIBC Bank N.V.

N77260 - $12,044,535.80 – Mesa Airlines, Inc.
N7264V - $12,044,535.80 – Mesa Airlines, Inc.
N17275 - $12,110,094.05 – Mesa Airlines, Inc.
N97325 - $12,256,636.82 – Mesa Airlines, Inc.

**4.** HSH Nordbank AG and Bank of Scotland plc

N77286 - $11,781,717.67 – Mesa Airlines, Inc.
N7291Z -$11,781,717.67 – Mesa Airlines, Inc.

**5.** HSH Nordbank AG, Bank of Scotland plc, and Landesbank Baden-Wurttemberg

N77302 - $11,781,717.67 – Mesa Airlines, Inc.
N7305V - $11,781,717.67 – Mesa Airlines, Inc.
N27314 - $11,781,717.67 – Mesa Airlines, Inc.

**6.** Export Development Canada and CIT Capital USA Inc. [4]

N715SF – $6,500,000.00 – Mesa Airlines, Inc.
N154SF – $6,500,000.00 – Mesa Airlines, Inc.

---

[4] These are the total amounts that the parties agreed to utilize as the liquidated prepetition, general unsecured claims on account of these aircraft. No additional amounts will be added to, or subtracted from, these amounts for purposes of calculating the claim for these aircraft.

**7.** <u>Landesbank Baden-Wurttemberg</u>

N650ML - $11,636,000.00 – Mesa Airlines, Inc.
N651ML - $11,209,000.00 – Mesa Airlines, Inc.

**8.** <u>DVB Transport Finance Limited and Bremer Landesbank Kreditanstalt Oldenburg-Girozentrale</u>

N77278 - $11,761,687.36 – Mesa Airlines, Inc.
N27318 - $11,870,829.51 – Mesa Airlines, Inc.

**9.** <u>DVB Bank SE</u>

N87353 - $12,683,812.13 – Mesa Airlines, Inc.

**10.** <u>Export Development Canada</u>

N434YV - $4,504,923.74 – Mesa Air Group, Inc.
N436YV - $4,513,285.32 – Mesa Air Group, Inc.
N437YV - $4,505,558.00 – Mesa Air Group, Inc.
N449YV - $4,945,270.37 – Mesa Airlines, Inc.
N444YV - $4,531,228.81 – Mesa Air Group, Inc.
N447YV - $4,558,226.42 – Mesa Airlines, Inc.
N448YV - $4,566,206.73 – Mesa Airlines, Inc.
N445YV - $4,614,489.10 – Mesa Air Group, Inc.
N446YV - $4,638,958.12 – Mesa Airlines, Inc.
N454YV - $5,012,764.84 – Mesa Airlines, Inc.
N455YV - $4,780,316.39 – Mesa Airlines, Inc.
N456YV - $4,910,577.20 – Mesa Airlines, Inc.

# EXHIBIT B

## (Settling Counterparties)

1. Export Development Canada
2. HSH Nordbank AG and Landesbank Baden-Wurttemberg
3. Fortis Bank Nederland N.V. and NIBC Bank N.V.
4. HSH Nordbank AG and Bank of Scotland plc
5. HSH Nordbank AG, Bank of Scotland plc, and Landesbank Baden-Wurttemberg
6. Export Development Canada and CIT Capital USA Inc.
7. Landesbank Baden-Wurttemberg
8. DVB Transport Finance Limited and Bremer Landesbank Kreditanstalt Oldenburg-Girozentrale
9. DVB Bank SE
10. Export Development Canada