PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER (I) GRANTING ROY OLIVER RELIEF FROM THE AUTOMATIC STAY TO PURSUE HIS CLAIMS AGAINST THE DEBTORS AND RECOVER SOLELY FROM AVAILABLE INSURANCE PROCEEDS; (II) WAIVING ALL CLAIMS AGAINST THE DEBTORS AND THEIR ESTATES; AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

Stipulation and Order (the "Stipulation and Order") between Mesa Air Group, Inc. and its

affiliated debtors and debtors-in-possession, on the one hand, and Roy Oliver (as defined in the

Stipulation and Order), on the other, to the Honorable Martin Glenn, United States Bankruptcy

Judge, for signature on **June 11, 2010 at 12:00 p.m. (Prevailing Eastern Time).**

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Stipulation and Order must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and Joshua M. Fried), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors, (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Brian S. Gillman, Esq.), (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (v) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett Miller and Lorenzo Marinuzzi), counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; (vi) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Scott S. Markowitz, Esq. / Ira R. Abel, Esq.), counsel to Roy Oliver; and (vii) any person or entity with a particularized interest in the subject matter of the Motion, on or before **June 10, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

        **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **June 10, 2010 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation and Order may be signed.

        **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on

**July 7, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn,

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton

Customs House, Courtroom 501, One Bowling Green, New York, New York 10004.  **PLEASE**

**TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and

failure to appear may result in relief being granted or denied upon default.

Dated: May 28, 2010            PACHULSKI STANG ZIEHL & JONES LLP

           _/s/ Debra Grassgreen_
           Richard M Pachulski
           Laura Davis Jones
           Debra I. Grassgreen
           Joshua M. Fried
           Maria A. Bove
           780 Third Avenue, 36th Floor
           New York, New York 10017
           Telephone: (212) 561-7700
           Facsimile: (212) 561-7777

           Proposed Attorneys for Debtors
           and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[2] | (Jointly Administered) |

**STIPULATION, AGREEMENT, AND ORDER**
**(I) GRANTING ROY OLIVER RELIEF FROM THE AUTOMATIC STAY TO**
**PURSUE HIS CLAIMS AGAINST THE DEBTORS AND RECOVER SOLELY FROM**
**AVAILABLE INSURANCE PROCEEDS; (II) WAIVING ALL CLAIMS AGAINST**
**THE DEBTORS AND THEIR ESTATES; AND (III) GRANTING RELATED RELIEF**

On this 28th day of May, 2010, this *Stipulation, Agreement, and Order (I) Granting Roy Oliver Relief From the Automatic Stay to Pursue His Causes of Action Against the Debtors and Recover Solely From Available Insurance Proceeds; and (II) Waiving All Claims Against the Debtors and Their Estates* (the "Stipulation") is entered into by and between Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and Roy Oliver as petitioner (the "Petitioner," together with the Debtors, the "Parties"). The Parties respectfully state as follows:

**RECITALS**

A. On January 5, 2010 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the

---

[2] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

United States Code, 11 U.S.C. § 101 *et seq.* (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

B.　　The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C.　　Prior to the Petition Date, the Petitioner commenced an action styled *Roy Oliver v. Kansas Air Center, Inc., City of Manhattan, Kansas, Mesa Air Group, Inc., Air Midwest Inc., Mesa Airlines, Inc., Michael Logan, and Chris Hundven*, Case No. 09 CV 130, in the District Court of Riley County, Kansas, Division 3 (the "<u>Litigation</u>") asserting claims (the "<u>Claims</u>") against the Debtors, among other defendants, with respect to certain alleged actions or inactions that occurred prior to the Petition Date.

D.　　The Litigation was stayed against the Debtors by reason of the automatic stay imposed by Bankruptcy Code section 362(a).

E.　　On or about May 18, 2010, Petitioner filed a proof of claim against Mesa Air Group, Inc., *et al.*, in the amount of $1,016,755.62 (the "Proof of Claim").

F.　　Pursuant to this Stipulation, Petitioner is willing to withdraw the Proof of Claim and waive any and all Claims against the Debtors and agrees to seek recovery solely from the insurance coverage, if any, available under one or more insurance policies issued to the Debtors to satisfy the Claims (the "<u>Available Coverage</u>").

