PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>  MESA AIR GROUP, INC., *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD**
**FROM JANUARY 5, 2010 THROUGH APRIL 30, 2010**

Name of Applicant:                    Pachulski Stang Ziehl & Jones LLP

Role in Case:                         Counsel to Debtors

Date of Retention:                    January 5, 2010

Period for which Compensation and
Reimbursement is Sought:              January 5, 2010 through April 30, 2010

Amount of Compensation Sought
as Actual, Reasonable and Necessary:  $ 1,768,931.75

Amount of Expense Reimbursement Sought
as Actual, Reasonable and Necessary:  $   111,993.88

Total Amount Sought:                  $ 1,880,925.63

This is a/n: __X__ Interim _____ Final Application.

Prior Applications:                                      n/a

Aggregate Amounts Paid to Date:            $ 1,527,882.08

### SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM JANUARY 5, 2010 THROUGH APRIL 30, 2010[1]

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | $925.00 | 128.5 | $ 118,862.50 |
| Richard M. Pachulski, Partner | 1979 | 462.50 | 16.8 | 7,770.00 |
| Laura Davis Jones, Partner | 1986 | 855.00 | 23.8 | 20,349.00 |
| Robert J. Feinstein, Partner | 1982 | 855.00 | 17.5 | 14,962.50 |
| Debra I. Grassgreen, Partner | 1992 | 775.00 | 455.0 | 350,300.00 |
| Debra I. Grassgreen, Partner | 1992 | 387.50 | 31.1 | 12,051.25 |
| Richard J. Gruber, Partner | 1982 | 750.00 | 3.2 | 2,400.00 |
| John A. Morris, Partner | 1991 | 750.00 | 162.6 | 121,950.00 |
| John A. Morris, Partner | 1991 | 375.00 | 2.3 | 862.50 |
| Maxim B. Litvak, Partner | 1997 | 650.00 | 8.9 | 5,785.00 |
| James E. O'Neill, Partner | 1985 | 625.00 | 2.3 | 1,437.50 |
| Victoria A. Newmark, Of Counsel | 1996 | 625.00 | 164.5 | 102,812.50 |
| Victoria A. Newmark, Of Counsel | 1996 | 312.5 | 4.7 | 1,468.75 |
| Joshua M. Fried, Partner | 1995 | 625.00 | 279.2 | 174,500.00 |
| Joshua M. Fried, Partner | 1995 | 312.50 | 8.4 | 2,625.00 |
| Scotta E. McFarland, Of Counsel | 1980 | 575.00 | 41.7 | 23,977.50 |
| Jonathan J. Kim, Of Counsel | 1995 | 575.00 | 388.2 | 223,215.00 |
| Maria A Bove, Of Counsel | 2001 | 550.00 | 352.0 | 193,160.00 |
| John W. Lucas, Associate | 2005 | 450.00 | 410.2 | 184,590.00 |
| David A. Abadir, Associate | 2008 | 425.00 | 153.8 | 65,365.00 |
| Leslie A. Forrester, Paralegal | N/A | 260.00 | 11.5 | 2,990.00 |
| Denise A. Harris, Paralegal | N/A | 235.00 | 62.9 | 14,781.50 |
| Patricia J. Jeffries, Paralegal | N/A | 235.00 | 188.5 | 44,297.50 |
| Patricia J. Jeffries, Paralegal | N/A | 117.50 | 10.5 | 1,233.75 |
| Monica Molitor, Paralegal | N/A | 235.00 | 100.4 | 23,594.00 |
| Thomas J. Brown, Paralegal | N/A | 205.00 | 152.0 | 31,160.00 |
| Kati L. Suk, Paralegal | N/A | 185.00 | 23.0 | 4,255.00 |
| Andrew Sahn, Paralegal | N/A | 160.00 | 89.6 | 14,336.00 |
| Beatrice M. Koveleski, Paralegal | N/A | 150.00 | 8.8 | 1,320.00 |
| Rita M. Olivere, Paralegal | N/A | 150.00 | 16.8 | 2,520.00 |
| **TIME CHARGES TOTAL:** | | | **3,318.70** | **$1,768,931.75** |

Total Hours:                                              3,318.70

Blended Hourly Rate:                         $    533.01
(Attorneys and Paralegals)

Blended Hourly Rate:                         $    613.41
(Attorneys)

---

[1] As described in the Interim Application, the totals set forth in this summary reflect voluntary reductions taken by the Firm during the Interim Period and pursuant to this Interim Application.

