**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 3007 AND 9019(B) FOR APPROVAL OF
(I) CLAIM OBJECTION PROCEDURES AND (II) SETTLEMENT PROCEDURES**

Upon the motion, dated June 22, 2010 (the "Motion"),[2] of Mesa Air Group, Inc. and its and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b), for approval of (i) Claim Objections Procedures and (ii) Settlement Procedures, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11*, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Court's Order establishing notice procedures and a master service list, entered January 15, 2010 [Docket No. 103] (the "Case Management Order") to (i) the United States Trustee for

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; and (iii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "Additional Permitted Grounds"):

(1) the amount claimed contradicts the Debtors' books and records;

(2) the Claims were incorrectly classified;

(3) the Claims seek recovery of amounts for which the Debtors are not liable;

(4) the Claims do not include sufficient documentation to ascertain the validity of the Claim; and

(5) the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "Permitted Grounds"); and it is further

ORDERED that the Debtors, and other parties in interest, are authorized to file Omnibus Claims Objections to no more than 200 Claims at a time on the Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors shall file all omnibus and individual objections with this Court to be made publicly available on the docket through PACER and for free on the website of the Debtors' approved notice and claim agent. Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and counsel to the Creditors' Committee; (b) the claimant whose claims is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) all parties in interest having requested service in these chapter 11 cases; and it is further

ORDERED that responses to the Debtors' individual and omnibus claim objections shall be due twenty-one (21) calendar days after service of the objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the first previous business day; and it is further

ORDERED that the Debtors, in using their reasonable business judgment, are authorized to settle Claims in accordance with the following Settlement Procedures:

    (a)    The Debtors are authorized to settle any and all general unsecured Claims asserted against the Debtors (other than Claims which may be settled pursuant to the other procedures approved by the Court) without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim (the "<u>Settlement Amount</u>") is less than or equal to $250,000

(b) and (b) the difference between the Settlement Amount compared to (i) the amount listed on the Proof of Claim or (ii) the amount of the Scheduled Claim (together, the "Claim Difference") does not exceed $250,000 without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "*De Minimis* Settlement Amount" and such settlement being a "*De Minimis* Settlement").

(b) If the Settlement Amount or Claim Difference is not a *De Minimis* Settlement Amount but is less than or equal to $2,000,000, the Debtors shall submit the proposed settlement to the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proofs of Claim numbers, (iii) the types of Claims asserted by each such party, (iv) the amounts for which such Claims have been settled and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "Settlement Summary"). Within seven (7) calendar days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an objection to the proposed settlement reflected in the Settlement Summary; *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement, its objection period shall be suspended until the requested information has been provided. If there is no timely objection made by the Creditors' Committee to the proposed settlement or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement. If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a *De Minimis* Settlement Amount or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

(c) If the Settlement Amount or Claim Difference is greater than $2,000,000, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

(d) In addition to general unsecured claims, the Debtors may also utilize these Settlement Procedures to settle: (i) secured claims; (ii) administrative expense claims under section 503(b) of the Bankruptcy Code; (iii) priority claims under section 507(a) of the

> Bankruptcy Code; ; *provided*, *however*, with respect to all such claims, the Debtors are authorized to settle such claim without prior approval of the Court or any other party in interest only if the claim is less than or equal to $150,000.
>
> (e) Under the Settlement Procedures, the Debtors are authorized to settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

ORDERED that nothing in this Order shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors, to settle or pursue settlement of Claims pursuant to the Other Settlement Procedures Orders or any other order of the Court; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

DATED: July 7, 2010
          New York, New York

                    /s/Martin Glenn_____
                    UNITED STATES BANKRUPTCY JUDGE