**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between United Air Lines, Inc. ("UNITED") and Mesa Air Group, Inc. ("MESA"), (each a "Party" and collectively, the "Parties".

WHEREAS, UNITED filed claims against MESA in the United States District Court for the Northern District of Illinois (the "District Court"), captioned *United Air Lines, Inc. v. Mesa Air Group, Inc.*, Case No. 1:09-CV-07352 seeking declaratory relief or, in the alternative, contract reformation (hereinafter, the "Federal Court Proceeding");

WHEREAS, the Parties desire amicably to compromise and settle only the claims between the Parties in the Federal Court Proceeding;

NOW THEREFORE, for and in consideration of the promises herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1. Capitalized terms in this Agreement and not otherwise defined in this Agreement shall have the meanings assigned to them in the Amended and Restated United Express Agreement, as amended (the "United Express Agreement").

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

2. MESA hereby waives and releases: (a) any rights that it had and/or has to deliver to United any Replacement RJ-70s that are not already in United Express service; and (b) any claims for damages or other relief MESA has or may have had for damages relating thereto. The aforesaid waiver and release includes, without limitation, any rights to deliver or alleged damages relating to the Replacement RJ-70s referenced in the letters from Mike Lotz to Cynthia C. Szadokierski dated October 15, 2009 and November 3, 2009.

3. The Parties agree that this Agreement is being entered into for the express purpose and intention of making and entering into a final compromise of the disputed claims in the Federal Court Proceeding and the Parties agree that this Agreement shall have no effect on any claims between the Parties other than those in the Federal Court Proceeding.

4. UNITED agrees that the claims in the Federal Court Proceeding do not constitute a default under the United Express Agreement and the resolution herein cures any such default that might have resulted from the actions that gave rise to the Federal Court Proceeding. Further, the claims in the Federal Court Proceeding that are resolved herein shall have no effect on MESA's right to assume the United Express Agreement pursuant to section 365 of the title 11 of the United States Code (the "Bankruptcy Code") in its chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. Except as provided in paragraphs 2 and 4 herein, this Agreement shall not be construed as or be deemed to be evidence of an admission or concession on the part of either Party regarding any interpretation of the United Express Agreement, or any claim, or default, or fault or liability or damages under the United Express Agreement or any related documents whatsoever. Nothing in this Agreement shall be deemed to constitute an assumption or rejection by MESA of the United Express Agreement or any related documents under section 365 of the

Bankruptcy Code, and the Parties reserve each of their respective rights in connection therewith. The Parties have reached the agreement reflected herein in order to avoid further expense, inconvenience and delay, and to dispose of extremely expensive, burdensome and protracted litigation.

6. UNITED and MESA agree to execute and file with the District Court a stipulation to dismiss with prejudice the Federal Court Proceeding substantially in the form of annexed hereto within ten (10) days after (i) the execution of this Agreement and (ii) approval by the Bankruptcy Court, which MESA will seek as soon as practicable.

7. UNITED and MESA acknowledge that each has consulted with and obtained the advice of legal counsel of its own choosing before to entering into this Agreement regarding its contents, scope and meaning. UNITED and MESA further recognize that they are executing and delivering this Agreement, intending thereby to be legally bound by its terms and provisions, of their own free will, without regard to any prior representations, promises or threats or the exertion of duress upon them.

8. Enforceability of this Agreement against MESA is subject to the approval of the Bankruptcy Court.

9. UNITED and MESA represent and warrant that they have not assigned or otherwise transferred to anyone not a party to this Agreement any interest of any kind in any claim released herein, and they represent, warrant and agree that they will not do so in the future.

10. This Agreement is binding on and inures to the benefit of the successors and assigns of, and constitutes the entire Agreement between, the parties hereto.

11. Each Party shall bear its own costs and attorneys' fees of any kind incurred in connection with, relating to, or arising out of this Agreement and/or the Federal Court Proceeding.

12. The Parties represent and acknowledge that this Agreement is the final and complete agreement between the parties concerning the matters set forth herein and that in executing this Agreement they do not rely and have not relied upon any representation or statement not set forth herein.

13. This Agreement shall be deemed to have been made within the County of Cook, State of Illinois and shall be interpreted and construed and enforced under the laws of the State of Illinois.

14. This Agreement may be signed in multiple counterparts, each of which shall be deemed an original for all purposes.

| | |
|---|---|
| PLAINTIFF<br>UNITED AIR LINES, INC. | DEFENDANT<br>MESA AIR GROUP, INC. |
| By: _/s/ Ricks P. Frazier_ | By: _/s/ Michael J. Lotz_ |
| Dated: June 14, 2010 | Dated: June 14, 2010 |

SO ORDERED:

Dated: July 15, 2010
New York, New York

/s/Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AIR LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-CV-07352 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| MESA AIR GROUP, INC., | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

## STIPULATION TO DISMISS WITH PREJUDICE

Plaintiff and Defendant hereby stipulate and agree that this matter, including both claims and counter-claims, shall be dismissed, with prejudice, with each party to bear its own costs and attorneys' fees.

By_____  By_____
    George J. Tzanetopoulos                     Morgan R. Hirst
    Courtney L. Anderson                        Paula S. Quist
    Mayer Brown LLP                             Jones Day
    71 South Wacker Drive                     77 West Wacker Drive
    Chicago, IL 60606-4637                Chicago, IL 60601

Dated_____  Dated_____

*Attorney for Plaintiff United Air Lines, Inc.*    *Attorneys for Defendant Mesa Air Group, Inc.*