Hearing Date:  October 26, 2010 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  October 18, 2010 at 4:00 p.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF ORDER: (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (V) ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING; AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Attorneys for Debtors
and Debtors in Possession

Dated:  September 17, 2010

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

# TABLE OF CONTENTS

**Page**

BACKGROUND, JURISDICTION AND VENUE ........................................................................ 1

RELIEF REQUESTED ........................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.    THE DISCLOSURE STATEMENT CONTAINS  ADEQUATE INFORMATION AND SHOULD BE APPROVED ........................................... 2

II.   SOLICITATION AND NOTICE MATERIALS ............................................ 5

    A.    SOLICITATION PACKAGES .................................................... 5

    B.    NOTICES OF NON-VOTING STATUS .................................... 7

        i.    Unimpaired Class Non-Voting Notice ................................ 7

        ii.   Impaired Class Non-Voting Notice ..................................... 8

III.  APPROVING FORMS OF BALLOTS ........................................................ 10

IV.   ESTABLISHING PROCEDURES FOR DISTRIBUTING SOLICITATION AND NOTICE MATERIALS, VOTING ON THE PLAN AND TABULATING VOTES, INCLUDING ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES ..................................................................... 11

    A.    DISTRIBUTING SOLICITATION PACKAGES .................................. 11

    B.    DISTRIBUTING OTHER NOTICE MATERIALS ................................ 14

    C.    ESTABLISHING A VOTING RECORD DATE ................................... 15

    D.    ESTABLISHING A VOTING DEADLINE ........................................... 16

    E.    ESTABLISHING PROCEDURES FOR TABULATING VOTES ......... 17

        i.    Ballot Tabulation ............................................................ 17

        ii.   Master Ballot and Beneficial Ballot Tabulation ................. 21

    F.    ESTABLISHING PROCEDURES FOR IDENTIFYING CITIZENSHIP OF CREDITORS FOR DISTRIBUTIONS ............................ 23

V.    SETTING THE CONFIRMATION HEARING ............................................... 25

VI.   ESTABLISHING NOTICE AND OBJECTION PROCEDURES ...................... 26

    A.    NOTICE OF THE CONFIRMATION HEARING ................................ 26

    B.    PROCEDURES FOR THE FILING OF  OBJECTIONS TO CONFIRMATION OF THE PLAN ................................................ 27

NOTICE ........................................................................................................................... 28

NO PREVIOUS REQUEST ................................................................................................. 30

**EXHIBITS**

Exhibit 1 Proposed Order

Exhibits A-F of Exhibit 1 Proposed Order:

- Exhibit A    Unimpaired Class Non-Voting Notice
- Exhibit B    Impaired Class Non-Voting Notice
- Exhibit C-1    Ballot – Secured Claims
- Exhibit C-2    Ballot – General Unsecured Claims
- Exhibit C-3    General Unsecured Beneficial Ballot
- Exhibit C-4    General Unsecured Master Ballot
- Exhibit C-5    De Minimis Convenience Claim Ballot
- Exhibit C-6    501(a) Subrogation Claims Ballot
- Exhibit D    Disclosure Statement Hearing Notice
- Exhibit E    Notice of Citizenship Declaration
- Exhibit F    Confirmation Hearing Notice

# TABLE OF AUTHORITIES

**Page**

## Cases

*Abel v. Shugrue, Jr. (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24 (S.D.N.Y. 1995) .................. 2, 4

*C.J. Kirk v. Texaco, Inc.*, 82 B.R. 678 (S.D.N.Y. 1988).................................................. 2

*Century Glove, Inc. v. First Am. Bank of New York*, 820 F.2d 94 (3rd Cir. 1988)...................... 2

*In re Copy Crafters Quickprint Inc.*, 92 B.R. 973 (Bankr. N.D.N.Y. 1988) ................................ 3

*In re Dakota Rail, Inc.*, 104 B.R. 138 (Bankr. D. Minn. 1989)............................................. 2, 3, 5

*In re Ferretti*, 128 B.R. 16 (Bankr. D.N.H. 1991) ...................................................... 3, 4

*In re Oxford Homes*, 204 B.R. 264 (Bankr. D. Me. 1997) ......................................... 3, 4

*In re Scioto Valley Mortgage Co.*, 88 B.R. 168 (Bankr. S.D. Ohio 1988) ................................. 4

*In re Worldcom, Inc.*, 2003 U.S. Dist. LEXIS 11160 (S.D.N.Y. June 30, 2003) .......................... 3

*In re Zenith Elec. Corp.*, 241 B.R. 92 (Bankr. D. Del. 1999) ...................................... 8

*Phoenix Petroleum*, 278 B.R. 385 (Bankr. E.D. Pa. 2001)............................................... 5

*Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) ....................................................................................................... 3

## Statutes

11 U.S.C. § 1125.................................................................................................. 2

11 U.S.C. § 1126........................................................................................... 7, 17

49 U.S.C. § 40102............................................................................................ 24

49 U.S.C. § 41102............................................................................................ 24

## Other Authorities

H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977) .............................................. 3

## Rules

Fed. R. Bankr. P. 2002.................................................................................... 26

Fed. R. Bankr. P. 3003.................................................................................... 11

Fed. R. Bankr. P. 3017............................................................................... passim

Fed. R. Bankr. P. 3018.................................................................................... 17

Fed. R. Bankr. P. 3020.................................................................................... 27

Mesa Air Group, Inc. ("Mesa Air Group") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully represent:

## BACKGROUND, JURISDICTION AND VENUE

1.      On January 5, 2010 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

3.      By this motion (the "Motion"), pursuant to sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, 3018 and 3020, the Debtors seek entry of an order (the "Approval Order"):  (i) approving the disclosure statement (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Disclosure Statement") filed contemporaneously herewith and relating to the Debtors' proposed joint plan of reorganization (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan");[1] (ii) approving solicitation materials and other notices; (iii) approving the forms of ballots; (iv) establishing procedures for distributing

---

[1]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.  The Plan and Disclosure Statement are available on this Court's docket and free of charge on the Debtors' case information website (located at www.dm.epiq11.com/mesa).

Solicitation Packages (defined below), voting on the Plan and tabulating votes; (v) allowing and

estimating certain claims for voting purposes; (vi) scheduling a hearing in respect of

confirmation of the Plan; and (vii) establishing notice and objection procedures in respect of

confirmation of the Plan.  The proposed Approval Order is annexed hereto as <u>Exhibit 1</u>.

   4.  The Debtors have worked extensively with the statutory committee of

unsecured creditors appointed in the Debtors' chapter 11 cases (the "<u>Creditors' Committee</u>") on

the Disclosure Statement and the Plan.  As part of these discussions, the Creditors' Committee

requested certain changes to both documents (and to this Motion) to which the Debtors agreed.

<p align="center"><strong><u>ARGUMENT</u></strong></p>

**I. THE DISCLOSURE STATEMENT CONTAINS
  ADEQUATE INFORMATION AND SHOULD BE APPROVED**

   5.  Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent

must provide holders of impaired claims and interests entitled to vote with "adequate

information" regarding the proposed plan of reorganization.  In that regard, section 1125(a)(1) of

the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's books
> and records . . . that would enable . . . a hypothetical investor of the
> relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  Thus, a debtor's disclosure statement must, as a whole, provide

information that is adequate to permit an "informed judgment" by impaired creditors entitled to

vote on the proposed plan.  *See Abel v. Shugrue, Jr. (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24,

29 (S.D.N.Y. 1995); *C.J. Kirk v. Texaco, Inc.*, 82 B.R. 678, 681 (S.D.N.Y. 1988); *Century*

*Glove, Inc. v. First Am. Bank of New York*, 820 F.2d 94, 100 (3rd Cir. 1988); *see also In re*

*Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *In re Copy Crafters Quickprint*

*Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of a disclosure statement "is to be

determined on a case-specific basis under a flexible standard that can promote the policy of

chapter 11 towards fair settlement through a negotiation process between informed interested

parties").  A disclosure statement "must clearly and succinctly inform the average unsecured

creditor what it is going to get, when it is going to get it, and what contingencies there are to

getting its distribution."  *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

      6.      In examining the adequacy of the information contained in a disclosure

statement, the bankruptcy court has broad discretion.  *See Texas Extrusion Corp. v. Lockheed*

*Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford*

*Homes*, 204 B.R. 264 (Bankr. D. Me. 1997) (noting that Congress intentionally drew vague

contours of what constitutes adequate information so that bankruptcy courts can exercise

discretion to tailor them to each case's particular circumstances); *Dakota Rail*, 104 B.R. at 143 (a

bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains

adequate information without burdensome, unnecessary and cumbersome detail").  This grant of

discretion was intended to facilitate effective reorganizations of debtors in a broad range of

businesses and in the various circumstances that accompany chapter 11 cases.  *See* H.R. Rep.

No. 595, 95th Cong., 1st Sess. 408-09 (1977).  As Congress observed, "[i]n reorganization cases,

there is frequently great uncertainty.  Therefore, the need for flexibility is greatest."  *Id*. at 409.

      7.      Accordingly, the determination of whether a disclosure statement contains

adequate information is to be made on a case-by-case basis, focusing on the unique facts and

circumstances of each case.  *See In re Worldcom, Inc.*, 2003 U.S. Dist. LEXIS 11160, *30

(S.D.N.Y. June 30, 2003) ("The determination of what is adequate information is subjective and

made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." (citing *Abel v. Shugrue, Jr.*, 179 B.R. at 29)).

        8.      In that regard, courts generally examine whether disclosure statements contain information such as:

    (a)    the circumstances that gave rise to the filing of the bankruptcy petition;

    (b)    the available assets and their value;

    (c)    the anticipated future of the debtor;

    (d)    the sources of the information provided in the disclosure statement;

    (e)    the condition and performance of the debtor while in chapter 11;

    (f)    the claims against the estate;

    (g)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

    (h)    the accounting and valuation methods used to produce the financial information in the disclosure statement;

    (i)    the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

    (j)    a summary of the plan of reorganization;

    (k)    financial information that would be relevant to creditors' determinations of whether to accept or reject the plan;

    (l)    the risks being taken by the creditors and interest holders;

    (m)    the tax consequences of the plan; and

    (n)    the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (using a similar list); *Oxford*, 104 B.R. at 269 (using a similar list); *Ferretti*, 128 B.R. at 18-19 (also using a similar list). Such lists are not meant to be exhaustive, nor must a debtor include all of

the information approved as sufficient in any prior case. Rather, courts are instructed to decide

what information is appropriate in each case. *See Phoenix Petroleum*, 278 B.R. 385, 393 (Bankr.

E.D. Pa. 2001) (making use of a similar list, but cautioning that "no one list of categories will

apply in every case"); *Dakota Rail*, 104 B.R. at 142 (utilizing a similar list of information

described as "nonexclusive and nonexhaustive").

> 9.      The Debtors respectfully submit that the Disclosure Statement (including

any updates, supplements, amendments and/or other modifications contemplated thereby or by

the Plan) addresses each of the salient types of information identified above and will provide

holders of impaired claims entitled to vote with adequate information to allow each such holder

to make an informed judgment about the Plan.

> 10.      Accordingly, the Debtors submit that the Disclosure Statement contains

adequate information within the meaning of section 1125 of the Bankruptcy Code and, therefore,

should be approved.

## II.      SOLICITATION AND NOTICE MATERIALS

### A.      SOLICITATION PACKAGES

> 11.      Bankruptcy Rule 3017(d) sets forth the materials that must be provided to

holders of claims and equity interests entitled to vote for the purpose of soliciting their votes and

providing adequate notice of the hearing on confirmation of a plan of reorganization.

Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> Upon approval of a disclosure statement—except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders—the debtor in
> possession, trustee, proponent of the plan, or clerk as the court
> orders shall mail to all creditors and equity security holders, and in
> a chapter 11 reorganization case shall transmit to the United States
> trustee,
>
> (1)      the plan or a court-approved summary of the plan;

(2)    the disclosure statement approved by the court;

(3)    notice of the time within which acceptances and rejections of the plan may be filed; and

(4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

12.    The Debtors propose that the solicitation packages distributed in these

chapter 11 cases (the "Solicitation Packages") should include:

(a)    a cover letter describing the contents of the Solicitation Package, the contents of the enclosed CD-ROM (or printed materials if Debtors elect to send such printed materials in lieu of a CD-ROM) and instructions for obtaining printed copies of any materials provided on the CD-ROM at no charge;

(b)    a CD-ROM[2] containing the following:

(i)    the Disclosure Statement (with the Plan annexed thereto and other exhibits); and

(ii)    the Approval Order (without exhibits);

(c)    the Confirmation Hearing Notice (as defined below);

---

[2] The Disclosure Statement and Plan, including exhibits, are hundreds of pages in length. To avoid substantial costs that would be associated with printing and mailing such a voluminous set of documents, the Debtors propose to serve, in their discretion, the Disclosure Statement and Plan (including exhibits) via CD-ROM instead of in printed format to all parties. This procedure has been approved in other large chapter 11 cases in this district. *See, e.g., In re Frontier Airlines Holdings, Inc.,* Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. July 22, 2009) [Docket No. 945]; *In re Reader's Digest Association, Inc., et al.* (Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. November 30, 2009) [Docket No. 318]; *In re Delta Air Lines, Inc., et al.,* Case No. 05-17923 (ASH) (Bankr. S.D.N.Y February 7, 2007) [Docket No. 4494]; *In re Northwest Airlines Corporation, et al.,* Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. March 30, 2007) [Docket No. 5736]; *In re Adelphia Communications Corp., et al.,* Case No. 02-41729 (REG) (Bankr. S.D.N.Y. November 23, 2005) [Docket No. 8993]; *In re Enron Corp, et al.,* Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. January 9, 2004) [Docket No. 15303]; *see also In re UAL Corp., et al.,* Case No. 02-48191 (Bankr. N.D. Ill. October 21, 2005) [Docket No. 13285].

(d)    Ballot (as defined below), Beneficial Ballot (as defined below), or Master Ballot (as defined below), as appropriate, together with a pre-addressed postage-paid envelope;

(e)    a letter from the Creditors' Committee regarding acceptance of the Plan, to the extent such letter is provided to the Debtors by the Creditors' Committee sufficiently in advance of production of the Solicitation Packages to allow inclusion; and

(f)    such other materials as the Court may direct.

13.    The Debtors expect that they will be able to commence distribution of the Solicitation Packages no later than the date (the "Solicitation Date") that is four (4) business days after entry of the Approval Order.

