**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 363(b) AND 503(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 AUTHORIZING DEBTORS' ENTRY INTO CERTAIN AIRCRAFT EQUIPMENT LEASES**

Upon the motion, dated August 31, 2010 (the "Motion"),[2] of Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession herein (collectively, the "Debtors"), for an authorization, pursuant to sections 363(b)(1) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6004, to enter into the Aircraft Equipment Leases, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the notice and hearing procedures set forth in the order entered on January 15, 2010 [Docket No. 103]; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

Motion establish just cause for the relief granted herein; and that DVB Transport Finance Limited, London Branch has completed foreclosures of the equity interests in those Aircraft as to which DVB Transport Finance Limited, London Branch is listed in the Motion as the controlling party (the "DVB Foreclosures") and CIT Capital USA Inc. and Export Development Canada are proceeding to foreclose or otherwise terminate the equity interests in those Aircraft as to which CIT Capital USA Inc. and Export Development Canada are listed in the Motion as controlling parties; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are authorized to enter into the Aircraft Equipment Leases containing provisions substantially similar to those set forth in the Motion and other provisions common to leases of commercial aircraft to U.S. air carriers and not inconsistent with the provisions set forth in the Motion, and to execute the related Guarantees contemplated by the Motion, and to implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the Aircraft Equipment Leases and Guarantees, and perform all obligations contemplated thereunder, including, without limitation, the payment of any fees, charges, and expenses required thereby; *provided*, *however*, that the effectiveness of Aircraft Equipment Leases and Guarantees relating to DVB Transport Finance Limited, London Branch shall be conditioned upon the completion of the DVB Foreclosures solely as they relate to such Aircraft Equipment Leases in which DVB Transport Finance Limited, London Branch is a controlling party as listed in the Motion; and it is further

ORDERED that the Debtors' entry into and performance under Aircraft Equipment Leases and the related Guarantees consistent with the terms and conditions as

described in the Motion and the preceding paragraph of this Order is in the best interests of the Debtors and their respective estates and creditors and is within the Debtors' sound business judgment; and it is further

ORDERED that the terms and conditions for the Aircraft Equipment Leases and the related Guarantees have been negotiated in good faith and at arms' length among the Debtors, the respective lessors, and the controlling parties; and it is further

ORDERED that that any and all obligations and amounts payable by the Debtors under the Aircraft Equipment Leases and related Guarantees shall be afforded administrative expense priority pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code ; and it is further

ORDERED, that in the event of any inconsistency between the provisions of this Order and Aircraft Equipment Leases, the provisions of Aircraft Equipment Leases shall govern; and it is further

ORDERED that in the event the Debtors default under any of the Aircraft Equipment Leases, the relevant lessor may exercise any or all of the rights and remedies provided in the Aircraft Equipment Leases without the need to seek further relief (including relief from the automatic stay) from this Court, and upon demand of the relevant lessor, the Debtors shall surrender and return the Aircraft subject to the Aircraft Equipment Lease as to which such default shall have occurred pursuant to and in accordance with the terms of such Aircraft Equipment Lease; and it is further

ORDERED that notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately upon entry; and it is further

described in the Motion and the preceding paragraph of this Order is in the best interests of the Debtors and their respective estates and creditors and is within the Debtors' sound business judgment; and it is further

ORDERED that the terms and conditions for the Aircraft Equipment Leases and the related Guarantees have been negotiated in good faith and at arms' length among the Debtors, the respective lessors, and the controlling parties; and it is further

ORDERED that that any and all obligations and amounts payable by the Debtors under the Aircraft Equipment Leases and related Guarantees shall be afforded administrative expense priority pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code ; and it is further

ORDERED, that in the event of any inconsistency between the provisions of this Order and Aircraft Equipment Leases, the provisions of Aircraft Equipment Leases shall govern; and it is further

ORDERED that in the event the Debtors default under any of the Aircraft Equipment Leases, the relevant lessor may exercise any or all of the rights and remedies provided in the Aircraft Equipment Leases without the need to seek further relief (including relief from the automatic stay) from this Court, and upon demand of the relevant lessor, the Debtors shall surrender and return the Aircraft subject to the Aircraft Equipment Lease as to which such default shall have occurred pursuant to and in accordance with the terms of such Aircraft Equipment Lease; and it is further

ORDERED that notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction (i) to enforce and implement the terms and provisions of the Aircraft Equipment Leases and the Guarantees, (ii) to resolve any disputes arising under or related to the Aircraft Equipment Leases and related Guarantees, and (iii) to interpret, implement and enforce the provisions of this Order.

Dated: September 23, 2010
      New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                          United States Bankruptcy Judge