# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS TO IMPLEMENT AN
### EMPLOYEE INCENTIVE PROGRAM AND MAKE PAYMENTS THEREUNDER

Upon the motion, dated August 31, 2010 (the "Motion"),[2] of Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession herein (collectively, the "Debtors"), for an authorization, pursuant to sections 105(a), 363(b) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6004, to implement a employee incentive plan (the "Incentive Program") and make payments thereunder, as more fully set forth in the Motion, and the Declaration of Michael J. Lotz in Support of the Debtors' Motion for Authorization to Implement an Employee Incentive Program and Make Payments Thereunder, dated 9/21/10 (the "Lotz Declaration"); and the Official Committee of Unsecured Creditors having indicated its support of the Motion in the Statement of the Official Committee of Unsecured Creditors in Support of the Debtors Motion for Authorization to Implement an Employee Incentive Plan and Make Payments Thereunder; and a hearing on the Motion having been conducted on September 22, 2010 (the "Hearing"); and the Court having jurisdiction to consider the Motion and the relief

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief granted below is in the best interests of the Debtors, their creditors and all parties in interest and within the Debtors' sound business judgment; and the Court having determined that the legal and factual bases set forth in the Motion and the Lotz Declaration and presented at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as set forth below; and it is further

ORDERED, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, that the Debtors are authorized, but not directed, to make in their discretion aggregate quarterly incentive payments of up to $111,000 to the Eligible Employees for services rendered by the Eligible Employees during the Debtors' second fiscal quarter beginning January 2010 through the end of the third fiscal quarter ending June 2010, in the target amounts for each Eligible Employee set forth in the Lotz Declaration; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue, in their discretion, to make incentive payments to the Eligible Employees in the maximum quarterly amounts for each Eligible Employee listed as target payments in the Lotz Declaration for subsequent quarters during the pendency of these chapter 11 cases and prior to the effective date of the Debtors' plan of reorganization; and it is further

ORDERED that all payments made by the Debtors to the Eligible Employees pursuant to this Order are entitled to administrative expense and priority status pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction (i) to resolve any disputes arising under or related to this Order or any payments made by the Debtors to Eligible Employees pursuant to this Order and (ii) to interpret, implement and enforce the provisions of this Order.

Dated: September 23, 2010
      New York, New York

                                                   **/s/Martin Glenn**
                                                    MARTIN GLENN
                                         United States Bankruptcy Judge