CALDWELL PADISH & WELLS
7333 E. Doubletree Ranch Road, Suite 255
Scottsdale, Arizona 85258
Telephone: (480) 264-7470
Facsimile: (480) 307-6763
Barbara Lee Caldwell – 003246
Email: bcaldwell@cpwlawyers.com

Attorneys for Maricopa County

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| MESA AIR GROUP, INC. *et al.*, | Case No. 1:10-bk-10018-MG |
| Debtors. | **OBJECTION TO:** |
| | **(1) DISCLOSURE STATEMENT IN SUPPORT OF JOINT PLAN OF REORGANIZATION OF MESA AIR GROUP, INC. AND AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE,** |
| | **AND** |
| | **(2) JOINT PLAN OF REORGANIZATION OF MESA AIR GROUP, INC. AND AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** |
| | **[Docket Nos. 1058 and 1059]** |

Maricopa County, a secured tax lien creditor, by and through its undersigned counsel, hereby objects to approval of Disclosure Statement in Support of Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the

Bankruptcy Code (the "Disclosure Statement"), and to confirmation of the Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").

**FACTS**

Maricopa County filed an Amended Proof of Claim, #1419 on the Claims Agent site, on September 22, 2010 in the amount of $71,143.13 representing 2009 and 2010 personal property taxes on parcel 948-98-394 having a situs address of 3939 E. Airlane Dr., Phoenix, Arizona. Interest accrues on the afore-mentioned secured tax claims at the statutory rate of 16% per annum until paid in full, if not timely paid. *See,* 11 U.S.C. § 511 and A.R.S. § 42-18053. This Amended Claim also appears as Claim No. 1426 on the Claims Agent site. This Amended Claim amends Original Claim No. 1 filed on PACER and Claim Nos. 92 and 100 filed with the Claims Agent.

Maricopa County filed an Amended Proof of Claim, #1425 on the Claims Agent site, on September 27, 2010 in the amount of $134,632.31 representing 2009 and 2010 personal property taxes on several tax parcels. Interest accrues on the afore-mentioned secured tax claims at the statutory rate of 16% per annum until paid in full, if not timely paid. *See,* 11 U.S.C. § 511 and A.R.S. § 42-18053. This Amended Claim amends Claim No. 1 on PACER, and Claim Nos. 91 and 99 filed with the Claims Agent.

Maricopa County filed a Proof of Claim on February 12, 2010 in the amount of $14,932.61 representing the second half of the 2009 real property taxes and the 2010 unliquidated real property taxes on Debtors' property identified as the Del Rio Hotel property. The second half of the 2009 taxes has been paid in full. Debtors abandoned their interest in the Del Rio Hotel property on June 11, 2010 and the property was transferred out of the bankruptcy estate. This Claim is identified as Claim No. 1 on PACER, and Claim Nos. 93 and 98 on the Claims Agent website.

Arizona law grants Maricopa County valid liens that are "prior and superior to all other liens and encumbrances on the property." *See,* A.R.S. § 42-17153. The 2010 tax liens attached pre-petition on January 1, 2010. The 2010 taxes are payable in two (2) installments with the first half due on October 1, 2010 and the second half due on March 1, 2011.

## **OBJECTION TO THE DISCLOSURE STATEMENT**

Maricopa County objects to approval of the Disclosure Statement as it fails to provide adequate information regarding payment of Maricopa County's secured tax claims. Debtors provide two payment options regarding Maricopa County's secured tax claims. The first is payment in cash in full, without interest, on the Effective Date, or as soon thereafter as practicable, or a date fixed by the Bankruptcy Court, or the fourteenth (14th) day after such Claim is allowed, or on a date agreed upon by the holder of a secured tax claim and the Debtors. The second option provides deferred cash payments to the extent permitted by Section 1129(a)(9) of the Bankruptcy Code with interest on the unpaid portion of such Claim at the statutory rate under applicable non-bankruptcy law or a rate to be agreed upon by the Debtors and the appropriate governmental unit or, if they are unable to agree, to be determined by the Bankruptcy Court. Debtors' Disclosure Statement provides two alternative options regarding Maricopa County's secured tax claims. The Disclosure Statement provides that the Debtors will select, in their discretion, one of the options for payment of secured claims on or as soon as practicable following the Effective Date, and that such treatment will be full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Secured Claim. Consequently, the Debtors' Disclosure Statement is unclear as to Debtors' intended treatment of secured tax claims and no decision on the payment option will be made until after the Effective Date. Consequently, Debtors have not

provided adequate information for Maricopa County to make an informed decision as to where to oppose or support Debtors' Plan.

**OBJECTION TO THE PLAN**

Maricopa County objects to the Plan as it fails to adequately provide for payment of Maricopa County's secured tax claims. Debtors' provide two (2) alternative options for payment of secured tax claims. The first option fails to provide for the accrual of interest on Maricopa County's secured tax claims. As mentioned previously, interest accrues on the afore-mentioned secured tax claims from the Petition Date at the statutory rate of 16% per annum until paid in full, if not timely paid. *See,* 11 U.S.C. § 511 and A.R.S. § 42-18053. In addition, the Plan is unclear as to whether Debtors intend to pay the 2010 taxes through the Plan or outside of the Plan in the normal course of business.

**CONCLUSION**

Based on the foregoing, Maricopa County respectfully requests that the Court deny approval of the Disclosure Statement and confirmation of the Plan unless Debtors further amend the Disclosure Statement and Plan to specifically provide that Maricopa County's secured tax claims will be paid in full, with interest accruing from the Petition Date at the statutory rate of 16% per annum, over a period ending not later than 5 years from the Petition Date in accordance with 11 U.S.C. §§ 1129(a)(9)(C) and 1129(a)(9)(D) and A.R.S. § 42-18053.

RESPECTFULLY SUBMITTED this 29th day of September, 2010.

CALDWELL PADISH & WELLS

BY: /s/ Barbara Lee Caldwell
    BARBARA LEE CALDWELL
    Attorney for Maricopa County

ORIGINAL of the foregoing **E-FILED**
This 29th day of September, 2010 with:

Clerk, United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Copies of the foregoing **MAILED** or **ELECTRONICALLY** mailed
this 29th day of September, 2010 to:

Debra Grassgreen
Pachulski Stang Ziehl & Jones, LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Email: dgrassgreen@pszjlaw.com
Counsel for Debtors

Laura Davis Jones
Pachulski , Stang, Ziehl & Jones, LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19899
Email: ljones@pszjlaw.com
Counsel for Debtors

Maria A. Bove
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Email: mbove@pszjlaw.com
Counsel for Debtors

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Email: rfeinstein@pszyj.com
Counsel for Debtors

Ross Barr
Jones Day
222 E. 41st Street
New York, NY 10017
Email: rsbarr@jonesday.com
Counsel for Debtors

Office of the United States Trustee
for the Southern District of New York
Attn: Andrea Schwartz, Esq.
33 Whitehall Street, 21st Floor
New York, NY 10004

/s/ Lisa Rustenburg