PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' REPLY TO THE DECLARATION AND RESPONSE
OF ROBERT W. MANN, JR. TO OMNIBUS OBJECTION NO. 4
OF MESA AIR GROUP, INC., ET AL., SEEKING TO RECLASSIFY
CERTAIN CLAIMS AS GENERAL UNSECURED CLAIMS
(OMNIBUS OBJECTION NO. 4)**

Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in these chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this reply to the *Declaration and Response of Robert W. Mann, Jr. to the Omnibus Objection No. 4 of Mesa Air Group, Inc., et al., Seeking to Reclassify Certain Claims as General Unsecured Claims (Omnibus Objection No. 4)*, dated October 8, 2010, attached hereto as Exhibit A (the "Declaration"),[2] to Debtors' *Omnibus Objection of Mesa Air Group, Inc., et al., Seeking to Reclassify Certain Claims as General Unsecured Claims (Omnibus Objection No. 4)*, dated

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).
[2] The Declaration was served upon the Debtors, but as of the date hereof does not appear on the Court's docket.

September 21, 2010 [Docket No. 1067] (the "Omnibus Objection"), and respectfully represent as follows:

**Section 507(a)(4) Priority Intended to Ease Financial Burden on Debtor's Employees and Encourage Employees to Remain with Debtor**

1.  Section 507(a)(4) provides unsecured priority status for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual … ." 11 U.S.C. § 507(a)(4)(A). Priority status for wages is intended to alleviate the hardship on employees who lose their jobs or salaries as a result of their employer's bankruptcy. See Collier on Bankruptcy at ¶507.06[1]. Additionally, the wage priority encourages employees to remain with an employer experiencing financial difficulty due to its bankruptcy. See id. It does not apply to creditors, like R.W. Mann & Company, Inc. (the "Claimant").

**Section 507(a)(4)(A) Applies Only to Individuals**

2.  By its terms, the section 507(a)(4)(A) priority is available only to individuals and may not be asserted for wages or salaries owed to a corporation. See In re Wang Laboratories, Inc., 164 B.R. 404, 405 (1994) ("Because the statute speaks of 'individuals' corporations are not entitled to the wage priority under § [507(a)(4)(A)]");[3] In re Dahlman Truck Lines, Inc., 59 B.R. 218, 221 (1986) (claimant, as a corporation, cannot claim a wage priority). Claimant acknowledges that it is a "New York 'C' Personal Services *Corporation*" and not an individual. Declaration at ¶ 1 (emphasis added). Accordingly, under the plain language of section 507(a)(4)(A) and relevant case law, the Claimant's claim is not entitled to priority status.

---

[3] Congress codified Wang by enacting section 507(a)(4)(A) in 1994 to clarify that independent sales representatives of a debtor are entitled to the same priority as employees of the debtor. Section 507(a)(4)(B) priority is inapplicable here, however, because Claimant has not asserted or shown that (i) its claim is one for "sales commissions," (ii) it is a corporation with only one employee, or (iii) during the 12 months prior to the petition date, 75% of the amount it earned by acting as an independent contractor in the sale of goods or services was earned from the Debtors.

### Claimant is not an Employee of the Debtors

3. It is undisputed that Claimant is not an employee of the Debtors. Claimant seeks priority status for expert witness fees and expenses pursuant to a consulting agreement, attached hereto as Exhibit B, between Claimant and Jones Day. In cases where courts have granted a wage claim priority to an individual who is not a direct employee, they have required a showing of something more than a "mere contractual relationship" between the claimant and debtor. In the Matter of Qualia Clinical Service, Inc., 2009 WL 2513820 (2009); cf. In re Dahlman Truck Lines, Inc. 59 B.R. 219 (Bankr. W.D. Wis. 1986); In re Hutchinson, 223 B.R. 586 (Bankr. M.D. Fla. 1998). Claimant does not meet the standard necessary to elevate its claim to priority status. Rather, its claim should be treated the same as those filed by similarly situated creditors that provided prepetition contractual services.

### Claimant Is Not an Ordinary Course Professional

4. Claimant states at paragraph 9 of the Declaration that the Debtors "included Claimant among firms it sought to classify as 'Ordinary Course Professionals.'" Although Debtors did include Claimant on Exhibit C (Ordinary Course Professionals) attached to their *Motion Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code for an Order Authorizing the Employment of Professionals Utilized in the Ordinary Course of Business*, dated January 8, 2010 [Docket No. 78], the Debtors subsequently withdrew the request to retain Claimant and Claimant does not appear on the *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of* Business, dated March 10, 2010 [Docket No. 489] (the "OCP Order"). Further, even if the Claimant were an ordinary course professional, the OCP Order does not require or permit the Debtors to make prepetition payments to ordinary course professionals.

