PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., et al.,<br><br>Debtors[1]. | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**DEBTORS' OBJECTION TO THE ALLEGED ADMINISTRATIVE
PORTIONS OF CLAIMS 1454 AND 1455 OF U.S. BANK NATIONAL
ASSOCIATION, AS SECURITY TRUSTEE, ON BEHALF OF AGENCIA
ESPECIAL DE FINANCIAMENTO INDUSTRIAL-FINAME**

**TO THE HONORABLE MARTIN GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Mesa Air Group, Inc. and its affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors") submit this *Objection to the Alleged Administrative Portions of*

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

56772-002\DOCS_SF:74731.5                                   1

*Claims 1454 and 1455 of U.S. Bank National Association, as Security Trustee, on behalf of Agencia Especial de Financiamento Industrial-Finame* (the "Objection").[2]

**Background**

1. Before commencing these chapter 11 cases on January 5, 2010 (the "Petition Date"), Mesa Airlines, Inc. ("Mesa Airlines") leased thirty-six ERJ-145 aircraft (collectively, the "ERJ Aircraft") from either Wells Fargo Bank Minnesota, N.A., or Wells Fargo Bank Northwest, N.A., each in its capacity as owner trustee (the "Owner Trustee"). The ERJ Aircraft were leased to Mesa Airlines pursuant to thirty-six separate lease agreements (the "Leases"), and each Lease was guaranteed by Mesa Air Group, Inc. ("Mesa Air Group"). In connection with the lease transactions,ial, the Owner Trustee granted security interests in each of the Aircraft to U.S. Bank National Association, as security trustee, ("U.S. Bank"), on behalf of the lender, Agencia Especial de Financiamento Industrial-Finame ("FINAME").

2. Since January 5, 2010 (the "Petition Date"), the Debtors have rejected the Leases for all thirty-six ERJ Aircraft and have surrendered and returned the ERJ Aircraft to FINAME's designee. The claims that are the subject of this Objection relate to damages allegedly sustained as a result of the rejection of twenty-five of the ERJ Aircraft (collectively, the "Aircraft").[3] Specifically, pursuant to Claim 1454, U.S. Bank, on behalf of FINAME, asserts a claim against Mesa Airlines in the amount of $389,539,689.77, of which it contends that $25,479,600.94 is entitled to administrative priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code (the "Alleged Administrative Claim") and $364,060,088.83 is a general

---

[2] Terms that are not capitalized in the Objection shall have the meanings given to them in the *Notice of Hearing on Objection to the Alleged Administrative Portions of Claims 1454 and 1455 of U.S. Bank National Association, as Security Trustee, on behalf of Agencia Especial de Financiamento Industrial-Finame* (the "Notice").

[3] The U.S. registration numbers for the twenty-five Aircraft subject to this Objection are N825MJ, N826MJ, N828MJ, N829MJ, N830MJ, N831MJ, N832MJ, N833MJ, N834MJ, N835MJ, N836MJ, N837MJ, N838MJ, N840MJ, N849MJ, N850MJ, N852MJ, N853MJ, N854MJ, N855MJ, N856MJ, N857MJ, N858MJ, N859MJ, N860MJ. The other eleven ERJ Aircraft are described in the FINAME 11 Objection.

unsecured claim (the "Alleged Unsecured Claim"). U.S Bank also filed an identical claim, Claim 1455, against Mesa Air Group, Inc. ("Mesa Air Group") based on Mesa Air Group's guaranty of the Leases. (Claims 1454 and 1455 are collectively the "Objectionable Claims").

3. This Objection addresses only the Alleged Administrative Claim, which seeks to charge the Debtors' estates with the following administrative liabilities: (a) $5,381,711.78 for parts that U.S. Bank contends were missing from the Aircraft upon surrender and return (the "Parts Claim"); (b) $10,875,559.54 million for allegedly incomplete or inadequate maintenance and aircraft records (the "Records Claim"); (c) $9,199,378.57 million for post-petition diminution in the value of the Aircraft (the "DIV Claim"); and (d) $25,102.48 in aircraft storage charges (the "Storage Claim").[4] The Debtors object to the Alleged Administrative Claim on the grounds that U.S. Bank has failed to establish that it constitutes "actual, necessary costs and expenses of preserving the estate" under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code and more specifically as follows:[5]

**A.    The Parts Claim**

4. The Debtors object to the Parts Claims as follows:

a. The parts, or some of them, are not missing.

b. Even if some parts were missing or damaged, they went missing or were damaged prepetition, and therefore, as a matter of law, there can be no claim for administrative expense liability.

