**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (V) ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING; AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES

Upon the motion dated September 17, 2010 (the "Motion")[2] of Mesa Air Group, Inc. and its subsidiaries that are debtors and debtors in possession in these cases (collectively, the "Debtors"), for entry of an order (i) approving the Disclosure Statement in Support of Second Amended Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"); (ii) approving the Solicitation Packages and other notices; (iii) approving forms of Ballots; (iv) establishing procedures for distributing Solicitation Packages, voting on the Plan and tabulating votes; (v) allowing and estimating certain claims for voting purposes; (vi) scheduling a confirmation hearing and (vii) establishing notice and objection procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Motion or the Second Amended Joint Plan of Reorganization of Mesa Air Group and Its Affiliated Debtors and Debtors in Possession (the "Plan"), as applicable.

pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to

Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July

10, 1984 (Ward, Acting C.J.); and consideration of the Motion and requested relief being a core

proceeding that the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having

filed with the Court the Disclosure Statement and the Plan; and notice of the Motion having been

served upon (i) all parties on the Master Service List as defined in the case management order

entered in these cases on January 15, 2010 (the "Case Management Order"), (ii) all persons and

entities listed on the internal matrix of creditors maintained by the Debtors and/or identified in

the Schedules as holding liquidated, noncontingent and undisputed claims, in an amount greater

than zero dollars, excluding scheduled claims that have been disallowed, paid in full or

superseded by filed proofs of claim, (iii) all persons and entities that timely filed proofs of claim

reflected in the official claims register maintained by the Solicitation Agent, to the extent such

claims have not been disallowed or expunged prior to the date of such service, (iv) any agent or

trustee for the debt instruments of any of the Debtors, including the indenture trustee for the

Debtors' pre-petition public debt securities, (v) all of the registered holders of the Debtors' debt

and equity securities, (vi) all persons and entities that have appeared on the ECF docket in these

cases as of the date hereof, (vii) the Internal Revenue Service, (viii) the United States Attorney's

Office for the Southern District of New York, (ix) the Department of Transportation, (x) the

Federal Aviation Administration, and (xi) the Securities and Exchange Commission; and the

Affidavits of Service of the notice of Motion having been sworn to on September 20, 2010; and

the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof

and the responses thereto, if any, and the Affidavits of Service; and upon the Disclosure

Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the record of the hearing on November 18, 2010 in consideration of the same (the "Disclosure Statement Hearing"); and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

A.      The Disclosure Statement filed in these cases as Docket No. 1242 (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including in connection with the Disclosure Statement Hearing) contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code;

B.      The Ballots for the holders of Secured Claims, General Unsecured Claims, Beneficial Holders of and Voting Nominees for holders of the 2023 and 2024 Notes (including Beneficial Ballots and Master Ballots), De Minimis Convenience Claims, 510(a) Subrogation Claims, and Beneficial Holders of and Voting Nominees for holders of the 2012 Notes (including Beneficial Ballots and Master Ballots) in the forms annexed hereto as **Exhibits C-1**, **C-2**, **C-3**, **C-4**, **C-5**, **C-6**, **C-7**, and **C-8**, respectively, are substantially consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for the holders of claims in Class 2(a) – (*l*), Class 3(a) – (*l*), Class 4(a) – (*l*), Class 5(a) and (b), and Class 6(a) – (*l*) that are entitled to vote to accept or reject the Plan;

C.      The Ballots require the furnishing of sufficient information to assure that
duplicate Ballots are not submitted and tabulated and that Master Ballots reflect the votes of the
Beneficial Holders of the 2012, 2023, and 2024 Notes;

D.      Ballots need not be provided to the holders of Unimpaired Claims in Class 1(a) –
1(*l*) (Priority Non Tax-Claims) because the Plan provides that such classes are unimpaired and,
therefore, are deemed to accept the Plan;

E.      Ballots need not be provided to the holders of interests in Classes 7(a)-(*l*)
(Interests) because the Plan provides that they will not receive or retain any property under the
Plan in respect of such interests and, therefore, are deemed to reject the Plan;

F.      The period, set forth below, during which the Debtors may solicit acceptances to
the Plan is a reasonable and adequate period of time for creditors to make an informed decision
to accept or reject the Plan;

G.      The procedures for the solicitation and tabulation of votes to accept or reject the
Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting
process and are consistent with section 1126 of the Bankruptcy Code;

H.      Notice of the Motion substantially in the form annexed to hereto as **Exhibit D**
(the "Disclosure Statement Hearing Notice") served in accordance with the Bankruptcy Rules,
Case Management Order, and the Motion on all of the persons and entities identified therein
constitutes due and proper notice of the Disclosure Statement Hearing and the relief requested in
the Motion, and it appears that no other or further notice need be provided;

I.      The Notice of Citizenship Declaration and Citizenship Declaration substantially
in the form annexed hereto as **Exhibit E** and the procedures set forth below for providing such
notice to holders of Class 3 Claims of the date and time by which such Citizenship Declaration

must be returned to the Debtors constitutes sufficient notice to the applicable interested parties;

and

       J.      The Confirmation Hearing Notice substantially in the form annexed hereto as

**Exhibit F** and the procedures set forth below for providing such notice to all creditors and equity

security holders of the time, date and place of the Confirmation Hearing and the contents of the

Solicitation Packages comply with Rules 2002 and 3017 of the Bankruptcy Rules and constitute

sufficient notice to all interested parties.

      NOW, THEREFORE, IT IS:

      ORDERED that the Motion is GRANTED; and it is further

      ORDERED that the Disclosure Statement is APPROVED; and it is further

      ORDERED that **November 18, 2010** is established as the Voting Record Date for

purposes of this Order and determining (a) the creditors who are entitled to vote on the Plan and

(b) in the case of non-voting classes, the creditors and interest holders that are to receive certain

informational materials; and it is further

      ORDERED that the Solicitation Packages shall contain (a) a cover letter describing the

contents of the Solicitation Package, the contents of the enclosed CD-ROM (or printed materials

if the Debtors elect to send such printed materials in lieu of a CD-ROM), and instructions for

obtaining printed copies of any materials provided on the CD-ROM at no charge in the event the

Debtors' elect to distribute only the CD-ROM and not printed copies of the Solicitation Package,

(b) a CD-ROM containing (i) the Disclosure Statement (with the Plan annexed thereto and other

exhibits) and (ii) the Approval Order (without exhibits); provided that the Debtors, in their

discretion, may elect to send printed copies of the foregoing documents in lieu of a CD-ROM,

(c) the Confirmation Hearing Notice, (d) a Ballot, Beneficial Ballot, or Master Ballot, as

appropriate, together with a pre-addressed postage-paid envelope and (e) a letter from the

Creditors' Committee, in a form agreed upon by the Debtors and the Creditors' Committee,

regarding acceptance of the Plan, to the extent such letter is provided to the Debtors by the

Creditors' Committee sufficiently in advance of production of the Solicitation Packages to allow

inclusion; and it is further

   ORDERED that the Debtors are authorized to distribute or cause to be distributed

Solicitation Packages to: (i) all persons and entities identified in the Debtors' schedules of

liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as

modified prior to the Voting Record Date, the "Schedules") as holding liquidated, noncontingent

and undisputed claims in Class 2(a) – (*l*) through Class 5(a) – (b) and Class 6(a) – (*l*)

(collectively, the "Voting Classes") in an amount greater than zero dollars, excluding scheduled

claims that have been paid in full, superseded by filed proofs of claim or disallowed or expunged

prior to the Solicitation Date; (ii) all persons and entities that timely filed proofs of claim in the

Voting Classes, as reflected in the official claims register maintained by Epiq Bankruptcy

Solutions, LLC (the "Solicitation Agent") that allege dollar amounts greater than zero or that are

contingent or unliquidated but, in each case, only to the extent that claims have not been

disallowed or expunged prior to the Solicitation Date; and (iii) transferees and assignees of any

creditor described in (i) or (ii) above, but only to the extent that the relevant transfer or

assignment has been properly noted on the Court's docket and is effective pursuant to

Bankruptcy Rule 3001(e) as of the Voting Record Date and whose claims have not been

disallowed or expunged prior to the Solicitation Date; and it is further

   ORDERED that, with respect to holders of Notes that are entitled to vote (collectively,

the "Beneficial Holders"), the Debtors shall deliver Solicitation Packages, including Beneficial

Ballots, to the record holders of such securities as of the Voting Record Date, including, without

limitation, brokers, banks, dealers or other agents and nominees (collectively, the "Voting

Nominees"), that each Voting Nominee shall be entitled to receive a Master Ballot and a

reasonably sufficient number of Beneficial Ballots and Solicitation Packages to distribute to the

Beneficial Holders of those securities for whom such Voting Nominee is the record holder, that

the Debtors shall deliver Master Ballots to each Voting Nominee after the initial distribution of

Solicitation Packages and that the Debtors are authorized, without further order of this Court, to

reimburse each Voting Nominee for its reasonable, customary and documented out-of-pocket

expenses associated with the (i) distribution of the Beneficial Ballots and Solicitation Packages

to the Beneficial Holders, (ii) tabulation of the Beneficial Ballots (where applicable), and

(iii) completion of Master Ballots (where applicable); and it is further

   ORDERED that the Debtors are authorized to distribute or cause to be distributed Master

Ballots to the Voting Nominees after the Solicitation Packages have been forwarded to the

Beneficial Holders in accordance with any applicable customary procedures; and it is further

   ORDERED that Voting Nominees shall do the following within five (5) days of their

receipt of the Solicitation Packages:

     (a)  forward a Solicitation Package (including a Beneficial
Ballot) to each Beneficial Holder and include a return
envelope provided by and addressed to the Voting
Nominee, so that the Beneficial Holder can return the
completed Beneficial Ballot directly to the Voting
Nominee.  The Voting Nominee shall advise the Beneficial
Holders to return their Beneficial Ballots to the Voting
Nominee in sufficient time for the Voting Nominee to
prepare and return the Master Ballot to the Solicitation
Agent by the Voting Deadline (as defined below).  After
Beneficial Ballots are returned, the Voting Nominee shall
summarize on the appropriate Master Ballot the votes and
other Beneficial Ballot information (*e.g.*, the decision to opt

out of releases set forth in the Plan) of its respective
Beneficial Holders as reflected in all properly completed
and signed Beneficial Ballots, and then return the Master
Ballot to the Solicitation Agent by the Voting Deadline (as
defined below); or

(b)    distribute "pre-validated" Beneficial Ballots pursuant to the
following procedures:

(i)    the Voting Nominee shall forward to the Beneficial
Holder the Solicitation Package or copies thereof
(including the Disclosure Statement, an individual
Beneficial Ballot that has been pre-validated, as
indicated below, and a return envelope provided by
and addressed to the Solicitation Agent);

(ii)    to "pre-validate" a ballot, the Voting Nominee must
complete and execute the Beneficial Ballot (other
than Items 2, 3, and 4) and indicate on the
Beneficial Ballot the name and DTC Participant
Number of the Voting Nominee, the amount of
securities held by the Voting Nominee for the
Beneficial Holder and the account number(s) for the
account(s) in which such securities are held by the
Voting Nominee; and

(iii)    the Beneficial Holder shall return the pre-validated
Ballot to the Solicitation Agent by the Voting
Deadline.

