**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS
### TO ACCEPT ELECTRONICALLY TRANSMITTED BALLOTS
### IN CONNECTION WITH THE SOLICITATION OF THE PLAN

Upon the ex parte motion (the "Motion"), dated January 7, 2011 (the "Motion"),[2] Mesa

Air Group, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105 and 1125 of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and the Disclosure Statement Order, requesting

authority for the Debtors to receive electronically transmitted ballots in connection with the

solicitation of the Plan, as more fully described in the Motion; and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334; and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and upon the Lucas Declaration; and upon the Motion and the Lucas

Declaration the Court having found and determined that the relief sought in the Motion is in the

best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and factual bases set forth in the Motion and Lucas Declaration establish just cause for relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors' Solicitation Agent (as defined in the Disclosure Statement Order) is authorized to accept electronically transmitted ballots in connection with the solicitation of the Debtors' Plan; and it is further

ORDERED that a separate tally of all votes cast electronically shall be maintained; and it is further

ORDERED that printed copies of all electronically cast ballots shall also be maintained showing the date, time and identity of the creditor casting the ballot; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: January 7, 2011
      New York, New York


_____**/s/Martin Glenn**_____
      MARTIN GLENN
    United States Bankruptcy Judge