Hearing Date:  January 14, 2010 at 10:00 a.m.

NIXON PEABODY, LLP
Richard C. Pedone, Esq. (pro hac vice admission pending)
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
rpedone@nixonpeabody.com

and

Christopher M. Desiderio, Esq.
David H. Lee, Esq.
437 Madison Avenue
New York, New York 10022-7039
Telephone: (212) 940-3000
cdesiderio@nixonpeabody.com
dlee@nixonpeabody.com

*Counsel for Suntrust Leasing Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF SUNTRUST LEASING CORPORATION TO PROPOSED
ASSUMPTION OBLIGATIONS WITH RESPECT TO CERTAIN AIRCRAFT LEASES**

Suntrust Leasing Corporation ("Suntrust") for its objection (the "Objection") to the amount of Proposed Assumption Obligations (defined below) with respect to the Debtors' proposed assumption of two leases (the "Aircraft Leases") of aircraft with FAA Registration Numbers N521LR and N522LR (respectively, the "N521LR Aircraft" and the "N522LR Aircraft" and, together, the "Aircraft").

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchi, Inc. (5531); and Patar, Inc. (1653).

13295790

**BACKGROUND**

**I. THE DEBTORS' PLAN OF REORGANIZATION**

1. On November 23, 2010, the Debtors filed their seconded amended joint plan of reorganization (the "Second Amended Plan") and disclosure statement (the "Second Amended Disclosure Statement").

2. On November 23, 2010, the Court entered an order approving the Second Amended Disclosure Statement and setting forth procedures to consider the confirmation of the Second Amended Plan.

**II. THE PROPOSED ASSUMPTION OBLIGATIONS**

3. The Aircraft Leases are among the "CRJ 700 Aircraft Leases" to be assumed by the Debtors pursuant to the Second Amended Plan.[2]

4. Suntrust is the "Owner Participant" with respect to certain leveraged lease transactions (the "Leveraged Lease Transactions") relating to each of the Aircraft. Each of the Aircraft Leases that the Debtors propose to assume are among the operative documents (the "Operative Documents") for each of the Leveraged Lease Transactions.[3]

5. On December 28, 2010, the Debtors filed plan supplements (the "Plan Supplements")[4] to the Second Amended Plan, setting forth, *inter alia*, the proposed amount of Assumption Obligations (as such term is defined in the Second Amended Plan)[5] relating to each

---

[2] See Second Amended Plan §§1.64, 7.8.

[3] The structure of the Leveraged Lease Transactions are set forth in more detail in the proofs of claims filed by Suntrust, which are listed on the Debtors' Claims Register as Claim Nos. 770, 771, 772 and 784.

[4] Plan Supplement to Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors under Chapter 11 of the Bankruptcy Code [Docket No. 1335].

[5] Second Amended Plan §1.31. Assumption Obligations are defined as "[a]ny monetary amounts payable to the non-debtor party to any executory contract or unexpired lease, pursuant to Section 365(b)(1) of the Bankruptcy Code, as a condition to the assumption of such contract or lease."

of the Aircraft Leases.[6] The Plan Supplements provide that the Assumption Obligations related to the assumption of the Aircraft Leases is $0 (the "Proposed Assumption Obligations").

**OBJECTION**

6. Pursuant to Bankruptcy Code section 365(b)(1)(A), a debtor must satisfy all cure obligations for contracts before they can assume and assign such contracts. A debtor's cure obligations include the payment of the non-debtor's legal fees to the extent that the relevant contracts provide for such payments. *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186 (S.D.N.Y. Apr. 8, 2002) ("Recovery of attorneys fees and interest under Section 365 is appropriate where the lease at issue provides for such recovery as an obligation of the Debtor"); *E. 44th Realty, LLC v. Kittay*, 2008 U.S. Dist. LEXIS 7337, 11-12 (S.D.N.Y. Jan. 23, 2008) (upholding a bankruptcy court decision approving a settlement under which a lease was assumed and assigned and the trustee paid the landlord $1.7 million in legal fees because "[i]n order to sell the [l]ease, the [t]rustee would first have to satisfy the requisite cure obligations.").

