PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF SETTLEMENT AGREEMENT
PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 AMONG DEBTORS BOMBARDIER SERVICES
CORPORATION, AND BOMBARDIER CAPITAL INC. REGARDING
THE SETTLEMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS**

**PLEASE TAKE NOTICE** that the undersigned will present the Settlement Agreement (the "Settlement Agreement") annexed hereto as **Exhibit A** between Mesa Air Group, Inc. and its affiliated debtors and debtors-in-possession (collective, the "Debtors"), and (i) Bombardier Services Corporation ("BSC") and (ii) Bombardier Capital Inc. ("BCI"), by and through their respective counsel, to the Honorable Martin Glenn, United States Bankruptcy Judge, for signature on **March 17, 2011 at 12:00 noon (Prevailing Eastern Time).**

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Settlement Agreement must be filed with the Bankruptcy Court and served upon: (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: Debra I. Grassgreen and John W. Lucas), and Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017 (Attn: Maria A. Bove), attorneys for the Debtors, (iii) Mesa Air Group, Inc., Law Department 410 N. 44th St. Suite 700, Phoenix, Arizona 85008, (Attn: Chris Pappaioanou, Esq.), (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Andrea B. Schwartz); (v) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Brett Miller and Lorenzo Marinuzzi); (vi) Sidley Austin, LLP, 787 Seventh Avenue, New York, New York 10019, (Attn: Michael G. Burke), counsel to BSC and BCI; and (vii) any person or entity with a particularized interest in the subject matter of the Motion, on or before **March 16, 2011 at 12:00 noon (Prevailing Eastern Time)**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Settlement Agreement, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Court's chambers so as to be received by **March 16, 2011 at 12:00 noon (Prevailing Eastern Time)** there will not be a hearing and the Settlement Agreement may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Settlement Agreement on **April 6, 2011 at 10:00 a.m. (Prevailing Eastern Time)**before the Honorable Martin Glenn,

2

56772-001\DOCS_NY:23722.3

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 501, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 2, 2011　　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Debra I. Grassgreen*
　　　　　　　　　　　　　　　　　　　　Richard M. Pachulski
　　　　　　　　　　　　　　　　　　　　Laura Davis Jones
　　　　　　　　　　　　　　　　　　　　Debra I. Grassgreen
　　　　　　　　　　　　　　　　　　　　Maria A. Bove
　　　　　　　　　　　　　　　　　　　　John W. Lucas
　　　　　　　　　　　　　　　　　　　　780 Third Avenue, 36th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 561-7700
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 561-7777

　　　　　　　　　　　　　　　　　　　　Attorneys for Debtors
　　　　　　　　　　　　　　　　　　　　and Debtors in Possession

# EXHIBIT A

**(Settlement Agreement)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**SETTLEMENT AGREEMENT PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AMONG DEBTORS, BOMBARDIER SERVICES CORPORATION, AND BOMBARDIER CAPITAL INC. REGARDING THE SETTLEMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS**

This settlement agreement (the "Settlement Agreement") is entered into by and between Mesa Air Group, Inc. and its affiliated debtors and debtors in possession in these chapter 11 cases (the "Debtors"), Bombardier Services Corporation ("BSC"), and Bombardier Capital Inc. ("BCI"), by and through their respective counsel. The Debtors, BSC, and BCI are each referred to herein as a "Party" and collectively as the "Parties."

**RECITALS**

A. On January 5, 2010 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

1

procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. On January 14, 2010, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee"). The members of the Committee are: Bombardier, Inc.; Embraer-Empresa Brasilieira de Aeronáutica S.A.; IHI Corporation; U.S. Bank; AT&T Capital Services; Wilmington Debtors Company; the Air Line Pilots Association; and Association of Flight Attendants (*ex-officio* member).

C. Prior to the Petition Date, Debtor Mesa Airlines leased from various owner trustees (the "BCI Leases") two (2) Canadair Regional Jet CL-600-2B19 ("CRJ 200") having U.S. Registration Nos. N77331 and N17337 in which BCI was the Loan Participant and Controlling Party that financed the owner trustees' purchase of the CRJ 200 aircraft. In addition, Debtor Mesa Airlines leased from BSC (the "BSC Leases") two (2) CRJ 200 aircraft having U.S. Registration Nos. N591ML and N592ML. In each case, Debtor Mesa Air Group guaranteed Mesa Airlines' obligations under the BCI Leases and BSC Leases (collectively, the "Aircraft Leases").

