**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., *et al.*, | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

### POST-EFFECTIVE DATE SETTLEMENT
### AGREEMENT BETWEEN THE REORGANIZED DEBTORS AND
### BOMBARDIER INC. REGARDING CERTAIN INDEMNITY AND OTHER CLAIMS

This post-effective date settlement agreement (the "Settlement Agreement") is entered

into between the Debtors and the Reorganized Debtors,[2] on the one hand, and Bombardier Inc.

"Bombardier"), on the other, by and through their respective attorneys.

### RECITALS

A.      On January 5, 2010 (the "Petition Date"), each of the Debtors commenced

a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors' chapter 11 cases were consolidated for procedural purposes only and were being

jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  By order entered on January 21, 2010 [Docket No. 1448], the Court

confirmed the *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and*

---

[1] The Debtors are:  Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2] The Reorganized Debtors are Mesa Air Group, Inc., Mesa Air New York, Inc., Mesa In-Flight, Inc., Freedom Airlines, Inc., Mesa Airlines, Inc., MPD, Inc., Regional Aircraft Services, Inc., Mesa Air Group Airline Inventory Management, LLC, and Nilchii, Inc. (collectively, the "Post Effective Date Debtors")

56772-003\DOCS_SF:76397.2

*Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan")[3] [Docket No. 1437].

On March 1, 2011, the terms and conditions of the Plan became effective (the "Effective Date").

        B.      This Settlement Agreement is entered into pursuant section 6.4.8 of the Plan, which provides:

> **Settling Disputed Claims**. The Post-Effective Date Debtors shall be authorized to settle, or withdraw any objections to any Disputed Claims following the Effective Date without further order of the Court, subject to the consent of the Post-Effective Date Committee consistent with the terms of the Settlement Procedures Order[4] or the Aircraft Rejection Damages Claims Settlement Procedures Order, as applicable.

Plan at § 6.4.8. The Settlement Procedures Order permits the Post-Effective Date Debtors to settle general unsecured claims equal to or less than $250,000 and administrative, priority or secured claims equal to or less than $150,000.00 without court approval or the consent of any other party in interest. Settlement Procedures Order at 3-4. Settlements of general unsecured claims over $250,000 and administrative, priority or secured claims over $150,000.00 require the Post-Effective Date Debtors to submit a proposed settlement for approval to the Post-Effective Date Committee. *Id.* As is evidenced by its signature to the Settlement Agreement, the Post-Effective Date Committee has given its consent to the Settlement Agreement.

        C.      Prior to the Petition Date, Mesa Airlines, Inc. ("Mesa Airlines") leased (the "Leases") the aircraft (the "Aircraft") having the U.S. Registration Numbers set forth in the schedule annexed hereto as Exhibit A from various owner trustees and each Aircraft was beneficially owned by the owner participant (the "Owner Participants") set forth on Exhibit A.

---

[3] Capitalized terms not defined herein shall have the meanings used in the Plan.

[4] The Settlement Procedures Order is that certain *Order Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(B) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures* [Docket No. 893].

56772-003\DOCS_SF:76397.2

Mesa Air Group, Inc. ("Mesa") guaranteed Mesa Airline's obligations under the Leases. The Owner Participants financed their purchase of the Aircraft from the various lenders (the "Lenders") set forth on Exhibit A.

D.     To induce (i) the Owner Participants to purchase the Aircraft and lease such Aircraft to the Mesa Airlines and (ii) the Lenders to finance the Owner Participants' purchase of the Aircraft, Bombardier agreed to issue certain limited guarantees (the "Guarantees") for the benefit of the Owner Participants and the Lenders, which provided for certain payments that they would have otherwise received but for the rejection of the applicable Leases by Mesa Airlines. The Debtors, pursuant to general indemnity agreements (the "Indemnity Agreements") with Bombardier, indemnified Bombardier for its obligations under the Guarantees. Mesa guaranteed Mesa Airlines' obligations under the Indemnity Agreements.

E.     The rejection of the Leases by the Debtors and the subsequent foreclosure or sale of the Aircraft by the controlling party triggered Bombardier's obligations to make the payments under the Guarantees to the Owner Participants and the Lenders, as applicable. The schedule annexed hereto as Exhibit A reflects the aggregate $45,637,836.00 in payments contractually agreed to be made by Bombardier pursuant to the respective beneficiaries in accordance with the terms of the Guarantees (the "Bombardier Indemnity Claims").

F.     On May 21, 2010, Bombardier filed proof of claim number 1083("Claim 1083 ") against Mesa Airlines in an unliquidated amount for claims arising under the Indemnity Agreements for any amounts to be paid pursuant to the Guarantees.

G.     On May 21, 2010, Bombardier filed proof of claim number 1080 ("Claim 1080 ") against Mesa in an unliquidated amount for claims arising under the Indemnity Agreements for any amounts to be paid pursuant to the Guarantees.

56772-003\DOCS_SF:76397.2

H.    The parties have met and conferred regarding the Bombardier Indemnity Claims, and after good-faith, arms-length negotiations, the parties have reached a settlement.

