**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MESA AIR GROUP, INC., et al., | Case No. 10-10018 (MG) |
| Debtors.[1] | (Jointly Administered) |

**POST-EFFECTIVE DATE STIPULATION AND AGREED ORDER
REGARDING IHI CORPORATION'S SECTION 503(b)(9)
ADMINISTRATIVE EXPENSE CLAIM AND GENERAL UNSECURED CLAIM**

This Post-Effective Date Settlement Agreement is entered into between Reorganized Mesa Air Group, Inc., its affiliated Reorganized Debtors,[2] and its affiliated Liquidating Debtors[3] (collectively, the "Post Effective Date Debtors"), and IHI Corporation ("IHI," together with Debtors, the "Parties" and each, a "Party"), which jointly submit this stipulation and agreed order ("Stipulation") with respect to the allowance and treatment of IHI's asserted claims in these chapter 11 cases (the "Cases").

**THE PARTIES HEREBY STIPULATE AND AGREE THAT:**

A.  On January 5, 2010 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By order entered on January 21, 2010 [Docket No. 1448], the Court confirmed the *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1437]. The

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364), Mesa Airlines, Inc. (4800), MPD, Inc. (7849), Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2] The Reorganized Debtors are Mesa Air Group, Inc., Mesa Air New York, Inc., Mesa In-Flight, Inc., Freedom Airlines, Inc., Mesa Airlines, Inc., MPD, Inc., Regional Aircraft Services, Inc., Mesa Air Group Airline Inventory Management, LLC, and Nilchi, Inc.

[3] The Liquidating Debtors are Ritz Hotel Management Corp., Air Midwest, Inc., and Patar, Inc.

1

Reorganized Debtors emerged from bankruptcy on March 1, 2011, which is known as the "Effective Date" of the Plan.

  B.  This Settlement Agreement is entered into pursuant to 6.4.8 of the Plan, which provides:

> **Settling Disputed Claims**. The Post-Effective Date Debtors shall be authorized to settle, or withdraw any objections to any Disputed Claims following the Effective Date without further order of the Court, subject to the consent of the Post-Effective Date Committee consistent with the terms of the Settlement Procedures Order[4] or the Aircraft Rejection Damages Claims Settlement Procedures Order, as applicable.

Plan at § 6.4.8. The Settlement Procedures Order permits the Post-Effective Date Debtors to settle general unsecured claims equal to or less than $250,000 and administrative, priority or secured claims equal to or less than $150,000.00 without court approval or the consent of any other party in interest. Settlement Procedures Order at 3-4. Settlements of general unsecured claims over $250,000 and administrative, priority or secured claims over $150,000.00 require the Post-Effective Date Debtors to submit a proposed settlement for approval to the Post-Effective Date Committee. Id. As is evidenced by its signature to the Settlement Agreement, the Post-Effective Date Committee has given its consent.

  C.  On May 21, 2010, IHI filed a proof of claim (the "Proof of Claim") against Mesa Airlines, Inc. ("Mesa") in the aggregate liquidated amount of $18,284,689.50 of which the amount of $1,321,401.14 was requested, pursuant to section 503(b)(9) of the Bankruptcy Code, to be allowed as an administrative expense for goods

---

[4] The Settlement Procedures Order is that certain *Order Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(B) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedure*s [Docket No. 893].

delivered by IHI and received by Mesa within 20 days prior to the Petition Date [Claim No. 1092].

D.  The Parties have each independently analyzed the merits of IHI's asserted claims against the estate of Mesa, having taken into account any post-petition payments, and desire to clarify the treatment and allowance of IHI's claims.

**NOW, THEREFORE, THE PARTIES HEREBY FURTHER STIPULATE AND AGREE, INTENDING TO BE LEGALLY BOUND HEREBY:**

1.  Upon execution of this stipulation by all Parties, IHI shall have, and be deemed to have, (a) pursuant to section 503(b)(9) of the Bankruptcy Code, an allowed administrative expense claim in the total amount of $889,415.04 ("503(b)(9) Claim") against the estate of Mesa and (b) pursuant to section 502 of the Bankruptcy Code, an allowed general unsecured claim in the total amount of $17,393,043.96 (the "Unsecured Claim," and together with the 503(b)(9) Claim, the "Allowed Claims") against the estate of Mesa.  Upon execution of this Stipulation by all parties, this Stipulation shall be deemed to amend the Proof of Claim, and all other scheduled and/or filed claims for IHI are disallowed and expunged.

2.  Mesa shall pay the 503(b)(9) Claim within 10 business days the Stipulation has been fully executed and filed with the Court.  The Unsecured Claim shall be allowed as a Class 3(e) Unsecured Claim against Mesa and shall be treated in accordance with the terms of the Plan.

3.  This Stipulation constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to this subject matter.

4.  This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York, without regard to the conflict of laws principles of the State of New York.

5.  Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.  Each Party understands that this Stipulation is a legally binding contract and agreement that may affect such Party's rights.

6.  This Stipulation shall not be modified, altered, amended or vacated without written consent of all Parties hereto.

[Remainder of page intentionally left blank]

56772-003\DOCS_LA:236069.3

7. The Court shall retain jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

| | |
|---|---|
| Dated: April 20, 2011<br>New York, New York | Dated: April 20, 2011<br>New York, New York |
| PACHULSKI STANG ZIEHL & JONES LLP | WHITE & CASE LLP |
| By: */s/ John W. Lucas* _____ | By: */s/ Elizabeth Feld*_____ |
| Richard M Pachulski<br>Laura Davis Jones<br>Debra I. Grassgreen<br>Maria A. Bove<br>John W. Lucas<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777 | Elizabeth Feld<br><br><br><br><br>1155 Avenue of the Americas<br>New York, New York 10036-2787<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113 |
| Attorneys for Post-Effective Date Debtors | Attorneys for IHI Corporation |

CONSENTED AND AGREED TO BY:
THE POST-EFFECTIVE DATE COMMITTEE, by and through its Counsel,
MORRISON & FOERSTER LLP


By: \_\_*/s/ Todd M. Goren*_____
    Brett H. Miller, Esq.
    Lorenzo Marinuzzi, Esq.
    Todd M. Goren, Esq.
    1290 Avenue of the Americas
    New York, NY 10004
    Telephone: (212) 468-8000
    Facsimile: (212) 468-7900