**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>MESA AIR GROUP, INC., *et al.,*<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 10-10018 (MG)**<br><br>**(Jointly Administered)** |

### NOTICE OF INTENT TO (I) SELL, TRADE, OR OTHERWISE TRANSFER A CLAIM AND (II) ACQUIRE, PURCHASE OR OTHERWISE ACCUMULATE A CLAIM

**PLEASE TAKE NOTICE** that:

1) **Fokker Services, Inc.** ("Seller") hereby provides notice of its intention to sell, trade, or otherwise transfer claims (the "Proposed Transfer") against the Debtors to **Armory Master Fund, Ltd.** (the "Purchaser");

2) Seller is the beneficial owner of the following amounts of general unsecured claims against the Debtors: Claim No. 739, as amended, in the aggregate allowed amount of $4,191,154.69 against Mesa Airlines, Inc. (the "General Unsecured Claim").

3) The General Unsecured Claim has been allowed in the foregoing amount pursuant to the *So Ordered Settlement Agreement and Limited Mutual Release*, signed by the United States Bankruptcy Judge Martin Glenn and entered on the docket in the above-styled bankruptcy case on February 17, 2011, which entry is designated as docket entry 1542 (the "Allowance Stipulation").

4) Under the Proposed Transfer, Seller is proposing to transfer its interests in Claim No. 739 in the allowed amount of $4,191,154.69 against Mesa Airlines, Inc. (the "Transferred General Unsecured Claim").

5) Seller represents and warrants that it does not hold any other claims against or interest in the Debtors other than the General Unsecured Claim;

6) Seller was the original party who asserted the General Unsecured Claim against the Debtors. Other than the Seller exercising its rights under applicable law and holding such claim to itself, no other person or entity acquired an interest in such General Unsecured

---

[1] The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653) (collectively, the "Debtors").

Claim by reason of foreclosure, transfer, or otherwise prior to the effective date of the Proposed Transfer;

7) Seller is not acting as an agent, custodian, or otherwise participating with or on behalf of any other party selling or transferring the General Unsecured Claim;

8) Seller of the General Unsecured Claim represents for the benefit of the Reorganized Debtors that neither it nor any of (i) its affiliates, (ii) related parties (including its directors, officers, employees, investors, and other similar parties), (iii) any Person whose interest likely would be treated as owned by the Seller by reference to Section 318 (as modified by Section 382) and/or Section 382 of the Internal Revenue Code of 1986, as amended, and the Treasury regulations promulgated thereunder, or (iv) any Person sharing common investors or advisors (such persons referred to above other than the proposed Seller, collectively the "Selling Parties"), owns, holds, or controls (a) claim[s] against Debtors (at any time on or after March 1, 2011) in an aggregate amount greater than $111,000,000, (b) any other interest in the Reorganized Debtors (as defined below), or (c) any 2023/2024 Notes, independent of any security that will be distributed to such Selling Parties on account of the General Unsecured Claim described above;

9) In the event the Proposed Transfer of the Transferred General Unsecured Claim held by Seller or any Selling Parties impose other risks to the Debtors' or Reorganized Debtors' net operating losses (the "NOLs"), the Selling Parties will confer with the Reorganized Debtors regarding additional restrictions on, and representations by, the Seller regarding the Proposed Transfer and shall proceed only if such additional restrictions and representations provide the Reorganized Debtors with the necessary safeguards to preserve their NOLs, which shall be determined by the Reorganized Debtors in their sole discretion in a manner consistent with its Amended and Restated Articles of Incorporation. For the avoidance of doubt, the term General Unsecured Claim and Transferred General Unsecured Claim shall include the right to distribution of New Common Stock and/or New Warrants issued in relation to the satisfaction, resolution or settlement of allowed or disputed general unsecured claim in accordance with the terms and conditions of the *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan");[2]

10) The taxpayer identification number (EIN) of the Seller is 54-1802025;

11) Seller represents and warrants that is has not acted in concert with any other person with respect to the General Unsecured Claim against the Debtors or the New Common Stock and/or New Warrants of the Reorganized Debtors (other than (y) the proposed transaction described herein or (z) as expressly identified by Seller in other notice(s) submitted to the Reorganized Debtors with substantially the same operative representations, warranties and terms as this notice);

---

[2] Capitalized terms not defined herein shall have the meanings used in the Plan.

