UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER PROVIDING FOR (I) LIMITED RELIEF
FROM THE DISCHARGE AND PERMANENT INJUNCTION
AND (II) FOR A WAIVER OF ALL CLAIMS AGAINST THE
DEBTORS IN EXCHANGE FOR AVAILABLE INSURANCE PROCEEDS**

This Stipulation and Order Providing For (I) Limited Relief from the Discharge and Permanent Injunction and (II) A Waiver of Claims Against the Debtors in Exchange for Available Insurance Proceeds ("Stipulation and Order") is entered into by and between Mesa Air Group, Inc. ("Mesa") and certain of its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors (hereinafter, collectively, the "Debtors" and as reorganized, the "Reorganized Debtors"), Emily Gillette ("Gillette"), and the Vermont Human Rights Commission ("VHRC") (hereinafter, together with Gillette, the "Gillette Claimants," and together with the Debtors and Reorganized Debtors, the "Parties"). The Parties respectfully state as follows:

**RECITALS**

A.     On January 5, 2010 (the "Petition Date"), the Debtors commenced reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States

---

[1] The Debtors were: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.     Prior to the Petition Date, Gillette commenced an action styled *Emily Gillette v. Delta Air Lines, Inc., Freedom Airlines, Inc., and Mesa Air Group, Inc.*, Case No. 2:09-CV-00228-WVS, in the United States District Court for the District of Vermont (the "Gillette Action") and VHRC subsequently commenced its own action against these parties styled as *Vermont Human Rights Commission v. Freedom Airlines, Inc. and Mesa Air Group*, Superior Court, Washington County, VT. Case no. 765-10-09-WNCV (the "VHRC Action" and together with the Gillette Action, the "Prepetition Actions"), each asserting claims for damages and injunctive relief against the Debtors, among other defendants, with respect to certain alleged actions or inactions that occurred prior to the Petition Date.

C.     On November 24, 2009, the Debtors removed the VHRC Action to the United States District Court for the District of Vermont ("Vermont Federal Court"), Case No.2:09-cv-00258 and on December 14, 2009, the Vermont Federal Court consolidated the Gillette Action and VHRC Action, Case 2:09-cv-00228.

D.     The Prepetition Actions were stayed against the Debtors by reason of the automatic stay imposed by Bankruptcy Code section 362(a) (the "Automatic Stay") and were stayed as against Delta Air Lines, Inc. as a result of the order of the Vermont Federal Court.

E.     On or about May 20, 2010, Gillette filed a timely proof of claim against Mesa Air Group, Inc. (No. 768) and a timely proof of claim against Freedom Airlines, Inc. (No. 769), each in unliquidated amounts (together, the "Gillette Proofs of Claim").

F.     The VHRC also filed a timely proof of claim against Mesa Air Group, Inc. (No. 1132) and a timely proof of claim against Freedom Airlines, Inc. (No. 1133), each in

unliquidated amounts (together, the "VHRC Proofs of Claim" and with the Gillette Proofs of Claim, the "Claims").

G. By order entered on January 21, 2010 [Docket No. 1448], the Court confirmed the *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan")[2] [Docket No. 1437]. On March 1, 2011, the terms and conditions of the Plan became effective (the "Effective Date"). As of the date of the Stipulation and order, the Claims are disputed and have not been Allowed.

H. The Parties to this Stipulation and Order wish to resolve the Claims pursuant to the terms set forth herein. The Debtors have determined and agree that the resolution set forth herein is in the best interests of the Debtors and their respective estates, as it will result in a waiver of the Claims against the property of and interests in the Debtors, and will permit the Debtors to reduce the cost and expense associated with the resolution of any amounts determined to be due to the Gillette Claimants as a result of their Claims.

I. Pursuant to this Stipulation and Order, the Gillette Claimants are willing to withdraw the Claims and waive any and all claims against the Debtors for monetary relief and are willing to limit recovery, if any, solely from the amount available from insurance coverage, if any, under one or more insurance policies issued to Mesa Air Group, Inc. and Freedom Airlines, Inc. (the "Available Coverage").

J. In exchange, the Debtors are willing to consent to modification of the discharge and injunction contained in the Plan (the "Discharge Injunction"), and to the extent necessary, the Automatic Stay, to permit the Prepetition Actions to move forward in the Vermont Federal Court, subject to the terms and conditions set forth herein.

---

[2] Capitalized terms not defined herein shall have the meanings used in the Plan.

**NOW, THEREFORE,** upon the mutual promises, covenants, and agreements set forth herein, and for other good and variable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound hereby, agree as follows:

## AGREEMENT

1. The Discharge Injunction and the Automatic Stay are hereby modified to the extent necessary to permit the Gillette Claimants to proceed against Freedom Airlines, Inc. and Mesa Air Group, Inc. in the Vermont Federal Court to pursue the Prepetition Actions to the extent of any Available Coverage.

2. The Gillette Claimants hereby agree that they will limit their recovery for any monetary amounts awarded to them against Mesa Air Group, Inc. and Freedom Airlines, Inc. in the Prepetition Actions, by judgment, settlement, or otherwise, to the Available Coverage only, and that they will not otherwise seek recovery from the Debtors or their estates.

3. Nothing set forth in this Stipulation and Order, including the release language set forth in paragraph 6, shall prohibit the Gillette Claimants from seeking non-monetary relief in the Prepetition Action, such as injunctive relief, but only to the extent of the request for such in the Prepetition Action, solely against Freedom Airlines, Inc. and Mesa Air Group, Inc., and seeking approval of said relief from the Court. However, to the extent that such non-monetary relief is granted against either Freedom Airlines, Inc. or Mesa Air Group, Inc. in the Prepetition Actions, the Gillette Claimants agree that this relief will be ineffective until and unless it is approved by the Court. The Gillette Claimants shall bear the cost and expense of seeking such relief from the Court.

