PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

Attorneys for the Debtors and
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN REORGANIZED DEBTORS AND GE ENGINE LEASING HOLDINGS, INC. ALLOWING CLAIM NUMBERS 698 AND 699**

This stipulation (the "Stipulation") is made and entered into by and between Reorganized Mesa Air Group, Inc., its affiliated Reorganized Debtors, and its affiliated Liquidating Debtors[2] in the chapter 11 cases (collectively, the "Post-Effective Date Debtors") and GE Engine Leasing Holdings, Inc. ("GE" and, together with the Post-Effective Date Debtors, the "Parties" and each individually, a "Party") pursuant to (i) section 502 of the Bankruptcy Code; (ii) Fed. R. Bankr. P. 9019(a); and (iii) the Plan (as defined below).

---

[1] The Reorganized Debtors are: Mesa Air Group, Inc., Mesa Air New York, Inc., Mesa In-Flight, Inc., Freedom Airlines, Inc., Mesa Airlines, Inc., MPD, Inc., Regional Aircraft Services, Inc., Mesa Air Group Airline Inventory Management, LLC, and Nilchii, Inc. The Debtors are: Mesa Air Group, Inc. (2351); Mesa Air New York, Inc. (3457); Mesa In-Flight, Inc. (9110); Freedom Airlines, Inc. (9364); Mesa Airlines, Inc. (4800); MPD, Inc. (7849); Ritz Hotel Management Corp. (7688); Regional Aircraft Services, Inc. (1911); Air Midwest, Inc. (6610); Mesa Air Group Airline Inventory Management, LLC (2015); Nilchii, Inc. (5531); and Patar, Inc. (1653).

[2] The Liquidating Debtors are: Ritz Hotel Management Corp., Air Midwest, Inc., and Patar, Inc.

# RECITALS

## General Background

A.  On January 5, 2010 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  By order entered on January 21, 2010 [Docket No. 1448], the Court confirmed the *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan")[3] [Docket No. 1437]. The terms and conditions of the Plan became effective on March 1, 2011.

C.  This Stipulation is entered into pursuant section 6.4.8 of the Plan, which provides:

> **Settling Disputed Claims**. The Post-Effective Date Debtors shall be authorized to settle, or withdraw any objections to any Disputed Claims following the Effective Date without further order of the Court, subject to the consent of the Post-Effective Date Committee consistent with the terms of the Settlement Procedures Order[4] or the Aircraft Rejection Damages Claims Settlement Procedures Order, as applicable.

Plan at § 6.4.8. The Settlement Procedures Order permits the Post-Effective Date Debtors to settle general unsecured claims equal to or less than $250,000 and administrative, priority or

---

[3] Capitalized terms not defined herein shall have the meanings used in the Plan.

[4] The Settlement Procedures Order is that certain *Order Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(B) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures* [Docket No. 893].

secured claims equal to or less than $150,000 without court approval or the consent of any other party in interest. Settlement Procedures Order at 3-4. Settlements of general unsecured claims *over* $250,000 and administrative, priority or secured claims over $150,000.00 require the Post-Effective Date Debtors to submit a proposed settlement for approval to the Post-Effective Date Committee. *Id.*

### GE Proof of Claim No. 698

D. Prior to the Petition Date, Debtor Mesa Airlines, Inc. ("Mesa Airlines") leased from GE one (1) CF34-3B1 aircraft engine bearing serial number 872898 (the "872898 Lease"). The 872898 Lease expired by its terms on February 4, 2010. After the 872898 Lease expired, Mesa Airlines returned the engine governed by such lease to GE.

E. On May 20, 2010, GE filed claim number 698 ("Claim 698") as a general unsecured claim in an amount no less than $24,500.00 for amounts past due and owing under the 872898 Lease relating to the period prior to the Petition Date. GE reserved their right to determine additional amounts payable, including, without limitation, any and all unpaid rents, supplemental rent, return-condition deficiencies, interest, and any and all other types of claims arising under, or relating to the 872898 Lease. However, no amendments to Claim 698 were made.

### GE Proof of Claim No. 699

F. Prior to the Petition Date, Debtor Mesa Airlines leased from GE one (1) CF34-3B1 aircraft engine bearing serial number 872218 (the "872218 Lease" and together with the 872898 Lease, the "Leases"). The 872218 Lease expired by its terms on February 4, 2010. After the 872218 Lease expired, Mesa Airlines returned the engine governed by such lease to GE.

G.  On May 20, 2010, GE filed claim number 699 ("Claim 699" and together with Claim 698, the "Claims") as a general unsecured claim in an amount no less than $24,500.00 for amounts past due and owing under the 872218 Lease relating to the period prior to the Petition Date. GE reserved their right to determine additional amounts payable, including, without limitation, any and all unpaid rents, supplemental rent, return-condition deficiencies, interest, and any and all other types of claims arising under, or relating to the 872218 Lease. However, no amendments to Claim 699 were made.

H.  The Parties have met and conferred, and after good-faith, arm's-length negotiations, the Parties have reached a settlement regarding the allowance of the Claims as set forth below.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and covenants contained herein and other valuable consideration, it is hereby stipulated by the Reorganized Debtors and GE, through their respective counsel, that the Claims shall be resolved as follows:

1.  Claim 698: Claim 698 shall be deemed allowed as a General Unsecured Claim in Class 3(e) under the Plan in the amount of $24,500.00 against Mesa Airlines.

2.  Claim 699: Claim 699 shall be deemed allowed as a General Unsecured Claim in Class 3(e) under the Plan in the amount of $24,500.00 against Mesa Airlines.

3.  The Parties agree that the allowance of the Claims, in the amounts and against Mesa Airlines as described above, shall satisfy all obligations of the Debtors (and any of their affiliates) under the Leases and related documents and that GE waives any other claim that it may have arising under the Leases or related documents.

4.  In accordance with section 5.9 of the Plan, GE is permitted to sell the Claims to any buyer provided such buyer (and anyone considered from a tax perspective to be working

with the buyer as a group) holds in total less than 360,000 shares of New Stock or New Warrants of Reorganized Mesa Air Group, Inc., or claims in the aggregate against the Debtors that would be convertible into 360,000 shares of New Stock or New Warrants, and the parties to such transaction execute form transfer agreement.

5. Upon execution of this Stipulation, the Reorganized Debtors' claims agent is directed to take all necessary steps to update the claims register to reflect the agreement herein.

6. This Stipulation shall be binding upon (a) the Debtors, Reorganized Debtors, the Post-Effective Date Debtors, and their respective successors and assigns, (b) GE, its affiliates, and their successors and assigns, (c) the Post-Effective Date Committee, and (d) all creditors and other parties in interest in these cases.

7. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

8. Each Party warrants and represents that it possesses the necessary rights and authority to enter into this Stipulation. In addition, the person who executes and delivers this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation contains the entire agreement among the Parties relating to the subject matter hereof and can only be amended or otherwise modified by a signed writing executed by the Parties.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. This Stipulation shall be governed by the laws of the state of New York, without regard to application of such state's conflict of law principles.

12. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Stipulation.

Dated: September 16, 2011

WEIL, GOTSHAL & MANGES LLP

By: _____
Richard P. Krasnow
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for GE Engine
Lease Holdings, Inc.

Dated: September 15, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By: _____
Richard M. Pachulski
Laura Davis Jones
Debra I. Grassgreen
Maria A. Bove
John W. Lucas

780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors and
Reorganized Debtors