**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MESA AIR GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 Case<br><br>Case No. 10-10018 (MG)<br><br>(Jointly Administered) |

**SETTLEMENT AGREEMENT COMPROMISING AND ALLOWING CLAIMS**
**1492 AND 1612 OF THE CITY OF MEMPHIS (TN)**

This Settlement Agreement (the "Settlement Agreement") is entered into between Mesa Air Group, Inc. and its affiliated debtors in these chapter 11 bankruptcy cases (collectively, the "Debtors" or the "Post-Effective Date Debtors") and the City of Memphis (TN) ("Claimant").

**RECITALS**

A.   On January 5, 2010 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By order entered on January 21, 2011 [Docket No. 1448], the Court confirmed the *Third Amended Joint Plan of Reorganization of Mesa Air Group, Inc. and Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 1437].  The Reorganized Debtors emerged from bankruptcy on March 1, 2011, which is known as the "Effective Date" of the Plan.[2]

---

[1] The Post-Effective Date Debtors are Mesa Air Group, Inc. (Case No. 10-10018); Mesa Air New York, Inc. (Case No. 10-10017);  Mesa In-Flight, Inc. (Case No. 10-10019); Freedom Airlines, Inc. (Case No. 10-1020); Mesa Airlines, Inc. (Case No. 10-10021); MPD, Inc. (Case No. 10-10022); Ritz Hotel Management Corp. (Case No. 10-10023); Regional Aircraft Services, Inc. (Case No. 10-10024); Air Midwest, Inc. (Case No. 10-10025); Mesa Air Group Airline Inventory Management, LLC (Case No. 10-10030); Nilchii, Inc. (Case No. 10-10027) and Patar, Inc. (Case No. 10-10028).  Pursuant to the Plan, Ritz Hotel Management Corp., Air Midwest, Inc., and Patar, Inc. were liquidated; all of the other Post Effective Date Debtors were reorganized (collectively, the "Reorganized Debtors").

[2] Capitalized terms not defined herein shall have the meanings used in the Plan.

DOCS_LA:252405.1 56772-003

B. This Settlement Agreement is entered into pursuant section 6.4.8 of the Plan, which provides:

> **Settling Disputed Claims**. The Post-Effective Date Debtors shall be authorized to settle, or withdraw any objections to any Disputed Claims following the Effective Date without further order of the Court, subject to the consent of the Post-Effective Date Committee consistent with the terms of the Settlement Procedures Order[3] or the Aircraft Rejection Damages Claims Settlement Procedures Order, as applicable.

Plan at § 6.4.8. The Settlement Procedures Order permits the Post-Effective Date Debtors to settle general unsecured claims equal to or less than $250,000.00 and administrative, priority or secured claims equal to or less than $150,000.00 without court approval or the consent of any other party in interest. Settlement Procedures Order at 3-4. Settlements of general unsecured claims over $250,000.00 and administrative, priority or secured claims over $150,000.00 require the Post-Effective Date Debtors to submit a proposed settlement for approval to the Post-Effective Date Committee of Unsecured Creditors (the "Committee"). Id.

C. Claimant filed the following proofs of claim: (a) Claim No. 1492 filed in the total amount of $154,733.31 as a secured tax claim against Mesa Air Group, Inc. ("Claim 1492"); and (b) Claim No. 1612 filed in the total amount of $364,850.20 as an administrative claim against Mesa Air Group, Inc. ("Claim 1612"). (Collectively, Claim 1492, Claim 1612 and all claims scheduled by the Debtors for Claimant are, the "Claims".)

D. On February 16, 2012, the Post-Effective Date Debtors filed their *Omnibus Objection to Certain Paid Tax Claims Based on Debtors Books and Records (Omnibus Objection No. 27)* [Docket No. 1992] objecting to, among others, Claim 1612. On February 17, 2012, the Post-Effective Date Debtors filed their *Omnibus Objection to*

---

[3] The Settlement Procedures Order is that certain *Order Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(B) for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures* [Docket No. 893].