G.　　The Debtors are willing to consent to modification of the automatic stay of section 362(a) of the Bankruptcy Code to permit the Litigation to move forward, subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** upon the mutual promises, covenants, and agreements set forth herein, and for other good and variable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound hereby, agree as follows:

## AGREEMENT

1.      The Debtors consent to the entry of an order modifying the automatic stay under Bankruptcy Code section 362(a) to permit the Petitioner to proceed with the Claims to final judgment or settlement provided that the Petitioner limits any recovery on the Claims (whether by settlement, judgment, or otherwise) to the proceeds of Available Coverage, if any; *provided*, *however*, that any final judgment or settlement shall be reduced only by any share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer).

2.      The automatic stay is further modified to the limited extent necessary to permit the Debtors' insurers to pay defense costs related to, and any settlement of or judgment upon the Claims, in accordance with the terms of the applicable insurance policy, if any, but only to the extent that the automatic stay has been modified with respect to such Claims, and subject to all respective rights, remedies, defenses, cross claims, counter claims or any other requests for relief of (a) any insurer or (b) the Petitioner, any and all of which are expressly reserved and preserved pursuant to this Stipulation.

3.      It is expressly understood by the Petitioner that: (a) the automatic stay is hereby modified solely with respect to the Claims; (b) the Petitioner may seek satisfaction of the Claims only as set forth herein; (c) in no event will the Debtors or their estates be liable to the Petitioner with respect to the Claims; and (d) nothing contained in this Stipulation shall operate as a waiver

or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claim or claims by anyone other than the Petitioner except as set forth herein.

4.     In connection with this modification of the automatic stay, the Petitioner on behalf of himself, his heirs, representatives and assigns, hereby fully, finally and forever waives, releases and/or discharges the Debtors, their estates, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys and agents from the Claims and from all related actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, that arise from the Claims, except to the extent of the Available Coverage and hereby withdraws the Proof of Claim with prejudice.

5.     The agreement by the Debtors to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or to cooperate with the Petitioner in any way in the efforts of the Petitioner to prosecute the Claims or secure payment on the Claims under the Available Coverage.

6.     Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance carriers with respect to the Claims.

7.     Nothing in this Stipulation shall be deemed or construed to change, impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy or related agreement; (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy or related agreement (including the right of any insurer to disclaim coverage or of the Petitioner to contest or oppose such disclaimer); or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from

or related to any premium, deductible, reimbursement or otherwise. All such rights, remedies, defenses, defenses to coverage, claims and payment rights, and Petitioner's rights to contest such rights, remedies, defenses, defenses to coverage, claims and payment rights, are expressly reserved and preserved. Further, all rights of subrogation and contribution also are expressly reserved and preserved.

8.     The modification of the automatic stay as set forth herein shall have no effect as to entities that are not Parties to this Stipulation, and the automatic stay shall remain in full force and effect with respect to such entities and their claims or causes of action, if any, against the Debtors and their estates.

9.     Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the automatic stay has been modified to allow prosecution of the Claims in accordance with the terms hereof.

10.     Nothing in this Stipulation shall be construed as an admission or acknowledgement by the Debtors of liability to the Petitioner or the availability of insurance proceeds from Available Coverage.

11.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.     This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, and each of their respective executors, heirs, successors and assigns.

13.     This Stipulation constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.

14.     Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

15.     This Stipulation shall not be modified, altered, amended or vacated without written consent of all parties hereto, subject to Court approval.

16.     The Court shall retain jurisdiction with respect to any disputes arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.

Dated:  May 28, 2010                              Dated:  May 28, 2010

**PACHULSKI STANG ZIEHL & JONES LLP**            **TARTER KRINSKY & DROGIN LLP**
*Attorneys for Debtors*                          *Attorneys for Petitioner*
*and Debtors in Possession*                      *Roy Oliver*


By:  ___/s/ John Lucas_____           By:  ___/s/ Ira R. Abel_____
    Debra I. Grassgreen                          Scott S. Markowitz
    John W. Lucas                               Ira R. Abel
    780 Third Avenue, 36th Floor                1350 Broadway, 11th Floor
    New York, New York 10017                    New York, New York 10018
    (212) 561-7700                              (212) 216-8000


SO ORDERED
this _____ day of June, 2010


_____
UNITED STATES BANKRUPTCY JUDGE