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Joshua M. Fried
Maria A. Bove

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD**
**FROM JANUARY 5, 2010 THROUGH APRIL 30, 2010**

TO:     THE HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel for Mesa Air Group, Inc.

and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), submits this first interim application (the "Interim Application")

seeking allowance of: (a) compensation for professional services rendered by PSZJ to the

Debtors in the amount of $1,768,931.75; and (b) reimbursement of actual and necessary charges

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

and disbursements incurred by PSZJ in the rendition of required professional services on behalf of the Debtors in the amount of $111,993.88, in each case for the period from January 5, 2010 through April 30, 2010 (the "Interim Period") pursuant to section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines"), and the Order to Establish Procedures For Interim Compensation and Reimbursement of Expenses of Professionals, entered in these cases on January 26, 2010 (the "Interim Compensation Order" and, collectively with the UST Guidelines and the Local Guidelines, the "Guidelines"). In support of this Interim Application, PSZJ respectfully represents as follows:

## **Background**

1.     On January 5, 2010 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     The Debtors' chapter 11 cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      On January 14, 2010, the Office of the U.S. Trustee (the "U.S. Trustee")

appointed an Official Committee of Unsecured Creditors in these cases (the "Committee").

No trustee or examiner has been appointed in these cases.

## Jurisdiction and Venue

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Retention of PSZJ

5.      On January 8, 2010, the Debtors filed their Application Pursuant to

Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules

for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to

Mesa Air Group, Inc. and its affiliates, effective *nunc pro tunc* to the Petition Date.

6.      On February 3, 2010, the Court entered the Order Pursuant to Sections

327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of

Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors, *nunc pro tunc* to the Petition

Date (the "Retention Order").

7.      Pursuant to the Retention Order, PSZJ has been retained with respect to

the following matters (collectively, the "Representative Matters"): (i) to take necessary or

appropriate actions to protect and preserve the Debtors' estates, including the prosecution of

actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the

negotiation of disputes in which the Debtors are involved, and the preparation of objections to

claims filed against the Debtors' estates; (ii) to prepare on behalf of the Debtors, as debtors in

possession, necessary or appropriate motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates; (iii) to provide advice, representation, and preparation of necessary documentation and pleadings in connection with the administration of the Debtors' estates; (iv) to counsel the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operations of their businesses and properties; and (v) to take necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statements and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates.

### **Relief Requested**

8.      Prefixed to this Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and paraprofessionals who have performed services for which compensation is sought, the person's position in the firm, and the year each attorney was first admitted to practice law.  In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the total hours billed during the Interim Period, and (c) the total compensation for such hours.

9.      By this Application, PSZJ seeks allowance of interim compensation for 3,318.7 hours of professional services rendered to the Debtors during the Interim Period in the aggregate amount of $1,768,931.75, and for reimbursement of actual, necessary expenses incurred during the Interim Period in connection with such services in the aggregate amount of $111,993.88.  The amounts sought by the Firm reflect voluntary reductions taken on a

monthly basis during the Interim Period in the total amount of $34,163.00 (consisting of

$29,816.25 in fees and $4,346.75 in expenses) and additional voluntary reductions taken

pursuant to this Interim Application as described in paragraph 11 below.

10.     Prior to the filing of this Interim Application, and in compliance with

the Interim Compensation Order, PSZJ sent the Debtors, counsel for the Committee, and the

U.S. Trustee monthly fee statements for professional services rendered and expenses incurred

during the Interim Period.  No party objected to any of PSZJ's monthly statements for the

Interim Period.

11.     In accordance with the Interim Compensation Order, PSZJ has received

payments totaling $1,527,882.08 ($1,415,887.80 of which was for services rendered and

$111,994.28 of which was for reimbursement of expenses) for the Interim Period.  Pursuant to

this Interim Application, the Firm is taking an additional voluntary reduction in the amount of

$928.00 for fees in connection with *de minimis* services provided to the estates and $0.40 for

expenses in connection with incoming facsimiles.[2]  Accordingly, by this Interim Application,

PSZJ seeks payment of the remaining $353,043.55, which amount represents the 20%

holdback of PSZJ's requested fees during the Interim Period in the amount of $353,971.95,

less the foregoing voluntary reductions for fees and expenses in the total amount of $928.40.