## B.    NOTICES OF NON-VOTING STATUS

14.    As provided in Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims against the Debtors are not classified for purposes of voting on, or receiving distributions under, the Plan.  Holders of such Claims are not entitled to vote on the Plan.  All such Claims are instead treated separately in accordance with the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code, and will not receive any notice pursuant to the Solicitation Procedures.

### i.    Unimpaired Class Non-Voting Notice

15.    Claims in Classes 1(a)-1(*l*) (Priority Non-Tax Claims) are designated under the Plan as unimpaired (the "Unimpaired Claims") and, therefore, are conclusively presumed to accept the Plan.  *See* 11 U.S.C. § 1126(f).

16.    Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed

to members of the unimpaired class together with the notice of the
time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).

17.     Accordingly, the Debtors propose to send to holders of Unimpaired

Claims a notice of non-voting status, substantially in the form annexed to the Approval Order as

**Exhibit A** (the "Unimpaired Class Non-Voting Notice"), which informs such holders that their

claims will be unimpaired and how to obtain a copy of the Plan and Disclosure Statement at no

charge.

### ii.     Impaired Class Non-Voting Notice

18.     Classes 6(a)-6(*l*) (Interests) will not receive any distribution under the Plan

and, therefore, are conclusively presumed to reject the Plan pursuant to section 1126(g) of the

Bankruptcy Code.  *See also In re Zenith Elec. Corp.*, 241 B.R. 92, 99 (Bankr. D. Del. 1999) (a

class that would receive nothing under the debtor's proposed plan did not have the right to vote,

as it was conclusively presumed to have rejected the plan pursuant to section 1126(g) of the

Bankruptcy Code).  Accordingly, the Debtors propose to mail to known holders of interests in

such classes a notice of non-voting status, substantially in the form annexed to the Approval

Order as **Exhibit B** ("Impaired Class Non-Voting Notice" and, together with the Unimpaired

Class Non-Voting Notice, the "Non-Voting Notices").  The Impaired Class Non-Voting Notice

explains to such holders that their claim are impaired, that they will not receive or retain any

property pursuant to the Plan and are therefore deemed to reject the Plan, and provides

instructions for obtaining a copy of the Plan and Disclosure Statement at no charge.

19.     With respect to Classes 6(a)-6(*l*) (Interests), the Debtors propose to send

an Impaired Class Non-Voting Notice to those holders of Mesa Air Group's pre-petition

common stock (the "Pre-Petition Stock") that are reflected in the records maintained by the

transfer agent(s) and/or the relevant depositories for such stock as of the close of business on the

Voting Record Date (as defined below).  The Debtors recognize that the records maintained by

such transfer agent(s) and/or depositories reflect the brokers, dealers, commercial banks, trust

companies and other nominees (collectively, the "Non-Voting Nominees") through which

beneficial owners hold the Pre-Petition Stock.  Accordingly, the Debtors request that the Court:

> (1)     authorize the Debtors to provide the Non-Voting Nominees
> with sufficient copies of the Impaired Class Non-Voting
> Notice to forward to the beneficial owners of the Pre-
> Petition Stock; and

> (2)     order the Non-Voting Nominees to forward copies of the
> Impaired Class Non-Voting Notice to the beneficial owners
> of the Pre-Petition Stock within five (5) business days after
> the receipt by such Non-Voting Nominees of copies of the
> Impaired Class Non-Voting Notice.

20.     To the extent that the Non-Voting Nominees incur reasonable, customary,

and documented out-of-pocket expenses in connection with distribution of the Impaired Class

Non-Voting Notice, the Debtors request authority to reimburse such entities for such reasonable,

customary and documented out-of-pocket expenses without further order of this Court.

21.     The Debtors request a determination by the Court that they are not

required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan,

or any other notices to holders in Classes 6(a)-6(*l*) (Interests).  The Debtors submit that the

distribution to such holders of just the Impaired Class Non-Voting Notice satisfies the

requirements of the Bankruptcy Code and Bankruptcy Rules.  Similar relief has been granted in

other chapter 11 cases  *See, e.g., In re Reader's Digest Association, Inc., et al.,* Case No. 09-

23529 (RDD) (Bankr. S.D.N.Y. November 30, 2009) [Docket No. 318]; *In re Frontier Airlines

Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. July 22, 2009) [Docket No. 945]; *In

re Solutia Inc.*, Case No. 03-17949 (PCB) (Bank. S.D.N.Y Oct. 19, 2007) [Docket No. 4252]; *In

*re Northwest Airlines Corporation, et al.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. March

30, 2007) [Docket No. 5736]; *In re Delta Air Lines, Inc., et al.*, Case No. 05-17923 (ASH)

(Bankr. S.D.N.Y Feb. 7, 2007) [Docket No. 4494]; *In re Silicon Graphics Inc.*, Case No. 06-

10977 (BRL) (Bankr. S.D.N.Y. Jul. 27, 2006) [Docket No. 416]; *In re Loral Space &

Communications Ltd.*, Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. Jun. 3, 2005) [Docket No.

2076].

## III.    APPROVING FORMS OF BALLOTS

22.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot to

"creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).

Classes 2(a)-2(*l*) through Classes 5(a)-5(b) (the "Voting Classes") are entitled to vote on the

Plan.  The Debtors propose to distribute to creditors in the Voting Classes one or more ballots

(the "Ballots") substantially in the forms annexed to the Approval Order as **Exhibit C-1**, **C-2, C-

3, C-4, C-5 and C-6**, as appropriate.  Each of the foregoing form Ballots will be used to cast

votes by holders of Secured Claims (Class 2), holders of General Unsecured Claims (Class 3),

the Beneficial Holders (defined below) of Notes in Class 3, the Voting Nominees (as defined

below) of Beneficial Holders of Notes in Class 3, holders of De Minimis Convenience Claims

(Class 4), and holders of 510(a) Subrogation Claims (Class 5), respectively.

23.    The Ballots are based upon Official Form No. 14, but have been modified

based on circumstances particular to these chapter 11 cases.  In each case, the form Ballots

annexed to the Approval Order will be further modified to reflect the applicable Debtor (*e.g.*,

Class 3(a), Class 3(b), Class 3(c), etc.).  In addition, each Ballot, as applicable, advises creditors

in bold and capitalized print that creditors who (i) vote to accept or reject the Plan and do not

elect to opt out of the release provisions contained in Section 9.3.2 of the Plan or (ii) fail to vote

or otherwise do not submit a Ballot in the format as required by the procedures set forth herein

shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever

released and discharged the Released Parties (as defined in the Plan) from any and all Causes of

Action (as defined in the Plan).

## IV.    ESTABLISHING PROCEDURES FOR DISTRIBUTING SOLICITATION AND NOTICE MATERIALS, VOTING ON THE PLAN AND TABULATING VOTES, INCLUDING ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES

### A.    DISTRIBUTING SOLICITATION PACKAGES

24.    With respect to holders of claims in the Voting Classes the Debtors

propose to distribute or cause to be distributed Solicitation Packages to:  (i) all persons and

entities identified in the Debtors' schedules of liabilities filed pursuant to section 521 of the

Bankruptcy Code and Bankruptcy Rule 1007 (as modified prior to the Voting Record Date, the

"Schedules") as holding liquidated, noncontingent and undisputed claims[3] in the Voting Classes

in an amount greater than zero dollars, excluding scheduled claims that have been paid in full,

superseded by filed proofs of claim or disallowed or expunged prior to the Solicitation Date;

(ii) all persons and entities that timely filed proofs of claim in the Voting Classes, as reflected on

the official claims register maintained by Epiq Bankruptcy Solutions, LLC (the "Solicitation

Agent"), that allege dollar amounts greater than zero or that are contingent or unliquidated, but,

in each case, only to the extent that the claims have not been disallowed or expunged prior to the

Solicitation Date; and (iii) transferees and assignees of any creditors described in clauses (i) or

(ii) above, but only to the extent that the relevant transfer or assignment is properly noted on the

---

[3] Bankruptcy Rule 3003(c)(2) provides:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2).  Therefore, the Debtors propose that such claimants or interest holders not be mailed Solicitation Packages.

Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the Voting Record

Date and whose claims have not been disallowed or expunged prior to the Solicitation Date.  If a

claim has been temporarily disallowed for voting purposes pursuant to an order of the Court, the

holder of such claim shall not be entitled to receive a Solicitation Package.  If a claim is

duplicative of another claim, the creditor filing such claims shall receive one Solicitation

Package, including one Ballot, for such claim and shall be permitted to vote only a single claim

in accordance with paragraph 38 below.

   25. With respect to holders of Notes who are entitled to vote (collectively, the

"Beneficial Holders"), the Debtors propose to deliver Solicitation Packages, including beneficial

ballots (in substantially the form of the Beneficial Ballot annexed to the Approval Order as

**Exhibit C-3**, the "Beneficial Ballots"), to the record holders of such securities as of the Voting

Record Date, including, without limitation, brokers, banks, dealers or other agents and nominees

(collectively, the "Voting Nominees").  Master ballots (in substantially the form of the Master

Ballot annexed to the Approval Order as **Exhibit C-4**, the "Master Ballots") would thereafter be

delivered to such Voting Nominees.  Each Voting Nominee would be entitled to receive a

reasonably sufficient number of Beneficial Ballots and Solicitation Packages to distribute to the

Beneficial Holders for whom such Voting Nominee is the record holder.

   26. The Debtors propose that Voting Nominees be ordered to do the following

within five (5) days of their receipt of the Solicitation Packages:

   (a) forward a Solicitation Package (including a Beneficial
     Ballot) to each Beneficial Holder and include a return
     envelope provided by and addressed to the Voting
     Nominee, so that the Beneficial Holder can return the
     completed Beneficial Ballot directly to the Voting
     Nominee.  The Voting Nominee should advise the
     Beneficial Holders to return their Beneficial Ballots to the
     Voting Nominee in sufficient time for the Voting Nominee

to prepare and return the Master Ballot to the Solicitation Agent by the Voting Deadline (as defined below). After Beneficial Ballots are returned, the Voting Nominee will summarize on the appropriate Master Ballot the votes and other Beneficial Ballot information (releases, etc.) of its respective Beneficial Holders as reflected in all properly completed and signed Beneficial Ballots, and then return the Master Ballot to the Solicitation Agent by the Voting Deadline (as defined below); or

(b)    distribute "pre-validated" Beneficial Ballots pursuant to the following procedures:

    1.    the Voting Nominee shall forward to the Beneficial Holder the Solicitation Package or copies thereof (including (i) the Disclosure Statement, (ii) an individual Beneficial Ballot that has been pre-validated, as indicated in paragraph (2) below, and (iii) a return envelope provided by and addressed to the Solicitation Agent);

    2.    to "pre-validate" a ballot, the Voting Nominee should complete and execute the Beneficial Ballot (other than Items 2, 3, 4, and 5) and indicate on the Beneficial Ballot the name and DTC Participant Number of the Voting Nominee, the amount of securities held by the Voting Nominee for the Beneficial Holder and the account number(s) for the account(s) in which such securities are held by the Voting Nominee; and

    3.    the Beneficial Holder shall return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline (as defined below).

27.    The Debtors propose that all Voting Nominees be required to keep the original Beneficial Ballots received from Beneficial Holders for a period of at least one (1) year after the Voting Deadline (as defined below).

28.    The Debtors seek authority to reimburse each Voting Nominee for its reasonable, customary and documented out-of-pocket expenses associated with: (i) distribution

of the Solicitation Packages to its Beneficial Holders; (ii) tabulation of the Beneficial Ballots

(where applicable); and (iii) completion of its Master Ballot (where applicable).

### B.   DISTRIBUTING OTHER NOTICE MATERIALS

29.    The Debtors anticipate that some notices of this Motion (substantially in

the form annexed to the Approval Order as **Exhibit D**, the "Disclosure Statement Hearing

Notices") may be returned by the United States Postal Service as undeliverable.  The Debtors

believe that it would be wasteful to distribute Solicitation Packages, Ballots, Non-Voting

Notices, copies of the Disclosure Statement or Plan or any other materials or notices (including

any updates, supplements, amendments or modifications thereto) to addresses to which

undeliverable Disclosure Statement Hearing Notices were distributed.  Therefore, the Debtors

seek to be excused, without any further order of the Court, from distributing Solicitation

Packages, Non-Voting Notices or any other materials to those entities listed at such addresses

unless the Debtors are provided with accurate addresses for such entities before the date on

which the Debtors commence distribution of the relevant materials.

30.    The Debtors also request a determination by the Court that they are not

required to distribute Solicitation Packages, Ballots, Non-Voting Notices, copies of the

Disclosure Statement or Plan, or any other materials or notices to:  (i) executory contract or lease

counterparties that have only filed or scheduled claims listed as contingent or unliquidated; or

(ii) holders of claims against the Debtors that have not been classified in the Plan pursuant to

section 1123(a)(1) of the Bankruptcy Code.

31.    The Debtors submit that they have shown good cause for implementing

the proposed notice procedures and that such notice satisfies the requirements of Bankruptcy

Rule 3017(d) and all other applicable requirements.

C.    **ESTABLISHING A VOTING RECORD DATE**

32.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in

connection with the confirmation of a plan of reorganization, "creditors and equity security

holders shall include holders of stock, bonds, debentures, notes and other securities of record on

the date the order approving the disclosure statement is entered or another date fixed by the

court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule

3018(a) contains a similar provision regarding determination of the record date for voting

purposes.

33.     In accordance with these rules, the record date for non-securities claims is

often the date an order approving the disclosure statement is entered.  The record holders of a

debtor's public securities, however, generally require advance notice to enable those responsible

for assembling ownership lists of that debtor's public securities to compile a list of holders as of

a date certain.  *See, e.g., In re Frontier Airlines Holdings, Inc.,* Case No. 08-11298 (RDD)

(Bankr. S.D.N.Y. July 22, 2009) [Docket No. 945]*; In re Adelphia Communications Corp., et al.,*

Case No. 02-41729 (Bankr. S.D.N.Y. November 23, 2005) [Docket No. 8993]*; In re UAL Corp.,*

*et al.,* Case No. 02-48191 (Bankr. N.D. Ill. October 21, 2005) [Docket No. 13285]*; In re*

*WorldCom, Inc., et al.,* Case No. 02-13533 (Bankr. S.D.N.Y. October 3, 2003) [Docket

No. 9229].