## CONCLUSION

5.      Based on the foregoing, the Debtors respectfully request that the Court overrule Claimant's Declaration and grant the Omnibus Objection with respect to Claimant's claim.

Dated:   October 21, 2010          PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ Maria A. Bove*
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

***R.W. MANN & COMPANY, INC.***
AIRLINE INDUSTRY ANALYSIS AND CONSULTING
85 MURRAY AVENUE
PORT WASHINGTON, NEW YORK 11050-3527

OFFICE 1-516-944-0900
FACSIMILE 1-516-944-7280
E-MAIL RWM@RWMANN.COM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 10-10018 (MG) |
| MESA AIR GROUP, INC. et al, | Chapter 11 |
| Debtors | (Jointly Administered) |

### DECLARATION AND RESPONSE OF ROBERT W. MANN, JR. TO OMNIBUS REJECTION NO. 4 MESA AIR GROUP, INC., ET AL, SEEKING TO RECLASSIFY CERTAIN CLAIMS AS GENERAL UNSECURED CLAIMS (OMNIBUS OBJECTION NO. 4)

I, Robert W. Mann, Jr., being duly sworn, hereby deposes and says:

1. R.W. Mann & Company, Inc. ("Claimant") is a New York "C" Personal Services Corporation.

2. Claimant is an airline industry analysis firm with extensive, recent and relevant experience, which employs two persons.

3. Robert W. Mann, Jr. serves as Claimant's President, is familiar with Claimant's claim and its origin, is the individual responsible for this Declaration and Response, as well as claim resolution, and is authorized to submit this Declaration and Response to Omnibus Objection No. 4, in which Debtor seeks to reclassify certain claims as general unsecured claims.

4. Claimant was approached by representatives of Mesa Air Group, Inc. ("MAG") in September 2009 and was engaged per the terms of an October 30, 2009 agreement ("Retention Agreement").

5. Said Retention Agreement was sought by MAG and entered into consensually for the purpose of Claimant's expert review, opinion, report and possible testimony regarding the basis of commercial litigation with Delta Air Lines, filed in the United States District Court, For the Northern District of Georgia, Atlanta Division, that case styled as 1:09-CV-0772-ODE ("the CRJ Litigation").

6. Claimant's Retention Agreement specifies an hourly Professional Fee, plus Expenses, without markup, with MAG responsible for all outstanding amounts due.

7. On December 23, 2009, Claimant invoiced MAG for Professional Fees and Expenses in the amount of $10,034.46 in respect of work accomplished during the period December 2 - 22, 2009 including a pre-trial deposition in the CRJ Litigation.

8. On January 5, 2010, MAG filed for bankruptcy in this Court's jurisdiction.

9. On January 8, 2010, Debtor included Claimant among firms it sought to classify as "Ordinary Course Professionals". (Docket 78)

10. Debtor has at no time during the course of its bankruptcy proceeding moved to reject or modify Claimant's Retention Agreement.

11. Debtor claims on the order of $70 million in damages in the CRJ Litigation, a core asset in its estate, restructuring and Plan of Reorganization. (Docket 112)

12. Following submission by MAG and Delta of a stipulation staying all deadlines in the CRJ Litigation, the Georgia District Court closed the CRJ Litigation subject to reopening it at the conclusion of the Mesa bankruptcy case upon the request of either party. (Docket 1058)

13. Claim 1311, which MAG seeks in Omnibus Objection No. 4 to reclassify, was filed timely on May 28, 2010 as a perfected amendment to the original Claim 252, which was filed timely on April 8, 2010.

14. Claims 252 and 1311 include documentation of Claimant's Retention Agreement, invoices and outstanding amounts for Professional Fees and Expenses.

15. Claim 252 was subsequently withdrawn in favor of the perfected Claim 1311. Said withdrawal was confirmed by memo from to Claimant dated September 29, 2010. ("Order Granting Third Omnibus Objection to Claims [AmendedSuperseded]_v2.DOC")

16. Claim 1311 classifies the outstanding amount of $10.034.46 as subject to Priority treatment under section 507(a)(4), inter alia "wages, salary".

17. Largely for 35% flat corporate tax rate considerations, Professional Fees charged by a Personal Services Corporation are disbursed as Salaries, after payments for Medical and Pension Benefits, thus satisfying the essence and intent of section 507(a)(3) and (4) classification and treatment.