---

[4] This Objection addresses only the administrative expense portion of the Objectionable Claims. The Debtors reserve their rights to bring additional objections, including to the general unsecured aspects of the claims, which include damages for stipulated loss value ("SLV") of the Aircraft, return conditions (which the Debtors contend are duplicative of the amounts already included in SLV) and attorneys fees and costs.

[5] As the proceedings on this Objection are being consolidated with those on the FINAME 11 Objection, the Debtors and U.S. Bank have agreed that this Objection need only be an abbreviated pleading that simply serves to set forth the Debtors' basic grounds for objection. All evidence and legal argument will be set forth in the Trial Brief or presented at trial.

    c. Even assuming *arguendo* that Debtors had returned the Aircraft with missing, damaged or non-operating parts, failure to return the Aircraft in the condition required by the Lease provided no benefit to the estates. It is simply a breach under the Lease and, upon rejection, becomes part of the claimant's general unsecured rejection damages.

    d. The Parts Claim is overstated.

    e. A claim for missing or damaged parts is simply a claim for return damages. Any claim based on return damages should be denied in full because return damages already included in the stipulated loss value of the aircraft which U.S. Bank has included in its Alleged Unsecured Claim.

  **B.** **The Records Claim**

    5. The Debtors object to the Records Claim as follows:

    a. To the extent the Debtors did not return the Aircraft with all the records required by the Leases (other than records in the Debtors' possession), any failure to tender such records is nothing more than a breach under the Leases that entitles U.S. Bank on behalf FINAME a general unsecured claim.

    b. To the extent that any record deficiencies may exist, the deficiency is attributable to the pre-petition period, and therefore, as a matter of law, there can be no claim for administrative expense liability.

    c. The records are neither missing nor inadequate. The Debtors believe they maintained records for the Aircraft in compliance with the record keeping requirements in the Leases and have produced the records in their possession.

    d. Northing in section 1110 of the Bankruptcy Code, the 1110(b) Stipulations (as defined below) that the Debtors entered into with U.S. Bank, or the Rejection

Procedures Order mandates a different standard regarding the surrender and return of records upon the rejection of aircraft leases subject to sections 365 and 1110 of the Bankruptcy Code.[6]

        e.    The Records Claim is overstated.

**C.    The DIV Claim**

    6.    The Debtors object to the DIV Claim as follows:

        a.    Pursuant to the 1110(b) Stipulations negotiated between U.S. Bank and the Debtors, the parties agreed on the post-petition rental payments (the "Post-Petition Payments"). The Post-Petition Payments fully compensated U.S. Bank for the Debtors' post-petition use of the Aircraft and cannot, as a matter of law, be grounds for a diminution in value claim.

        b.    To the extent the Post-Petition Payments represent a reduction in the payments owing under the Leases, U.S. Bank agreed to the modification and is estopped from renegotiating its deal after-the-fact by filing an administrative expense claim.

        c.    The DIV Claim is nothing more than one among other return condition claims and, as such, is properly a general unsecured claim upon rejection. In addition, any claim for return damages is already reflected in the stipulated loss value portion of the Alleged Unsecured Claims and accordingly should be denied in full.

        d.    The DIV Claim is overstated.

**D.    The Storage Claim**

    7.    U.S. Bank fails to assert when the Storage Claim was incurred. In the event such charges were incurred prior to the Petition Date, such claim should be reclassified as a general unsecured claim.

---

[6] In accordance with the Section 1110 Procedures Order, the Debtors and U.S. Bank entered into numerous stipulations that extended the 60-day period under section 1110(a)(2) of the Bankruptcy Code through and including August 31, 2010 [Docket Nos. 542 711, and 939] (collectively the "1110(b) Stipulations").

8. Otherwise, there is insufficient information regarding the basis and/or timing of the Storage Claim. The Debtors preserve their rights to object to the Storage Claim on any and all grounds.

### **Conclusion**

9. For reasons discussed herein, the Debtors believe that US Bank has failed to sustain its burden that it is entitled to a claim for administrative expense priority pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code.

WHEREFORE, the Debtors request that the Court sustain the Objection and enter an order denying administrative expense priority to the entirety of the Alleged Administrative Claim; and granting such other and further relief to the Debtors as the Court may deem proper.

| | |
|---|---|
| Dated: November 15, 2010<br>San Francisco, CA | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Debra I. Grassgreen*<br>Richard M Pachulski<br>Laura Davis Jones<br>Debra I. Grassgreen<br>Maria A. Bove<br>John W. Lucas<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>Attorneys for Debtors<br>and Debtors in Possession |