ORDERED that all Voting Nominees shall keep the original Beneficial Ballots received

from Beneficial Holders for a period of at least one (1) year after the Voting Deadline; and it is

further

ORDERED that Non-Voting Notices, substantially in the forms annexed hereto as

**Exhibit A** and **Exhibit B**, as appropriate, shall be distributed to (i) holders, as of the Voting

Record Date, of Unimpaired Claims in Class 1(a) – 1(*l*) (Priority Non-Tax Claims), which

classes are deemed to accept the Plan and (ii) all holders, as of the Voting Record Date, of

8

interests in Class 7(a) – (*l*) (Interests), which classes are deemed to reject the Plan; and it is further

ORDERED that with respect to the holders of interests that are reflected in the records maintained by the transfer agent(s) and/or the relevant depositories of the Debtors' equity securities in Non-Voting Classes as of the close of business on the Voting Record Date, the Debtors shall also distribute or cause to be distributed to, without limitation, brokers, dealers, commercial banks, trust companies or other agents and nominees (collectively, the "Non-Voting Nominees") the appropriate Non-Voting Notices and each Non-Voting Nominee shall be entitled to receive reasonably sufficient numbers of Non-Voting Notices to distribute to the beneficial owners of the Pre-Petition Stock and the Debtors are authorized, without further order of this Court, to reimburse each Non-Voting Nominee for its reasonable, customary and documented out-of-pocket expenses associated with the distribution of the Impaired Class Non-Voting Notice to the beneficial owners of Pre-Petition Stock; and it is further

ORDERED that the Non-Voting Nominees shall forward the Impaired Class Non-Voting Notice to the beneficial owners of the Pre-Petition Stock within five (5) business days of the receipt by such Non-Voting Nominees of the Impaired Class Non-Voting Notice; and it is further

ORDERED that, with respect to addresses from which the Disclosure Statement Hearing Notices were returned as undeliverable by the United States Postal Service, the Debtors are excused from distributing Solicitation Packages, Ballots, Non-Voting Notices, copies of the Disclosure Statement or Plan or any other materials or notices (including any updates, supplements, amendments or modifications thereto) to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate

notice of the Confirmation Hearing or the Voting Deadline (as defined below) or a violation of

Bankruptcy Rule 3017(d); and it is further

ORDERED that the Debtors are not required to distribute Solicitation Packages, Ballots,

Non-Voting Notices, copies of the Disclosure Statement or Plan or any other materials or notices

(including any updates, supplements, amendments or modifications thereto) to (i) executory

contract or lease counterparties that have only filed or scheduled claims listed as contingent or

unliquidated or (ii) holders of claims against the Debtors that have not been classified in the Plan

pursuant to section 1123(a)(1) of the Bankruptcy Code; and it is further

ORDERED that, to be counted as a vote to accept or reject the Plan, each Ballot, Master

Ballot and pre-validated Beneficial Ballot must be properly executed, completed and the original

thereof delivered to the Solicitation Agent so as to be actually received by the Solicitation Agent

**no later than 4:00 p.m. (Prevailing Eastern Time) on January 4, 2011** (the "Voting

Deadline"); and it is further

ORDERED that the Debtors may, after consultation with the Creditors' Committee,

extend the Voting Deadline, if necessary, without further order of this Court, to a date that is no

later than five (5) calendar days after the Voting Deadline by publishing on the Debtors' case

information website (located at www.dm.epiq11.com/mesa) an announcement of such extension

by filing the same on this Court's docket; and it is further

ORDERED that, solely for purposes of voting to accept or reject the Plan, and not for the

purpose of the allowance of or distribution on account of a claim, and without prejudice to the

rights of the Debtors in any other context, each claim in the Voting Classes shall be entitled to

vote the amount of such claim as set forth in the Schedules (as may be amended from time to

time) (the foregoing shall not include the holders of public securities in the Voting Classes)

unless such holder has timely filed a proof of claim, in which event such holder shall be entitled to vote the amount of such claim as set forth in such proof of claim; provided, however, that the foregoing shall not apply to holders of Notes; provided, further that:

(a)    If a claim is deemed "Allowed" pursuant to an agreement with the Debtors or an order of this Court prior to or on the Voting Deadline, such claim shall be allowed for voting purposes in the "Allowed" amount set forth in the agreement or this Court's order;

(b)    If a claim for which a proof of claim has been timely filed is wholly contingent or unliquidated (as determined by the Debtors based upon a reasonable view of the proof of claim and its supporting documentation) and (i) no objection to it has been filed and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case prior to or on the Voting Deadline, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such claim shall be marked as voting at $1.00;

(c)    If the Debtors file an objection to a claim prior to the Solicitation Date, such claim shall be temporarily disallowed for voting purposes only, except to the extent and in the manner as may be set forth in such objection or such claim is subsequently Allowed, or temporarily allowed pursuant to Bankruptcy Rule 3018(a), on or before the Voting Deadline;

(d)    If a claim has been "disallowed" by agreement of the claim holder or order of the Court at any time prior to or on the Voting Deadline, such claim shall also be disallowed for voting purposes;

(e)      If a claim has been estimated or otherwise allowed for voting purposes by order of the Court prior to or on the Voting Deadline, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

(f)      If a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to or on the Voting Deadline, then, unless the Debtors have consented in writing or the holder of such claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(g)      If a claim is partially liquidated and partially unliquidated and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case prior to or on the Voting Deadline, such claim shall be allowed for voting purposes only in the liquidated amount;

(h)      If the obligation underlying a claim against one of the Debtors is the subject of a guarantee by another of the Debtors or a claim was otherwise filed against more than one Debtor on account of the same obligation that is actually enforceable against such Debtor, the Debtors propose that the primary claim and the guarantee claim be allowed for voting purposes with respect to the applicable Debtor;

(i)      If (a) the obligation underlying a claim against one of the Debtors is the subject of a guarantee of another Debtor and (b) such claim is an Unimpaired Claim, then any claim filed in respect of such guarantee shall be disallowed for voting purposes; and

12

(j)        Notwithstanding anything to the contrary contained herein, any creditor who has filed or is the transferee of duplicate claims in any of the Voting Classes (whether against the same or multiple Debtors) shall be provided with one Solicitation Package and one ballot and be permitted to vote only a single claim, regardless of whether the Debtors have objected to such duplicate claims; and it is further

ORDERED that if any claimant seeks to challenge the allowance or disallowance of its claim for voting purposes such claimant is directed to serve on the Debtors and the Creditors' Committee and file with the Court on or before the fourteenth (14th) calendar day after the Solicitation Date, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or reject the Plan; and it is further

ORDERED that as to any creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing; and it is further

ORDERED that if a creditor casts more than one Ballot voting the same claim(s) prior to the Voting Deadline, the last dated and properly completed Ballot received prior to the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots; and it is further

ORDERED that creditors with multiple claims in a single Voting Class must vote all of their claims either to accept or reject the Plan and may not split their votes, and thus (i) no Ballot that partially rejects and partially accepts the Plan and (ii) no Ballot filed by a creditor with multiple claims in the Voting Classes that votes inconsistently will be counted for purposes of voting or the opting out of the release provisions of the Plan, except as otherwise set forth herein; and it is further

13

ORDERED that, without further order of this Court, except as otherwise set forth herein, any Ballot that is properly completed, executed and timely returned to the Solicitation Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall not be counted for any purpose; and it is further

ORDERED that, without further order of this Court, any Ballot actually received by the Solicitation Agent after the Voting Deadline shall not be counted for purposes of voting or the opting out of the release provisions of the Plan unless the Debtors granted an extension of the Voting Deadline with respect to such Ballot; and it is further

ORDERED that, without further order of this Court, any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted for purposes of voting or the opting out of the release provisions of the Plan, except as otherwise set forth herein; and it is further

ORDERED that, without further order of this Court, any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, without further order of this Court, any Ballot cast for a claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, without further order of this Court, any unsigned Ballot or non-originally signed Ballot shall not be counted for purposes of voting or the opting out of the release provisions of the Plan, except as otherwise set forth herein; and it is further

14

ORDERED that, without further order of this Court, except as otherwise set forth herein, any Ballot sent directly to any of the Debtors, their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any party other than the Solicitation Agent shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, without further order of this Court, any Ballot cast for a claim that has been disallowed (for voting purposes or otherwise) shall not be counted for any purpose; and it is further

ORDERED that, without further order of this Court, except as otherwise set forth herein, any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means shall not be counted for purposes of voting or the opting out of the release provisions of the Plan; and it is further

ORDERED that, a holder of a claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a); and it is further

ORDERED that, subject to any order of this Court to the contrary, the Debtors may reject any and all Ballots, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; and it is further

ORDERED that, subject to any order of this Court to the contrary, the Debtors may waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice; and it is further

ORDERED that none of the Debtors, the Solicitation Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to

15

delivered Ballots, nor shall the Debtors, the Solicitation Agent or any other person or entity incur

any liability for failure to provide such notification; and it is further

ORDERED that the Solicitation Agent may disregard any and all defective ballots with

no further notice to any other person or entity; and it is further

ORDERED that, with respect to the tabulation of Master Ballots and Beneficial Ballots

cast by Voting Nominees and Beneficial Holders, for purposes of voting, the amount that will be

used to tabulate acceptance or rejection of the Plan will be the Record Amount and the following

additional rules shall apply to the tabulation of Master Ballots and Beneficial Ballots cast by

Voting Nominees and Beneficial Holders:

(a)     Votes cast by Beneficial Holders through a Voting Nominee will be

applied against the positions held by such entities in the applicable securities as of the Voting

Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting

Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Ballots, will not be

counted in excess of the Record Amount of such securities held by such Voting Nominee;

(b)     To the extent that conflicting votes or "overvotes" are submitted by a

Voting Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Ballots, the

Debtors will make a reasonable attempt to reconcile discrepancies with the Voting Nominees;