7. Suntrust's fees and expenses are among the "actual pecuniary cost[s]" that the Debtors are required cure pursuant to section 365(b)(1)(B) of the Bankruptcy Code. *See In re Foreign Crating, Inc.*, 55 B.R. 53, 54 (Bankr. E.D.N.Y. 1985) (holding that "attorneys fees constitute a pecuniary loss resulting from debtors' default pursuant to 11 U.S.C. § 365(b)(1)(B)"); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 756 (Bankr. S.D.N.Y. 1986) ("an express contractual provision for attorney's fees gives rise to a right to obtain a reasonable attorney's fee as part of curing the debtor's default and in compensation for the landlord's actual pecuniary loss under section 365 of the Code").

---

[6] See Exhibit K to the Plan Supplement.

- 3 -

8. The Proposed Assumption Obligations do not include the fees and expenses incurred by Suntrust nor certain missed payments by the Debtors. However, under the Aircraft Leases, the Debtors are obligated to pay Suntrust's legal fees and expenses as the "Owner Participant."

9. Notably, Section 5(c) of the Participation Agreement, which is an Operative Document to be assumed by the Debtors, provides, in relevant part:

> [The Debtors] hereby agrees to defend, indemnify and save harmless . . . each Indemnitee [including Suntrust] against, and agrees to protect, save and keep harmless from, and all Expenses imposed on, incurred by or asserted against any Indemnitee, in any way relating to or arising out of or which would not have occurred but for
>
>> (i) the Operative Documents and the consummation of the transactions contemplated thereby or the enforcement of any terms thereof . . .

10. Such fees and expenses constitute Assumption Obligations as defined in the Second Amended Plan. As of the date of this objection, the Assumption Obligations for the Leases are approximately $60,000 (in the aggregate) plus any additional payments due to, and/or legal fees and expenses incurred by, Suntrust through the date the Aircraft Leases are assumed.[7]

11. Accordingly, the Court must not approve the assumption of the Aircraft Leases unless the Debtors make all cure payments and compensate all actual pecuniary losses suffered by Suntrust, including its reasonable fees and expenses.

12. After the filing of the Plan Supplements, Suntrust and the Debtors engaged in extensive discussions regarding the amount of the Assumption Obligations but have been unable to reach agreement as of the filing of this Objection. Suntrust will continue to work with the Debtors in an attempt to consensually resolve and in an effort to minimize the accrual of

---

[7] In addition, Suntrust has not received its payment of $1,000 which was due in December. The Debtors have represented that this amount has been paid to Export Development Canada ("EDC"), however, Suntrust has been unable to confirm this fact as of the filing of this Objection.

- 4 -

additional fees and expenses by both parties. The fees and expenses that Suntrust is incurring in connection with this process, and any litigation over the Assumption Obligations, are a part of the Assumption Obligations which continue to accrue.

## **CONCLUSION**

WHEREFORE, Suntrust respectfully requests that the Court enter an order (a) conditioning approval of the assumption of the Aircraft Leases upon payment of all Assumption Obligations under the Operative Documents which continue to accrue, and (b) providing such further and other relief that the Court deems necessary and proper.

Dated: New York, New York
       January 7, 2011

Respectfully Submitted,

By: __/s/ Christopher M. Desiderio_____
NIXON PEABODY, LLP
Richard C. Pedone, Esq.
(pro hac vice admission pending)
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
rpedone@nixonpeabody.com

and

Christopher M. Desiderio, Esq.
David H. Lee, Esq.
437 Madison Avenue
New York, New York 10022-7039
Telephone: (212) 940-3000
cdesiderio@nixonpeabody.com
dlee@nixonpeabody.com

*Counsel for Suntrust Leasing Corporation*