D. On February 23, 2010, the Court entered an order approving certain procedures regarding the rejection of aircraft equipment leases and the abandonment of aircraft equipment.[2] On February 23, 2010, the Court entered an order approving procedures regarding the Debtors' election to continue to perform under aircraft related agreements and the entry into

---

[2] *Order (I) Authorization to (A) Reject Leases Relating to Certain Aircraft And Other Related Equipment, (B) Abandon Certain Aircraft, Engines, and Other Related Equipment, (C) Transfer Title to Certain Aircraft, Engines, and Other Related Equipment, and (D) Satisfy the Surrender and Return Requirements Under the Bankruptcy Code, and (II) Approval of Related Notices and Procedures* [Docket No. 353] (the "Rejection Procedures Order").

stipulations regarding the terms for the Debtors' postpetition use of certain aircraft related equipment.³

E. On March 4, 2010, the Debtors filed a notice electing to perform their obligations under one of the BCI Leases [Docket No. 395].

F. On March 9, 2010, the Debtors, BSC, and BCI entered into a stipulation [Docket No. 487] pursuant to section 1110(b) of the Bankruptcy Code to extend the 60-day period set forth in section 1110(a)(2) of the Bankruptcy Code and to establish the terms and conditions for the Debtors' postpetition use, surrender and return of the CRJ 200s leased by BSC and BCI upon the Debtors' rejection of the BSC Leases (collectively, the "Section 1110 Agreements").

G. Subsequently, the Debtors rejected the BCI Leases and the BSC Leases pursuant to the Rejection Procedures Order.

H. By order dated March 26, 2010 [Docket No. 577] (the "Bar Date Order"), the Court established May 21, 2010 as the deadline to file proofs of claim by all creditors (other than governmental units) against the Debtors.

I. On September 30, 2010, BCI filed proof of claim number 1428 ("Claim 1428") against Mesa Airlines asserting an administrative claim in the amount of $750,000 on account of purported breaches of the Section 1110 Agreement in connection with the rejection of the BCI Leases. On October 21, 2010, BSC and BCI filed proof of claim number 1446 ("Claim 1446") asserting an administrative expense claim against Mesa Airlines in the aggregate amount of $1,443,797.08 on account of purported breaches of the Section 1110 Agreements in

---

³ *Order (A) Establishing Procedures Authorizing Debtors, Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults Pursuant to Section 1110(A) of the Bankruptcy Code and to Enter Into Agreements to Extend the 60-Day Period Specified in Section 1110(A) Pursuant to Section 1110(B) of the Bankruptcy Code and (B) Authorizing the Filing of Redacted Section 1110(A) Election Notices and Section 1110(B) Agreements Under Seal* [Docket No. 352] (the "Section 1110 Procedures Order").

connection with the rejection of the BSC Leases and BCI Leases. On October 29, 2010, BSC and BCI filed proof of claim number 1453 ("Claim 1453" and collectively with Claim 1428 and Claim 1446, the "Asserted Administrative Claims") asserting an administrative expense claim against Mesa Airlines in the aggregate amount of $1,648,554.08 on account of purported breaches of the Section 1110 Agreements in connection with the rejection of the BSC Leases and BCI Leases.[4]

J. On November 23, 2010, the Bankruptcy Court approved the Debtors' *Disclosure Statement to the Second Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* by Order dated November 23, 2010 [Docket No. 1243]. On January 19, 2011, the Debtors filed their proposed *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 1437] (the "Plan").[5] On January 20, 2011, the Court entered the *Order Confirming Third Amended Chapter 11 Plan of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11* [Docket No. 1448].

K. The Parties have met and conferred regarding the Asserted Administrative Claims and after good-faith, arms'-length negotiations, the Parties have reached a settlement that resolves the issues that are or may be raised with respect to the amount of the Asserted Administrative Claims.

---

[4] The general unsecured claims of both BSC and BCI arising from the rejection of the BSC Leases and the BCI Leases, in addition to the resolution of other general unsecured claims, were resolved and allowed (collectively, the "BSC/BCI General Unsecured Claims") pursuant to *Order Authorizing Debtors to (I) Assume Master Purchase Agreement, as Amended, with Bombardier Inc., (II) Settle Certain Claims Between the Debtors and Bombardier Inc. Arising Under the Master Purchase Agreement, and (III) Settle Certain Claims Asserted Against the Debtors By Bombardier Capital Inc. and Bombardier Service Corporation* [Docket No. 1451] (the "BSC/BCI General Unsecured Claims Allowance Order").