## AGREEMENT

1.    The Bombardier Indemnity Claims. The Bombardier Indemnity Claims shall be allowed in the amount of (a) $45,637,836.00 as a Class 3(e) General Unsecured Claim against Mesa Airlines and (b) $45,637,836.00 as a Class 3(a) General Unsecured Claim against Mesa. The Allowed Bombardier Indemnity Claims shall be paid in accordance with the treatment provided by the Plan for Allowed Claims in Class 3(e) and Class 3(a), respectively.  Upon execution of this Settlement Agreement by the parties and approval by the Post-Effective Date Committee, the below listed proofs of claim shall be deemed amended, and any and all other amounts requested by such proofs of claim shall be disallowed.

| Claim No. | Claimant | Debtor | Allowed Amount | Plan Class |
|-----------|----------|--------|----------------|------------|
| 1083 | Bombardier | Mesa Airlines | $45,637,836.00 | 3(e) |
| 1080 | Bombardier | Mesa | $45,637,836.00 | 3(a) |

2.    Modification of Claims Register.  Upon execution of this Settlement Agreement by the parties and the Post-Effective Date Committee, the Debtors' claims agent is hereby directed to modify the Bombardier Indemnity Claims to reflect the agreement herein.

3.    No Other Claims.  The Allowance of the Bombardier Indemnity Claims set forth in Paragraph 1 is in full and final satisfaction of all claims of Bombardier against the Debtors on account of Bombardier Indemnity Claims.   Other than the Bombardier Indemnity Claims that are Allowed pursuant to this Settlement Agreement and such other claims that have been previously Allowed by separate order or agreement, Bombardier releases all claims, demands, judgments and/or causes of action that they may have against the Debtors and the Post-Effective Date Debtors (whether they be unsecured, secured, priority and/or administrative).

4

4.      Attorneys' Fees.  Each party shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and executing this Settlement Agreement and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

5.      Successors and Assigns.  This Settlement Agreement shall be binding upon (a) the Post-Effective Date Debtors and the Debtors, or their respective successors and assigns, (b) Bombardier, and its successors and assigns, (c) the Post-Effective Date Committee, and (d) all creditors and other parties in interest in these cases.

6.      Modifications.  This Settlement Agreement can only be amended or otherwise modified by a signed writing executed by the parties.

7.      Authorization.  Each party warrants and represents that it possesses the necessary rights under the Indemnity Agreements and authority under the related controlling agreements to enter into this Settlement Agreement.  In addition, the person who executes and delivers this Settlement Agreement by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Settlement Agreement on behalf of such party.

8.      Prior Agreements.  This Settlement Agreement contains the entire agreement among the parties relating to the subject matter hereof can only be amended or otherwise modified by a signed writing executed by the parties.

9.      Counterparts.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

56772-003\DOCS_SF:76397.2

10.     Governing Law.  This Settlement Agreement shall be governed by the laws of the State of New York, without regard to application of such State's conflict of law principles.

11.     Jurisdiction.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Settlement Agreement.

Dated:  April 19, 2011
        San Francisco, California

PACHULSKI STANG ZIEHL & JONES LLP


By:     */s/ John W. Lucas*
        Debra I. Grassgreen
        Maria A. Bove
        John W. Lucas
        150 California Street, 15th Floor
        San Francisco, California 94111
        Telephone:  (415) 263-7000
        Facsimile:  (415) 263-7010

        Attorneys for the Debtors and Reorganized Debtors


Dated:  April 18, 2011
        New York, New York


SIDLEY AUSTIN LLP

By:     */s/ Michael G. Burke*
        Michael G. Burke
        787 Seventh Avenue
        New York, New York 10019
        Telephone: (212) 839-5300
        Facsimile: (212) 839-5599

        Attorneys for Bombardier Inc.

Dated: April 19, 2011
New York, New York

CONSENTED AND AGREED TO BY:

THE POST-EFFECTIVE DATE COMMITTEE, by and through its Counsel, MORRISON & FORRESTER LLP

By: _/s/ Todd M. Goren_

     Brett H. Miller, Esq.
     Lorenzo Marinuzzi, Esq.
     Todd M. Goren, Esq.
     1290 Avenue of the Americas
     New York, NY 10004
     Telephone: (212) 468-8000
     Facsimile: (212) 468-7900

56772-003\DOCS_SF:76397.2

## Exhibit A

## Bombardier Indemnity Claims

| U.S. Reg. No. | Payment Obligation |
|---|---|
| N437YV | 896,224 |
| N445YV | 897,887 |
| N446YV | 899,500 |
| N449YV | 901,075 |
| N454YV | 895,538 |
| N27156 | 1,675,006 |
| N27172 | 1,685,530 |
| N27173 | 1,682,530 |
| N37178 | 1,694,177 |
| N77181 | 1,696,506 |
| N72185 | 1,696,506 |
| N77331 | 1,710,040 |
| N17337 | 1,725,519 |
| N17175 | 1,690,849 |
| N27191 | 1,693,178 |
| N77195 | 1,698,835 |

56772-003\DOCS_SF:76397.2

**Bombardier Indemnity Claims**

| | |
|---|---|
| N47202 | 1,700,998 |
| N37208 | 1,699,002 |
| N17217 | 3,782,012 |
| N37218 | 3,782,012 |
| N37228 | 3,715,967 |
| N47239 | 3,665,534 |
| N444YV | 897,837 |
| N447YV | 899,500 |
| N448YV | 901,075 |
| N455YV | 727,500 |
| N456YV | 727,500 |
| **Total** | **$45,638,836** |