12) Seller did not, alone or in combination with any other person, acquire Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors, for the purpose of accumulating any particular minimum combined percentage interest of Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors;

13) Seller never had any formal or informal understandings with any other party to make coordinated acquisitions of Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors and did not otherwise base its investment decision/decision to acquire Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors upon the investment decision of any other Person;

14) Seller agrees to respond to reasonable requests for information from the Reorganized Debtors or to requests for information advanced by the Internal Revenue Service or other tax authority to confirm the foregoing; and

15) Under penalties of perjury, the Seller hereby declares that it has examined this Notice and, to the best of its knowledge and belief, the representations and statements contained in paragraphs 1) through 14) above are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that:

A. The Purchaser hereby provides notice of its intention to purchase, acquire or otherwise accumulate the Transferred General Unsecured Claim pursuant to the Proposed Transfer.

B. The Purchaser currently beneficially owns Allowed or Disputed Claims against the Debtors in the aggregate principal amount of $27,108,005.40 and zero shares of New Common Stock, zero New Warrants, and zero 2023 Notes or 2024 Notes;

C. Pursuant to the Proposed Transfer, the Purchaser proposes to acquire or otherwise accumulate the Transferred General Unsecured Claim against the Debtors in the aggregate principal amount of $4,191,154.69. Once the Proposed Transfer occurs, the Purchaser will beneficially own Claims against the Debtors in the aggregate principal amount of $31,299,160.09;

D. The taxpayer identification number (EIN) of the Purchaser is 98-0452986;

E. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors,[3] and Seller that neither it nor any of (i) its affiliates, (ii) related parties (including its directors, officers, employees, investors, and other similar parties), (iii) any Person whose interest likely would be treated as owned by the Purchaser by reference to

---

[3] The Reorganized Debtors are Mesa Air Group, Inc., Mesa Air New York, Inc., Mesa In-Flight, Inc., Freedom Airlines, Inc., Mesa Airlines, Inc., MPD, Inc., Regional Aircraft Services, Inc., Mesa Air Group Airline Inventory Management, LLC, and Nilchii, Inc. (the "Reorganized Debtors").

Section 318 (as modified by Section 382) and/or Section 382 of the Internal Revenue Code of 1986, as amended, and the Treasury regulations promulgated thereunder (assuming company stock or warrants in exchange for claims has been issued on the date of transfer), or (iv) any Person sharing common investors or advisors (such persons referred to above other than the proposed Purchaser, collectively the "Purchaser Parties"), owns, holds, or controls (a) claims against Debtors in an aggregate amount greater than $111,000,000 at any time on or after March 1, 2011 inclusive of the Transferred General Unsecured Claim and any acquired claims expressly identified by Purchaser pursuant to other notice(s) submitted to the Reorganized Debtors with substantially the same operative representations, warranties and terms as this notice) (b) any other interest in the Reorganized Debtors (as defined below), or (c) any 2023/2024 Note;

   F. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller that the Purchaser will not, alone or in combination with any other person, acquire Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors for the purpose of accumulating any particular minimum combined percentage of Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors in excess of the amounts specified in the prior paragraph;

   G. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller that the Purchaser is not acquiring Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors pursuant to an agreement, understanding, or arrangement to acquire additional Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors other than (y) the Allowed Transferred General Unsecured Claim which is the subject of this agreement or (z) as expressly identified by Purchaser in other notice(s) submitted to the Reorganized Debtors with substantially the same operative representations, warranties and terms as this notice;

   H. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller that the Purchaser does not have any formal or informal understanding with any other Person to make coordinated acquisitions of Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock and/or New Warrants of the Reorganized Debtors;