4. The Parties agree that the Discharge Injunction in the Plan and the Automatic Stay is to be further modified to the limited extent necessary to permit the Debtors' insurers to

pay defense costs related to the Prepetition Actions, and any settlement of or judgment upon the Claims asserted by Gillette and VHRC in the Prepetition Actions, in accordance with the terms of the applicable insurance policy, and subject to all respective rights, remedies, defenses, cross claims, counter claims or any other requests for relief of the relevant insurers, any and all of which are expressly reserved and preserved pursuant to this Stipulation and Order.

5. It is expressly understood by the Gillette Claimants that: (a) the Discharge Injunction and Automatic Stay are to be modified solely with respect to the Claims asserted in the Prepetition Actions; (b) the Gillette Claimants may seek satisfaction of the Claims asserted in the Prepetition Actions only as set forth herein and in no event will the Debtors or their estates be otherwise liable to the Gillette Claimants with respect to the Claims; and (c) nothing contained in this Stipulation and Order shall operate as a waiver or modification of the Discharge Injunction or Automatic Stay or other existing orders so as to permit the prosecution against any of the Debtors of any claim or claims by anyone other than the Gillette Claimants except as set forth herein.

6. As part of this Stipulation and Order, the Gillette Claimants on behalf of themselves, their heirs, representatives and assigns, hereby fully, finally and forever waive, release and/or discharge the Debtors, their estates, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys and agents ("the Releasees") from the Claims asserted in the Prepetition Actions and from all related actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, that arise from those claims, except (a) to extent necessary to establish liability so as to trigger the Available Coverage so that the Available Coverage can be applied and paid, (b) for the right to

pursue Freedom Airlines, Inc., Mesa Air Group, Inc., and their respective heirs, successors assigns, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, employees, attorneys, and agents to obtain any Available Coverage, (c) the right to pursue Freedom Airlines, Inc. and Mesa Air Group, Inc. for non-monetary relief, subject to Paragraph 3 of this agreement, and (d) the right to pursue Freedom Airlines, Inc., Mesa Air Group, Inc., and their respective heirs, successors assigns, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, employees, attorneys, and agents for the purpose of establishing the liability of any non-Debtor for the acts or omissions of Releasees. Nothwithstanding the previous language, nothing in this paragraph is intended to release or limit any claims, if any, held by the Gillette Claimants against Delta Airlines or the Debtors' insurers.

7. Upon approval of this Stipulation by the Court, the Claims shall be deemed withdrawn with prejudice. The Debtors' claims agent is hereby directed to adjust the claims register to reflect the terms and conditions of this Stipulation and Order.

8. The agreement by the Debtors and the Reorganized Debtors to the modification of the Discharge Injunction and Automatic Stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors and the Reorganized Debtors to provide assistance to or to cooperate with the Gillette Claimants in any way in the efforts of the Gillette Claimants to prosecute the Prepetition Actions or secure payment on the asserted claims from the Available Coverage.

9. Nothing contained in this Stipulation and Order shall be deemed an admission or acknowledgement of liability on the part of the Debtors or their insurance carriers with respect to the Claims asserted in the Prepetition Actions or the availability of insurance proceeds from Available Coverage, and all rights and defenses are expressly preserved.

10. Nothing in this Stipulation and Order shall be deemed or construed to change, impact, impair, affect, determine, release, waive, modify, limit or expand: (a) the terms and conditions of any insurance policy or related agreement; (b) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy or related agreement (including the right of any insurer to disclaim coverage); or (c) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self insured retention or otherwise. Further, all rights of subrogation and contribution also are expressly reserved and preserved.

11. This Stipulation and Order shall have no effect as to entities that are not Parties to this Stipulation, and the Discharge Injunction and Automatic Stay shall remain in full force and effect with respect to such entities and their claims or causes of action, if any, against the Debtors and their estates.

12. Neither this Stipulation and Order, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove its terms to allow prosecution of the Prepetition Actions in accordance with the terms hereof.

13. Nothing in this Stipulation and Order shall be construed to (i) assign or transfer any rights of the Debtors to any of their insurance policies or (ii) confer any rights on the Gillette Claimants with respect to the Debtors' insurance policies or their insurers.

14.    This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15.    This Stipulation and Order and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, and each of their respective executors, heirs, successors and assigns.

16.    This Stipulation and Order constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes any prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.

17.    Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

18.    This Stipulation and Order shall not be modified, altered, amended or vacated without written consent of all parties hereto, subject to Court approval.

19.    The Court shall retain jurisdiction with respect to any disputes arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.

| Dated: July 6, 2011 | Dated: July 5, 2011 |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>*Attorneys for Debtors*<br>*and the Reorganized Debtors* | **LAMBERT COFFIN**<br>*Attorney for Emily Gillette* |
|   */s/ John W. Lucas*<br>Debra I. Grassgreen<br>John W. Lucas<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700 |   */s/ Teresa M. Cloutier*<br>Teresa M. Cloutier<br>477 Congress St. 14th Floor<br>P.O. Box 15215<br>Portland, ME  04112-5215<br>(207) 874-4000 |

Dated:  June 24, 2011

*Attorney for the Vermont Human Rights Commission*

   */s/ Robert Appel*
Robert Appel
14-16 Baldwin St.
Montpelier, VT   05633-6301
(802) 828-2482


SO ORDERED.

This 14th day of July, 2011



   **/s/Martin Glenn**
UNITED STATES BANKRUPTCY JUDGE