2

*Secured Tax Claims (Omnibus Objection No.30)* [Docket No. 1999] ("Omnibus Objection 30"), objecting to, among others, Claim 1492. The hearings on Omnibus Objection 30 and Omnibus Objection 27 have been continued to April 17, 2012 at 10:00 a.m..

E.    The parties have conferred about the Claims and after good-faith, arms-length negotiations have reached the following settlement.

## AGREEMENT

**NOW, THEREFORE, IT IS AGREED** by and between the Post-Effective Date Debtors and Claimant as follows:

1.    Treatment of Claims.

   a.    Claim No. 1492 shall be allowed against Mesa Air Group, Inc. ("Mesa Air Group") as follows: (a) $9,332.86 shall be allowed as a Secured Tax Claim related to the 2009 taxes (the "2009 Secured Tax Claim"); and (b) $179,587.47 shall be allowed as a Secured Tax Claim related to the 2010 taxes (the "2010 Secured Tax Claim"). Claim 1492 shall be treated in accordance with section 2.4.1 of the Plan.[4] Interest shall be paid on the 2009 Secured Tax

---

[4] Section 2.4.1 of the Plan provides, "Generally. Each holder of an Allowed Secured Claim held by a governmental unit that is secured by an interest in the Debtors'' property shall, unless the holder of such Secured Claim shall have agreed to different treatment of such Claim, receive deferred cash payments to the extent permitted by section 1129(a)(9)(D) of the Bankruptcy Code with interest on the unpaid portion of such Secured Claim at the statutory rate under applicable non- bankruptcy law or at a rate to be agreed upon by the Debtors and the appropriate governmental unit or, if they are unable to agree, to be determined by the Bankruptcy Court; provided, however, the Debtors may elect in their sole discretion to pay any or all such Claims in full at any time after the Effective Date, without premium or additional penalty on account of such prepayment, if any, in which case the payment shall include interest accrued through the payment date but only to the extent such payment is past due. The payment of each Allowed Secured Tax Claim shall be made in equal quarterly installments with the first installment due on the latest of: (i) the first day following the end of the first full calendar quarter following the Effective Date, (ii) the first day following the end of the first full calendar quarter following the date an order allowing such claim becomes a Final Order, and (iii) such other time or times as may be agreed with the holder of such claim. Each installment shall include interest in accordance with section 511 of the Bankruptcy Code on the unpaid balance of the Allowed Secured Tax Claim, at the non-default rate of interest prescribed, agreed to or determined in accordance with the foregoing. The holder of an Allowed Secured Tax Claim shall retain its lien until the Allowed Secured Tax Claim is paid."

3

       Claim at a rate of 12% per annum from February 1, 2010, and on the 2010 Secured Tax Claim at a rate of 12% per annum from September 1, 2010. Payments on Claim 1492 will be made in accordance with the amortization schedule attached hereto as **Exhibit A**.

  b. Claim No. 1612 shall be allowed against Mesa Air Group in the total amount of $1,795.59 as an Administrative Claim. Claim 1612 will be paid in full in cash within ten (10) business days of the execution and filing of this Agreement. The remainder of Claim 1612 shall be disallowed.

  2. <u>Release</u>. The modification and allowance of Claims 1492 and 1612 is in full and final satisfaction of Claimant's claims. Effective upon the execution of this Settlement Agreement, Claimant releases all claims, demands, judgments and/or causes of action (other than the claims that are specifically allowed pursuant to the terms of this Settlement Agreement) that it may have against the Debtors, the Reorganized Debtors and/or the Post-Effective Date Debtors (whether they be unsecured, secured, priority and/or administrative) that are in any way related to the liabilities set forth in Claims 1492 and 1612.

  3. <u>Modification of Claims Register</u>. The Debtors' claims agent is directed to modify the Claims and/or the official claims register to reflect the agreement herein and the allowance or withdrawal of such claims.