12.     Annexed hereto as Exhibit A is a summary of all services rendered by

PSZJ during the Interim Period by project category.  Annexed hereto as Exhibit B is a

summary of time charges and hourly rates by professional.  Annexed hereto as Exhibit C is a

summary of the types of expenses for which reimbursement is sought.  Annexed hereto as

---

[2] These voluntary reductions are marked "reduction" in the invoices annexed hereto as Exhibit D.

Exhibit D is a listing of the detailed time entries of PSZJ professionals and paraprofessionals, by project category, with respect to the compensation requested as well as a detailed itemization of expenses for which reimbursement is sought. Annexed hereto as Exhibit E is the certification of Debra I. Grassgreen with respect to the Interim Application.

13. As of May 31, 2010, the Debtors had approximately $60.8 million of unencumbered cash on hand or on deposit and approximately $3.4 million of accrued unpaid ordinary course administrative expenses. The Debtors presently are formulating the terms of a plan of reorganization and engaging in negotiations with the Committee with respect thereto. The Debtors anticipate filing a plan of reorganization and accompanying disclosure statement in July 2010. The Debtors are current with respect to the filing of monthly operating reports and payment of United States Trustee quarterly fees.

14. As described in further detail herein, PSZJ's efforts to advise and represent the Debtors during the Interim Period have provided substantial benefit to the Debtors' chapter 11 estates. Among other things, (1) the Debtors' operational transition into chapter 11 has been unusually smooth, (2) PSZJ has assisted the Debtors in resolving multiple matters consensually and avoiding greater expense to the estates and (3) PSZJ has assisted the Debtors in the process of rationalizing their fleet and achieving critical liquidity through the rejection of aircraft leases and the return of unnecessary aircraft. Finally, PSZJ and the Debtors have established a harmonious relationship with the Committee and have reached agreement with the Committee on virtually every matter raised or litigated during the Interim Period. In consideration of the complexity and scale of these cases, PSZJ's fees for professional services and expenses are reasonable under applicable standards. For all these

reasons, PSZJ requests that the Court grant this Interim Application and allow the compensation for professional services and the reimbursement of expenses described herein.

**Summary of Services Rendered**

15.     The names of the partners and associates of PSZJ who have rendered professional services in this case during the Interim Period, and the paralegals who provided services to these attorneys during the Interim Period, are set forth in the attached <u>Exhibit B</u>.

**Summary of Services by Categories**

16.     The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached <u>Exhibit D</u>. <u>Exhibit D</u> identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     <u>Asset Disposition</u>**

17.     Time billed in this category relates to services performed by PSZJ with respect to issues regarding sales of the Debtors' property, including the preparation of a motion to approve the sale of *de minimis* assets, preparation of documentation regarding the sales of such property, and negotiations in connection therewith.

Fees:   $20,913.50                Total hours:   38.7

**B.**     **Bankruptcy Litigation**

        18.     Time billed in this category relates to the services performed by PSZJ in connection with various litigation issues arising since the filing of the Petition Date, including services performed in connection with: (a) the prosecution of and negotiations in connection with the various "first day" motions filed by the Debtors; (b) preparation of motions regarding approval of (i) reclamation procedures, (ii) postpetition letter of credit facility, (iii) settlement procedures, (iv) extension of time for the Debtors to file their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements"), (v) deadline for filing proofs of claim against the Debtors and related procedures, and (vi) extension of time for the Debtors to remove prepetition and postpetition actions; (c) review and analysis of settlements of prepetition actions; and (d) preparation for omnibus hearings.

    Fees:   $112,753.50             Total hours:   253.8

**C.**     **Business Operations**

        19.     Time billed in this category relates to advising the Debtors and correspondence with counsel and creditors on matters related to the Debtors' day-to-day operations involving utilities, cash management, letters of credit and surety bonds, bank depository agreements, and vendor issues.

    Fees:   $6,750.00             Total hours:   12.6

**D.**     **Case Administration**

        20.     Time billed in this category relates to case administrative matters, including the review of pleadings, filing of pleadings, participation in conferences regarding

the status of pending matters, review and distribution of daily filings in these cases, and the preparation of agendas and documents for omnibus hearings in these cases.

Fees:   $120,621.50                 Total hours:   346.6

**E.      Claims Administration/Objections**

21.     Time billed in this category relates to services provided in connection with:  (a) the preparation of a motion to establish reclamation procedures and the review and settlement of reclamation demands; (b) preparation of stipulations resolving aircraft and non-aircraft related claims; (c) research with respect to and preparation of motion to establish deadlines for filing proofs of claim against the Debtors and related procedures; (d) negotiations regarding and preparation of critical vendor agreements and correspondence regarding critical vendor issues; and (e) review and analysis of claims and equity trading issues and preparation of notices in connection therewith.