34.     Accordingly, the Debtors request that the Court exercise its authority

under Bankruptcy Rules 3017(d) and 3018(a) to establish **October 26, 2010** as the record date

(the "Record Date") for purposes of determining which creditors are entitled to vote on the Plan

and which non-voting creditors and interest holders are entitled to receive certain informational materials.[4]

### D.    ESTABLISHING A VOTING DEADLINE

35.    Bankruptcy Rule 3017(c) provides that, in connection with or before approval of a disclosure statement, a court shall fix a time within which the holders of claims or equity security interests may accept or reject the relevant plan of reorganization. The Debtors anticipate commencing the solicitation period within four (4) business days after entry of the Approval Order.  Based on such schedule, the Debtors propose that in order to be counted as a vote to accept or reject the Plan, any Ballot, Master Ballot or pre-validated Beneficial Ballot must be properly executed and completed and delivered to the Solicitation Agent so as to be actually received by the Solicitation Agent no later **than 4:00 p.m. (prevailing Eastern Time) on December 2, 2010** (the "Voting Deadline"), which will be at least 31 days after the Solicitation Date.

36.    Although the Debtors submit that such solicitation period is a sufficient period within which creditors can make an informed decision to accept or reject the Plan, they also request authority to extend the Voting Deadline, if necessary, without further order of the Court, to a date that is no later than four (4) calendar days after the Voting Deadline by publishing an announcement of such extension electronically on the Debtors' case information website (located at www.dm.epiq11.com/mesa) and filing such announcement on the Court's docket.

---

[4] The establishment of a Voting Record Date is for voting purposes *only* and has no effect on who is entitled to receive distributions under the Plan.

E.     **ESTABLISHING PROCEDURES FOR TABULATING VOTES**

37.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this section, that hold at least two-thirds in
> amount and more than one-half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> subsection (e) of this section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "the court after notice and

hearing may temporarily allow the claim or interest in an amount which the court deems proper

for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

**i.     Ballot Tabulation**

38.     The Debtors propose, solely for purposes of voting to accept or reject the

Plan and not for purposes of allowance or distribution on account of a claim and without

prejudice to the rights of the Debtors in any other context, that each holder of a claim in the

Voting Classes be entitled to vote the amount of such claim as set forth in the Schedules (as may

be amended from time to time) unless such holder has timely filed a proof of claim, in which

event such holder would instead be entitled to vote the amount of such claim as set forth in such

proof of claim; *provided*, *however*, that the foregoing shall not apply to holders of Notes in the

Voting Classes.[5]  The foregoing general procedure will be subject to the following:

> (a)     If a claim is deemed "Allowed" pursuant to an agreement
> with the Debtors or an order of the Court prior to or on the
> Voting Deadline, the Debtors propose that such claim be
> allowed for voting purposes in the "Allowed" amount set
> forth in the agreement or the Court's order;
>
> (b)     If a claim for which a proof of claim has been timely filed
> is wholly contingent or unliquidated (as determined by the

---

[5] The tabulation of votes submitted by Voting Nominees and Beneficial Holders of Notes will be governed by the
procedures set forth in paragraphs 47-49.

Debtors based upon a reasonable view of the proof of claim and its supporting documentation) and (i) no objection to it has been filed and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case prior to or on the Voting Deadline, the Debtors propose that such claim be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such claim shall be marked as voting at $1.00;

(c)    If the Debtors file an objection to a claim prior to the Solicitation Date, the Debtors propose that such claim be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or such claim is subsequently allowed or temporarily allowed pursuant to Bankruptcy Rule 3018(a) on or before the Voting Deadline;

(d)    If a claim has been "disallowed" by agreement of the claim holder or order of the Court at any time prior to or on the Voting Deadline, the Debtors propose that such claim also be disallowed for voting purposes;

(e)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court prior to or on the Voting Deadline, the Debtors propose that such claim be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

(f)    If a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to or on the Voting Deadline, then, unless the Debtors have consented in writing or the holder of such claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes, the Debtors propose that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(g)    If a claim is partially liquidated and partially unliquidated and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an

amount greater than $1.00 has been entered by the Court, in each case prior to or on the Voting Deadline, the Debtors propose that such claim be allowed for voting purposes only in the liquidated amount;

(h)    If the obligation underlying a claim against one of the Debtors is the subject of a guarantee by another of the Debtors or a claim was otherwise filed against more than one Debtor on account of the same obligation that is actually enforceable against such Debtor, the Debtors propose that the primary claim and the guarantee claim be allowed for voting purposes with respect to the applicable Debtor;

(i)    If (a) the obligation underlying a claim against one of the Debtors is the subject of a guarantee of another Debtor and (b) such claim is an Unimpaired Claim, the Debtors propose that any claim filed in respect of such guarantee be disallowed for voting purposes; and

(j)    Notwithstanding anything to the contrary contained herein, the Debtors propose that any creditor who has filed or is the transferee of duplicate claims in the Voting Classes (whether against the same or multiple Debtors) be provided with only one Solicitation Package and one ballot and be permitted to vote only a single claim, regardless of whether the Debtors have objected to such duplicate claims.

39.    If any creditor seeks to challenge the allowance or disallowance of its

claim for voting purposes, the Debtors request that the Court direct such creditor to serve on the

Debtors and the Creditors' Committee and file with the Court a motion for an order pursuant to

Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or

reject the Plan on or before the fourteenth (14th) day after the Solicitation Date.  The Debtors

further propose, in accordance with Bankruptcy Rule 3018(a), that as to any creditor filing such a

motion, such creditor's Ballot not be counted unless temporarily allowed by the Court for voting

purposes, after notice and a hearing.

40.    In addition, the Debtors request that (i) whenever a creditor casts more

than one Ballot voting the same claim(s) prior to the Voting Deadline, the last dated and properly

completed Ballot received prior to the Voting Deadline be deemed to reflect the voter's intent

and, thus, to supersede any prior Ballots, and (ii) creditors with multiple claims in the Voting

Classes must vote all of their claims either to accept or reject the Plan and may not split their

votes, and thus (x) no Ballot that partially rejects and partially accepts the Plan and (y) no Ballot

filed by a creditor with multiple claims in the Voting Classes that votes inconsistently will be

counted for the purpose of voting or the opting out of the releases under the Plan.

       41.     The Debtors further propose that, without further order of the Court,

except as otherwise set forth herein, the following Ballots not be counted or considered for any

purpose in determining whether the Plan has been accepted or rejected or whether the creditor

has opted out of the releases under the Plan: (i) any Ballot that is properly completed and

executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or

rejection of the Plan or that indicates both an acceptance and rejection of the Plan; (ii) any Ballot

actually received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall

have granted in writing an extension of the Voting Deadline with respect to such Ballot; (iii) any

Ballot that is illegible or contains insufficient information to permit the identification of the

claimant; (iv) any Ballot cast by a person or entity that does not hold a claim in the Voting

Classes; (v) any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for

which no proof of claim was timely filed; (vi) any unsigned or non-originally signed Ballot;

(vii) any Ballot sent directly to any of the Debtors, their agents (other than the Solicitation

Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or

legal advisors or to any other party other than the Solicitation Agent; (viii) any Ballot cast for a

claim that has been disallowed (for voting purposes or otherwise); and (ix) any Ballot transmitted

to the Solicitation Agent by facsimile or other electronic means.

42.    The Debtors further propose, without further order of the Court, that any holder of a claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a).

43.    Subject to any order of the Bankruptcy Court to the contrary, the Debtors reserve the right to reject any and all Ballots the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

44.    Subject to any order of the Court to the contrary, the Debtors, in their sole discretion, reserve the right to waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice.

45.    None of the Debtors, the Solicitation Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.  Rather, the Solicitation Agent may disregard, with no further notice, defective Ballots described in paragraph 40 above.

46.    The Debtors believe that the foregoing procedures will provide for a fair and equitable voting process.

### ii.    Master Ballot and Beneficial Ballot Tabulation

47.    With respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Holders, for purposes of voting, the Debtors propose that the amount that shall be used to tabulate acceptance or rejection of the Plan will be the principal amount held as of the Voting Record Date (the "Record Amount").  In addition, the Debtors may adjust any principal amount voted to reflect the corresponding claim amount, including pre-petition interest.

48.     The following additional rules shall apply to the tabulation of Master

Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Holders:

a.      Votes cast by Beneficial Holders through a Voting
Nominee will be applied against the positions held by such
entities in the applicable securities as of the Voting Record
Date, as evidenced by the record and depository listings.
Votes submitted by a Voting Nominee, whether pursuant to
a Master Ballot or pre-validated Beneficial Ballots, will not
be counted in excess of the Record Amount of such
securities held by such Voting Nominee.

b.      To the extent that conflicting votes or "overvotes" are
submitted by a Voting Nominee, whether pursuant to a
Master Ballot or pre-validated Beneficial Ballots, the
Debtors will make a reasonable attempt to reconcile
discrepancies with the Voting Nominees.

c.      To the extent that overvotes on a Master Ballot or pre-
validated Beneficial Ballots are not reconcilable prior to the
preparation of the vote certification, the Debtors will apply
the votes to accept and to reject the Plan in the same
proportion as the votes to accept and reject the Plan
submitted on the Master Ballot or pre-validated Beneficial
Ballots that contained the overvote, but only to the extent
of the Voting Nominee's position in the applicable security
as of the Voting Record Date.

d.      A single Voting Nominee may complete and deliver to the
Solicitation Agent multiple Master Ballots.  Votes reflected
on multiple Master Ballots will be counted, except to the
extent they are duplicative of other Master Ballots.  If two
or more Master Ballots are inconsistent, the latest properly
completed Master Ballot received prior to the Voting
Deadline will, to the extent of such inconsistency,
supersede and revoke any prior Master Ballot.

49.     The Debtors propose that the Debtors will file with the Court a

certification (the "<u>Voting Certification</u>") of the amount of the allowed claims of each class voting

to accept or reject the Plan no later than three (3) business days after the Voting Deadline, unless

the Voting Deadline is extended as described in paragraph 35, in which case the Voting

Certification will be filed with the Court prior to the Confirmation Hearing.  The Voting

Certification will be served on the Court, U.S. Trustee, the Creditors' Committee, and all parties

that have requested service in these cases.

50.      Similar procedures have been approved in other large chapter 11 cases in

this district.  The Debtors submit that these procedures would provide for a fair and equitable

voting process.  *See, e.g., In re Frontier Airlines Holdings, Inc.,* Case No. 08-11298 (RDD)

(Bankr. S.D.N.Y. July 22, 2009) [Docket No. 945]*; In re Northwest Airlines Corporation, et al.,*

Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. March 30, 2007) [Docket No. 5736]*;In re Delta Air*

*Lines, Inc., et al.,* Case No. 05-17923 (ASH) (Bankr. S.D.N.Y Feb. 7, 2007) [Docket No. 4494]*;*

*In re Silicon Graphics Inc.,* Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. Jul. 27, 2006) [Docket

No. 416]*; In re Footstar, Inc., et al.,* Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. December 5,

2005) [Docket No. 3015]*; In re Solutia Inc.,* Case No. 03-17949 (PCB) (Bank. S.D.N.Y Oct. 19,

2007) [Docket No. 4252]*; In re Allegiance Telecom, Inc.,* Case No. 03-13057 (RDD) (Bankr.

S.D.N.Y. April 22, 2004) [Docket No. 1162]*; In re NTL Incorporated, et al.,* Case No. 02-41316

(ALG) (Bankr. S.D.N.Y. July 12, 2002) [Docket No. 175]*; In re Global Crossing, et al.,* Case

No. 02-40188 (REG) (Bankr. S.D.N.Y. October 21, 2002) [Docket No. 2030]*; In re WorldCom,*

*Inc., et al.,* Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. May 28, 2003) [Docket No. 6110]*; In re*

*Enron Corp., et al.,* Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. January 9, 2004) [Docket No.

15303]*.*

### F.      ESTABLISHING PROCEDURES FOR IDENTIFYING CITIZENSHIP OF CREDITORS FOR DISTRIBUTIONS

51.      As part of the consideration to be paid to the holders of Allowed General

Unsecured Claims, the Debtors propose to issue New Common Stock in the Debtors'

reorganized business.  Under federal law, the Debtors are required to have a "certificate of public

convenience and necessity" in order for them to provide air carrier services.  49 U.S.C. §

41102(a).  The Debtors' license could be revoked by the federal government if Non-U.S.

Citizens were to own or control in excess of 25% of the equity interest in the reorganized

Debtors.  *Id.*  For purposes of this part of title 49, a citizen of the United States is defined as:

> (A) an individual who is a citizen of the United States;
>
> (B) a partnership each of whose partners is an individual who is a citizen of the
>     United States; or
>
> (C) a corporation or association organized under the laws of the United States or a
>     State, the District of Columbia, or a territory or possession of the United
>     States, of which the president and at least two-thirds of the board of directors
>     and other managing officers are citizens of the United States, which is under
>     the actual control of citizens of the United States, and in which at least 75
>     percent of the voting interest is owned or controlled by persons that are
>     citizens of the United States.

49 U.S.C. § 40102(a)(15).

53.       To ensure that at least 75% of the equity interests in the reorganized

Debtors will be owned by U.S. Citizens, pursuant to the Plan, the Debtors propose to distribute

(i) New Common Stock to the holders of Allowed Class 3 Claims and Allowed Class 5 Claims

that are U.S. Citizens and (ii) New Warrants to all holders of Allowed Class 3 Claims and

Allowed Class 5 Claims that are Non-U.S. Citizens.  Such New Warrants will be freely

transferrable in accordance with federal law but may only be exercised by U.S. Citizens.

53.       To effectuate distributions in accordance with the foregoing federal law

restrictions, the Debtors propose to send a notice of form declaration (the "Citizenship

Declaration") to the holders of Class 3 Claims and Class 5 Claims that are eligible to receive

New Common Stock (the "Notice of Citizenship Declaration").  The Citizenship Declaration will

require such holders to provide and verify the following information:  (i) name of creditor; (ii)

amount of allowed claim; and (iii) whether such person or entity is a U.S. Citizen or Non-U.S.

Citizen as defined by title 49 of the United States Code.

54.    A form of the proposed Citizenship Declaration is annexed to the

Approval Order as **Exhibit E**.  The Notice of the Citizenship Declaration states that if the

Citizenship Declaration is not received within the time necessary before distributions are made

on the Initial Distribution Date, Interim Distribution Date, or Final Distribution Date, as

applicable, the Debtors will be entitled to presume that such holders are Non-U.S. Citizens for

purposes of distribution to holders of Allowed General Unsecured Claims of Class 3 and Class 5

for the purposes of such declaration.