18. Prior Professional Fees charged by Claimant and paid by MAG under the retainer agreement were in fact disbursed by Claimant as Salaries and payments for Medical and Pension Benefits, confirming in fact the essence and intent of section 507 Priority classification and treatment.

19. A decision to reclassify Claimant's Personal Services Corporation Professional Fees equates to withholding Salaries and payments for Medical and Pension Benefits, clearly at odds with the Priority payment intent of section 507.

20. A decision to reclassify Claimant's invoiced Expenses (without markup) would require Claimant to satisfy vendors supplying services solely for the MAG engagement and to preserve Debtor's estate value, for which MAG agreed to be responsible, out of the proceeds of Claimant's other Professional Fees earned under other agreements with other clients, which forced subsidy directly subtracts from Claimant's available funds and Claimant's ability to pay Salaries and maintain its Medical and Pension Benefits, clearly at odds with the Priority payment intent of section 507(a)(4).

Accordingly, Claimant respectfully requests that the Court order that amounts in its Claim 1311 not be reclassified, and that Claim 1311 remain a Priority Claim under the auspices of section 507(a)(4).

Dated: 30 September 2010

             R.W. Mann & Company, Inc.
             ROBERT W. MANN, JR.

             _____
             Robert W. Mann, Jr. (President, Claimant)
             Office: +1-516-944-0900
             Facsimile: +1-516-944-7280
             Email: RWM@RWMann.com

cc: Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP dgrassgreen@pszjlaw.com
  John Lucas, Pachulski Stang Ziehl & Jones LLP jlucas@pszjlaw.com
  Maria A. Bove, Pachulski Stang Ziehl & Jones LLP mbove@pszjlaw.com
  Brian S. Gillman, Mesa Air Group brian.gillman@mesa-air.com
  Lorenzo Marinuzzi, Morrison & Foerster LLP, 1290 Avenue of the Americas, NY, NY 10104
  Andrea Schwartz, Office of the U.S. Trustee, 33 Whitehall Street, 21st Floor, NY, NY 10004

# **EXHIBIT B**

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309-3053
TELEPHONE: 404-581-3939 • FACSIMILE: 404-581-8330

*Direct Number: 404/581-8733*
*rschmoll@jonesday.com*

October 30, 2009

**VIA E-MAIL**

Bob Mann
R.W. Mann & Co.
85 Murray Avenue
Port Washington, New York 11050

       Re:   <u>Consulting Agreement</u>

Dear Bob:

       The following sets forth the terms of your engagement by Jones Day ("Jones Day" or the "Firm") as a consulting expert to assist Jones Day in connection with that certain litigation styled Mesa Air Group, Inc. and Freedom Airlines, Inc. v. Delta Air Lines, Inc. (1:09-CV-0772-ODE), In the United States District Court, For the Northern District of Georgia, Atlanta Division.

       All fees for your services shall be billed at the rate of $375 per hour, and a maximum of $3500 in any single day. You shall be reimbursed for your actual and reasonable out-of-pocket costs incurred in your consulting work such as long-distance telephone charges, lodging, airfare and other transportation charges, provided the expenses are reasonably documented. Statements for your services and costs shall be in reasonable detail, as directed by Jones Day, and shall be submitted on a monthly basis to Jones Day. You acknowledge and understand that Mesa Air Group, Inc. ("Mesa") is solely responsible for payment of your statements.

       You have agreed that the information given to you or generated or obtained by you as consultant shall remain confidential and shall not be disclosed to third parties without Mesa's or Jones Day's prior written consent or as required by law. You have further agreed that during the term of this Agreement you will not undertake to perform services on behalf of any person or entity adverse to Mesa or Jones Day concerning matters upon which you have performed consulting services under this Agreement.

       Either you or Jones Day may terminate this Agreement for any reason upon thirty (30) days' written notice to the other party hereto. In the event of termination, you shall be paid all amounts due under this Agreement up to the date of termination, and there shall be no further payment obligations to you under this Agreement. The provisions of the preceding paragraph shall survive the termination of this Agreement.

ATI-2394347v1

Bob Mann
October 30, 2009
Page 2

JONES DAY

    The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of Georgia applicable to contracts entered into and performed in Georgia.

    If the above is acceptable, please sign below and return a copy to me.

                      Sincerely,

                      Robert A. Schmoll /kgr

                      Robert A. Schmoll

Acknowledged and Agreed
as of the date hereof:

Robert W. Mann, Jr.
President
R.W. Mann & Company, Inc.

ATI-2394347v1