(c)     To the extent that overvotes on a Master Ballot or prevalidated Beneficial

Ballots are not reconcilable prior to the preparation of the vote certification, the Debtors will

apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and

reject the Plan submitted on the Master Ballot or pre-validated Beneficial Ballots that contained

the overvote, but only to the extent of the Voting Nominee's position in the applicable security

as of the Voting Period Date; and

16

(d)      A single Voting Nominee may complete and deliver to the Solicitation

Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted,

except to the extent they are duplicative of other Master Ballots.  If two or more Master Ballots

are inconsistent, the latest properly completed Master Ballot received prior to the Voting

Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot;

and it is further

ORDERED that tabulation of the Ballots shall be handled solely by the Debtors; and it is

further

ORDERED that the Debtors will file with the Court a certification (the "Voting

Certification") of the amount of the allowed claims of each class voting to accept or reject the

Plan no later than three (3) business days after the Voting Deadline, unless the Voting Deadline

is extended by the Debtors, in which case the Voting Certification shall be filed prior to the

Confirmation Hearing, and such Voting Certification shall be served on the Court, U.S. Trustee,

the Creditors' Committee, and all parties that have requested service in these cases; and it is

further

ORDERED that the Notice of Citizenship Declaration and Citizenship Declaration

substantially in the form annexed hereto as **Exhibit E** is APPROVED and that the Debtors are

authorized to send such Notice of Citizenship Declaration and Citizenship Declaration to the

holders of Class 3 Clams for purposes of determining the form of consideration to be distributed

to such holders under the Plan and that any holder failing to timely return such Citizenship

Declaration shall be deemed to be a Non-U.S. Citizen for purposes of distributions pursuant to

the Plan; and it is further

ORDERED that the Confirmation Hearing Notice substantially in the form annexed

hereto as **Exhibit F** is APPROVED; and it is further

ORDERED that the Confirmation Hearing Notice shall be transmitted to all creditors and

equity security holders; and it is further

ORDERED that the Confirmation Hearing will be held at **10:00 am (Prevailing Eastern

Time) on January 14, 2011**; provided, however, that the Confirmation Hearing may be

adjourned from time to time by the Court or the Debtors without further notice to parties other

than a notice filed on the Court's docket or an announcement in Court at the Confirmation

Hearing or any adjourned Confirmation Hearing; and it is further

ORDERED that the Debtors shall publish the Confirmation Hearing Notice on or before

the date that is twenty-eight (28) days before the deadline to file objections to confirmation of the

Plan in *USA Today*, shall post such notice electronically on the Debtors' case information

website (located at www.dm.epiq11.com/mesa), and shall file the same on this Court's docket;

and it is further

ORDERED that (a) objections to confirmation of the Plan or proposed modifications to

the Plan, if any, must (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules of Bankruptcy Procedure, (iii) state the name and address of the objecting

party and the amount and nature of such party's claim or interest, (iv) state with particularity the

basis and nature of any objection to the Plan and (v) be filed, together with proof of service, with

the Court electronically in accordance with the Case Management Order and served on the

parties listed in the Confirmation Hearing Notice, in each case so as to be actually received on or

before **4:00 p.m. (Prevailing Eastern Time) on January 4, 2011** and (b) all replies to

objections shall be filed on or before **4:00 p.m. (Prevailing Eastern Time) on January 11, 2011**; and it is further

ORDERED that objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled; and it is further

ORDERED that the Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court; and it is further

ORDERED that the Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, Ballots, Non-Voting Notices, the Notice of Citizenship Declaration, the Citizenship Declaration, the Confirmation Hearing Notice, and all exhibits to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution; and it is further

ORDERED that pursuant to the *Order Pursuant to Bankruptcy Rule 2002, 28 U.S.C. § 156(c) and Local Bankruptcy Rule 5075-1, Appointing Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent*, entered on January 5, 2010 [Docket No. 32] (the "Claims Agent Order"), Epiq Bankruptcy Solutions, LLC ("Epiq") was authorized to provide, among other things, certain services with respect to the noticing, balloting and solicitation of the Plan (together, the "Plan Solicitation Services").  Notwithstanding anything to the contrary in the Claims Agent Order, and subject to the terms of this Approval Order, Epiq is retained hereunder pursuant to section 327(a) of the Bankruptcy Code and agrees to be compensated on a monthly basis in accordance with this Court's *Order to Establish Procedures for Interim Compensation*

*and Reimbursement of Expenses of Professionals* [Docket No. 181] (the "<u>Interim Compensation Order</u>") solely with respect to the Plan Solicitation Services.  In accordance with the Interim Compensation Order, on or before the 20th day of each month following the month for which compensation is sought, Epiq shall file and serve monthly statements of fees and expenses solely with respect to the Plan Solicitation Services (each, a "<u>Monthly Statement</u>").  Each person receiving a Monthly Statement shall have at least 15 days after its receipt to review it.  If he or she has an objection to the compensation or reimbursement sought by Epiq in a particular Monthly Statement, he or she shall, by no later than the 35th day following the month for which compensation is sought, serve such objection on Epiq.  After the 35th day following the month for which compensation is sought, the Debtors shall promptly pay Epiq eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served.  If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and expenses in the percentages described in this paragraph; and it is further

ORDERED that if the parties to an objection to a Monthly Statement resolve their dispute following the service of such objection, and proper notice is served that the objection is withdrawn (in accordance with the Interim Compensation Order), the Debtors shall promptly pay Epiq that portion of the Monthly Statement that is no longer subject to an objection.  Any objection to a Monthly Statement that the parties do not resolve shall be preserved and presented to the Court at the hearing on Epiq's final fee application, unless such objection has been previously adjudicated by order of the Court, and it is further

ORDERED that the service of an objection to a Monthly Statement described in this

Approval Order shall not prejudice the objecting party's right to object to Epiq's final fee

application made to the Court in accordance with the Bankruptcy Code on any ground regardless

of whether the objecting party raised the ground in the objection or not.  The decision by any

party not to object to a Monthly Statement shall not waive or prejudice that party's right to object

to Epiq's final fee application made to the Court in accordance with the Bankruptcy Code, and it

is further

ORDERED that no later than ninety (90) days after completion of the Plan Solicitation

Services set forth in the Claims Agent Order, Epiq shall file with the Court, in accordance with

General Order M-389 (which can be found at www.nysb.uscourts.gov) and the United States

Trustee's Guidelines an application for final Court approval and allowance pursuant to sections

330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1 of the fees and

expenses requested in the Monthly Statements, and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or relating to this Approval Order.

Dated:  November 23, 2010
        New York, New York

_____
        **/s/Martin Glenn**
        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

**(Unimpaired Class Non-Voting Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS WITH RESPECT
### TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE** that by order entered on **November [ ], 2010**

(the "Approval Order"), the United States Bankruptcy Court for the Southern District of New

York approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its

subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and

authorized the Debtors to solicit votes to accept or reject the Second Amended Joint Plan of

Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the

Bankruptcy Code (as the same may be updated, supplemented, amended and/or otherwise

modified from time to time, the "Plan")[2] annexed as Exhibit B to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** THAT UNDER THE TERMS OF

THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IS/ARE NOT IMPAIRED AND,

THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU

ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchiii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

ENTITLED TO VOTE ON THE PLAN.  ACCORDINGLY, THIS NOTICE IS PROVIDED

FOR INFORMATIONAL PURPOSES ONLY.

**PLEASE TAKE FURTHER NOTICE** THAT TO OBTAIN A COPY OF

THE APPROVAL ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU MAY

VISIT THE DEBTORS' CASE INFORMATION WEBSITE (LOCATED AT

www.dm.epiq11.com/mesa) OR CONTACT THE DEBTORS' SOLICITATION AGENT, EPIQ

BANKRUPTCY SOLUTIONS, LLC, AT 646- 282-2400.

Dated:    November __, 2010          PACHULSKI STANG ZIEHL & JONES LLP
          New York, New York

          By _____
                Richard M. Pachulski
                Laura Davis Jones
                Debra I. Grassgreen
                Maria A. Bove
                John W. Lucas
                780 Third Avenue, 36th Floor
                New York, NY 10017
                Telephone: 212.561.7700
                Facsimile:  212.561.777

                Attorneys for Debtors
                and Debtors in Possession

# **EXHIBIT B**

**(Impaired Class Non-Voting Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF NON-VOTING STATUS WITH RESPECT
### TO IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE** that by order entered on **November [ ], 2010**

(the "Approval Order"), the United States Bankruptcy Court for the Southern District of New

York approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its

subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and

authorized the Debtors to solicit votes to accept or reject the Second Amended Joint Plan of

Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the

Bankruptcy Code (as the same may be updated, supplemented, amended and/or otherwise

modified from time to time, the "Plan")[2] annexed as Exhibit B to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** THAT UNDER THE TERMS OF

THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON

ACCOUNT OF YOUR INTEREST(S) IN THE DEBTORS AND, THEREFORE, PURSUANT

TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE

REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the
Plan.

ACCORDINGLY, THIS NOTICE IS PROVIDED FOR INFORMATIONAL PURPOSES

ONLY.

   **PLEASE TAKE FURTHER NOTICE** THAT TO OBTAIN A COPY OF

THE APPROVAL ORDER, THE PLAN OR THE DISCLOSURE STATEMENT, YOU MAY

VISIT THE DEBTORS' CASE INFORMATION WEBSITE (LOCATED AT

www.dm.epiq11.com/mesa) OR CONTACT THE DEBTORS' SOLICITATION AGENT, EPIQ

BANKRUPTCY SOLUTIONS, LLC, AT 646- 282-2400.