[5] Capitalized terms not defined herein shall have the meanings used in the Plan.

**SETTLEMENT AGREEMENT**

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Debtors, BSC, and BCI, through their undersigned counsel, that the Asserted Administrative Claims shall be resolved in accordance with the terms and conditions of this Settlement Agreement:

1. <u>Allowance and Payment of Administrative Expense Claims</u>. The Debtors, BSC, and BCI agree that the liquidated amount of the Asserted Administrative Claims shall be reduced to and allowed in the aggregate amount of $321,000.00 (the "<u>Allowed Administrative Claim</u>"), and such claim shall not be subject to any further objection by any party-in-interest. Mesa Airlines shall pay the Allowed Administrative Claim to BSC and BCI by wire transfer in immediately available funds no later than seven (7) business days after the date of the entry of this Stipulation Agreement as so ordered by the Court.

2. <u>Modification of Claims Register</u>. Upon approval of this Settlement Agreement by the Court, the Debtors' claims agent is directed to modify Claim 1453 to reflect the agreement herein, and expunge Claim 1428 and Claim 1446, and any other administrative expense claims filed by BSC and BCI related to the Aircraft Leases that have not otherwise been allowed pursuant to a separate order of the Court. For the avoidance of doubt, the relief provided herein shall not have any effect upon the allowance of the BSC/BCI General Unsecured Claims pursuant to the BSC/BCI General Unsecured Claims Allowance Order.

3. <u>Attorneys' Fees</u>. Except as otherwise provided in the terms of the Settlement Agreement, each Party shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and

executing this Stipulation and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

4. <u>Successors and Assigns</u>. This Settlement Agreement shall be binding upon (a) the Debtors and any trustee or examiner that may be appointed in these chapter 11 cases, or their respective successors and assigns, (b) U.S. Bank and CRAFT and their successors and assigns, (c) the trustee in the event that these cases are converted to a case under chapter 7 of the Bankruptcy Code, and (d) all creditors and other parties in interest in these cases.

5. <u>Enforceability</u>. The enforceability of this Settlement Agreement against the Debtors is subject to the approval of the Court.

6. <u>Modifications</u>. This Settlement Agreement can only be amended or otherwise modified by a signed writing executed by the Parties.

7. <u>Authorization</u>. Each Party warrants and represents that it possesses the necessary rights under the Aircraft Leases and authority under the related controlling agreements to enter into this Settlement Agreement. In addition, the person who executes and delivers this Settlement Agreement by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Settlement Agreement on behalf of such Party.

8. <u>Prior Agreements</u>. This Settlement Agreement contains the entire agreement among the Parties relating to the subject matter hereof can only be amended or otherwise modified by a signed writing executed by the Parties.

9. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

10. Governing Law.  This Settlement Agreement shall be governed by the laws of the State of New York, without regard to application of such State's conflict of law principles.

11. Jurisdiction.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Settlement Agreement.

Dated:  March 2, 2011
       New York, New York

PACHULSKI STANG ZIEHL & JONES LLP


By:    /s/ Debra I. Grassgreen
       780 Third Avenue, 36th Floor
       New York, New York 10017
       Telephone: 212-561-7700
       Facsimile:  212-561-7777
       Richard M. Pachulski
       Laura Davis Jones
       Debra I. Grassgreen
       Maria A. Bove
       John W. Lucas

       Attorneys for the Debtors

Dated:  March 2, 2011
       New York, New York

SIDLEY AUSTIN LLP

By:        /s/ Michael G. Burke
       Michael G. Burke
       787 Seventh Avenue
       New York, New York 10019
       Telephone: (212) 839-5300
       Facsimile: (212) 839-5599

       Attorneys for Bombardier Service Corporation and Bombardier Capital Inc.

7

56772-001\DOCS_NY:23722.3

SHIPMAN & GOODWIN, LLP


By:       */s Robert Borden*
      Robert Borden
      One Constitution Plaza
      Hartford, CT 06103
      Telephone: (860) 251-5614
      Facsimile: (860) 251-5312

Attorneys for U.S. Bank National Association, as Indenture Trustee with respect to Aircraft N591ML and N592ML


**SO ORDERED**:

this __ day of March 2011

_____
UNITED STATES BANKRUPTCY JUDGE