   I. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, the Reorganized Debtors, and Seller that neither Purchaser nor any Purchaser Party will purchase, acquire, or receive additional (i)(a) Allowed or Disputed General Unsecured Claims against the Debtors or (b) New Common Stock or New Warrants issued by the Reorganized Debtors, or (ii) sell, assign, transfer, or convey the Transferred General Unsecured Claim purchased from Seller, in each case, other than (y) the Allowed Transferred General Unsecured Claim which is the subject of this agreement or (z) as expressly identified by Purchaser in other notice(s) submitted to the Reorganized Debtors with substantially the same operative representations, warranties and terms as this notice;

   J. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller the Purchaser is not acting and will not act in

concert with any other party to acquire the General Unsecured Claim against the Debtors or the New Common Stock and/or New Warrants of the Reorganized Debtors including conducting joint diligence between or among other purchasing parties other than as expressly identified (including all parties on whose behalf it is acting in concert (if any)) by Purchaser in other notice(s) submitted to the Reorganized Debtors with substantially the same operative representations, warranties and terms as this notice;

   K. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller that the Purchaser is not acting as an agent, custodian, or participating with or on behalf of any other party with respect to the Transferred General Unsecured Claim;

   L. The Purchaser hereby represents, warrants, and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller that the Purchaser has not based its investment decision/decision to acquire the Transferred General Unsecured Claim upon the investment decision of any other party;

   M. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, Seller that the Purchaser will not enter into any agreements or understandings with other claim holders to act in concert with any other party for the purpose of exercising a controlling influence over the Debtors or the Reorganized Debtors;

   N. The Purchaser hereby represents, warrants and covenants that it will not sell or otherwise transfer in any manner any Allowed or Disputed General Unsecured Claims against the Debtors or New Common Stock, New Warrants of the Reorganized Debtors, and/or 2023 Notes, 2024 Notes, or 2012 Notes to the extent such transfer would be to a 4.75% Stockholder as defined under the Amended and Restated Articles of Incorporation; to the extent such transfer would violate the requirements of the Amended and Restated Articles of Incorporation; or to the extent such transfer violates the terms and conditions of the Plan;

   O. The Purchaser hereby represents, warrants and covenants for the benefit of the Debtors, Reorganized Debtors, and Seller that the Purchaser agrees to cooperate and respond to any requests for information from the Reorganized Debtors or to information requests for information advanced by the IRS or other tax authority to confirm the facts and representations made herein; and

   P. Under penalties of perjury, the Purchaser hereby declares that it has examined this Notice and, to the best of its knowledge and belief, the representations and statements contained in A through N above are true, correct and complete.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Section 5.9 of the Plan, this Notice is being (a) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, and (b) served upon (i) the Reorganized Debtors, Mesa Air Group, Inc., 401 N. 44th Street, Suite 100, Phoenix, AZ 85008, Attn: Christopher Pappaioanou, Esq. and (ii) Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn: Debra I. Grassgreen, Maria A. Bove, and John W. Lucas.

**PLEASE TAKE FURTHER NOTICE** that the Reorganized Debtors have thirty (30) calendar days after receipt of this Notice to object or waive the notice period with respect to the Proposed Transfer described herein.  If the Reorganized Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Reorganized Debtors do not object within such thirty (30) day period or waive such thirty (30) day period, then after expiration or waiver, as applicable, of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the Seller or Purchaser that may result in the sale, trade or transfer of Claims against the Debtors or New Common Stock or New Warrants issued by the Reorganized Debtors held by Seller will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Dated: May 13, 2011

Respectfully submitted,

Fokker Services, Inc. as Seller

By: *[signature]*
Name: Jan-Ynse Miedema
Title: Managing Director / President
Address: 5169 Southridge Parkway, Suite 100
Atlanta, GA 30349
Attn: Jan-Ynse Miedema
Tel: 770-991-4365
Fax: 770-991-4360
E-Mail: jan-ynse.miedema@us.fokker.com

Armory Master Fund, Ltd. as Purchaser

By: *[signature]*
Name: Stephen C. Smith
Title: Managing Member
Address: 360 Madison Avenue, 22nd Floor
New York, NY 10017
Attn: Jamie Heard
Tel: 212-542-8447
Fax: 212-616-7733
E-Mail: jheard@theseaportgroup.com