  4. <u>Attorneys' Fees</u>. Each party shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting and executing this Settlement Agreement and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

  5. <u>Successors and Assigns</u>. This Settlement Agreement shall be binding upon (a) the Debtors and any trustee or examiner that may be appointed in these chapter

4

11 cases, or their respective successors and assigns; (b) Claimant, its successor and assigns; (c) the trustee in the event that these cases are converted to ones under chapter 7 of the Bankruptcy Code, and (d) the Committee, all creditors and other parties in interest in these cases.

6. <u>Authorizations</u>. Each party represents and warrants to each other party that it is authorized to execute this Settlement Agreement, that it has full power and authority to enter into this Settlement Agreement and effectuate the matters provided hereunder and that this Settlement Agreement is duly executed and delivered by it and constitutes its valid, binding Settlement Agreement in accordance with its terms. Claimant further represents that it has not transferred any claim (or any portion thereof) that is the subject of this Settlement Agreement. In addition, the person who executes and delivers this Settlement Agreement by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Settlement Agreement on behalf of such party.

7. <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement among the parties relating to the subject matter hereof and can only be amended or otherwise modified by a signed writing executed by the parties.

8. <u>Counterparts</u>. This Settlement Agreement may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic (e-mail) transmission, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

9. <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of New York and the United States Bankruptcy Code.

10. <u>Jurisdiction</u>.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Settlement Agreement.

Dated:  April 6, 2012
       New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

By:    /s/ *Maria A. Bove*
      Debra I. Grassgreen
      Maria A. Bove
      John W. Lucas
      780 Third Avenue
      36th Floor
      New York, NY  10017
      Telephone: (212) 561-7700
      Facsimile:  (212) 561-7777

      Attorneys for the Post-Effective Date Debtors

Dated:   April 6, 2012
       Dallas, Texas

LINEBARGER GOGGAN BLAIR & SAMPSON LLP

By:    /s/*Elizabeth Weller*
      Elizabeth Weller
      2323 Bryan Street
      Suite 1600
      Dallas, TX  75201-2691
      Telephone: (214) 880-0089
      Facsimile: (469) 221-5002
      Email: dallas.bankrtupcy@publicans.com

      Attorney for Claimant

DOCS_LA:252405.1 56772-003

CONSENTED AND AGREED TO BY:

THE POST-EFFECTIVE DATE COMMITTEE, by and through its Counsel, MORRISON & FOERSTER LLP


By: ___*/s/ Brett H. Miller*_____
       Brett H. Miller, Esq.
       Lorenzo Marinuzzi, Esq.
       Todd M. Goren, Esq.
       1290 Avenue of the Americas
       New York, NY 10004
       Telephone: (212) 468-8000
       Facsimile: (212) 468-7900

# EXHIBIT A

DOCS_LA:252405.1 56772-003

**City of Memphis**
**Allowed 2009 Secured Tax Claim**
**Claim No. 1492**  $   9,332.86

|  | Dates | Days | Rate (per annum) | Interest |
|---|---|---|---|---|
| Interest from: | 1-Feb-10 |  |  |  |
| Interest to: | 1-Apr-12 | 790 | 12.00% | $ 2,423.99 |

| Payment Date | Beginning Balance | Principal Payment | Interest (per annum) 12.00% | Total Payment |
|---|---|---|---|---|
| 1-Apr-12 | 9,332.86 | 2.00 | 2,423.99 | 2,425.99 |
| 1-Jul-12 | 9,330.86 | 2.00 | 279.93 | 281.93 |
| 1-Oct-12 | 9,328.86 | 2.00 | 279.87 | 281.87 |
| 1-Jan-13 | 9,326.86 | 2.00 | 279.81 | 281.81 |
| 1-Apr-13 | 9,324.86 | 2.00 | 279.75 | 281.75 |
| 1-Jul-13 | 9,322.86 | 2.00 | 279.69 | 281.69 |
| 1-Oct-13 | 9,320.86 | 2.00 | 279.63 | 281.63 |
| 1-Jan-14 | 9,318.86 | 2.00 | 279.57 | 281.57 |
| 1-Apr-14 | 9,316.86 | 2.00 | 279.51 | 281.51 |
| 1-Jul-14 | 9,314.86 | 2.00 | 279.45 | 281.45 |
| 1-Oct-14 | 9,312.86 | 2.00 | 279.39 | 281.39 |
| 1-Jan-15 | 9,310.86 | 2.00 | 279.33 | 281.33 |
| 12 |  | 24.00 | 5,499.87 | 5,523.87 |