Fees:   $41,213.00                  Total hours:   83.7

**F.      Codeshare**

22.     Time billed in this category relates to services provided in connection with the Debtors' prepetition code-share agreements (the "<u>Code-Share Agreements</u>") with Delta Air Lines, Inc. ("<u>Delta</u>"), U.S. Airways, Inc., and United Airlines, Inc. (collectively, the "<u>Code-Share Partners</u>"), including: (a) the review and analysis of the Debtors' Code-Share Agreements and related documents; (b) participation in negotiations with the Code-Share Partners; (c) the preparation of motions with respect to the Code-Share Agreements; (d) the preparation of motions, agreements and stipulations with respect to the various prepetition litigation matters involving the Debtors and Delta, including motions to transfer venue of

certain actions to this Court; (e) preparation of case management/scheduling stipulation and motion and stipulation to sever certain Delta matters previously scheduled to proceed in this Court; and (e) assistance with discovery and preparation for trial of Delta matters previously scheduled to proceed in this Court.

    Fees: $280,149.50          Total hours: 406.5

## G.     **Committee Formation**

    23.     Time billed in this category relates to: (a) correspondence with the U.S. Trustee and various constituencies regarding the formation of the Committee; (b) preparation for and attendance of the meeting regarding the formation of the Committee; (c) preparation for and meeting with members of the Committee; and (d) preparation for and attendance at meeting of creditors pursuant to section 341 of the Bankruptcy Code.

    Fees: $8,672.5          Total hours: 16.8

## H.     **Compensation of Professionals/Others**

    Time billed in this category relates to the review of professionals' compensation requests and attendance to issues in compliance with the Interim Compensation Order.

    Fees: $2,189.50          Total hours: 5.9

## I.     **Compensation of Professionals**

    24.     Time billed in this category relates to review and preparation of monthly billing statements and addressing matters related to fee application procedures pursuant to the Interim Compensation Order.

    Fees: $7,188.00          Total hours: 13.2

**J.**     **Customer Issues**

        25.    Time billed in this category relates to analyzing credit card agreements and addressing fuel supplier issues.

    Fees:  $630.00             Total hours:   1.4

**K.**     **Employee Benefit/Pension**

        26.    Time billed in this category relates to the preparation of motions and proposed orders regarding employee wages and benefits, addressing matters related to employee benefits and bonus programs, insurance payments and compensation issues, and correspondence with the U.S. Trustee and the Committee with respect to the foregoing matters.

    Fees:  $14,023.00        Total hours:   19.7

**L.**     **Executory Contracts**

        Time billed in this category relates to analysis of and research regarding the Debtors' executory contracts and unexpired leases, including default and cure issues, the preparation of a motion to extend the Debtors' time to assume or reject leases pursuant to section 365(d)(4) of the Bankruptcy Code, and motions to assume and reject executory contracts and unexpired leases.

    Fees:  $23,833.50        Total hours:   53.0

**M.**     **Financial Filings**

        27.    Time billed in this category relates to: (a) preparation of a motion for further extension of time to file the Debtors' Schedules and Statements; (b) extensive review, communication, and preparation in connection with the drafting and filing of the Debtors'

Schedules and Statements; (c) review and preparation of the Debtors' monthly operating reports and first report pursuant to Bankruptcy Rule 2015.3; (d) review of issues regarding obtaining a waiver under section 345 of the Bankruptcy Code with respect to the Debtors' bank accounts; and (e) preparation of information for submittal to the U.S. Trustee pursuant to the U.S. Trustee's chapter 11 guidelines.

Fees:   $53,556.50          Total hours:   100.7

**N.     Financing**

28.     Time billed in this category relates to:  (a) the review and analysis of issues with respect to the Debtors' cash management system; and (b) preparation of a motion and related documents and negotiations in connection with the approval of postpetition letter of credit facility with Compass Bank.

Fees:   $31,074.00          Total hours:   50.6

**O.     First Day**

29.     Time billed in this category relates to services provided in connection with the various motions filed by the Debtors on the Petition Date and shortly thereafter, including correspondence with the U.S. Trustee, the Committee, and various other parties, the preparation for and attendance at hearings on such motions, and the preparation of notices and orders relating to such motions.