## V.    SETTING THE CONFIRMATION HEARING

55.    Bankruptcy Rule 3017(c) provides:

On or before approval of the disclosure statement, the court shall
fix a time within which the holders of claims and interests may
accept or reject the plan and may fix a date for the hearing on
confirmation.

Fed. R. Bankr. P. 3017(c).

56.    In accordance with Bankruptcy Rule 3017(c) and in view of the Debtors'

proposed solicitation schedule outlined herein, the Debtors request that a hearing on

confirmation of the Plan (the "Confirmation Hearing") be set for **10:00 a.m. (prevailing**

**Eastern Time) on December 15, 2010**, subject to the Court's calendar.  The Confirmation

Hearing may be continued from time to time by the Court or the Debtors, in consultation with the

Creditors' Committee, without further notice other than adjournments announced in open court

or through a filing on the Court's docket.  The proposed timing for the Confirmation Hearing is

in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of

Bankruptcy Procedure (the "Local Rules") and will enable the Debtors to pursue confirmation of

the Plan in a timely fashion.

## VI.    ESTABLISHING NOTICE AND OBJECTION PROCEDURES

### A.    <u>NOTICE OF THE CONFIRMATION HEARING</u>

57.    Bankruptcy Rule 2002(b) and (d) requires not less than twenty-eight (28)

days' notice to all creditors and equity security holders of the time fixed for filing objections and

the hearing to consider confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules

2002 and 3017(d), the Debtors propose to provide to all creditors and equity security holders a

copy of a notice substantially in the form annexed to the Approval Order as **Exhibit F** (the

"<u>Confirmation Hearing Notice</u>") setting forth (i) the date of approval of the Disclosure

Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the time fixed for filing

objections to confirmation of the Plan and (v) the time, date, and place of the Confirmation

Hearing.[6]

58.    Bankruptcy Rule 2002(*l*) permits the Court to "order notice by publication

if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

Fed. R. Bankr. P. 2002(*l*).  In addition to mailing the Confirmation Hearing Notice, the Debtors

propose to publish the Confirmation Hearing Notice (or a notice substantially similar thereto) not

less than twenty-eight (28) days before the deadline to file objections to confirmation of the Plan

in *USA Today*.  Additionally, the Debtors will post the Confirmation Hearing Notice

electronically on the Debtors' case information website (located at <u>www.dm.epiq11.com/mesa</u>)

and file the same on the Court's docket.  The Debtors believe that publication of the

Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure

Statement, the Voting Record Date, the Voting Deadline, the time fixed for filing objections to

---

[6] As to the holders of claims in the Voting Classes, the Confirmation Hearing Notice shall be transmitted as part of each such holder's Solicitation Package.

confirmation of the Plan and the time, date and place of the Confirmation Hearing to persons

who do not otherwise receive notice by mail as provided for in the Approval Order.

59.    In light of these facts, the Debtors submit that the foregoing procedures

will provide parties in interest adequate notice of the Confirmation Hearing and, accordingly,

request that the Court approve such notice as adequate and sufficient.

### B.    PROCEDURES FOR THE FILING OF OBJECTIONS TO CONFIRMATION OF THE PLAN

60.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a

plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).

The Confirmation Hearing Notice provides, and the Debtors request that the Court direct that,

objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (i) be

in writing, (ii) conform to the Bankruptcy Rules and the Local Rules, (iii) state the name and

address of the objecting party and the amount and nature of such party's claim or interest,

(iv) state with particularity the basis and nature of any objection to the Plan and (v) be filed,

together with proof of service, with the Court electronically in accordance with the Order

Establishing Certain Notice, Case Management and Administrative Procedures entered by this

Court on January 15, 2010 [Docket No. 103] (the "Case Management Order") and served on the

parties listed in the Confirmation Hearing Notice, in each case **so as to be actually received on**

**or before 4:00 p.m. (prevailing Eastern Time) on  December 2, 2010**.  Any replies will be due

on or before **12:00 noon (prevailing Eastern Time) on December 10, 2010**.

61.    The proposed timing for the filing and service of objections and proposed

modifications will afford the Court, the Debtors and other parties in interest sufficient time to

consider any objections and/or proposed modifications to the Plan prior to the Confirmation

Hearing.

**NOTICE**

62.     Consistent with the procedures described in the Case Management Order, the Debtors will serve notice of this Motion on the Core Parties and the Non-ECF Service Parties (as those terms are defined in the Case Management Order).  In addition, all parties who have requested electronic notice of filings in these Cases through the Court's ECF system will automatically receive notice of this Motion no later than the day after its filing with the Court. Moreover, a copy of this Motion and any Order approving it will be made available on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa).  In addition, the Debtors will serve Disclosure Statement Hearing Notices on:  (i) all persons and entities listed on the internal matrix of creditors maintained by the Debtors and/or identified in the Schedules as holding liquidated, noncontingent and undisputed claims in an amount greater than zero dollars, excluding scheduled claims that have been disallowed, paid in full or superseded by filed proofs of claim; (ii) all persons and entities that timely filed proofs of claim reflected in the official claims register maintained by the Solicitation Agent, to the extent such claims have not been disallowed or expunged prior to the date of such service; (iii) any agent or trustee for the debt instruments of any of the Debtors, including the indenture trustee for the Debtors' pre-petition public debt securities; (iv) all of the registered holders of the Debtors' debt and equity securities; (v) all persons and entities that have appeared on the ECF docket in these cases as of the date hereof; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the Southern District of New York; (viii) the Department of Transportation; and (ix) the Federal Aviation Administration; and (x) the Securities and Exchange Commission.

63.     Bankruptcy Rules 2002(b) and 3017(a) require not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing on the Disclosure Statement.  Bankruptcy Rule 9006(f) provides generally that

an additional three (3) days should be added to notice periods related to motions served by

U.S. mail.  The Debtors, the Creditors' Committee, and their respective professionals have

worked diligently to structure, negotiate, document and finalize the Plan, the Disclosure

Statement, this Motion and the other related documents and motions, and the Debtors filed this

Motion promptly once such documents were finalized.  The Debtors' proposed objection

deadline is thirty-one (31) days from the date hereof, thereby complying with Bankruptcy Rules

2002(b) and 3017(a), and, pursuant to the Case Management Order, most parties in interest will

receive notice of this Motion electronically through the Court's ECF system no later than the day

after its filing with the Court.

        64.    In light of these facts, the Debtors submit that the proposed timing for the

filing and service of notice will afford the Court, the Debtors and other parties in interest

sufficient notice of the Disclosure Statement and, accordingly, request that the Court approve

such notice as adequate and sufficient.

## NO PREVIOUS REQUEST

65.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the Debtors the relief

requested herein and such other and further relief as the Court deems just and proper.

Dated:     September 17, 2010          PACHULSKI STANG ZIEHL & JONES LLP
           New York, New York

By      /s/ Debra I. Grassgreen
        Richard M. Pachulski
        Debra I. Grassgreen
        Maria A. Bove
        John W. Lucas
        780 Third Avenue, 36th Floor
        New York, NY 10017
        Telephone: 212.561.7700
        Facsimile:  212.561.777

        Attorneys for Debtors
        and Debtors in Possession

# **EXHIBIT 1**

## **(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

## ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (V) ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING; AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES

Upon the motion dated September 17, 2010 (the "Motion")[2] of Mesa Air. Group, Inc. and

its subsidiaries that are debtors and debtors in possession in these cases (collectively, the

"Debtors"), for entry of an order (i) approving the Disclosure Statement; (ii) approving the

Solicitation Packages and other notices; (iii) approving forms of Ballots; (iv) establishing

procedures for distributing Solicitation Packages, voting on the Plan and tabulating votes;

(v) allowing and estimating certain claims for voting purposes; (vi) scheduling a confirmation

hearing and (vii) establishing notice and objection procedures, all as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Motion or the Joint Plan of Reorganization of Mesa Air Group and Its Affiliated Debtors and Debtors in Possession (the "Plan"), as applicable.

requested relief being a core proceeding that the Bankruptcy Court can determine pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Debtors having filed with the Court the Disclosure Statement and the Plan; and

notice of the Motion having been served upon (i) all parties on the Master Service List as defined

in the case management order entered in these cases on January 15, 2010 (the "Case

Management Order"), (ii) all persons and entities listed on the internal matrix of creditors

maintained by the Debtors and/or identified in the Schedules as holding liquidated,

noncontingent and undisputed claims, in an amount greater than zero dollars, excluding

scheduled claims that have been disallowed, paid in full or superseded by filed proofs of claim,

(iii) all persons and entities that timely filed proofs of claim reflected in the official claims

register maintained by the Solicitation Agent, to the extent such claims have not been disallowed

or expunged prior to the date of such service, (iv) any agent or trustee for the debt instruments of

any of the Debtors, including the indenture trustee for the Debtors' pre-petition public debt

securities, (v) all of the registered holders of the Debtors' debt and equity securities, (vi) all

persons and entities that have appeared on the ECF docket in these cases as of the date hereof,

(vii) the Internal Revenue Service, (viii) the United States Attorney's Office for the Southern

District of New York, (ix) the Department of Transportation, (x) the Federal Aviation

Administration, and (xi) the Securities and Exchange Commission; and the Affidavits of Service

of the notice of Motion having been sworn to on September [ ], 2010; and the Court having

reviewed the Disclosure Statement, the Motion, the papers in support thereof and the responses

thereto, if any, and the Affidavits of Service; and upon the Disclosure Statement, the Motion, the

papers in support thereof and the responses thereto, if any, and the record of the hearing on

October 26, 2010 in consideration of the same (the "Disclosure Statement Hearing"); and the

Court having found and determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

A.    The Disclosure Statement filed in these cases as Docket No. **[___]** (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including in connection with the Disclosure Statement Hearing) contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code;

B.    The Ballots for the holders of Secured Claims, General Unsecured Claims, Beneficial Holders of and Voting Nominees for holders of General Unsecured Claims (including Beneficial Ballots and Master Ballots), De Minimis Convenience Claims, and 510(a) Subrogation Claims annexed hereto as **Exhibits C-1, C-2, C-3, C-4, C-5 and C-6**, respectively, are substantially consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for the holders of claims in Class 2(a)-(*l*), Class 3(a)-(*l*), Class 4(a)-(*l*) and Class 5(a) and (b) entitled to vote to accept or reject the Plan;

C.    The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated and that Master Ballots reflect the votes of the Beneficial Holders of the Notes;

D.      Ballots need not be provided to the holders of Unimpaired Claims in Class 1(a) –

1(*l*) Priority Non Tax-Claims because the Plan provides that such classes are unimpaired and,

therefore, are deemed to accept the Plan;

E.      Ballots need not be provided to the holders of interests in Classes 6(a)-(*l*)

(Interests) because the Plan provides that they will not receive or retain any property under the

Plan in respect of such interests and, therefore, are deemed to reject the Plan;

F.      The period, set forth below, during which the Debtors may solicit acceptances to

the Plan is a reasonable and adequate period of time for creditors to make an informed decision

to accept or reject the Plan;

G.      The procedures for the solicitation and tabulation of votes to accept or reject the

Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting

process and are consistent with section 1126 of the Bankruptcy Code;

H.      Notice of the Motion substantially in the form annexed to the Approval Order as

**Exhibit D** (the "Disclosure Statement Hearing Notice") served in accordance with the

Bankruptcy Rules, Case Management Order, and the Motion on all of the persons and entities

identified therein constitutes due and proper notice of the Disclosure Statement Hearing and the

relief requested in the Motion, and it appears that no other or further notice need be provided;

I.      The Notice of Citizenship Declaration and Citizenship Declaration substantially

in the form annexed hereto as **Exhibit E** and the procedures set forth below for providing such

notice to holders of Class 3 Claims of the date and time by which such Citizenship Declaration

must be returned to the Debtors constitutes sufficient notice to the applicable interested parties;

and

J.       The Confirmation Hearing Notice substantially in the form annexed hereto as

**Exhibit F** and the procedures set forth below for providing such notice to all creditors and equity

security holders of the time, date and place of the Confirmation Hearing and the contents of the

Solicitation Packages comply with Rules 2002 and 3017 of the Bankruptcy Rules and constitute

sufficient notice to all interested parties.

NOW, THEREFORE, IT IS:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Disclosure Statement is APPROVED; and it is further

ORDERED that **October 26, 2010** is established as the Record Date for purposes of this

Order and determining (a) the creditors who are entitled to vote on the Plan and (b) in the case of

non-voting classes, the creditors and interest holders that are to receive certain informational

materials; and it is further

ORDERED that the Solicitation Packages shall contain (a) a cover letter describing the

contents of the Solicitation Package, the contents of the enclosed CD-ROM (or printed materials

if the Debtors elect to send such printed materials in lieu of a CD-ROM), and instructions for

obtaining printed copies of any materials provided on the CD-ROM at no charge in the event the

Debtors' elect to distribute only the CD-ROM and not printed copies of the Solicitation Package,

(b) a CD-ROM containing (i) the Disclosure Statement (with the Plan annexed thereto and other

exhibits) and (ii) the Approval Order (without exhibits); provided that the Debtors, in their

discretion, may elect to send printed copies of the foregoing documents in lieu of a CD-ROM,

(c) the Confirmation Hearing Notice, (d) a Ballot, Beneficial Ballot, or Master Ballot, as

appropriate, together with a pre-addressed postage-paid envelope and (e) a letter from the

Creditors' Committee regarding acceptance of the Plan, to the extent such letter is provided to

the Debtors by the Creditors' Committee sufficiently in advance of production of the Solicitation

Packages to allow inclusion; and it is further

ORDERED that the Debtors are directed to distribute or cause to be distributed

Solicitation Packages to: (i) all persons and entities identified in the Debtors' schedules of

liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as

modified prior to the Record Date, the "Schedules") as holding liquidated, noncontingent and

undisputed claims in Classes 2(a) – (*l*) through Classes 5(a) – (b) (the "Voting Classes") in an

amount greater than zero dollars, excluding scheduled claims that have been paid in full,

superseded by filed proofs of claim or disallowed or expunged prior to the Solicitation Date,

(ii) all persons and entities that timely filed proofs of claim in the Voting Classes, as reflected in

the official claims register maintained by Epiq Bankruptcy Solutions, LLC (the "Solicitation

Agent") that allege dollar amounts greater than zero or that are contingent or unliquidated but, in

each case, only to the extent that claims have not been disallowed or expunged prior to the