Dated:   November __, 2010          PACHULSKI STANG ZIEHL & JONES LLP
         New York, New York

              By   _____
                        Richard M. Pachulski
                        Laura Davis Jones
                        Debra I. Grassgreen
                        Maria A. Bove
                        John W. Lucas
                        780 Third Avenue, 36th Floor
                        New York, NY 10017
                        Telephone: 212.561.7700
                        Facsimile:  212.561.777

                        Attorneys for Debtors
                        and Debtors in Possession

# <u>EXHIBIT C-1</u>

**(Ballot – Secured Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF**
**REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR VOTING CLAIMS IN CLASS 2 (SECURED CLAIMS)**

        The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]  The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  If you were, as of **November 18, 2010**, the holder of one or more claims in Class 2 (Secured Claims) ("Class 2"), please use this Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**January 4, 2011.**

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  Ballots will not be accepted by electronic or facsimile transmission.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

| | |
|---|---|
| | **HOW TO VOTE** |
| 1. | COMPLETE ITEM 1. |
| 2. | COMPLETE ITEM 2. |
| 3. | DECIDE WHETHER TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY COMPLETING ITEM 3. |
| 4. | REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4. |
| 5. | **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.** |
| 6. | YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 2 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. |
| 7. | ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**. |
| 8. | FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **JANUARY 4, 2011 AT 4:00 P.M.** (PREVAILING EASTERN TIME). YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW: |

<table>
<tr><td>By Courier/Hand Delivery</td><td>By U.S. Mail</td></tr>
<tr><td>Mesa Air Group Ballot Processing</td><td>Mesa Air Group Ballot Processing</td></tr>
<tr><td>c/o Epiq Bankruptcy Solutions, LLC</td><td>c/o Epiq Bankruptcy Solutions, LLC</td></tr>
<tr><td>757 Third Avenue, 3rd Floor</td><td>P.O. Box 5014, FDR Station</td></tr>
<tr><td>New York, NY 10017</td><td>New York, NY 10150-5014</td></tr>
</table>

Item 1: <u>Amount of Class 2 Claims Voted</u>.  The undersigned certifies that, as of **November 18, 2010**, the undersigned held Class 2 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$_____

Item 2: <u>Voting</u>.  The holder of the Class 2 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Releases</u>.

(A)  IF YOU **<u>DO NOT SUBMIT THIS BALLOT</u>**, YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(B)  IF YOU **SUBMIT THIS BALLOT AND <u>ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY CHECKING THE BOX BELOW, THEN YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(C) IF YOU **SUBMIT THIS BALLOT AND <u>DO NOT ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, THEN YOU SHALL BE DEEMED TO HAVE **CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES CONTAINED IN SECTION 9.3.2 OF THE PLAN**.

**Opt Out of the release provisions in Section 9.3.2 of the Plan**

Item 4: <u>Certification</u>.  By returning this Ballot, the holder of the Class 2 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 2 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 2 Claims identified in Item 1, (c) it was the holder of the Class 2 Claims identified in Item 1 as of **November 18, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-2

**(Ballot – General Unsecured Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR VOTING CLAIMS IN CLASS 3 (GENERAL UNSECURED CLAIMS)**

      The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  If you were, as of **November 18, 2010**, the holder of one or more claims in Class 3 (General Unsecured Claims) ("Class 3"), please use this Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**JANUARY 4, 2011.**

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan, (ii) to elect to convert your Class 3 Claim into an Allowed Class 4 (De Minimis Convenience Claim), and/or (iii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

<div style="border:1px solid black;">

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2.

3.    YOU <u>MAY</u> ELECT TO REDUCE YOUR CLASS 3 CLAIM TO **$100,000** AND ACCEPT A CASH PAYMENT EQUAL TO THE AMOUNT OF SUCH CLAIM MULTIPLIED BY THE ESTIMATED RECOVERY PERCENTAGE OF THE CLAIM AGAINST THE APPLICABLE DEBTOR AS SET FORTH ON EXHIBIT D OF THE PLAN.  COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.    DECIDE WHETHER TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY COMPLETING ITEM 4.

5.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

6.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 3 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

8.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

9.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **JANUARY 4, 2011 AT 4:00 P.M.** (PREVAILING EASTERN TIME).  YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

</div>

Item 1: <u>Amount of Class 3 Claims Voted</u>.  The undersigned certifies that, as of **November 18, 2010**, the undersigned held Class 3 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$_____

Item 2: <u>Voting</u>.  The holder of the Class 3 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: **OPTIONAL -** <u>De Minimis Convenience Claim</u>.  By checking the box below, you **may** elect to reduce your Allowed Claim to **$100,000** and receive a cash payment equal to the amount of such claim multiplied by the estimated recovery percentage of the claim against the applicable Debtor as set forth on Exhibit D of the Plan.  By making this voluntary election, you are agreeing to have your claim reclassified as a Class 4 De Minimis Convenience Claim and have your vote tabulated among those creditors permitted to vote in Class 4.

**Elect** to reduce Allowed Claim and treat as a De Minimis Convenience Claim

Item 4: <u>Releases</u>.

(A)  IF YOU **<u>DO NOT SUBMIT THIS BALLOT</u>**, YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(B)  IF YOU **SUBMIT THIS BALLOT AND <u>ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY CHECKING THE BOX BELOW, THEN YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(C) IF YOU **SUBMIT THIS BALLOT AND <u>DO NOT ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, THEN YOU SHALL BE DEEMED TO HAVE **CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES CONTAINED IN SECTION 9.3.2 OF THE PLAN**.

**Opt Out of the release provisions in Section 9.3.2 of the Plan**

Item 5: <u>Certification</u>.  By returning this Ballot, the holder of the Class 3 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 3 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 3 Claims identified in Item 1, (c) it was the holder of the Class 3

Claims identified in Item 1 as of **November 18, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____
_____

Telephone Number: _____

Date Completed: _____

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-3

**(Beneficial Ballot – 2023 and 2024 Noteholder Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### BENEFICIAL BALLOT FOR HOLDERS OF CLAIMS IN CLASS 3

### (GENERAL UNSECURED CLAIMS) ARISING FROM 2023 / 2024 NOTES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]  The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Beneficial Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  General unsecured claims in the form of certain 6.25% senior convertible notes due June 16, 2023 and certain 3.625% senior convertible notes due February 10, 2024 (together, the "2023 / 2024 Notes," as defined in the Plan) that the Debtors issued prior to the commencement of the Debtors' chapter 11 cases have been placed in Class 3 (General Unsecured Claims) ("Class 3").  If you were, as of **November 18, 2010**, the beneficial holder of one or more 2023 / 2024 Notes, whether held directly or through a broker, bank, dealer, or other agent or nominee (each, a "Voting Nominee"), please use this Beneficial Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you cannot access or have not received the CD-ROM or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan.  All of your general unsecured claims arising from 2023 / 2024 Notes against the Debtors have been placed in Class 3 under the Plan.  If you hold claims in multiple accounts, you will receive a Beneficial Ballot for each account for which you are entitled to vote.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**JANUARY 4, 2011.**

**Upon completion, this Beneficial Ballot should be returned either to your Voting Nominee or to the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, as directed on the enclosed pre-addressed postage paid envelope.  If you are directed to return this Beneficial Ballot to your Voting Nominee, please allow sufficient time for your Voting Nominee to transmit your vote to the Solicitation Agent on a Master Ballot by the Voting Deadline.  If this Beneficial Ballot or the Master Ballot cast on your behalf by your Voting Nominee is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

**[Continued on next page]**

**HOW TO VOTE**

1.      COMPLETE ITEM 1.

2.      COMPLETE ITEM 2.

3.      DECIDE WHETHER TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY COMPLETING ITEM 3.

4.      REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

5.      SIGN AND DATE THIS BENEFICIAL BALLOT (UNLESS THIS BENEFICIAL BALLOT HAS ALREADY BEEN SIGNED OR PREVALIDATED BY YOUR VOTING NOMINEE) AND FILL OUT THE OTHER REQUIRED INFORMATION.

7.      YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR 2023 / 2024 NOTES AND ALL OF YOUR OTHER CLASS 3 CLAIMS, EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

8.      ANY EXECUTED BENEFICIAL BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, **WILL NOT BE COUNTED**.

Item 1: <u>Amount of 2023 / 2024 Notes Voted</u>.  The undersigned certifies that, as of **November 18, 2010**, the undersigned held 2023 / 2024 Notes in the following aggregate principal amount (insert amount in the box below):

$_____

Item 2: <u>Voting</u>.  The holder of the 2023 / 2024 Notes identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Releases</u>.

(A)  IF YOU **<u>DO NOT SUBMIT THIS BALLOT</u>**, YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(B)  IF YOU **SUBMIT THIS BALLOT AND <u>ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY CHECKING THE BOX BELOW, THEN YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(C) IF YOU **SUBMIT THIS BALLOT AND <u>DO NOT ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, THEN YOU SHALL BE DEEMED TO HAVE **CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES CONTAINED IN SECTION 9.3.2 OF THE PLAN**.

**Opt Out of the release provisions in Section 9.3.2 of the Plan**

Item 4: <u>Identify All Class 3 Claims Arising from other 2023 / 2024 Notes</u>.  By returning this Beneficial Ballot, the holder of the 2023 / 2024 Notes identified in Item 1 certifies that (a) this Beneficial Ballot is the only Beneficial Ballot submitted for 2023 / 2024 Notes owned by such holder, except for any other 2023 / 2024 Notes identified in the following table, and (b) all Beneficial Ballots for any other 2023 / 2024 Notes submitted by the holder indicate the same vote to accept or reject the Plan that the holder has indicated in Item 2 of this Beneficial Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER BALLOTS OR BENEFICIAL BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of other 2023 / 2024 Notes Claims |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |

Item 5: <u>Certification</u>.  By returning this Beneficial Ballot, the holder of the 2023 / 2024 Notes identified in Item 1 certifies that (a) it has full power and authority to vote to accept or reject the Plan with respect to the 2023 / 2024 Notes listed in Item 1, (b) it was the holder of the 2023 / 2024 Notes described in Item 1 as of **November 18, 2010**, (c) all Ballots or Beneficial Ballots to vote Class 3 Claims indicate the same vote to accept or reject the Plan that the holder has indicated on this Beneficial Ballot, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

**YOUR RECEIPT OF THIS BENEFICIAL BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

This Beneficial Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

---

**UPON COMPLETION, THIS BENEFICIAL BALLOT SHOULD BE RETURNED EITHER TO YOUR VOTING NOMINEE OR TO THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AS DIRECTED ON THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE.  IF YOU ARE DIRECTED TO RETURN THIS BENEFICIAL BALLOT TO YOUR VOTING NOMINEE, YOUR VOTING NOMINEE WILL TRANSMIT YOUR VOTE TO THE SOLICITATION AGENT ON A MASTER BALLOT.**

**IF THIS BENEFICIAL BALLOT OR THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR VOTING NOMINEE IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.

# **EXHIBIT C-4**

**(Master Ballot – 2023 and 2024 Noteholder Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

---

### MASTER BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### MASTER BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 3 (GENERAL UNSECURED CLAIMS) ARISING FROM 2023 / 2024 NOTES

THIS MASTER BALLOT MUST BE ***RECEIVED*** BY THE SOLICITATION AGENT ON OR BEFORE THE **VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011** OR THE VOTES REPRESENTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.