**City of Memphis**
**Allowed 2009 Secured Tax Claim**
**Claim No. 1492**  $   179,587.47

|  | Dates | Days | Rate (per annum) | Interest |
|---|---|---|---|---|
| Interest from: | 1-Sep-10 |  |  |  |
| Interest to: | 1-Apr-12 | 578 | 12.00% | $ 34,126.54 |

| Payment Date | Beginning Balance | Principal Payment | Interest (per annum) 12.00% | Total Payment |
|---|---|---|---|---|
| 1-Apr-12 | 179,587.47 | 14,965.62 | 34,126.54 | 49,092.16 |
| 1-Jul-12 | 164,621.85 | 14,965.62 | 4,938.66 | 19,904.28 |
| 1-Oct-12 | 149,656.23 | 14,965.62 | 4,489.69 | 19,455.31 |
| 1-Jan-13 | 134,690.60 | 14,965.62 | 4,040.72 | 19,006.34 |
| 1-Apr-13 | 119,724.98 | 14,965.62 | 3,591.75 | 18,557.37 |
| 1-Jul-13 | 104,759.36 | 14,965.62 | 3,142.78 | 18,108.40 |
| 1-Oct-13 | 89,793.74 | 14,965.62 | 2,693.81 | 17,659.43 |
| 1-Jan-14 | 74,828.11 | 14,965.62 | 2,244.84 | 17,210.47 |
| 1-Apr-14 | 59,862.49 | 14,965.62 | 1,795.87 | 16,761.50 |
| 1-Jul-14 | 44,896.87 | 14,965.62 | 1,346.91 | 16,312.53 |
| 1-Oct-14 | 29,931.25 | 14,965.62 | 897.94 | 15,863.56 |
| 1-Jan-15 | 14,965.62 | 14,965.62 | 448.97 | 15,414.59 |
| 12 |  | 179,587.47 | 63,758.47 | 243,345.94 |

**City of Memphis**
**Summary of Combined Payments for Mesa**

| Payment Date | Combined Beginning Balance | Combined Principal Payment | Interest (per annum) 12.00% | Combined Total Payment |
|---:|---:|---:|---:|---:|
| 1-Oct-11 | 188,920.33 | 14,967.62 | 36,550.53 | 51,518.15 |
| 1-Jan-12 | 173,952.71 | 14,967.62 | 5,218.58 | 20,186.20 |
| 1-Apr-12 | 158,985.09 | 14,967.62 | 4,769.55 | 19,737.18 |
| 1-Jul-12 | 144,017.46 | 14,967.62 | 4,320.52 | 19,288.15 |
| 1-Oct-12 | 129,049.84 | 14,967.62 | 3,871.50 | 18,839.12 |
| 1-Jan-13 | 114,082.22 | 14,967.62 | 3,422.47 | 18,390.09 |
| 1-Apr-13 | 99,114.60 | 14,967.62 | 2,973.44 | 17,941.06 |
| 1-Jul-13 | 84,146.97 | 14,967.62 | 2,524.41 | 17,492.03 |
| 1-Oct-13 | 69,179.35 | 14,967.62 | 2,075.38 | 17,043.00 |
| 1-Jan-14 | 54,211.73 | 14,967.62 | 1,626.35 | 16,593.97 |
| 1-Apr-14 | 39,244.11 | 14,967.62 | 1,177.32 | 16,144.95 |
| 1-Jul-14 | 24,276.48 | 14,967.62 | 728.29 | 15,695.92 |
|  |  | 179,611.47 | 69,258.34 | 248,869.81 |