Fees:   $79,665.00          Total hours:   183.9

**P.     Fleet Issues**

30.     Time billed in this category relates to services performed in connection with the rationalization and restructuring of the Debtors' fleet of aircraft and related aircraft

equipment. In relation to these issues, PSZJ worked on matters including: (a) evaluating aircraft leases and advising the Debtors regarding considerations under section 1110 of the Bankruptcy Code, including elections, rejections and return of aircraft thereunder; (b) preparation of motions to establish procedures under section 1110 of the Bankruptcy Code and negotiations with various aircraft counterparties with respect to modifications of such procedures; (c) negotiating and drafting stipulations with various aircraft lease counterparties under section 1110(b) of the Bankruptcy Code; (d) negotiating and documenting rejections and return conditions with respect to aircraft; and (e) meetings and correspondence with various constituencies relating to the foregoing matters.

Fees:  $666,983.00          Total hours:  1,185.7

**Q.     General Business Advice and Operations**

31.     Time billed in the "General Business Advice" and "Operations" categories relates to: (a) addressing matters regarding general business matters, tasks, and issues arising as a result of the Debtors' chapter 11 filing; (b) analysis of and attendance to vendor issues; (c) preparation of motion to approve postpetition letter of credit facility; (d) attention to issues regarding utilities and utility deposits; (e) attention to cash management issues; and (f) preparation for and participation in a meeting of the Debtors' board of directors.

Fees:  $24,347.50          Total hours:  36.4

**R.     General Creditors Committee**

32.     Time billed in this category relates to: (a) preparation for and participation in the Committee formation meeting and subsequent meetings with the Committee regarding the Debtors' chapter 11 cases and the status of pending matters; and

(b) drafting and negotiating the terms of a confidentiality agreement and joint defense agreement with the Committee.

Fees:   $51,280.00          Total hours:   62.8

**S.      Hearing**

       Time billed in this category relates to preparation for hearings and attendance at hearings during the Interim Period.

Fees:   $16,313.00          Total hours:   40.6

**T.      Litigation (non-bankruptcy)**

       33.      Time billed in this category relates to non-bankruptcy litigation matters, including:  (a) the review and analysis of prepetition actions by or against the Debtors; (b) research for and preparation of stipulations to settle certain prepetition litigation; and (c) the preparation of notices of the pendency of these cases for filing in prepetition actions.

Fees:   $2,530.50          Total hours:   4.8

**U.      Meeting of Creditors**

       34.      Time billed in this category relates to the preparation of a confidentiality agreement among the Debtors and Committee members, preparation for and attendance at the meeting of creditors under section 341 of the Bankruptcy Code, preparation of meeting agenda, participation in weekly update conference calls with counsel for the Committee, review of and responses to the Committee's inquiries, and attendance at meetings with Committee members and professionals.

Fees:   $16,525.50          Total hours:   28.6

**V.    Non-working travel and Travel**

35.    Time billed in the categories "Non-working Travel" and "Travel" relates to travel for the purpose of appearing at court hearings and attending meetings. Time billed in this category is billed at 50% of the professionals' rate.

Fees:   $26,451.25                Total hours:   75.4

**W.    Plan and Disclosure Statement**

36.    Time billed in this category relates to:  (a) the review and analysis of issues relating to, and the preparation of, a plan of reorganization term sheet; (b) research for and preparation of motion to extend the Debtors' exclusivity periods pursuant to section 1121 of the Bankruptcy Code; (c) research regarding and preparation of the Debtors' plan of reorganization; and (d) communications with various parties regarding the foregoing matters.

Fees:   $37,789.00                Total hours:   59.8

**X.    PSZJ Compensation**

37.    Time billed in this category relates to the preparation of monthly fee statements as required by the Guidelines and attendance to related issues.

Fees:   $3,722.50                 Total hours:   5.8

**Y.    PSZJ Retention**

38.    Included in this category are services relating to the retention of PSZJ as counsel for the Debtors in these cases, including:  (a) conducting necessary conflict reviews; (b) drafting, revising and reviewing documents related to such retention; and (c) correspondence with the U.S. Trustee regarding such retention.

Fees:   $34,745.00                Total hours:   61.7

**Z.**     **Retention of Professionals/Other and Retention of Professionals**

39.     Time billed in the "Retention of Professionals/Other" and "Retention of

Professionals" categories relates to: (a) reviewing and revising the Debtors' applications for

the retention of other professionals in these cases, including Deloitte & Touche Tax LLP,

Imperial Capital, LLC, and Jones Day LLP; (b) addressing inquiries made by the U.S. Trustee

related to the Debtors' applications to retain various professionals in these cases; (c) reviewing

and checking for conflicts; (d) drafting, reviewing and revising retention applications and

proposed orders; (e) drafting motion to retain ordinary course professionals and related

documents; and (f) correspondence with various constituencies regarding the foregoing

matters.