Solicitation Date and (iii) transferees and assignees of any creditor described in (i) or (ii) above,

but only to the extent that the relevant transfer or assignment has been properly noted on the

Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the Record Date and

whose claims have not been disallowed or expunged prior to the Solicitation Date; and it is

further

ORDERED that, with respect to holders of Notes that are entitled to vote (collectively,

the "Beneficial Holders"), the Debtors shall deliver Solicitation Packages, including Beneficial

Ballots, to the record holders of such securities as of the Record Date, including, without

limitation, brokers, banks, dealers or other agents and nominees (collectively, the "Voting

Nominees"), that each Voting Nominee shall be entitled to receive a Master Ballot and a

reasonably sufficient number of Beneficial Ballots and Solicitation Packages to distribute to the

Beneficial Holders of those securities for whom such Voting Nominee is the record holder, that

the Debtors shall deliver Master Ballots to each Voting Nominee after the initial distribution of

Solicitation Packages and that the Debtors are authorized, without further order of this Court, to

reimburse each Voting Nominee for its reasonable, customary and documented out-of-pocket

expenses associated with the (i) distribution of the Beneficial Ballots and Solicitation Packages

to the Beneficial Holders, (ii) tabulation of the Beneficial Ballots (where applicable), and

(iii) completion of Master Ballots (where applicable); and it is further

ORDERED that the Debtors are authorized to distribute or cause to be distributed Master

Ballots to the Voting Nominees after the Solicitation Packages have been forwarded to the

Beneficial Holders in accordance with any applicable customary procedures; and it is further

ORDERED that Voting Nominees shall do the following within five (5) days of their

receipt of the Solicitation Packages:

(a)     forward a Solicitation Package (including a Beneficial Ballot) to each Beneficial Holder and include a return envelope provided by and addressed to the Voting Nominee, so that the Beneficial Holder can return the completed Beneficial Ballot directly to the Voting Nominee.  The Voting Nominee shall advise the Beneficial Holders to return their Beneficial Ballots to the Voting Nominee in sufficient time for the Voting Nominee to prepare and return the Master Ballot to the Solicitation Agent by the Voting Deadline (as defined below).  After Beneficial Ballots are returned, the Voting Nominee shall summarize on the appropriate Master Ballot the votes and other Beneficial Ballot information (*e.g.*, the decision to opt out of releases set forth in the Plan) of its respective Beneficial Holders as reflected in all properly completed and signed Beneficial Ballots, and then return the Master Ballot to the Solicitation Agent by the Voting Deadline (as defined below); or

(b)     distribute "pre-validated" Beneficial Ballots pursuant to the following procedures:

(i)    the Voting Nominee shall forward to the Beneficial Holder the Solicitation Package or copies thereof (including the Disclosure Statement, an individual Beneficial Ballot that has been pre-validated, as indicated below, and a return envelope provided by and addressed to the Solicitation Agent);

(ii)    to "pre-validate" a ballot, the Voting Nominee must complete and execute the Beneficial Ballot (other than Items 2, 3, 4, and 5) and indicate on the Beneficial Ballot the name and DTC Participant Number of the Voting Nominee, the amount of securities held by the Voting Nominee for the Beneficial Holder and the account number(s) for the account(s) in which such securities are held by the Voting Nominee; and

(iii)    the Beneficial Holder shall return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

ORDERED that all Voting Nominees shall keep the original Beneficial Ballots received from Beneficial Holders for a period of at least one (1) year after the Voting Deadline; and it is further

ORDERED that Non-Voting Notices, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B**, as appropriate, shall be distributed to (i) holders, as of the Record Date, of Unimpaired Claims in Class 1(a) – 1(*l*) (Priority Non-Tax Claims), which classes are deemed to accept the Plan and (ii) all holders, as of the Record Date, of interests in Classes 6(a)-(*l*) (Interests), which classes are deemed to reject the Plan; and it is further

ORDERED that with respect to the holders of interests that are reflected in the records maintained by the transfer agent(s) and/or the relevant depositories of the Debtors' equity securities in Non-Voting Classes as of the close of business on the Record Date, the Debtors shall also distribute or cause to be distributed to, without limitation, brokers, dealers, commercial banks, trust companies or other agents and nominees (collectively, the "Non-Voting Nominees")

the appropriate Non-Voting Notices and each Non-Voting Nominee shall be entitled to receive

reasonably sufficient numbers of Non-Voting Notices to distribute to the beneficial owners of the

Pre-Petition Stock and the Debtors are authorized, without further order of this Court, to

reimburse each Non-Voting Nominee for its reasonable, customary and documented out-of-

pocket expenses associated with the distribution of the Impaired Class Non-Voting Notice to the

beneficial owners of Pre-Petition Stock; and it is further

ORDERED that the Non-Voting Nominees shall forward the Impaired Class Non-Voting

Notice to the beneficial owners of the Pre-Petition Stock within five (5) business days of the

receipt by such Non-Voting Nominees of the Impaired Class Non-Voting Notice; and it is further

ORDERED that, with respect to addresses from which the Disclosure Statement Hearing

Notices were returned as undeliverable by the United States Postal Service, the Debtors are

excused from distributing Solicitation Packages, Ballots, Non-Voting Notices, copies of the

Disclosure Statement or Plan or any other materials or notices (including any updates,

supplements, amendments or modifications thereto) to those entities listed at such addresses

unless the Debtors are provided with accurate addresses for such entities before the Solicitation

Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate

notice of the Confirmation Hearing or the Voting Deadline (as defined below) or a violation of

Bankruptcy Rule 3017(d); and it is further

ORDERED that the Debtors are not required to distribute Solicitation Packages, Ballots,

Non-Voting Notices, copies of the Disclosure Statement or Plan or any other materials or notices

(including any updates, supplements, amendments or modifications thereto) to (i) executory

contract or lease counterparties that have only filed or scheduled claims listed as contingent or

unliquidated or (ii) holders of claims against the Debtors that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code; and it is further

ORDERED that, to be counted as a vote to accept or reject the Plan, each Ballot, Master Ballot and pre-validated Beneficial Ballot must be properly executed, completed and the original thereof delivered to the Solicitation Agent so as to be actually received by the Solicitation Agent no later than 4:00 p.m. (prevailing Eastern Time) on **December 2, 2010** (the "Voting Deadline"); and it is further

ORDERED that the Debtors may, after consultation with the Creditors' Committee, extend the Voting Deadline, if necessary, without further order of this Court, to a date that is no later than four (4) calendar days after the Voting Deadline by publishing on the Debtors' case information website (located at www.dm.epiq11.com/mesa) an announcement of such extension by filing the same on this Court's docket; and it is further

ORDERED that, solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of or distribution on account of a claim, and without prejudice to the rights of the Debtors in any other context, each claim in Classes 2(a) – (*l*) through Classes 5(a) - (b) shall be entitled to vote the amount of such claim as set forth in the Schedules (as may be amended from time to time) (the foregoing shall not include the holders of public securities in the Voting Classes) unless such holder has timely filed a proof of claim, in which event such holder shall be entitled to vote the amount of such claim as set forth in such proof of claim; provided, however, that the foregoing shall not apply to holders of Notes; provided, further that:

(a)    If a claim is deemed "Allowed" pursuant to an agreement with the Debtors or an order of this Court prior to or on the Voting Deadline, such claim shall be allowed for voting purposes in the "Allowed" amount set forth in the agreement or this Court's order;

(b)      If a claim for which a proof of claim has been timely filed is wholly

contingent or unliquidated (as determined by the Debtors based upon a reasonable view of the

proof of claim and its supporting documentation) and (i) no objection to it has been filed and

(ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting

purposes in an amount greater than $1.00 has been entered by the Court, in each case prior to or

on the Voting Deadline, such claim shall be temporarily allowed for voting purposes only, and

not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of

such claim shall be marked as voting at $1.00;

(c)      If the Debtors file an objection to a claim prior to the Solicitation Date,

such claim shall be temporarily disallowed for voting purposes only, except to the extent and in

the manner as may be set forth in such objection or such claim is subsequently Allowed, or

temporarily allowed pursuant to Bankruptcy Rule 3018(a), on or before the Voting Deadline;

(d)      If a claim has been "disallowed" by agreement of the claim holder or order

of the Court at any time prior to or on the Voting Deadline, such claim shall also be disallowed

for voting purposes;

(e)      If a claim has been estimated or otherwise allowed for voting purposes by

order of the Court prior to or on the Voting Deadline, such claim shall be temporarily allowed in

the amount so estimated or allowed by the Court for voting purposes only;

(f)      If a claim is listed in the Schedules as contingent, unliquidated or disputed

and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim

established by the Court or (ii) deemed timely filed by an order of the Court prior to or on the

Voting Deadline, then, unless the Debtors have consented in writing or the holder of such claim

obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for

voting purposes, such claim shall be disallowed for voting purposes and for purposes of

allowance and distribution pursuant to Bankruptcy Rule 3003(c);

      (g)    If a claim is partially liquidated and partially unliquidated and (i) no

objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy

Rule 3018(a) temporarily allowing such claim for voting purposes in an amount greater than

$1.00 has been entered by the Court, in each case prior to or on the Voting Deadline, such claim

shall be allowed for voting purposes only in the liquidated amount;

      (h)    If the obligation underlying a claim against one of the Debtors is the

subject of a guarantee by another of the Debtors or a claim was otherwise filed against more than

one Debtor on account of the same obligation that is actually enforceable against such Debtor,

the Debtors propose that the primary claim and the guarantee claim be allowed for voting

purposes with respect to the applicable Debtor;

      (i)    If (a) the obligation underlying a claim against one of the Debtors is the

subject of a guarantee of another Debtor and (b) such claim is an Unimpaired Claim, then any

claim filed in respect of such guarantee shall be disallowed for voting purposes; and

      (j)    Notwithstanding anything to the contrary contained herein, any creditor

who has filed or is the transferee of duplicate claims in any of the Voting Classes (whether

against the same or multiple Debtors) shall be provided with one Solicitation Package and one

ballot and be permitted to vote only a single claim, regardless of whether the Debtors have

objected to such duplicate claims.

      ORDERED that if any claimant seeks to challenge the allowance or disallowance of its

claim for voting purposes such claimant is directed to serve on the Debtors and the Creditors'

Committee and file with the Court on or before the fourteenth (14th) calendar day after the

Solicitation Date, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or reject the Plan; and it is further

ORDERED that as to any creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing; and it is further

ORDERED that if a creditor casts more than one Ballot voting the same claim(s) prior to the Voting Deadline, the last dated and properly completed Ballot received prior to the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots; and it is further

ORDERED that creditors with multiple claims in a single Voting Class must vote all of their claims either to accept or reject the Plan and may not split their votes, and thus (i) no Ballot that partially rejects and partially accepts the Plan and (ii) no Ballot filed by a creditor with multiple claims in the Voting Classes that votes inconsistently will be counted for purposes of voting or the opting out of the release provisions of the Plan, except as otherwise set forth herein; and it is further

ORDERED that, without further order of this Court, except as otherwise set forth herein, any Ballot that is properly completed, executed and timely returned to the Solicitation Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall not be counted for any purpose; and it is further

ORDERED that, without further order of this Court, any Ballot actually received by the Solicitation Agent after the Voting Deadline shall not be counted for purposes of voting or the opting out of the release provisions of the Plan unless the Debtors granted an extension of the Voting Deadline with respect to such Ballot; and it is further

ORDERED that, without further order of this Court, any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted for purposes of voting or the opting out of the release provisions of the Plan, except as otherwise set forth herein; and it is further

ORDERED that, without further order of this Court, any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, without further order of this Court, any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, without further order of this Court, any unsigned Ballot or non-originally signed Ballot shall not be counted for purposes of voting or the opting out of the release provisions of the Plan, except as otherwise set forth herein; and it is further

ORDERED that, without further order of this Court, except as otherwise set forth herein, any Ballot sent directly to any of the Debtors, their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any party other than the Solicitation Agent shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, without further order of this Court, any Ballot cast for a claim that has been disallowed (for voting purposes or otherwise) shall not be counted for any purpose; and it is further

ORDERED that, without further order of this Court, except as otherwise set forth herein, any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, a holder of a claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a); and it is further

ORDERED that, subject to any order of this Court to the contrary, the Debtors may reject any and all Ballots, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; and it is further

ORDERED that, subject to any order of this Court to the contrary, the Debtors may waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice; and it is further

ORDERED that none of the Debtors, the Solicitation Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor shall the Debtors, the Solicitation Agent or any other person or entity incur any liability for failure to provide such notification; and it is further

ORDERED that the Solicitation Agent may disregard any and all defective ballots with no further notice to any other person or entity; and it is further

ORDERED that, with respect to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Holders, for purposes of voting, the amount that will be used to tabulate acceptance or rejection of the Plan will be the Record Amount and the following additional rules shall apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Holders:

(a)       Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities in the applicable securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee;

(b)       To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Ballots, the Debtors will make a reasonable attempt to reconcile discrepancies with the Voting Nominees;

(c)       To the extent that overvotes on a Master Ballot or prevalidated Beneficial Ballots are not reconcilable prior to the preparation of the vote certification, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security as of the Voting Period Date; and

(d)       A single Voting Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest properly completed Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot; and it is further

ORDERED that the Debtors will file with the Court a certification (the "Voting Certification") of the amount of the allowed claims of each class voting to accept or reject the Plan no later than three (3) business days after the Voting Deadline, unless the Voting Deadline

is extended by the Debtors, in which case the Voting Certification shall be filed prior to the

Confirmation Hearing, and such Voting Certification shall be served on the Court, U.S. Trustee,

the Creditors' Committee, and all parties that have requested service in these cases; and it is

further

ORDERED that the Notice of Citizenship Declaration and Citizenship Declaration

substantially in the form annexed hereto as **Exhibit E** is APPROVED and that the Debtors are

authorized to send such Notice of Citizenship Declaration and Citizenship Declaration to the

holders of Class 3 Clams for purposes of determining the form of consideration to be distributed

to such holders under the Plan and that any holder failing to timely return such Citizenship

Declaration shall be deemed to be a Non-U.S. Citizen for purposes of distributions pursuant to

the Plan; and it is further

ORDERED that the Confirmation Hearing Notice substantially in the form annexed

hereto as **Exhibit F** is APPROVED; and it is further

ORDERED that the Confirmation Hearing Notice shall be transmitted to all creditors and

equity security holders; and it is further

ORDERED that the Confirmation Hearing will be held at 10:00 am (prevailing Eastern

Time) on **December 15, 2010**; provided, however, that the Confirmation Hearing may be

adjourned from time to time by the Court or the Debtors without further notice to parties other

than a notice filed on the Court's docket or an announcement in Court at the Confirmation

Hearing or any adjourned Confirmation Hearing; and it is further

ORDERED that the Debtors shall publish the Confirmation Hearing Notice on or before

the date that is twenty-eight (28) days before the deadline to file objections to confirmation of the

Plan in *USA Today*, shall post such notice electronically on the Debtors' case information

website (located at www.dm.epiq11.com/mesa), and shall file the same on this Court's docket;

and it is further

ORDERED that (a) objections to confirmation of the Plan or proposed modifications to

the Plan, if any, must (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules of Bankruptcy Procedure, (iii) state the name and address of the objecting

party and the amount and nature of such party's claim or interest, (iv) state with particularity the

basis and nature of any objection to the Plan and (v) be filed, together with proof of service, with

the Court electronically in accordance with the Case Management Order and served on the

parties listed in the Confirmation Hearing Notice, in each case so as to be actually received on or

**before 4:00 p.m. (prevailing Eastern Time) on December 2, 2010** and (b) all replies to

objections shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on December 10,**

**2010**; and it is further

ORDERED that objections to confirmation of the Plan not timely filed and served in the

manner set forth above shall not be considered and shall be overruled; and it is further

ORDERED that the Debtors are authorized to take or refrain from taking any action

necessary or appropriate to implement the terms of and the relief granted in this Order without

seeking further order of the Court; and it is further

ORDERED that the Debtors are authorized to make nonsubstantive changes to the

Disclosure Statement, Plan, Ballots, Non-Voting Notices, the Notice of Citizenship Declaration,

the Citizenship Declaration, the Confirmation Hearing Notice, and all exhibits to any of the

foregoing without further order of the Court, including, without limitation, changes to correct

typographical and grammatical errors and to make conforming changes among the Disclosure

Statement, the Plan and any other materials in the Solicitation Package prior to their distribution; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Approval Order.