       The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or in the other materials contained in the Solicitation Packages you have already received and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket. The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist creditors in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.

       This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (the "Voting Nominee") to transmit the votes of holders of 2023 / 2024 Notes that are entitled to vote on the Plan (each such holder, a "Beneficial Holder"). Before you transmit such votes, please carefully review the Disclosure Statement and the Approval Order contained on the CD-ROM or other materials that was included in the Solicitation Packages you have already received.

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to transmit votes to accept or reject the Plan and/or (ii) report elections to opt out of the release provisions contained in Section 9.3.2 of the Plan.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE THE VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED ON THIS MASTER BALLOT WILL NOT BE COUNTED.**

**You should review the Disclosure Statement, the Plan and the Approval Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the general unsecured claims of the Beneficial Holders under the Plan. Such claims have been placed in Class 3 (General Unsecured Claims) ("_Class 3_") under the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted on this Master Ballot.**

Item 1: Certification of Authority to Vote. The undersigned certifies that, as of the **November 18, 2010** Voting Record Date, the undersigned (please check the applicable box):

☐ Was a broker, bank, dealer or other nominee for the Beneficial Holders of the aggregate principal amount of the 2023 / 2024 Notes listed in Item 2 below, and was the registered holder thereof, or

☐ Was acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, dealer or other nominee that was the registered holder of the aggregate principal amount of the 2023 / 2024 Notes listed in Item 2 below or

☐ Had been granted a proxy (an original of which is attached hereto) from a broker, bank, dealer or other nominee or a Beneficial Holder that was the registered holder of the aggregate principal amount of the 2023 / 2024 Notes listed in Item 2 below

and accordingly, has full power and authority to (1) vote to accept or reject the Plan and/or (2) opt out of the release provisions contained in Section 9.2.3 of the Plan, each on behalf of the Beneficial Holders of the 2023 / 2024 Notes listed in Item 2 below.

Item 2 and Item 3:

> Vote and Release.  The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Plan; and (2) decisions to opt out of the release provisions contained in Section 9.2.3 of the Plan.  The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below were Beneficial Holders of the 2023 / 2024 Notes as of the **November 18, 2010** Voting Record Date and have delivered to the undersigned, as Voting Nominee, properly executed Beneficial Ballots casting such votes on the Plan and exhibiting such decisions to opt out of the release provisions contained in Section 9.2.3 of the Plan.

**ANY EXECUTED MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

Please indicate the requested information in the appropriate column.  For purposes of this Master Ballot, accrued or unmatured interest should not be included in the aggregate principal amount voted for each account.  Please note that each Beneficial Holder must vote all of its Class 3 Claims either to accept or reject the Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

| Your Customer Account Number for each Beneficial Holder | Item 2. Principal Amount of 2023 / 2024 Noteholder Claims Voting | | Item 3. Check box below if Beneficial Holder has elected to OPT OUT of the Release |
|---|---|---|---|
| | To ACCEPT the Plan | To REJECT the Plan | |
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |

Item 4: <u>Transcription</u>.  The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the ballots of Beneficial Holders (each, a "<u>Beneficial Ballot</u>"):

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder or Nominee | CUSIP of Other 2023 / 2024 Notes Voted | Principal Amount of Other 2023 / 2024 Noteholder Claims |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |

Item 5: <u>Certification</u>.  By signing this Master Ballot, the undersigned (i) certifies that each Beneficial Holder listed in Item 2 above has been provided with a Solicitation Package (and all contents thereof, including a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Approval Order and the Disclosure Statement, (iii) certifies that it received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, and (iv) certifies that it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder.

Name of Broker, Bank, or Other Nominee:

_____

(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(If Applicable)

E-Mail Address:_____

Signature:_____

Print Name:_____

Title:_____

(If Appropriate)


Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

---

**THIS MASTER BALLOT MUST BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

**PLEASE NOTE: THE SOLICITATION AGENT WILL *NOT* ACCEPT BENEFICIAL BALLOTS OR MASTER BALLOTS BY ELECTRONIC OR FACSIMILE TRANSMISSION.**

**ANY EXECUTED BENEFICIAL BALLOT OR MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. The Master Ballot is to be used by brokers, banks, dealers or other agents or nominees (each, a "Voting Nominee") to transmit the votes of holders of the Debtors' certain 6.25% senior convertible notes due June 16, 2023 and certain 3.625% senior convertible notes due February 10, 2024 (the "2023 / 2024 Notes") that are entitled to vote on the Plan (each such holder, a "Beneficial Holder" and each such ballot cast by such holder, a "Beneficial Ballot"): (1) votes cast by Beneficial Holders to accept or reject the Plan referred to in the Disclosure Statement; and (2) decisions by the Beneficial Holders to opt out of the release provisions contained in Section 9.2.3 of the Plan. The Disclosure Statement, Plan and other related documents have been provided to the Beneficial Holders on the CD-ROM or other materials included in each Solicitation Package and are accessible on the Debtors' case information website (located at www.dm.epiq11.com/mesa). Hard copies of such documents may also be obtained at no charge, by contacting the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, by writing to Epiq Bankruptcy Solutions, LLC, Attn: Mesa Air Group Ballot Processing, P.O. Box 5014, FDR Station, New York, NY 10150-5014 or by calling (646) 282-2400. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meanings ascribed to them in the Plan.

2. If you are transmitting the vote of any Beneficial Holder other than yourself, you may either:

   a. Complete and execute the Beneficial Ballots (other than Items 2, 3, and 4) and deliver to the Beneficial Holder such "pre-validated" Beneficial Ballots, along with the Solicitation Package and other materials requested to be forwarded. The Beneficial Holder should complete Items 2, 3 and 4 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Solicitation Agent so as to be received before the Voting Deadline.

*OR*

   b. For any Beneficial Ballot you do not "pre-validate":

   Deliver the Beneficial Ballot to the Beneficial Holder, along with the Solicitation Package and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Plan and completing the other items as appropriate and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Solicitation Agent so as to be received before the Voting Deadline of **4:00 P.M. (Prevailing Eastern Time) on January 4, 2011** at the applicable addresses set forth below:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

With respect to all Beneficial Ballots returned to you, please properly complete the Master Ballot as follows:

    i.        Provide appropriate information for each of the items on the Master Ballot. Please note that Items 2, 3 and 4 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

    ii.       If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

    iii.     Sign and date the Master Ballot and fill out the other required information.

    iv.     If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

    v.       Provide your name and other requested information.

    vi.     Deliver the Master Ballot to the Solicitation Agent so as to be received before the Voting Deadline of 4:00 P.M. (Prevailing Eastern Time) on **January 4, 2011**.

    vii.    If you are both the registered holder and the Beneficial Holder of any 2023 / 2024 Notes and you wish to vote such 2023 / 2024 Notes, you may return either a Beneficial Ballot or a Master Ballot to the Solicitation Agent before the Voting Deadline.

    3.     Pursuant to the Approval Order, all original Beneficial Ballots received from Beneficial Holders must be kept by you until **January 4, 2012** (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.

    4.     If a Master Ballot is not actually received until after the Voting Deadline, it will not be counted. The method of delivery of a Master Ballot to the Solicitation Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

    5.     Master Ballots should only be sent to the Solicitation Agent. They should not be sent to the Debtors, any other agent or the Debtors' financial or legal advisors.

    6.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan..

    7.     If multiple Master Ballots or Beneficial Ballots are received from or on behalf of the same claimant with respect to the same Claims prior to the Voting Deadline, the last properly completed Master Ballot or Beneficial Ballot timely received will supersede and revoke any earlier received Master Ballot or Beneficial Ballot.

    8.     No Master Ballot or Beneficial Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

9.    The following Master Ballots or Beneficial Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Master Ballot or Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Master Ballot or Beneficial Ballot cast by a person or entity that does not hold a Class 3 Claim; (iii) any Master Ballot or Beneficial Ballot sent to the Solicitation Agent by facsimile or other electronic means; (iv) any Master Ballot or Beneficial Ballot that is properly completed and executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan or any Beneficial Ballot that indicates both an acceptance and a rejection of the Plan; (v) any unsigned or non-originally signed Master Ballot or Beneficial Ballot; (vi) any Master Ballot or Beneficial Ballot sent directly to any of the Debtors, their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any other party other than the Solicitation Agent; (vii) any Master Ballot or Beneficial Ballot cast for a claim that has been disallowed (for voting purposes or otherwise); and (xiii) any Master Ballot or Beneficial Ballot actually received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Master Ballot or Beneficial Ballot.

10.    A claimant with multiple Class 3 Claims must vote all of its claims either to accept or reject the Plan and may not split its vote. Accordingly, no Beneficial Ballot that partially rejects and partially accepts the Plan and no Beneficial Ballot filed by a claimant with multiple Class 3 Claims that votes inconsistently will be counted.

11.    Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Master Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Solicitation Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

12.    If you believe you have received the wrong Beneficial Ballots or Master Ballot, please contact the Solicitation Agent immediately.

13.    We will, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

**PLEASE DELIVER THIS MASTER BALLOT PROMPTLY.**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-5

**(Ballot - De Minimis Convenience Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF**
**REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR VOTING CLAIMS - CLASS 4 (DE MINIMIS CONVENIENCE CLAIMS)**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "<u>Plan</u>").[2]  The Plan is Exhibit B to the Debtors' Disclosure Statement (the "<u>Disclosure Statement</u>"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  If you were, as of **November 18, 2010**, the holder of one or more claims in Class 4 (De Minimis Convenience Claims) ("<u>Class 4</u>"), please use this Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "<u>Approval Order</u>") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

**<u>VOTING DEADLINE</u>: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**JANUARY 4, 2011.**

**If your Ballot is not <u>received</u> by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

<div style="border:1px solid black; padding:1em;">

**HOW TO VOTE**

1.     COMPLETE ITEM 1.

2.     COMPLETE ITEM 2.

3.     DECIDE WHETHER TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY COMPLETING ITEM 3.

4.     REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

5.     **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION**.

6.     YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 2 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

7.     ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.

8.     FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **JANUARY 4, 2010 AT 4:00 P.M.** (PREVAILING EASTERN TIME). YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

</div>

Item 1: <u>Amount of Class 4 Claims Voted</u>.  The undersigned certifies that, as of **November 18, 2010**, the undersigned held Class 4 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$_____

Item 2: <u>Voting</u>.  The holder of the Class 4 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Releases</u>.