Fees:   $61,673.00                Total hours:   122.6

**AA.**     **Stay Litigation and Stay Relief**

40.     Time billed in the "Stay Litigation" and "Stay Relief" categories relates

to: (a) research in connection with and drafting of stipulations for automatic stay relief by and

among the Debtors and multiple plaintiffs in prepetition actions; (b) review of motions for

relief from the automatic stay; and (c) research relating to automatic stay relief issues with

respect to prepetition actions against the Debtors.

Fees:   $16,103.50                Total hours:   32.9

**BB.**   **Tax Issues**

41.    Time billed in this category relates to the review and analysis of issues regarding notices of substantial equity holders and proposed sales of stock, correspondence with tax authorities, and review of issues and correspondence related to passenger facility charges.

Fees:   $7,235.00               Total hours:   14.5

### Expenses Incurred by PSZJ

42.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code.  The total amount of the requested expenses incurred by PSZJ during the Interim Period is $111,993.88, as detailed in the attached <u>Exhibit D</u>.  As set forth above, PSZJ seeks reimbursement for expenses incurred in rendering services to the Debtors during the Interim Period in the amount of $111,993.88.

43.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to expenses for which reimbursement is sought herein:

(a)    No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that PSZJ purchased or contracted from a third party (such as outside copy services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b)    Photocopying by PSZJ was charged at 10 cents per page. To the extent practicable, PSZJ utilized less expensive outside copying services.

(c)     Telecopying by PSZJ was charged to its clients at the cost of the long distance call required to send the facsimile. The firm did not impose any charge to its clients for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.

(d)     Meals charged to the Debtors for PSZJ personnel were associated with out of town travel, meetings with the Debtors or other parties in these chapter 11 cases, or dinner for PSZJ professionals working past 8:00 p.m.

(e)     The time pressures associated with the services rendered by PSZJ frequently required PSZJ's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. PSZJ has charged the Debtors for secretarial and other staff overtime expense that is directly associated with such after-hours work and is absolutely necessary. PSZJ does not consider these to be part of its ongoing overhead expenses because they are special incremental expenses arising from the specific services being provided to the Debtors.

**The Requested Compensation Should Be Allowed**

44.     Section 330 of the Bankruptcy Code provides that the Court may award

a professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

11 U.S.C. § 330 (a)(1)(A)-(B).

45.     In determining the amount of reasonable compensation to be awarded,

the court shall consider the nature, the extent, and the value of such services, taking into

account all relevant factors, including—

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

46.     PSZJ respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

**Statements of PSZJ Pursuant to Bankruptcy Rule 2016(a)**

47.     PSZJ has submitted monthly statements during the Interim Period and has received a total of $1,527,882.08 from the Debtors relating to fees and expenses on account of services provided by PSZJ for the benefit of the Debtors during the Interim Period.

48.     No agreement or understanding exists between PSZJ and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of PSZJ. All of the services for which compensation is sought in this Interim Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

## Notice

49.     Notice of this Interim Application and its exhibits will be given to (a) the Debtors; (b) the U.S. Trustee; (c) counsel to the Committee; and (d) other parties entitled to receive notice pursuant to the Interim Compensation Order and case management order entered on January 26, 2010. PSZJ respectfully submits that no other or further notice is required.

WHEREFORE, PSZJ respectfully requests that the Court enter an order: (a) allowing interim compensation of $1,768,931.75 to PSZJ for professional services rendered as counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $111,993.88 in connection with PSZJ's services during the Interim Period; (b) authorizing the Debtors to pay to PSZJ any and all unpaid amounts held back for the Interim Period in the amount of $353,043.55; and (c) granting to PSZJ such other and further relief as the Court may deem proper.

Dated:    June 30, 2010          PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Debra I. Grassgreen*
        Richard M. Pachulski
        Laura Davis Jones
        Debra I. Grassgreen
        Joshua M. Fried
        Maria A. Bove
        780 Third Avenue, 36th Floor
        New York, NY 10017
        Telephone: 212.561.7700
        Facsimile: 212.561.777

        Attorneys for Debtors
        and Debtors in Possession