Dated:  October __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## (Unimpaired Class Non-Voting Notice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS WITH RESPECT
### TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE** that by order entered on **October [ ], 2010**

(the "Approval Order"), the United States Bankruptcy Court for the Southern District of New

York approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its

subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and directed

the Debtors to solicit votes to accept or reject the Joint Plan of Reorganization of Mesa Air

Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as the same may

be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan")[2]

annexed as Exhibit A to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** THAT UNDER THE TERMS OF

THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IS/ARE NOT IMPAIRED AND,

THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU

ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

ENTITLED TO VOTE ON THE PLAN.  ACCORDINGLY, THIS NOTICE IS PROVIDED

FOR INFORMATIONAL PURPOSES ONLY.

**PLEASE TAKE FURTHER NOTICE** THAT TO OBTAIN A COPY OF

THE APPROVAL ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU MAY

VISIT THE DEBTORS' CASE INFORMATION WEBSITE (LOCATED AT

www.dm.epiq11.com/mesa) OR CONTACT THE DEBTORS' SOLICITATION AGENT, EPIQ

BANKRUPTCY SOLUTIONS, LLC, AT 646- 282-2400.

Dated:    October __, 2010           PACHULSKI STANG ZIEHL & JONES LLP
          New York, New York

                                     By  _____
                                         Richard M. Pachulski
                                         Laura Davis Jones
                                         Debra I. Grassgreen
                                         Maria A. Bove
                                         John W. Lucas
                                         780 Third Avenue, 36th Floor
                                         New York, NY 10017
                                         Telephone: 212.561.7700
                                         Facsimile:  212.561.777

                                         Attorneys for Debtors
                                         and Debtors in Possession

# **EXHIBIT B**

## **(Impaired Class Non-Voting Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS WITH RESPECT
### TO IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE** that by order entered on **October [ ], 2010**

(the "Approval Order"), the United States Bankruptcy Court for the Southern District of New

York approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its

subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and directed

the Debtors to solicit votes to accept or reject the Joint Plan of Reorganization of Mesa Air

Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as the same may

be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan")[2]

annexed as Exhibit A to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** THAT UNDER THE TERMS OF

THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON

ACCOUNT OF YOUR INTEREST(S) IN THE DEBTORS AND, THEREFORE, PURSUANT

TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE

REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the
Plan.

ACCORDINGLY, THIS NOTICE IS PROVIDED FOR INFORMATIONAL PURPOSES

ONLY.

**PLEASE TAKE FURTHER NOTICE** THAT TO OBTAIN A COPY OF

THE APPROVAL ORDER, THE PLAN OR THE DISCLOSURE STATEMENT, YOU MAY

VISIT THE DEBTORS' CASE INFORMATION WEBSITE (LOCATED AT

www.dm.epiq11.com/mesa) OR CONTACT THE DEBTORS' SOLICITATION AGENT, EPIQ

BANKRUPTCY SOLUTIONS, LLC, AT 646- 282-2400.

Dated:    October __, 2010          PACHULSKI STANG ZIEHL & JONES LLP
          New York, New York

                                    By   _____
                                         Richard M. Pachulski
                                         Laura Davis Jones
                                         Debra I. Grassgreen
                                         Maria A. Bove
                                         John W. Lucas
                                         780 Third Avenue, 36th Floor
                                         New York, NY 10017
                                         Telephone: 212.561.7700
                                         Facsimile:  212.561.777

                                         Attorneys for Debtors
                                         and Debtors in Possession

# EXHIBIT C-1

## (Ballot – Secured Claims)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF**
**REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR VOTING CLAIMS IN CLASS 2 (SECURED CLAIMS)**

      The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Appendix A to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket. If you were, as of **October 26, 2010**, the holder of one or more claims in Class 2 (Secured Claims) ("Class 2"), please use this Ballot to cast your vote to accept or reject the Plan. The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**December 2, 2010.**

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

---

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2.

3.    IF YOU HAVE VOTED EITHER TO ACCEPT OR REJECT THE PLAN BY COMPLETING ITEM 2 AND WISH TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, COMPLETE ITEM 3.  PLEASE TAKE NOTICE THAT IF YOU FAIL TO VOTE AND/OR FAIL TO PROPERLY EXECUTE THIS BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS AND THE APPROVAL ORDER, ANY ELECTION TO OPT OUT WILL NOT BE VALID.

4.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

5.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

6.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 2 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

7.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

8.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **DECEMBER 2, 2010 AT 4:00 P.M.** (PREVAILING EASTERN TIME).  YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW:

By Courier/Hand Delivery          By U.S. Mail
Mesa Air Group Ballot Processing          Mesa Air Group Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC          c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor          P.O. Box 5014, FDR Station
New York, NY 10017          New York, NY 10150-5014

---

Item 1:    <u>Amount of Class 2 Claims Voted</u>.  The undersigned certifies that, as of **October 26, 2010**, the undersigned held Class 2 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$\underline{\hspace{3cm}}$

Item 2: <u>Voting</u>.  The holder of the Class 2 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Release</u>.  If you voted in Item 2 above (regardless of whether you voted to accept or reject the Plan), you may check the box below to opt out of the release provisions contained in Section 9.3.2 of the Plan.  **IF YOU (I) VOTED IN ITEM 2 ABOVE EITHER TO ACCEPT OR REJECT THE PLAN AND YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW, (II) FAIL TO VOTE, OR (III) FAIL TO PROPERLY EXECUTE THIS BALLOT, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN).**

**Opt Out** of the release provisions.

Item 4: <u>Certification</u>.  By returning this Ballot, the holder of the Class 2 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 2 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 2 Claims identified in Item 1, (c) it was the holder of the Class 2 Claims identified in Item 1 as of **October 26, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS
BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE
DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM
OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE
SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M.
(PREVAILING EASTERN TIME) ON DECEMBER 2, 2010, OR YOUR VOTE WILL
NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES
OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS,
PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS,
LLC, AT 646-282-2400.**

# EXHIBIT C-2

## (Ballot – General Unsecured Claims)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR VOTING CLAIMS IN CLASS 3 (GENERAL UNSECURED CLAIMS)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Appendix A to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket. If you were, as of **October 26, 2010**, the holder of one or more claims in Class 3 (General Unsecured Claims) ("Class 3"), please use this Ballot to cast your vote to accept or reject the Plan. The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**DECEMBER 2, 2010.**

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan, (ii) to elect to convert your Class 3 Claim into an Allowed Class 4 (De Minimis Convenience Claim), and/or (iii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

<div style="border:1px solid black">

### HOW TO VOTE

1.   COMPLETE ITEM 1.

2.   COMPLETE ITEM 2.

3.   YOU <u>MAY</u> ELECT TO REDUCE YOUR CLASS 3 CLAIM TO **$100,000** AND ACCEPT A CASH PAYMENT EQUAL TO THE AMOUNT OF SUCH CLAIM MULTIPLIED BY THE ESTIMATED RECOVERY PERCENTAGE OF THE CLAIM AGAINST THE APPLICABLE DEBTOR AS SET FORTH ON EXHIBIT D OF THE PLAN.  COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.   IF YOU HAVE VOTED EITHER TO ACCEPT OR REJECT THE PLAN BY COMPLETING ITEM 2 AND WISH TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, COMPLETE ITEM 4.  PLEASE TAKE NOTICE THAT IF YOU FAIL TO VOTE AND/OR FAIL TO PROPERLY EXECUTE THIS BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS AND THE APPROVAL ORDER, ANY ELECTION TO OPT OUT WILL NOT BE VALID.

5.   REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

6.   **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.   YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 3 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

8.   ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

9.   FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **DECEMBER 2, 2010 AT 4:00 P.M.** (PREVAILING EASTERN TIME).  YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW:

<u>By Courier/Hand Delivery</u>                      <u>By U.S. Mail</u>
Mesa Air Group Ballot Processing          Mesa Air Group Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC        c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor               P.O. Box 5014, FDR Station
New York, NY 10017                        New York, NY 10150-5014

</div>

Item 1:    Amount of Class 3 Claims Voted.  The undersigned certifies that, as of **October 26, 2010**, the undersigned held Class 3 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$_____

Item 2: Voting.  The holder of the Class 3 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR    **Reject** the Plan

Item 3:  **OPTIONAL** - De Minimis Convenience Claim.  By checking the box below, you **may** elect to reduce your Allowed Claim to **$100,000** and receive a cash payment equal to the amount of such claim multiplied by the estimated recovery percentage of the claim against the applicable Debtor as set forth on Exhibit D of the Plan.  By making this voluntary election, you are agreeing to have your claim reclassified as a Class 4 De Minimis Convenience Claim and have your vote tabulated among those creditors permitted to vote in Class 4.

**Elect** to reduce Allowed Claim and treat as a De Minimis Convenience Claim

Item 4: Release.  If you voted in Item 2 above (regardless of whether you voted to accept or reject the Plan), you may check the box below to opt out of the release provisions contained in Section 9.3.2 of the Plan.  **IF YOU (I) VOTED IN ITEM 2 ABOVE EITHER TO ACCEPT OR REJECT THE PLAN AND YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW, (II) FAIL TO VOTE, OR (III) FAIL TO PROPERLY EXECUTE THIS BALLOT, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN).**

**Opt Out** of the release provisions

Item 5: Certification.  By returning this Ballot, the holder of the Class 3 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 3 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 3 Claims identified in Item 1, (c) it was the holder of the Class 3 Claims identified in Item 1 as of **October 26, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____
_____

Telephone Number: _____

Date Completed: _____

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 2, 2010, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-3

## (General Unsecured Beneficial Ballot)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BENEFICIAL BALLOT FOR HOLDERS OF CLAIMS IN CLASS 3**

**(GENERAL UNSECURED CLAIMS) ARISING FROM NOTES**

      The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]  The Plan is Appendix A to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Beneficial Ballot and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  General unsecured claims in the form of certain public debt securities (the "Notes," as defined in the Plan) of the Debtors issued prior to the commencement of the Debtors' chapter 11 cases have been placed in Class 3 (General Unsecured Claims) ("Class 3").  If you were, as of **October 26, 2010**, the beneficial holder of one or more Notes, whether held directly or through a broker, bank, dealer, or other agent or nominee (each, a "Voting Nominee"), please use this Beneficial Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you cannot access or have not received the CD-ROM or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).
[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. All of your general unsecured claims arising from Notes against the Debtors have been placed in Class 3 under the Plan. If you hold claims in multiple accounts, you will receive a Beneficial Ballot for each account for which you are entitled to vote.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**DECEMBER 2, 2010.**

**Upon completion, this Beneficial Ballot should be returned either to your Voting Nominee or to the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, as directed on the enclosed pre-addressed postage paid envelope. If you are directed to return this Beneficial Ballot to your Voting Nominee, please allow sufficient time for your Voting Nominee to transmit your vote to the Solicitation Agent on a Master Ballot by the Voting Deadline. If this Beneficial Ballot or the Master Ballot cast on your behalf by your Voting Nominee is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

**[Continued on next page]**

## **HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2.

3.    IF YOU HAVE VOTED EITHER TO ACCEPT OR REJECT THE PLAN BY COMPLETING ITEM 2 AND WISH TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, COMPLETE ITEM 3.  PLEASE TAKE NOTICE THAT IF YOU FAIL TO VOTE AND/OR FAIL TO PROPERLY EXECUTE THIS BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS AND THE APPROVAL ORDER, ANY ELECTION TO OPT OUT WILL NOT BE VALID.

4.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

5.    SIGN AND DATE THIS BENEFICIAL BALLOT (UNLESS THIS BENEFICIAL BALLOT HAS ALREADY BEEN SIGNED OR PREVALIDATED BY YOUR VOTING NOMINEE) AND FILL OUT THE OTHER REQUIRED INFORMATION.