(A)  IF YOU **<u>DO NOT SUBMIT THIS BALLOT</u>**, YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(B)  IF YOU **SUBMIT THIS BALLOT AND <u>ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY CHECKING THE BOX BELOW, THEN YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(C) IF YOU **SUBMIT THIS BALLOT AND <u>DO NOT ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, THEN YOU SHALL BE DEEMED TO HAVE **CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES CONTAINED IN SECTION 9.3.2 OF THE PLAN**.

**Opt Out of the release provisions in Section 9.3.2 of the Plan**

Item 4: <u>Certification</u>.  By returning this Ballot, the holder of the Class 4 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 4 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 4 Claims identified in Item 1, (c) it was the holder of the Class 4 Claims identified in Item 1 as of **November 18, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-6

## (Ballot - 510(a) Subrogation Claims)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF**
**REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**
**BALLOT FOR VOTING CLAIMS IN CLASS 5 (510(a) Subrogation Claims)**

       The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]  The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  If you were, as of **November 18, 2010**, the holder of one or more claims in Class 5 (510(a) Subrogation Claims) ("Class 5"), please use this Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you have not received or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

**You should review the Disclosure Statement, the Plan and the Approval Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or claims under the Plan.**

    **VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

    **JANUARY 4, 2011.**

**If your Ballot is not received by mail or hand delivery at the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  Ballots will not be accepted by electronic or facsimile transmission.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

| **HOW TO VOTE** |
|---|
| 1.  COMPLETE ITEM 1 |
| 2.  COMPLETE ITEM 2. |
| 3.  DECIDE WHETHER TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY COMPLETING ITEM 3. |
| 4.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4. |
| 5.  **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.** |
| 6.  YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 5 CLAIMS EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE. |
| 7.  ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**. |
| 8.  FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** BY THE SOLICITATION AGENT NO LATER THAN **JANUARY 4, 2011 AT 4:00 P.M.** (PREVAILING EASTERN TIME). YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW: |

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

Item 1: <u>Amount of Class 5 Claims Voted</u>.  The undersigned certifies that, as of **November 18, 2010**, the undersigned held Class 5 Claims in the following aggregate unpaid amount, which arose prior to the respective Debtor's Petition Date:

$\underline{\hspace{4cm}}$

Item 2: <u>Voting</u>.  The holder of the Class 5 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

**Accept** the Plan  OR      **Reject** the Plan

Item 3: <u>Releases</u>.

(A)  IF YOU **<u>DO NOT SUBMIT THIS BALLOT</u>**, YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(B)  IF YOU **SUBMIT THIS BALLOT AND <u>ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY CHECKING THE BOX BELOW, THEN YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(C) IF YOU **SUBMIT THIS BALLOT AND <u>DO NOT ELECT TO OPT OUT</u>** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, THEN YOU SHALL BE DEEMED TO HAVE **CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES CONTAINED IN SECTION 9.3.2 OF THE PLAN**.

**Opt Out of the release provisions in Section 9.3.2 of the Plan**

Item 4: <u>Certification</u>.  By returning this Ballot, the holder of the Class 5 Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 5 Claims identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 5 Claims identified in Item 1, (c) it was the holder of the Class 5 Claims identified in Item 1 as of **November 18, 2010**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT C-7

**(Beneficial Ballot - 2012 Noteholder Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

## BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### BENEFICIAL BALLOT FOR HOLDERS OF CLAIMS IN CLASS 6 (2012 NOTEHOLDER CLAIMS) ARISING FROM 2012 NOTES

      The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2]  The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or materials accompanying this Beneficial Ballot and has also been posted on the Debtors' case information website (located at:  www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket.  General unsecured claims in the form of the Debtors' 8% senior unsecured notes due February 10, 2012 (the "2012 Notes," as defined in the Plan) issued prior to the commencement of the Debtors' chapter 11 cases have been placed in Class 6 (2012 Noteholder Claims) ("Class 6").  If you were, as of **November 18, 2010**, the beneficial holder of one or more 2012 Notes, whether held directly or through a broker, bank, dealer, or other agent or nominee (each, a "Voting Nominee"), please use this Beneficial Ballot to cast your vote to accept or reject the Plan.  The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code, provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you cannot access or have not received the CD-ROM or wish to obtain a printed copy of the Disclosure Statement, please contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan.  All of your general unsecured claims arising from 2012 Notes against the Debtors have been placed in Class 6 under the Plan.  If you hold claims in multiple accounts, you will receive a Beneficial Ballot for each account for which you are entitled to vote.**

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON**

**JANUARY 4, 2011.**

**Upon completion, this Beneficial Ballot should be returned either to your Voting Nominee or to the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, as directed on the enclosed pre-addressed postage paid envelope.  If you are directed to return this Beneficial Ballot to your Voting Nominee, please allow sufficient time for your Voting Nominee to transmit your vote to the Solicitation Agent on a Master Ballot by the Voting Deadline.  If this Beneficial Ballot or the Master Ballot cast on your behalf by your Voting Nominee is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

This Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan.

**[Continued on next page]**

**<u>HOW TO VOTE</u>**

1.      COMPLETE ITEM 1.

2.      COMPLETE ITEM 2.

3.      DECIDE WHETHER TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY COMPLETING ITEM 3.

4.      REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.

5.      SIGN AND DATE THIS BENEFICIAL BALLOT (UNLESS THIS BENEFICIAL BALLOT HAS ALREADY BEEN SIGNED OR PREVALIDATED BY YOUR VOTING NOMINEE) AND FILL OUT THE OTHER REQUIRED INFORMATION.

7.      YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR 2012 NOTES AND ALL OF YOUR OTHER CLASS 6 CLAIMS, EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

8.      ANY EXECUTED BENEFICIAL BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, **WILL NOT BE COUNTED**.

Item 1: <u>Amount of 2012 Notes Voted</u>.  The undersigned certifies that, as of **November 18, 2010**, the undersigned held 2012 Notes in the following aggregate principal amount (insert amount in the box below):

$$\$\underline{\hspace{4cm}}$$

Item 2: <u>Voting</u>.  The holder of the 2012 Notes identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes your vote **will not be counted**):

<div align="center">

**Accept** the Plan  OR      **Reject** the Plan

</div>

Item 3: <u>Releases</u>.

(A)  IF YOU **DO NOT SUBMIT THIS BALLOT**, YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(B)  IF YOU **SUBMIT THIS BALLOT AND ELECT TO OPT OUT** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN BY CHECKING THE BOX BELOW, THEN YOU SHALL BE DEEMED TO HAVE OPTED OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN.

(C) IF YOU **SUBMIT THIS BALLOT AND DO NOT ELECT TO OPT OUT** OF THE RELEASE PROVISIONS CONTAINED IN SECTION 9.3.2 OF THE PLAN, THEN YOU SHALL BE DEEMED TO HAVE **CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, AND IRREVOCABLY CONSENTED TO THE RELEASES CONTAINED IN SECTION 9.3.2 OF THE PLAN**.

<div align="center">

**Opt Out of the release provisions in Section 9.3.2 of the Plan**

</div>

Item 4: <u>Identify All Class 6 Claims Arising from other 2012 Notes</u>.  By returning this Beneficial Ballot, the holder of the 2012 Notes identified in Item 1 certifies that (a) this Beneficial Ballot is the only Beneficial Ballot submitted for 2012 Notes owned by such holder, except for any other 2012 Notes identified in the following table, and (b) all Beneficial Ballots for any other 2012 Notes submitted by the holder indicate the same vote to accept or reject the Plan that the holder has indicated in Item 2 of this Beneficial Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER BALLOTS OR BENEFICIAL BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of other 2012 Notes Claims |
|---|---|---|

| | | $ |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

Item 5: Certification.  By returning this Beneficial Ballot, the holder of the 2012 Notes identified in Item 1 certifies that (a) it has full power and authority to vote to accept or reject the Plan with respect to the 2012 Notes listed in Item 1, (b) it was the holder of the 2012 Notes described in Item 1 as of **November 18, 2010**, (c) all Ballots or Beneficial Ballots to vote Class 6 Claims indicate the same vote to accept or reject the Plan that the holder has indicated on this Beneficial Ballot, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

**YOUR RECEIPT OF THIS BENEFICIAL BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

Name of Creditor: _____

(Print or Type)

Social Security or Federal Tax ID. No.: _____

Signature: _____

Print Name: _____

Title: _____

(If Applicable)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

This Beneficial Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

---

**UPON COMPLETION, THIS BENEFICIAL BALLOT SHOULD BE RETURNED EITHER TO YOUR VOTING NOMINEE OR TO THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AS DIRECTED ON THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE.  IF YOU ARE DIRECTED TO RETURN THIS BENEFICIAL BALLOT TO YOUR VOTING NOMINEE, YOUR VOTING NOMINEE WILL TRANSMIT YOUR VOTE TO THE SOLICITATION AGENT ON A MASTER BALLOT.**

**IF THIS BENEFICIAL BALLOT OR THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR VOTING NOMINEE IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.

# **EXHIBIT C-8**

**(Master Ballot - 2012 Noteholder Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al*., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**MASTER BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**MASTER BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 6
(2012 NOTEHOLDER CLAIMS) ARISING FROM 2012 NOTES**

THIS MASTER BALLOT MUST BE ***RECEIVED*** BY THE SOLICITATION AGENT ON OR BEFORE THE **VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011** OR THE VOTES REPRESENTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").[2] The Plan is Exhibit B to the Debtors' Disclosure Statement (the "Disclosure Statement"), which is included on the CD-ROM or in the other materials contained in the Solicitation Packages you have already received and has also been posted on the Debtors' case information website (located at: www.dm.epiq11.com/mesa) and on the Bankruptcy Court's docket. The Disclosure Statement, which has been approved by the entry of an order (the "Approval Order") by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, provides information to assist creditors in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.

This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (the "Voting Nominee") to transmit the votes of holders of 2012 Notes that are entitled to vote on the Plan (each such holder, a "Beneficial Holder"). Before you transmit such votes, please carefully review the Disclosure Statement and the Approval Order contained on the CD-ROM or other materials that was included in the Solicitation Packages you have already received.