7.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR NOTES AND ALL OF YOUR OTHER CLASS 3 CLAIMS, EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

8.    ANY EXECUTED BENEFICIAL BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, **WILL NOT BE COUNTED**.

Item 1: <u>Amount of Notes Voted</u>.  The undersigned certifies that, as of **October 26, 2010**, the undersigned held Notes in the following aggregate principal amount (insert amount in the box below):

$\underline{\hspace{2in}}$

Item 2:  <u>Voting</u>.  The holder of the Notes identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes your vote **will not be counted**):

**Accept** the Plan  OR    **Reject** the Plan

Item 3: <u>Release</u>.  If you voted in Item 2 above (regardless of whether you voted to accept or reject the Plan), you may check the box below to opt out of the release provisions contained in Section 9.3.2 of the Plan.  **IF YOU (I) VOTED IN ITEM 2 ABOVE EITHER TO ACCEPT OR REJECT THE PLAN AND YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW, (II) FAIL TO VOTE, OR (III) FAIL TO PROPERLY EXECUTE THIS BALLOT, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN).**

**Opt Out** of the release provisions

Item 4: <u>Identify All Class 3 Claims Arising from other Notes</u>.  By returning this Beneficial Ballot, the holder of the Notes identified in Item 1 certifies that (a) this Beneficial Ballot is the only Beneficial Ballot submitted for Notes owned by such holder, except for any other Notes identified in the following table, and (b) all Beneficial Ballots for any other Notes submitted by the holder indicate the same vote to accept or reject the Plan that the holder has indicated in Item 2 of this Beneficial Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER BALLOTS OR BENEFICIAL BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of other Notes Claims |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

Item 5: Certification.  By returning this Beneficial Ballot, the holder of the Notes identified in Item 1 certifies that (a) it has full power and authority to vote to accept or reject the Plan with respect to the Notes listed in Item 1, (b) it was the holder of the Notes described in Item 1 as of **October 26, 2010**, (c) all Ballots or Beneficial Ballots to vote Class 3 Claims indicate the same vote to accept or reject the Plan that the holder has indicated on this Beneficial Ballot, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

**YOUR RECEIPT OF THIS BENEFICIAL BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

This Beneficial Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

> **UPON COMPLETION, THIS BENEFICIAL BALLOT SHOULD BE RETURNED EITHER TO YOUR VOTING NOMINEE OR TO THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AS DIRECTED ON THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE.  IF YOU ARE DIRECTED TO RETURN THIS BENEFICIAL BALLOT TO YOUR VOTING NOMINEE, YOUR VOTING NOMINEE WILL TRANSMIT YOUR VOTE TO THE SOLICITATION AGENT ON A MASTER BALLOT.**
>
> **IF THIS BENEFICIAL BALLOT OR THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR VOTING NOMINEE IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.

# EXHIBIT C-4

## (General Unsecured Master Ballot)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**MASTER BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT**
**PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**MASTER BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 3**
**(GENERAL UNSECURED CLAIMS) ARISING FROM NOTES**

THIS MASTER BALLOT MUST BE *RECEIVED* BY THE SOLICITATION AGENT ON OR BEFORE THE **VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 2, 2010** OR THE VOTES REPRESENTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Appendix A to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or in the other materials contained in the Solicitation Packages you have already received and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket. The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist creditors in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.

This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (the "Voting Nominee") to transmit the votes of holders of Notes that are entitled to vote on the Plan (each such holder, a "Beneficial Holder"). Before you transmit such votes, please carefully review the Disclosure Statement and the Approval Order contained on the CD-ROM or other materials that was included in the Solicitation Packages you have already received.

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to transmit votes to accept or reject the Plan and/or (ii) report elections to opt out of the release provisions contained in Section 9.3.2 of the Plan.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE THE VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 2, 2010. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED ON THIS MASTER BALLOT WILL NOT BE COUNTED.**

**You should review the Disclosure Statement, the Plan and the Approval Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the general unsecured claims of the Beneficial Holders under the Plan. Such claims have been placed in Class 3 (General Unsecured Claims) ("Class 3") under the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted on this Master Ballot.**

Item 1: Certification of Authority to Vote. The undersigned certifies that, as of the **October 26, 2010** record date, the undersigned (please check the applicable box):

☐ Was a broker, bank, dealer or other nominee for the Beneficial Holders of the aggregate principal amount of the Notes listed in Item 2 below, and was the registered holder thereof, or

☐ Was acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, dealer or other nominee that was the registered holder of the aggregate principal amount of the Notes listed in Item 2 below or

☐ Had been granted a proxy (an original of which is attached hereto) from a broker, bank, dealer or other nominee or a Beneficial Holder that was the registered holder of the aggregate principal amount of the Notes listed in Item 2 below

and accordingly, has full power and authority to (1) vote to accept or reject the Plan and/or (2) opt out of the release provisions contained in Section 9.2.3 of the Plan, each on behalf of the Beneficial Holders of the Notes listed in Item 2 below.

Item 2 and Item 3:

Vote and Release.  The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Plan; and (2) decisions to opt out of the release provisions contained in Section 9.2.3 of the Plan.  The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below were Beneficial Holders of the Notes as of the **October 26, 2010** record date and have delivered to the undersigned, as Voting Nominee, properly executed Beneficial Ballots casting such votes on the Plan and exhibiting such decisions to opt out of the release provisions contained in Section 9.2.3 of the Plan.

**ANY EXECUTED MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

Please indicate the requested information in the appropriate column.  For purposes of this Master Ballot, accrued or unmatured interest should not be included in the aggregate principal amount voted for each account.  Please note that each Beneficial Holder must vote all of its Class 3 Claims either to accept or reject the Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

| Your Customer Account Number for each Beneficial Holder | Item 2. Principal Amount of Note Claims Voting | | Item 3. Check box below if Beneficial Holder has elected to OPT OUT of the Release |
|---|---|---|---|
| | To ACCEPT the Plan | To REJECT the Plan | |
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |

Item 4: <u>Transcription</u>.  The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the ballots of Beneficial Holders (each, a "<u>Beneficial Ballot</u>"):

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Ballot | | | |
| --- | --- | --- | --- | --- |
| | Account Number | Name of Registered Holder or Nominee | CUSIP of Other Notes Voted | Principal Amount of Other Note Claims |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |

Item 5: <u>Certification</u>.  By signing this Master Ballot, the undersigned (i) certifies that each Beneficial Holder listed in Item 2 above has been provided with a Solicitation Package (and all contents thereof, including a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Approval Order and the Disclosure Statement, (iii) certifies that it received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, and (iv) certifies that it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder.

Name of Broker, Bank, or Other Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____
(If Applicable)

E-Mail Address:_____

Signature:_____

Print Name:_____

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

---

**THIS MASTER BALLOT MUST BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 2, 2010, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

**PLEASE NOTE: THE SOLICITATION AGENT WILL *NOT* ACCEPT BENEFICIAL BALLOTS OR MASTER BALLOTS BY ELECTRONIC OR FACSIMILE TRANSMISSION.**

**ANY EXECUTED BENEFICIAL BALLOT OR MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.         The Master Ballot is to be used by brokers, banks, dealers or other agents or nominees (each, a "Voting Nominee") to transmit the votes of holders of the Debtors' public debt securities (the "Notes") that are entitled to vote on the Plan (each such holder, a "Beneficial Holder" and each such ballot cast by such holder, a "Beneficial Ballot"): (1) votes cast by Beneficial Holders to accept or reject the Plan referred to in the Disclosure Statement; and (2) decisions by the Beneficial Holders to opt out of the release provisions contained in Section 9.2.3 of the Plan.  The Disclosure Statement, Plan and other related documents have been provided to the Beneficial Holders on the CD-ROM or other materials included in each Solicitation Package and are accessible on the Debtors' case information website (located at www.dm.epiq11.com/mesa).  Hard copies of such documents may also be obtained at no charge, by contacting the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, by writing to Epiq Bankruptcy Solutions, LLC, Attn:  Mesa Air Group Ballot Processing, P.O. Box 5014, FDR Station, New York, NY 10150-5014 or by calling (646) 282-2400.  All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meanings ascribed to them in the Plan.

2.         If you are transmitting the vote of any Beneficial Holder other than yourself, you may either:

      a.    Complete and execute the Beneficial Ballots (other than Items 2, 3, and 4) and deliver to the Beneficial Holder such "pre-validated" Beneficial Ballots, along with the Solicitation Package and other materials requested to be forwarded.  The Beneficial Holder should complete Items 2, 3 and 4 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Solicitation Agent so as to be received before the Voting Deadline.

*OR*

      b.    For any Beneficial Ballot you do not "pre-validate":

Deliver the Beneficial Ballot to the Beneficial Holder, along with the Solicitation Package and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Plan and completing the other items as appropriate and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Solicitation Agent so as to be received before the Voting Deadline of **4:00 P.M. (prevailing Eastern Time) on December 2, 2010** at the applicable addresses set forth below:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

With respect to all Beneficial Ballots returned to you, please properly complete the Master Ballot as follows:

      i.    Provide appropriate information for each of the items on the Master Ballot. Please note that Items 2, 3 and 4 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders,

please use the customer name and/or account number assigned by you to each such Beneficial Holder.

ii.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

iii.    Sign and date the Master Ballot and fill out the other required information.

iv.     If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

v.      Provide your name and other requested information.

vi.     Deliver the Master Ballot to the Solicitation Agent so as to be received before the Voting Deadline of 4:00 P.M. (prevailing Eastern Time) on **December 2, 2010**.

vii.    If you are both the registered holder and the Beneficial Holder of any Notes and you wish to vote such Notes, you may return either a Beneficial Ballot or a Master Ballot to the Solicitation Agent before the Voting Deadline.

3.          Pursuant to the Approval Order, all original Beneficial Ballots received from Beneficial Holders must be kept by you until **December 2, 2011** (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.

4.          If a Master Ballot is not actually received until after the Voting Deadline, it will not be counted.  The method of delivery of a Master Ballot to the Solicitation Agent is at the election and risk of each entity.  Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service.  In all cases, sufficient time should be allowed to assure timely delivery.

5.          Master Ballots should only be sent to the Solicitation Agent.  They should not be sent to the Debtors, any other agent or the Debtors' financial or legal advisors.

6.          The Master Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan..

7.          If multiple Master Ballots or Beneficial Ballots are received from or on behalf of the same claimant with respect to the same Claims prior to the Voting Deadline, the last properly completed Master Ballot or Beneficial Ballot timely received will supersede and revoke any earlier received Master Ballot or Beneficial Ballot.

8.          No Master Ballot or Beneficial Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

9.          The following Master Ballots or Beneficial Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Master Ballot or Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Master Ballot or Beneficial Ballot cast by a person or entity that does not hold a Class 3 Claim; (iii) any Master Ballot or Beneficial Ballot sent to the Solicitation Agent by facsimile or other electronic means; (iv) any Master

Ballot or Beneficial Ballot that is properly completed and executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan or any Beneficial Ballot that indicates both an acceptance and a rejection of the Plan; (v) any unsigned or non-originally signed Master Ballot or Beneficial Ballot; (vi) any Master Ballot or Beneficial Ballot sent directly to any of the Debtors, their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any other party other than the Solicitation Agent; (vii) any Master Ballot or Beneficial Ballot cast for a claim that has been disallowed (for voting purposes or otherwise); and (xiii) any Master Ballot or Beneficial Ballot actually received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Master Ballot or Beneficial Ballot.

10.             A claimant with multiple Class 3 Claims must vote all of its claims either to accept or reject the Plan and may not split its vote. Accordingly, no Beneficial Ballot that partially rejects and partially accepts the Plan and no Beneficial Ballot filed by a claimant with multiple Class 3 Claims that votes inconsistently will be counted.

11.             Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Master Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Solicitation Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

12.             If you believe you have received the wrong Beneficial Ballots or Master Ballot, please contact the Solicitation Agent immediately.

13.             We will, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

<div align="center">PLEASE DELIVER THIS MASTER BALLOT PROMPTLY.</div>

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-5

## (DE MINIMIS CONVENIENCE CLAIM BALLOT)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### BALLOT FOR VOTING CLAIMS - CLASS 4 (DE MINIMIS CONVENIENCE CLAIMS)

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]  The Plan is Appendix A to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  If you were, as of **October 26, 2010**, the holder of one or more claims in Class 4 (De Minimis Convenience Claims) ("Class 4"), please use this Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

### VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON

### DECEMBER 2, 2010.

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

| **HOW TO VOTE** |
|---|

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2.

3.    IF YOU HAVE VOTED EITHER TO ACCEPT OR REJECT THE PLAN BY COMPLETING ITEM 2 AND WISH TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, COMPLETE ITEM 3.  PLEASE TAKE NOTICE THAT IF YOU FAIL TO VOTE AND/OR FAIL TO PROPERLY EXECUTE THIS BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS AND THE APPROVAL ORDER, ANY ELECTION TO OPT OUT WILL NOT BE VALID.

4.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

5.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION**.

6.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 2 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

7.    ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

8.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **DECEMBER 2, 2010 AT 4:00 P.M.** (PREVAILING EASTERN TIME).  YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW:

By Courier/Hand Delivery
Mesa Air Group Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

By U.S. Mail
Mesa Air Group Ballot Processing
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 5014, FDR Station
New York, NY 10150-5014

Item 1:    <u>Amount of Class 4 Claims Voted</u>.  The undersigned certifies that, as of **October 26, 2010**, the undersigned held Class 4 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$\underline{\hspace{3cm}}$

Item 2: <u>Voting</u>.  The holder of the Class 4 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Release</u>.  If you voted in Item 2 above (regardless of whether you voted to accept or reject the Plan), you may check the box below to opt out of the release provisions contained in Section 9.3.2 of the Plan **IF YOU (I) VOTED IN ITEM 2 ABOVE EITHER TO ACCEPT OR REJECT THE PLAN AND YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW, (II) FAIL TO VOTE, OR (III) FAIL TO PROPERLY EXECUTE THIS BALLOT, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN).**

**Opt Out** of the release provisions.

Item 4: <u>Certification</u>.  By returning this Ballot, the holder of the Class 4 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 4 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 4 Claims identified in Item 1, (c) it was the holder of the Class 4 Claims identified in Item 1 as of **October 26, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 2, 2010, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-6

## (510(a) Subrogation Claims Ballot)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR VOTING CLAIMS IN CLASS 5 (510(a) Subrogation Claims)**

   The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Appendix A to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket. If you were, as of **October 26, 2010**, the holder of one or more claims in Class 5 (510(a) Subrogation Claims) ("Class 5"), please use this Ballot to cast your vote to accept or reject the Plan. The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**DECEMBER 2, 2010.**

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

---

**HOW TO VOTE**

1.    COMPLETE ITEM 1

2.    COMPLETE ITEM 2.

3.    IF YOU HAVE VOTED EITHER TO ACCEPT OR REJECT THE PLAN BY COMPLETING ITEM 2 AND WISH TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, COMPLETE ITEM 3.  PLEASE TAKE NOTICE THAT IF YOU FAIL TO VOTE AND/OR FAIL TO PROPERLY EXECUTE THIS BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS AND THE APPROVAL ORDER, ANY ELECTION TO OPT OUT WILL NOT BE VALID.