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to transmit votes to accept or reject the Plan and/or (ii) report elections to opt out of the release provisions contained in Section 9.3.2 of the Plan.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE THE VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED ON THIS MASTER BALLOT WILL NOT BE COUNTED.**

**You should review the Disclosure Statement, the Plan and the Approval Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the general unsecured claims of the Beneficial Holders under the Plan. Such claims have been placed in Class 6 (2012 Noteholder Claims) ("<u>Class 6</u>") under the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted on this Master Ballot.**

Item 1: <u>Certification of Authority to Vote</u>.  The undersigned certifies that, as of the **November 18, 2010** Voting Record Date, the undersigned (please check the applicable box):

☐ Was a broker, bank, dealer or other nominee for the Beneficial Holders of the aggregate principal amount of the 2012 Notes listed in Item 2 below, and was the registered holder thereof, or

☐ Was acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, dealer or other nominee that was the registered holder of the aggregate principal amount of the 2012 Notes listed in Item 2 below or

☐ Had been granted a proxy (an original of which is attached hereto) from a broker, bank, dealer or other nominee or a Beneficial Holder that was the registered holder of the aggregate principal amount of the 2012 Notes listed in Item 2 below

and accordingly, has full power and authority to (1) vote to accept or reject the Plan and/or (2) opt out of the release provisions contained in Section 9.2.3 of the Plan, each on behalf of the Beneficial Holders of the 2012 Notes listed in Item 2 below.

Item 2 and Item 3:

<u>Vote and Release</u>.  The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Plan; and (2) decisions to opt out of the release provisions contained in Section 9.2.3 of the Plan.  The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below were Beneficial Holders of the 2012 Notes as of the **November 18, 2010** Voting Record Date and have delivered to the undersigned, as Voting Nominee, properly executed Beneficial Ballots casting such votes on the Plan and exhibiting such decisions to opt out of the release provisions contained in Section 9.2.3 of the Plan.

**ANY EXECUTED MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

Please indicate the requested information in the appropriate column.  For purposes of this Master Ballot, accrued or unmatured interest should not be included in the aggregate principal amount voted for each account.  Please note that each Beneficial Holder must vote all of its Class 6 Claims either to accept or reject the Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

| Your Customer Account Number for each Beneficial Holder | Item 2. Principal Amount of 2012 Noteholder Claims Voting | | Item 3. Check box below if Beneficial Holder has elected to OPT OUT of the Release |
|---|---|---|---|
| | To ACCEPT the Plan | To REJECT the Plan | |
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |

Item 4: <u>Transcription</u>. The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the ballots of Beneficial Holders (each, a "<u>Beneficial Ballot</u>"):

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder or Nominee | CUSIP of Other 2012 Notes Voted | Principal Amount of Other 2012 Note Claims |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |

Item 5: <u>Certification</u>.  By signing this Master Ballot, the undersigned (i) certifies that each Beneficial Holder listed in Item 2 above has been provided with a Solicitation Package (and all contents thereof, including a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Approval Order and the Disclosure Statement, (iii) certifies that it received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, and (iv) certifies that it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder.

Name of Broker, Bank, or Other Nominee:

_____

(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(If Applicable)

E-Mail Address:_____

Signature:_____

Print Name:_____

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

**THIS MASTER BALLOT MUST BE RECEIVED BY THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 4, 2011, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

**PLEASE NOTE: THE SOLICITATION AGENT WILL *NOT* ACCEPT BENEFICIAL BALLOTS OR MASTER BALLOTS BY ELECTRONIC OR FACSIMILE TRANSMISSION.**

**ANY EXECUTED BENEFICIAL BALLOT OR MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2400.**

## VOTING INSTRUCTIONS

14.    The Master Ballot is to be used by brokers, banks, dealers or other agents or nominees (each, a "Voting Nominee") to transmit the votes of holders of the Debtors' 8% senior unsecured notes due February 10, 2012 (the "2012 Notes") that are entitled to vote on the Plan (each such holder, a "Beneficial Holder" and each such ballot cast by such holder, a "Beneficial Ballot"): (1) votes cast by Beneficial Holders to accept or reject the Plan referred to in the Disclosure Statement; and (2) decisions by the Beneficial Holders to opt out of the release provisions contained in Section 9.2.3 of the Plan.  The Disclosure Statement, Plan and other related documents have been provided to the Beneficial Holders on the CD-ROM or other materials included in each Solicitation Package and are accessible on the Debtors' case information website (located at www.dm.epiq11.com/mesa).  Hard copies of such documents may also be obtained at no charge, by contacting the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, by writing to Epiq Bankruptcy Solutions, LLC, Attn:  Mesa Air Group Ballot Processing, P.O. Box 5014, FDR Station, New York, NY 10150-5014 or by calling (646) 282-2400.  All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meanings ascribed to them in the Plan.

15.    If you are transmitting the vote of any Beneficial Holder other than yourself, you may either:

a.    Complete and execute the Beneficial Ballots (other than Items 2, 3, and 4) and deliver to the Beneficial Holder such "pre-validated" Beneficial Ballots, along with the Solicitation Package and other materials requested to be forwarded.  The Beneficial Holder should complete Items 2, 3 and 4 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Solicitation Agent so as to be received before the Voting Deadline.

*OR*

b.    For any Beneficial Ballot you do not "pre-validate":

Deliver the Beneficial Ballot to the Beneficial Holder, along with the Solicitation Package and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Plan and completing the other items as appropriate and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Solicitation Agent so as to be received before the Voting Deadline of **4:00 P.M. (Prevailing Eastern Time) on January 4, 2011** at the applicable addresses set forth below:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Ballot Processing | Mesa Air Group Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

With respect to all Beneficial Ballots returned to you, please properly complete the Master Ballot as follows:

viii.   Provide appropriate information for each of the items on the Master Ballot. Please note that Items 2, 3 and 4 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

ix.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

x.     Sign and date the Master Ballot and fill out the other required information.

xi.    If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

xii.   Provide your name and other requested information.

xiii.  Deliver the Master Ballot to the Solicitation Agent so as to be received before the Voting Deadline of 4:00 P.M. (Prevailing Eastern Time) on **January 4, 2011**.

xiv.   If you are both the registered holder and the Beneficial Holder of any Notes and you wish to vote such Notes, you may return either a Beneficial Ballot or a Master Ballot to the Solicitation Agent before the Voting Deadline.

16.   Pursuant to the Approval Order, all original Beneficial Ballots received from Beneficial Holders must be kept by you until **January 4, 2012** (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.

17.   If a Master Ballot is not actually received until after the Voting Deadline, it will not be counted. The method of delivery of a Master Ballot to the Solicitation Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

18.   Master Ballots should only be sent to the Solicitation Agent. They should not be sent to the Debtors, any other agent or the Debtors' financial or legal advisors.

19.   The Master Ballot is not a letter of transmittal and may not be used for any purpose other than (i) to cast a vote to accept or reject the Plan and/or (ii) to opt out of the release provisions contained in Section 9.3.2 of the Plan..

20.   If multiple Master Ballots or Beneficial Ballots are received from or on behalf of the same claimant with respect to the same Claims prior to the Voting Deadline, the last properly completed Master Ballot or Beneficial Ballot timely received will supersede and revoke any earlier received Master Ballot or Beneficial Ballot.

21.     No Master Ballot or Beneficial Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

22.     The following Master Ballots or Beneficial Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Master Ballot or Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Master Ballot or Beneficial Ballot cast by a person or entity that does not hold a Class 6 Claim; (iii) any Master Ballot or Beneficial Ballot sent to the Solicitation Agent by facsimile or other electronic means; (iv) any Master Ballot or Beneficial Ballot that is properly completed and executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan or any Beneficial Ballot that indicates both an acceptance and a rejection of the Plan; (v) any unsigned or non-originally signed Master Ballot or Beneficial Ballot; (vi) any Master Ballot or Beneficial Ballot sent directly to any of the Debtors, their agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any other party other than the Solicitation Agent; (vii) any Master Ballot or Beneficial Ballot cast for a claim that has been disallowed (for voting purposes or otherwise); and (xiii) any Master Ballot or Beneficial Ballot actually received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Master Ballot or Beneficial Ballot.

23.     A claimant with multiple Class 6 Claims must vote all of its claims either to accept or reject the Plan and may not split its vote. Accordingly, no Beneficial Ballot that partially rejects and partially accepts the Plan and no Beneficial Ballot filed by a claimant with multiple Class 6 Claims that votes inconsistently will be counted.

24.     Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Master Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Solicitation Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

25.     If you believe you have received the wrong Beneficial Ballots or Master Ballot, please contact the Solicitation Agent immediately.

26.     We will, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

PLEASE DELIVER THIS MASTER BALLOT PROMPTLY.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

# EXHIBIT D

## (Disclosure Statement Hearing Notice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER APPROVAL OF**
**DEBTORS' PROPOSED DISCLOSURE STATEMENT WITH RESPECT TO**
**JOINT CHAPTER 11 PLAN OF REORGANIZATION AND RELATED MATTERS**

      **PLEASE TAKE NOTICE** that on **September 17, 2010**, Mesa Air Group, Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors") have filed herewith (a) a proposed disclosure statement (the "Disclosure Statement") relating to the Debtors' proposed joint chapter 11 plan of reorganization (the "Plan") and (b) a motion seeking approval of, among other things, the Disclosure Statement (the "Motion").

      **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion (the "Disclosure Statement Hearing") will be held before the Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **November 18, 2010 at 10:00 a.m. (Prevailing Eastern Time)** or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that the Motion, the Disclosure Statement, and the Plan are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at the Office of the Clerk between the hours of 8:30 a.m. and 5:00 p.m., Monday through Friday.  These materials may also be downloaded by accessing the Bankruptcy Court's Electronic Case Filing System, which can be found on the Bankruptcy Court's official website (located at www.nysb.uscourts.gov).  A login and password are required to download materials from this website and can be obtained through the PACER Service Center (located at www.pacer.psc.uscourts.gov).  The Motion, the Disclosure Statement and the Plan can also be downloaded free of charge from the Debtors' case information website (located at www.dm.epiq11.com/mesa).  Copies of the Disclosure Statement and the Plan may also be obtained by writing to the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, P.O. Box 5014, FDR Station, New York, NY 10150-5014, (646) 282-2400.

      **PLEASE TAKE FURTHER NOTICE** that responses, objections and proposed modifications to the Disclosure Statement and/or the Motion must (a) be in writing, (b) state the

---

[1]      The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

name and address of the objecting or responding party and the nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Disclosure Statement to resolve any such objection or response and (d) be filed, together with proof of service, with the Bankruptcy Court in accordance with the *Order Granting Motion to Approve the Implementation of Notice and Case Management Procedures* entered by this Court on January 15, 2010 and served so as to be actually received on or before **4:00 p.m. (Prevailing Eastern Time) on October 18, 2010** by (i) the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Attn:  Honorable Martin Glenn; (ii) the Office of the United States Trustee for the Southern District of New York (the "OUST"), 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andrea Schwartz, (iii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn:  Debra I. Grassgreen and John W. Lucas), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn:  Maria A. Bove), attorneys for the Debtors, (iv) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn:  Brian S. Gillman, Esq.), and (v) counsel to the Creditors' Committee, Morrison & Foerster, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller and Lorenzo Marinuzzi).