4.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

5.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

6.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 5 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

7.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

8.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **DECEMBER 2, 2010 AT 4:00 P.M.** (PREVAILING EASTERN TIME).  YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

Item 1:   <u>Amount of Class 5 Claims Voted</u>.  The undersigned certifies that, as of **October 26, 2010**, the undersigned held Class 5 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$\$$_____

Item 2: <u>Voting</u>.  The holder of the Class 5 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Release</u>.  If you voted in Item 2 above (regardless of whether you voted to accept or reject the Plan), you may check the box below to opt out of the release provisions contained in Section 9.3.2 of the Plan.  **IF YOU (I) VOTED IN ITEM 2 ABOVE EITHER TO ACCEPT OR REJECT THE PLAN AND YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW, (II) FAIL TO VOTE, OR (III) FAIL TO PROPERLY EXECUTE THIS BALLOT, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN).**

**Opt Out** of the release provisions

Item 4: <u>Certification</u>.  By returning this Ballot, the holder of the Class 5 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 5 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 5 Claims identified in Item 1, (c) it was the holder of the Class 5 Claims identified in Item 1 as of **October 26, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 2, 2010, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# **EXHIBIT D**

## **(Disclosure Statement Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER APPROVAL OF
DEBTORS' PROPOSED DISCLOSURE STATEMENT WITH RESPECT TO
JOINT CHAPTER 11 PLAN OF REORGANIZATION AND RELATED MATTERS**

       **PLEASE TAKE NOTICE** that on **September 17, 2010**, Mesa Air Group, Inc.
and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively,
the "Debtors") have filed herewith (a) a proposed disclosure statement (the "Disclosure
Statement") relating to the Debtors' proposed joint chapter 11 plan of reorganization (the "Plan")
and (b) a motion seeking approval of, among other things, the Disclosure Statement (the
"Motion").

       **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion
(the "Disclosure Statement Hearing") will be held before the Martin Glenn, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One
Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **October 26, 2010 at
10:00 a.m.** (prevailing Eastern Time) or as soon thereafter as counsel may be heard.

       **PLEASE TAKE FURTHER NOTICE** that the Motion, the Disclosure
Statement, and the Plan are on file with the Clerk of the Bankruptcy Court and may be examined
by interested parties at the Office of the Clerk between the hours of 8:30 a.m. and 5:00 p.m.,
Monday through Friday.  These materials may also be downloaded by accessing the Bankruptcy
Court's Electronic Case Filing System, which can be found on the Bankruptcy Court's official
website (located at www.nysb.uscourts.gov).  A login and password are required to download
materials from this website and can be obtained through the PACER Service Center (located at
www.pacer.psc.uscourts.gov).  The Motion, the Disclosure Statement and the Plan can also be
downloaded free of charge from the Debtors' case information website (located at
www.dm.epiq11.com/mesa).  Copies of the Disclosure Statement and the Plan may also be
obtained by writing to the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, P.O. Box
5014, FDR Station, New York, NY 10150-5014, (646) 282-2400.

       **PLEASE TAKE FURTHER NOTICE** that responses, objections and proposed
modifications to the Disclosure Statement and/or the Motion must (a) be in writing, (b) state the

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

name and address of the objecting or responding party and the nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Disclosure Statement to resolve any such objection or response and (d) be filed, together with proof of service, with the Bankruptcy Court in accordance with the *Order Granting Motion to Approve the Implementation of Notice and Case Management Procedures* entered by this Court on January 15, 2010 and served so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on October 18, 2010** by (i) the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Attn:  Honorable Martin Glenn; (ii) the Office of the United States Trustee for the Southern District of New York (the "OUST"), 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andrea Schwartz, (iii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn:  Debra I. Grassgreen and John W. Lucas), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn:  Maria A. Bove), attorneys for the Debtors, (iv) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn:  Brian S. Gillman, Esq.), and (v) counsel to the Creditors' Committee, Morrison & Foerster, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller and Lorenzo Marinuzzi).

        **PLEASE TAKE FURTHER NOTICE** THAT IF ANY OBJECTION TO THE DISCLOSURE STATEMENT AND/OR THE MOTION IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

        **PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement Hearing may be adjourned or continued from time to time by the Debtors or the Bankruptcy Court without further notice to creditors or parties in interest other than an announcement of such adjournment at the Disclosure Statement Hearing or at a later hearing or by filing a notice on the Bankruptcy Court's docket.

Dated:    September 17, 2010           PACHULSKI STANG ZIEHL & JONES LLP
           New York, New York

                       By  _____

                            Richard M. Pachulski
                            Debra I. Grassgreen
                            Maria A. Bove
                            John W. Lucas
                            780 Third Avenue, 36th Floor
                            New York, NY 10017
                            Telephone: 212.561.7700
                            Facsimile:  212.561.777

                            Attorneys for Debtors
                            and Debtors in Possession

# **EXHIBIT E**

## **(Notice of Citizenship Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF CITIZENSHIP DECLARATION
### FOR PURPOSES OF DISTRIBUTIONS TO HOLDERS
### OF ALLOWED CLASS 3 CLAIMS AND CLASS 5 CLAIMS UNDER THE PLAN

**PLEASE TAKE NOTICE** that by order entered on **October [ ], 2010**

(the "Approval Order"), the United States Bankruptcy Court for the Southern District of New

York approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its

subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and directed

the Debtors to, among other things, obtain citizenship information from the holders of claims in

Class 3 and Class 5 of the *Debtors' Joint Plan of Reorganization of Mesa Air Group, Inc. and

Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (as the same may be updated,

supplemented, amended and/or otherwise modified from time to time, the "Plan")[2].

**PLEASE TAKE FURTHER NOTICE** that the Approval Order requires

holders of Class 3 Claims and Class 5 Claims to return a declaration in the form annexed hereto

as Exhibit A (the "Citizenship Declaration"), which provides and verifies the following

information:  (i) name of creditor; (ii) amount of allowed claim; and (iii) whether such person or

entity is a U.S. Citizen or Non-U.S. Citizen as defined by title 49 of the United States Code.  You

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

should return your Citizenship Declaration within ten (10) calendar days after the date below,

unless you are a Noteholder, in which case your Citizenship Declaration should be returned at

the same time you surrender your Notes.  If the Citizenship Declaration is not received prior to

the Initial Distribution Date, or the subsequent Interim Distribution Date(s), or Final Distribution

Date, the Debtors are authorized to presume that you are a Non-U.S. Citizen solely for the

purposes of making distributions to the holders of Allowed Class 3 Claims or Class 5 Claims

pursuant to the Plan.  All distributions made after receiving a properly completed and executed

Citizenship Declaration will be made in accordance with the selection made therein.

**PLEASE TAKE FURTHER NOTICE** that all Citizenship Declarations are to

be returned to the Debtors' Solicitation Agent at one of the following addresses:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Citizenship Processing | Mesa Air Group Citizenship Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

Dated:  [] __, 2010                      PACHULSKI STANG ZIEHL & JONES LLP
        New York, New York

                            By  _____
                                Richard M. Pachulski
                                Laura Davis Jones
                                Debra I. Grassgreen
                                Maria A. Bove
                                John W. Lucas
                                780 Third Avenue, 36th Floor
                                New York, NY 10017
                                Telephone: 212.561.7700
                                Facsimile:  212.561.777

                                Attorneys for Debtors
                                and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF CITIZENSHIP OF HOLDER OF
## ALLOWED GENERAL UNSECURED CLAIMS IN CLASS 3 [5] OF THE PLAN

I, _____, make this Declaration under 28 U.S.C. § 1746, and state as follows:

1    _____,[1] am the _____[2] of _____[3] (the "Holder"), having its principal office at _____[4] _____[5] _____[6] _____.[7] I am authorized to submit this Declaration on behalf of the Holder and pursuant to the terms of the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan").[8] I submit this Declaration attesting to the citizenship of the Holder, in support of the Holder's request to receive its ratable portion Restructured Equity in the Reorganized Debtors.

2    The Holder is the beneficial owner of $_____ in principal amount of Allowed General Unsecured Claims in Class 3 [Class 5] of the Plan.

3    I have reviewed the Plan and the Disclosure Statement, and understand that only citizens of the United States, as that term is defined in 49 U.S.C. § 40102 (a)(15), will receive New Common Stock on account of their Allowed General Unsecured Claims in Class 3 [Class 5]

---

[1]  Insert Name of Person executing this Declaration.

[2]  Insert title of person executing this Declaration.

[3]  Insert legal name of entity asserting that it is a holder of an Allowed General Unsecured Claim of Class 3 under the Plan.

[4]  Insert street address.

[5]  Insert city.

[6]  Insert state.

[7]  Insert zip code.

[8]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

of the Plan and all holders of such claims that are not citizens of the United States will receive New Warrants in accordance with the distribution procedures set forth in the Plan.

4      For purposes of the Plan, a citizen of the United States is a person or entity that meets the following criteria set forth in 49 U.S.C. § 40102 (a)(15):

(A) an individual who is a citizen of the United States;

(B) a partnership each of whose partners is an individual who is a citizen of the United States; or

(C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, which is under the actual control of citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that are citizens of the United States.

5      I have reviewed the foregoing definition of a citizen of the United States and hereby declare that the Holder:

Is a citizen of the United States    OR    Is not a citizen of the United States

6      I understand and agree that as the Holder or on behalf of Holder, as applicable, the party making distributions on account of Allowed General Unsecured Claims in Class 3 [Class 5] of the Plan shall be entitled to rely upon the genuineness and accuracy of this Declaration without further inquiry, and shall be entitled to distribute the appropriate form of Restructured Equity in accordance with the Plan and without liability absent gross negligence or willful misconduct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2010

_____
    Name:
    Telephone:

# EXHIBIT F

## (Confirmation Hearing Notice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ENTRY OF ORDER: (I) APPROVING DISCLOSURE STATEMENT;
(II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING
FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING
PROCEDURES; (V) ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR
VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING; AND
(VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

       **PLEASE TAKE NOTICE** that by order entered on **October [ ], 2010** (the
"Approval Order"), the United States Bankruptcy Court for the Southern District of New York
(the "Bankruptcy Court") approved the Disclosure Statement filed by Mesa Air Group, Inc. and
those of its subsidiaries that are debtors and debtors in possession (collectively, the "Debtors")
and directed the Debtors to solicit votes to accept or reject the Joint Plan of Reorganization of
Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as the
same may be updated, supplemented, amended and/or otherwise modified from time to time, the
"Plan"),[2] annexed as Exhibit A to the Disclosure Statement.

       **PLEASE TAKE FURTHER NOTICE** that the Approval Order establishes
**October 26, 2010** as the Record Date for determining the holders of pre-chapter 11 claims
entitled to vote on the Plan and establishes **4:00 p.m. (prevailing Eastern Time) on December
2, 2010** as the Voting Deadline for the submission of ballots to accept or reject the Plan (the
"Ballots").

       **PLEASE TAKE FURTHER NOTICE** that holders of claims entitled to vote on
the Plan will receive electronic copies on CD-ROM or hard copies of (i) the Approval Order, the
Disclosure Statement, the Plan and certain exhibits thereto, (ii) this notice, (iii) if applicable, a
letter from the statutory committee of unsecured creditors (the "Creditors' Committee")
regarding acceptance of the Plan, and (iv) a Ballot or Beneficial Ballot, as appropriate, together
with a pre-addressed postage pre-paid envelope to be used in voting to accept or to reject the
Plan. Failure to follow the instructions set forth on the Ballot or Beneficial Ballot, as applicable,
may disqualify that Ballot or Beneficial Ballot and the vote represented thereby.

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the
Plan.

**PLEASE TAKE FURTHER NOTICE** that if you received electronic copies of the Disclosure Statement and the Plan and would like to receive paper copies, please visit the Debtors' case information website (located at:  www.dm.epiq11.com/mesa), or contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

**PLEASE TAKE FURTHER NOTICE** that holders of (i) unimpaired claims and (ii) interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a notice of nonvoting status rather than a Ballot.  If you have not received a Ballot (or you have received a Ballot in an amount you believe to be incorrect) but believe that you should be entitled to vote on the Plan (or vote in an amount different than the amount listed on your Ballot), then you must serve on the Debtors and the Creditors' Committee and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) day after the Debtors complete distribution of the Solicitation Packages.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York,[3] on **December 15, 2010 at 10:00 a.m.** (prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Confirmation Hearing") to consider the entry of an order confirming the Plan. The Confirmation Hearing may be continued from time to time without further notice other than a notice filed on the Court's docket or an announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing, without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Plan must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court and shall be filed with the Bankruptcy Court electronically in accordance with the Bankruptcy Court's Order Establishing Certain Notice, Case Management and Administrative Procedures entered January 15, 2010 [Docket No. 103] (the "Case Management Order") and served so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on December 2, 2010** by: (i) the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408,[4] Attn: Honorable Martin Glenn; (ii) the Office of the United States Trustee for the Southern District of

---

[3] In the event that the location of the Confirmation Hearing changes, the Debtors will file a notice of such change on the Bankruptcy Court's docket and post such notice on the Debtors' case information website (located at www.dm.epiq11.com/mesa).

[4] In the event that the address for the chambers of the Honorable Martin Glenn changes, the Debtors will file a notice of such change on the Bankruptcy Court's docket and post such notice on the Debtors' case information website (located at www.dm.epiq11.com/mesa).

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andrea Schwartz, (iii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn:  Debra I. Grassgreen), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn:  Maria A. Bove), attorneys for the Debtors, (iv) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn:  Brian S. Gillman, Esq.), and (v) counsel to the Creditors' Committee, Morrison & Foerster, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller and Lorenzo Marinuzzi).  All replies to objections shall be filed on or before 12:00 noon (prevailing Eastern Time) on **December 10, 2010**.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE CONFIRMATION HEARING.**

Dated:    October __, 2010                     PACHULSKI STANG ZIEHL & JONES LLP
          New York, New York

                          By    _____

                                Richard M. Pachulski
                                Laura Davis Jones
                                Debra I. Grassgreen
                                Maria A. Bove
                                John W. Lucas
                                780 Third Avenue, 36th Floor
                                New York, NY 10017
                                Telephone: 212.561.7700
                                Facsimile:  212.561.777

                                Attorneys for Debtors
                                and Debtors in Possession