> **PLEASE TAKE FURTHER NOTICE** THAT IF ANY OBJECTION TO THE DISCLOSURE STATEMENT AND/OR THE MOTION IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

> **PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement Hearing may be adjourned or continued from time to time by the Debtors or the Bankruptcy Court without further notice to creditors or parties in interest other than an announcement of such adjournment at the Disclosure Statement Hearing or at a later hearing or by filing a notice on the Bankruptcy Court's docket.

Dated:   September 17, 2010
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

By _____

Richard M. Pachulski
Debra I. Grassgreen
Maria A. Bove
John W. Lucas
780 Third Avenue, 36th Floor
New York, NY 10017
Telephone: 212.561.7700
Facsimile:  212.561.777

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT E**

**(Notice of Citizenship Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF CITIZENSHIP DECLARATION
### FOR PURPOSES OF DISTRIBUTIONS TO HOLDERS
### OF ALLOWED CLASS 3 CLAIMS AND CLASS 5 CLAIMS UNDER THE PLAN

**PLEASE TAKE NOTICE** that by order entered on **[_____], 2010**

(the "Approval Order"), the United States Bankruptcy Court for the Southern District of New

York approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its

subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and directed

the Debtors to, among other things, obtain citizenship information from the holders of claims in

Class 3 and Class 5 of the *Second Amended Joint Plan of Reorganization of Mesa Air Group,*

*Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (as the same may be

updated, supplemented, amended and/or otherwise modified from time to time, the "Plan")[2].

**PLEASE TAKE FURTHER NOTICE** that the Approval Order requires

holders of Class 3 Claims and Class 5 Claims to return a declaration in the form annexed hereto

as Exhibit A (the "Citizenship Declaration"), which provides and verifies the following

information:  (i) name of creditor; (ii) amount of allowed claim; and (iii) whether such person or

entity is a U.S. Citizen or Non-U.S. Citizen as defined by title 49 of the United States Code.  You

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110);
Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688);
Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management,
LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the
Plan.

should return your Citizenship Declaration within ten (10) calendar days after the date below,

unless you are a Noteholder, in which case your Citizenship Declaration should be returned at

the same time you surrender your Notes.  If the Citizenship Declaration is not received prior to

the Initial Distribution Date, or the subsequent Interim Distribution Date(s), or Final Distribution

Date, the Debtors are authorized to presume that you are a Non-U.S. Citizen solely for the

purposes of making distributions to the holders of Allowed Class 3 Claims or Class 5 Claims

pursuant to the Plan.  All distributions made after receiving a properly completed and executed

Citizenship Declaration will be made in accordance with the selection made therein.

    **PLEASE TAKE FURTHER NOTICE** that all Citizenship Declarations are to

be returned to the Debtors' Solicitation Agent at one of the following addresses:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Mesa Air Group Citizenship Processing | Mesa Air Group Citizenship Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

Dated:   [_____], 2010      PACHULSKI STANG ZIEHL & JONES LLP
       New York, New York

       By   _____

          Richard M. Pachulski
          Laura Davis Jones
          Debra I. Grassgreen
          Maria A. Bove
          John W. Lucas
          780 Third Avenue, 36th Floor
          New York, NY 10017
          Telephone: 212.561.7700
          Facsimile:  212.561.777

          Attorneys for Debtors
          and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF CITIZENSHIP OF HOLDER OF**
**ALLOWED GENERAL UNSECURED CLAIMS IN CLASS 3 [5] OF THE PLAN**

I, _____, make this Declaration under 28 U.S.C. § 1746, and state as follows:

    1    _____,[1] am the _____[2] of _____[3] (the "Holder"), having its principal office at _____[4] _____,[5] _____[6] _____.[7] I am authorized to submit this Declaration on behalf of the Holder and pursuant to the terms of the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan").[8] I submit this Declaration attesting to the citizenship of the Holder, in support of the Holder's request to receive its ratable portion Restructured Equity in the Reorganized Debtors.

    2    The Holder is the beneficial owner of $_____ in principal amount of Allowed General Unsecured Claims in Class 3 [Class 5] of the Plan.

    3    I have reviewed the Plan and the Disclosure Statement, and understand that only citizens of the United States, as that term is defined in 49 U.S.C. § 40102 (a)(15), will receive New Common Stock on account of their Allowed General Unsecured Claims in Class 3 [Class 5] of the Plan and all holders of such claims that are not citizens of the United States will receive New Warrants in accordance with the distribution procedures set forth in the Plan.

---

[1]  Insert Name of Person executing this Declaration.
[2]  Insert title of person executing this Declaration.
[3]  Insert legal name of entity asserting that it is a holder of an Allowed General Unsecured Claim of Class 3 under the Plan.
[4]  Insert street address.
[5]  Insert city.
[6]  Insert state.
[7]  Insert zip code.
[8]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

4        For purposes of the Plan, a citizen of the United States is a person or entity that meets the following criteria set forth in 49 U.S.C. § 40102 (a)(15):

(A) an individual who is a citizen of the United States;

(B) a partnership each of whose partners is an individual who is a citizen of the United States; or

(C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, which is under the actual control of citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that are citizens of the United States.

5        I have reviewed the foregoing definition of a citizen of the United States and hereby declare that the Holder:

Is a citizen of the United States        OR        Is not a citizen of the United States

6        I understand and agree that as the Holder or on behalf of Holder, as applicable, the party making distributions on account of Allowed General Unsecured Claims in Class 3 [Class 5] of the Plan shall be entitled to rely upon the genuineness and accuracy of this Declaration without further inquiry, and shall be entitled to distribute the appropriate form of Restructured Equity in accordance with the Plan and without liability absent gross negligence or willful misconduct.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  _____, 2010



_____
    Name:
    Telephone:

# EXHIBIT F

**(Confirmation Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF ENTRY OF ORDER: (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; (V) ALLOWING AND ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI) SCHEDULING A CONFIRMATION HEARING; AND (VII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES

**PLEASE TAKE NOTICE** that by order entered on **November 23, 2010** (the "Approval Order"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved the Disclosure Statement filed by Mesa Air Group, Inc. and those of its subsidiaries that are debtors and debtors in possession (collectively, the "Debtors") and directed the Debtors to solicit votes to accept or reject the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan"),[2] annexed as Exhibit B to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that the Approval Order establishes **November 18, 2010** as the Voting Record Date for determining the holders of pre-chapter 11 claims entitled to vote on the Plan and establishes **4:00 p.m. (Prevailing Eastern Time) on January 4, 2011** as the Voting Deadline for the submission of ballots to accept or reject the Plan (the "Ballots").

**PLEASE TAKE FURTHER NOTICE** that holders of claims entitled to vote on the Plan will receive electronic copies on CD-ROM or hard copies of (i) the Approval Order, the Disclosure Statement, the Plan and certain exhibits thereto, (ii) this notice, (iii) if applicable, a letter from the statutory committee of unsecured creditors (the "Creditors' Committee") regarding acceptance of the Plan, and (iv) a Ballot or Beneficial Ballot, as appropriate, together with a pre-addressed postage pre-paid envelope to be used in voting to accept or to reject the Plan. Failure to follow the instructions set forth on the Ballot or Beneficial Ballot, as applicable, may disqualify that Ballot or Beneficial Ballot and the vote represented thereby.

---

[1]  The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2]  Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**PLEASE TAKE FURTHER NOTICE** that if you received electronic copies of the Disclosure Statement and the Plan and would like to receive paper copies, please visit the Debtors' case information website (located at:  www.dm.epiq11.com/mesa), or contact the Debtors' Solicitation Agent, Epiq Bankruptcy Solutions, LLC, at 646-282-2400.

**PLEASE TAKE FURTHER NOTICE** that holders of (i) unimpaired claims and (ii) interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a notice of nonvoting status rather than a Ballot.  If you have not received a Ballot (or you have received a Ballot in an amount you believe to be incorrect) but believe that you should be entitled to vote on the Plan (or vote in an amount different than the amount listed on your Ballot), then you must serve on the Debtors and the Creditors' Committee and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) day after the Debtors complete distribution of the Solicitation Packages.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York,[3] on **January 14, 2011 at 10:00 a.m.** (Prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Confirmation Hearing") to consider the entry of an order confirming the Plan. The Confirmation Hearing may be continued from time to time without further notice other than a notice filed on the Court's docket or an announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing, without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE** that under the Plan, the Debtors shall assume and reject executory contracts and unexpired leases pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code.  The executory contracts and unexpired leases to be assumed under the Plan will be set forth in the Plan Supplement.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Plan must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court and shall be filed with the Bankruptcy Court electronically in accordance with the Bankruptcy Court's Order Establishing Certain Notice, Case Management and Administrative Procedures entered January 15, 2010 [Docket No. 103] (the "Case Management Order") and served so as to be actually received on or before **4:00 p.m. (Prevailing**

---

[3]  In the event that the location of the Confirmation Hearing changes, the Debtors will file a notice of such change on the Bankruptcy Court's docket and post such notice on the Debtors' case information website (located at www.dm.epiq11.com/mesa).

**Eastern Time) on January 4, 2011** by: (i) the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408,[4] Attn:  Honorable Martin Glenn; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andrea Schwartz), (iii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn:  Debra I. Grassgreen and John W. Lucas), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn:  Maria A. Bove), attorneys for the Debtors, (iv) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn:  Brian S. Gillman, Esq.), and (v) counsel to the Creditors' Committee, Morrison & Foerster, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett H. Miller and Lorenzo Marinuzzi).  All replies to objections shall be filed **on or before 12:00 noon (Prevailing Eastern Time) on January 11, 2011**.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE CONFIRMATION HEARING.**

Dated:    [_____], 2010          PACHULSKI STANG ZIEHL & JONES LLP
          New York, New York

                              By    _____

                                    Richard M. Pachulski
                                    Laura Davis Jones
                                    Debra I. Grassgreen
                                    Maria A. Bove
                                    John W. Lucas
                                    780 Third Avenue, 36th Floor
                                    New York, NY 10017
                                    Telephone: 212.561.7700
                                    Facsimile:  212.561.777

                                    Attorneys for Debtors
                                    and Debtors in Possession

---

[4]  In the event that the address for the chambers of the Honorable Martin Glenn changes, the Debtors will file a notice of such change on the Bankruptcy Court's docket and post such notice on the Debtors' case information website (located at www.dm.epiq11.com/mesa).